# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

March 15, 2005

**BY E-MAIL**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re:   Pharmacia & Upjohn Company v. Sicor, Inc. and
      Sicor Pharmaceuticals, Inc., C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

We write on behalf of Pharmacia & Upjohn ("P&U") in advance of the March 17, 2005 telephone conference regarding a dispute over the sufficiency of Sicor's responses to Pharmacia & Upjohn's First Set of Interrogatories. Sicor has insufficiently responded to Interrogatory Nos. 1 (invalidity contentions), 2 (non-infringement contentions), 3 (willfulness contentions), and 4 (affirmative defenses). P&U has diligently but unsuccessfully sought to obtain the information responsive to these interrogatories since serving P&U's First Set of Interrogatories on November 9, 2004. Accordingly, P&U respectfully requests this Court to compel Sicor to provide complete responses to P&U's Interrogatory Nos. 1, 2, 3, and 4.

Instead of providing its invalidity contentions in a straightforward manner, Sicor instead tries to force P&U to muddle through a thicket of alleged art (not all of it *prior* art) to guess what Sicor is arguing in relation to any particular reference. P&U's Interrogatory No. 1 tracked the language of Sicor's Answer, requesting Sicor to describe in detail each factual and legal basis for its contention that "the '285 patent is invalid under the patent laws of the United States including without limitation 35 U.S.C. §§ 101, 102, 103 and 112." Instead of providing substantive responses for §§ 101, 102, and 103,[1] Sicor merely summarized the language of the statutory provisions and referred to a list of references incorporated as an attachment to Sicor's Responses:

> [S]ubject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the
> '285 patent are invalid as not being new and useful and/or as anticipated, based in

---

[1] Sicor makes only one argument under § 112, namely that the asserted claims are invalid "for lack of written description because the claims are not limited to solutions not reconstituted from a lyophilizate." In providing its non-infringement contentions, however, Sicor asserts only that the asserted claims inherently "exclude those solutions that are reconstituted from a lyophilizate." Those two positions cannot be reconciled as current contentions.

>    admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, the file history of the '285 patent, and/or any of the [502] references listed in Attachment I hereto. The subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent is not new and useful and/or novel over the prior art.
>
>                                         * * *
>
>    [S]ubject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid for obviousness based in admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, the file history of the '285 patent, and/or any of the [502] references listed in Attachment I hereto. The combined teachings of the pertinent prior art references render the subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent obvious to a person of ordinary skill in the art.

Sicor does not identify the "admissions made by the applicants during prosecution of the patent application that matured into the '285 patent [and] the file history of the '285 patent" that it contends render the asserted claims invalid. Nor does Sicor explain how those alleged admissions render the asserted claims invalid. Furthermore, Sicor's Attachment I is nothing more than a list of 502 references, most of which could not invalidate the claims of the '285 patent and some of which were not even published before the filing of the application that issued as the '285 patent. In short, instead of identifying the basis for its invalidity contentions, Sicor seeks to force P&U to guess what it will later argue based on a morass of largely irrelevant materials. This is exactly the approach that discovery is intended to prevent.

   Sicor should be required to identify, to the best of its present ability, the specific statements and references it contends render the asserted claims invalid and to explain why those statements and references render the asserted claims invalid. To the extent Sicor obtains further discovery from P&U that impacts the invalidity contentions, Sicor has the ability to later supplement or modify its interrogatory response in order to incorporate that later discovered information.

   Similarly, Sicor fails to provide the information needed for P&U's infringement inquiry. P&U again tracked the language of Sicor's Answer in requesting Sicor to describe in detail each factual and legal basis for its contention that "the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent." Other than arguing that there is an inherent, unexpressed limitation that the asserted claims "exclude those solutions that are reconstituted from a lyophilizate," Sicor provides *no* information regarding either its proposed claim construction or the comparison of its proposed claim construction to its accused products. That failure is important because a proper response will very likely require Sicor to agree with many of P&U's claim construction and infringement contentions (previously provided to Sicor), narrowing the issues to be considered by the Court in *Markman* proceedings and promoting both judicial efficiency and efficient discovery. Such efficiency is the goal of discovery, and Sicor should be required to provide its complete proposed claim construction (including the basis for that construction) and the comparison of its proposed claim construction to its accused products, at least to the extent that its proposed claim construction and infringement analysis varies from the information already provided by P&U.

The Honorable Kent A. Jordan
March 15, 2005
Page 3

      Interrogatory No. 3 requests Sicor to provide the complete legal and factual basis for its denial that its "actions constitute willful infringement of the '285 patent under 35 U.S.C. § 284." In response, Sicor does nothing more than object to deciding whether it will rely upon advice of counsel, state that it "did not deliberately copy and protectible invention set forth in the '285 patent," and identify that P&U has not yet been adjudicated a prevailing party. As to the first point, Sicor refuses to identify whether it has even received advice of counsel – information that Sicor must provide regardless of whether it decides to rely upon that advice of counsel. As to the second point, Sicor provides no factual basis for its conclusion that it did not "deliberately copy" the patented invention, such as a description of the independent development of the product.[2] Sicor should be compelled to identify the purported bases for both assertions of willful infringement, including by providing a complete identification of all advice of counsel,[3] both written and oral, received concerning infringement, validity, or enforceability of the '285 patent and the complete legal and factual basis for its claim that it did not "deliberately copy" the patented invention.

      Interrogatory No. 4 requests Sicor to provide the legal and factual bases for its affirmative defenses. In response, Sicor provides only a sketchy and generic description, failing to provide underlying facts or identify individuals who have knowledge of the relevant facts. Sicor provides cryptic one sentence descriptions for each of three defenses. With regard to laches, for example, Sicor states, "Pharmacia was aware that Sicor filed an ANDA well before it was approved and could have asserted its purported claim for patent infringement at that time." With regard to equitable estoppel, Sicor states, "Pharmacia engaged in commercial negotiations and transactions with Sicor that conveyed to Sicor that Pharmacia did not intend to enforce its alleged [*sic*] patent against Sicor." With regard to unclean hands, Sicor states, "Pharmacia is barred in whole or in part from maintaining this action by the doctrine of unclean hands due to its wrongful conduct as described above as well as before the U.S. Patent and Trademark Office." For none of the three defenses does Sicor identify who was involved, what they did, when they did it, or how their actions support the defense, *i.e.*, information that is requested by the interrogatory. The effect of Sicor's insufficient responses is that P&U knows neither the bases for Sicor's arguments nor who it can depose to learn more. Sicor should be required to provide complete information, including an identification of individuals with relevant knowledge, to allow P&U to investigate.

      Respectfully,

      /s/ Maryellen Noreika (#3208

MN:bls

---

[2] As discussed below in relation to Sicor's response to Interrogatory No. 4, Sicor apparently filed an Abbreviated New Drug Application ("ANDA") to obtain approval of its Idarubicin HCl formulation. The filing of an ANDA would be appropriate only if Sicor actually did copy Pharmacia & Upjohn's product.

[3] Pharmacia & Upjohn does not seek to have Sicor compelled to choose immediately whether it will rely upon advice of counsel as a defense to willful infringement. However, to avoid further disputes between the parties, it might make sense to set a schedule for Sicor's decision.

The Honorable Kent A. Jordan
March 15, 2005
Page 4

cc:    Peter T. Dalleo, Clerk (By Hand Delivery)
       John G. Day, Esquire (By Hand Delivery)
       Reid L. Ashinoff, Esquire (By Fax)