# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 16, 2005

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:   Pharmacia & Upjohn Company v. Sicor Inc. and Sicor Pharmaceuticals Inc.  
       C.A. No. 04-833-KAJ

Dear Judge Jordan:

We represent Defendants SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") in this action. We write in response to the letter submitted by Plaintiff Pharmacia & Upjohn Company ("P&U") dated March 15, 2005 (D.I. 43).

P&U's motion to compel additional responses to its contention interrogatories puts the proverbial cart before the horse. Discovery in this case is in its early stages; the parties have exchanged written document demands and responses, but have not yet exchanged documents. As a result, Sicor has had no opportunity yet to take the discovery necessary to more fully develop its legal contentions. On several occasions, Sicor attempted to engage P&U to discuss an appropriate schedule to finalize the parties' protective order, exchange documents and privilege logs and commence depositions. It was only this Monday, on the eve of appearing before the Court, that P&U finally agreed to set a date (March 28) to begin exchanging documents and finally forwarded a proposed protective order. Rather than focusing on meaningfully advancing this case through the production of documents and the scheduling of depositions, P&U rushed to this Court with this motion, which is nothing more than an attempt to harass Sicor by advocating a standard that P&U does not apply to itself.

Although contention interrogatories are permitted, Fed. R. Civ. P. 33(d) provides a court wide discretion to order "that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." This Court and other federal courts in this circuit are mindful that complete responses to contention interrogatories are appropriate only after the parties have had an opportunity to participate in substantive fact discovery. *See, e.g., Diamond Crystal Salt Co. v. Package Masters, Inc.*, 319 F. Supp. 911, 913 (D. Del. 1970) (sustaining objection to patent infringement contention interrogatory until completion of relevant document discovery); *Everett vs. US Air Group*, 165 F.R.D. 1, 3 (D. Col. 1995) ("obligation to respond to [contention interrogatories] is often postponed until near end of discovery period"); *B. Braun Medical Inc. v. Abbott Laboratories,*

The Honorable Kent A. Jordan
March 16, 2005
Page 2

155 F.R.D. 525, 527 (E.D. Pa. 1994), *aff'd in part, vacated in part and remanded on other grounds*, 124 F.3d 1419 (Fed. Cir. 1997) ("there is considerable support for deferring contention interrogatories until the end of the discovery period"); *Fisher & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (contention interrogatories "are more appropriate after a substantial amount of discovery has been conducted").

Thus, there is no legal basis for P&U's argument that contention interrogatories must be exhaustively answered before document, deposition and expert discovery has even begun. P&U is also contradicted by its own responses to Sicor's interrogatories. For example, in response to Sicor's interrogatory seeking an identification of the "secondary considerations" (e.g., long-felt need, commercial success, etc) that P&U intends to rely upon to rebut Sicor's obviousness defense, P&U did not provide an exhaustive response, but rather objected on the grounds that the request is "premature, as Pharmacia has not yet had an opportunity to conduct meaningful discovery" (emphasis added). P&U went on to respond, in conclusory terms, that "any claim of obviousness was rebutted in the prosecution of the '285 patent." P&U did not identify a single secondary consideration, much less provide any details. Thus, P&U, just like Sicor, acknowledged that its responses to contention interrogatories at this early stage are preliminary, and that the parties will supplement the response during discovery as appropriate.

In any event, in a good faith effort to cooperate with P&U, Sicor already provided substantive responses to the best of its current ability. The responses are more than adequate to guide P&U as discovery commences. In addition, in a further effort to resolve this dispute and obviate burdening the Court with unnecessary motion practice, Sicor already informed P&U that it will supplement its interrogatory response to provide additional citation to the file history.

P&U's Interrogatory No. 1 broadly seeks "each factual and legal basis for its contention that 'the '285 patent is invalid ... under 35 U.S.C. §§ 101, 102, 103 and 112." This request is clearly premature, as Sicor cannot provide a complete response without, at the very least, obtaining the complete file history of the '285 patent from P&U and deposing various witnesses, including the inventors residing in Italy. Nevertheless, Sicor specified that the claims of the '285 patent, which, according to P&U, purport to cover both lyophilized (freeze dried) and non-lyophilized drug products is invalid under the written description prong of § 112 because "the claims are not limited to solutions not reconstituted from a lyophilizate." Sicor also listed witnesses with relevant knowledge. Similarly, with respect to its §§ 102 and 103 defenses, Sicor also cited the prior art. P&U's complaint about the number of references on Sicor's list is wholly disingenuous, as more than 300 references from the list were cited by P&U to the patent office.

P&U's Interrogatory No. 2 broadly requests Sicor to "describe in detail each factual and legal basis for its contention" of non-infringement. Yet again, P&U's request is premature. In the interest of cooperation, however, Sicor provided an appropriate preliminary response to the best of its current ability by stating that its non-infringement claim is based on, *inter alia*, the fact that Sicor's product is "reconstituted from a lyophilizate," and its response provides that "a proper claim construction ... would require, *inter alia*, that the claimed solutions exclude those solutions that are reconstituted from a lyophilizate." Unwilling to proceed with the fact discovery on that issue in an orderly fashion, P&U makes the unsupported claim that, at this

The Honorable Kent A. Jordan
March 16, 2005
Page 3

early juncture, it is entitled to Sicor's "complete proposed claim construction" concerning its products, even though this Court's Scheduling Order (D.I. 24, ¶ 10) set October 17, 2005 as the date for the parties to exchange proposed claim constructions.

Sicor's Interrogatory No. 3 broadly requests "the complete legal and factual basis for [Sicor's] denial" of willful infringement, including all legal opinions sought or received by Sicor. P&U concedes, as it must, that Sicor is not required at this early date to choose whether it will rely upon advice of counsel as a defense to willful infringement. With respect to P&U's request that Sicor identify any and all privileged communications, Sicor has offered to provide P&U with a privilege log that lists such written communications. P&U does not, and cannot, offer any basis to reject that compromise.

Sicor's Interrogatory No. 4 fares no better. It broadly seeks "the legal and factual bases for its affirmative defenses," including citation to any case law that Sicor asserts supports those defenses. Yet again, P&U's request is premature. As set forth above, Sicor requires document discovery and depositions to develop fully its legal theories in this case. At this juncture, it is inappropriate to compel a detailed legal brief concerning Sicor's defenses. Sicor is confident that discovery will demonstrate the merit of those defenses. In the interim, Sicor has provided a response that identifies the good faith basis for its defense.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD: nml
cc:   Clerk of the Court (by hand)
      Maryellen Noreika, Esquire (by hand)
      Brian T. Moriarty (via e-mail)