IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR A JURY TRIAL

Defendants, Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Sicor"), respectfully request a jury trial and hereby respond to the First Amended Complaint ("Amended Complaint") filed by Pharmacia & Upjohn Company ("Pharmacia") as follows:

1.  Sicor denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

2.  Sicor denies the allegations set forth in paragraph 2 of the Amended Complaint, except admits that Sicor Inc. is incorporated in the State of Delaware and has a principal place of business at 19 Hughes, Irvine, California 92618 and, through wholly-owned subsidiaries, is in the business of, inter alia, making and selling generic injectable pharmaceutical products for the human healthcare market.

3.  Sicor denies the allegations set forth in paragraph 3 of the Amended Complaint, except admits that SICOR Pharmaceuticals, Inc. is incorporated in the State of Delaware and has a principal place of business at 19 Hughes, Irvine, California 92618, and is in the business of,

inter alia, making, and, through a wholly-owned subsidiary, selling generic injectable pharmaceutical products for the human healthcare market.

4. The allegations in paragraph 4 are conclusions of law to which no response is required. To the extent a response is required, Sicor denies the allegations, except states that it does not contest the subject matter jurisdiction of this Court for purposes of this action only.

5. The allegations in paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Sicor denies the allegations, except states that it does not contest venue in this judicial district for purposes of this action only.

6. Sicor denies the allegations set forth in paragraph 6 of the Amended Complaint, except admits that Sicor Inc. and SICOR Pharmaceuticals, Inc. are incorporated under the laws of the State of Delaware, and that those entities, through their subsidiaries, distribute and sell products throughout the United States, including in this judicial district. Sicor further states that it does not contest personal jurisdiction over it by this Court for purposes of this action only.

7. Sicor denies the allegations set forth in paragraph 7 of the Amended Complaint, except admits that United States Patent No. 6,107,285 (the "'285 patent") was issued on August 22, 2000 and is entitled "Injectable Ready-To-Use Solutions Containing an Antitumor Anthracycline Glycoside," and that the patent states that the assignee is Pharmacia & UpJohn Company.

8. Sicor denies the allegations set forth in paragraph 8 of the Amended Complaint, except admits that, through its wholly-owned subsidiaries, Sicor lawfully manufactures, sells and offers to sell Idarubicin HCl, and respectfully refers the Court to the FDA-approved package insert for the ingredients thereof.

9. Sicor denies the allegations set forth in paragraph 9 of the Amended Complaint.

## COUNT I

10. Each of preceding paragraphs 1-9 is incorporated as if fully set forth herein.

11. Sicor denies the allegations set forth in paragraph 11 of the Amended Complaint.

12. Sicor denies the allegations set forth in paragraph 12 of the Amended Complaint.

13. Sicor denies the allegations set forth in paragraph 13 of the Amended Complaint, except admits that, through its wholly-owned subsidiaries, Sicor continues to lawfully manufacture, sell and offer to sell Idarubicin HCl.

## COUNT II

14. Each of the preceding paragraphs 1-13 is incorporated as if fully set forth herein

15. Sicor denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Sicor denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Sicor denies the allegations set forth in paragraph 17 of the Amended Complaint.

18. Sicor denies the allegations set forth in paragraph 18 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

### Invalidity of the '285 Patent

19. The '285 patent is invalid under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Defense

### Noninfringement of the '285 Patent

20. The manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent.

### Third Defense

### Laches

21.     Under the doctrine of laches, Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder.

### Fourth Defense

### Estoppel

22.     Under the doctrine of equitable estoppel, Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder.

### Fifth Defense

### Unclean Hands

23.     This action is barred in whole or in part by the doctrine of unclean hands.

### Sixth Defense

### Inequitable Conduct

24.     The '285 patent is unenforceable on grounds of inequitable conduct, as described in more detail below, wherein the patentees and the assignees of the '285 patent, or their attorneys or agents, effectively withheld material references, including a 1967 reference by Sandell and a 1959 reference by Schou and Jensen, with an intent to deceive by burying such material references in a submission of 228 references submitted to the United States Patent and Trademark Office ("the Patent Office") very late in the course of prosecuting the application that matured into the '285 patent and only after learning that the Patent Office was going to allow some claims as a patent.

