# M ORRIS , N ICHOLS , A RSHT & T UNNELL

1201 N ORTH M ARKET S TREET
P.O. B OX 1347
W ILMINGTON , D ELAWARE  19899-1347

302 658 9200
302 658 3989 F AX

M ARYELLEN NOREIKA
*302-575-7278*
MNOREIKA @ MNAT . COM

June 9, 2005

**BY E-MAIL**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

      Re:    Pharmacia & Upjohn Company v. Sicor, Inc. and
                 Sicor Pharmaceuticals, Inc., C.A. No. 04-833 (KAJ)

Your Honor:

      Counsel for the parties, plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") and Defendants Sicor, Inc. and Sicor Pharmaceuticals Inc. (collectively, "Sicor"), jointly write pursuant to the Court's Scheduling Order to provide an Interim Status Report on the case.  Paragraphs 1-6 and 11 are submitted jointly; paragraphs 7-9 reflect only Sicor's views; and paragraph 10 reflects only Pharmacia's views.  Currently, the parties are scheduled to appear telephonically before the Court on Thursday, June 16, 2005, at 4:30 p.m.

Pleadings

      1.    On June 3, 2005, Defendants Sicor were granted leave to file their Amended Answer to First Amended Complaint, Affirmative Defenses, and Counterclaim.  Sicor's pleading added an inequitable conduct affirmative defense and counterclaim.  Plaintiff Pharmacia must reply or otherwise plead on or before June 17, 2005.

The Honorable Kent A. Jordan
June 9, 2005
Page 2

Discovery Generally

      2.    Discovery in this case is scheduled to close on November 4, 2005. The Court chose that date, which provided for a longer discovery period than previously requested by the parties, in part because of the complexity of discovery.

Written Discovery

      3.    The parties have exchanged written discovery responses and over 40,000 pages of documents per side, and expect to supplement their discovery responses shortly to reflect further investigation and document production. In addition, Pharmacia anticipates serving additional discovery in light of Sicor's newly-added inequitable conduct affirmative defense and counterclaim, as well as additional discovery to follow-up on Sicor's expected supplemental discovery responses and document production. Sicor anticipates serving additional document requests relating to damages as well as additional discovery to follow-up on Pharmacia's expected supplemental discovery responses and document production. The parties also anticipate exchanging additional documents. The parties have agreed that document production based on current outstanding discovery requests will be substantially completed by both parties June 30, 2005.

Depositions

      4.    Both sides anticipate serving deposition notices shortly based on their review of the produced documents and revised discovery responses.

      5.    With respect to the depositions of the six named inventors of the patent-in-suit, the parties have for several months been exploring arrangements for these depositions. The parties believe that all of the inventors currently live in Italy, that they are no longer employees of Pharmacia, and that they are outside of the control of Pharmacia. Nonetheless, Pharmacia's counsel has used its influence to seek the cooperation of the inventors. At least four of the inventors (Drs. Gatti, Bottoni, Gambini, and DePonti) have advised Pharmacia that they would appear for testimony voluntarily subject to scheduling constraints. Their agreement to appear voluntarily is contingent upon reserving any rights they may have under the Hague Convention and Italian law to confine the scope of their interrogation. Sicor disagrees with this reservation. The parties are currently working to schedule the depositions of these persons in Milan starting in mid-July.

      6.    With respect to one inventor witness, Dr. Confalonieri, Pharmacia's counsel has advised Sicor's counsel that Dr. Confalonieri is retired and that, despite Pharmacia's counsel's attempts at encouraging him to appear voluntarily, he does not wish to participate in any way in any legal proceeding. With respect to another inventor, Dr. Oldani, Pharmacia has not been able to locate this individual, but is continuing to try to do so.

The Honorable Kent A. Jordan
June 9, 2005
Page 3

7. Sicor believes that Dr. Confalonieri is a critical witness. He submitted numerous substantive declarations to the Patent Office during the prosecution of the patent-in-suit. These declarations, which include scientific data based on experiments supervised by Dr. Confalonieri, form an important part of the prosecution history for the patent-in-suit. Moreover, Sicor recently filed a counterclaim for inequitable conduct that centers on statements Dr. Confalonieri made in these declarations. In addition, based on Pharmacia's interrogatory responses, Sicor expects that Pharmacia may try to offer these declarations into evidence, or have their own experts rely on the test data that is contained in the declarations. Thus, it is critical that Sicor have an opportunity to examine Dr. Confalonieri with respect to this potential evidence. Also, Dr. Oldani (the sixth inventor witness, who apparently is unavailable to Pharmacia), Sicor respectfully submits, is also an important witness who as an inventor has knowledge about the alleged invention and the prosecution of the patent-in-suit.

8. Thus, Sicor respectfully submits, because it is critical for the presentation of Sicor's case to depose all of the inventors, including Drs. Confalonieri and Oldani, and because these last two witnesses apparently will not appear voluntarily, Sicor will need to make use of international process under the Hague Convention to secure their testimony. Sicor has retained Italian counsel to assist with this process. While it is difficult to predict when the Italian courts will provide the requested judicial assistance, Sicor believes that with effective assistance from the Italian authorities, and without undue opposition, the Italian courts may be able to complete the depositions of Drs. Confalonieri and Oldani by November 2005.

9. Respectfully, Sicor notes that because of the need to obtain international process to take these critical foreign inventor depositions, other aspects of the case may likely be affected. In particular, the expert reports in the case may need to be supplemented based on Dr. Confalonieri's testimony about how the scientific experiments he supervised, and upon which Pharmacia relies, were designed, and how the data was collected and analyzed. The testimony of the last two inventors may also give rise to the need to further amend the pleadings. The parties will endeavor to avoid these delays.

10. Pharmacia submits that it is inappropriate to extend discovery or allow any dispensation from the current November 4, 2005 discovery cutoff for Sicor to obtain international process for the depositions of Drs. Confalonieri and Oldani. Sicor knew at least eight months ago that it would likely need to go through the Hague Convention for those depositions and already obtained an extended discovery cutoff because of those very depositions. In particular, as Sicor's counsel told the Court during the October 14, 2004 initial status conference, "[O]ne of the overall problems to address now is there are six inventors in the case and there is an unusual circumstance in that the six inventors are all Italian, they're all located in Italy, and all their documents are going to be in Italian. And, importantly, I understand that they're no longer in the custody or control of the plaintiff so we're going to need to go through the auspices of the Hague Convention to get the depositions in Italy." Transcript, p. 4. Especially in light of the short life remaining for the patent-in-suit, rewarding Sicor's delay with a further extension of the discovery cutoff would be extremely harmful to Pharmacia.

The Honorable Kent A. Jordan
June 9, 2005
Page 4

       11.    The parties anticipate taking several additional depositions, including 30(b)(6) depositions, on issues such as infringement, validity, damages, and other affirmative defense contentions.

Respectfully submitted,


*/s/ Maryellen Noreika (#3208)*                       */s/ John G. Day (#2403)*
Maryellen Noreika                                         John G. Day
Counsel for Plaintiff                                     Counsel for Defendants