EXHIBIT A

# Chapter 2000  Duty of Disclosure

2000.01    Introduction
**2001    Duty of Disclosure, Candor, and Good Faith**
2001.01    Who Has Duty To Disclose
2001.03    To Whom Duty of Disclosure Is Owed
2001.04    Information Under 37 CFR 1.56(a)
2001.05    Materiality Under 37 CFR 1.56(b)
2001.06    Sources of Information
2001.06(a)    Prior Art Cited in Related Foreign Applications
2001.06(b)    Information Relating to or From Copending United States Patent Applications
2001.06(c)    Information From Related Litigation
2001.06(d)    Information Relating to Claims Copied From a Patent
**2002    Disclosure — By Whom and How Made**
2002.01    By Whom Made
2002.02    Must be in Writing
**2003    Disclosure — When Made**
2003.01    Disclosure After Patent Is Granted
**2004    Aids to Compliance With Duty of Disclosure**
**2005    Comparison to Requirement for Information**
**2010    Office Handling of Duty of Disclosure/Inequitable Conduct Issues**
**2012    Reissue Applications Involving Issues of Fraud, Inequitable Conduct, and/or Violation of Duty of Disclosure**
2012.01    Collateral Estoppel
**2013    Protests Involving Issues of Fraud, Inequitable Conduct, and/or Violation of Duty of Disclosure**
**2014    Duty of Disclosure in Reexamination Proceedings**
**2016    Fraud, Inequitable Conduct, or Violation of Duty of Disclosure Affects All Claims**
2022.05    Determination of "Error Without Any Deceptive Intention"

## 2000.01   Introduction [R-2]

This Chapter deals with the duties owed toward the U.S. Patent and Trademark Office by the inventor and every other individual who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor or the inventor's assignee. These duties, of candor and good faith and disclosure, have been codified in 37 CFR 1.56, as promulgated pursuant to carrying out the duties of the *>Director< under Sections 2, 3, 131, and 132 of Title 35 of the United States Code.

## 2001   Duty of Disclosure, Candor, and Good Faith

*37 CFR 1.56.  Duty to disclose information material to patentability.*

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) Prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A *prima facie* case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

37 CFR 1.56 defines the duty to disclose information to the Office.

## 2001.01   Who Has Duty To Disclose

*37 CFR 1.56. Duty to disclose information material to patentability.*

*****

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

*****

Individuals having a duty of disclosure are limited to those who are "substantively involved in the preparation or prosecution of the application." This is intended to make clear that the duty does not extend to typists, clerks, and similar personnel who assist with an application.

The word "with" appears before "the assignee" and "anyone to whom there is an obligation to assign" to make clear that the duty applies only to individuals, not to organizations. For instance, the duty of disclosure would not apply to a corporation or institution as such. However, it would apply to individuals within the corporation or institution who were substantively involved in the preparation or prosecution of the application, and actions by such individuals may affect the rights of the corporation or institution.

## 2001.03   To Whom Duty of Disclosure Is Owed  [R-2]

37 CFR 1.56(a) states that the "duty of candor and good faith" is owed "in dealing with the Office" and that all associated with the filing and prosecution of a

patent application have a "duty to disclose to the Office" material information. This duty "in dealing with" and "to" the Office extends, of course, to all dealings which such individuals have with the Office, and is not limited to representations to or dealings with the examiner. For example, the duty would extend to proceedings before the Board of Patent Appeals and Interferences and the Office of the * Commissioner for Patents.

## 2001.04   Information   Under   37   CFR   1.56(a)  [R-2]

*37 CFR 1.56. Duty to disclose information material to patentability.*

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) Prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

*****

The language of 37 CFR 1.56 (and 37 CFR 1.555) has been modified effective March 16, 1992 to emphasize that there is a duty of candor and good faith which is broader than the duty to disclose material information. 37 CFR 1.56 further states that "no

patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct."

The Office strives to issue valid patents. The Office has both an obligation not to unjustly issue patents and an obligation not to unjustly deny patents. Innovation and technological advancement are best served when an inventor is issued a patent with the scope of protection that is deserved. The rules as adopted serve to remind individuals associated with the preparation and prosecution of patent applications of their duty of candor and good faith in their dealings with the Office, and will aid the Office in receiving, in a timely manner, the information it needs to carry out effective and efficient examination of patent applications.

The amendment to 37 CFR 1.56 was proposed to address criticism concerning a perceived lack of certainty in the materiality standard. The rule as promulgated will provide greater clarity and hopefully minimize the burden of litigation on the question of inequitable conduct before the Office, while providing the Office with the information necessary for effective and efficient examination of patent applications. 37 CFR 1.56 has been amended to present a clearer and more objective definition of what information the Office considers material to patentability. The rules do not define fraud or inequitable conduct which have elements both of materiality and of intent.

The definition of materiality in 37 CFR 1.56 does not impose substantial new burdens on applicants, but is intended to provide the Office with the information it needs to make a proper and independent determination on patentability. It is the patent examiner who should make the determination after considering all the facts involved in the particular case.

37 CFR 1.56 states that each individual associated with the filing and prosecution of a patent application has a duty to disclose all information known to that individual to be material to patentability as defined in the section. Thus, the duty applies to contemporaneously or presently known information. The fact that information was known years ago does not mean that it was recognized that the information is material to the present application.

The term "information" as used in 37 CFR 1.56 means all of the kinds of information required to be disclosed and includes any information which is "material to patentability." Materiality is defined in 37 CFR 1.56(b) and discussed herein at MPEP § 2001.05. In addition to prior art such as patents and publications, 37 CFR 1.56 includes, for example, information on >enablement,< possible prior public uses, sales, offers to sell, derived knowledge, prior invention by another, inventorship conflicts, and the like. >"Materiality is not limited to prior art but embraces *any* information that a reasonable examiner would be substantially likely to consider important in deciding whether to allow an application to issue as a patent." *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1234, 66 USPQ2d 1481, 1486 (Fed. Cir. 2003) (emphasis in original) (finding article which was not prior art to be material to enablement issue).<

The term "information" is intended to be all encompassing, similar to the scope of the term as discussed with respect to 37 CFR 1.291(a) (see MPEP § 1901.02). 37 CFR 1.56(a) also states: "The Office encourages applicants to carefully examine: (1) prior art cited in search reports of a foreign patent office in a counterpart application, and (2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office." The sentence does not create any new duty for applicants, but is placed in the text of the rule as helpful guidance to individuals who file and prosecute patent applications.

