EXHIBIT B



Code of Federal Regulations

# 37

Revised as of July 1, 2004

## Patents, Trademarks, and Copyrights

Containing a codification of documents
of general applicability and future effect

As of July 1, 2004

*With Ancillaries*

Published by
Office of the Federal Register
National Archives and Records
Administration


A Special Edition of the Federal Register

in the proceedings of a case by an applicant for patent (§ 1.41(b)) or an assignee of the entire interest of the applicant. A power of attorney to the patent practitioners associated with a Customer Number will be treated as a request to revoke any powers of attorney previously given. Fewer than all of the applicants (or by fewer than the assignee of the entire interest of the applicant) may only revoke the power of attorney upon a showing of sufficient cause, and payment of the petition fee set forth in § 1.17(h). A registered patent attorney or patent agent will be notified of the revocation of the power of attorney. Where power of attorney is given to the patent practitioners associated with a Customer Number (§ 1.32(c)(2)), the practitioners so appointed will also be notified of the revocation of the power of attorney when the power of attorney to all of the practitioners associated with the Customer Number is revoked. The notice of revocation will be mailed to the correspondence address for the application (§ 1.33) in effect before the revocation. An assignment will not of itself operate as a revocation of a power previously given, but the assignee of the entire interest of the applicant may revoke previous powers of attorney and give another power of attorney of the assignee's own selection as provided in § 1.32(b).

(b) A registered patent attorney or patent agent who has been given a power of attorney pursuant to § 1.32(b) may withdraw as attorney or agent of record upon application to and approval by the Director. The applicant or patent owner will be notified of the withdrawal of the registered patent attorney or patent agent. Where power of attorney is given to the patent practitioners associated with a Customer Number, a request to delete all of the patent practitioners associated with the Customer Number may not be granted if an applicant has given power of attorney to the patent practitioners associated with the Customer Number in an application that has an Office action to which a reply is due, but insufficient time remains for the applicant to file a reply. *See* § 1.613(d) for withdrawal in an interference.

[69 FR 29878, May 26, 2004]

### § 1.41    Applicant for patent.

(a) A patent is applied for in the name or names of the actual inventor or inventors.

(1) The inventorship of a nonprovisional application is that inventorship set forth in the oath or declaration as prescribed by § 1.63, except as provided for in §§ 1.53(d)(4) and 1.63(d). If an oath or declaration as prescribed by § 1.63 is not filed during the pendency of a nonprovisional application, the inventorship is that inventorship set forth in the application papers filed pursuant to § 1.53(b), unless applicant files a paper, including the processing fee set forth in § 1.17(i), supplying or changing the name or names of the inventor or inventors.

(2) The inventorship of a provisional application is that inventorship set forth in the cover sheet as prescribed by § 1.51(c)(1). If a cover sheet as prescribed by § 1.51(c)(1) is not filed during the pendency of a provisional application, the inventorship is that inventorship set forth in the application papers filed pursuant to § 1.53(c), unless applicant files a paper including the processing fee set forth in § 1.17(q), supplying or changing the name or names of the inventor or inventors.

(3) In a nonprovisional application filed without an oath or declaration as prescribed by § 1.63 or a provisional application filed without a cover sheet as prescribed by § 1.51(c)(1), the name, residence, and citizenship of each person believed to be an actual inventor should be provided when the application papers pursuant to § 1.53(b) or § 1.53(c) are filed.

(4) The inventorship of an international application entering the national stage under 35 U.S.C. 371 is that inventorship set forth in the international application, which includes any change effected under PCT Rule 92*bis*. See § 1.497(d) and (f) for filing an oath or declaration naming an inventive entity different from the inventive entity named in the international application, or if a change to the inventive entity has been effected under PCT Rule 92*bis* subsequent to the execution of any declaration filed under PCT Rule 4.17(iv) (§ 1.48(f)(1) does not apply

to an international application entering the national stage under 35 U.S.C. 371).

(b) Unless the contrary is indicated the word "applicant" when used in these sections refers to the inventor or joint inventors who are applying for a patent, or to the person mentioned in §§ 1.42, 1.43, or 1.47 who is applying for a patent in place of the inventor.

