# EXHIBIT C

Westlaw.

56 FR 37321-01                                                              Page 1
56 FR 37321-01, 1991 WL 147923 (F.R.)
**(Cite as: 56 FR 37321)**

PROPOSED RULES

DEPARTMENT OF COMMERCE

Patent and Trademark Office

37 CFR Parts 1 and 10

[Docket No. 910764-1164]

RIN 0651-AA64

Duty of Disclosure

Tuesday, August 6, 1991

\*37321 AGENCY: Patent and Trademark Office, Commerce.

ACTION: Notice of proposed rulemaking.

SUMMARY: The Patent and Trademark Office (Office) proposes to amend the \*37322 rules of practice in patent cases to (1) clarify the duty of disclosure for information required to be submitted to the Office; (2) provide flexible time limits for submitting information disclosure statements including the requirement for a fee in certain cases; (3) eliminate consideration of duty of disclosure issues by the Office except in disciplinary proceedings, and under other limited circumstances; and (4) eliminate the striking of patent applications which are improperly executed. The Office further proposes to amend the Patent and Trademark Office Code of Professional Responsibility to define acts of misconduct which conform to a failure to comply with the proposed rules on duty of disclosure.

 The proposed rules attempt to strike a balance between the need of the Office to obtain and consider all known relevant information pertaining to patentability before a patent is granted and the desire to avoid or minimize unnecessary complications in the enforcement of patents. The proposed rules are intended to (1) specify more precisely the information which those associated with the filing and prosecution of patent applications have a duty to disclose to the Office; (2) minimize the risk that valuable patent rights will be lost by providing more flexible procedures and time limits for submitting information to the Office in pending patent applications; (3) insure that information material to patentability timely submitted to the Office is considered by the examiner before a patent is granted; and (4) permit some of the Office resources previously devoted to consideration of duty of disclosure issues to be directed to other Office priorities.

DATES: Comments must be submitted on or before October 8, 1991. A public hearing will be held on October 8, 1991, beginning at 9:30 a.m. Requests to present oral testimony should be received on or before October 7, 1991.

ADDRESSES: Address written comments and requests to present oral testimony to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

Westlaw.

57 FR 2021-02                                                              Page 1
57 FR 2021-02, 1992 WL 5701 (F.R.)
**(Cite as: 57 FR 2021)**

RULES and REGULATIONS

DEPARTMENT OF COMMERCE

Patent and Trademark Office

37 CFR Parts 1 and 10

(Docket No. 910764-1306)

RIN 0651-AA27

Duty of Disclosure

Friday, January 17, 1992

AGENCY: Patent and Trademark Office, Commerce.

ACTION: Notice of final rulemaking.

SUMMARY: The Patent and Trademark Office (Office) is amending the rules of practice in patent cases to (1) clarify the duty of disclosure for information required to be submitted to the Office; (2) provide flexible time limits for submitting information disclosure statements including the requirement for a fee in certain cases; (3) eliminate consideration of duty of disclosure issues by the Office except in disciplinary and interference proceedings, and under other limited circumstances; and (4) eliminate the striking of patent applications which are improperly executed. The Office further is amending the Patent and Trademark Office Code of Professional Responsibility to define as misconduct a failure to comply with the rules on duty of disclosure. The rules as adopted strike a balance between the need of the Office to obtain and consider all known relevant information pertaining to patentability before a patent is granted and the desire to avoid or minimize unnecessary complications in the enforcement of patents.

EFFECTIVE DATE: March 16, 1992. These rules will be applicable to all applicants and reexamination proceedings pending or filed after the effective date.

FOR FURTHER INFORMATION CONTACT:By telephone Charles E. Van Horn (703-305-9054) or J. Michael Thesz (703-305-9384) or by mail addressed to Commissioner of Patents and Trademarks, Washington, DC 20231, and marked to the attention of Charles E. Van Horn (Crystal Park 2--room 919).

SUPPLEMENTARY INFORMATION: A notice of proposed rulemaking on duty of disclosure and practitioner misconduct published in the Federal Register at 54 FR 11334 (March 17, 1989), and in the Patent and Trademark Office Official Gazette at 1101 Off. Gaz. Pat. Off. 12 (April 4, 1989), was withdrawn. On August 6, 1991, the Office published in the Federal Register a notice of proposed rulemaking relating to duty of disclosure. 56 FR 37321. The notice was also published in the Official Gazette. 1129 Off. Gaz. Pat. Off. 52 (August 27, 1991). Sixty written comments were received in response to the notice of proposed rulemaking. A public hearing was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

57 FR 2021-02                                                              Page 2
57 FR 2021-02, 1992 WL 5701 (F.R.)
**(Cite as: 57 FR 2021)**

held on October 8, 1991. Eleven individuals offered oral comments at the hearing. The sixty written comments and a copy of the transcript of the hearing are available for public inspection in the Office of the Assistant *2022 Commissioner for Patents, room 919, Crystal Park II, 2121 Crystal Drive, Arlington, VA.

