IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 04-833-KAJ |
| ) | |
| SICOR INC. and SICOR ) | |
| PHARMACEUTICALS, INC. ) | |
| ) | |
| Defendants ) | |

**NOTICE OF SECOND DEPOSITION OF DEFENDANTS
(DAMAGES AND WILLFULNESS)**

To:   John G. Day
      Steven J. Balick
      ASHBY & GEDDES
      222 Delaware Avenue
      Wilmington, Delaware 19801

      Reid L. Ashinoff
      Brian T. Moriarty
      William J. Sipio
      David R. Baum
      SONNENSCHEIN NATH & ROSENTHAL LLP
      1221 Avenue of the Americas
      New York, New York 10020

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") shall take the deposition of Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") through the individuals Sicor designates to testify on its behalf with respect to the subjects set forth in Exhibit 1.  The deposition will commence at 9:00 a.m. on August 3, 2005 at the offices of Morris Nichols Arsht & Tunnell, 1201 N. Market Street, Wilmington, Delaware.

The testimony obtained pursuant to this Notice of Deposition shall be used for any and all appropriate purposes under the Federal Rules of Civil Procedure.  The deposition will

be recorded by stenographic and/or videographic means and will take place before a Notary Public or other officer duly authorized to administer oaths.

You are invited to attend and cross-examine.

                                  MORRIS, NICHOLS, ARSHT & TUNNELL

                                  */s/ Maryellen Noreika  (#3208)*
                                Jack B. Blumenfeld (#1014)
                                Maryellen Noreika (#3208)
                                1201 N. Market Street
                                P.O. Box 1347
                                Wilmington, Delaware  19899-1347
                                (302) 658-9200
                                Attorneys for Plaintiff
                                  Pharmacia & Upjohn  Company LLC

Of Counsel:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

July 8, 2005

# EXHIBIT 1

In relation to the following categories:

1. The terms "Plaintiff" and "Pharmacia" shall mean Plaintiff Pharmacia & Upjohn Company LLC, its predecessors-in-interest, all other company names under which Pharmacia & Upjohn Company LLC is doing or has done business; their predecessors, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, interns, sales representatives, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

2. The terms "Defendants," "Sicor," and "you" shall mean, and the term "your" shall relate to, Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. both collectively and independently (whichever calls for broader testimony) and all other company names under which Sicor Inc. or SICOR Pharmaceuticals, Inc. is doing or has done business; their predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, interns, sales representatives, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3. The terms "person" and "persons" shall mean natural persons and all legally cognizable entities, including (without limitation) governmental entities, agencies, officers, departments, or affiliates of any other governmental entity; and commercial entities, corporations, foundations, partnerships, proprietorships, associations, and other non-governmental organizations.

4. The term "date" shall mean the exact day, month, and year, if ascertainable, or (if not) Defendants' closest approximation (including by description of the day, month, and year in relation to other events).

5. Any word written in the singular herein shall be construed as plural or *vice versa* as necessary to bring within the scope of this Notice all information which otherwise might be construed to be outside its scope.

6. The term "'285 patent" shall mean U.S. Patent No. 6,107,285.

7. The term "prior art" includes, by way of example and without limitation, all references cited on Exhibit A to Sicor's Supplemental Responses to First Set of Interrogatories by Plaintiff and any other subject matter that you assert may be encompassed within the scope of 35 U.S.C. § 102 and/or 25 U.S.C. § 103.

8. No category or subpart hereof shall be construed as a limitation on any other category or subpart hereof.

9. The term "Idarubicin Hydrochloride Injection Product" shall mean any ready-to-use idarubicin hydrochloride solution for intravenous injection manufactured by or for and/or sold by Sicor.

10. The term "Medical Professional" shall mean any doctor, nurse, clinic, hospital, or other medical facility that has used, is using, is considering, or is being solicited for use of any Idarubicin Hydrochloride Injection Product.

The subjects of inquiry for the deposition shall include:

1. Monthly, quarterly, and annual sales of Sicor's Idarubicin Hydrochloride Injection Product, in terms of both units and dollars, for each dosage form and size of Sicor's Idarubicin Hydrochloride Injection Product.

2. For every date from its first sales of its Idarubicin Hydrochloride Injection Product to today, the terms of Sicor's sales of its Idarubicin Hydrochloride Injection Product to each person purchasing Idarubicin Hydrochloride Injection Product, including pricing and any discounts, rebates, incentives, or other terms.

3. Monthly, quarterly, and annual gross profits derived from sales of Sicor's Idarubicin Hydrochloride Injection Product for each dosage form and size of Sicor's Idarubicin Hydrochloride Injection Product.

4. Monthly, quarterly, and annual net profits derived from sales of Sicor's Idarubicin Hydrochloride Injection Product for each dosage form and size of Sicor's Idarubicin Hydrochloride Injection Product.

5. Monthly, quarterly, and annual direct costs associated with or attributed to sales of Sicor's Idarubicin Hydrochloride Injection Product, in terms of both nature and dollars, for each dosage form and size of Sicor's Idarubicin Hydrochloride Injection Product.

6. Monthly, quarterly, and annual indirect costs associated with or attributed to sales of Sicor's Idarubicin Hydrochloride Injection Product, in terms of both nature and dollars, for each dosage form and size of Sicor's Idarubicin Hydrochloride Injection Product.

7. All forecasts of sales, revenues, gross profits, and net profits of Sicor's Idarubicin Hydrochloride Injection Product.

8. All business plans related to Sicor's Idarubicin Hydrochloride Injection Product.

9. All costs of research and development for Sicor's Idarubicin Hydrochloride Injection Product.

10. Sicor's determination of the market for idarubicin hydrochloride injection products and Sicor's share of that market.

11. The existence and terms (including but not limited to royalty rate) of patent license agreements to which Sicor is a party, whether as licensor or licensee, that cover the right to make and/or sell pharmaceutical products.

12. When, who, and under what circumstances Sicor first learned of the '285 patent.

13. Any actions taken as a result of Sicor's first knowledge of the '285 patent.

        14.    Any opinions of counsel Sicor obtained regarding infringement, validity, and/or enforceability of the '285 patent.

        15.    Any actions Sicor undertook based on opinions of counsel regarding infringement, validity, and/or enforceability of the '285 patent.

        16.    Any evidence of good faith by Sicor in connection with the '285 patent.

        17.    The location and nature of documents that contain any information relating to topics 1-16 set forth above, including any information is maintained in electronic form.

473480

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 8th, 2005 I electronically filed Notice of Second Deposition of Defendants (Damages and Willfulness) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>ASHBY & GEDDES

I also certify that copies were caused to be served on July 8th, 2005 upon the following in the manner indicated:

### BY HAND

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>Wilmington, DE  19801

### BY FEDERAL EXPRESS

>Reid L. Ashinoff, Esquire
>Brian T. Moriarty, Esquire
>William J. Sipio, Esquire
>David R. Baum, Esquire
>Sonnenschein Nath & Rosenthal LLP
>1221 Avenue of the Americas
>New York, NY  10020

>*/s/  Maryellen Noreika*
>Maryellen Noreika (#3208)
>Morris, Nichols, Arsht & Tunnell
> (302) 658-9200
>mnoreika@mnat.com