IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PHARMACIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE AND DISMISS DEFENDANTS' COUNTERCLAIM COUNT

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

Attorneys for Plaintiff
Pharmacia & Upjohn Company, LLC

Of Counsel:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
   HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL  60606
(312) 913-0001

July 15, 2005

i.

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| ARGUMENT | 1 |
| I.  SICOR HAS NOT PLED ANY COGNIZABLE ACT OF INEQUITABLE CONDUCT | 1 |
| II.  SICOR'S STRATEGICALLY VAGUE PLEADINGS VIOLATE RULE 9(B) | 5 |
| CONCLUSION | 8 |

ii.

TABLE OF CITATIONS

Page(s)

Cases

*Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.,*
    68 F. Supp. 2d 508 (D.N.J. 1999)                                    4

*EMC Corp. v. Storage Tech. Corp.,*
    921 F. Supp. 1261 (D. Del. 1996)                                    5, 6, 7

*Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.,
    Inc.,*
    837 F. Supp. 1444 (N.D. Ind. 1992)                                  4

*Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.,*
    863 F.2d 867 (Fed. Cir. 1988) (en banc)                             1, 3

*Libbey-Owens-Ford Co. v. BOC Group, Inc.,*
    655 F. Supp. 897 (D.N.J. 1997)                                      2

*Molins PLC v. Textron, Inc.,*
    48 F.3d 1172 (Fed. Cir. 1995)                                       2, 3, 6

*Penn Yan Boats, Inc. v. Sea Lark Boats, Inc.,*
    359 F. Supp. 948 (S.D. Fla. 1972)                                   4

*Semiconductor Energy Lab. Co., Ltd. v. Samsung Elec. Co., Ltd.,*
    204 F.3d 1368 (Fed. Cir. 2000)                                      4

*Trueposition Inc. v. Allen Telecom, Inc.,*
    2003 WL 151227 (D. Del.)                                            6, 7

Statutes and Other Authorities

37 C.F.R. § 1.56(a)                                                     4

1.

<u>ARGUMENT</u>

Sicor's Opposition to Pharmacia's Motion to Strike does not remedy the failings of its pleadings. In the first place, a defense of inequitable conduct requires both an act of withholding information and an intent to deceive the Patent and Trademark Office (PTO); Sicor has pled no act of withholding. Further, in contrast to its pleadings, Sicor appears to have dropped its earlier position that there is a duty to highlight references to the PTO, leaving no asserted improper act. Second, Sicor has not rebutted that its allegations against the "Applicants" (as defined in Sicor's Amended Answer) are baselessly over-inclusive, accusing numerous innocent individuals of misconduct. As a result, Sicor's counterclaim and affirmative defense of inequitable conduct do not meet the particularity requirements of Rule 9(b) and should be dismissed and stricken from the pleadings.

I.     SICOR HAS NOT PLED ANY COGNIZABLE ACT OF
       INEQUITABLE CONDUCT

In its Opposition, Sicor has overlooked that a defense of inequitable conduct requires *two* elements. The first — and threshold — element is the "failure to disclose material information, or submission of false material information," and the second element is an "intent to deceive." *See Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988) (en banc). ***Both*** of these elements must be pled and proven. Although Sicor has spun an elaborate tale trying to show an intent to deceive, it has not pled any failure to disclose information or submission of material false information.

2.

An inequitable conduct theory almost identical to Sicor's was called "somewhat bizarre" by one court.[1] *Libbey-Owens-Ford Co. v. BOC Group, Inc.*, 655 F. Supp. 897, 917 (D.N.J. 1997). On the pleadings, however, the implausibility of Sicor's theory is not as significant as Sicor's complete failure to identify any *act* of withholding information. No amount of additional discovery or introduction of evidence can cure this defect, because Sicor admits that the references at issue were actually disclosed to the Patent and Trademark Office (PTO). As a result, Sicor's charge of inequitable conduct is fatally flawed and should be dismissed on the pleadings.

The facts alleged by Sicor are directed to nothing more than intent, which is irrelevant in the absence of an improper act. Sicor has not (and cannot) allege any act of withholding, because even Sicor admits that the references at issue were, in fact, disclosed to the PTO in the Ninth Supplemental Information Disclosure Statement. Am. Answer ¶¶ 46, 47. Sicor argues that the Federal Circuit's decision in *Molins PLC v. Textron, Inc.* is "controlling legal authority" on its inequitable conduct claim. *See* Sicor's Opp'n at 11 (citing 48 F.3d 1172 (Fed. Cir. 1995)). Indeed, *Molins* is controlling. *Molins* held that it was not inequitable conduct to bury a reference, even where the patentee has otherwise acted with intent to deceive the PTO.

*Molins* dealt with two alleged acts of inequitable conduct: the first was the actual withholding of a reference, and the second was the alleged burying of a reference.

