Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

Maryellen noreika
302-575-7278
mnoreika@mnat.com

July 22, 2005

**BY E-MAIL**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

        Re:    Pharmacia & Upjohn Company v. Sicor, Inc. and
                 Sicor Pharmaceuticals, Inc., C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

      I write in advance of the discovery teleconference in this case scheduled for July 28, 2005 at 10:30 a.m.  Pharmacia seeks a protective order with respect to the depositions of Daniel Boehnen, Emily Miao, and Jeremy Noe, three lawyers at McDonnell Boehnen Hulbert & Berghoff LLP ("MBHB").  Sicor has noticed the depositions of these three attorneys allegedly in support of Sicor's allegations of inequitable conduct, *i.e.*, fraud on the Patent Office (Exh. A). Pharmacia has moved to strike and dismiss Sicor's inequitable conduct allegations, and that motion is fully briefed, awaiting the Court's decision.  As to these depositions, Pharmacia contends that the depositions should be deferred until after the Court has ruled on the motion, which Pharmacia believes will result in dismissal of the inequitable pleading.

      Pharmacia's motion to strike and dismiss the inequitable conduct allegations is based on two separate and independent grounds.  First, Sicor's inequitable conduct position has not been pleaded with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  Second, even if the currently pleaded allegations are accepted as true, the current pleading fails to state a claim upon which relief can be granted.  Against this background, Sicor's effort to depose the MBHB attorneys amounts to the worst form of a fishing expedition, seeking to backfill a deficient pleading on a defective issue in a manner which the Federal Circuit has described as "a plague"[1] on the profession.  This Court should not permit Sicor to take the depositions of Daniel Boehnen, Emily Miao, and Jeremy Noe unless and until (i) Sicor has

---

[1]    *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1998) ("[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague.")

The Honorable Kent A. Jordan
July 22, 2005
Page 2

alleged the factual predicate necessary for inequitable conduct as required by law, and (ii) Sicor's inequitable conduct allegations are found to be actionable at law.

Courts are generally hesitant to allow the depositions of attorneys, especially opposing trial counsel. *See*, *e.g.*, *Allergan Inc. v. Pharmacia Corp.*, 2002 U.S. Dist. LEXIS 19811 (D. Del. May 17, 2003); *Smith v. U.S.*, 193 F.R.D. 201 (D. Del. 2000). Such depositions are allowed only when "the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Allergan*, 2002 U.S. Dist. LEXIS 19811, at *3 (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987)); *see also Smith*, 193 F.R.D. at 215.

Here, Sicor cannot satisfy any of the three prongs of the *Shelton* test. As to the first prong, Sicor has sought no discovery on this topic before seeking the depositions of Messrs. Boehnen and Noe and Dr. Miao. It has not pursued testimony from the others accused of inequitable conduct, nor has it used any other discovery tools to seek information related to the alleged inequitable conduct. As to the second prong of the *Shelton* test, it is not clear that the deposition testimony relates to any issue that will survive Pharmacia's motion to strike/dismiss. If Pharmacia's motion to strike/dismiss the inequitable conduct allegations is granted, the depositions will be an unnecessary and irrelevant imposition upon Pharmacia's counsel and an unwarranted threat to Pharmacia's attorney-client privilege. Unless Sicor's allegations are found to be actionable, there is no relevant, non-privileged basis for the taking of the depositions. Third, the information that could be disclosed in the depositions is not crucial – indeed, it would be wholly irrelevant – if Pharmacia's motion to strike/dismiss is granted.

The *Allergan* case is especially instructive in considering these issues. In *Allergan*, the plaintiffs sought to depose Columbia University's lead trial counsel in support of its contention "that the inventor of the '353 patent, with Columbia's full knowledge and participation through its attorneys, failed to credit one or more co-inventors who collaborated in and contributed to the conception and reduction to practice of the '353 patent." 2002 U.S. Dist. LEXIS 19811, at *2. Columbia University's lead trial counsel had filed an amendment to the patent application. *Id.* The court would not allow the plaintiffs to rely upon their mere allegations and, instead, entered a protective order because the plaintiffs had not demonstrated a compelling need for the testimony. *Id.* at *4. The *Allergan* court held:

> The court suggests that until such time as plaintiffs have demonstrated the truth of the matters asserted (i.e., there were co-inventors), Mr. White's knowledge is irrelevant. Because the issue of inequitable conduct is a matter for the court to determine, and because the factual predicate to the issue of inventorship can be pursued independent of Mr. White's testimony (through the depositions of the inventor and alleged co-inventors and through access to the documents that reflect the inventive process), the court declines to permit the deposition of Mr. White at this time.

*Id.* at *4-5. The same standard should apply here. Unless and until Sicor has established the factual predicates of its inequitable conduct allegations (that the asserted references are material to patentability and that the examiner did not consider the asserted references), the Court should

The Honorable Kent A. Jordan
July 22, 2005
Page 3

not permit the depositions of Messrs. Boehnen and Noe and Dr. Miao. The circumstances in the present case are even more compelling than the *Allergan* case because Sicor has failed to plead its position with particularity, as it should have done.

After Pharmacia raised the issue of deferring the attorney deposition (Exh. B), Sicor's counsel initially indicated that Sicor was not completely opposed to an extension of the time for the depositions, but Sicor was opposed to any such delay unless Sicor was given a corresponding extension of time to file its expert report on inequitable conduct. After further telephone discussion, Pharmacia agreed to a corresponding extension of the deadline for Sicor's expert report, even though Pharmacia will contend that an expert report is not appropriate for the inequitable conduct issue.[2]

Sicor then indicated that it opposed any extension of time for the depositions because the depositions were also relevant to determining the scope of the invention. Pharmacia flatly disagrees with that position. Moreover, as discussed above, neither precedent nor practicality support taking the depositions for such purpose, particularly not until Sicor has pursued other options to get such information and not until it is clear whether Sicor's inequitable conduct allegations are actionable. The pending motion to strike/dismiss is likely to have a substantial impact on the proper scope of any such deposition and the associated challenge to attorney-client privilege. As a result, the depositions should only be scheduled contingent upon the pleading of a defense that has been found to be cognizable.

Thus, Pharmacia requests a Protective Order, directing that the depositions of the MBHB attorneys will not take place until after the Court has ruled on the pending motion to strike/dismiss Sicor's inequitable conduct allegations. Pharmacia agrees that any dates pertaining to expert reports on inequitable conduct should be deferred until after the attorney depositions (reserving Pharmacia's right to object that expert reports are not appropriate for the inequitable conduct issue.)

Respectfully,

*/s/ Maryellen Noreika*

Maryellen Noreika

/klm
John G. Day, Esquire (by fax)

---

[2] This Court routinely rejects the submission of expert reports from patent law experts. Thorn EMI N. Am., Inc. v. Micron Tech., Inc., C.A. No. 92-673-RRM, Transcript at 32-33 (D.Del. Nov. 23, 1993) ("[T]he other judges in this district and I have adopted a general practice of stating that we don't allow opinions on issues of law. . . . .") (Exh. C)