IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PHARMACIA & UPJOHN COMPANY, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**SICOR, INC., and**<br>**SICOR PHARMACEUTICALS, INC.**<br><br>**Defendants.** | **Civil Action No. 04-833 KAJ** |

**PHARMACIA'S RESPONSE TO DEFENDANTS'**
**MOTION TO ISSUE LETTER OF REQUEST FOR**
**INTERNATIONAL JUDICIAL ASSISTANCE**

Plaintiff Pharmacia & Upjohn Company, LLC ("Pharmacia") does not object, and has never objected, to Defendants Sicor, Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") obtaining testimony from the Italian inventors of the subject matter of the patent-in-suit. To the contrary, Pharmacia actively tried to arrange the voluntary and expedited testimony of all six inventors. However, given the different assumptions of Italian and American law, Pharmacia believes the witnesses would unfairly be denied the fundamental right to challenge the conditions of their testimony if the Court were to issue the Letter of Request as Sicor has currently requested. Pharmacia therefore asks that this Court's request to the Italian court include a suggestion that the witnesses have notice and an opportunity to be heard by the Italian court on the conditions of their testimony.

Pharmacia has unquestionably done its part to facilitate Sicor's taking of testimony from the inventors, *none of whom are Pharmacia employees or agents*. In two instances – those of Dr. Roberto De Ponti and Mr. Luciano Gambini – Pharmacia successfully arranged for Sicor attorneys to conduct U.S.-style depositions of inventors. Through counsel's efforts, two other

inventors, Drs. Giuseppe Bottoni and Gaetano Gatti, agreed to participate voluntarily in expedited evidentiary proceedings, provided that the evidence was taken in accord with the procedures routinely used for taking evidence in Italian litigation. Sicor rejected that offer. The final two inventors, Drs. Carlo Confalonieri and Diego Oldani, did not want to participate at all.

In the course of obtaining agreement by Drs. Bottoni and Gatti to participate voluntarily in an expedited evidentiary proceeding, McDonnell Boehnen Hulbert & Berghoff Ltd. ("MBHB") agreed to represent those witnesses in relation to the U.S. aspects of this lawsuit. Although Sicor rejected the witnesses' offer to participate voluntarily in expedited evidentiary proceedings under Italian law, MBHB remains obligated to represent those witnesses in relation to this U.S. aspect of the proceeding. The following comments are offered by MBHB in relation to that representation.

Unlike American courts, which protect witnesses' due process rights by allowing for challenges to the conditions of interrogation before depositions or trial, *see*, *e.g.*, Fed. R. Civ. P. 45(c) (providing for protection of persons subject to subpoenas), Italian courts incorporate their protections into the evidentiary proceedings themselves. Italian citizens are normally protected in civil evidentiary proceedings by virtue of the fact that the Court (*i.e.*, the Judge or a Court-appointed Commissioner) personally reviews each specific question, decides which questions are appropriate to put to the witness, and thereafter conducts the investigation. The investigation is limited to three hours. In view of the Italian Court's direct involvement in the testimonial proceeding, the writ commanding appearance is served on the witness without prior notice, and the Italian witness is not permitted make contemporaneous objections to the questions because they have already been screened by the Court.

The witnesses understand that this Court will likely sign a Hague Convention request asking the Italian court to permit testimony to be taken in accord with U.S.-style procedures. The witnesses are concerned that they may become caught in a "Catch-22" situation because of the likelihood that the Italian Court will assume, mistakenly, that this Court will be intimately involved in the procedure in a manner somewhat comparable to the involvement of an Italian court. But as known to U.S. attorneys, this Court is not likely to become involved or to review any part of the deposition proceeding unless: (i) it is offered as testimony at trial; or (ii) an issue of privilege or work product doctrine is raised.[1]

The witnesses request, as a matter of basic fairness, that any request from this Court asking the Italian Court to permit discovery in accord with U.S.-style procedures should also include a request asking the Italian Court to give the witnesses notice and opportunity to be heard with respect to the fairness of the procedure under Italian law. Proposed language for this portion of the request to the Italian Court is attached as Appendix A. Specifically, to the extent that the Court issues the Letters of Request as proposed by Sicor, Drs. Bottoni and Gatti request that the Court include language such as the text set forth in Appendix A hereto. To the extent that the Letter of Request is to be translated into Italian by Sicor, Drs. Bottoni and Gatti request that Sicor translate this additional text as well.

Furthermore, Pharmacia objects to the appointment of a partisan lawyer, hired by Sicor, as commissioner to preside over and take the evidence highlighted in the Letter of Request. *See*

---

[1] In the course of the July 28, 2005 telephonic conference in which certain issues relating to the Letter of Request, the Court indicated its willingness to address issues that arise during the testimony by telephone conference. Pharmacia is concerned, however, that the Court may not be available to address issues as they arise early in the day because of the six hour time difference between Italy and Delaware. Moreover, Pharmacia is unclear whether it would be appropriate to involve the Court in issues other than privilege or work product questions.

3

Paragraph 9 of the draft request.  There is simply no basis for Sicor's suggestion that this Court allow an advocate retained unilaterally by Sicor to preside over the evidentiary proceedings.[2]  At the very least, if an appointment of a non-Court official as commissioner is appropriate, it should be a non-partisan commissioner, such as a consular official, an Italian lawyer agreed to by both parties, or an Italian lawyer appointed by the Italian court.

                      MORRIS, NICHOLS, ARSHT & TUNNELL

                      */s/ Maryellen Noreika*

                      Jack B. Blumenfeld (#1014)
                      Maryellen Noreika (#3208)
                      1201 N. Market Street
                      P.O. Box 1347
                      Wilmington, DE  19899-1347
                      (302) 658-9200

                      Attorneys for Plaintiff
                      Pharmacia & Upjohn Company, LLC

Of Counsel:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL  60606
(312) 913-0001


July 29, 2005

---

[2] While Sicor sought Pharmacia's consent to other aspects of the Letter of Request, it never indicated the identity of the proposed Commissioner or sought Pharmacia's consent to the specific Commissioner Sicor hired.  Sicor's certification of compliance with D. Del. L.R. 7.1.1 is inaccurate in that respect.

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 29th, 2005 I electronically filed Pharmacia's Response To Defendants' Motion To Issue letter Of Request For International Judicial Assistance with the Clerk of the Court, which will send notification of such filing(s) to the following:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>ASHBY & GEDDES

I also certify that copies were caused to be served on July 29th, 2005 upon the following in the manner indicated:

**BY HAND**

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>Wilmington, DE  19801

**BY FEDERAL EXPRESS**

>Reid L. Ashinoff, Esquire
>Brian T. Moriarty, Esquire
>William J. Sipio, Esquire
>David R. Baum, Esquire
>Sonnenschein Nath & Rosenthal LLP
>1221 Avenue of the Americas
>New York, NY  10020

>*/s/ Maryellen Noreika*
>Maryellen Noreika (#3208)
>mnoreika@mnat.com