IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC ) ) ) Plaintiff, ) ) v. ) ) SICOR INC. and SICOR ) PHARMACEUTICALS, INC., ) ) Defendants ) ) | C.A. No. 04-833-KAJ |

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ISSUE LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor"), by their undersigned counsel, respectfully submit this Reply Memorandum of Law in further support of their Motion to Issue Letters of Request for International Judicial Assistance (D.I. 66; the "Motion"). Tellingly, the Response of Plaintiff Pharmacia & Upjohn Company, LLC ("Pharmacia") to the Motion (the "Response") does not assert an objection to the Court's issuance of the Letters of Request. Nor does the Response deny that this Court may state in the Letters of Request its preference for American style depositions of the inventors.

Instead, based upon an entirely unsupported statement of purported Italian law, Pharmacia asks this Court to insert unnecessary and inappropriate language into the Letters of Request. There is no basis for doing so. In fact, Pharmacia's approach appears designed not to ensure procedural fairness to the inventors (this Court and the Italian authorities surely will do that), but to guarantee that the process of taking the inventors' depositions is further delayed by additional rounds of motion practice in the Italian courts. This is inappropriate. Equally baseless

is Pharmacia's objection to the appointment of Ms. Elisabetta Racca as commissioner, who is entirely without conflict of interest and perfectly able to perform the commissioner's function.

As this Court made clear during the July 28, 2005 hearing on Pharmacia's motion for protective order, Pharmacia cannot have it both ways – it cannot block the patent attorneys' depositions by arguing that Sicor did not exhaust all other avenues of discovery, and at the same time impede Sicor's ability to pursue those alternate avenues. Yet, this is precisely what Pharmacia is attempting to do. The Motion should be granted, and the proposed Letters of Request should be issued in the form attached as Exhibits B and C to the Motion.

## POINTS AND AUTHORITIES

### I. PHARMACIA DOES NOT OPPOSE ISSUANCE OF SICOR'S PROPOSED LETTERS OF REQUEST

Pharmacia has done a complete about-face regarding this Court's authority to inform the Italian authorities in the proposed Letters of Request of its preference that the '285 Patent's inventors be deposed in the "American style." Pharmacia's Response does not even attempt to contest that issue, and for good reason. The authorities upon which Sicor relied in the Motion are dispositive. Pursuant to Articles 3, 9, 17 and 18 of the Hague Evidence Convention (28 U.S.C. § 1781 (2005)), this Court plainly has the authority to issue Letters of Request: 1) to the appropriate Italian authority to appoint a commissioner to supervise the taking of evidence for use in this case; 2) to compel the attendance of witnesses who do not voluntarily appear; and 3) to inform the Italian authorities of its preference for American style depositions and the reasons therefor. This is precisely what Sicor's Motion seeks, and the Letters of Request in the form attached as Exhibits B and C to the Motion should issue.

II. **PHARMACIA PROVIDES NO BASIS FOR INCLUDING THE ADDITIONAL LANGUAGE IN THE LETTERS OF REQUEST**

Lacking a substantive response to Sicor's Motion, Pharmacia suggests that the inventors will not "have notice and an opportunity to be heard by the Italian court on the conditions of their testimony." (D.I. 74; Response at 1). Such a conclusory assertion of foreign law should not be credited, and the allegation itself appears designed to further delay the inventors' depositions. In all events, "foreign law is treated as a fact that must be proven by the parties [and cannot be judicially noticed]." *Abdille v. Ashcroft*, 242 F.3d 477, 489 n.10 (3d Cir. 2001). Pharmacia's Response provides no "proof" at all. It cites no Italian caselaw, statutes, articles, treatises or any other authorities. Nor does it offer insight from Italian counsel. Rather, the Response's allegations are supported only by the opinions of Pharmacia's American lawyers, who offer no record of having any particular expertise in Italian law. Quite simply, Pharmacia has failed to meet its burden of demonstrating any need at all for the language it seeks to include in the Letters of Request. *See id.*; *Intercontinental Trading Co. v. M/V Zenit Sun*, 684 F. Supp. 861, 864 (E.D. Pa. 1988) ("No proof having been presented at trial as to Chilean law, the court cannot take judicial notice of the law of Chile. . . .").

III. **THE COMMISSIONER PROPOSED BY SICOR IS APPROPRIATE**

Pharmacia's argument about who should be appointed as commissioner to oversee the depositions of the four inventors is also without basis. Without a shred of evidentiary support, Pharmacia describes the proposed commissioner, Ms. Elisabetta Racca, as a "partisan lawyer." (Response at 3). Pharmacia is wrong. Sicor's American counsel asked its Italian colleagues to identify an esteemed Italian practitioner who was both qualified and without conflict of interest. Ms. Racca was the individual identified based upon the information received. The fact that Ms. Racca's fee would be paid by Sicor is of no moment – Pharmacia objects to having to pay any of

the administrative costs associated with the depositions at issue, and the Letters of Request proposed by Sicor thus require Sicor to pay all such fees. This is perfectly proper. Had Pharmacia had any actual basis for objecting to Ms. Racca's appointment, it surely would have identified that basis in the Response. Pharmacia did not do so.

## CONCLUSION

For the foregoing reasons, and those set forth in Sicor's opening papers, Sicor respectfully requests that the Court enter the Order attached as Exhibit A to the Motion and sign the proposed Letters of Request in the form attached as Exhibits B and C to the Motion.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (ID# 2114)
John G. Day (ID# 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Brian T. Moriarty
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700
Facsimile: (212) 768-6800

Dated: August 2, 2005
160056.1

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2005, the attached **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ISSUE LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | **HAND DELIVERY** |
| Joshua R. Rich, Esquire<br>McDonnell Boehnen Hulbert & Berghoff<br>300 South Wacker Drive<br>Suite 3200<br>Chicago, IL 60606 | **VIA FEDERAL EXPRESS** |

*/s/ John G. Day*
_____
John G. Day