# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 5, 2005

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

<u>VIA ELECTRONIC FILING</u>

Re:  *Pharmacia & Upjohn Company, LLC v. Sicor, Inc., et al.,*
     <u>C.A. No. 04-833 KAJ</u>

Dear Judge Jordan:

We, along with the law firm of Sonnenschein Nath & Rosenthal LLP, represent defendants Sicor, Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") in the above-referenced action. We write with respect to Sicor's Motion to Issue Letters of Request for International Judicial Assistance (D.I. 66; the "Motion"). In its August 3, 2005 Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) (attached as Exhibit A), plaintiff expressly admits that each of the Italian inventors whose depositions are at issue in the Motion is "likely to have discoverable information that Pharmacia may use to support its claims." (Ex. A at 1). We respectfully submit that to the extent any lingering questions existed regarding the discoverability of information possessed by the Italian inventors, plaintiff's recent admission resolves them.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD/nml
Enclosure
160170.1

cc:  Clerk of the Court (by hand)
     Maryellen Noreika, Esquire (by hand)
     Reid L. Ashinoff, Esquire (via email)
     Daniel A. Boehnen, Esquire (via email)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC

               Plaintiff,

            v.

SICOR, INC., and
SICOR PHARMACEUTICALS, INC.

               Defendants.

C.A. No. 04-833 KAJ

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") hereby submits the following amended initial disclosures to Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively hereinafter "Sicor"). Pharmacia reserves the right to supplement or modify these initial disclosures.

**A.    Individuals Likely to Have Discoverable Information**

At present, Pharmacia believes that the following individuals are likely to have discoverable information that Pharmacia may use to support its claims:

    1.    Gaetano Gatti
           Viale Fulvio Testi no. 42
           Sesto San Giovanni
           Italy

This person is an inventor of subject matter claimed in U.S. Patent 6,107,285 ("the '285 patent") and may have information regarding the conception and reduction to practice of the invention claimed in the '285 patent. To the extent that Sicor is permitted to take discovery from Dr. Gatti, Pharmacia may use that testimony to support its claims.

2.     Diego Oldani
     Via San Giovanni no. 48
     Robecco sul Naviglio
     Italy

This person is an inventor of subject matter claimed in the '285 patent and may have information regarding the conception and reduction to practice of the invention claimed in the '285 patent. To the extent that Sicor is permitted to take discovery from Dr. Oldani, Pharmacia may use that testimony to support its claims.

3.     Giuseppe Bottoni
     Via Don Luigi Guanella no. 5
     Bergamo
     Italy

This person is an inventor of subject matter claimed in the '285 patent and may have information regarding the conception and reduction to practice of the invention claimed in the '285 patent. To the extent that Sicor is permitted to take discovery from Dr. Bottoni, Pharmacia may use that testimony to support its claims.

4.     Carlo Confalonieri
     Via Tucino no. 5
     Cusano Milanino
     Italy

This person is an inventor of subject matter claimed in the '285 patent, submitted declarations during the prosecution of the '285 patent, and may have information regarding the conception and reduction to practice of the invention claimed in the '285 patent as well as the prosecution of the '285 patent. To the extent that Sicor is permitted to take discovery from Dr. Confalonieri, Pharmacia may use that testimony to support its claims.

5.     Luciano Gambini
     Via Repubblica no. 115
     Cornaredi
     Italy

This person is an inventor of subject matter claimed in the '285 patent and may have information regarding the conception and reduction to practice of the invention claimed in the '285 patent.

     6.     Roberto De Ponti
           Via Degli Astri no. 22
           Milano
           Italy

This person is an inventor of subject matter claimed in the '285 patent and may have information regarding the conception and reduction to practice of the invention claimed in the '285 patent.

     7.     Richard Kelly
           Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
           1940 Duke Street
           Alexandria, Virginia 22314

This person may have information regarding the prosecution of the '285 patent.

     8.     Emily Miao
           McDonnell Boehnen Hulbert & Berghoff LLP
           300 S. Wacker Drive
           Chicago, Illinois 60606

This person may have information regarding the prosecution of the '285 patent.

     9.     William J. Dana
           University of Texas M.D. Anderson Cancer Center
           1515 Holcombe Boulevard
           Houston, Texas 77030

This person submitted a declaration cited in the prosecution of the '285 patent and may have information regarding the contents of the declaration.

10.     Mary Horstman
        Hospice of Central Iowa
        401 Railroad Place
        West Des Moines, Iowa 50265

This person submitted a declaration cited in the prosecution of the '285 patent and may have information regarding the contents of the declaration.

11.     Debra Holton-Smith
        Current Address Unknown

This person submitted a declaration cited in the prosecution of the '285 patent and may have information regarding the contents of the declaration.

12.     Laura T. Guerra
        US Oncology
        12941 North Freeway, Suite 700
        Houston, Texas 77060

This person may have information regarding the use, efficacy, and side effects of prior art formulations of anthracycline glycosides and the formulations of anthracycline glycosides that are the subject of the '285 patent.

13.     All individuals identified in the Initial Disclosures served by the Defendants. These individuals may have knowledge of Defendants' injectable ready-to-use Idarubicin Hydrochloride solution, its defenses which have been raised, and any or combination of counterclaims which may have been asserted.

B.     **Documents that Pharmacia May Use**

At present, Pharmacia believes that the following categories of documents, data compilations or tangible things in the possession, custody, or control of Pharmacia may be used to support its claim:

4

1.     Documents concerning the prosecution of the '285 patent, including the patent and prosecution history;

2.     Documents regarding the conception and reduction to practice of the subject matter of the '285 patent;

3.     Documents concerning communication between Pharmacia and Sicor;

4.     Documents concerning Sicor's injectable ready-to-use Idarubicin Hydrochloride solution; and

5.     Documents concerning sales of Sicor's injectable ready-to-use Idarubicin Hydrochloride solution.

6.     Documents concerning sales of Pharmacia's injectable ready-to-use anthracycline glycoside solutions.

Some of the above documents have been located at the offices of Pharmacia's attorneys, McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker, Chicago, IL 60606.   These documents have been produced as requested by Sicor.   Many of the above documents are also located within Sicor's possession, custody, and control

C.     **Damages**

Pharmacia has not yet been able to compute the damages it has suffered due to patent infringement by Sicor because it has not yet obtained complete discovery from Sicor.   Pharmacia is likely entitled to damages in the form of lost profits.   Pharmacia is also seeking increased damages under 35 U.S.C. § 284 up to three times the amount found or assessed.   Pharmacia is also seeking an award of attorney fees under 35 U.S.C. § 285.   However, Pharmacia is entitled to no less than a

reasonable royalty for the use made of its invention by Sicor, together with interest and costs as fixed by the Court.

**D.    Applicable Insurance Agreements**

Pharmacia is not aware of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL

_/s/ Maryellen Noreika_  (#3208)
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Plaintiff

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

August 3, 2005

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to be served this 3rd day of August, 2005 upon the following in the manner indicated:

### BY HAND

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

### BY FEDERAL EXPRESS

Reid L. Ashinoff
Brian T. Moriarty
William J. Sipio
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020

_____
Maryellen Noreika