IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

F I L E D

AUG - 5 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC

Plaintiff,

v.

SICOR, INC., and
SICOR PHARMACEUTICALS, INC.

Defendants.

Civil Action No. 04-833 KAJ

## STIPULATED AMENDED SCHEDULING ORDER

IT IS HEREBY stipulated by the parties, subject to the approval of the Court, that paragraph 3(d) of the scheduling ordered entered on November 2, 2004 shall be modified as follows:

Disclosure of Expert Testimony. Unless otherwise agreed to by the parties, they shall serve and file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues on which they bear the burden of proof, including for Plaintiff any report on infringement and for Defendants any reports on invalidity, on or before **August 15, 2005**, eighty days before the date of the completion of discovery and shall serve and file Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues on which they do not bear the burden of proof, including for Plaintiff any report opposing Defendants' reports on invalidity and for Defendants any reports opposing Plaintiff's report on infringement, on or before **September 23, 2005**, forty-two days before the date for completion of discovery. If plaintiff files a report addressing secondary factors of nonobviousness, defendants may file a report, which shall be limited to addressing those secondary factors, on or before **October 7, 2005**, twenty eight days before the date for completion of fact discovery. Plaintiff shall serve and file its initial Federal

Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues related to damages on or before **September 15, 2005**. Defendants shall serve and file their responsive Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues related to damages on or before **October 24, 2005**. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

IT IS FURTHER stipulated by the parties, subject to the approval of the Court, that:

Presently pending before the Court is plaintiff's motion to strike and dismiss defendants' pleading of inequitable conduct (D.I. 55). Subsequent to a ruling on that motion, to the extent appropriate in light of the Court's ruling, the Court shall set deadlines for service and filing of expert reports, depositions and other appropriate discovery on issues related to inequitable conduct.

MORRIS, NICHOLS, ARSHT & TUNNELL          ASHBY & GEDDES

| | |
|---|---|
| */s/ Maryellen Noreika (#3208)* | */s/ John G. Day (#2403)* |
| Jack B. Blumenfeld (#1014) | Steven J. Balick (#2114) |
| Maryellen Noreika (#3208) | John G. Day (#2403) |
| 1201 North Market Street | 222 Delaware Avenue, 17th Floor |
| P.O. Box 1347 | P.O. Box 1150 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| 302-575-7282 | 302-654-1888 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED this ___5th___ day of ___August___, 2005.

_____
United States District Judge