# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

MARYELLEN NOREIKA
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

September 1, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Pharmacia & Upjohn Company v. Sicor, *et al.*
              C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

      We write on behalf of Pharmacia & Upjohn ("Pharmacia") regarding two pressing discovery issues: (i) Sicor's failure to provide full responses to Pharmacia's Interrogatories Nos. 1-6 and 8-9, and (ii) Sicor's failure to produce key documents.

      The interrogatories that have not been properly answered (Nos. 1-6 and 8-9) seek some of the most basic discovery in a patent infringement case, including:

- Sicor's contentions on validity, non-infringement, willfulness, and affirmative defenses;
- Sicor's research, development, manufacturing, and sales of accused products; and
- Sicor's first knowledge of the patent-in-suit.

      By failing to provide full interrogatory responses in a timely manner, Sicor holds back its positions on basic issues, instead producing dribs and drabs of information only after Pharmacia threatens Court intervention.

      The unproduced documents include laboratory notebooks, memos, and other documents generated during the research and development of Sicor's product. By failing to provide full document discovery, Sicor hinders Pharmacia's ability to effectively depose Sicor personnel.

**Responses to Interrogatories Nos. 1-6 and 8-9**[1]

      In early March 2005, Pharmacia raised concerns about Sicor's insufficient responses to Pharmacia's contention interrogatories. In a hearing on March 17, 2005, Sicor argued that it could not respond fully because it had not received all the documents that it sought from

---

[1]     Copies of Sicor's numerous interrogatory responses to Pharmacia's First Set of Interrogatories are attached as Exhibits A through E. Although Sicor has served four supplementations of its original interrogatory responses, those responses remain inadequate and incomplete.

Pharmacia. The Court expressed concern about the overall pace of progress in discovery in the case, and denied Pharmacia's relief, but gave Sicor a warning:

> So I've got a bit of a pox on both your houses feeling about this because I do feel like if you had moved a little sooner on something as basic as your document exchange stuff, then the other side wouldn't, the defense wouldn't be in a position of being able to argue to me that we have some things that could fairly inform our contentions that we haven't had yet. So whether you buy that or not, Mr. Boehnen, it has enough credibility on me to say on this call I'm not doing anything for you except this. I'm giving you the benefit of this warning to the defense: Get your documents exchanged promptly. And then Sicor, you better come forward with better discovery responses than the plaintiff is telling me you are giving them or there is going to be another conference call, maybe a hearing, and I don't want to get moving down the road toward anything heavier in the way of making you pay for their efforts to get you to respond.

Ex. I, p. 20. Despite that clear, unequivocal warning, Sicor has failed on both fronts – it has not provided full responses to the interrogatories, and it has not provided all relevant documents.

Following the Court's direction, Pharmacia pressed forward, providing its own discovery and requesting better responses from Sicor. *See* Ex. F and G, letters from Pharmacia to Sicor dated March 30 and July 18, 2005. Time passed, but Sicor failed to amend. Finally on July 29, 2005, more than four months after the Court's admonition, Sicor served its second supplemental response to interrogatories, addressing only Interrogatory No. 1 (validity) and finally identifying its allegedly invalidating prior art references. *See* Exhibit C.

Pharmacia wrote again, presenting a deadline for Sicor to supplement responses to the other interrogatories. *See* Ex. H, letter from Pharmacia to Sicor dated August 16, 2005. However Sicor's next supplement, served August 26, 2005 (*see* Ex. D), still addressed only Interrogatory No. 1 and merely incorporated by reference its expert witness invalidity report. That expert report was already served on August 15th pursuant to this Court's Scheduling Order.

Although Sicor's August 26th document failed to supplement about other interrogatory topics, Sicor promised to provide further supplementation by August 30, 2005. That deadline passed, but on August 31, 2005, Sicor served a fourth supplemental response that addressed Interrogatories 2, 4, 5, and 6. *See* Ex. E. Nevertheless Sicor's interrogatory responses remain fragmentary and incomplete even after Sicor's fourth supplementation. Even more disturbing, the supplemental responses provide only information that Sicor had in its possession for many months and should have provided long ago. The bottom line is that, notwithstanding the Court's March 17, 2005 admonition, Sicor has not properly supplemented its responses to Interrogatory Nos. 1-6 and 8-9,[2] and those interrogatory responses remain grossly deficient.

