# EXHIBIT B

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,    )
                                )
                 Plaintiff,     )
                                )
        v                       )    C.A. No. 04-833-KAJ
                                )
                                )
SICOR, INC. and SICOR           )
PHARMACEUTICALS, INC.,          )
                                )
                 Defendants.    )

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO
## FIRST SET OF INTERROGATORIES BY PLAINTIFF

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Defendants" or

"Sicor"), by and through its undersigned counsel, as and for their supplemental objections and

responses to the First Set of Interrogatories by Plaintiff Pharmacia & Upjohn Company LLC

("Plaintiff" or "Pharmacia"), state as follows:

### GENERAL OBJECTIONS

The following general objections ("General Objections") apply to all of Plaintiff's

Interrogatories and are incorporated by reference into each specific response made herein. The

assertion of the same, similar, or additional objections or the provisions of partial answers in the

individual responses to these Interrogatories does not waive any of Sicor's General Objections as

set forth below:

1.     Defendants object generally to the Interrogatories to the extent that they purport to

impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure

and the Civil Practice and Procedure of the United States District Court for the District of

Delaware (the "Local Rules").

2.     Defendants object generally to the Interrogatories to the extent they seek privileged information, including, without limitation, information which was developed for or in anticipation of litigation, or which constitutes the work product of counsel or confidential attorney-client communications.

3.     Defendants object generally to the Interrogatories to the extent that: (a) they exceed the number of Interrogatories permitted under the Federal Rules of Civil Procedure and Local Rule 26.1; (b) they are overbroad, vague, ambiguous, indefinite, compound, or cumulative, (c) compliance with such Interrogatory would be oppressive and unduly burdensome, (d) they are harassing, (e) they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and exceed the bounds of the legitimate purposes of discovery; (f) they seek information not in Defendants' possession; and/or (g) they seek information that is equally available to Defendants and Plaintiff.

4.     Defendants object to each Interrogatory to the extent that it is compound and includes discrete subparts covering separate factual and/or legal issues.  Each such discrete subpart should be counted separately towards the maximum number of Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule 26.1.

5.     These responses are submitted without waiving in any way, and on the contrary reserving:

> (i)     the right to amend or supplement any and all responses or other information provided herein at any time upon receipt of additional information; and

> (ii)     the right to object on any grounds to the use in evidence or other use of these Responses or other information provided herein in this or any other proceeding by these parties or any other parties or non-parties.

6.    Defendants object to the Interrogatories to the extent they purport to require the identification of "all" persons or documents relating to broad categories of various subjects on the ground that such requests are overly broad, unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In most cases, it simply is not reasonably possible to search for and identify all such persons and/or documents. Subject to Local Rule 26.1 and without waiving the foregoing, or its other general or specific objections, Defendants will identify and locate after reasonable search such persons or documents sufficient to provide information inquired about.

7.    Defendants object to each Interrogatory to the extent it is a premature contention interrogatory. Responses to contention interrogatories are appropriate only after discovery has been substantially completed. Specifically, Defendants object to Pharmacia's contention interrogatories as premature because they have been propounded before any documents have been produced and before any depositions have been taken in this action. Defendants anticipate that Pharmacia and perhaps non-parties may have information and/or documents and things in their possession, custody and control that relate to the issues raised by Pharmacia's contention interrogatories. The responses provided to these contention interrogatories at this stage are preliminary, and Defendants expressly reserve the right to supplement each of their responses to each of Pharmacia's contention interrogatories as discovery proceeds.

8.    These General Objections and any future responses are made for the sole purpose of this action. By providing a response to these Interrogatories, Defendants do not concede that the information provided is discoverable, relevant, or admissible, and reserve the right to challenge further discovery into the subject matter of any of the individual requests. Defendants also reserves the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of any documents, information, or material produced in response to

- 3 -

these Interrogatories in this or any subsequent proceeding, or at the trial of this or any other action.

