EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, | |
| Plaintiff, | Civil Action No. 04-833-KAJ |
| v. | |
| SICOR, INC. and SICOR PHARMACEUTICALS, INC., | |
| Defendants. | |

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO INTERROGATORIES NO. 2, 4, 5, AND 6 OF THE FIRST SET OF INTERROGATORIES BY PLAINTIFF

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Defendants" or "Sicor"), by and through their undersigned counsel, as and for their supplemental objections and responses to Interrogatories Nos. 2, 4, 5, and 6 of the First Set of Interrogatories by Plaintiff Pharmacia & Upjohn Company LLC ("Plaintiff" or "Pharmacia"), state as follows:

## GENERAL OBJECTIONS

1.     Defendants incorporate their general and specific objections from their previous response to Plaintiffs' First Set of Interrogatories.

2.     Defendants incorporate by reference their prior response to interrogatories No. 2, subpart No. 1, No. 4, subparts Nos. 1 and 2, No. 5, subparts Nos. 1 - 5, and No. 6, subparts Nos. 1 - 5.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 2 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's contention that "the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and

EXHIBIT E

enforceable claim of the '285 patent," and, as part of your response, identify in detail all facts and/or legal contentions that constitute the basis for Sicor's assertion of noninfringement; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of noninfringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of noninfringement.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 SUBPART NO. 1

Defendants state that the following individuals may have knowledge regarding the subject matter of this interrogatory: Allyn Becker and Rosalie Lowe.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

## INTERROGATORY NO. 4 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including without limitation, Sicor's assertions that: "Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder" under the doctrine of **laches**, including citation to any case law that Sicor asserts supports its assertion; identify all documents that support, refute or are inconsistent with each of Sicor's affirmative defenses; and identify all corroborating witnesses or others having knowledge of any facts that relate to such affirmative defenses.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine. Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder under the doctrine of laches because its delay in filing this action was for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its claims, and the delay has materially prejudiced Sicor. Pharmacia was aware that Sicor filed an ANDA well before it was approved

and could have asserted its purported claim for patent infringement at that time. Pharmacia sent Sicor a letter in August 2000 advising Sicor of the impending grant of the '285 patent, but took no steps to follow up on that letter. Indeed, when Sicor began to sell its product commercially in or about September 2002, Pharmacia stood silent and did not seek to enforce its rights. In 2003, Pharmacia again sent a letter to Sicor regarding the idarubicin product, but again took no steps to enforce its patent. Instead, it appears that Pharmacia was intent to wait until Sicor had developed relationships with its customers and let potential damages mount. It was not until July 2004, almost four years since the '285 patent issued, and almost two years since Pharmacia knew that Sicor had began selling its product and after Sicor had changed its economic position based on Pharmacia's inaction, that Pharmacia finally filed a lawsuit. To date, Pharmacia has offered no justification for its unreasonable delay in bringing this action. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 4 SUBPART NO. 2

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including without limitation, Sicor's assertions that: "Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder" under the doctrine of **equitable estoppel**, including citation to any case law that Sicor asserts supports its assertion; identify all documents that support, refute or are inconsistent with each of Sicor's affirmative defenses; and identify all corroborating witnesses or others having knowledge of any facts that relate to such affirmative defenses.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine. Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder under the doctrine of equitable estoppel because, during its delay in commencing this action, Pharmacia engaged in commercial negotiations and transactions with Sicor that conveyed to Sicor that Pharmacia did not intend to enforce its alleged patent against Sicor. Simultaneously with the service of this response, Sicor will serve subpoenas upon non-party witnesses Timothy Ruane and John McBride, who acted on behalf of Pharmacia and are knowledgeable about the business relations between Sicor and Pharmacia. Upon completing those depositions, Sicor will supplement this response.

Pharmacia's delay in filing this action was for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its claims, and the delay has materially prejudiced Sicor. Pharmacia was aware that Sicor filed an ANDA well before it was approved and could have asserted its purported claim for patent infringement at that time. Pharmacia sent Sicor a letter in August 2000 advising Sicor of the impending grant of the '285 patent, but took no steps to follow up on that letter. Indeed, when Sicor began to sell its product commercially in or about September 2002, Pharmacia stood silent and did not seek to enforce its rights. In 2003, Pharmacia again sent a letter to Sicor regarding the idarubicin product, but again took no steps to enforce its patent. Instead, it appears that Pharmacia was intent to wait until Sicor had developed relationships with its customers and let potential damages mount. It was not until July 2004,

- 4 -

almost four years since the '285 patent issued, and almost two years since Pharmacia knew that

Sicor had began selling its product and after Sicor had changed its economic position based on

Pharmacia's inaction, that Pharmacia finally filed a lawsuit. To date, Pharmacia has offered no

justification for its unreasonable delay in bringing this action. Sicor relied upon Pharmacia's

conduct in connection with the business negotiations discussed above and in connection with

Pharmacia consistent inaction in enforcing its alleged patent rights, and, as a consequence, Sicor

will suffer material prejudice if Pharmacia is permitted to proceed with this action.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 1

Identify and describe in detail all natural persons having responsibility for the **research and development** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the research and development of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the research and development of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the research and development of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the research and development of Sicor's Idarubicin Hydrochloride Injection Product.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 1</u>

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

<u>INTERROGATORY NO. 5 SUBPART NO. 2</u>

Identify and describe in detail all natural persons having responsibility for the **manufacture** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the manufacture of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the manufacture of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the manufacture of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the manufacture of Sicor's Idarubicin Hydrochloride Injection Product.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 2</u>

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

<u>INTERROGATORY NO. 5 SUBPART NO. 3</u>

Identify and describe in detail all natural persons having responsibility for the **offer for sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the offer for sale of Sicor's Idarubicin

Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the offer for sale of Sicor's Idarubicin Hydrochloride Injection Product.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 3

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents

SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

## INTERROGATORY NO. 5 SUBPART NO. 4

Identify and describe in detail all natural persons having responsibility for the **sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the sale of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 4

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents

SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 5

Identify and describe in detail all natural persons having responsibility for the **importation** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the importation of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 5

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 1

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **research and development** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or

relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 1

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

## INTERROGATORY NO. 6 SUBPART NO. 2

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **manufacture** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates; or refers to that responsibility or relationship.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 2

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 3

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **offer for sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 3

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387, as organizational charts.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 4

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 4

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

## INTERROGATORY NO. 6 SUBPART NO. 5

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **importation** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 5

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants identify documents SICOR-PNU 028530-028624, and SICOR-PNU 030069-030387.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  August 31, 2005
160972.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2005, the attached **DEFENDANTS'**

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES NO. 2, 4, 5, AND 6 OF THE**

**FIRST SET OF INTERROGATORIES BY PLAINTIFF** was served upon the below-named

counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                              VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

_____
Steven J. Balick