# EXHIBIT H



**McDonnell Boehnen Hulbert & Berghoff LLP**    300 South Wacker Drive    312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

EXHIBIT H

August 16, 2005

Sent Via Facsimile (212) 768-6800

Brian T. Moriarty
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020

Re:    *Pharmacia & Upjohn Company LLC v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*
       Civil Action No. 04-833
       U.S. District Court for the District of Delaware

Dear Brian:

We have received and reviewed Sicor's Second Supplemental Responses to Pharmacia's First Set of Interrogatories. Despite the passage of almost six months since Sicor's First Supplemental Responses, Sicor has provided no more substantive information regarding Interrogatories 2 through 9 and little more information regarding Interrogatory No.1. Given the advanced stage of discovery, we ask that Sicor provide complete supplementation of the interrogatories to remedy the following deficiencies by **August 29, 2005.**

**Sicor's Second Supplemental Response to Interrogatory No. 1** – For the first time, Sicor's July 29, 2005 responses identify references that allegedly render asserted claims of the '285 patent invalid. However, although Sicor identifies eleven references that purportedly render the claims obvious, it identifies neither how the references do so nor why they should be combined. In addition, Sicor fails to identify the source of how "[i]t was known in the art prior to the filing…." Sicor also fails to supplement its § 112 response, having failed to provide citation to the portions of "the specification of the '285 patent…" that support its position, and fails to identify any other basis on which the claims would have to be limited to solutions not reconstituted from a lyophilizate.

**Sicor's Response to Interrogatory No. 2** – Sicor fails to provide <u>any</u> new information to this interrogatory, which requires Sicor to describe in detail each factual and legal basis for Sicor's contention that "the manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and enforceable claim of the '285 patent." Sicor's only apparent basis for non-infringement is that "Sicor's Idarubicin HCl product does not infringe any of these claims as, *inter alia*, this product is reconstituted from a lyophilizate." As

discussed below, Sicor does not explain why it believes such an element should be included in the claims. Sicor must provide every basis on which it rests its non-infringement arguments. As we have indicated in previous correspondence, unless Sicor immediately amends its response, Pharmacia & Upjohn understands that Sicor's only infringement defense (apart from invalidity) is based on Sicor's contention that its product is reconstituted from a lyophilizate.

Sicor again fails to provide claim construction or basis for its potential claim construction. Sicor relied on bald assertions that "the claimed solutions exclude those solutions that are reconstituted from a lyophilizate," without identifying any claim term or terms that make the exclusion. Furthermore, Sicor again fails to identify any specific portions of the claims, specification, and prosecution history of the '285 patent, as well as any other relevant sources, that serve as a basis for Sicor's claim construction. Given that opening expert reports have been submitted, Sicor has ample ability to respond to this interrogatory.

Sicor's response still fails to identify any prosecution history estoppel that applies to the construction of the '285 patent's claims. Sicor's response provides a "preliminary but not exhaustive list of exemplary citations from the specification of the '285 patent that support such prosecution history estoppel." Sicor's has failed to, and must immediately identify any statement made during patent prosecution that it asserts estops Pharmacia & Upjohn from asserting the claims of the '285 patent to their full breadth.

Finally, Sicor was required to identify all persons having knowledge of facts that relate to Sicor's assertions of non-infringement. Again, Sicor has not listed anyone associated with Sicor as a potential witness, and provided only the names of the inventors and people associated with the prosecution of the '285 patent. If there is nobody at Sicor who has any knowledge regarding non-infringement, we will request Sicor to identify the basis for its answer under Fed. R. Civ. P. 11. Otherwise, we request that Sicor identify the knowledgeable individuals.

**Sicor's Response to Interrogatory No. 3** – This interrogatory requires Sicor to describe in detail each factual and legal basis for Sicor's denial that its "actions constitute willful infringement of the '285 patent under 35 U.S.C. § 284." Sicor has not supplemented this response, which remains woefully deficient. Sicor admits in its response that its answer is not complete, arguing that "the alleged infringement is not willful because, among other things, Sicor did not deliberately copy any protectible [sic] invention set forth in the '285 patent" and "this case is not exceptional because, among other things, the standards of 35 U.S.C. § 285 have not been met, including a determination of which party is 'the prevailing party.'" The time for Sicor to define what constitutes "among other things" has come and gone, as Sicor is required to provide every basis on which it rests its lack of willfulness arguments, not just one. As now stated in Sicor's response, which is identical to its

response on Feb. 4, 2005, Pharmacia and Upjohn understands that Sicor's only willfulness defenses (apart from noninfringement and invalidity) are based on positions that Sicor did not copy the claimed invention and Pharmacia & Upjohn has not yet prevailed. Please confirm immediately that Sicor is not asserting any other basis for a lack of willfulness at this time.

