# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 2, 2005

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:   *Pharmacia & Upjohn Company v. Sicor Inc. and Sicor Pharmaceuticals Inc.*  
C.A. No. 04-833-KAJ

Dear Judge Jordan:

We represent the defendants, Sicor, Inc. and Sicor Pharmaceuticals, Inc. ("Sicor"), in the above-referenced case.

We write to inform the Court that Sicor today filed a motion to amend its counterclaim alleging that the patent-in-suit is invalid because of inequitable conduct by Pharmacia's agents. The amended pleading will supersede the prior pleading alleging inequitable conduct.

The new pleading repeats the allegations of the first pleading regarding hiding, or burying, material references that contradict statements the inventors and others made to the U.S. Patent and Trademark Office ("U.S. Patent Office"), but also adds new allegations based on documents recently produced to Sicor after the deadline for amending the pleadings passed. Specifically, the new pleading alleges that the inventors and others committed inequitable conduct by failing to disclose highly material statements from foreign litigations (*e.g.*, statements and expert reports by Upjohn in 1992 to the effect that a foreign patent corresponding to the patent-in-suit was invalid based on prior art) and allegations, also based on recently produced documents, that the inventors swore to a false declaration before the U.S. Patent Office. All of this evidence when viewed as a whole reflects a pattern of conduct by the applicants, which includes the burying of material references, the failure to disclose other material references, and affirmative misstatements about yet more material references during the course of prosecution of the patent-in-suit before the U.S. Patent Office, and collectively raises troubling questions about the manner in which the applicants conducted themselves before the U.S. Patent Office. The evidence when viewed as a whole is clearly sufficient to state a counterclaim for inequitable conduct against Pharmacia and, Sicor respectfully submits, underscores both Sicor's need and right to seek further discovery of the applicants regarding these matters.

The Honorable Kent A. Jordan
September 2, 2005
Page 2


      If the new pleading is accepted by the Court, it will supersede the current pleading and thus will effectively moot plaintiff's *sub judice* motion to dismiss (D.I. 55) the current counterclaim for inequitable conduct. We wanted to bring this information to the Court's attention promptly upon the filing of our motion to amend, so that Your Honor does not needlessly spend time working on a motion to dismiss the current counterclaim that may be about to become moot.

                                Respectfully,

                                */s/ Steven J. Balick*

                                Steven J. Balick

SJB/dmf
Attachment
161054.1

c:    Jack B. Blumenfeld, Esquire (by hand)
      Joshua R. Rich, Esquire (via facsimile)
      Brian T. Moriarty, Esquire (via facsimile)