IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 04-833-KAJ |
| v. | ) | |
| | ) | |
| SICOR, INC. and SICOR PHARMACEUTICALS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION OF PHARMACIA & UPJOHN COMPANY**

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") by their undersigned attorneys, requests that Plaintiff Pharmacia & Upjohn Company ("PNU"), designate and produce one or more persons to testify on its behalf on each of the matters set forth in Schedule A attached hereto beginning at 9:00 a.m. on September 29, 2005 in the offices of Ashby & Geddes, 222 Delaware Avenue, 17th Floor, Wilmington, Delaware 19899. The deposition shall be recorded by stenographic means and shall be videotaped.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

-2-

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  September 12, 2005
161274.1

**SCHEDULE A**

Sicor requests that PNU designate and produce one or more representatives who can testify on behalf of PNU with respect to the following subjects (all defined terms set forth in Sicor's First Request for Production of Documents dated November 29, 2004 shall be incorporated herein):

1. All facts regarding Pharmacia's allegations that the alleged commercial success of the invention(s) claimed in U.S. Patent No. 6,107,285 (the "'285 patent") constitutes evidence that that patent satisfies the requirements of 35 U.S.C. § 103.

2. Identification of all unexpected properties and unexpected results Pharmacia alleges were achieved by the invention(s) claimed in the '285 patent, and explanation of why and how they were unexpected, including an identification of all documents containing information regarding any such unexpected properties and unexpected results.

3. Identification of all long-felt needs Pharmacia claims were satisfied by the invention(s) claimed in the '285 patent, and information known to Pharmacia concerning statements or indications of such needs or the absence of such needs, unsuccessful efforts by others to satisfy those needs, and any skepticism concerning whether such needs could be satisfied, including an identification of all documents containing information regarding any such all long-felt needs.

4. All facts concerning Pharmacia's allegation that avoiding "dose calculation issues and potential contamination created by reformulation" constitutes evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

5. All facts concerning Pharmacia's allegation that the "copying" of certain features of the alleged inventions of the '285 patent constitutes evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

6. All facts concerning Pharmacia's allegation that the licensing and adoption of ready-to-use formulations of anthracycline glycosides constitute evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

7. All facts concerning Pharmacia's allegation that failed attempts to design around the '285 patent are evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

8. The procurement of the declarations of Carlo Confalonieri, William Dana, Debra Holton-Smith, Mary Horstman, Barbara Barhamand, Nagesh Palepu, William Ring, Julie Solms, Martin Williamson and Frederick Grab, and any other attempts to obtain declarations concerning secondary considerations in support of the applications resulting in the '285 patent.

9. The facts described by Pharmacia in its response to interrogatory number 6 in Plaintiff's First Supplemental Response to Sicor, Inc.'s First Set of Interrogatories, dated July 11, 2005.

      10.    All data and experimental results, including study protocols, regarding the stability of solutions containing an anthracycline glycoside, including doxorubicin hydrochloride and idarubicin hydrochloride, and also containing a buffer (e.g., data contained in production document PU0011470; PU 019194-198).

      11.    The specific scientific data or other information Pharmacia intends to rely upon to show any secondary consideration, the conclusions Pharmacia (or a person skilled in the art) draws from that data or information, the protocol for any experimental work performed to generate the data or information, the standard operating procedures for equipment used in the experimental work or information collection, the identification of all relevant documents, such a lab notebooks, by production numbers and the identification of all persons involved in the work.

      12.    The collection, retention and production of all records and documents regarding topics 1-11.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2005, the attached **NOTICE OF DEPOSITION OF PHARMACIA & UPJOHN COMPANY** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | HAND DELIVERY |
| Joshua R. Rich, Esquire<br>McDonnell Boehnen Hulbert & Berghoff<br>300 South Wacker Drive<br>Suite 3200<br>Chicago, IL 60606 | VIA ELECTRONIC MAIL |

/s/ *John G. Day*
_____
John G. Day