IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, )
LLC )  **<u>REDACTED PUBLIC VERSION</u>**
 )
    Plaintiff, )
 )
   v. )
 )  C.A. No. 04-833-KAJ
SICOR INC. and SICOR )
PHARMACEUTICALS, INC., )
 )
   Defendants )

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF
THEIR MOTION FOR LEAVE TO AMEND THEIR
<u>AMENDED COUNTERCLAIM FOR INEQUITABLE CONDUCT</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Brian T. Moriarty
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: September 13, 2005

# TABLE OF CONTENTS

**Page(s)**

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

THE NEW EVIDENCE OF PLAINTIFF'S INEQUITABLE CONDUCT ......................................... 3

ARGUMENT ........................................................................................ 6

I.    RULES 15(a) AND 16 (b) REQUIRE THAT LEAVE TO
      AMEND BE FREELY GIVEN WHERE GOOD CAUSE IS SHOWN .................... 6

II.   PHARMACIA CANNOT CLAIM ANY OF THE
      FACTORS THAT JUSTIFY DENYING LEAVE TO AMEND ............................. 7

      A.    The Proposed Amendment Is Not Unduly Prejudicial ..................... 8

      B.    The Proposed Amendment Is Not Futile ....................... 9

CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*B. Braun Med. Inc. v. Abbott Lab.,*
    1994 U.S. Dist. LEXIS 8659, (E.D. Pa. June 22, 1994) ........................................6

*Baxter Int'l, Inc. v. McGaw Inc.,*
    149 F.3d 1321 (Fed. Cir. 1998).........................................................................9

*CCPI, Inc. v. American Premier, Inc.,*
    967 F.Supp. 813 (D. Del. 1997)........................................................................6

*Dole v. Arco Chemical Co.,*
    921 F.2d 484 (3d Cir. 1990)..............................................................................9

*Elk Corp. of Dallas v. GAF Bldg. Materials Corp.,*
    168 F.3d 28 (Fed. Cir. 1999)...........................................................................10

*Enzo Life Scis., Inc. v. Digene Corp.,*
    270 F.Supp.2d 484 (D. Del. 2003)....................................................................6

*Foman v. Davis,*
    371 U.S. 178 S.Ct. 227, 9 L.Ed.2d 222 (1962)...........................................6, 7, 8

*In re Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir. 1997)............................................................................7

*Justofin v. Metro. Life Ins. Co.,*
    372 F.3d 517 (3d Cir. 2004)..............................................................................6

*LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n,*
    958 F.2d 1066 (Fed. Cir. 1992)........................................................................10

*Lorenz v. CSX Corp.,*
    1 F.3d 1406 (3d Cir. 1993)................................................................................8

*Miller Products Co., Inc., v. Veltek Associates, Inc.,*
    218 F.R.D. 425 (D. Del. 2003) ......................................................................7, 8

*Molins PLC v. Textron, Inc.,*
    48 F.3d 1172 (Fed. Cir. 1995)...........................................................................9

*Mylan Pharms. v. Kremers Urban Dev.,*
    2003 U.S. Dist. LEXIS 20665, (D. Del. Nov. 14, 2003) ....................................6, 8

# TABLE OF AUTHORITIES (continued)

**CASES** **Page(s)**

*Nobelpharma AB v. Implant Innovations, Inc.*,
141 F.3d 1059 (Fed. Cir. 1998)...................................................................................9

*Ondeo Nalco Co. v. Eka Chems., Inc.*,
2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002) ...........................................6

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
984 F.2d 1182 (Fed. Cir. 1993)................................................................................10

*Pegasus Dev. Corp. v. Directv, Inc.*,
2002 U.S. Dist. LEXIS 6825 (D. Del. Apr. 18, 2002) ...............................................8

*Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,
225 F.3d 1315 (Fed. Cir. 2000)..................................................................................9

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
125 F.R.D. 405 (D.Del. 1987) ...................................................................................8

*Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*,
204 F.3d 1368 (Fed. Cir. 2000)..................................................................................9

*Wesley Jessen Corp. v. Bausch & Lomb, Inc.*,
209 F.Supp.2d 348 (D. Del. 2002).............................................................................9

## STATUTES

Fed. R. Civ. P. 15(a) ................................................................................... *passim*

Fed R. Civ. P. 16(b) ................................................................................... *passim*

