# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 15, 2005

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re:  *Pharmacia & Upjohn Company v. Sicor Inc. and Sicor Pharmaceuticals Inc.*
           C.A. No. 04-833-KAJ

Dear Judge Jordan:

    We along with Sonnenschein Nath & Rosenthal LLP, represent the defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") in the above-referenced case and write in response to Plaintiff Pharmacia & Upjohn Co.'s ("Pharmacia") letter to the Court dated September 1, 2005. Pharmacia's letter complained that Sicor's production of research and development ("R&D") records is incomplete, and further that Sicor's responses to certain interrogatories are insufficient. Pharmacia further seeks to preclude Sicor from, effectively, any further amendment of its discovery responses.

    As discussed below, Pharmacia's motion is without merit because: (1) Sicor has produced all of its R&D records; (2) Sicor has supplemented all of its interrogatory responses (except its response relating to its defense to Pharmacia's willfulness allegations, as to which Sicor is separately moving), and Pharmacia has not identified to Sicor or the Court any particular deficiency in Sicor's other responses; and (3) Sicor has timely amended its responses and, thus, there is no basis to preclude further amendments, particularly given the fact that discovery is ongoing and the factual basis for the case is still developing. Indeed, the parties are obligated to supplement their interrogatory responses from time to time as discovery progresses if new evidence bears on prior responses. See Fed.R.Civ.P. Rule 26 (e).

    **Production of R&D Documents:** To date, Sicor has produced to Pharmacia over 52,000 pages of documents and produced two 30(b)(6) witnesses for depositions who answered questions relating to over 20 different topics. Pharmacia now complains that Sicor has not produced all requested R&D documents and further argues that Sicor has not even looked for R&D documents. Pharmacia's assertions are in error. First, we note that Sicor is a generic drug company and its product is a generic version of Pharmacia product and, thus, unlike Pharmacia, there were not a great deal of R&D documents to begin with. Nonetheless, Sicor searched for

The Honorable Kent A. Jordan
September 15, 2005
Page 2

and produced R&D documents in its initial document productions. Indeed, Pharmacia used some of those documents in its August 4, 2005, deposition of Sicor's 30(b)(6) witness.

In the course of preparing the 30(b)(6) witness, Sicor determined that there were some additional R&D documents that had not yet been produced. Sicor identified approximately 100 pages of laboratory notebook pages and produced those to Pharmacia **prior** to the initial 30(b)(6) deposition. After the deposition, based upon further specific inquiries made by Pharmacia of the witness, and in order to be assured that all relevant R&D documents were produced, an additional search was conducted by Sicor, and additional R&D documents were identified and produced to Pharmacia. This is not uncommon in ongoing discovery. At this point, Sicor is not aware of any additional R&D documents. Contrary to Pharmacia claim, Sicor did discharge its duty to search for and produce responsive R&D documents, both before and after the 30(b)(6) deposition. Pharmacia's 30(b)(6) witness testified not that there had not been document searches, but rather that he was not involved in and had no knowledge of those initial searches. In any event, Sicor has agreed to produce the 30(b)(6) witness again, in view of the newly produced R&D documents, as well as concerning other areas as to which he initially did not have sufficient corporate knowledge.

**Sicor's Responses to Pharmacia's Interrogatories**: Pharmacia complains about the fact that Sicor served supplemental responses on July 29, August 26, and August 31, 2005. Yet Pharmacia also first amended its own responses (and did so inadequately) to Sicor's interrogatories in July 2005 – more than four months after Sicor asked Pharmacia to do so.

Pharmacia also generally complains to this Court that certain of Sicor's supplemental interrogatory responses (Nos. 1-6, 8-9) are inadequate. But, Pharmacia offers no specifics or otherwise explains the basis for that assertion. In fact, a review of Sicor's supplemental responses (attached to Pharmacia's September 1, 2005 letter) shows that they are more than satisfactory. Request No. 1 asks for information about Sicor's invalidity defenses. As Pharmacia concedes in its letter, Sicor's response identifies the prior art Sicor relies upon and also incorporates by reference the August, 2005 report of Sicor's expert, Dr. Douglas Clark, which provides detailed analysis of that art. Likewise, request No. 2 asks Sicor to identify its non-infringement defenses and any relevant claim construction. Sicor has done so by describing its non-infringement position based on a claim construction that requires the Court to exclude solutions made from lyophillizates from the scope of the claim. Likewise in Request No. 4, Sicor explains the bases Sicor currently has supporting its laches and estoppel defenses. Request No. 5 and 6 ask Sicor to identify witnesses and corporate entities, which Sicor has done both by naming the entities, and by identifying and directing Pharmacia to organizational charts that provide the names and positions of the entire management of Sicor. Request No. 8 asks Sicor to provide information about the circumstance upon which it became aware of the '285 patent. Sicor has provided that information, and has also now produced a 30(b)(6) witness who responded on this topic.

The Honorable Kent A. Jordan
September 15, 2005
Page 3

      Interrogatory Nos. 3 and 9 relate to Sicor's "willfulness" defense. Sicor plans to move to stay this discovery, for the reasons set forth in my other letter submitted to the Court today.

      Thus, we respectfully submit that there currently is no pending issue for the Court to decide with respect to Sicor's interrogatory responses. Pharmacia has not advised Sicor in what manner, if any, its latest interrogatory responses are deficient. Respectfully, the Court should simply reiterate the parties' obligation to discuss and, where possible, to attempt to mutually resolve any differences with respect to discovery responses.

      Respectfully,

      /s/ *John G. Day*

      John G. Day (I.D. #2403)

JGD: nml
161421.1

cc:    Maryellen Noreika (by hand)
       Daniel A. Boehnen (via facsimile)
       Reid L. Ashinoff (via facsimile)