# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 15, 2005

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

  Re: *Pharmacia & Upjohn Company v. Sicor Inc. and Sicor Pharmaceuticals Inc.*
    C.A. No. 04-833-KAJ

Dear Judge Jordan:

  We, along with Sonnenschein Nath & Rosenthal LLP, represent defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") in the above-referenced patent dispute. Because one of the issues that we anticipate plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") raising at Monday's discovery dispute teleconference concerns willfulness discovery, we write to advise the Court that Sicor intends to move, pursuant to Fed. R. Civ. P. 42(b), for: 1) separate trials on the issue of liability, on the one hand, and willfulness and damages on the other; and 2) a stay of discovery relating to the willfulness issue until after liability is determined. The following is a brief recitation of the reasons for Sicor's anticipated motion to stay discovery on willfulness:

  As Your Honor is no doubt aware, plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") has asserted that Sicor willfully infringed Patent No. 6,107,285. In order to rebut Pharmacia's willfulness allegations, Sicor may assert an advice-of-counsel defense. However, if Sicor does so, it would result in the waiver of Sicor's attorney-client privilege with respect to at least some of the advice it received from counsel in advance of introducing its idarubicin hydrochloride (HCl) injection product into the market. Absent bifurcation and a stay of willfulness discovery (which discovery Pharmacia has been pressing for and has advised Sicor it intends to pursue with the Court), Sicor will face the Hobson's choice of asserting an advice-of-counsel defense – thereby waiving the attorney-client privilege – or maintaining the privilege and risking a finding of willful infringement and the concomitant potential of an enhanced damage award. At this stage of the case, where Sicor has not been found to have infringed Pharmacia's patent or otherwise acted wrongfully, there is no reason to require Sicor to make such a choice.

  As Your Honor suggested in *Chimie v. PPG Industries, Inc.*, 218 F.R.D. 416, 417-418 (D. Del. 2003), the dilemma Sicor now faces is frequently brought to the trial court's attention in patent cases. It is often remedied by the exact bifurcation order Sicor will seek in its motion.

The Honorable Kent A. Jordan
September 15, 2005
Page 2

This issue was squarely addressed by the U.S. Court of Appeals for the Federal Circuit in *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed. Cir. 1991). The Federal Circuit stated:

> An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts should thus give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in-camera*, reveal that the defendant is indeed confronted with this dilemma.

*Id.* 643-44.

Separate trials of liability and willfulness/damages are essential to protect Sicor's rights in this case, and will also promote an efficient, clear and just resolution of the issues by a jury. The liability, willfulness and damages issues are wholly distinct and thus ideal candidates for bifurcation, and the potential prejudice to Sicor if bifurcation is not granted will be manifest. For the same reason, Sicor believes that the Court should stay discovery relating to the willfulness issue. Pharmacia should not have the benefit of reviewing – before liability is even established – the legal advice Sicor received in connection with its introduction of its idarubicin HCl injection product.

As the Federal Circuit implicitly recognized in *Quantum*, the prejudice associated with such discovery is significant – it would invade the "fundamental values sought to be preserved by the attorney-client privilege" – an invasion that, once made, cannot be undone. *Id.* Sicor should not be forced to waive its fundamental right to assert the privilege unless and until it is found liable for infringement in the first place.

Courts around the country often stay willfulness-related discovery until liability is found for precisely this reason. *See, e.g., Plasmanet, Inc. v. Apax Partners, Inc.*, No. 02-Civ-9290 (BSJ)(THK), 2003 U.S. Dist. LEXIS 13533, at *10 (S.D.N.Y. Aug. 1, 2003) ("[T]he Court concludes that the prejudice to Traffix by being required to disclose the Opinion [of counsel] far outweighs any prejudice to Plaintiff by deferring discovery on reliance on the Opinion."); *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, No. 01-557-JJF, 2002 U.S. Dist. LEXIS 15430, at *4-5 (D. Del. Aug. 16, 2002) ("After reviewing the documents submitted by Sony, the Court finds that undue prejudice could result if these otherwise privileged documents were exchanged and used during the trial of the infringement and validity issues."); *Avia Group International, Inc. v. Nike, Inc.*, No. Civ. 91-326-JU, 1991 WL 340569, at *4 (D. Ore. Nov. 21, 1991) ("Because willfulness is not relevant to the issue of liability, Nike's request to stay all attorney-client privileged information and attorney work product related to willfulness until after

The Honorable Kent A. Jordan
September 15, 2005
Page 3

a determination of liability is reasonable. Nike will be unfairly prejudiced if it is required to divulge the contents of its private communications with counsel prior to a determination on liability because such communications typically discuss legal theories and strategy."). This Court should reach the same conclusion in this case.

On Tuesday morning, September 13, Reid Ashinoff of the Sonnenschein firm apprised Pharmacia's counsel of Sicor's intention to move for this relief. Pharmacia took Sicor's request to consent to bifurcation under advisement, but continues to press for discovery concerning willfulness issues.

Thank you for your attention to this matter, and we look forward to discussing these issues with the Court.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD: nml
161422.1

cc:  Maryellen Noreika (by hand)
     Daniel A. Boehnen (via facsimile)
     Reid L. Ashinoff (via facsimile)