# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

September 15, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re: Pharmacia & Upjohn Company v. Sicor et al., C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

This letter updates and replaces our September 1, 2005 letter.[1] We write in advance of the September 19 teleconference on behalf of Pharmacia & Upjohn ("Pharmacia") regarding three discovery issues: (i) Sicor's failure to provide full responses to Pharmacia's Interrogatories Nos. 1-6 and 8-9, and (ii) Sicor's failure to produce key documents, and (iii) Sicor's rejection and declination of Pharmacia's notice of deposition of Dr. Douglas Clark, Sicor's expert witness in this case.

**Responses to Interrogatories Nos. 1-6 and 8-9**[2]

The interrogatories that have not been properly answered (Nos. 1-6 and 8-9) seek some of the most basic discovery in a patent infringement case, including:

- Sicor's contentions on validity, non-infringement, willfulness, and affirmative defenses;
- Sicor's research, development, manufacturing, and sales of accused products; and
- Sicor's first knowledge of the patent-in-suit.

Instead of providing full and timely interrogatory responses, Sicor has held back its positions, producing dribs and drabs of information only after Pharmacia threatens Court intervention.

In early March 2005, Pharmacia raised concerns about Sicor's insufficient responses to Pharmacia's contention interrogatories. In a hearing on March 17, 2005, Sicor argued that it could not respond fully because it had not received all the documents that it sought from Pharmacia. The Court expressed concern about the overall pace of progress in discovery in the case, and denied Pharmacia's relief, but gave Sicor a warning:

---

[1] We had previously told defendants that we would be filing a letter to substitute for our September 1 letter in light of the postponement of the teleconference and additional issues that have arisen. Nevertheless, at 4 p.m. today, defendants responded to that September 1 letter.

[2] Copies of Sicor's interrogatory responses are attached as Exhs A through E. Sicor has served four supplementations of its interrogatory responses, but those responses remain inadequate and incomplete.

The Honorable Kent A. Jordan
September 15, 2005
Page 2

> So I've got a bit of a pox on both your houses feeling about this because I do feel like if you had moved a little sooner on something as basic as your document exchange stuff, then the other side wouldn't, the defense wouldn't be in a position of being able to argue to me that we have some things that could fairly inform our contentions that we haven't had yet. So whether you buy that or not, Mr. Boehnen, it has enough credibility on me to say on this call I'm not doing anything for you except this. I'm giving you the benefit of this warning to the defense: Get your documents exchanged promptly. And then Sicor, you better come forward with better discovery responses than the plaintiff is telling me you are giving them or there is going to be another conference call, maybe a hearing, and I don't want to get moving down the road toward anything heavier in the way of making you pay for their efforts to get you to respond.

Ex. D, p. 20. Despite that clear, unequivocal warning, Sicor has failed on both fronts – it has not provided full responses to the interrogatories, and it has not provided all relevant documents.

Following the Court's direction, Pharmacia provided its own discovery and requested better responses from Sicor. *See* Ex. F and G. Finally on July 29, 2005, more than four months after the Court's admonition, Sicor served its second supplemental response to interrogatories, addressing only Interrogatory No. 1 (validity) and finally identifying its allegedly invalidating prior art references. *See* Exhibit C. Pharmacia wrote again, presenting a deadline for Sicor to supplement responses to the other interrogatories. *See* Ex. H. However Sicor's next supplement, served August 26, 2005 (*see* Ex. D), still addressed only Interrogatory No. 1 and merely incorporated by reference its expert witness report that had already been served on August 15th pursuant to Court Order.

Although Sicor's August 26th document was deficient, Sicor promised to provide further supplementation by August 30, 2005. That deadline passed, but on August 31, 2005, Sicor served a fourth supplemental response that addressed Interrogatories 2, 4, 5, and 6. *See* Ex. E. Nevertheless Sicor's interrogatory responses remain fragmentary and incomplete even after Sicor's fourth supplementation. Even more disturbing, the supplemental responses provide only information that Sicor had in its possession for many months and should have provided long ago. The bottom line is that, notwithstanding the Court's March 17, 2005 admonition, Sicor has not properly supplemented its responses to Interrogatory Nos. 1-6 and 8-9,[3] and those interrogatory responses remain deficient.

