# EXHIBIT A

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,           )
                                      )
            Plaintiff,                )
                                      )   C.A. No. 04-833-KAJ
      v                               )
                                      )
                                      )
SICOR, INC. and SICOR                 )
PHARMACEUTICALS, INC.,                )
                                      )
            Defendants.               )

## DEFENDANTS' RESPONSES TO FIRST
## SET OF INTERROGATORIES BY PLAINTIFF

Defendants SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Defendants" or

"Sicor"), by and through its undersigned counsel, as and for their objections and responses to the

First Set of Interrogatories by Plaintiff Pharmacia & Upjohn Company LLC ("Plaintiff" or

"Pharmacia"), state as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply to all of Plaintiff's

requests and are incorporated by reference into each specific response made herein.  The

assertion of the same, similar, or additional objections or the provisions of partial answers in the

individual responses to these requests does not waive any of Sicor's General Objections as set

forth below:

1.      Defendants object generally to the Interrogatories to the extent that they purport to

impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure

and the Civil Practice and Procedure of the United States District Court for the District of

Delaware (the "Local Rules").

2.    Defendants object generally to the Interrogatories to the extent they seek privileged information, including, without limitation, information which was developed for or in anticipation of litigation, or which constitutes the work product of counsel or confidential attorney-client communications.

3.    Defendants object generally to the Interrogatories to the extent that: (a) they exceed the number of Interrogatories permitted under the Federal Rules of Civil Procedure and Local Rule 26.1; (b) they are overbroad, vague, ambiguous, indefinite, compound, or cumulative, (c) compliance with such Interrogatory would be oppressive and unduly burdensome, (d) they are harassing, (e) they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and exceed the bounds of the legitimate purposes of discovery; (f) they seek information not in Defendants' possession; and/or (g) they seek information that is equally available to Defendants and Plaintiff.

4.    These responses are submitted without waiving in any way, and on the contrary reserving:

(i)    the right to amend or supplement any and all responses or other information provided herein at any time upon receipt of additional information; and

(ii)    the right to object on any grounds to the use in evidence or other use of these Responses or other information provided herein in this or any other proceeding by these parties or any other parties or non-parties.

5.    Defendants object to the Interrogatories to the extent they purport to require the identification of "all" persons or documents relating to broad categories of various subjects on the ground that such requests are overly broad, unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In most cases, it simply is not reasonably possible to search for and identify all such persons and/or

- 2 -

documents. Subject to Local Rule 26.2 and without waiving the foregoing, or its other general or specific objections, Defendants will identify and locate after reasonable search such persons or documents sufficient to provide information inquired about.

6.    These General Objections and any future responses are made for the sole purpose of this action. By providing a response to these Interrogatories, Defendants do not concede that the information provided is discoverable, relevant, or admissible, and reserve the right to challenge further discovery into the subject matter of any of the individual requests. Defendants also reserves the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of any documents, information, or material produced in response to these Interrogatories in this or any subsequent proceeding, or at the trial of this or any other action.

7.    Responses provided to specific Interrogatories are subject to, and without waiver of, the General Objections and those specific objections raised with respect to particular Interrogatories. Accordingly, the provision of substantive responses to any Interrogatory shall not be construed as an admission or used as the basis for a contention that Plaintiff is entitled to any response more specific than that provided.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Describe in detail each factual and legal basis for Sicor's contention that "the '285 patent is invalid under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112," and, as part of your response, identify each claim of the '285 patent that Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of invalidity.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

is premature, as discovery in this case has only recently commenced and Sicor has not yet

obtained any discovery from Pharmacia on this subject matter. Defendants further object to this

request on the grounds that it seeks information covered by the attorney-client privilege or work

product doctrine. In addition, Defendants object to this interrogatory on the ground that the

requested information will be readily ascertainable from documents that will be produced in

response to Sicor's Responses to Pharmacia's First Request for the Production of Documents.

## INTERROGATORY NO. 2:

Describe in detail each factual and legal basis for Sicor's contention that "the
manufacture, sale and offer for sale of Sicor's Idarubicin HC1 does not infringe any valid and
enforceable claim of the '285 patent," and, as part of your response, identify Sicor's proposed
construction of each claim term of each claim of the '285 patent; identify all bases for Sicor's
construction of each claim term (including by identifying specific portions of the claims,
specification, and prosecution history of the '285 patent and any other sources of meaning
asserted to be relevant to the construction of each claim term); identify any prosecution history
estoppel that Sicor asserts applies to construction of the claims of the '285 patent; identify in
detail all facts and/or legal contentions that constitute the basis for Sicor's assertion of
noninfringement; identify all documents that support, refute or are inconsistent with each of
Sicor's assertion of noninfringement; and identify all corroborating witnesses or others having
knowledge of any facts that relate to such assertion of noninfringement.

## RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

is overly broad and unduly burdensome. Defendants further object to this interrogatory on the

grounds that it is premature, as discovery in this case has only recently commenced and Sicor has

not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object

to this request on the grounds that it seeks information covered by the attorney-client privilege or

work product doctrine. In addition, Defendants object to this interrogatory on the ground that the

requested information will be readily ascertainable from documents that will be produced in

response to Sicor's Responses to Pharmacia's First Request for the Production of Documents.

## INTERROGATORY NO. 3:

Describe in detail each factual and legal basis for Sicor's denial that its "actions
constitute willful infringement of the '285 patent under 35 U.S.C. § 284," and, as part of your
response, identify each opinion sought or received by Sicor concerning infringement, validity or
enforceability of the '285 patent, whether written or oral; identify all actions taken and efforts
made by Sicor intended to ensure that it would not infringe the '285 patent through the
manufacture, sale, offer for sale, or importation of Sicor's Idarubicin Hydrochloride Injection
Product; identify all other circumstances that Sicor contends renders its actions not willful
infringement; identify all other circumstances that render this case not an exceptional case;
identify all documents that support, refute or are inconsistent with each of Sicor's assertion of
lack of willful infringement; and identify all corroborating witnesses or others having knowledge
of any facts that relate to such assertion of lack of willful infringement.

## RESPONSE TO INTERROGATORY NO. 3:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

is overly broad and unduly burdensome. Defendants further object to this interrogatory on the

grounds that it is premature, as discovery in this case has only recently commenced and Sicor has

not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object

to this request on the grounds that it seeks information covered by the attorney-client privilege or

work product doctrine. In addition, Defendants object to this interrogatory on the ground that the

requested information will be readily ascertainable from documents that will be produced in

response to Sicor's Responses to Pharmacia's First Request for the Production of Documents.

**INTERROGATORY NO. 4:**

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including
without limitation, Sicor's assertions that: (i) "Pharmacia is barred in whole or in part from
maintaining this action and from recovering any damages or equitable relief thereunder" under
the doctrine of laches, including citation to any case law that Sicor asserts supports its assertion;
(ii) "Pharmacia is barred in whole or in part from maintaining this action and from recovering
any damages or equitable relief thereunder" under the doctrine of equitable estoppel, including
citation to any case law that Sicor asserts supports its assertion; (iii) "[t]his action is barred in
whole or in part by the doctrine of upclean hands," including citation to any case law that Sicor
asserts supports its assertion; identify all documents that support, refute or are inconsistent with
each of Sicor's affirmative defenses; and identify all corroborating witnesses or others having
knowledge of any facts that relate to such affirmative defenses.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to

the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to this interrogatory on the grounds that it is

premature, as discovery in this case has only recently commenced and Sicor has not yet obtained

any discovery from Pharmacia on this subject matter. In addition, Defendants object to this

interrogatory on the ground that the requested information will be readily ascertainable from

documents that will be produced in response to Sicor's Responses to Pharmacia's First Request

for the Production of Documents.

## INTERROGATORY NO. 5:

Identify and describe in detail all natural persons having responsibility for the research
and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin
Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate
structure relating to the research and development, manufacture, offer for sale, sale, and
importation of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to
all subsidiaries; predecessors; and/or other related business entities owned, partially owned,
controlled, and/or partially controlled by Sicor; and the function of all departments, groups,
units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin
Hydrochloride Injection Product); identifying the role that each such individual had in the
research and development, manufacture, offer for sale, sale, and importation of Sicor's
Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's
corporate structure or the role that each such individual had in the research and development,
manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection
Product; and identifying all corroborating witnesses or others having knowledge of any facts that
relate to Sicor's corporate structure or the role that each such individual had in the research and
development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin
Hydrochloride Injection Product.

## RESPONSE TO INTERROGATORY NO. 5:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to

the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to this interrogatory on the ground that it is

premature, as discovery in this case has only recently commenced and Sicor has not yet obtained

any discovery from Pharmacia on this subject matter. In addition, Defendants object to this

interrogatory on the ground that the requested information will be readily ascertainable from

documents that will be produced in response to Sicor's Responses to Pharmacia's First Request

for the Production of Documents.

