# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

September 16, 2005

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    <u>Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*, C.A. No. 04-833 (KAJ)</u>

Dear Judge Jordan:

    We write on behalf of plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") in response to the September 15th letter submitted by the Sicor defendants regarding their intent to file a motion to bifurcate both discovery and trial – an issue that Sicor apparently intends to raise during the Monday teleconference.

    The timing of Sicor's letter highlights the deficiency of Sicor's request. After months of discovery and extensive analysis of Sicor's financial documents, Pharmacia finalized and served its expert witness damages report on September 15, 2005. The deadline for that report had already been extended because Sicor had failed to produce the pertinent discovery prior to the original August 15th deadline.

    Indeed, Pharmacia took Sicor's deposition on damages on September 8th, and this deposition confirmed that the documents Sicor had produced theretofore (i.e., prior to September 1st) were not the proper documents for calculating damages. As a result, the enormous effort that Pharmacia's damages expert had undertaken up to that time was largely wasted because Pharmacia's expert was trying to make sense of financial documents that Sicor's own witness admitted were not useful to calculating damages. As a result, Pharmacia's damages expert had to scramble to digest all of the new financial documents that Sicor produced after September 1st. However Pharmacia and its expert did this, and were able to finalize and serve its expert witness damages report on September 15th. Throughout all of that activity, Sicor never moved to bifurcate any issue, including but not limited to damages.

    On the day that Pharmacia finalized and served its expert report on the damages issues, Sicor indicated in its September 15th letter to this Court that Sicor would (at some undisclosed future date) seek bifurcation of trial on damages and willfulness. Suffice to say, Pharmacia feels strongly that it is too late for bifurcation. Bifurcating discovery or trial at this point – particularly on damages – would greatly prejudice Pharmacia.

For similar reasons, it is too late to seek bifurcation of the willfulness issue. Pharmacia filed this action on July 8, 2004. Until this week, Sicor never indicated that it wanted to bifurcate the willfulness issue.[1] Pharmacia served its First Sets of Interrogatories and Document Requests on November 9, 2004. Sicor served its first substantive responses to the Interrogatories on February 4, 2005. Although Sicor included blanket objections to the interrogatories, Sicor responded to the two willfulness-related interrogatories (Interrogatory Nos. 3 and 9) by saying that it "did not deliberately copy any protectible [sic] invention set forth in the '285 patent" and that "the standards of 35 U.S.C. § 285 have not been met, including a determination of which party is 'the prevailing party.'" Sicor has never amended its responses to Interrogatory Nos. 3 and 9, and has never identified whether it even possesses any pre-litigation opinion of counsel relating to infringement, validity, or willfulness.

On July 15, 2005, Pharmacia served a Rule 30(b)(6) notice of deposition that included certain factual categories related to damages and willfulness. After extensive negotiation between counsel, Sicor agreed to produce a Rule 30(b)(6) witness on September 8th. On September 6, 2005 (two days before the deposition), Sicor indicated that its witness would not be presented in relation to the willfulness categories because those issues "call for information related to opinions of counsel that are protected by the attorney-client privilege." Pharmacia rejected this basis for refusal, noting that there are many areas for questioning in relation to willfulness aside from privileged communications, and, in any event, Sicor could preserve privilege by instructing the witness not to disclose privileged communications. At the deposition, Sicor did in fact instruct the witness not to answer various questions on the ground that any answer would disclose privileged communications.[2] (*See e.g.,* pp. 328-332 of the deposition transcript, attached as Exhibit A). It is too late now to suggest that Sicor needs more time to consider whether to waive privilege on opinions of counsel. Sicor has already strongly asserted that privilege. Accordingly, the willfulness issue should not be bifurcated.

