# TAB A

Case 1:04-cv-00833-KAJ     Document 103-2     Filed 09/19/2005     Page 1 of 3



**SONNENSCHEIN NATH & ROSENTHAL LLP**

1221 Avenue of the Americas
New York, NY 10020
212.768.6700
212.768.6800 fax
www.sonnenschein.com

**Brian T. Moriarty**
212 398 5760
bmoriarty@sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

September 9, 2005

VIA FACSIMILE (312-913-0002)

Joshua R. Rich, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606-6709

    Re:    Pharmacia & Upjohn Company LLC v. Sicor Inc. 04 Civ 833 (KAJ)
               Various Discovery Matters

Dear Joshua:

    In response to your letters of September 7 and 9, 2005 and your notice of deposition for Sicor's expert witness Dr. Douglas Clark, please be advised that neither our agreement on discovery nor the Scheduling Order provides for expert depositions prior to the exchange of both sides' expert reports with respect to the area on which the parties' experts are opining. Certainly our understanding, in this case and as a matter of general practice, is that expert reports are to be exchanged prior to expert depositions being taken, so that they can be taken once, comprehensively and efficiently. We are prepared to honor your notice as a priority to depose Dr. Clark before we depose Pharmacia's expert witness, if any, on invalidity issues, but we do not believe such deposition is appropriate prior to your delivery of your expert's invalidity opinion and Dr. Clark's review of that opinion.

    In addition, we received your letter dated September 8, 2005, regarding yesterday's deposition and our objections to Pharmacia's response to Sicor's interrogatory directed to "secondary considerations." With respect to the deposition, I understand from discussion with my colleagues that the deposition of Sicor's 30(b)(6) designee lasted 10 hours and that there was no dispute regarding the scope of the deposition notice or about any of the matters you raised in your letter. With respect to the secondary considerations point, we have still not received a response to our letter dated August 31, 2005 detailing the problems with Pharmacia's response. I would appreciate a response to my letter. If we do not resolve our differences on this matter by next Tuesday, we plan to timely apprise and to raise these matters with Judge Jordan at the September 19 discovery conference.

---



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Joshua R. Rich, Esq.
September 9, 2005
Page 2

     I will respond to you early next week regarding dates for the resumption of the 30(b)(6) deposition of Allyn Becker to which you refer.

     Finally, Mr. Boehnen's statement at the commencement of yesterday's Sicor witness deposition that Pharmacia is not prepared to produce witnesses who can fully respond to each of the topics in Sicor's August 1, 2005 Rule 30(b)(6) notice relating to Pharmacia's sales, marketing and licensing of idarubicin, and valuations of its patent rights, until the earliest of September 29 and October 18 or 19, 2005, is unacceptable to Sicor. As you well know and as we have discussed, Sicor needs these depositions to enable our economic expert to do his work and produce a report in a timely manner. Your withholding of a 30(b)(6) witness on these topics until mid to late October will bear directly on the date Sicor will be able to provide its economic expert's report, and also will make it virtually impossible for Sicor to complete needed follow up discovery by the current November 4 discovery deadline. We request that Pharmacia's sales and marketing witnesses all be produced on mutually agreeable dates prior to the end of September.

     Of similar concern, Pharmacia apparently has still not completed its production of numerous documents relating to, among other items, Pharmacia's sales, marketing, strategic plans, commission schedules, budgeting and pricing related to idarubicin, which documents were requested in Sicor's First and Second Requests for the Production of Documents served on November 29, 2004 and July 15, 2005, and reiterated in David Baum's July 6, 2005 letter to you. Although Pharmacia has produced some documents relating to some of these categories, many of those documents are incomplete, and/or do not cover the full range of relevant years. (As but one example, you have produced portions of a relevant, Global Oncology Franchise Strat Plan 2003-2005, with many pages missing, and no such document for crucial earlier periods (1999-2002)). Unless Pharmacia commits to a full and complete production of these materials to be completed prior to September 19, we also plan to timely apprise and to raise these matters with Judge Jordan at the September 19 discovery conference.

                                             Sincerely,

                                             Brian T. Moriarty

cc:    Maryellen Noreika, Esq.
        John Day, Esq.

17491139