# EXHIBIT 3

EXPRESS MAIL LABEL: EM282183073US                              PATENT
IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
(Case No. 96,926)

In re Application of:                    )

    Gaetano Gatti et al.                 )

Serial No.: 07/827,742                   )        Examiner: R. Feselav

Filed: January 29, 1992                  )        Art Unit: 1803

For:   INJECTABLE READY-TO-USE           )
       SOLUTIONS CONTAINING AN          )
       ANTITUMOR ANTHRACYCLINE          )
       GLYCOSIDE                        )

## TERMINAL DISCLAIMER

Assistant Commissioner for Patents
Box AF
Washington, D.C. 20231

Sir:

    Petitioner, PHARMACIA & UPJOHN COMPANY, is the owner of the entire interest
in the instant application. Petitioner hereby disclaims, except as provided below, the terminal
part of the statutory term of any patent granted on the instant application, which would extend
beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173,
is presently shortened by any terminal disclaimer, of prior U.S. Patent No. 4,946,831.
Petitioner hereby agrees that any patent so granted on the instant application shall be enforceable
only for and during such period that it and the prior patent are commonly owned.  This
agreement runs with any patent granted on the instant application and is binding upon the
grantee, its successors or assigns.

    In making the above disclaimer, Petitioner does not disclaim the terminal part of any
patent granted on the instant application that would extend to the expiration date of the full
statutory term as defined in 35 U.S.C. 154 to 156 and 173 of the prior patent, as presently
shortened by any terminal disclaimer, in the event that it: expires for failure to pay a
maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction,

PU 0015257

is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer.

For submissions on behalf of an organization (e.g., corporations, partnership, university, government agency, etc.), the undersigned is of record and is empowered to execute the terminal disclaimer act on behalf of the organization pursuant to 37 C.F.R. §1.321.

Copies of the assignment documents in the chain of title from the original owners to the assignee and Certificate of Merger and Name Change are attached and were recorded in the U.S. Patent and Trademark Office as follows:

a. U.S. Patent No. Patent No. 4,946,831, issued August 7, 1990 from Serial No. 385,999, filed July 27, 1989, which is a continuation of Serial No. 06/878,784, filed June 26, 1986 (Abandoned).

Tab 1. Inventors to Farmatalia Carlo Erba S.p.A. recorded at at reel No. 4883 and frame Nos. 276-277 on May 26, 1988;

Tab 2. Farmatalia Carlo Erba S.p.A. to Farmatalia Carlo Erba S.r.l. recorded at at reel No. 5060 and frame Nos. 0892-0897 on March 28, 1989;

Tab 3. Farmatalia Carlo Erba S.r.l. to Pharmacia S.p.A. recorded at at reel No. 7349 and frame Nos. 098-101 on March 21, 1995;

Tab 4. Pharmacia S.p.A. to Pharmacia Inc. recorded at at reel No. 7666 and frame Nos. 0069-0071 on June 26, 1995;

Tab 5. Certificate of Merger filed August 1, 1996; and

Tab 6. Certificate of Change of Name filed August 1, 1996

b. Serial No. 07/827,742, filed January 29, 1992 which is derived by way of continuation and divisionals from 06/878,784, filed June 6, 1986 (Abandoned).

Tab 7. Pharmacia S.p.A. to Pharmacia & Upjohn Company filed August 1, 1996.

PU 0015258

On behalf of the Petitioner, the undersigned has reviewed the attached assignment documents and certifies that, to the best of the undersigned's knowledge and belief, title is in the assignee seeking to take the action.

Respectfully Submitted,

Dated: August 2, 1996

Emily Miao
Registration No. 35,285

X    Terminal disclaimer fee under 37 CFR 1.20(d) is included

BANNER & ALLEGRETTI, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
312/715-1000; Facsimile 312/715-1234

PU 0015259

# EXHIBIT 4

769-086-0 FWC

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

IN RE APPLICATION OF: :

GAETANO GATTI ET AL : GROUP ART UNIT: 183

SERIAL NO. 07/503,856 : EXAMINER: PESELEV

FILED: APRIL 3, 1990 :

