IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO BIFURCATE LIABILITY AND WILLFULNESS
AND STAY DISCOVERY RELATING TO THE WILLFULNESS INQUIRY**

ASHBY & GEDDES
Steven J. Balick (ID# 2114)
John G. Day (ID# 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700
Facsimile: (212) 768-6800

Dated: September 28, 2005
161846.1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT .................................................................................................... 4

    SEPARATE TRIALS OF LIABILITY AND WILLFULNESS/DAMAGES ARE
    WARRANTED, AS IS A STAY OF WILLFULNESS-RELATED DISCOVERY ............... 4

        A. Patent Cases Are Appropriate Candidates For Bifurcation .......................... 4

        B. Sicor Would Be Manifestly Prejudiced If Willfulness Is Not Bifurcated From
           Liability And Discovery Related To Willfulness Is Not Stayed.................................. 4

        C. Numerous Other Factors Militate In Favor of Bifurcation ........................... 6

           1. Bifurcation is appropriate because of the complexity of the scientific issues. ........ 7

           2. Willfulness is distinct from liability. ...................................................... 8

           3. The damages questions are both complicated and distinct from
              those relating to liability. ...................................................................... 9

        D. Bifurcation Will Serve The Interests Of Judicial Economy ....................... 10

        E. Bifurcation Will Not Prejudice Pharmacia .............................................. 11

CONCLUSION................................................................................................ 11

# TABLE OF AUTHORITIES

## CASES

*Aptargroup, Inc. v. Owens-Illinois, Inc.*, No. 02-C-5058,
2003 U.S. Dist. LEXIS 11475 (N.D. Ill. July 1, 2003) .......................................................7

*Avia Group International, Inc. v. Nike, Inc., No. Civ. 91-326-JU*,
1991 WL. 340569 (D. Or. Nov. 21, 1991) .................................................................5, 10

*Dow Chemical Co. v. Mee Industries, Inc.*, 341 F.3d 1370 (Fed. Cir. 2003) ................................9

*Hilton Davis Chemical Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512 (Fed. Cir. 1995) ..................9

*Knorr-Bremse Systeme Feur Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337
(Fed. Cir. 2004) ..........................................................................................................6

*Mag Instrument, Inc. v. Brinkmann Corp.*, 123 F.R.D. 543 (N.D. Tex. 1988) ..............................7

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (Fed. Cir. 1996) .................................................9

*Morton Grove Pharmaceuticals, Inc., v. Par Pharmaceutical Companies, Inc.*,
2005 U.S. Dist. LEXIS 14947 (N.D. Ill. July 22, 2005) .......................................................6

*Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
587 F. Supp. 1112 (D. Del. 1984) .................................................................................7

*Plasmanet, Inc. v. Apax Partners, Inc.*, No. 02-Civ. 9290, 2003 U.S. Dist. LEXIS 13533
(S.D.N.Y. Aug. 1, 2003) ..............................................................................................5

*Princeton Biochem, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254 (D.N.J. 1997) ....... *passim*

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed. Cir. 1991) .........................................2, 4, 5

*Shepard v. International Business  Machines Corp.*, 45 F.R.D. 536 (S.D.N.Y. 1968) ................11

*Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977 (D. Del. 1982) ..................................11

*St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, No. 01-557-JJF, 2002
U.S. Dist. LEXIS 15430 (D. Del. Aug. 16, 2002) ...........................................................5, 9

*Swofford v. B&W, Inc.*, 336 F.2d 406 (5th Cir. 1964) .................................................................4

## OTHER AUTHORITIES

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2388..........................5

Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") submit this Memorandum of Law in support of their motion: 1) for separate trials on the issues of liability on the one hand, and (i) damages and (ii) willfulness on the other; and 2) to stay willfulness-related discovery until after the liability question is resolved. Although this Court noted in the September 19, 2005 telephonic conference its general disinclination to bifurcate trials, Sicor respectfully submits that bifurcation is warranted here to avoid the specific prejudice discussed below. Further, Sicor does not believe that different juries would need to hear each trial phase. Instead, if liability is found, the same jury could assess the willfulness and damages issues after a short break to engage in expedited willfulness-related discovery.

## PRELIMINARY STATEMENT

Plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") is prematurely attempting to require Sicor to make an unnecessary Hobson's choice: 1) assert an advice of counsel defense to Pharmacia's willfulness claim and waive the attorney-client privilege with respect to the advice it received in connection with the introduction of its idarubicin hydrochloride injection, with the concomitant significant risk of prejudice to Sicor's ability to properly defend the liability claim; or 2) maintain the privilege and risk a finding of willful infringement and the potential of enhanced damages.

