# EXHIBIT 12

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 598457 (D.Del.)
(Cite as: 2002 WL 598457 (D.Del.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
PEGASUS DEVELOPMENT CORPORATION and
PERSONALIZED MEDIA COMMUNICATIONS,
L.L.C.,
Plaintiffs,
v.
DIRECTV, INC., Hughes Electronics Corporation,
Thompson Consumer Electronics,
Inc., and Philips Electronics North America
Corporation, Defendants.
THOMSON MULTIMEDIA, INC., Counterplaintiff,
v.
PEGASUS DEVELOPMENT CORPORATION,
Personalized Media Communications, L.L.C.,
TVG-PMC, Inc., Starsight Telecast, Inc., and
Gemstar-TV Guide International,
Inc., Counterdefendants.
No. CIV.A. 00-1020-GMS.

April 18, 2002.

MEMORANDUM AND ORDER

SLEET, District J.

I. INTRODUCTION

*1 On December 4, 2000, the plaintiffs, Pegasus Development Corporation ("Pegasus") and Personalized Media Communications, LLC ("PMC"), filed the above-captioned action alleging patent infringement. Specifically, Pegasus and PMC allege that each defendant has willfully infringed seven patents owned or licensed exclusively by PMC and Pegasus.

On November 2, 2001, the defendant Thomson Multimedia, Inc. ("Thomson") sought leave to add third-parties Gemstar-TV Guide International, Inc., StarSight Telecast, Inc., and TVG-PMC, Inc. (collectively "Gemstar") to the case. At that time, Thomson also filed a pleading entitled, "First Amended Answer and Counterclaim and Third Party Complaint." Along with this amended pleading,

Thomson also filed a motion for a sixty-day extension of time to "amend [its] pleadings to add counts relating to [the] newly added [Gemstar] parties."

On January 7, 2002, Thomson filed its "Second Amended Answer and Counterclaims and Third Party Complaint." On February 1, 2002, Gemstar moved to dismiss Thomson's second amended counterclaims. Subsequently, on March 1, 2002, Thomson sought leave to amend its second amended answer and counterclaims and third-party complaint. [FN1] Thomson's motion proposes the following changes to its counterclaims and third-party complaint: (1) reorganization of the facts and claims set forth in the allegations, (2) additional detail supporting Thomson's allegations as to how the counterdefendants have violated the antitrust laws, and (3) a restatement of its claims to cure any alleged defects in its pleading. The Gemstar parties are the only parties that oppose this motion. For the reasons that follow, the court will grant Thomson's motion.

> FN1. Although the motion is entitled "Thomson's motion for leave to amend its second amended answer and counterclaim and third party complaint," Thomson has indicated that it is seeking only to amend its counterclaim and third party complaint.

II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. See Foman v. Davis, 371 U.S. 178, 182 (1962). Following this mandate, the Third Circuit has routinely held that leave to amend should be freely granted when pleadings lack the requisite factual specificity for a particular cause of action. See District Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir.1986); see also U.S. v. Teeven, 1992 WL 683682, at *8 (D.Del. Oct. 27, 1992) (citing cases). Indeed, "[t]he clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses." Teeven, 1992 WL 683682, at *7. Notwithstanding Rule 15(a)'s broad application, courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 598457 (D.Del.)
(Cite as: 2002 WL 598457 (D.Del.))

Page 2

party by virtue of allowance of the amendment, [and] futility of amendment ...." Foman, 371 U.S. at 182. In its opposition to this motion, Gemstar first argues that Thomson has continuously acted improperly with regard to its Gemstar claims, beginning with adding Gemstar as a counterdefendant in November 2001. The court disagrees. It was not until September 14, 2001 that the plaintiffs identified sixteen claims from the patents that it was asserting against Thomson. Moreover, it was not until October 15, 2001 that the plaintiffs set forth their infringement contentions concerning these claims. Thomson maintains that these infringement contentions clearly rely on functionality that falls squarely within an exclusive field of use that Gemstar admittedly has licensed from PMC.

*2 Less than a month after receiving the plaintiffs' contentions, Thomas sought, and was granted, leave to add Gemstar as a party based on the license defense. Furthermore, Thomson argues that it needed additional time to review the plaintiff's "voluminous" document production. Thus, when Thomson sought leave to add Gemstar as a defendant, it simultaneously filed a motion for a sixty-day extension for leave to add additional claims against Gemstar. The court granted the motion, thereby giving Thomson until January 7, 2002 to file additional claims against Gemstar. Accordingly, Thomson timely filed its second amended counterclaim on January 7, 2002. On these facts, Gemstar's charges that Thomson acted in bad faith or with dilatory intent in adding Gemstar as a party are baseless.

