# EXHIBIT 14

```
                  IN THE UNITED STATES DISTRICT COURT

                  IN AND FOR THE DISTRICT OF DELAWARE

                                - - -

PHARMACIA & UPJOHN COMPANY,          :    CIVIL ACTION
                                     :
                                     :
          Plaintiff and              :
          Counter-defendant,         :
                                     :
                                     :
v.                                   :
                                     :
                                     :
SICOR INC., and SICOR                :
PHARMACEUTICALS INC.,                :
                                     :
          Defendants and             :    NO. 04-833 (KAJ)
          Counter-Claimants.         :
                                - - -

                          Wilmington, Delaware
                Thursday, July 28, 2005 at 10:30 a.m.
                         TELEPHONE CONFERENCE

                                - - -

     BEFORE:     HONORABLE KENT A. JORDAN, U.S.D.C.J.

                                - - -

     APPEARANCES:


               MORRIS NICHOLS ARSHT & TUNNELL
               BY:  MARYELLEN NORIEKA, ESQ.

                    and

               McDONNELL BOEHNEN HULBERT & BERGHOFF, LLP
               BY:  DANIEL A. BOEHNEN, ESQ., and
                    JOSHUA R. RICH, ESQ.
                    (Chicago, Illinois)

                         Counsel for Pharmacia & Upjohn Company




                                          Brian P. Gaffigan
                                          Registered Merit Reporter
```

```
 1              I am not, however, going to permit the
 2   depositions at this point in time because I don't think you
 3   have shown, on the Sicor side, that you've met the Shelton
 4   test.  Most specifically, I don't see, at least on the
 5   record I've got at this juncture, that you have gone through
 6   the process of developing testimony from other sources to
 7   the point where you can say:  And now this is a crucial last
 8   link.  And we need to have it.
 9              I'm also mindful of the possibility that you may
10   lose this inequitable conduct defense altogether upon review
11   of Pharmacia's motion, which I have yet to undertake.
12              So it may end up being that, because of the
13   schedule I've got in reviewing that motion, that we're going
14   to have some cleanup discovery after the deadline on this
15   point, but I'm not having you take those depositions on the
16   record that is before me right now.
17              So to the limited extent I've just described,
18   the motion by Pharmacia is granted.  You won't be deposing
19   people at this juncture.  That doesn't prevent you from
20   pursuing other kinds of evidence related to the inequitable
21   conduct defense and developing a further record to support a
22   subsequent effort to get at these attorneys.
23              MR. ASHINOFF:  Your Honor, this is Reid Ashinoff
24   just with a follow-up part inquiry, part point.
25              The two inventors that have been voluntarily
```

1  Mr. Boehnen tell me is not accurate.

2         I've got to say that this seems to me a lot more
3  trouble, Mr. Boehnen, than ought to be being made about
4  this. Folks may not like be subjected to questioning, but
5  am I right that these folks are inventors?

6         MR. BOEHNEN: Yes, sir.

7         THE COURT: Okay. And that at one time or
8  another, these were Pharmacia employees?

9         MR. BOEHNEN: In some cases, many years ago, but
10 at one time. At the time they were inventors, they were
11 indeed employees of the company that made the invention.

12        THE COURT: Okay.

13        MR. BOEHNEN: Or its predecessor.

14        THE COURT: I have to say as much as I respect
15 the fact there are differences throughout the world in the
16 way cases are developed for resolution and that not everyone
17 agrees that American-style open discovery is a fruitful or
18 an efficient way to proceed, that I don't have a lot of
19 sympathy for the position you are pressing on me here.
20 These people are inventors on a patent that you are seeking
21 to enforce. And I think it comes with some degree of, well,
22 inconsistency, let's put it that way, to say, hey, judge,
23 make them develop a bunch of other avenues of evidence with
24 regard to certain defenses before they can depose folks here
25 in the United States and, on the other hand, be throwing up

1   roadblocks to efforts to take depositions overseas.

2           MR. BOEHNEN: Your Honor, if I may offer one
3   quick comment here?

4           THE COURT: Well, you can, but not until I'm
5   finished.

6           MR. BOEHNEN: Okay.

7           THE COURT: And I'm not. So let's talk for a
8   minute about scheduling and then you can tell me whatever
9   you want to tell me.