## COUNTERCLAIM

For its counterclaim against plaintiff Pharmacia, Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Sicor"), allege as follows:

### Nature of the Counterclaim

25.     Sicor asserts the following counterclaims against Pharmacia for a declaration that the '285 patent is invalid and unenforceable, and that the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid claim thereof.

### The Parties

26.     Sicor Inc. is a Delaware corporation having a principal place of business at 19 Hughes, Irvine, California 92618. Through its wholly-owned subsidiaries, Sicor Inc. is engaged in the business of, inter alia, making and selling generic pharmaceutical products for the human healthcare market.

27.     SICOR Pharmaceuticals, Inc. is a Delaware corporation having a principal place of business at 19 Hughes, Irvine, California 92618. SICOR Pharmaceuticals, Inc. is engaged in the business of, inter alia, making and, through a wholly-owned subsidiary, selling generic pharmaceutical products for the human healthcare market.

28.     Upon information and belief, Pharmacia is a Delaware corporation having a principal place of business at 7000 Portage Road, Kalamazoo, Michigan 49001, and is engaged in the business of researching, developing, making and selling pharmaceutical products for the human healthcare market.

## Jurisdiction and Venue

29. This Court has jurisdiction over the subject matter of this counterclaim under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a).

30. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

31. An actual justicable case or controversy exists between Sicor and Pharmacia concerning the validity, scope and enforceability of the '285 patent and Sicor's alleged liability for alleged infringement thereof.

## Count I

### Counterclaim for Declaratory Relief: The '285 Patent is Invalid

32. The '285 patent is invalid because it fails to comply with the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

33. Pharmacia is entitled to no relief because the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent.

34. Pharmacia is entitled to no relief because it comes to this Court with unclean hands.

35. Pharmacia is entitled to no relief under principles of laches.

36. Pharmacia is entitled to no relief under principles of equitable estoppel.

## Count II

### Counterclaim for Inequitable Conduct: The '285 Patent is Unenforceable

37. Sicor realleges paragraphs 25 to 36 of the Counterclaim as if fully set forth herein.

6

38. The inventors and the assignee of the '285 patent and their attorneys and agents ("the Applicants") had a duty of candor and good faith while prosecuting the application designated as Serial Number 07/827,742 (the "'742 Application"), that would mature into the '285 patent, before the Patent Office to meaningfully disclose to the Patent Office material information of which they were aware.

39. Each individual Applicant who was aware of material information was required by Patent Office practice to submit such information to the Patent Office as part of an Information Disclosure Statement ("IDS") as early in prosecution of the '742 Application as it was known.

40. During the period when the '742 Application was in prosecution, Patent Office practice dictated that any inventors or assignees, and their attorneys and agents, should avoid the submission of long lists of references in an IDS and that if such a long list of references was submitted the inventors or assignees, or their attorneys or agents, should highlight those references which were known to be of significance, particularly those references that might refute, or were inconsistent with, positions taken by the inventors or assignees, or their attorneys or agents, before the Patent Office.

41. Thus, upon information and belief, the Applicants knew that they had a duty of candor and good faith and knew that they were to avoid dumping reams of information upon the Patent Office late in the course of the prosecution of the '742 Application and to not bury key references within such long lists of documents in hopes of appearing to discharge their duty of candor, but, in reality, hiding information from the Patent Office. Yet, upon information and belief, this is exactly what the Applicants did in an effort to hide important and material information and did so with an intent to deceive.