It should be noted that the rules are *not* intended to require information *favorable* to patentability such as, for example, evidence of commercial success of the invention. Similarly, the rules are not intended to require, for example, disclosure of information concerning the level of skill in the art for purposes of determining obviousness.

37 CFR 1.56(a) states that the duty to disclose information exists until the application becomes abandoned. The duty to disclose information, however, does not end when an application becomes allowed but extends until a patent is granted on that application. The rules provide for information being considered after a notice of allowance is mailed and before the issue fee is paid (37 CFR 1.97(d)) (see MPEP § 609, paragraph B(3)). The rules also provide for an application to be withdrawn from issue

(A) because one or more claims are unpatentable (37 CFR 1.313(c)(1));

(B) for express abandonment so that information may be considered in a continuing application before a patent issues (37 CFR 1.313(c)(3)); or

(C) for consideration of a request for continued examination (RCE) under 37 CFR 1.114 (37 CFR 1.313(a) and (c)(2)). Note that RCE practice does not apply to utility or plant applications filed before June 8, 1995 or to design applications. See MPEP § 706.07(h).

See MPEP § 1308 for additional information pertaining to withdrawal of an application from issue.

In a continuation-in-part application, individuals covered by 37 CFR 1.56 have a duty to disclose to the Office all information known to be material to patentability which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application. See 37 CFR 1.56(e).

37 CFR 1.56 provides that the duty of disclosure can be met by submitting information to the Office in the manner prescribed by 37 CFR 1.97 and 1.98. See MPEP § 609. Applicants are provided certainty as to when information will be considered, and applicants will be informed when information is not considered. Note, however, that the Office may order or conduct reexamination proceedings based on prior art that was **>cited/considered< in any prior related Office proceeding. See MPEP § 2242 >and MPEP § 2258.01<.

The Office does not believe that courts should, or will, find violations of the duty of disclosure because of unintentional noncompliance with 37 CFR 1.97 and 1.98. If the noncompliance is intentional, however, the applicant will have assumed the risk that the failure to submit the information in a manner that will result in its being considered by the examiner may be held to be a violation.

The Office does not anticipate any significant change in the quantity of information cited to the Office. Presumably, applicants will continue to submit information for consideration by the Office in applications rather than making and relying on their own determinations of materiality. An incentive remains to submit the information to the Office because it will result in a strengthened patent and will avoid later questions of materiality and intent to deceive. In addition, the new rules will actually facili-

tate the filing of information since the burden of submitting information to the Office has been reduced by eliminating, in most cases, the requirement for a concise statement of the relevance of each item of information listed in an information disclosure statement. It should also be noted that 37 CFR 1.97(h) states that the filing of an information disclosure statement shall not be considered to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56.

## 2001.05   Materiality Under 37 CFR 1.56(b)

*37 CFR 1.56. Duty to disclose information material to patent ability.*

*****

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A *prima facie* case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

*****

Under the rule, information is not material unless it comes within the definition of 37 CFR 1.56(b)(1) or (2). If information is not material, there is no duty to disclose the information to the Office. Thus, it is theoretically possible for applicants to draft claims and a specification to avoid a *prima facie* case of obviousness over a reference and then to be able to withhold the reference from the examiner. The Office believes that most applicants will wish to submit the information, however, even though they may not be required to do so, to strengthen the patent and avoid the risks of an incorrect judgment on their part on materiality or that it may be held that there was an intent to deceive the Office.

# Chapter 600  Parts, Form, and Content of Application

| | |
|---|---|
| **601** | **Content of Provisional and Nonprovisional Applications** |
| 601.01 | Complete Application |
| 601.01(a) | Nonprovisional Applications Filed Under 35 U.S.C. 111(a) |
| 601.01(b) | Provisional Applications Filed Under 35 U.S.C. 111(b) |
| 601.01(c) | Conversion to or from a Provisional Application |
| 601.01(d) | Application Filed Without All Pages of Specification |
| 601.01(e) | Nonprovisional Application Filed Without At Least One Claim |
| 601.01(f) | Applications Filed Without Drawings |
| 601.01(g) | Applications Filed Without All Figures of Drawings |
| 601.01(h) | Forms |
| 601.02 | Power of Attorney ** |
| 601.03 | Change of Correspondence Address |
| 601.04 | National Stage Requirements of the United States as a Designated Office |
| 601.05 | Bibliographic Information — Application Data Sheet (ADS) |
| **602** | **Original Oath or Declaration** |
| 602.01 | Oath Cannot Be Amended |
| 602.02 | New Oath or Substitute for Original |
| 602.03 | Defective Oath or Declaration |
| 602.04 | Foreign Executed Oath |
| 602.04(a) | Foreign Executed Oath Is Ribboned to Other Application Papers |
| 602.05 | Oath or Declaration — Date of Execution |
| 602.05(a) | Oath or Declaration in Continuation and Divisional Applications |
| 602.06 | Non-English Oath or Declaration |
| 602.07 | Oath or Declaration Filed in United States as a Designated Office |
| **603** | **Supplemental Oath or Declaration** |
| 603.01 | Supplemental Oath or Declaration Filed After Allowance |
| **604** | **Administration or Execution of Oath** |
| 604.01 | Seal |
| 604.02 | Venue |
| 604.03(a) | Notarial Powers of Some Military Officers |
| 604.04 | Consul |
| 604.04(a) | Consul – Omission of Certificate |
| 604.06 | By Attorney in Application |
| **605** | **Applicant** |
| 605.01 | Applicant's Citizenship |
| 605.02 | Applicant's Residence |
| 605.03 | Applicant's Mailing or Post Office Address |
| 605.04(a) | Applicant's Signature and Name |
| 605.04(b) | One Full Given Name Required |
| 605.04(c) | Inventor Changes Name |
| 605.04(d) | Applicant Unable to Write |
| 605.04(e) | May Use Title With Signature |
| 605.04(f) | Signature on Joint Applications - Order of Names |
| 605.04(g) | Correction of Inventorship |
| 605.05 | Administrator, Executor, or Other Legal Representative |
| 605.07 | Joint Inventors |
| **606** | **Title of Invention** |
| 606.01 | Examiner May Require Change in Title |
| **607** | **Filing Fee** |
| 607.02 | Returnability of Fees |
| **608** | **Disclosure** |
| 608.01 | Specification |
| 608.01(a) | Arrangement of Application |
| 608.01(b) | Abstract of the Disclosure |
| 608.01(c) | Background of the Invention |
| 608.01(d) | Brief Summary of Invention |
| 608.01(e) | Reservation Clauses Not Permitted |
| 608.01(f) | Brief Description of Drawings |
| 608.01(g) | Detailed Description of Invention |
| 608.01(h) | Mode of Operation of Invention |
| 608.01(i) | Claims |
| 608.01(j) | Numbering of Claims |
| 608.01(k) | Statutory Requirement of Claims |
| 608.01(l) | Original Claims |
| 608.01(m) | Form of Claims |
| 608.01(n) | Dependent Claims |
| 608.01(o) | Basis for Claim Terminology in Description |
| 608.01(p) | Completeness |
| 608.01(q) | Substitute or Rewritten  Specification |
| 608.01(r) | Derogatory Remarks About Prior Art in Specification |
| 608.01(s) | Restoration of Canceled Matter |
| 608.01(t) | Use in Subsequent Application |
| 608.01(u) | Use of Formerly Filed Incomplete Application |
| 608.01(v) | Trademarks and Names Used in Trade |
| 608.02 | Drawing |
| 608.02(a) | New Drawing — When Replacement is Required Before Examination |
| 608.02(b) | Informal Drawings |
| 608.02(c) | Drawing Print Kept in File Wrapper |
| 608.02(d) | Complete Illustration in Drawings |
| 608.02(e) | Examiner Determines Completeness and Consistency of Drawings |
| 608.02(f) | Modifications in Drawings |
| 608.02(g) | Illustration of Prior Art |
| 608.02(h) | **>Replacement< Drawings |
| 608.02(i) | Transfer of Drawings From Prior Applications |
| 608.02(m) | Drawing Prints |