(c) Any person authorized by the applicant may physically or electronically deliver an application for patent to the Office on behalf of the inventor or inventors, but an oath or declaration for the application (§ 1.63) can only be made in accordance with § 1.64.

(d) A showing may be required from the person filing the application that the filing was authorized where such authorization comes into question.

(35 U.S.C. 6, Pub. L. 97–247)

[48 FR 2708, Jan. 20, 1983; 48 FR 4285, Jan. 31, 1983, as amended at 62 FR 53184, Oct. 10, 1997; 65 FR 54662, Sept. 8, 2000; 67 FR 523, Jan. 4, 2002]

## § 1.42   When the inventor is dead.

In case of the death of the inventor, the legal representative (executor, administrator, etc.) of the deceased inventor may make the necessary oath or declaration, and apply for and obtain the patent. Where the inventor dies during the time intervening between the filing of the application and the granting of a patent thereon, the letters patent may be issued to the legal representative upon proper intervention.

(35 U.S.C. 6, Pub. L. 97–247)

[48 FR 2709, Jan. 20, 1983]

## § 1.43   When the inventor is insane or legally incapacitated.

In case an inventor is insane or otherwise legally incapacitated, the legal representative (guardian, conservator, etc.) of such inventor may make the necessary oath or declaration, and apply for and obtain the patent.

(35 U.S.C. 6, Pub. L. 97–247)

[48 FR 2709, Jan. 20, 1983]

## § 1.44   [Reserved]

## § 1.45   Joint inventors.

(a) Joint inventors must apply for a patent jointly and each must make the required oath or declaration: neither of them alone, nor less than the entire number, can apply for a patent for an invention invented by them jointly, except as provided in § 1.47.

(b) Inventors may apply for a patent jointly even though

(1) They did not physically work together or at the same time,

(2) Each inventor did not make the same type or amount of contribution, or

(3) Each inventor did not make a contribution to the subject matter of every claim of the application.

(c) If multiple inventors are named in a nonprovisional application, each named inventor must have made a contribution, individually or jointly, to the subject matter of at least one claim of the application and the application will be considered to be a joint application under 35 U.S.C. 116. If multiple inventors are named in a provisional application, each named inventor must have made a contribution, individually or jointly, to the subject matter disclosed in the provisional application and the provisional application will be considered to be a joint application under 35 U.S.C. 116.

(35 U.S.C. 6, Pub. L. 97–247)

[48 FR 2709, Jan. 20, 1983, as amended at 50 FR 9379, Mar. 7, 1985; 60 FR 20222, Apr. 25, 1995]

## § 1.46   Assigned inventions and patents.

In case the whole or a part interest in the invention or in the patent to be issued is assigned, the application must still be made or authorized to be made, and an oath or declaration signed, by the inventor or one of the persons mentioned in § 1.42, 1.43, or 1.47. However, the patent may be issued to the assignee or jointly to the inventor and the assignee as provided in § 3.81.

(35 U.S.C. 6, Pub. L. 97–247)

[57 FR 29642, July 6, 1992]

provided by paragraph (a) of this section, the claim may be accepted if the claim identifying the prior foreign application by specifying its application number, country (or intellectual property authority), and the day, month, and year of its filing was unintentionally delayed. A petition to accept a delayed claim for priority under 35 U.S.C. 119(a)–(d) or 365(a) must be accompanied by:

(1) The claim under 35 U.S.C. 119(a)–(d) or 365(a) and this section to the prior foreign application, unless previously submitted;

(2) The surcharge set forth in § 1.17(t); and

(3) A statement that the entire delay between the date the claim was due under paragraph (a)(1) of this section and the date the claim was filed was unintentional. The Director may require additional information where there is a question whether the delay was unintentional.

[60 FR 20224, Apr. 25, 1995, as amended at 62 FR 53188, Oct. 10, 1997; 65 FR 57053, Sept. 20, 2000; 65 FR 66502, Nov. 6, 2000; 66 FR 67094, Dec. 28, 2001]

## § 1.56  Duty to disclose information material to patentability.

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application.