Familiarity with the notice of proposed rulemaking is assumed. Changes in the text of the rules published for comment in the notice of proposed rulemaking are discussed. Comments received in writing and at the public hearing in response to the notice of proposed rulemaking are discussed.

The rules as adopted shall take effect as to all applications and reexamination proceedings either pending or filed on or after the effective date of these rules. Thus, any information disclosure statement that is filed on or after that date must comply with the provisions of § § 1.97 and 1.98 to be entitled to consideration.

Changes in Text

The final rules contain several changes to the text of the rules as proposed for comment. Those changes are discussed below.

Section 1.17(i)(1) has been changed from the proposed text to reflect the recent increase in the amount of the fee for filing a petition from $120.00 to $130.00.

Section 1.56(a) has been clarified to indicate that the duty of an individual to disclose information is based on the knowledge of that individual that the information is material to patentability. A sentence has been added to § 1.56(a) to express the principle that the Office does not condone the granting of a patent on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or international misconduct. In addition, § 1.56(a) as proposed has been changed to indicate that if all information material to patentability of any claim issued in a patent is cited by the Office or submitted to the Office in the manner prescribed by § § 1.97(b)-(d) and 1.98, the Office will consider as satisfied the duty to disclose to the Office all information known to be material to patentability, as contrasted to the broader duty of candor and good faith. This rule does not attempt to define the spectrum of conduct that would lack the candor and good faith in dealing with the Office which is expected of individuals who are associated with the filing or prosecution of a patent application.

In § 1.56(b), the phrase "or being made of record" has been inserted to make it clear that information is not material to patentability within the meaning of § 1.56 if it is cumulative to either information already of record in the application or contemporaneously being made of record by applicant. For example, there would be no benefit to the Office for applicant to submit to the Office 10 different documents having the same teaching simply because the information was not cumulative to the information already of record.

The term "creates" has been replaced by the term "establishes" in § 1.56(b)(1). In addition, the definition of a prima facie case of unpatentability, as set out in the preamble of the notice of proposed rulemaking, has been incorporated into the rule itself. A prima facie case of unpatentability of a claim is established when the information compels a conclusion that the claim is unpatentable:

(1) Under the preponderance of evidence, burden-of-proof standard,

(2) Giving each term in the claim its broadest reasonable construction consistent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

with the specification, and

(3) Before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

This prima facie standard conforms to the standard used by an examiner to determine whether a claim is prima facie unpatentable.

Section 1.56(b)(2) has been modified from the text of the proposed rule. The focus on this paragraph has been changed so that it now relates to information which either refutes, or is inconsistent with, a position that applicant takes in either:

(1) Opposing an argument of unpatentability relied on by the Office, or

(2) Asserting an argument of patentability. The change from the proposed rule makes clear that information is material when it either refutes, or is inconsistent with, a position taken by applicant before the Office.

Section 1.97(e) has been changed from the proposed text to make it clear that a certification could contain either of two statements. One statement is that each item of information in an information disclosure statement was cited in a search report from a patent office outside the U.S. not more than three months prior to the filing date of the statement. Under this certification, it would not matter whether any individual with a duty actually knew about any of the information cited before receiving the search report. In the alternative, the certification could state that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application or, to the knowledge of the person signing the certification after making reasonable inquiry, was known to any individual having a duty to disclose more than three months prior to the filing of the statement.

The changes to the text of § 1.97(e) as proposed place the appropriate priority on getting relevant information to the Office promptly, with minimum burden to applicant. The text of the proposal has also been changed by adding the phrase "after making reasonable inquiry" to make it clear that the individual making the certification has a duty to make reasonable inquiry regarding the facts that are being certified. For example, if an inventor gave a publication to the practitioner prosecuting an application with the intent that it be cited to the Office, the practitioner should inquire as to when that inventor became aware of the publication before submitting a certification under § 1.97(e)(ii) to the Office.

A new paragraph (h) has been added to the text of proposed § 1.97. The purpose of new paragraph (h) is to ensure that no one could construe the mere filing of an information disclosure statement as an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in § 1.56(b). It is in the best interest of the Office and the public to permit and encourage individuals to cite information to the Office without fear of making an admission against interest.