---

[1]    In *Libbey-Owens-Ford*, Judge Ackerman of the District of New Jersey applied this label to the contention that the patentee tried to "slip in a reference at the last minute," just prior to the grant of the patent, "when the examiner had the 'mindset' to issue the patent." 655 F. Supp. at 917. Compare Sicor's allegation that the applicants for the '285 patent "knew full well that at this late stage of the prosecution . . . the Patent Office examiners would give this information little or no scrutiny." Am. Answer ¶ 46.

As to the actual withholding of a reference, the Federal Circuit affirmed that the patentee's attorney had committed inequitable conduct because he "knew of a material reference and [] he intentionally withheld it from the PTO." *Id.* at 1182. As to the allegation of burying a reference, the district court initially concluded that this "manner of disclosure was tantamount to a failure to disclose." *Id.* at 1183. The Federal Circuit, however, rejected this theory of inequitable conduct, finding the district court's conclusion to be clearly erroneous. *Id.* at 1184. Even though the patentee might have buried a reference in a collection of ninety-three others, *id.* at 1183, the Federal Circuit rejected the inequitable conduct allegations, noting that "the examiner could have refused to consider the references if their submission did not comport with proper PTO procedure." *Id.* at 1184 n.14.

Rather than adverting to the holding of *Molins*, however, Sicor relies on a misreading of its dicta. While the Federal Circuit rejected the idea that the burying of a reference is an *act* of inequitable conduct, it did note that burying a reference "can be probative of bad faith." *Id.* at 1184. Sicor relies exclusively on this statement about bad faith. Bad faith, however, is only the second half of the equation: it cannot supply the first half. That is, a well-pled allegation of inequitable conduct requires not just an intent to deceive, but also a "failure to disclose material information, or submission of false material information." *See Kingsdown*, 863 F.2d at 872.

Sicor's Opposition also does not overcome the fact that amendments to the PTO's rules obviated Sicor's theory of inequitable conduct in 1992. Under the new rules, in effect during the prosecution of the '285 patent, the PTO clarified that an applicant's duty of disclosure is "deemed to be satisfied" once relevant information is disclosed to

4.

the PTO. 37 C.F.R. § 1.56(a). The cases on which Sicor relies, however, relate to patents prosecuted solely under the old rules. *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, for example, dealt with patents that issued in 1988 and 1989. *See* 837 F. Supp. 1444, 1447 (N.D. Ind. 1992). *Penn Yan Boats, Inc. v. Sea Lark Boats, Inc.* is even older, dating from 1972. 359 F. Supp. 948 (S.D. Fla. 1972).

Attempting to update its obsolete theory, Sicor cites the 1999 case of *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 68 F. Supp. 2d 508, 545 (D.N.J. 1999). The court in *Boehringer* recognized that "courts have held" that burying references "can support" an inequitable conduct finding, in giving a historical background. In doing so, however, the *Boehringer* court referred to the same cases already cited by Sicor — all decisions under the pre-1992 rules. *Id.* at 545 (citing *Pen Yan* and *Golden Valley*). In fact, noting evidence that the patentee in *Boehringer* had "complied literally with the [post-1992] 37 C.F.R. § 1.56" in its disclosures to the PTO, the court ruled that there was not "even a mildly tenable defense of inequitable conduct." *Id.* at 546, 547 n.17. That is true in this case as well.

Sicor's other post-1992 case, *Semiconductor Energy Lab. Co., Ltd. v. Samsung Elec. Co., Ltd.*, 204 F.3d 1368 (Fed. Cir. 2000), found inequitable conduct only because the patentee had "deliberately deceived" the PTO about the relevance of a reference by submitting an "affirmatively misleading concise statement" describing that reference. *Id.* at 1377-78. *Semiconductor Energy* was ***not*** a case about any alleged burying of disclosed information and did ***not*** revive any pre-1992 duty to highlight. Thus, there is no authority that burying references or not highlighting can constitute a failure to disclose.

Sicor has developed a bizarre theory in an attempt to show bad faith by the applicants for the '285 patent. Because the applicants did, in fact, submit the references at issue to the PTO, however, Sicor has failed as a matter of law to state a claim or defense of inequitable conduct, and Sicor's allegations should be dismissed and stricken from the pleadings.

II.     SICOR'S STRATEGICALLY VAGUE PLEADINGS VIOLATE RULE 9(B)

Sicor argues that it is prepared to "name names" if required by the Court. Sicor's Opp'n at 6 n.3. This does nothing to remedy the lack of particularity in Sicor's pleading as it stands. *Cf. EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263-4 (D. Del. 1996) (disallowing use of interrogatories to clarify deficient pleading). Sicor further argues that Pharmacia is on notice of Sicor's allegations of inequitable conduct. That is not the case. Sicor's allegations identify nothing that actually was withheld, nor any specific individual who supposedly withheld it. As a result, Pharmacia is not fairly on notice of the allegations leveled against it.