Sicor's refusal to provide full responses to Interrogatory Nos. 1-6 and 8-9 stands in clear violation of Sicor's duties under Rules 26 and 33. *Transclean Corp. v. Bridgewood Serv., Inc.*, 77 F. Supp.2d 1045, 1063 (D. Minn. 1999), *aff'd* 290 F.3d 1364, 1374 (Fed. Cir. 2002) ("the

---

[2] Interrogatory No. 7 relates to damages, and both parties are in the midst of taking discovery on damages. It is too early to say whether discovery on damages will reach an impasse.

The Honorable Kent A. Jordan
Page 3
September 1, 2005

failure to disclose in a timely manner is equivalent to a failure to disclose.") Sicor's failure to provide meaningful information has no excuse – even during the March 17, 2005 hearing, the Court noted that Sicor was able to provide far more information regarding its laches defense than it provided through discovery. Ex. I, pp. 13-14. Sicor has failed to disclose fully its contentions and information on validity, non-infringement, willfulness, and its affirmative defenses; information regarding Sicor's research, development, manufacturing, and sales of accused products; and Sicor's first knowledge of the patent-in-suit. For all these reasons, Sicor should be precluded from presenting witnesses, documents, or evidence that has not already been presented in its previous disclosure statements, expert witness statements, and discovery responses.

**Production of Documents**

Sicor has also denied Pharmacia a fair opportunity to shape its case by withholding – and apparently not even searching for – key documents relating to Sicor's research and development of the product in suit. In the midst of a deposition of Sicor under Rule 30(b)(6) on August 5, 2005, Sicor produced portions of two laboratory notebooks. No other laboratory notebooks or other important research and development documents have been produced. As established at the deposition, Sicor had failed to produce the documents in a timely manner because Sicor did not discharge its duty to search for documents responsive to Pharmacia's requests:

> Q: Did anyone at Sicor check into the location and nature of laboratory notebooks relating to the development of Idarubicin hydrochloride injection products prior to yesterday?
> A: No, not to my knowledge.
> Q: Well, would anyone at Sicor know that was beyond your knowledge?
> A: I don't think so.

Ex. J, p. 166 (objection omitted). Sicor has never responded to Pharmacia's numerous requests to perform a full search and produce all research and development documents.

The impact of Sicor's failure to produce the relevant documents is compounded by the woeful preparation of Sicor's 30(b)(6) witness on research and manufacturing issues. When asked, for example, about basic substantive information, Sicor's 30(b)(6) witness answered "I don't know" more than 100 times, even to questions phrased using the basic language of the deposition notice. See Ex. J. Sicor should be compelled to produce *all* research and development documents immediately.

Respectfully,

/s/ Maryellen Noreika
Maryellen Noreika (#3208)

/klm
cc:   Steven J. Balick, Esquire (By Hand)
      Brian Moriarty, Esquire (By Fax)

## **INDEX OF EXHIBITS**

A.  Defendants' Responses To First Set of Interrogatories By Plaintiff, served January 7, 2005;

B.  Defendants' Supplemental Responses To First Set Of Interrogatories By Plaintiff, Served February 4, 2005;

C.  Defendants' Second Supplemental Responses To First Set of Interrogatories By Plaintiff, served July 29, 2005;

D.  Defendants' Second (sic) Supplemental Response To Interrogatory No. 1 By Plaintiff Pharmacia & Upjohn LLC, served August 26, 2005;

E.  Defendants' Supplemental Responses To Interrogatories No. 2, 4, 5, and 6 of the First Set of Interrogatories By Plaintiff, served August 31, 2005;

F.  Letter from Pharmacia counsel to Sicor counsel dated March 30, 2005;

G.  Letter from Pharmacia counsel to Sicor counsel dated July 18, 2005;

H.  Letter from Pharmacia counsel to Sicor counsel dated August 16, 2005;

I.  Transcript of hearing on March 17, 2005;

J.  Portions of Sicor's deposition, taken August 5, 2005 under Rule 30(b)(6)