9.    Responses provided to specific Interrogatories are subject to, and without waiver of, the General Objections and those specific objections raised with respect to particular Interrogatories. Accordingly, the provision of substantive responses to any Interrogatory shall not be construed as an admission or used as the basis for a contention that Plaintiff is entitled to any response more specific than that provided.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Describe in detail each factual and legal basis for Sicor's contention that "the '285 patent is invalid under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112," and, as part of your response, identify each claim of the '285 patent that Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of invalidity.

### RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the ground that it is compound and includes discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

### INTERROGATORY NO. 1 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent is invalid under 35 U.S.C. §§ 101 & 102 and, as part of your response, identify each claim of the '285 patent that Sicor contends renders it invalid; for each such claim, identify each statutory provision that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of invalidity.

### RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is premature, as the issue of invalidity, including the interpretation of the prior art references and the level of a person of

ordinary skill in the art, will be the subject of expert reports and expert testimony. Expert discovery in this case has not yet even begun, and initial expert reports are not due until August 5, 2005. Moreover, discovery in this case has only recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid as not being new and useful and/or as anticipated, based on admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, the file history of the '285 patent, and/or any of the references listed in Attachment I hereto. The subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent is not new and useful and/or not novel over the prior art. Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremey E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted

claims of the '285 patent.   Should Plaintiff change its allegations and assert additional claims,

Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 1 SUBPART NO. 2

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent
is invalid under 35 U.S.C. §§ 103 and, as part of your response, identify each claim of the '285
patent that Sicor contends is invalid; for each such claim, identify each statutory provision that
Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of
Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent
with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others
having knowledge of any facts that relate to such assertion of invalidity.

RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is premature, as the issue of

invalidity, including the interpretation of the prior art references and the level of a person of

ordinary skill in the art, will be the subject of expert reports and expert testimony.  Expert

discovery in this case has not yet even begun, and initial expert reports are not due until August

5, 2005.  Moreover, discovery in this case has only recently commenced and Sicor has not yet

obtained any discovery from Pharmacia on this subject matter.  Defendants further object to this

interrogatory on the grounds that it seeks information covered by the attorney-client privilege or

work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim

construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid for obviousness based on

admissions made by the applicants during prosecution of the patent application that matured into

the '285 patent, the file history of the '285 patent, and/or any of the references listed in

- 6 -

Attachment I hereto. The combined teachings of the pertinent prior art references render the

subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent obvious to a person of

ordinary skill in the art. Individuals with knowledge in this matter include: Gaetano Gatti, Diego

Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D.

Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremey E. Noe, John J. McDonnell,

William J. Dana, Mary Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this

litigation, therefore Defendants are not providing a response as to any of the other unasserted

claims of the '285 patent. Should Plaintiff change its allegations and assert additional claims,

Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 1 SUBPART NO. 3

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent
is invalid under 35 U.S.C. §§ 112 and, as part of your response, identify each claim of the '285
patent that Sicor contends is invalid; for each such claim, identify each statutory provision that
Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of
Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent
with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others
having knowledge of any facts that relate to such assertion of invalidity.

RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it is premature, as the issue of invalidity, including the level of a person of ordinary skill in the art, will be the subject of expert reports and expert testimony. Expert discovery in this case has not yet even begun, and initial expert reports are not due until August 5, 2005. Moreover, discovery in this case has only recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid based on the specification of the '285 patent, admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, and/or the file history of the '285 patent, for lack of written description because the claims are not limited to solutions not reconstituted from a lyophilizate. Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehncn, Emily Miao, Jeremey E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted

- 8 -

claims of the '285 patent.   Should Plaintiff change its allegations and assert additional claims,

Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

**INTERROGATORY NO. 2:**

Describe in detail each factual and legal basis for Sicor's contention that "the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent," and, as part of your response, identify Sicor's proposed construction of each claim term of each claim of the '285 patent; identify all bases for Sicor's construction of each claim term (including by identifying specific portions of the claims, specification, and prosecution history of the '285 patent and any other sources of meaning asserted to be relevant to the construction of each claim term); identify any prosecution history estoppel that Sicor asserts applies to construction of the claims of the '285 patent; identify in detail all facts and/or legal contentions that constitute the basis for Sicor's assertion of noninfringement; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of noninfringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of noninfringement.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts.  Defendants will respond to this interrogatory based on its separate subparts.