We are still waiting for Sicor to explain the conflict between this response and its other statements. Specifically, Sicor admits that it filed an ANDA, which involves copying the drug manufactured by Pharmacia, covered by the invention claimed in the '285 patent. This appears to conflict directly with Sicor's denial of deliberate copying. Please explain this inconsistency.

Finally, Sicor must identify whether it has an opinion of counsel defense. At this late stage of discovery, it is outrageous for Sicor to assert that the interrogatory is an attempt to "prematurely identify whether [Sicor] will be relying upon an advice-of-counsel defense." As discovery is nearing a close, the time for response is anything but premature. If Sicor wishes to avoid producing the opinions, it must provide identifying information in the form of a privilege log. Please provide us with a response to this interrogatory, or we will be forced to seek assistance from the court to curb this abusive manipulation of the attorney-client privilege.

**Sicor's Response to Interrogatory No. 4** – The time for Sicor to investigate the basis for its affirmative defenses of laches, equitable estoppel, and unclean hands has come and gone. Six months have passed since Sicor's last supplementation, and Sicor's investigation has apparently uncovered nothing. Its response provides mere hornbook definitions of its defenses. It must provide all factual and legal bases for its affirmative defenses, including identifying persons with knowledge of the defenses, and it must do so now.

For example, Sicor claims that Pharmacia "was aware that Sicor filed an ANDA well before it was approved and could have asserted its purported claim for patent infringement at that time." Sicor does not identify any facts in support of that conclusion, nor does it identify any person who knows any facts that would lead to that conclusion.

With respect to Sicor's affirmative defense of equitable estoppel, it states that "Pharmacia engaged in commercial negotiations and transactions with Sicor that conveyed to Sicor that Pharmacia did not intend to enforce its alleged patent against Sicor." As with its laches defense, Sicor does not identify any facts that would lead it to that conclusion or any person who knows any facts that would lead to that conclusion.

Finally, Sicor states, "Pharmacia is barred in whole or in part from maintaining this action by the doctrine of unclean hands due to its wrongful conduct as described above as well as before the U.S. Patent and Trademark Office." Sicor does not identify what "wrongful conduct as described above" is, or what conduct before the Patent and Trademark Office would render Pharmacia's hands unclean. In spite of previous correspondence seeking clarification of this statement, Sicor has failed to supplement this response.

Please provide us with a <u>full</u> response regarding all of these affirmative defenses immediately, including the identification of relevant witnesses, documents and Sicor's factual and legal basis for asserting these defenses. At this advanced stage of discovery, Sicor has had ample time to investigate these issues.

**Sicor's Response to Interrogatory No. 5** – This interrogatory requires Sicor to specifically identify individuals and their roles in certain aspects of Sicor's infringement. Sicor states that it will be producing documents pursuant to Fed. R. Civ. P. 33(d) sufficient to provide a response to this Interrogatory. Rule 33(d) allows the production of documents as a response to an interrogatory <u>only</u> if "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Given the nature of this interrogatory, the burden for Pharmacia & Upjohn to obtain the information would be far greater than for Sicor to provide it. In this circumstance, it is improper for Sicor to rely upon the Rule 33(d) procedure for Sicor's response. Accordingly, please supplement your response.

**Sicor's Response to Interrogatory No. 6** – This interrogatory requires Sicor to identify with specificity entities within Sicor and their roles in certain aspects of Sicor's infringement. Sicor has identified the entities, but in spite of Pharmacia & Upjohn's previous requests, has not provided any other information. For example, it does not indicate any person(s) involved in the research and development, manufacture, offer for sale, sale or importation of Sicor's Idarubicin Hydrochloride Injection Product. Given the nature of this interrogatory, it would be far more burdensome for Pharmacia & Upjohn to obtain this information that it would be for Sicor to provide it. Please provide a complete response to this Interrogatory.

**Sicor's Response to Interrogatory No. 8** – This interrogatory requires Sicor to describe the circumstances under which it learned of the '285 patent. Sicor's response states, "Craig Lea is one of the individuals ... who became aware of the '285 patent." Sicor's response implies that there is more than one individual, but it still has not identified any of the other individuals who became aware of the '285 patent. Sicor also states that it became aware of the '285 patent through it's publication at the U.S. Patent and Trademark Office. However, it has not identified who learned of the patent or how. Given the nature of this interrogatory, it would be far more difficult for Pharmacia & Upjohn to obtain the

information than it would be for Sicor to provide it. Sicor must provide a substantive response.

**Sicor's Response to Interrogatory No. 9** – Similar to interrogatory No. 3, Sicor refused to identify opinions it has received. At this late stage, Sicor should decide whether it will rely upon opinion of counsel immediately.

Please also feel free to contact us if you have any questions.

Very truly yours,

Joshua R. Rich
312 913 2133
rich@mbhb.com