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Sicor") respectfully request leave to amend their counterclaim for inequitable conduct to plead new facts based on documents produced by Plaintiff Pharmacia & Upjohn LLC ("Pharmacia") <u>after</u> the June 1, 2005 deadline for amending pleadings.  Sicor seeks to amend its existing inequitable conduct counterclaim to plead the additional facts that show the Applicants for the '285 patent breached their duty of candor by failing to disclose highly material information to the United States Patent and Trademark Office ("U.S. Patent Office") during the prosecution of the '285 patent and by swearing to materially false declarations.  Among numerous other recently produced documents that bear on Applicant's conduct and were withheld by the Applicants from the U.S. Patent Office, Pharmacia recently produced

**REDACTED**

## NATURE AND STAGE OF THE PROCEEDINGS

The Scheduling Order in this action states that "[a]ll motions . . . to amend or supplement the pleadings shall be filed on or before June 1, 2005."  Before June 1, 2005, Sicor, with Pharmacia's consent, filed an amended pleading that alleged that the Applicants for the '285 patent engaged in inequitable conduct by burying, or hiding, material references, among a list of 228 references submitted to the Patent Office late in the prosecution and only after Pharmacia

knew that its potential patent was secure. The current counterclaim also alleges that this submission was inequitable because the specific references that were withheld contradicted statements contained in a 1991 declaration by one of the named inventors, Carlo Confalonieri, which was resubmitted to the U.S. Patent Office in 1996 ("Confalonieri Declaration"). On June 17, 2005, Pharmacia moved to dismiss this counterclaim on grounds that the pleading failed to state a claim upon with relief could be granted.

Contemporaneously with the filing of Sicor's amended pleading, Sicor also served deposition notices for the testimony of Pharmacia's patent attorneys (one of whom also happens to be Pharmacia's trial counsel) in order to develop additional information for its counterclaim. Sicor also submitted at about that time a proposed Request for International Judicial Assistance, regarding depositions in Italy of four of the six named inventors of the '285 patent. Pharmacia then sought a protective order to stay the depositions of the patent attorneys until the motion to dismiss the inequitable conduct counterclaim was decided, and also opposed Sicor's request for International Judicial Assistance.

Pharmacia's motion to dismiss remains *sub judice*. On July 28, 2005, the Court granted Pharmacia's request for the protective order at this time, and on August 5, 2005, the Court granted Sicor's motion and issued the Request for International Judicial Assistance. That request is now pending before the Italian courts, and depositions of the four named inventors are expected to be scheduled within the next two months.

Sicor notes that the instant motion is to file a new inequitable conduct pleading that will replace the prior pleading. Thus, if its motion is granted, Pharmacia's motion to dismiss the original inequitable conduct pleading will be moot and the rationale for the protective order will be obviated.

**THE NEW EVIDENCE OF PLAINTIFF'S INEQUITABLE CONDUCT**

One month after the deadline to amend the pleadings in this case passed, Pharmacia produced to Sicor some 20,000 pages of documents (12 boxes of documents) responsive to a document request served on November 29, 2004.

**REDACTED**

REDACTED

REDACTED

**REDACTED**

Briefly, Sicor's current inequitable conduct claim alleges, *inter alia*, that the Applicants to the '285 patent buried references that were contrary to statements made in a 1996 declaration by named inventor Confalonieri.  The new proposed pleading amplifies and builds upon that basic pleading, but also alleges that additional critical information was affirmatively withheld by the Applicants, including information directly contradictory to statements made in the Canfalonieri Declaration, and that knowingly false statements were made.  Thus, the withheld information regarding Upjohn's admissions of invalidity and the false statements plus the previously plead allegations regarding burying references that contradict statements Applicants made to the U.S. Patent Office, were each highly material to the prosecution of the '285 patent. Had all of this information been appropriately brought to the attention of the Patent Examiner the '285 patent may never have issued.  Together, this evidence easily meets the Rule 12(b)(6) threshold to enable Sicor's inequitable conduct counterclaims to proceed, particularly at this discovery stage of the lawsuit.

## ARGUMENT

### I.   RULES 15(a) AND 16 (b) REQUIRE THAT LEAVE TO AMEND BE FREELY GIVEN WHERE GOOD CAUSE IS SHOWN

According to the Supreme Court, "lower federal courts [should] heed the liberal policy of amendment embodied in Rule 15(a)." *CCPI, Inc. v. American Premier, Inc.*, 967 F.Supp. 813, 815 (D. Del. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).   Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 526 (3d Cir. 2004) (affirming grant of leave to amend to add counterclaim).   As this Court has held:

> In the absence of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment, the court should exercise its discretion in favor of granting leave to amend.   To ensure that cases are decided on the merits rather than on technicalities, the court should use strong liberality in considering whether to grant . . . leave to amend.