Sicor's refusal to provide full responses to Interrogatory Nos. 1-6 and 8-9 – to disclose fully its contentions on validity, non-infringement, willfulness, and its affirmative defenses; information regarding Sicor's research, development, manufacturing, and sales of accused products; and Sicor's first knowledge of the patent-in-suit – stands in violation of Sicor's duties under Rules 26 and 33. Sicor should be precluded from presenting witnesses, documents, or evidence that has not been presented in its previous disclosure statements, expert witness statements, and discovery responses.

**Production of Documents**

Sicor has also denied Pharmacia a fair opportunity to shape its case by withholding – and apparently not even searching for – key documents relating to Sicor's product in suit. Until

---

[3]    Interrogatory No. 7 relates to damages, and both parties are in the midst of taking discovery on damages. It is too early to say whether discovery on damages will reach an impasse.

The Honorable Kent A. Jordan
September 15, 2005
Page 3

yesterday, September 14th, Sicor had not produced fundamental laboratory notebooks, memos, and other documents generated during the research and development of Sicor's product. As established at the deposition, Sicor had failed to produce the documents in a timely manner because Sicor did not discharge its duty to search for documents responsive to Pharmacia's requests.Ex. J, p. 166 (objection omitted).

Sicor never responded to Pharmacia's numerous requests to perform a full search and produce for research and development documents until after Pharmacia filed a letter with this Court on September 1st. Only after that letter to the Court did Sicor finally produce lab notebooks on September 14th, but Sicor has still not produced documents about manufacturing, shipping, and damages since mid-2004.

The impact of Sicor's failure to produce the relevant documents is compounded by the woeful preparation of Sicor's 30(b)(6) witness on research and manufacturing issues. When asked, for example, about basic substantive information, Sicor's 30(b)(6) witness answered "I don't know" more than 100 times, even to questions phrased using the basic language of the deposition notice. See Ex. J. Sicor should be compelled to produce *all* research and development documents immediately.

**Deposition of Douglas Clark**

Sicor served an expert witness report of Dr. Douglas Clark on August 15th. Pharmacia served a notice of deposition for Dr. Clark on August 26th, requesting his deposition on September 12th, but including an observation that Pharmacia would be willing to conduct Dr. Clark's deposition any day that week of September 12th. Sicor ignored all requests to confirm the time and location of the Clark deposition until the middle of another deposition being conducted on Thursday September 8th, at which time Sicor advised Pharmacia that Dr. Clark would not be produced for deposition at any time during the week of September 12th. In later follow-up communication, Sicor confirmed that it would not produce Dr. Clark for deposition anytime prior to the receipt of Pharmacia's expert witness report due September 23, 2005.

Pharmacia served its notice of deposition for Dr. Clark in order to complete Dr. Clark's deposition **before** preparing Pharmacia's expert witness report. Pharmacia wants Dr. Clark's deposition in order to clarify and confirm that Pharmacia understands all of Dr. Clark's positions, and, thus, Pharmacia needs to do this **before** preparing its expert witness report. Pharmacia recognizes that it will not be allowed to depose Dr. Clark twice, i.e., both before and after serving Pharmacia's expert witness report. However, Pharmacia is fully entitled to make its own choice as to when it wishes to depose Dr. Clark, and Sicor should be sanctioned for interfering with Pharmacia's choice, and thereby prejudicing the preparation of Pharmacia's expert witness report.

Respectfully,

Maryellen Noreika (#3208)

cc:  Steven J. Balick, Esquire (By Hand)
     Brian T. Moriarty, Esquire (By Fax)

The Honorable Kent A. Jordan
September 15, 2005
Page 4

## INDEX OF EXHIBITS

A. Defendants' Responses To First Set of Interrogatories By Plaintiff, served January 7, 2005;

B. Defendants' Supplemental Responses To First Set Of Interrogatories By Plaintiff, Served February 4, 2005;

C. Defendants' Second Supplemental Responses To First Set of Interrogatories By Plaintiff, served July 29, 2005;

D. Defendants' Second (sic) Supplemental Response To Interrogatory No. 1 By Plaintiff Pharmacia & Upjohn LLC, served August 26, 2005;

E. Defendants' Supplemental Responses To Interrogatories No. 2, 4, 5, and 6 of the First Set of Interrogatories By Plaintiff, served August 31, 2005;

F. Letter from Pharmacia counsel to Sicor counsel dated March 30, 2005;

G. Letter from Pharmacia counsel to Sicor counsel dated July 18, 2005;

H. Letter from Pharmacia counsel to Sicor counsel dated August 16, 2005;

I. Transcript of hearing on March 17, 2005;

J. Portions of Sicor's deposition, taken August 5, 2005 under Rule 30(b)(6)