## INTERROGATORY NO. 6:

Identify each and every entity within Sicor that has or has had responsibility for or with
which Sicor has or has had a business relationship (whether by agreement, license, informal
arrangement, or otherwise) relating to research and development, manufacture, offer for sale,
sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product, including without
limitation, by describing the nature and terms of the responsibility or relationship; identifying the
responsibilities of each entity within Sicor and every other entity under the relationship;
identifying the date on which the relationship began (and, if applicable, terminated); identifying
the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable,
to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the
relationship; identifying all documents that relate to what led up to, defines, describes, relates, or
refers to that responsibility or relationship; and identifying all corroborating witnesses or others
having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers
to that responsibility or relationship.

## RESPONSE TO INTERROGATORY NO. 6:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to

the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence. In addition, Defendants object to this interrogatory on the ground that the

requested information will be readily ascertainable from documents that will be produced in

response to Sicor's Responses to Pharmacia's First Request for the Production of Documents.

## INTERROGATORY NO. 7:

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product, Sicor's unit sales volume, unit sales price(s), cost of goods sold,
revenues, and gross and net profits associated with such sales; identify each and every document
and thing that refers or relates to such unit sales, prices, costs, revenues, and profits; identify
each and every customer or dealer to whom Sicor made such sales; and identify all persons
knowledgeable about such offers for sale and sales by Sicor.

## RESPONSE TO INTERROGATORY NO. 7:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of

this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. In

addition, Defendants object to this interrogatory on the ground that the requested information

will be readily ascertainable from documents that will be produced in response to Sicor's

Responses to Pharmacia's First Request for the Production of Documents.

## INTERROGATORY NO. 8:

Describe in detail the circumstances in which Sicor first became aware of the '285 patent,
including without limitation, by identifying the date on which Sicor first became aware of the
'285 patent; identifying the individual affiliated with Sicor who first became aware of the '285
patent; identifying how Sicor first became aware of the '285 patent; identifying from whom or
where Sicor first became aware of the '285 patent; identifying each and every document or thing
that refers or relates to Sicor's first awareness of the '285 patent; and identifying all persons
knowledgeable about the circumstances of Sicor's first awareness of the '285 patent.

## RESPONSE TO INTERROGATORY NO. 8:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to

the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence. In addition, Defendants object to this interrogatory on the ground that the

requested information will be readily ascertainable from documents that will be produced in

response to Sicor's Responses to Pharmacia's First Request for the Production of Documents.

## INTERROGATORY NO. 9:

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested
or received regarding validity, infringement, enforceability, or liability in relation to the '285
patent, including without limitation, by identifying whether the opinion was written or oral and
formal or informal; identifying the dates on which the opinion was requested, begun, completed,
and delivered; identifying each person involved in the formulation and delivery of the opinion
(including the role each such person had in the formulation and delivery of the opinion);
identifying each person who has received, reviewed, or otherwise been informed of the substance
of the opinion; identifying each and every document or thing that refers or relates to each
opinion; and identifying which opinion or opinions, if any, you will rely upon in this case.

## RESPONSE TO INTERROGATORY NO. 9:

Defendants object to this interrogatory on the ground that, taken as a whole, Pharmacia's

First Set of Interrogatories, including all sub-parts, exceeds the maximum number of

Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule

26.1. Due to the compound nature of this interrogatory, Sicor is unable to identify which, if any,

of the specific sub-parts that Pharmacia intends to propound as one of its limited number of

permissible interrogatories. Defendants further object to this interrogatory on the grounds that it

vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to

the subject matter of this litigation and is not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to this request on the grounds that it seeks

information covered by the attorney-client privilege or work product doctrine. In addition,

Defendants object to this interrogatory on the ground that the requested information will be

readily ascertainable from documents that will be produced in response to Sicor's Responses to

Pharmacia's First Request for the Production of Documents.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: January 7, 2005
151965.1

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2005, the attached **DEFENDANTS'**

**RESPONSES TO FIRST SET OF INTERROGATORIES BY PLAINTIFF** was served upon

the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


Joshua R. Rich, Esquire                                      <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606



149886.1                              John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,       )
                                  )
              Plaintiff,          )
                                  )
       v.                         )
                                  )    C.A. No. 04-833-KAJ
SICOR INC. and SICOR              )
PHARMACEUTICALS, INC.,            )
                                  )
              Defendants.         )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 7th day of January, 2005, **DEFENDANTS'**

**RESPONSES TO FIRST SET OF INTERROGATORIES BY PLAINTIFF** was served upon

the following counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                          <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                          <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: January 7, 2005
149886 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2005, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                   HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                                       VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

149886.1                                       John G. Day