Sicor cites the *Chimie* and *Quantum* cases in support of its arguments regarding bifurcation, but it has taken itself outside the "*Quantum* dilemma" by refusing to provide <u>any</u> willfulness discovery. *See* Sicor letter, p. 1-2 (citing *Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416 (D. Del. 2003); *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed. Cir. 1991)). The dilemma arises when a party has established that it has an attorney-client privileged communication on which it may rely, but which may prejudice it on liability issues. In *Quantum*, the Federal Circuit suggested a trial court should then inspect the communication *in camera* and determine whether the party is actually facing the dilemma. *Quantum*, 940 F.2d at 643-44. But Sicor, through its own discovery misconduct, has prevented its argument regarding the dilemma from having any factual basis. Under *Quantum*, a court should consider bifurcation only <u>after</u> a party has established that it has an attorney-client communication on which to rely. *Id.* Sicor has refused to provide any information about opinions of counsel, including whether it received one. Thus, there is no factual predicate for a motion for bifurcation.

---

[1] In responding to the willfulness-related interrogatories, Sicor did state, "Defendants further reserve the right to move, if necessary, at any time for a protective order concerning attorney-client communications or work product information or material that concerns the advise-of-counsel [sic] defense or a bifurcation order to separate liability, damages, and willfulness issues for trial."

[2] Sicor also objected to questions in the area of willfulness arguing that its witness was not being produced in relation to those categories of the deposition notice.

The Honorable Kent A. Jordan
September 16, 2005
Page 3

      Moreover, all of the cases cited by Sicor in support of its position are irrelevant because they were issued before the Federal Circuit's recent decision in *Knorr-Bremse*. *See Knorr-Bremse Systeme Feur Nutzfahrzeuge GMBH v. Dana Corp., et al.*, 383 F.3d 1337 (Fed. Cir. 2004). It used to be true that the defendant in a patent case was put to a "Hobson's choice" of whether to waive privilege in defending a charge of willful infringement. That situation occurred because if the defendant possessed an opinion of counsel but failed to disclose it, the patentee would be allowed to request a jury instruction of "negative inference." That situation, however, no longer exists following the Federal Circuit's recent decision in *Knorr-Bremse*. Moreover, in the present case, Sicor has not even indicated whether it has possession of a pre-litigation opinion of counsel pertaining to the issues in suit and on which it may rely. To the contrary, Sicor has steadfastly refused to admit whether such an opinion even exists.

      Sicor also asserts that "[t]he liability, willfulness and damages issues are wholly distinct and thus ideal candidates for bifurcation, and the potential prejudice to Sicor if bifurcation is not granted will be manifest." But Sicor provides no basis for this assertion. Actually, the opposite is true – the liability, damages, and willfulness issues are strongly intertwined and Pharmacia will suffer prejudice if bifurcation were granted. To the extent that any invalidity argument survives summary judgment, Pharmacia expects to introduce evidence of copying as proof of both validity and willfulness. Similarly, evidence of Sicor's sales of idarubicin hydrochloride support both a finding of non-obviousness due to commercial success and underlie Pharmacia's damages claim. Again, to the extent that invalidity remains part of the case at trial, Pharmacia intends to introduce that evidence as proof of validity and damages.

      Still further, the patent-in-suit expires in August 2006. In fairness to plaintiff, Pharmacia needs to be in position to obtain an injunction promptly upon entry of the jury's verdict in Pharmacia's favor. Any delay in final adjudication of this case would harm Pharmacia by allowing Sicor to avoid an injunction. Thus, the evidence in this case makes it clear that the general presumption should apply and neither discovery nor trial should be bifurcated.

      Last but not least, this dispute is simply not an appropriate case for bifurcation of the damages and/or willfulness issues. This dispute is a run-of-the-mill case insofar as patent lawsuits are concerned. The suit involves only 1 patent, and, by the time of trial, the issues will be boiled down to only 2 or 3 patent claims, each of which is fairly short. The subject matter of those claims is not particularly complex, and the evidence should be fairly straightforward. Because Sicor sells a generic version of Pharmacia's product, and the description is set forth in an application to the FDA, Sicor will not be able to create any issues about how its product is made and used. Most of such issues that Sicor may try to raise will be resolved pre-trial by the Court's *Markman* ruling. There is simply no judicial economy, or efficiency, or other good reason to bifurcate issues in this case.

      Respectfully,

      Maryellen Noreika

cc:    John G. Day, Esquire (By Hand)
       Brian Moriarty (By Fax)