FOR: INJECTABLE READY-TO-USE :
  SOLUTIONS CONTAINING AN :
  ANTITUMOR ANTHRACYCLINE :
  GLYCOSIDE :

<u>DECLARATION PURSUANT TO 37 C.F.R. 1.132</u>

HONORABLE COMMISSIONER OF PATENTS & TRADEMARKS
WASHINGTON, D.C. 20231

SIR:

  Now comes Carlo Confalonieri, a citizen of Italy, and a
resident of Cusano Milanino (Milan), Italy, who declares and
states that:

  1. I am an employee of Farmitalia Carlo Erba, S.r.l. since
1964 and I am an expert in the chemistry of anthracyclines.

  2. I graduated from the University of Milan, with a degree
in Pharmacy in 1976.

  3. That I supervised the accelerated stability test
originally presented in my March 10,1987 declaration filed in
Serial No. 878,784, a copy of which is Exhibit C to my December
20, 1990 Declaration filed in Serial No. 07/503,856.

    The complete details of the experiments which were
conducted are found on pages 2 and 3 of Exhibit C.

PU 0015197

4.  In Table 1, pH's of from 2 to 3.0 were compared at 55°C
for stability wherein the pH was adjusted with HCl.  As can be
seen, the composition wherein the pH was 2.5 had superior
stability as compared with the same solution at a pH of 2.0.  The
superiority of stability is particularly apparent beginning at
about 16 hours and continuing thereafter.  In Table 2, further
comparisons of solutions having a pH from 2.0 to 3.0 and adjusted
with HCl are reported.  The actual pH for the solution having a
reported pH of 2.0 is, as set forth in the table, variable over
the time of the test beginning at 2.14 and varying from a low of
2.13 to a high of 2.21.  Similarly, the solution with a recorded
pH of 2.5 varied somewhat over the test period and ranged from an
initial pH of 2.56 to a high of 2.61.

5.  I am also familiar with the Wassermann reference,
Exhibit F, hereto.  The Wassermann reference is reporting on the
decomposition of Adriamycin under acidic conditions at a pH of
about 2.  In the experiments, Wassermann reports a pH of 2.13.
The composition of Wassermann differs from the composition which
is the subject of the above-identified application in that the
concentration of Adriamycin in the solution is only about 1/88th
of the minimum of concentration specified in the present claims
and, (2) the pH is lower than the minimum specified in the claim
of 2.5.  It is my opinion that Wassermann was not concerned with
long term storage stability but, rather, was solely concerned
with the kinetics of Adriamycin decomposition under acidic
conditions as are found in the gastric system and in liquid

-2-

PU 0015198

chromatography using acidic mobile phases. It is my opinion that
Wassermann provides no information which would allow one skilled
in the art to produce a storage stable Adriamycin solution. My
opinion is confirmed by the Beijnen article, Exhibit G hereto.
On the first page of the article (page 109) Beijnen describes the
Wassermann article thusly:

> Furthermore, as explained by Wassermann and
> Bundgaard, data with respect to the acid
> catalyzed hydrolysis of anthracyclines are of
> importance in relation to gastric degradation
> and liquid chromatography using acidic mobile
> phases.

6.    The test results reported on Table 2 further confirm my
opinion that Wassermann was unconcerned with long term storage
stability. As can be seen, when a pH is adjusted to 2.14 the
storage stability of the solution for the first 8 hours 55°C is
comparatively good, approximately 92.8% of the anthracycline
remains in an active form. This is in agreement with
Wassermann's statement that under the conditions of HPLC,
degradation will not be a factor and, that in the gastric system
of a patient having normal retention times, the anthracyclines
will survive largely intact. However, as can be seen from Table
2 long term stability of the solution at a pH of 2.14
(approximately) is not good. After 16 hours at 55°C, only 84.4%
of the doxorubicin remains in active form as compared with 92.6%
of the doxorubicin having a pH of about 2.5 (2.56). As the time
is extended the 72 hours, the difference in stability of the two
solutions becomes even more apparent. It is my opinion that the

-3-

PU 0015199

tests reported in Table 2 demonstrate that the Wassermann solution would not be considered a long term storage stable product.