The lock-box into which Pharmacia is trying to place Sicor is not unfamiliar to district courts overseeing patent cases. Indeed, in the seminal case of *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed. Cir. 1991), the U.S. Court of Appeals for the Federal Circuit addressed the issue head-on, and strongly suggested that the recommended course in cases like this is "a separate trial on willfulness" – precisely what Sicor seeks here:

> Proper resolution of the dilemma of an accused infringer who must
> choose between the lawful assertion of the attorney-client privilege
> and avoidance of a willfulness finding if infringement is found, is

- 1 -

of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. **An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found.** Trial courts thus should give serious consideration to **a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in-camera*, reveal that the defendant is indeed confronted with this dilemma.**

*Id.* at 643-44 (emphasis added).[1]

As this Court will see during its *in camera* review of the privileged materials at issue, this case presents precisely the risk recognized by the *Quantum* court – that the jury will impermissibly consider attorney-client privileged materials in connection with the liability question. *Id.* Bifurcation of liability and willfulness in this case would eliminate that very real possibility. If this case is not bifurcated, Sicor, in order to rely on an advice of counsel defense to willfulness, will be forced to disclose otherwise attorney-client privileged materials, including memoranda written by its in-house counsel concerning the opinion process. Without waiving the privilege, it is fair to characterize these memos as brief communications from Sicor's in-house counsel to Sicor business executives in which counsel tries to explain the opinion preparation process and the risks of litigation concerning this patent. If given the opportunity, plaintiff's counsel will improperly try to use counsel's advice to senior management in connection with the liability question. Documents reflecting such advice thus would be extremely prejudicial if

---

[1]    Sicor is submitting herewith, for *in camera* inspection by the Court, the privileged materials it believes it would have to produce if it asserted an advice of counsel defense to Pharmacia's willfulness claim, along with a very brief explanation of the prejudicial aspects of certain of these materials. A log of those privileged documents is attached hereto as Exhibit A.

presented in a unified trial at which infringement, invalidity and willfulness were to be simultaneously decided by the jury.

In addition to prejudice, courts often consider judicial economy and the avoidance of jury confusion in deciding whether to bifurcated issues. With respect to judicial economy, bifurcation plainly makes sense. If the jury finds that Sicor did not infringe the '285 Patent, there will be no need to go through a complex damages/willfulness trial, thus saving both judicial and party resources. Moreover, even if the jury found that Sicor were liable, it might well lead to a quick settlement of the remaining issues, thus also eliminating the need for a willfulness/damages trial.

Avoidance of jury confusion will also be served by segregating the myriad liability-related technical and scientific issues from the quantitative economic damages issues that will be presented at trial. The liability issues in this case are technical and challenging for a lay jury. A separate body of evidence, law, and fact and expert witnesses exists for each of the liability issues, which are distinct from the damages issues, which are in turn distinct from the willfulness issues. The easy division of such issues makes this case appropriate for bifurcation – not only to avoid the irreparable prejudice to Sicor discussed above – but also (among other reasons) to significantly lessen the potential for jury confusion.

Staying willfulness-related discovery is also appropriate here. If the '285 patent is found invalid, there will be no need to address the willfulness issue at all, and thus no need for discovery on it. Accordingly, Pharmacia should not have the benefit of reviewing – before liability is even established – the legal advice Sicor received in connection with its introduction of an idarubicin injection (including the inevitable disclosure of advice regarding strategy relating to the potential of litigation and otherwise), and to use that privileged material to Sicor's detriment and prejudice in the liability phase of the case.

<u>ARGUMENT</u>

**SEPARATE TRIALS OF LIABILITY AND WILLFULNESS/DAMAGES ARE
WARRANTED, AS IS A STAY OF WILLFULNESS-RELATED DISCOVERY**

A.     **Patent Cases Are Appropriate Candidates For Bifurcation**

Rule 42(b) provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or
> when separate trials will be conducive to expedition and economy,
> may order a separate trial of . . . any separate issue or of any
> number of issues . . . .

The advantages of bifurcating liability and willfulness were succinctly set forth in *Quantum*,

which makes clear that the preferred procedure for defendants like Sicor who face the "*Quantum*

dilemma" is to bifurcate liability and willfulness issues. *Quantum*, 940 F.2d at 643-44. Similar

advantages also militate in favor of separating liability from damages questions in patent cases.

*See, e.g.*, *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied* 379 U.S. 962

(1965) ("[W]e cannot think of an instance in a patent action where the damages issue is so

interwoven with the other issues that it cannot be submitted to the jury independently of the

others without confusion and uncertainty ...").