Gemstar next relies on statements made by Thomson's counsel at the December 5, 2001 office conference. Specifically, on that date, Thomson's counsel stated that, "we can live with an early January date by which we either amend, that we should make any amendments based on the documents we currently have access to." Gemstar reads this statement as precluding Thomson from filing any additional pleadings in this action. However, based on the transcript of that conference, the court concludes that the issue of whether Thomson should be permitted to seek leave to amend in the future was not before the court at that time. Thus, to read such a broad meaning into Thomson's statements at that conference would be improper.

Gemstar further argues that it will suffer undue prejudice if the court were to grant Thomson's motion. Gemstar bears the burden of proving that actual prejudice will result from an amendment. See Pension Fund v. North Philadelphia Health Sys., 1999 WL 236606, at *2 (E.D. Pa. April 21, 1999). To satisfy this burden, Gemstar must do more than merely claim prejudice. See id. Instead, Gemstar "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." Id. (citing Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir.1989)). "Prejudice does not result merely from a party's having to incur additional counsel fees; nor does it result from a delay in the movement of a case." Pension Fund, 199 WL 236606, at *2 (citing Adams v. Gould, Inc ., 739 F.2d 858, 869 (3d Cir.1984)). Rather, prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party." Pension Fund, 1999 WL 236606, at *2 (citing Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 (3d Cir.1990)).

On the facts before it, the court concludes that Gemstar has failed to demonstrate how it would be prejudiced if the court were to grant Thomson permission to amend. Indeed, nowhere does Gemstar explain how it was "deprived of the opportunity to present facts or evidence." See Pension Fund, 1999 WL 236606, at *2. Nor does Gemstar explain how it would suffer "undue difficulty" in defending against Thomson's claims in the face of an amendment. See id. Indeed, the only prejudice Gemstar has asserted is that it has incurred, and will incur, attorney's fees in briefing the motions to dismiss. [FN2] The law is clear, however, that "prejudice does not result merely from a party's having to incur additional counsel fees ...." Id., see also Adams, 739 F.2d at 869.

> FN2. The court notes, however, that it appears that Gemstar filed substantially similar motions to dismiss in the pending MDL cases as well.

*3 Furthermore, given the current stage of the proceedings, the court finds no indication of any prejudice to Gemstar that would result from the grant of this amendment. The Markman schedule remains in flux. The fact that this case may be transferred to the MDL Court in Atlanta, Georgia creates further uncertainty with regard to the schedule. Additionally, at least several months of discovery remain in this case, and no duplicative discovery will be necessary as a result of Thomson's proposed amended counterclaims. Given the fact that Thomson is not seeking to add new claims, there is ample time for Gemstar to conduct discovery on Thomson's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 598457 (D.Del.)
**(Cite as: 2002 WL 598457 (D.Del.))**

Page 3

counterclaims.

Finally, Gemstar contends that this will be Thomson's third amended pleading. As such, Gemstar is of the opinion that, because Thomson was unable to cure the defects twice before, it should not be given another bite at the pleading apple. While the court is sympathetic to this argument, it concludes that Gemstar has overstated Thomson's earlier actions. Thomson first filed an answer to the complaint on January 22, 2001, when it was arguably unclear whether Gemstar's license would be invoked. In November 2001, when it became clear to Thomson that it should include Gemstar in this action, it did so. Thereafter, on January 7, 2002, it amended its answer again in light of relevant new information it had discovered. The January 7, 2002 pleading is the first time the antitrust allegations appear. Thus, Thomson has, in fact, had no opportunity to correct any pleading defects or to amplify its allegations with regard to the antitrust issues.

In granting Thomson's motion, the court is particularly mindful that one of Thomson's objectives in amending its pleading is to survive Gemstar's motion to dismiss. In that motion, Gemstar argued, among other things, that the allegations in Thomson's existing pleading were "vague and unsupported." Allowing an amendment which purports to rectify this alleged fatal defect in a pleading is surely in the interest of justice. *See Kiser v. General Elec. Corp., 831 F.2d 423, 427 (3d Cir.1987)* (rejecting the approach that pleading is a game of skill in which one misstep by counsel my be decisive to the outcome, when the Federal Rules clearly accept that the purpose of pleading is to facilitate a proper decision on the merits.)

III. CONCLUSION

For the foregoing reasons, the court will grant Thomson's motion to amend. [FN3]

> FN3. Because the court has found no evidence of reckless and indifferent conduct on Thomson's part which would warrant the imposition of sanctions, it need not address Gemstar's request for sanctions.

Therefore, IT IS HEREBY ORDERED that:

1. Thomson's motion for leave to amend (D.I.232) is GRANTED.

Not Reported in F.Supp.2d, 2002 WL 598457 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:00cv01020 (Docket) (Dec. 04, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.