10          We had scheduled this call not to deal with this
11  specific issue, but I wanted to raise it because I do see
12  these things as interrelated. I don't view it as wholly
13  separate for you to say on the one hand, hey, wait under the
14  Shelton test, make them exhaust all other avenues and, on
15  the other hand, by the way, we'd like to throw things in the
16  way of that other avenue. So to the extent you are thinking
17  I'm viewing these things as unrelated, I want to disabuse
18  you of that.

19          I've given you the protective order to the
20  degree I described here today but I wanted to raise with you
21  the issue of your opposition to Sicor's attempt to get
22  evidence through the Hague Convention as problematic.
23  However, you haven't had your chance to give me something in
24  writing and I'm foreshortening the ordinary time frame for
25  that. You typically would have two full weeks to do that

1   but given that we've got discovery cutoff coming up on us in
2   November, and these Hague things can take awhile to get
3   done, I would like for you to submit to me your response no
4   later than tomorrow by the close of business since that will
5   give you effectively nearly the two weeks you are entitled
6   to, and it will give your opponents an opportunity to
7   respond more quickly, because I intend to rule on this
8   pretty darn quick so that if there is to be any Hague
9   requests, it can get out promptly.
10            Now, in light of those comments, go ahead,
11  Mr. Boehnen.  Tell me what you would like to say.
12            MR. BOEHNEN:  We would be happy to have our
13  response in by tomorrow afternoon, Your Honor.  I just
14  wanted to explain, perhaps responding to Mr. Ashinoff's
15  comments where I'm coming from.
16            Months ago, we began trying to contact these
17  witnesses and to persuade them to participate in the
18  discovery process.  Almost two months ago, we got them to
19  agree that they would voluntarily, on an accelerated basis,
20  provide evidence for the case as long as it was done in
21  accordance with what they're familiar with Italian citizens.
22            So almost two months ago, over a month ago, we
23  wrote to Sicor stating that.  That we represented these
24  people, that we had been in touch with them, that we had
25  gotten them to agree to an accelerated evidentiary process

1  process.

2      MR. MORIARTY: Your Honor, I think if it's not
3  asking too much if we could submit something on Tuesday?

4      THE COURT: Tuesday is fine.

5      All right. And I'll endeavor to get you
6  something before the end of the week.

7      MR. ASHINOFF: Your Honor, one other related
8  issue. Following up on one of your orders, the parties have
9  agreed and will be submitting some time next week I suspect
10 a stipulation regarding certain of the dates for expert
11 reports and we actually have been able to work quite a bit
12 out with each other. In light of the granting of the motion
13 for protective order as to the patent prosecuting attorneys
14 now, we believe that Pharmacia would not oppose our request,
15 our obligation to serve our expert report as to inequitable
16 conduct be adjourned for some time until we can get through
17 some of the discovery on this. Otherwise, it would be due
18 August 5th and obviously we're not -- we thought we would
19 have the attorney depositions and we respect the fact that,
20 you know, the Court has ruled the way it has but in light of
21 that, it doesn't make sense for us to have an August 5th
22 report date when the discovery is yet to be had.

23     THE COURT: Mr. Rich?

24     MR. RICH: Your Honor, we don't disagree that to
25 the extent a proper expert report can be filed that the

```
 1   dates should be extended, but we've been trying to
 2   investigate this and have been unsuccessful getting Sicor's
 3   counsel to state what issues that it properly put before the
 4   Court in the form of an expert report will be the subject of
 5   a report.
 6               THE COURT:  Okay.  Well, I'm going to shorten
 7   this up.  I'm granting Sicor's request in this regard
 8   because if we're going where I think we're going with what
 9   you are saying, Mr. Rich, have them file an expert report
10   and have them supplement it, I'm not going to put them to
11   the extra expense of that.  It's your request they can't get
12   some evidence they think they need to get and under those
13   circumstances, I'm not going to make them file an expert
14   report on this issue until we've got this specific point,
15   that is, is there evidence that Mr. Boehnen and others have?
16   And I hope, am I saying your name correctly?  Is it Mr.
17   Bow-nen or Bay-nen?
18               MR. BOEHNEN:  Actually, Bay-nen, but I heard it
19   every which way.
20               THE COURT:  All right.  I meant no disrespect
21   when, having said it earlier, I mispronounced it.  But
22   in any event, until we get that piece wrapped up, I'm not
23   going to make them put in an expert report.
24               MR. RICH:  Your Honor, that was not our intent
25   at all.  It was just a concern that Sicor will be trying to
```