42. During the course of the prosecution of the '742 Application -- which spanned an eight-year period from January 29, 1992, when the '742 Application was filed, through August 20, 2000, when the '285 patent issued -- the Patent Office repeatedly rejected the '742 Application upon among other grounds that the prior art taught that solutions of doxorubicin hydrochloride, one of the drugs claimed in the '285 patent, were known to be stable in the pH range of 2.3 to at least 4.0 and higher, and within the range Applicants sought to claim.

43. The Applicants repeatedly challenged these rejections and stated that those solutions described in the prior art were not stabilized with hydrochloric acid, as Applicants sought to claim, but instead were stabilized with buffers.

44. The Applicants repeatedly stated, including through the submission of declarations on July 12, 1996, that people skilled in the art would adjust the pH of solutions of injectable products to the level of pH 1 or 2 with an acid, but would not adjust the pH of such solutions to a level <u>above</u> about 2 using an acid. Instead, the Applicants stated that persons skilled in the art would have used a buffer instead of an acid to adjust the pH of a solution above about 2. For example, in a declaration dated May 27, 1991, which was resubmitted to the Patent Office as part of the '742 Application on July 12, 1996, one of the inventors stated that "[b]ased on the experience of those skilled in the art, when one was preparing the solution of [doxorubicin hydrochloride] for use in chemotherapy, any adjustment above about 2 would have been performed with a buffer and not with hydrochloric acid."

45. In correspondence from the Patent Office dated June 23, 1998, the Patent Office informed the Applicants that some of the claims of the '742 Application would be allowed to issue as a patent. Thus, at this point, the Applicants knew that after over six years of discussions with the Patent Office they would receive a patent.

8

46. Just nine days later, on July 1, 1998, the Applicants submitted a document titled the "Ninth Supplemental Information Disclosure Statement" which disclosed to the Patent Office an exceedingly long list of references -- 228 separate references -- and informed the Patent Office that this information was submitted "insofar as the [Patent Office] Examiner might consider any of the cited documents important in deciding whether to allow the ['742] application to issue as a patent . . . " The Applicants invited the Patent Office to wade though this pile of information, upon information and belief, knowing full well that at this late stage of the prosecution and after six years of dealing with the '742 Application that the Patent Office examiners would give this information little or no scrutiny.

47. Buried within these 228 references were material references that were not highlighted to the Patent Office, including a 1967 reference by Sandell and a 1959 reference by Schou and Jensen. The Sandell and Schou and Jensen references refuted, and at the very least were inconsistent with, the position the Applicants repeatedly took with the Patent Office that persons skilled in the art would adjust a solution to a pH above about 2 with a buffer and not an acid.

48. By burying these material references in a long list of documents dumped on the Patent Office after six years of prosecution and after learning that a patent would issue, upon information and belief, the Applicants acted with an intent to deceive and to mislead the Patent Office and ensured that their repeated statements that persons skilled in the art would not adjust a solution of doxorubicin hydrochloride to a pH above about 2 with an acid, but instead would use a buffer, would not be challenged and that the patent they long sought would issue.

9

49. By effectively withholding material information with an intent to deceive, the Applicants engaged in inequitable conduct that renders each claim of the '285 patent unenforceable.

## JURY DEMAND

Sicor respectfully requests a trial by jury on all issues so triable.

WHEREFORE, Sicor respectfully requests the following relief:

    A.    The entry of judgment on the Amended Complaint against Pharmacia, and in favor of Sicor, denying Pharmacia the relief requested in the Amended Complaint and any relief whatsoever;

    B.    A declaration that the '285 patent is invalid and unenforceable;

    C.    A declaration that the manufacture, sale and offer for sale of Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent;

    D.    A permanent injunction enjoining Pharmacia, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the judgment, from directly or indirectly charging infringement, or instituting any action for infringement of the '285 patent against Sicor or any of its subsidiaries, affiliates, customers, distributors, licensees or suppliers;

    E.    A declaration that this case is exceptional, and an award to Sicor of its reasonable attorneys' fees and costs; and

F.    Such other and further relief as the Court deems proper and just.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Brian T. Moriarty
William J. Sipio
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: June 1, 2005
157958.1