Rev. 2, May 2004

vention. Subsequently, additional countries have become parties to the conventions. See MPEP § 604.04(a).

When the oath is made in a foreign country not a member of the Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents, the authority of any officer other than a diplomatic or consular officer of the United States authorized to administer oaths must be proved by certificate of a diplomatic or consular officer of the United States. See 37 CFR 1.66, MPEP § 604. This proof may be through an intermediary, e.g., the consul may certify as to the authority and jurisdiction of another official who, in turn, may certify as to the authority and jurisdiction of the officer before whom the oath is taken.

## 604.04(a)    Consul – Omission of Certificate [R-2]

Where the oath is taken before an officer in a foreign country other than a diplomatic or consular officer of the United States and whose authority is not authenticated or accompanied with an apostille certifying the notary's authority (see MPEP § 602.04(a)), the application is nevertheless accepted for purposes of examination. The examiner, in the first Office action, should note this informality and require **>a new properly authenticated< oath by an appropriate diplomatic or consular officer, the filing of proper apostille, or a declaration (37 CFR 1.68). >The Office no longer returns improperly authenticated oaths for proper authentication.<

Form paragraph 6.08 may be used to notify applicant.

**>

### ¶ 6.08 Consul-Omission of Certificate

The oath is objected to as being informal. It lacks authentication by a diplomatic or consular officer of the United States; 37 CFR 1.66(a). This informality can be overcome by filing either a declaration under 37 CFR 1.68, or a new properly authenticated oath under 37 CFR 1.66. The new oath or declaration must properly identify the application of which it is to form a part, preferably by application number and filing date in the body of the oath or declaration. See MPEP §§ 602.01 and 602.02.

<

## 604.06    By Attorney in Application

The language of 37 CFR 1.66 and 35 U.S.C. 115 is such that an attorney in the application is not barred from administering the oath as notary. The Office presumes that an attorney acting as notary is cognizant of the extent of his or her authority and jurisdiction and will not knowingly jeopardize his or her client's rights by performing an illegal act. If such practice is permissible under the law of the jurisdiction where the oath is administered, then the oath is a valid oath.

The law of the District of Columbia prohibits the administering of oaths by the attorney in the case. If the oath is known to be void because of being administered by the attorney in a jurisdiction where the law holds this to be invalid, the proper action is to require a new oath or declaration and refer the file to the Office of Enrollment and Discipline. (*Riegger v. Beierl*, 1910 C.D. 12, 150 O.G. 826 (Comm'r Pat. 1910)). See 37 CFR 1.66 and MPEP § 604.

## 605    Applicant [R-2]

*37 CFR 1.41.  Applicant for patent.*

(a)  A patent is applied for in the name or names of the actual inventor or inventors.

(1) The inventorship of a nonprovisional application is that inventorship set forth in the oath or declaration as prescribed by § 1.63, except as provided for in §§ 1.53(d)(4) and 1.63(d). If an oath or declaration as prescribed by § 1.63 is not filed during the pendency of a nonprovisional application, the inventorship is that inventorship set forth in the application papers filed pursuant to § 1.53(b), unless applicant files a paper, including the processing fee set forth in § 1.17(i), supplying or changing the name or names of the inventor or inventors.

(2) The inventorship of a provisional application is that inventorship set forth in the cover sheet as prescribed by § 1.51(c)(1). If a cover sheet as prescribed by § 1.51(c)(1) is not filed during the pendency of a provisional application, the inventorship is that inventorship set forth in the application papers filed pursuant to § 1.53(c), unless applicant files a paper including the processing fee set forth in § 1.17(q), supplying or changing the name or names of the inventor or inventors.

(3) In a nonprovisional application filed without an oath or declaration as prescribed by § 1.63 or a provisional application filed without a cover sheet as prescribed by § 1.51(c)(1), the name, residence, and citizenship of each person believed to be an actual inventor should be provided when the application papers pursuant to § 1.53(b) or § 1.53(c) are filed.

**>
(4) The inventorship of an international application entering the national stage under 35 U.S.C. 371 is that inventorship set forth in the international application, which includes any change effected under PCT Rule 92bis. See § 1.497(d) and (f) for filing an oath or declaration naming an inventive entity different from the inventive entity named in the international application, or if a change to the inventive entity has been effected under PCT Rule 92bis subsequent to the execution of any declaration filed under PCT Rule 4.17(iv) (§ 1.48(f)(1) does not apply to an international application entering the national stage under 35 U.S.C. 371).<

(b) Unless the contrary is indicated the word "applicant" when used in these sections refers to the inventor or joint inventors who are applying for a patent, or to the person mentioned in §§ 1.42, 1.43 or 1.47 who is applying for a patent in place of the inventor.

(c) Any person authorized by the applicant may physically or electronically deliver an application for patent to the Office on behalf of the inventor or inventors, but an oath or declaration for the application (§ 1.63) can only be made in accordance with § 1.64.