There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)–(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) Prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

[57 FR 2034, Jan. 17, 1992, as amended at 65 FR 54666, Sept. 8, 2000]

## § 1.57    [Reserved]

## § 1.58    Chemical and mathematical formulae and tables.

(a) The specification, including the claims, may contain chemical and mathematical formulas, but shall not contain drawings or flow diagrams. The description portion of the specification may contain tables; claims may contain tables either if necessary to conform to 35 U.S.C. 112 or if otherwise found to be desirable.

(b) Tables that are submitted in electronic form (§§ 1.96(c) and 1.821(c)) must maintain the spatial relationships (e.g., columns and rows) of the table elements and preserve the information they convey. Chemical and mathematical formulae must be encoded to maintain the proper positioning of their characters when displayed in order to preserve their intended meaning.

(c) Chemical and mathematical formulae and tables must be presented in compliance with § 1.52 (a) and (b), except that chemical and mathematical formulae or tables may be placed in a landscape orientation if they cannot be presented satisfactorily in a portrait orientation. Typewritten characters used in such formulae and tables must be chosen from a block (nonscript) type font or lettering style having capital letters which are at least 0.21 cm. (0.08 inch) high (e.g., elite type). A space at least 0.64 cm. (¼ inch) high should be provided between complex formulae and tables and the text. Tables should have the lines and columns of data closely spaced to conserve space, consistent with a high degree of legibility.

(Pub. L. 94-131, 89 Stat. 685)

[43 FR 20463, May 11, 1978, as amended at 61 FR 42803, Aug. 19, 1996; 65 FR 54667, Sept. 8, 2000]

## § 1.59    Expungement of information or copy of papers in application file.

(a)(1) Information in an application will not be expunged, except as provided in paragraph (b) of this section.

(2) Information forming part of the original disclosure (i.e., written specification including the claims, drawings, and any preliminary amendment specifically incorporated into an executed oath or declaration under §§ 1.63 and 1.175) will not be expunged from the application file.

(b) An applicant may request that the Office expunge information, other than what is excluded by paragraph (a)(2) of this section, by filing a petition under this paragraph. Any petition to expunge information from an application must include the fee set forth in § 1.17(h) and establish to the satisfaction of the Director that the expungement of the information is appropriate in which case a notice granting the petition for expungement will be provided.

(c) Upon request by an applicant and payment of the fee specified in § 1.19(b), the Office will furnish copies of an application, unless the application has been disposed of (see §§ 1.53(e), (f) and

### § 1.95  Copies of exhibits.

Copies of models or other physical exhibits will not ordinarily be furnished by the Office, and any model or exhibit in an application or patent shall not be taken from the Office except in the custody of an employee of the Office specially authorized by the Director.

### § 1.96  Submission of computer program listings.

(a) *General.* Descriptions of the operation and general content of computer program listings should appear in the description portion of the specification. A computer program listing for the purpose of this section is defined as a printout that lists in appropriate sequence the instructions, routines, and other contents of a program for a computer. The program listing may be either in machine or machine-independent (object or source) language which will cause a computer to perform a desired procedure or task such as solve a problem, regulate the flow of work in a computer, or control or monitor events. Computer program listings may be submitted in patent applications as set forth in paragraphs (b) and (c) of this section.

(b) *Material which will be printed in the patent*: If the computer program listing is contained in 300 lines or fewer, with each line of 72 characters or fewer, it may be submitted either as drawings or as part of the specification.

(1) *Drawings.* If the listing is submitted as drawings, it must be submitted in the manner and complying with the requirements for drawings as provided in § 1.84. At least one figure numeral is required on each sheet of drawing.

(2) *Specification.* (i) If the listing is submitted as part of the specification, it must be submitted in accordance with the provisions of § 1.52.

(ii) Any listing having more than 60 lines of code that is submitted as part of the specification must be positioned at the end of the description but before the claims. Any amendment must be made by way of submission of a substitute sheet.

(c) *As an appendix which will not be printed*: Any computer program listing may, and any computer program listing having over 300 lines (up to 72 characters per line) must, be submitted on a compact disc in compliance with § 1.52(e). A compact disc containing such a computer program listing is to be referred to as a "computer program listing appendix." The "computer program listing appendix" will not be part of the printed patent. The specification must include a reference to the "computer program listing appendix" at the location indicated in § 1.77(b)(4).