In § 1.98(a)(2)(iii), the wording has been changed to make it clear that the requirement to submit a copy of each item of information listed in an information disclosure statement does not apply to the citation of a U.S. patent application.

The requirement in proposed § 1.98(a)(3) for a concise explanation of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

relevance of each item of information has been substantially changed by limiting the requirement in two significant ways. First, as adopted, the requirement is limited to information that is not in the English language. Second, the explanation required is limited to the relevance as understood by the individual designated in § 1.56(c) most knowledgeable about the content of the information at the time the information is submitted to the Office. Where the information listed is not in the English language, but was cited in a search report by a foreign patent office, the requirement for a concise explanation of relevance is satisfied by submitting an English language version of the search report.

*2023 In § 1.98(d), the proposed text has been changed by adding the phrase "cited by or" to make it clear that legible copies of information listed in an information disclosure statement need not be submitted in a continuing application provided the information was either cited by or submitted to the Office in a prior application. A distinction between information cited by the Office or supplied by applicant to the Office serves no useful purpose in this situation.

The text of proposed § 1.555 has been modified to limit the definition of information material to patentability in a reexamination proceeding to the types of information that an examiner could use in a reexamination proceeding to determine whether a claim was patentable, and to adopt other changes that parallel changes made in § 1.56. Proposed § 1.555(a) has been divided into two paragraphs. Paragraph (a), as adopted, substantially parallels the text of § 1.56(a) as adopted. It indicates that the duty to disclose information to the Office in a reexamination proceeding is a part of the duty of candor and good faith that is owed to the Office by individuals transacting business with the Office. It further states one way that an individual may discharge the duty to disclose information material to patentability in a reexamination proceeding-- i.e., by filing an information disclosure statement with the items listed in § 1.98(a) as applied to individuals associated with the patent owner in a reexamination proceeding. Finally, the text of the rule has been changed to add a sentence that expresses the principle that a patent should not be granted on an application in connection with which fraud was practiced or attempted on the Office or there was any violation of the duty of disclosure through bad faith or intentional misconduct.

New paragraph (b) of § 1.555 has been adopted to define information material to patentability in a reexamination proceeding. Much like the definition in § 1.56(b), information is not material when it is cumulative to information of record or being made of record in the reexamination proceeding. Information is considered material when it satisfies either or both of the definitions in § 1.555(b). Under § 1.555(b)(1), information is material when it is a patent or printed publication that establishes, by itself or in combination with other patents or printed publications, a prima facie case of unpatentability of a claim. This definition is limited to patents or printed publications because a reexamination proceeding must be based on patents or printed publications. 35 U.S.C. 302.

The definition of a prima facie case of unpatentability of a claim pending in a reexamination proceeding has been provided in the rule. A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the same principles that are applicable during ex parte examination of a patent application; namely:

(1) Under the preponderance of evidence, burden-of-proof standard,

(2) Giving each term in the claim its broadest reasonable construction consistent with the specification, and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(3) Before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

Finally, the definition of information material to patentability in § 1555(b)(2) has been added to parallel the provision in § 1.56(b)(2).

After reviewing the Office policy on whether to consider duty of disclosure and other inequitable conduct issues in interference proceedings under 35 U.S.C. 135(a), including comments from the public directed to the statement in the notice of proposed rulemaking that the Office will not consider, evaluate, or decide fraud or other inequitable conduct issues during an interference proceeding, a new Office policy has been adopted. Effective October 24, 1991, fraud and inequitable conduct issues will be considered when properly raised inter partes in patent interference cases. 1132 Off. Gaz. Pat. Off. 33 (November 19, 1991). In addition, the Chairman of the Board of Patent Appeals and Interferences has issued a notice that provides guidance on how an issue of fraud or other inequitable conduct can be raised in an interference proceeding. 1133 Off. Gaz. Pat. Off. 21 (December 10, 1991).

Response to and Analysis of Comments

Sixty (60) written comments were received in response to the notice of proposed rulemaking. These comments, along with those made at the public hearing, have been analyzed. Some suggestions made in the comments have been adopted and others have been rejected. Responses to the comments follow.

Comment 1. Nine comments indicated that the Office should not amend § 1.56 since it is presently in conformance to the materiality standard being applied by the Court of Appeals for the Federal Circuit. One comment questioned what practical value of the proposed rule would justify the burden of the change.

Reply: The amendment to § 1.56 was proposed to address criticism concerning a perceived lack of certainty in the materiality standard. The rule as promulgated will provide greater clarity and hopefully minimize the burden of litigation on the question of inequitable conduct before the Office, while providing the Office with the information necessary for effective and efficient examination of patent applications.