The lack of any clear notice in Sicor's allegations allows Sicor to engage in doublespeak that deflects any fair attempt to address the issues. In its pleadings, for example, Sicor accuses the "Applicants" of violating an alleged duty to highlight relevant references, Am. Answer ¶ 40, or to disclose information as early as it is known, Am. Answer ¶ 39. Yet when Pharmacia pointed out that no such duties exist, Sicor responded that Pharmacia's arguments were "irrelevant" because these arguments were just a "straw-man." Sicor's Opp'n at 13. In another example, Sicor alleges in its counterclaim that the inventors, among others, are guilty of misconduct. Am. Answer ¶ 38, 41. When one of the inventors, Dr. de Ponti, was offered to Sicor as a deposition witness, however,

Sicor complained to this Court that Dr. de Ponti "had nothing to do with the inequitable conduct defense." Tr. (June 16, 2005) at 12 (attached as Ex. A). Thus, Sicor has actually admitted that its allegations are, as drafted, literally false. It is Sicor's duty under Rule 9(b) to put Pharmacia on clear notice of which allegations Sicor actually believes are true.

Through its contradictory statements, it is clear that Sicor's allegations of inequitable conduct are intended more as a cloud over Pharmacia's reputation than a fair effort to place any one person on notice of the misconduct with which he or she is charged. *See Molins*, 48 F.3d at 1182 ("Unjustified accusations may deprive patentees of their earned property rights and impugn fellow professionals. They should be condemned.") Sicor knows that it has accused innocent individuals (such as Dr. de Ponti), and Sicor knows it has accused innocent actions (failing to highlight or failing to "cite references early in prosecution"). *See* Sicor's Opp'n at 9. Sicor should not be permitted to level indiscriminate charges of misconduct against unnamed individuals.

Sicor relies heavily on *Trueposition Inc. v. Allen Telecom, Inc.* as an example of a pleading that survived scrutiny under Rule 9(b). 2003 WL 151227 (D. Del.) (Ex. B of Sicor's Opp'n). *Trueposition*, however is not relevant here, because it did not take up the issue of a pleading that accused numerous individuals and an entire corporation of inequitable conduct. In fact, it did not take up the issue of naming the accused individual at all. *Id.*

Sicor selects from *Trueposition* an out-of context quotation, intending to imply that Sicor need do little more than name the allegedly withheld references. Quoting *EMC Corp.*, 921 F. Supp. at 1262-63, the court in *Trueposition* noted that

pleadings can fulfill the requirements of Rule 9(b) when they disclose the name of the allegedly withheld reference and the acts of the alleged fraud. 2003 WL 151227, *5. This quotation from *EMC Corp.* must be considered in the context in which it arose. In *EMC Corp.*, the court rejected a pleading under Rule 9(b) precisely because it did not disclose the name of the allegedly withheld reference. *See id.* at 1263. The courts in *EMC Corp.* and *Trueposition* understood that identifying the allegedly withheld information is a "minimum" requirement. *EMC Corp.*, 921 F. Supp. at 1263. These cases did not rule that naming references was sufficient, nor do they give an accuser license to level indiscriminate accusations at numerous individuals. In fact, the allegations rejected in *EMC Corp.*, like Sicor's allegations, also failed to specify just who had committed inequitable conduct. *Id.* at 1262 (granting motion for more definite statement where allegations broadly recited "inequitable conduct practiced by [the assignee], its employees and its agent(s)").

Finally, Sicor does not dispute that most of the persons falling under Sicor's definition of the Applicants owed no duty of candor to the PTO. *See* Sicor's Opp'n at 8-9. Neither an organization, such as the assignee of the '285 patent, nor the vast majority of its attorneys and agents, is subject to any duty of disclosure to the PTO.

Sicor's overbroad allegations level charges against everyone who has the legal capacity to commit inequitable conduct, and many who do not; the accused conduct is not any specific action, but an amorphous "overall course of conduct." *See* Sicor's Opp'n at 13. These allegations do not put Pharmacia on notice of any particular misconduct, or any particular accused individual, and they should be stricken as an affirmative defense and counterclaim count.

<u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in Pharmacia's Motion to Strike Defendants' Inequitable Conduct Affirmative Defense, Pharmacia respectfully requests the Sicor's affirmative defense of inequitable conduct be stricken from the pleadings, and that its inequitable conduct counterclaim be dismissed.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Maryellen Noreika*

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Plaintiff
Pharmacia & Upjohn Company, LLC

Of Counsel:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

July 15, 2005
474371

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 15th, 2005 I electronically filed **PHARMACIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE AND DISMISS DEFENDANTS' COUNTERCLAIM COUNT,** which will send notification of such filing(s) to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
ASHBY & GEDDES

I also certify that copies were caused to be served on July 15th, 2005 upon the following in the manner indicated:

**BY HAND**

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

Reid L. Ashinoff, Esquire
Brian T. Moriarty, Esquire
William J. Sipio, Esquire
David R. Baum, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com