<u>INTERROGATORY NO. 2 SUBPART NO. 1</u>

Describe in detail each factual and legal basis for Sicor's contention that "the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent," and, as part of your response,  identify in detail all facts and/or legal contentions that constitute the basis for Sicor's assertion of noninfringement; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of noninfringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of noninfringement.

<u>RESPONSE TO INTERROGATORY NO. 2 SUBPART NO. 1</u>

Defendants object to this interrogatory on the grounds that it is premature, as the issue of

infringement, including claim construction, will be the subject of expert reports and expert

testimony, as well as of a *Markman* hearing by the court.  Expert discovery in this case has not

yet even begun, initial expert reports are not due until August 5, 2005 and the *Markman* hearing is not scheduled to occur until January 19, 2006. Moreover, discovery in this case has only recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: to the extent claims 1-3, 9, and 11-13 of the '285 patent are found by the court to be valid and enforceable, Sicor's Idarubicin HCl product does not infringe any of these claims as, *inter alia*, this product is reconstituted from a lyophilizate.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted claims of the '285 patent. Should Plaintiff change its allegations and assert additional claims, Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

<u>INTERROGATORY NO. 2 SUBPART NO. 2</u>

Identify Sicor's proposed construction of each claim term of each claim of the '285 patent; identify all bases for Sicor's construction of each claim term (including by identifying specific portions of the claims, specification, and prosecution history of the '285 patent and any other sources of meaning asserted to be relevant to the construction of each claim term).

RESPONSE TO INTERROGATORY NO. 2 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is premature, as the issue of infringement, including claim construction, will be the subject of expert reports and expert testimony, as well as of a *Markman* hearing by the court. Expert discovery in this case has not yet even begun, initial expert reports are not due until August 5, 2005 and the *Markman* hearing is not scheduled to occur until January 19, 2006. Moreover, discovery in this case has only recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: to the extent claims 1-3, 9, and 11-13 of the '285 patent are found by the court to be valid and enforceable, a proper claim construction based at least on the specification of the '285 patent, admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, and/or the file history of the '285 patent, would require, *inter alia*, that the claimed solutions exclude those solutions that are reconstituted from a lyophilizate. Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonicri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremey E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted claims of the '285 patent. Should Plaintiff change its allegations and assert additional claims, Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

## INTERROGATORY NO. 2 SUBPART NO. 3

Identify any prosecution history estoppel that Sicor asserts applies to construction of the claims of the '285 patent.

## RESPONSE TO INTERROGATORY NO. 2 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this interrogatory on the grounds that it is premature, as the issue of infringement, including claim construction, will be the subject of expert reports and expert testimony, as well as of a *Markman* hearing by the court. Expert discovery in this case has not yet even begun, initial expert reports are not due until August 5, 2005 and the *Markman* hearing is not scheduled to occur until January 19, 2006. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: to the extent claims 1-3, 9, and 11-13 of the '285 patent are found by the court to be valid and enforceable, Plaintiff is estopped from asserting that the claims of the '285 patent should be construed to cover solutions that are reconstituted from a lyophilizate, based on statements made by the applicants of the '285 patent throughout the specification of the '285 patent and during prosecution of the patent application that matured into the '285 patent and related patent applications. The following is a preliminary but not exhaustive list of exemplary citations from the specification of the '285 patent that support such prosecution history estoppel:

- 12 -

| Location | Citation |
|---|---|
| Abstract | "According to the invention there is provided a sterile, pyrogen-free, ready-to-use solution of an anthracycline glycoside, especially doxorubicin, which consists essentially of a physiologically acceptable salt of an anthracycline glycoside dissolved in a physiologically acceptable solvent therefor, **which has not been reconstituted from a lyophilizate** and which has a pH of from 2.5 to 6.5. The solution of the invention is particularly advantageous for the administration by injection of the anthracycline glycoside drugs, e.g. doxorubicin, in the treatment of both human and animal tumors." |
| Col 1<br><br>Ln 22-29 | "At present, anthracycline glycoside antitumor drugs, in particular, e.g., doxorubicin, are **solely available in the form of lyophilized preparations, which need to be reconstituted before administration.**<br>Both the **manufacturing and the reconstitution of such preparations** expose the involved personnel (workers, pharmacists, medical personnel, nurses) to risks of contamination which are particularly serious due to the toxicity of the antitumor substances." |
| Col 1<br><br>Ln 43-58 | "To administer a lyophilized preparation, double handling of the drug is required, the lyophilized cake having to be first reconstituted and then administered and, moreover, in some cases, the complete dissolution of the powder may require prolonged shaking because of solubilization problems.<br>As the risks connected with the manufacturing and the reconstitution of a lyophilized preparate would be highly reduced if a ready-to-use solution of the drug were available, we have developed a stable, therapeutically acceptable intravenously injectable solution of an anthracycline glycoside drug, e.g. doxorubicin, whose preparation and administration **does not require either lyophilization or reconstitution.**<br>According to the present invention, there is provided a sterile, pyrogen-free, anthracycline glycoside solution which consists essentially of a physiologically acceptable salt of an anthracycline glycoside dissolved in a physiologically acceptable solvent therefor, **which has not been reconstituted from a lyophilizate** and which has a pH of from 2.5 to 6.5." |
| Col 3<br><br>Ln 25-38 | "According to a particularly preferred feature of the invention, there is provided a sterile, pyrogen-free, doxorubicin solution which consists essentially of a physiologically acceptable salt of doxorubicin dissolved in a physiologically acceptable solvent therefor, **which has not been reconstituted from a lyophilizate** and which has a pH of from 2.5 to 6.5.<br>In the above indicated preferred feature of the invention the physiologically acceptable salt of doxorubicin may be, e.g. the salt with a mineral inorganic acid such as hydrochloric, hydrobromic, sulfuric, phosphoric, nitric and the like, or the salt with an organic acid such as acetic, succinic, tartaric, ascorbic, citric, glutammic, benzoic, methanesulfonic, ethanesulfonic and the like. The hydrochloride salt is a particularly preferred salt." |

- 13 -

| Col 3 Ln 59-67 | "The invention also provides a process for producing a sterile, pyrogen-free anthracycline glycoside solution with a pH of from 2.5 to 6.5, which process comprises dissolving a physiologically acceptable salt of the anthracycline glycoside, **which salt is not in the form of a lyophilizate**, in a physiologically acceptable solvent therefor; optionally adding a physiologically acceptable acid or buffer to adjust the pH within the said range as desired; and passing the resulting solution through a sterilising filter." |
|---|---|
| Col 4 Ln 5-24 | "With the solutions of the invention it is possible to obtain compositions having a very high concentration of the anthracycline glycoside active substance even at 50 mg/ml and more. **This constitutes a great advantage over the presently available lyophilized preparates wherein high concentrations of anthracycline glycoside can only be obtained with difficulty because of solubilization problems encountered in reconstitution, mainly with saline**. The presence of the excipient, e.g. lactose, in the lyophilized cake, and its generally high proportion in respect of the active substance, even up to 5 parts of excipient per part of active substance, has a negative effect on solubilization so that difficulties may arise in obtaining dissolution of the lyophilized cake, especially for concentrations of anthracycline glycoside higher than 2 mg/ml. The solutions of the invention are characterized by a good stability. Solutions in various solvents and with different pH's and concentrations have been found to be stable for long periods at temperatures accepted for the storage of pharmaceutical preparations. This is illustrated in the Examples which follow." |

Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremey E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted claims of the '285 patent. Should Plaintiff change its allegations and assert additional claims, Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