*Mylan Pharms. v. Kremers Urban Dev.*, C.A. No. 02-1628-GMS, 2003 U.S. Dist. LEXIS 20665, at *14 (D. Del. Nov. 14, 2003) (citations omitted).   Similarly, Rule 16(b) permits a court to amend a prior scheduling order upon "a showing of good cause." Fed. R. Civ. P. 16(b).

Consistent with the requirements of Rules 15(a) and 16(b), courts have freely granted the amendment of answers to add affirmative defenses and counterclaims in patent infringement actions <u>even after</u> the deadline to amend pleadings has passed.   *See Enzo Life Scis., Inc. v. Digene Corp.*, 270 F.Supp.2d 484, 487-88 (D. Del. 2003) (allowing amendment of answer and counterclaims to include a defense/counterclaim of inequitable conduct despite fact that motion for leave to amend was made after the deadline for such motions set by the Scheduling Order); *see also B. Braun Med. Inc. v. Abbott Lab.*, C.A. No. 93-3883, 1994 U.S. Dist. LEXIS 8659, *1 (E.D. Pa. June 22, 1994) (allowing amendment of answer and counterclaims to include three affirmative defenses); *see also Ondeo Nalco Co. v. Eka Chems., Inc.*, C.A. No. 01-537-SLR,

- 6 -

2002 U.S. Dist. LEXIS 26195, at *1 (D. Del. Aug. 10, 2002) (allowing amendment of pleadings to add declaratory judgment counts related to invalidity of patents-in-suit).

Simply put, Pharmacia produced some 20,000 pages of documents a month after the June 1, 2005 pleading amendment deadline passed, notwithstanding that the document request to which Pharmacia was responding had been served upon it on November 29, 2004. That belated production revealed that highly material information was known to the Applicants and not disclosed to the Patent Office during prosecution of the '285 patent, and that knowingly false statements had been made to secure the '285 patent. Fact discovery remains open, and the depositions of the inventors – and, if appropriate, the patent attorneys – have not yet been completed. Under these circumstances, Sicor should be given the opportunity to plead this claim so that the case can be fully developed on the merits during the remaining months of discovery. Moreover, as discussed below, Sicor has met the requirements of Rule 15(a), and leave to amend should be granted.

## II.    PHARMACIA CANNOT CLAIM ANY OF THE FACTORS THAT JUSTIFY DENYING LEAVE TO AMEND

As this Court has stated: "Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by 'leave of court' and that leave to amend 'shall be freely given when justice so requires.'" *Miller Products Co., Inc., v. Veltek Associates, Inc.*, 218 F.R.D. 425, 426 (D. Del. 2003) (citing Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted in original).

The Third Circuit has stated: "the passage of time, without more, does not require that a motion to amend . . . be denied." *Miller Products Co., Inc.*, 218 F.R.D. at 426 (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985); *see also*

*Procter & Gamble Co. v. Nabisco Brands, Inc.*, 125 F.R.D. 405, 409 (D.Del. 1987) ("a showing of undue prejudice or unfair disadvantage to the nonmovant is required before delay provides an adequate basis for denial") (citations omitted). The Supreme Court has specified the following factors that may justify denying leave to amend: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. *Foman v. Davis*, 371 U.S. at 182. None of these factors is present here. Sicor is timely seeking to amend its pleading based on new information recently produced by, and thus known to, Pharmacia.

### A.    The Proposed Amendment Is Not Unduly Prejudicial

In the Third Circuit, "undue prejudice is the touchstone for the denial of leave to amend." *Justofin*, 372 F.3d at 526 (quotations omitted); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted); *Miller Products Co., Inc.*, 218 F.R.D. at 426. The party opposing an amendment bears the burden of proving that actual prejudice will result from the amendment – merely claiming prejudice is insufficient. *See Pegasus Dev. Corp. v. Directv, Inc.*, C.A. No. 00-1020-GMS, 2002 U.S. Dist. LEXIS 6825, at *6-7 (D. Del. Apr. 18, 2002). Thus, Pharmacia "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Id.*, at *7 (quotations omitted).