7.    Based on the extensive experimentations which I have carried out and my experience with the experiments reported on Tables 1-3, the difference between a pH of 2.5 and a pH of 2.56 will not have a significant effect on the overall stability of the doxorubicin solutions as can be seen from Table 1, at a pH of 2.51, the doxorubicin solution had approximately the same stability as that reported for a pH of 2.56 in Table 2. Accordingly, it is my opinion that the test results presented in Table 2 are a fair comparison of a solution having pH of 2.5 versus a solution having a pH of 2.14 wherein the pH was achieved by adjustment with hydrochloric acid.

8.    In conclusion, it is my opinion that one skilled in the art would not have been lead by the Wassermann reference to have recognized the unique advantages to be achieved by adjusting Adriamycin solutions to a pH of from 2.5 to 5.0 with hydrochloric acid. There is nothing in Wassermann which would suggest that such solutions would have long term storage stable characteristics such as those which are the subject of the claims of the above-identified application. Based upon the experience of those skilled in the art, when one was preparing the solution of Adriamycin for use in chemotherapy, any adjustment of pH above about 2 would have been performed with a buffer and not with hydrochloric acid. Thus, it is my opinion that it was quite

-4-

PU 0015200

surprising and unexpected to find that the use of hydrochloric acid to adjust the pH of an Adriamycin solution to from 2.5 to 5.0 resulted in a storage stable solution.

9.  The undersigned declares further that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

10.  Further deponent saith not.

Date: 27th May, 1991      Carlo Confalonieri
                          Carlo Confalonieri

-5-

PU 0015201

# EXHIBIT 5

REDACTED

# EXHIBIT 6

**Rich, Joshua**

| | |
|---|---|
| **From:** | JDay [jday@ashby-geddes.com] |
| **Sent:** | Wednesday, June 01, 2005 10:44 AM |
| **To:** | 'mnoreika@mnat.com' |
| **Cc:** | 'jblumenfeld@mnat.com'; Boehnen, Daniel; Rich, Joshua; Fleishman, Lara |
| **Subject:** | Pharmacia v. Sicor — Amended Answer and Counterclaim |
| **Attachments:** | Sicor Ameded Answer and Counterclaim.doc |

Good morning, Maryellen.  I have attached a draft of the amended answer and counterclaim that Sicor proposes to file, which adds an affirmative defense (¶ 24) and counterclaim (¶¶ 37-49) alleging inequitable conduct.  (The amended answer and counterclaim is identical to the version previously filed in all other respects).  Would you please let me know whether Pharmacia will consent to the proposed amendment, or whether we will need to file a motion seeking leave to amend?

Thanks,

John

<<Sicor Ameded Answer and Counterclaim.doc>>

9/19/2005



# EXHIBIT 7



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

*Brian T. Moriarty*
212 398 5760
bmoriarty@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020
**212.768.6700**   *Chicago*
**212.768.6800 fax**   *Kansas City*
www.sonnenschein.com   *Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

June 27, 2005

<u>VIA FACSIMILE</u>

Joshua R. Rich, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

　　　　　Re:　<u>Pharmacia & Upjohn Co. v. Sicor</u>
　　　　　　　　04 Civ 833 (KAJ)

Dear Joshua:

　　　　Enclosed please find courtesy copies of subpoenas for the deposition testimony of Daniel Boehnen, Emily Maio and Jeremy Noe of your law firm regarding the prosecution of U.S. patent 6,107,285. The depositions are scheduled to be taken in our office in Chicago.

　　　　Please let us know if you will accept service of these subpoenas on their behalf so we may avoid the need for process service.

　　　　Please provide us with your answer by the close of business tomorrow.

　　　　Thank you.

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Brian T. Moriarty

cc:　　John Day, Esq.
　　　　Daniel Boehnen, Esq.
　　　　Steven J. Balick, Esq.
　　　　Maryellen Noreika, Esq.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

PHARMACIA & UPJOHN COMPANY, LLC.
      V.
SICOR INC. and SICOR PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C. A. No. 04-833 (KAJ)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TO:

Daniel Boehnen of McDonnell Boehnen Hulbert & Berghoff LLP, 300 South Wacker Dr., Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sonnenschein Nath & Rosenthal LLP; 7800 Sears Tower, Chicago, IL 60606 | July 27, 2005 at 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| Attorney for Defendants |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Daniel W. Celander, Sonnenschein Nath & Rosenthal LLP, 8000 Sears Tower, Chicago, Illinois 60606   (312) 876-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
|  | ADDRESS OF SERVER |

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

PHARMACIA & UPJOHN COMPANY, LLC.
     V.                                          **SUBPOENA IN A CIVIL CASE**
SICOR INC. and SICOR PHARMACEUTICALS, INC.