B.     **Sicor Would Be Manifestly Prejudiced If Willfulness Is Not Bifurcated From
Liability And Discovery Related To Willfulness Is Not Stayed**

The possibility of prejudice is the primary factor in assessing whether bifurcation is

appropriate. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §

2388 ("*The possibility of prejudice, however remote, justifies a separate trial* if the issues are so

unrelated that there is no advantage in trying them together.") (emphasis added); *see also*

*Quantum*, 940 F.2d at 643-44 (encouraging in patent case bifurcation of willfulness from liability

when the defendant may be prejudiced by disclosing privileged materials before liability is

found); *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, No. 01-557-JJF, 2002

U.S. Dist. LEXIS 15430, at *4-5 (D. Del. Aug. 16, 2002) ("After reviewing the documents

- 4 -

submitted by Sony, the Court finds that undue prejudice could result if these otherwise privileged documents were exchanged and used during the trial of the [patent] infringement and validity issues.").

Other federal courts around the country have recognized that the precise type of prejudice Sicor faces here outweighs whatever short delay may result from the bifurcation of liability and willfulness at trial. *See, e.g., Plasmanet, Inc. v. Apax Partners, Inc.*, No. 02-Civ. 9290 (BSJ)(THK), 2003 U.S. Dist. LEXIS 13533, at *10 (S.D.N.Y. Aug. 1, 2003) (stating in patent infringement case: "[T]he Court concludes that the prejudice to Traffix by being required to disclose the Opinion far outweighs any prejudice to Plaintiff by deferring discovery on reliance on the Opinion."); *Princeton Biochem, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997) ("Courts have found that concerns of prejudice, complexity, expedition, and judicial economy are particularly significant in patent cases."); *Avia Group International, Inc. v. Nike, Inc.*, No. Civ. 91-326-JU, 1991 WL 340569, at *4 (D. Or. Nov. 21, 1991) (stating in patent infringement case: "Nike will be unfairly prejudiced if it is required to divulge the contents of its private communication with counsel prior to a determination on liability because such communications typically discuss legal theories and strategy.").

Sicor now faces the very same prejudice the alleged infringers in these cases were protected from by virtue of bifurcation and a stay of discovery on willfulness-related issues. As the Court's *in camera* review of Sicor's privileged documents will establish, the risk of prejudice here is very serious.

The jury, without experience in either patent law principles or the chemistry involved in the invalidity case, will face a challenging task to deal solely with the infringement and invalidity issues. If the privileged documents, which are only admissible in connection with the willfulness issue, are presented in a combined trial, the risk is very high that the jury also will impermissibly

- 5 -

consider such privileged assessments of the case by Sicor's in-house counsel in analyzing the

invalidity and infringement issues. Given both the scientific and legal complexities of this case,

it is completely understandable why a jury would implicitly remember and consider short "sound

bites" of legal advice from the defendants' own counsel assessing the patent situation in deciding

validity and infringement, even in the face of instructions not to do so.[2]

### C.    Numerous Other Factors Militate In Favor of Bifurcation

Bifurcation is also appropriate in this case because:

- Liability and willfulness are easily severed. *See Aptargroup*, 2003 U.S. Dist. LEXIS 11475, at *2 ("there appears to be no reason why legal advice would be relevant to any issue other than willfulness").

- There is no significant evidentiary overlap between damages and liability. *See Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1116 (D. Del. 1984) (Latchum, J.) (finding "no substantial overlap" of evidence between damages and liability evidence).

- Bifurcation can eliminate the need for a trial on willfulness and damages if no liability is found or if the case is settled after a finding of liability. *See Mag Instrument, Inc. v. Brinkmann Corp.*, 123 F.R.D. 543, 545 (N.D. Tex. 1988).

Each of these reasons provide separate and independent grounds for bifurcating this case.

---

[2]    In its September 16, 2005 letter to the Court, Pharmacia suggested that the Federal Circuit's decision in *Knorr-Bremse Systeme Feur Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), eliminated the *Quantum* dilemma for defendants facing charges of willfulness. This is simply not true. In that case, the court held that a defendant's failure or refusal to produce an opinion of counsel could not automatically result in a "negative inference" jury instruction. *Id.* The case did not address either *Quantum* or the dilemma Sicor now faces, and courts have entered bifurcation orders after *Knorr-Bremse* was decided. *See, e.g. Morton Grove Pharmaceuticals, Inc., v. Par Pharmaceutical Companies, Inc.*, 2005 U.S. Dist. LEXIS 14947, at *4 (N.D. Ill. July 22, 2005).