(d) A showing may be required from the person filing the application that the filing was authorized where such authorization comes into question.

*37 CFR 1.45. Joint inventors.*

(a) Joint inventors must apply for a patent jointly and each must make the required oath or declaration; neither of them alone, nor less than the entire number, can apply for a patent for an invention invented by them jointly, except as provided in § 1.47.

(b) Inventors may apply for a patent jointly even though

(1) They did not physically work together or at the same time,

(2) Each inventor did not make the same type or amount of contribution, or

(3) Each inventor did not make a contribution to the subject matter of every claim of the application.

(c) If multiple inventors are named in a nonprovisional application, each named inventor must have made a contribution, individually or jointly, to the subject matter of at least one claim of the application and the application will be considered to be a joint application under 35 U.S.C. 116. If multiple inventors are named in a provisional application, each named inventor must have made a contribution, individually or jointly, to the subject matter disclosed in the provisional application and the provisional application will be considered to be a joint application under 35 U.S.C. 116.

37 CFR 1.41 and 37 CFR 1.53 were amended effective December 1, 1997, to remove the requirement that the name(s) of the inventor(s) be identified in the application papers in order to accord the application a filing date. 37 CFR 1.41(a)(1) now defines the inventorship of a nonprovisional application as that inventorship set forth in the oath or declaration filed to comply with the requirements of 37 CFR 1.63, except as provided for in 37 CFR 1.53(d)(4) and 37 CFR 1.63(d). The oath or declaration may be filed on the filing date of the application or on a later date. If an oath or declaration is not filed during the pendency of a nonprovisional application, the inventorship is that inventorship set forth in the application papers filed pursuant to 37 CFR 1.53(b), unless an applicant files a paper under 37 CFR 1.41(a)(*>1<) accompanied by the processing fee set forth in 37 CFR 1.17(i) supplying or changing the name or names of the inventor or inventors.

The name, residence, and citizenship of each person believed to be an actual inventor should be provided as an application identifier when application papers under 37 CFR 1.53(b) are filed without an oath or declaration, or application papers under 37 CFR 1.53(c) are filed without a cover sheet. See 37 CFR 1.41(a)(3). Naming the individuals known to be inventors or the persons believed to be the inventors may enable the Office to identify the application, if applicant does not know the application number. Where no inventor(s) is known and applicant cannot name a person believed to be an inventor on filing, the Office requests that an alphanumeric identifier be submitted for the application. The use of very short identifiers should be avoided to prevent confusion. Without supplying at least a unique identifying name the Office may have no ability or only a delayed ability to match any papers submitted after filing of the application and before issuance of an identifying application number with the application file. Any identifier used that is not an inventor's name should be specific, alphanumeric characters of reasonable length, and should be presented in such a manner that it is clear to application processing personnel what the identifier is and where it is to be found. Failure to apprise the Office of an application identifier such as the names of the inventors or the alphanumeric identifier being used may result in applicants having to resubmit papers that could not be matched with the application and proof of the earlier receipt of such papers where submission was time dependent.

For correction of inventorship, see MPEP § 201.03.

This section concerns filing by the actual inventor. If the application is filed by another, see MPEP § 409.03.

For assignments of application by inventor, see MPEP § 301. For an inventor who is dead or insane, see MPEP § 409.

## 605.01    Applicant's Citizenship

The statute (35 U.S.C. 115) requires an applicant, in a nonprovisional application, to state his or her citizenship. Where an applicant is not a citizen of any country, a statement to this effect is accepted as satisfying the statutory requirement, but a statement as to citizenship applied for or first papers taken out looking to future citizenship in this (or any other) country does not meet the requirement.

Form paragraphs 6.05 and 6.05.03 may be used to notify applicant that the applicant's citizenship is omitted.

¶ 6.05 Oath or Declaration Defective, Heading
    The oath or declaration is defective. A new oath or declaration in compliance with 37 CFR 1.67(a) identifying this application by application number and filing date is required. See MPEP §§ 602.01 and 602.02.
    The oath or declaration is defective because:

**Examiner Note:**
1.    One or more of the appropriate form paragraphs 6.05.01 to 6.05.20 must follow this paragraph.
2.    If none of the form paragraphs apply, then an appropriate explanation of the defect should be given immediately following this paragraph.

¶ 6.05.03 Citizenship Omitted
    It does not identify the citizenship of each inventor.

**Examiner Note:**
    This paragraph must be preceded by form paragraph 6.05

## 605.02    Applicant's Residence  [R-2]

Applicant's place of residence, that is, the city and either state or foreign country, is required to be included in the oath or declaration in a nonprovisional application for compliance with 37 CFR 1.63 unless it is included in an application data sheet (37 CFR 1.76). In the case of an applicant who is in one of the U.S. Armed Services, a statement to that effect is sufficient as to residence. For change of residence, see MPEP § 719.02(b). Applicant's residence must be included on the cover sheet for a provisional application unless it is included in an application data sheet (37 CFR 1.76).

If the residence is not included in the executed oath or declaration filed under 37 CFR 1.63, the Office of Initial Patent Examination (OIPE) will normally so

indicate on a form PTO-152, "Notice of Informal Application," so as to require the submission of the residence information within a set period for reply. If the examiner notes that the residence has not been included in the oath or declaration or in an application data sheet, form paragraphs 6.05 (reproduced in MPEP § 605.01) and 6.05.02 should be used.
**>

¶ 6.05.02 Residence Omitted
    It does not identify the city and either state or foreign country of residence of each inventor. The residence information may be provided on either an application data sheet or a supplemental oath or declaration.

**Examiner Note:**
    This paragraph must be preceded by form paragraph 6.05.

<

## 605.03    Applicant's Mailing or Post Office Address [R-2]

Each applicant's mailing or post office address is required to be supplied on the oath or declaration, if not stated in an application data sheet. Applicant's mailing address means that address at which he or she customarily receives his or her mail. Either applicant's home or business address is acceptable as the mailing address. The mailing address should include the ZIP Code designation. Since the term "post office address" as previously used in 37 CFR 1.63 may be confusing, effective November 7, 2000, 37 CFR 1.63 was amended to use the term "mailing address" instead.

The object of requiring each applicant's mailing address is to enable the Office to communicate directly with the applicant if desired; hence, the address of the attorney with instruction to send communications to applicant in care of the attorney is not sufficient.

In situations where an inventor does not execute the oath or declaration and the inventor is not deceased, such as in an application filed under 37 CFR 1.47, the inventor's most recent home address must be given to enable the Office to communicate directly with the inventor as necessary.