(1) Multiple computer program listings for a single application may be placed on a single compact disc. Multiple compact discs may be submitted for a single application if necessary. A separate compact disc is required for each application containing a computer program listing that must be submitted on a "computer program listing appendix."

(2) The "computer program listing appendix" must be submitted on a compact disc that complies with § 1.52(e) and the following specifications (no other format shall be allowed):

(i) Computer Compatibility: IBM PC/XT/AT, or compatibles, or Apple Macintosh;

(ii) Operating System Compatibility: MS-DOS, MS-Windows, Unix, or Macintosh;

(iii) Line Terminator: ASCII Carriage Return plus ASCII Line Feed;

(iv) Control Codes: the data must not be dependent on control characters or codes which are not defined in the ASCII character set; and

(v) Compression: uncompressed data.

[61 FR 42804, Aug. 19, 1996, as amended at 65 FR 54670, Sept. 8, 2000]

INFORMATION DISCLOSURE STATEMENT

### § 1.97  Filing of information disclosure statement.

(a) In order for an applicant for a patent or for a reissue of a patent to have an information disclosure statement in compliance with § 1.98 considered by the Office during the pendency of the application, the information disclosure statement must satisfy one of paragraphs (b), (c), or (d) of this section.

(b) An information disclosure statement shall be considered by the Office if filed by the applicant within any one of the following time periods:

(1) Within three months of the filing date of a national application other than a continued prosecution application under § 1.53(d);

(2) Within three months of the date of entry of the national stage as set forth in § 1.491 in an international application;

(3) Before the mailing of a first Office action on the merits; or

(4) Before the mailing of a first Office action after the filing of a request for continued examination under § 1.114.

(c) An information disclosure statement shall be considered by the Office if filed after the period specified in paragraph (b) of this section, provided that the information disclosure statement is filed before the mailing date of any of a final action under § 1.113, a notice of allowance under § 1.311, or an action that otherwise closes prosecution in the application, and it is accompanied by one of:

(1) The statement specified in paragraph (e) of this section; or

(2) The fee set forth in § 1.17(p).

(d) An information disclosure statement shall be considered by the Office if filed by the applicant after the period specified in paragraph (c) of this section, provided that the information disclosure statement is filed on or before payment of the issue fee and is accompanied by:

(1) The statement specified in paragraph (e) of this section; and

(2) The fee set forth in § 1.17(p).

(e) A statement under this section must state either:

(1) That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement; or

(2) That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than

three months prior to the filing of the information disclosure statement.

(f) No extensions of time for filing an information disclosure statement are permitted under § 1.136. If a bona fide attempt is made to comply with § 1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

(g) An information disclosure statement filed in accordance with this section shall not be construed as a representation that a search has been made.

(h) The filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in § 1.56(b).

(i) If an information disclosure statement does not comply with either this section or § 1.98, it will be placed in the file but will not be considered by the Office.

[57 FR 2034, Jan. 17, 1992, as amended at 59 FR 32658, June 24, 1994; 60 FR 20226, Apr. 25, 1995; 61 FR 42805, Aug. 19, 1996; 62 FR 53190, Oct. 10, 1997; 65 FR 14872, Mar. 20, 2000; 65 FR 54670, Sept. 8, 2000]

§ 1.98   Content of information disclosure statement.

(a) Any information disclosure statement filed under § 1.97 shall include:

(1) A list of all patents, publications, applications, or other information submitted for consideration by the Office;

(2) A legible copy of:

(i) Each U.S. patent application publication and U.S. and foreign patent;

(ii) Each publication or that portion which caused it to be listed;

(iii) For each cited pending U.S. application, the application specification including the claims, and any drawing of the application, or that portion of the application which caused it to be listed including any claims directed to that portion; and

(iv) All other information or that portion which caused it to be listed; and

(3)(i) A concise explanation of the relevance, as it is presently understood by the individual designated in § 1.56(c) most knowledgeable about the content