Comment 2. One comment stated that the present rules should be maintained and strengthened since the public interest is hurt more by an unjustly issued patent than by an unjustly denied patent. Another comment disagreed and argued that an unjustly denied patent can do great harm to society.

Reply: The Office strives to issue valid patents. The Office has both an obligation not to unjustly issue patents and an obligation not to unjustly deny patents. Innovation and technological advancement are best served when an inventor is issued a patent with the scope of protection that is deserved. The rules as adopted serve to remind individuals associated with the preparation and prosecution of patent applications of their duty of candor and good faith in their dealings with the Office, and will aid the Office in receiving, in a timely manner, the information it needs to carry out effective and efficient examination of patent applications.

Comment 3. Two comments stated that the rule should not permit applicants to draft claims and a specification to avoid a prima facie case of obviousness over a reference and then to be able to withhold the reference from the examiner.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

57 FR 2021-02                                                          Page 6
57 FR 2021-02, 1992 WL 5701 (F.R.)
**(Cite as: 57 FR 2021)**

Reply: The comments reflect a correct reading of the rule in that information is not material unless it comes within the definition of § 1.56(b)(1) or (2). If information is not material, there is no duty to disclose the information to the Office. The Office believes that most applicants will wish to submit the information, however, even though they may not be required to do so, to strengthen the patent and avoid the risks of an incorrect judgment on their part on materiality or that it may be held that there was an intent to deceive the Office.

Comment 4. One comment stated that promulgation of the proposed rule would result in a significant decrease in the quantity of art cited to the Office because there will be no duty to cite art relevant to a pending claim.

Reply: The Office does not anticipate any significant change in the quantity of *2024 information cited to the Office after promulgation of amended § 1.56. Presumably, applicants will continue to submit information for consideration by the Office in applications rather than making and relying on their own determinations of materiality. An incentive remains to submit the information to the Office because it will result in a strengthened patent and will avoid later questions of materiality and intent to deceive. In addition, the new rules will actually facilitate the filing of information since the burden of submitting information to the Office has been reduced by eliminating, in most cases, the requirement for a concise statement of the relevance of each item of information listed in an information disclosure statement.

Comment 5. Several comments stated that an objective "but for" standard would be preferable to the proposed rule. The objective "but for" standard would presumably consider information as a court does in an infringement proceeding with a clear and convincing, burden-of-proof standard, giving the terms in each claim a narrow construction where necessary to uphold validity.

Reply: The Office believes that amended § 1.56 will provide a reasonable balance between the needs of applicants and of the Office. The suggested "but for" standard would not cause the Office to obtain the information it needs to evaluate patentability so that its decisions may be presumed correct by the courts. If the Office does not have needed information, meaningful examination of patent applications will take place for the first time in an infringement case before a district court. Courts will become increasingly less confident of the Office's product if they get the impression that practitioners and inventors can routinely withhold information from the Office, or that practitioners and inventors can make up their own minds about what is patentable. The Office should decide, in the first instance, what is patentable and any decision should be made with the best information available, including that known by the applicant. The Office notes that the House of Delegates of the American Bar Association twice, once in 1990 and again in 1991, refused to adopt a resolution favoring adoption of the "but for" standard.

Comment 6. One comment argued that proposed § 1.56 does not relate to "the conduct of proceedings in the Patent and Trademark Office" (35 U.S.C. 6(a)) since the Office does not intend to reject applications as indicated by the cancellation of paragraphs (c) through (i) of current § 1.56.

Reply: The amendment to § 1.56 comes within the authority of the Commissioner for establishing regulations. Norton v. Curtiss, 433 F.2d 779, 167 USPQ 532 (CCPA 1970). The Office has reserved its inherent authority to reject an application under appropriate circumstances where fraud or other inequitable conduct has

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on June 17th, 2005 I electronically filed Pharmacia's Motion To Strike Defendants' Inequitable Conduct Affirmative Defense And Dismiss Defendants' Inequitable Conduct Counterclaim Count with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> ASHBY & GEDDES

I also certify that copies were caused to be served on June 17th, 2005 upon the following in the manner indicated:

> **BY HAND**
> Steven J. Balick, Esquire
> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE 19801
>
>
> **BY FEDERAL EXPRESS**
> Reid L. Ashinoff, Esquire
> Brian T. Moriarty, Esquire
> William J. Sipio, Esquire
> David R. Baum, Esquire
> Sonnenschein Nath & Rosenthal LLP
> 1221 Avenue of the Americas
> New York, NY 10020

> /s/ Maryellen Noreika
> Maryellen Noreika (#3208)
> Morris, Nichols, Arsht & Tunnell
> (302) 658-9200
> mnoreika@mnat.com