- 14 -

**INTERROGATORY NO. 3:**

Describe in detail each factual and legal basis for Sicor's denial that its "actions constitute willful infringement of the '285 patent under 35 U.S.C. § 284," and, as part of your response, identify each opinion sought or received by Sicor concerning infringement, validity or enforceability of the '285 patent, whether written or oral; identify all actions taken and efforts made by Sicor intended to ensure that it would not infringe the '285 patent through the manufacture, sale, offer for sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product; identify all other circumstances that Sicor contends renders its actions not willful infringement; identify all other circumstances that render this case not an exceptional case; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of lack of willful infringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of lack of willful infringement.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

INTERROGATORY NO. 3 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's denial that its "actions constitute willful infringement of the '285 patent under 35 U.S.C. § 284," and, as part of your response, identify all actions taken and efforts made by Sicor intended to ensure that it would not infringe the '285 patent through the manufacture, sale, offer for sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product; identify all other circumstances that Sicor contends renders its actions not willful infringement; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of lack of willful infringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of lack of willful infringement.

RESPONSE TO INTERROGATORY NO. 3 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is overly broad, unduly

burdensome and seeks information and material protected from disclosure by the attorney client

privilege and the work product doctrine. Defendants further object on the grounds that, by this

interrogatory, Pharmacia is demanding that Defendants prematurely identify whether they will be

relying upon an advice-of-counsel defense. Defendants expressly reserve the right to elect an

advice-of-counsel defense as this case proceeds, and will provide reasonable notice of that

election, if any, on a mutually acceptable date. Defendants further reserve the right to move, if

necessary, at any time for a protective order concerning attorney-client communications or work

product information or material that concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and willfulness issues for trial. Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: the alleged infringement in this case is not willful because, among other things, Sicor did not deliberately copy any protectible invention set forth in the '285 patent.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 3 SUBPART NO. 2

Identify each opinion sought or received by Sicor concerning infringement, validity or enforceability of the '285 patent, whether written or oral.

RESPONSE TO INTERROGATORY NO. 3 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information and material protected from disclosure by the attorney client privilege and the work product doctrine. Defendants further object on the grounds that, by this interrogatory, Pharmacia is demanding that Defendants prematurely identify whether they will be relying upon an advice-of-counsel defense. Defendants expressly reserve the right to elect an advice-of-counsel defense as this case proceeds, and will provide reasonable notice of that election, if any, on a mutually acceptable date. Defendants further reserve the right to move, if necessary, at any time for a protective order concerning attorney-client communications or work product information or material that concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and willfulness issues for trial.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

- 16 -

INTERROGATORY NO. 3 SUBPART NO. 3

Identify all other circumstances that render this case not an exceptional case.

RESPONSE TO INTERROGATORY NO. 3 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it is overly broad, unduly

burdensome and seeks information and material protected from disclosure by the attorney client

privilege and the work product doctrine. Defendants further object on the grounds that, by this

interrogatory, Pharmacia is demanding that Defendants prematurely identify whether they will be

relying upon an advice-of-counsel defense. Defendants expressly reserve the right to elect an

advice-of-counsel defense as this case proceeds, and will provide reasonable notice of that

election, if any, on a mutually acceptable date. Defendants further reserve the right to move, if

necessary, at any time for a protective order concerning attorney-client communications or work

product information or material that concerns the advise-of-counsel defense or a bifurcation

order to separate liability, damages and willfulness issues for trial. Subject to and without

waiver of any of the foregoing objections or the General Objections, at this time, Defendants

respond as follows: this case is not exceptional because, among other things, the standards of 35

U.S.C. § 285 have not been met, including a determination of which party is "the prevailing

party."

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

**INTERROGATORY NO. 4:**

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including
without limitation, Sicor's assertions that: (i) "Pharmacia is barred in whole or in part from
maintaining this action and from recovering any damages or equitable relief thereunder" under
the doctrine of laches, including citation to any case law that Sicor asserts supports its assertion;
(ii) "Pharmacia is barred in whole or in part from maintaining this action and from recovering
any damages or equitable relief thereunder" under the doctrine of equitable estoppel, including

- 17 -

citation to any case law that Sicor asserts supports its assertion; (iii) "[t]his action is barred in whole or in part by the doctrine of unclean hands," including citation to any case law that Sicor asserts supports its assertion; identify all documents that support, refute or are inconsistent with each of Sicor's affirmative defenses; and identify all corroborating witnesses or others having knowledge of any facts that relate to such affirmative defenses.