Here, Pharmacia can assert no undue prejudice. This motion is made "months before the close of discovery," *Mylan Pharm.*, 2003 U.S. Dist. LEXIS 20665, at *8, and Pharmacia has ample time to conduct discovery.[1] Moreover, Pharmacia is well aware of all of the new facts alleged in Sicor's pleading, and has been for years. There is no surprise to Pharmacia here, only

---

[1] Even if additional discovery were necessary, courts have held that "little prejudice would result from re-opening discovery for the limited purpose of obtaining additional information." *See, e.g., Mylan Pharm.*, 2003 U.S. Dist. LEXIS 20665, at *8-9.

to Sicor. Pharmacia is unable "to demonstrate that its ability to present its case would be

seriously impaired were amendment allowed," *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488

(3d Cir. 1990), and, therefore, the proposed amendment is not unduly prejudicial. Indeed,

because any delay in this amendment is directly attributable to Pharmacia's tardy document

production, it can hardly complain of any ensuing prejudice.

### B.    The Proposed Amendment Is Not Futile

Nor can Pharmacia assert that the amendment is futile. It is well-established that

"[p]atent applicants are required to prosecute patent applications with candor, good faith, and

honesty." *Wesley Jessen Corp. v. Bausch & Lomb, Inc.*, 209 F.Supp.2d 348, 401 (D. Del. 2002),

*aff'd*, 56 Fed.Appx. 503 (Fed. Cir. Feb 12, 2003) (citing *Semiconductor Energy Lab. Co. v.

Samsung Elecs. Co.*, 204 F.3d 1368, 1373 (Fed. Cir. 2000); *see also* 37 C.F.R. § 1.56(a)(2005).

An applicant breaches the duty of candor when he fails to disclose material information or makes

materially false statements. *See, e.g., Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,

225 F.3d 1315, 1318 (Fed. Cir. 2000).

An applicant for a patent engages in inequitable conduct before the U.S. Patent Office

when he or she withholds or misrepresents information material to the patentability of his

invention, with an intent to deceive. *See Nobelpharma*, 141 F.3d at 1068-71 (citing *Molins PLC

v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995); *Creo Products, Inc. v. Presstek, Inc.*, 166

F.Supp.2d 944, 973 -974 (D. Del. 2001), *aff'd*, 305 F.3d 1337 (Fed. Cir. 2002) (citing *Baxter

Int'l, Inc. v. McGaw Inc.*, 149 F.3d 1321, 1327 (Fed. Cir. 1998); *Nobelpharma AB v. Implant

Innovations, Inc.*, 141 F.3d 1059, 1068-71 (Fed. Cir. 1998), *cert. denied*, 525 U.S. 876 (1998).

Specifically, patent applicants and their patent attorneys have a duty to disclose to the U.S.

Patent Office information of which they are aware which is material to the examination of the

application, and cannot withhold contrary or harmful information from the U.S. Patent Office.

*See Elk Corp. of Dallas v. GAF Bldg. Materials Corp.,* 168 F.3d 28, 30 (Fed. Cir. 1999), *cert. denied,* 528 U.S. 873 (1999).  Intent need not be proven by direct evidence.  *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1189-90 (Fed. Cir. 1993) ("[S]moking gun evidence is not required in order to establish an intent to deceive.") (citation omitted).  Rather, this element of inequitable conduct can be inferred from the facts and circumstances surrounding the applicant's overall conduct.  *See LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n,* 958 F.2d 1066, 1076, (Fed. Cir. 1992).

Here the proposed Amended Counterclaim alleges with specificity that highly material information was withheld from, and that materially false statements were made to the U.S. Patent Office, and that this was done with the requisite intent to deceive.

**REDACTED**

In sum, Pharmacia chose to produce 20,000 documents almost eight months after they were requested, and it can hardly complain that Sicor intends to use those documents to prove its case.

## CONCLUSION

For the foregoing reasons, Sicor respectfully requests that the Court grant Sicor leave to file its proposed Second Amended Answer and Counterclaim in the form attached to its accompanying motion.

ASHBY & GEDDES

/s/ Steven J. Balick

_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

_Attorneys for Defendants_

_Of Counsel:_

Reid L. Ashinoff
Brian T. Moriarty
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: September 2, 2005
161052.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2005, the attached **DEFENDANTS'**

**OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND**

**THEIR AMENDED COUNTERCLAIM FOR INEQUITABLE CONDUCT** was served

upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                              VIA ELECTRONIC MAIL
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

/s/ *John G. Day*

John G. Day