                                          Case Number:¹ C. A. No. 04-833 (KAJ)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TO:
Emily Maio of McDonnell Boehnen Hulbert & Berghoff LLP, 300 South Wacker Dr., Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sonnenschein Nath & Rosenthal LLP; 7800 Sears Tower, Chicago, IL 60606 | July 26, 2005 at 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

G YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| **Attorney for Defendants** |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Daniel W. Celander, Sonnenschein Nath & Rosenthal LLP, 8000 Sears Tower, Chicago, Illinois 60606    (312) 876-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

PHARMACIA & UPJOHN COMPANY, LLC.                    **SUBPOENA IN A CIVIL CASE**
　　　　V.
SICOR INC. and SICOR PHARMACEUTICALS, INC.

                                                    Case Number:[1]  C. A. No. 04-833 (KAJ)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

TO:

Jeremy Noe of McDonnell Boehnen Hulbert & Berghoff LLP, 300 South Wacker Dr., Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sonnenschein Nath & Rosenthal LLP; 7800 Sears Tower, Chicago, IL  60606 | July 25, 2005 at 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR <br> **Attorney for Defendants** | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Daniel W. Celander, Sonnenschein Nath & Rosenthal LLP, 8000 Sears Tower, Chicago, IL 60606  (312) 876-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
            DATE                                         SIGNATURE OF SERVER

                                                         _____
                                                         ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 8

## Rich, Joshua

| | |
|---|---|
| **From:** | Gugig, Michael S. [mgugig@sonnenschein.com] |
| **Sent:** | Friday, July 08, 2005 4:33 PM |
| **To:** | Boehnen, Daniel |
| **Cc:** | Rich, Joshua |
| **Subject:** | P&U v. Sicor - Draft Letter of Request |
| **Attachments:** | Draft Bottoni Letter.DOC |

Dan:  Further to our conversation last Friday, attached for your review is a proposed letter of request we intend to present to the Court for the deposition of Dr. Bottoni (this letter will serve as a guide for the other 3 inventors).  As we discussed, the draft letter includes a statement that the Court prefers the depositions of the four Italian inventors to go forward in the "American style" (i.e., where the attorneys are permitted to examine the witnesses). I'd appreciate if you would give me a call on Monday to discuss the document, and to let me know if you are willing to join in the motion (or at least not oppose it), as we discussed last week.

Have a good weekend, and I look forward to speaking with you on Monday.

Mike Gugig

Michael S. Gugig
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6907
Fax: (212) 768-6800
mgugig@sonnenschein.com

<<Draft Bottoni Letter.DOC>>

---------------------------------------------------

CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

SONNENSCHEIN NATH & ROSENTHAL LLP
Visit us on the web at http://www.sonnenschein.com
---------------------------------------------------

9/19/2005

# EXHIBIT 9



SONNENSCHEIN NATH & ROSENTHAL LLP

**Brian T. Moriarty**
212.398.5760
bmoriarty@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020
212.768.6700
212.768.6800 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J*
*St. Louis*
*Washington, D.C*
*West Palm Beach*

September 1, 2005

VIA FACSIMILE

Joshua R. Rich, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

Re:  Pharmacia & Upjohn Co. v. Sicor
      04 Civ 833 (KAJ)

Dear Joshua:

Enclosed please find a courtesy copy of the an amended pleading we intend to file tomorrow. As you can see, we have amended the inequitable conduct claim. This new counterclaim will supercede the prior counterclaim and, accordingly, will, if accepted by the Court, moot Pharmacia's pending motion. In addition, the pleading is based on documents that Pharmacia produced after the June deadline for amending the pleadings. Please let us know by tomorrow morning whether Pharmacia will consent to the filing of this pleading.

Very truly yours,

Brian T. Moriarty