1.     **Bifurcation is appropriate because of the complexity of the scientific issues.**

The number of unfamiliar scientific and technical issues the jury will face in the liability phase amply demonstrates why bifurcation is appropriate here.  The lay jury will have to determine: (i) whether Sicor's idarubicin hydrochloride injection infringes any of the seven separate claims in the '285 Patent as Pharmacia alleges; as well as (ii) whether that patent is invalid because, *inter alia*, the scientific prior art (a) anticipates or (b) makes "obvious" the claimed invention.  These numerous determinations are nowhere near as simple as Pharmacia made it appear in its September 16, 2005 letter to the Court.  (D.I. 102).

Specifically, jurors (who will likely have little or no science background at all) will be asked to determine whether the Sicor product infringes, among others, the following claim:

> A physiologically acceptable solution of anthracycline glycoside selected from the group consisting of idarubicin hydrochloride, doxorubicin hydrochloride and epirubicin hydrochloride dissolved in a physiologically acceptable aqueous solvent, having a pH adjusted from 2.5 to 5.0 with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid, the concentration of said anthracycline glycoside being from 0.1 to 100mg/ml, wherein said solution is contained in a sealed container.

(Ex. B: '285 Patent, Claim 1).  In the face of the extremely technical claims at issue, and their use of scientific jargon and principles that are unlikely to be easily comprehensible to lay jurors, Pharmacia's argument that this is a "run-of-the-mill case" the "subject matter of which is not particularly complex," ((D.I. 102, September 16, 2005 Letter at 3), falls flat.  Indeed, with respect to each element of each claim at issue, the jury will have to fully understand all of the applicable scientific terms and principles, which in and of itself will be difficult.

The invalidity issues the jury will have to consider are even more challenging than those surrounding infringement.  Just in connection with Sicor's obviousness defenses, the jury will

have to look at selected excerpts of prior art references, internalize and assess the explanations that each side's expert(s) present in order to reach an understanding about their meaning based upon conflicting expert testimony, and determine based upon its understanding whether the prior art disclosed all of the elements of the '285 Patent claims at issue.[3]  One would be hard pressed to overstate the difficulty of the jury's task in adjudicating liability in this case.

In *Princeton Biochem, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254 (D.N.J. 1997), the plaintiff urged – much like Pharmacia did in its September 16, 2005 letter to the Court – that bifurcation was unnecessary in part because the liability issues were not complex.  The court disagreed, recognizing that "[e]ven plaintiff's most simplistic assessment of the underlying technology and the liability issues in question are likely to be confusing to a jury, unsophisticated in the area of intellectual property."  180 F.R.D. at 257.  Specifically, the district court there concluded that the complexity of the liability issues as well as the resulting potential threat of prejudice due to jury confusion made bifurcation appropriate.  *Id.* at 257-58.

This case will be no different – requiring the jury to examine volumes of complicated scientific materials and assess the competing views of experts.  Adding damages and willfulness-related evidence, witnesses and experts will unnecessarily compound the difficulty of the jury's work.

**2.      Willfulness is distinct from liability.**

If liability is found, the question of whether Sicor acted willfully will require a separate analysis, focused on Sicor's state of mind.  *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579

---

[3]      For ease of reference, and by way of example of the complexity of the liability issues in this case, the Janssen (1985), Wasserman (1983), Lachman (1976) and Windheuser (1963) articles are attached hereto as Exhibits C through F.  These are just a few of the scientific publications that the jury will be asked to understand.

(Fed. Cir. 1996) ("Whether an infringer acted willfully is a question of fact that rests on a determination of the infringer's state of mind."). In assessing whether Sicor acted willfully, Sicor's "good faith reliance on the competent advice of counsel" becomes a significant factor. *Id.* at 1579. Sicor's intent, however, is simply not relevant to an analysis of the liability issues. *See Dow Chem. Co. v. Mee Industries, Inc.*, 341 F.3d 1370, 1380 (Fed. Cir. 2003) ("[T]he motive of the accused infringer when performing a claimed method is simply not relevant [to the liability question]."); *Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1519 (Fed. Cir. 1995) (*en banc*), *rev'd on other grounds*, 520 U.S. 17 (1997) ("Intent is not an element of infringement.").

Here, as in *Princeton Biotech*, there is little, if any, overlap between the liability and willfulness evidence in this case. 180 F.R.D. at 258 & n.3 (internal citations omitted). It is axiomatic that the legal advice and opinions Sicor received from counsel are irrelevant to the question of liability. *See St. Clair*, 2002 U.S. Dist. LEXIS 15430, at *4-5 (rejecting claim that discovery relating to liability and willfulness would be duplicative); *Avia Group*, 1991 WL 340569 at *4 (holding that "willfulness is not relevant to the issue of liability"). Accordingly, liability and willfulness issues can easily be bifurcated.