If an oath or declaration was filed prior to December 1, 1997 and the post office address was incomplete or omitted from the oath or declaration, ** "Notice of Informal Application" or form paragraph

6.09.01 may be used to notify applicant of the deficiency of the post office address.

*¶ 6.09.01 Post Office Address Omitted, Residence Given*

Applicant has not given a post office address anywhere in the application papers as required by 37 CFR 1.33(a), which was in effect at the time of filing of the oath or declaration. A statement over applicant's signature providing a complete post office address is required.

**Examiner Note:**

1. This form paragraph should only be used where the Post Office address has been omitted in an oath or declaration filed prior to December 1, 1997. Use form paragraphs 6.05 and 6.05.19 if the oath or declaration was filed on or after December 1, 1997.

2. If both the post office address and residence are incomplete, not uniform or omitted, use form paragraphs 6.05 and 6.05.02.

Oaths or declarations filed on or after December 1, 1997 must include the mailing or post office address of each inventor. Effective November 7, 2000 the mailing address of each inventor may be provided in an application data sheet. See 37 CFR 1.63(c) and 37 CFR 1.76. In an application filed before November 29, 2000, the Office of Initial Patent Examination (OIPE) will normally indicate the omission of an inventor's mailing address on **>a< "Notice of Informal Application," requiring a new oath or declaration when the form is sent out with an Office action. For utility and plant applications filed on or after November 29, 2000, applicant's mailing address may be needed for any patent application publication. If the mailing address of any inventor has been omitted, OIPE will notify applicant of the omission and require the omitted mailing address in response to the notice. If the examiner notes that the mailing or post office address has not been included in an oath or declaration filed on or after December 1, 1997, ** and the mailing address is not provided in an application data sheet, form paragraphs 6.05 (reproduced in MPEP § 605.01) and 6.05.19 may be used to notify applicant that the mailing or post office address has been omitted from the oath or declaration. **>

*¶ 6.05.19 Mailing Address Omitted*

It does not identify the mailing address of each inventor. A mailing address is an address at which an inventor customarily receives his or her mail and may be either a home or business address. The mailing address should include the ZIP Code designation. The mailing address may be provided in an application data sheet or a supplemental oath or declaration. See 37 CFR 1.63(c) and 37 CFR 1.76.

**Examiner Note:**

This paragraph must be preceded by form paragraph 6.05.

<

# 605.04(a)    Applicant's    Signature    and    Name [R-2]

*37 CFR 1.64.  Person making oath or declaration.*

(a) The oath or declaration (§ 1.63), including any supplemental oath or declaration (§ 1.67), must be made by all of the actual inventors except as provided for in §§ 1.42, 1.43, 1.47, or § 1.67.

(b) If the person making the oath or declaration or any supplemental oath or declaration is not the inventor (§§ 1.42, 1.43, 1.47, or § 1.67), the oath or declaration shall state the relationship of the person to the inventor, and, upon information and belief, the facts which the inventor is required to state. If the person signing the oath or declaration is the legal representative of a deceased inventor, the oath or declaration shall also state that the person is a legal representative and the citizenship, residence, and mailing address of the legal representative.

>

## I.    < EXECUTION OF OATHS OR DECLARATIONS OF PATENT APPLICATIONS

United States patent applications which have not been prepared and executed in accordance with the requirements of Title 35 of the United States Code and Title 37 of the Code of Federal Regulations may be abandoned. Although the statute and the rules have been in existence for many years, the Office continues to receive a number of applications which have been improperly executed and/or filed. Since the improper execution and/or filing of patent applications can ultimately result in a loss of rights, it is appropriate to emphasize the importance of proper execution and filing.

There is no requirement that a signature be made in any particular manner. See MPEP § 605.04(d). If applicant signs his or her name using non-English characters, then such a signature will be accepted.

>Applications filed through the Electronic Filing System must also contain an oath or declaration personally signed by the inventor.<

It is improper for an applicant to sign an oath or declaration which is not attached to or does not identify a specification and/or claims.

Attached does not necessarily mean that all the papers must be literally fastened. It is sufficient that the specification, including the claims, and the oath or

declaration are physically located together at the time of execution. Physical connection is not required. Copies of declarations are *>encouraged<. See MPEP § 502.01 *>,< § 502.02 >, § 602, and § 602.05(a)<.

The provisions of 35 U.S.C. 363 for filing an international application under the Patent Cooperation Treaty (PCT) which designates the United States and thereby has the effect of a regularly filed United States national application, except as provided in 35 U.S.C. 102(e), are somewhat different than the provisions of 35 U.S.C. 111. The oath or declaration requirements for an international application before the Patent and Trademark Office are set forth in 35 U.S.C. 371(c)(4) and 37 CFR 1.497.

37 CFR 1.52(c)(1) states that "[a]ny interlineation, erasure, cancellation or other alteration of the application papers filed must be made before the signing of any accompanying oath or declaration pursuant to § 1.63 referring to those application papers and should be dated and initialed or signed by the applicant on the same sheet of paper. Application papers containing alterations made after the signing of an oath or declaration referring to those application papers must be supported by a supplemental oath or declaration under § 1.67. In either situation, a substitute specification (§ 1.125) is required if the application papers do not comply with paragraphs (a) and (b) of this section." 37 CFR 1.52(c)(2) states that after the signing of the oath or declaration referring to the application papers, amendments may only be made in the manner provided by 37 CFR 1.121. An application submitted through the electronic filing system (EFS) may include scanned images of a declaration executed by the inventor. The reformatting of an application in submitting the specification of the application using EFS, is not an "alteration of the application papers" requiring a substitute oath or declaration. It is acceptable to print out a copy of the specification prepared using traditional word processing software for the inventor to review as he or she signs the oath or declaration, and then cut and paste from the electronic document to prepare the EFS version of the specification and to submit a scanned copy of the declaration with the EFS submission.

In summary, it is emphasized that the application filed must be the application executed by the applicant and it is improper for anyone, including counsel, to alter, rewrite, or partly fill in any part of the application, including the oath or declaration, after execution of the oath or declaration by the applicant. This provision should particularly be brought to the attention of foreign applicants by their United States counsel since the United States law and practice in this area may differ from that in other countries.

Any changes made in ink in the application or oath prior to signing should be initialed and dated by the applicants prior to execution of the oath or declaration. The Office will not consider whether noninitialed and/or nondated alterations were made before or after signing of the oath or declaration but will require a new oath or declaration. Form paragraph 6.02.01 may be used to call noninitialed and/or nondated alterations to applicant's attention.