## RESPONSE TO INTERROGATORY NO. 4:

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

## INTERROGATORY NO. 4 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including without limitation, Sicor's assertions that: "Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder" under the doctrine of **laches**, including citation to any case law that Sicor asserts supports its assertion; identify all documents that support, refute or are inconsistent with each of Sicor's affirmative defenses; and identify all corroborating witnesses or others having knowledge of any facts that relate to such affirmative defenses.

## RESPONSE TO INTERROGATORY NO. 4 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is overly broad and unduly

burdensome. Defendants further object to this interrogatory on the grounds that it seeks

information covered by the attorney-client privilege or work product doctrine. Subject to and

without waiver of any of the foregoing objections or the General Objections, at this time,

Defendants respond as follows: Pharmacia is barred in whole or in part from maintaining this

action and from recovering any damages or equitable relief thereunder under the doctrine of

laches because its delay in filing this action is an unreasonable and inexcusable length of time

after it knew or reasonably should have known of its claims, and the delay has materially

prejudiced Sicor. Pharmacia was aware that Sicor filed an ANDA well before it was approved

and could have asserted its purported claim for patent infringement at that time.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain additional information in response to this
interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right
to supplement and/or amend the response to this interrogatory as appropriate as discovery
proceeds or after additional information becomes available.

INTERROGATORY NO. 4 SUBPART NO. 2

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including
without limitation, Sicor's assertions that: "Pharmacia is barred in whole or in part from
maintaining this action and from recovering any damages or equitable relief thereunder" under
the doctrine of **equitable estoppel**, including citation to any case law that Sicor asserts supports
its assertion; identify all documents that support, refute or are inconsistent with each of Sicor's
affirmative defenses; and identify all corroborating witnesses or others having knowledge of any
facts that relate to such affirmative defenses.

RESPONSE TO INTERROGATORY NO. 4 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is overly broad and unduly
burdensome. Defendants further object to this interrogatory on the grounds that it seeks
information covered by the attorney-client privilege or work product doctrine. Subject to and
without waiver of any of the foregoing objections or the General Objections, at this time,
Defendants respond as follows: Pharmacia is barred in whole or in part from maintaining this
action and from recovering any damages or equitable relief thereunder under the doctrine of
equitable estoppel because, during its delay in commencing this action, Pharmacia engaged in
commercial negotiations and transactions with Sicor that conveyed to Sicor that Pharmacia did
not intend to enforce its alleged patent against Sicor. Sicor relied upon Pharmacia's conduct,
and, as a consequence, Sicor will suffer material prejudice if Pharmacia is permitted to proceed
with this action.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce
documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 4 SUBPART NO. 3

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including
without limitation, Sicor's assertions that: "[t]his action is barred in whole or in part by the
doctrine of **unclean hands**," including citation to any case law that Sicor asserts supports its
assertion; identify all documents that support, refute or are inconsistent with each of Sicor's
affirmative defenses; and identify all corroborating witnesses or others having knowledge of any
facts that relate to such affirmative defenses.

RESPONSE TO INTERROGATORY NO. 4 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it is overly broad and unduly

burdensome. Defendants further object to this interrogatory on the grounds that it seeks

information covered by the attorney-client privilege or work product doctrine. Subject to and

without waiver of any of the foregoing objections or the General Objections, at this time,

Defendants respond as follows: Pharmacia is barred in whole or in part from maintaining this

action by the doctrine of unclean hands due to its wrongful conduct as described above as well as

before the U.S. Patent and Trademark Office.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

**INTERROGATORY NO. 5:**

Identify and describe in detail all natural persons having responsibility for the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

INTERROGATORY NO. 5 SUBPART NO. 1

Identify and describe in detail all natural persons having responsibility for the **research and development** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the research and development of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the research and development of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the research and development of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the research and development of Sicor's Idarubicin Hydrochloride Injection Product.

RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 2

Identify and describe in detail all natural persons having responsibility for the **manufacture** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the manufacture of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the manufacture of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the manufacture of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the manufacture of Sicor's Idarubicin Hydrochloride Injection Product.

RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 3

Identify and describe in detail all natural persons having responsibility for the **offer for sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product.

RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 4

Identify and describe in detail all natural persons having responsibility for the **sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the sale of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product.

RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 5

Identify and describe in detail all natural persons having responsibility for the **importation** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation,

by identifying Sicor's corporate structure relating to the importation of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product.

RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants respond as follows: Sicor's Idarubicin Hydrochloride

Injection Product is being manufactured in the U.S. and therefore is not being imported into the

U.S. Pursuant to Federal Rule of Civil Procedure 33(d). Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

**INTERROGATORY NO. 6:**

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to research and development, manufacture, offer for sale, sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable,

to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

## RESPONSE TO INTERROGATORY NO. 6:

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

## INTERROGATORY NO. 6 SUBPART NO. 1

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **research and development** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

## RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals, Inc.

and SICOR-Società Italiana Corticosteroidi S.r.l. (formerly SICOR-Società Italiana

Corticosteroidi S.p.A). Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to

produce documents in response to Pharmacia's First Request for the Production of Documents

which are sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 2

Identify each and every entity within Sicor that has or has had responsibility for or with
which Sicor has or has had a business relationship (whether by agreement, license, informal
arrangement, or otherwise) relating to **manufacture** of Sicor's Idarubicin Hydrochloride
Injection Product, including without limitation, by describing the nature and terms of the
responsibility or relationship; identifying the responsibilities of each entity within Sicor and
every other entity under the relationship; identifying the date on which the relationship began
(and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating,
maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if
applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that
relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship;
and identifying all corroborating witnesses or others having knowledge of any facts that relate to
what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals, Inc.

and SICOR-Società Italiana Corticosteroidi S.r.l. (formerly SICOR-Società Italiana

Corticosteroidi S.p.A). Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to

produce documents in response to Pharmacia's First Request for the Production of Documents

which are sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 3

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **offer for sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals Sales, Inc. and Abbott Laboratories Inc. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

- 28 -

INTERROGATORY NO. 6 SUBPART NO. 4

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals Sales, Inc. and Abbott Laboratories Inc. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 5

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **importation** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity

under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants respond as follows: Sicor's Idarubicin Hydrochloride

Injection Product is manufactured in the U.S. and therefore is not imported into the U.S.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in

response to Pharmacia's First Request for the Production of Documents which are sufficient for

Plaintiff to derive or ascertain information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

**INTERROGATORY NO. 7:**

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product, Sicor's unit sales volume, unit sales price(s), cost of goods sold, revenues, and gross and net profits associated with such sales; identify each and every document and thing that refers or relates to such unit sales, prices, costs, revenues, and profits; identify each and every customer or dealer to whom Sicor made such sales; and identify all persons knowledgeable about such offers for sale and sales by Sicor.

## RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts.  Defendants will respond to this interrogatory based on its separate subparts.

## INTERROGATORY NO. 7 SUBPART NO. 1

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product, Sicor's **unit sales volume**; identify each and every document
and thing that refers or relates to such unit sales; and identify all persons knowledgeable about
such offers for sale and sales by Sicor.

## RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

## INTERROGATORY NO. 7 SUBPART NO. 2

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product **unit sales price(s)**; identify each and every document and thing
that refers or relates to such prices.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 3

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product **cost of goods sold**; identify each and every document and thing that refers or relates to such costs.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 4

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product **revenues**; identify each and every document and thing that refers or relates to such revenues.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 5

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product **gross profits** associated with such sales; identify each and every document and thing that refers or relates to such profits.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 6

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product **net profits** associated with such sales; identify each and every
document and thing that refers or relates to such profits.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 6

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 7

Identify each and every customer or dealer to whom Sicor made such sales.