> **3.    The damages questions are both complicated and distinct from those relating to liability.**

Pharmacia claims an entitlement to a reasonable royalty and/or lost profits by virtue of Sicor's purported infringement. Thus, if bifurcation is not granted, the jury would also have to grasp foreign accounting and marketing principles – not to mention the fifteen separate factors that go into determining a reasonable royalty.

Specifically, the jury will have to decide based in large part upon conflicting expert testimony, among other things: 1) the various possible measures of purported lost profits and

how they should most appropriately be calculated, if at all; 2) whether Pharmacia intended to abandon the idarubicin hydrochloride market; 3) the effect on the lost profit and/or royalty calculation of Pharmacia's decision to cease distribution of the powder form of idarubicin hydrochloride in favor of the liquid, injectible form of the drug; 4) the price upon which a lost profit analysis should be based, in light of the large fluctuations in price over time; 5) the royalties Pharmacia has received (if any) for licensing the '285 Patent or other products that would tend to prove an established royalty; 6) the amount that a prudent licensee would pay to Pharmacia to manufacture and sell idarubicin; 7) whether and to what extent Pharmacia's termination of its idarubicin sales force constituted an abandonment of the relevant market or whether that fact evidences Pharmacia's intent not to maintain its monopoly; and 8) the portion of the profit Pharmacia realized that should properly be credited to Sicor's actions.

The jury will have to make each of these determinations, and many more, based upon voluminous documentary evidence that is unfamiliar to non-accountants, and the conflicting testimony of each side's damages experts. Indeed, "[t]he issue of damages is often more complex than the issues of validity and infringement." *Shepard v. International Business Machines Corp.*, 45 F.R.D. 536, 537 (S.D.N.Y. 1968). Because the complex damages evidence is separate and distinct from the liability evidence, bifurcation is particularly appropriate.

### D.     Bifurcation Will Serve The Interests Of Judicial Economy

"[B]ifurcation will encourage judicial economy and efficiency, in light of the complexity of the damages issues." *Princeton Biochem*, 180 F.R.D. at 259. If the jury in the liability phase determines that the '285 Patent was not infringed, or is invalid, the need for discovery relating to willfulness and a trial on willfulness and damages will be eliminated. Even if the jury were to find that Sicor infringed Pharmacia's patent, it might well spur the parties into reaching a prompt settlement of this matter – again eliminating the need to try willfulness and damages. In either

-10-

case, judicial economy would surely be served by bifurcation. *See Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 984 (D. Del. 1982) ("[I]f any of the liability issues are resolved in [defendants'] favor, no further trial will be necessary. On the other hand, if the liability issues are resolved in [plaintiff's] favor, then [defendants] might very well settle the damages to avoid the lengthy trial."), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984).

### E.    Bifurcation Will Not Prejudice Pharmacia

Bifurcation in the form Sicor proposes will have no material adverse impact on Pharmacia. First, the initial phase of the trial, if limited to liability issues only, would be shorter than a unified trial of liability, damages, and willfulness. Second, the witnesses and evidence related to willfulness that Sicor would produce were it to waive privilege is not voluminous. Moreover, Sicor would be willing to stipulate to making the handful of witnesses who would testify as to willfulness available for deposition in Delaware directly after the liability phase of the trial, thus reducing any delay between trial phases. In contrast to the manifest prejudice to Sicor if damages and willfulness are not tried separately from liability, there will be no material harm to Pharmacia if bifurcation is granted.

### CONCLUSION

For the foregoing reasons, Sicor respectfully requests that the Court order that the trial of this case be separated into two trials: 1) on liability; and 2) on willfulness and damages. In addition, Sicor requests that the Court stay discovery on issues relating to willfulness.

ASHBY & GEDDES

/s/ *John G. Day*

_____

Steven J. Balick (ID# 2114)
John G. Day (ID# 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700
Facsimile: (212) 768-6800

Dated: September 28, 2005
161846.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2005, the attached **DEFENDANTS'**

**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO BIFURCATE**

**LIABILITY AND WILLFULNESS AND STAY DISCOVERY RELATING TO THE**

**WILLFULNESS INQUIRY** was served upon the below-named counsel of record at the address

and in the manner indicated:

Jack B. Blumenfeld, Esquire                                     HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joshua R. Rich, Esquire                                        VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

/s/ *John G. Day*
_____
John G. Day