*¶ 6.02.01 Non-Initialed and/or Non-Dated Alterations in Application Papers*

The application is objected to because of alterations which have not been initialed and/or dated as is required by 37 CFR 1.52(c). A properly executed oath or declaration which complies with 37 CFR 1.67(a) and identifies the application by application number and filing date is required.

The signing and execution by the applicant of oaths or declarations in certain continuation or divisional applications may be omitted. See MPEP § 201.06, § 201.07, and § 602.05(a).

For the signature on a reply, see MPEP § 714.01(a) to § 714.01(d).
>

## II.    < EXECUTION OF OATH OR DECLARATION ON BEHALF OF INVENTOR

The oath or declaration required by 35 U.S.C. 115 must be signed by all of the actual inventors, except under limited circumstances. 35 U.S.C. 116 provides that joint inventors can sign on behalf of an inventor who cannot be reached or refuses to join. See MPEP § 409.03(a). 35 U.S.C. 117 provides that the legal representative of a deceased or incapacitated inventor can sign on behalf of the inventor. If a legal representative executes an oath or declaration on behalf of a deceased inventor, the legal representative must state that the person is a legal representative and provide the citizenship, residence, and mailing address of the legal representative. See 37 CFR 1.64, MPEP § 409.01 and § 409.02. 35 U.S.C. 118 provides that a party with proprietary interest in the invention claimed in an application can sign on behalf of the

inventor, if the inventor cannot be reached or refuses to join in the filing of the application. See MPEP § 409.03(b) and § 409.03(f). The oath or declaration may not be signed by an attorney on behalf of the inventor, even if the attorney has been given a power of attorney to do so. *Opinion of Hon. Edward Bates,* 10 Op. Atty. Gen. 137 (1861). See also *Staeger v. Commissioner of Patents and Trademarks*, 189 USPQ 272 (D.D.C. 1976) and *In re Striker*, 182 USPQ 507 (PTO Solicitor 1973) (In each case, an oath or declaration signed by the attorney on behalf of the inventor was defective because the attorney did not have a proprietary interest in the invention.).

## 605.04(b)    One Full Given Name Required [R-2]

37 CFR 1.63(a)(2) requires that each inventor be identified by full name, including the family name, and at least one given name without abbreviation together with any other given name or initial in the oath or declaration. For example, if the applicant's full name is "John Paul Doe," either "John P. Doe" or "J. Paul Doe" is acceptable.

Form paragraphs 6.05 (reproduced in MPEP § 602.03) and 6.05.18 may be used to notify applicant that the oath or declaration is defective because the full given name of each inventor has not been adequately stated.

*¶ 6.05.18 Full Given Name Is Not Set Forth*

The full name of each inventor (family name and at least one given name together with any initial) has not been set forth.

**Examiner Note:**

This paragraph must be preceded by paragraph 6.05.

>A situation may arise where an inventor's full given name is a singular letter, or is a plurality of singular letters. For example, an inventor's full given name may be 'J. Doe' or J.P. Doe,' i.e., the 'J' and the 'P' are not initials. In such a situation, identifying the inventor by his or her family name and the singular letter(s) is acceptable, since that is the inventor's full given name. In order to avoid an objection under 37 CFR 1.63(a)(2), applicant should point out in the oath or declaration that the singular lettering set forth is the inventor's given name. A statement to this effect, accompanying the filing of the oath or declaration, will also be acceptable. Without such a statement, the examiner should treat the singular letter(s) as an abbreviation of the inventor's given name and should object to the oath or declaration using the appropriate form paragraphs. Applicant may overcome this objection by filing a responsive statement that the singular letter(s) is/are the inventor's given name(s).<

In an application where the name is typewritten with a *middle name* or *initial*, but the signature **>does not contain< such middle name or initial, the typewritten version of the name will be used >as the inventor's name for the purposes of the application and any patent that may issue from the application. No objection should be made in this instance, since the inventor's signature may differ from his or her legal name.< Except for correction of a typographical or transliteration error in the spelling of an inventor's name, a request to have the name changed >from the typewritten version< to the signed version or any other corrections in the name of the inventor(s) will not be entertained, unless accompanied by a petition under 37 CFR 1.182 together with an appropriate petition fee. The petition should be directed to the attention of the Office of Petitions. Upon granting of the petition, >if the application is maintained in paper, the left margin of the original oath or declaration should be marked in red ink "See paper No. ___ for correction of the inventor's name," and< the application should be sent to the Office of Initial Patent Examination (OIPE) for correction of its records, unless the application is an application with an application data sheet (e.g., an 09/ series application), in which case the Office of Petitions *>will< correct the Office computer records and print a new bibliographic data sheet. If the application is assigned, it will be forwarded by OIPE or the Office of Petitions to the Assignment Division for a change in the assignment record.

When a typographical or transliteration error in the spelling of an inventor's name is discovered during pendency of an application, a petition is not required, nor is a new oath or declaration under 37 CFR 1.63 needed. **>However, applicants are strongly encouraged to use an application data sheet such that any patent to issue will reflect the correct spelling of the inventor's name. Without an application data sheet with the corrected spelling, any patent to issue is less likely to reflect the correct spelling since the spelling of the inventor's name is taken from the oath or decla-

ration, or any subsequently filed application data sheet.<

When any correction or change is effected, the **>Office computer records must be changed. If the application is maintained in paper,< the change should be noted on the original oath or declaration by writing in red ink in the left column "See Paper No. __ for inventorship changes." See MPEP §§ 201.03 and 605.04(g). >If the application is an Image File Wrapper (IFW) application, after the Office records are corrected, a new bib-data sheet must be printed and added to the IFW.<

### 605.04(c)   Inventor Changes Name [R-2]

In cases where an inventor's name has been changed after the application has been filed and the inventor desires to change his or her name on the application, he or she must submit a petition under 37 CFR 1.182. >Applicants are also strongly encouraged to submit an application data sheet (37 CFR 1.76) showing the new name.< The petition should be directed to the attention of the Office of Petitions. The petition must include an appropriate petition fee and an affidavit signed with both names and setting forth the procedure whereby the change of name was effected, or a certified copy of the court order.

>If an application data sheet is not submitted, the petition may still be granted, but the patent may not reflect the correct spelling of the inventor's name.<

If the petition is granted, >if the application is maintained in paper with a file jacket label (i.e., the application is an 08/ or earlier series application), the original declaration must be marked in red ink, in the left margin "See paper No. _ for correction of inventor name" and< the application should be sent to the Office of Initial Patent Examination (OIPE) for change of name on the file wrapper and in the PALM database *>. If the petition is granted in an Image File Wrapper (IFW) application or if< the application is an 09/ **>or later series application, the spelling of the inventor's name should be changed in the Office computer records and a new PALM bib-data sheet should be printed.< If the application is assigned, applicant should submit a corrected assignment document along with a cover sheet and the recording fee as set forth in 37 CFR 1.21(h) to the Assignment Division for a change in the assignment record.

### 605.04(d)   Applicant Unable to Write

If the applicant is unable to write, his or her mark as affixed to the oath or declaration must be attested to by a witness. In the case of the oath, the notary's signature to the jurat is sufficient to authenticate the mark.

### 605.04(e)   May Use Title With Signature

It is permissible for an applicant to use a title of nobility or other title, such as "Dr.", in connection with his or her signature. The title will not appear in the printed patent.

### 605.04(f)   Signature on Joint Applications - Order of Names  [R-2]

The order of names of joint patentees in the heading of the patent is taken from the order in which the type-written names appear in the original oath or declaration. Care should therefore be exercised in selecting the preferred order of the typewritten names of the joint inventors, before filing, as requests for subsequent shifting of the names would entail changing numerous records in the Office. Since the particular order in which the names appear is of no consequence insofar as the legal rights of the joint applicants are concerned, no changes will be made except when a petition under 37 CFR 1.182 is granted. The petition should be directed to the attention of the Office of Petitions. The petition to change the order of names must be signed by either the attorney or agent of record or all the applicants. >Applicants are strongly encouraged to submit an application data sheet showing the new order of inventor names to ensure appropriate printing of the inventor names in any patent to issue.< It is suggested that all typewritten and signed names appearing in the application papers should be in the same order as the typewritten names in the oath or declaration. >When the Office of Petitions grants a petition to change the order of the names of the inventors, the Office of Petitions will change the order of the names in the Office computer records and print a new bib-data sheet, unless the application is an 08/ or earlier series application, in which case, the application should be sent to the Office of Initial Patent Examination (OIPE) for correction on the file wrapper label and the PALM database.<

In those instances where the joint applicants file separate oaths or declarations, the order of names is taken from the order in which the several oaths or declarations appear in the application papers unless a different order is requested at the time of filing.

## 605.04(g)   Correction of Inventorship [R-2]

When the **>request is granted to add or delete inventors< under 37 CFR 1.48, the change should be noted in red ink in the left margin of the original oath or declaration >, if the application is maintained in paper<. The notation should read "See Paper No. _____ for inventorship changes." >For Image File Wrapper (IFW) processing, see IFW Manual.< The application (other than 09/ >or later< series applications) should be sent to the Office of Initial Patent Examination (OIPE) for correction on the file wrapper label and the PALM database regarding the inventorship. A brief explanation on an "Application Division Data Base Routing Slip" (available from the Technology Center (TC) technical support staff) should accompany the application file to OIPE. For 09/ >or later< series applications, the examiner should have the TC's technical support staff enter the correction in the PALM database and print a new PALM bib-data sheet, which will then be placed in the file wrapper >, if correction of the database and printing of a new PALM bib-data sheet was not already done by the Office of Petitions<.

## 605.05   Administrator, Executor, or Other Legal Representative

In an application filed by a legal representative of the inventor, the specification should not be written in the first person.

For prosecution by administrator or executor, see MPEP § 409.01(a).

For prosecution by heirs, see MPEP § 409.01(a) and § 409.01(d).

For prosecution by representative of legally incapacitated inventor, see MPEP § 409.02.

For prosecution by other than inventor, see MPEP § 409.03.

## 605.07   Joint Inventors

*35 U.S.C. 116.  Inventors*

When an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath, except as otherwise provided in this title. Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent.

*****

35 U.S.C. 116, as amended by Public Law 98-622, recognizes the realities of modern team research. A research project may include many inventions. Some inventions may have contributions made by individuals who are not involved in other, related inventions.

35 U.S.C. 116 allows inventors to apply for a patent jointly even though

(A) they did not physically work together or at the same time,

(B) each did not make the same type or amount of contribution, or

(C) each did not make a contribution to the subject matter of every claim of the patent.

Items (A) and (B) adopt the rationale stated in decisions such as *Monsanto Co. v. Kamp*, 269 F. Supp. 818, 824, 154 USPQ 259, 262 (D.D.C. 1967).

Item (C) adopts the rationale of cases such as *SAB Industrie AB v. Bendix Corp.*, 199 USPQ 95 (E.D. Va. 1978).

With regard to item (A), see *Kimberly-Clark Corp. v. Procter & Gamble Distributing Co.*, 973 F.2d 911, 916-17, 23 USPQ 2d 1921, 1925-26 (Fed. Cir. 1992) (some quantum of collaboration or connection is required in order for persons to be "joint" inventors under 35 U.S.C. 116, and thus individuals who are completely ignorant of what each other has done until years after their individual independent efforts cannot be considered joint inventors).

Like other patent applications, jointly filed applications are subject to the requirements of 35 U.S.C. 121 that an application be directed to only a single invention. If more than one invention is included in the application, the examiner may require the application to be restricted to one of the inventions. In such a case, a "divisional" application complying with 35 U.S.C. 120 would be entitled to the benefit of the earlier filing date of the original application.

It is possible that different claims of an application or patent may have different dates of inventions even though the patent covers only one independent and distinct invention within the meaning of 35 U.S.C. 121. When necessary, the U.S. Patent and Trademark Office or a court may inquire of the patent applicant or owner concerning the inventors and the invention dates for the subject matter of the various claims.

## GUIDELINES

*37 CFR 1.45. Joint inventors.*

*****

(b) Inventors may apply for a patent jointly even though

(1) They did not physically work together or at the same time,

(2) Each inventor did not make the same type or amount of contribution, or

(3) Each inventor did not make a contribution to the subject matter of every claim of the application.

(c) If multiple inventors are named in a nonprovisional application, each named inventor must have made a contribution, individually or jointly, to the subject matter of at least one claim of the application and the application will be considered to be a joint application under 35 U.S.C. 116. If multiple inventors are named in a provisional application, each named inventor must have made a contribution, individually or jointly, to the subject matter disclosed in the provisional application and the provisional application will be considered to be a joint application under 35 U.S.C. 116.

Since provisional applications may be filed without claims, 37 CFR 1.45(c) states that each inventor named in a joint provisional application must have made a contribution to the subject matter disclosed in the application.

The significant features resulting from the amendments to 35 U.S.C. 116 by Public Law 98-622 are the following:

(A) The joint inventors do not have to separately "sign the application," but only need apply for the patent jointly and make the required oath or declaration by signing the same; this is a clarification, but not a change in current practice.

(B) Inventors may apply for a patent jointly even though "they did not work together or at the same time," thereby clarifying (a) that it is not necessary that the inventors physically work together on a project, and (b) that one inventor may "take a step at one time, the other an approach at different times."

*(Monsanto Co. v. Kamp,* 269 F. Supp. 818, 824, 154 USPQ 259, 262 (D.D.C. 1967)).

(C) Inventors may apply for a patent jointly even though "each did not make the same type or amount of contribution," thereby clarifying the "fact that each of the inventors play a different role and that the contribution of one may not be as great as that of another does not detract from the fact that the invention is joint, if each makes some original contribution, though partial, to the final solution of the problem." *Monsanto Co. v. Kamp,* 269 F. Supp. at 824, 154 USPQ at 262.

(D) Inventors may apply for a patent jointly even though "each did not make a contribution to the subject matter of every claim of the patent."

(E) Inventors may apply for a patent jointly as long as each inventor made a contribution, i.e., was an inventor or joint inventor, of the subject matter of at least one claim of the patent; there is no requirement that all the inventors be joint inventors of the subject matter of any one claim.

(F) If an application by joint inventors includes more than one independent and distinct invention, restriction may be required with the possible result of a necessity to change the inventorship named in the application if the elected invention was not the invention of all the originally named inventors.

(G) The amendment to 35 U.S.C. 116 increases the likelihood that different claims of an application or patent may have different dates of invention; when necessary the Office or court may inquire of the patent applicant or owner concerning the inventors and the invention dates for the subject matter of the various claims.

Pending nonprovisional applications will be permitted to be amended by complying with 37 CFR 1.48 to add claims to inventions by inventors not named when the application was filed as long as such inventions were disclosed in the application as filed since 37 CFR 1.48 permits correction of inventorship where the correct inventor or inventors are not named in an application for patent through error without any deceptive intention on the part of the person being added as an inventor. This is specially covered in 37 CFR 1.48(c).

Under 35 U.S.C. 116, an examiner may reject claims under 35 U.S.C. 102(f) only in circumstances where a named inventor is not the inventor of at least

one claim in the application; no rejection under 35 U.S.C. 102(f) is appropriate if a named inventor made a contribution to the invention defined in any claim of the application.

Under 35 U.S.C. 116, considered in conjunction with 35 U.S.C. 103(c), a rejection may be appropriate under 35 U.S.C. 102(f)/103 where the subject matter, i.e., prior art, and the claimed invention were not owned by, or subject to an obligation of assignment to, the same person at the time the invention was made.

Applicants are responsible for correcting, and are required to correct, the inventorship in compliance with 37 CFR 1.48 when the application is amended to change the claims so that one (or more) of the named inventors is no longer an inventor of the subject matter of a claim remaining in the application.

In requiring restriction in an application filed by joint inventors, the examiner should remind applicants of the necessity to correct the inventorship pursuant to 37 CFR 1.48 if an invention is elected and the claims to the invention of one or more inventors are canceled.

The examiner should not inquire of the patent applicant concerning the inventors and the invention dates for the subject matter of the various claims until *it becomes necessary* to do so in order to properly examine the application.

If an application is filed with joint inventors, the examiner should assume that the subject matter of the various claims was commonly owned at the time the inventions covered therein were made, unless there is evidence to the contrary. If inventors of subject matter, not commonly owned at the time of the later invention, file a joint application, applicants have an obligation pursuant to 37 CFR 1.56 to point out the inventor and invention dates of each claim and the lack of common ownership at the time the later invention was made in order that the examiner may consider the applicability of 35 U.S.C. 102(e)/103, 35 U.S.C. 102(f)/103 or 35 U.S.C. 102(g)/103. The examiner should assume, unless there is evidence to the contrary, that applicants are complying with their duty of disclosure. It should be pointed out that 35 U.S.C. 119(a) benefit may be claimed to any foreign application as long as the U.S. named inventor was the inventor of the foreign application invention and 35 U.S.C. 119(a)-(d) requirements are met. Where

two or more foreign applications are combined in a single U.S. application, to take advantage of the changes to 35 U.S.C. 103 or 35 U.S.C. 116, the U.S. application may claim benefit under 35 U.S.C. 119(a) to each of the foreign applications provided all the requirements of 35 U.S.C. 119(a)-(d) are met. One of the conditions for benefit under 35 U.S.C. 119(a) is that the foreign application must be for "the same invention" as the application in the United States. Therefore, a claim in the U.S. application which relies on the combination of prior foreign applications may not be entitled to the benefit under 35 U.S.C. 119(a) if the subject matter of the claim is not sufficiently disclosed in the prior foreign application. *Cf. Studiengesellschaft Kohle m.b.H. v. Shell Oil Co.*, 112 F.3d 1561, 42 USPQ2d 1674 (Fed. Cir. 1997). For example:

> If foreign applicant A invents X and files a foreign application; foreign applicant B invents Y and files separate foreign application. A+B combine inventions X+Y and A and B are proper joint inventors under 35 U.S.C. 116 and file U.S. application to X+Y. The U.S. application may claim benefit under 35 U.S.C. 119(a) to each of the foreign applications provided the requirements of 35 U.S.C. 119(a)-(d) are met.

## 606    Title of Invention

*37 CFR 1.72. Title and abstract.*

(a) The title of the invention may not exceed 500 characters in length and must be as short and specific as possible. Characters that cannot be captured and recorded in the Office's automated information systems may not be reflected in the Office's records in such systems or in documents created by the Office. Unless the title is supplied in an application data sheet (§ 1.76), the title of the invention should appear as a heading on the first page of the specification.

*****

The title of the invention should be placed at the top of the first page of the specification unless it is provided in the application data sheet (see 37 CFR 1.76). The title should be brief but technically accurate and descriptive and should contain fewer than 500 characters. Inasmuch as the words "improved," "improvement of," and "improvement in" are not considered as part of the title of an invention, these words should not be included at the beginning of the title of the invention and will be deleted when the Office enters the title into the Office's computer records, and when any patent issues.