# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 6, 2005

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

VIA E-FILE

Re: *Pharmacia & Upjohn Company v. Sicor Inc. and Sicor Pharmaceuticals Inc.*,
C.A. No. 04-833-KAJ

Dear Judge Jordan:

We represent defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. ("Sicor") in the above-referenced case and write, in advance of the upcoming Tuesday, October 11, 2005 3:00 p.m. court conference, to ask this Court to compel Plaintiff Pharmacia & Upjohn Co. ("Pharmacia"): (i) to produce various documents pertaining to the prosecution of '285 patent; (ii) to produce its technical expert witnesses and a key manufacturing witness for depositions in the United States; (iii) to produce deposition witnesses to respond to Sicor's second 30(b)(6) deposition notice; and (iv) to serve a privilege log. We also write to request a one month extension of the discovery cut-off date to December 2, 2005 to allow the parties to complete discovery, including foreign depositions, in an orderly fashion.

Pharmacia's Failure to Produce Patent Documents or a Privilege Log

After carefully reviewing over 50,000 documents produced by Pharmacia, Sicor discovered significant omissions of categories of documents as well as specific missing documents in the production. Sicor wrote a targeted, specific and detailed request for these documents to Pharmacia on September 13. (Ex. A) After another letter (Ex. B) and numerous phone conferences to try to narrow the issues, Pharmacia has failed and still refuses to produce: (i) laboratory notebook pages supporting experimental "data" that Pharmacia both reported in the '285 patent-in-suit and submitted in various declarations made by Dr. Confalonieri in order to obtain the '285 patent and related patents worldwide (Ex. A, items 9-17); (ii) all documents relating to Australian and Canadian patent litigations related to the '285 patent (Ex. A, items 3 and 4); and (iii) all foreign patent prosecution files related to the '285 patent (Ex. A, item 4).

In response to Sicor's repeated requests for those materials, Pharmacia responds that they have requested "these types" of documents from "coordinating counsel" and from third-party Nerviano Medical, Pharmacia's former Milan operation, where the subject matter of the '285 patent was developed, and which has ongoing, lucrative consulting arrangements with Pharmacia. Pharmacia contends that, "to the extent that those documents are not privileged," it

The Honorable Kent A. Jordan
October 6, 2005
Page 2

does not have them. Given their importance to its worldwide rights in the '285 patent and related foreign patents, it is not credible that these documents are not retained somewhere in the files of Pharmacia's foreign or U.S. patent counsel or otherwise within Pharmacia's control. The importance of these documents cannot be overstated. For instance, in interrogatory responses, Pharmacia indicated that it will rely upon the "data" published in the '285 patent and submitted by Dr. Confalonieri to the US Patent Office to support its case of non-obviousness. However, Pharmacia will not produce the lab notebooks that would corroborate or contradict that "data." Further, the incomplete production of the prosecution histories, Confalonieri lab notebooks, and the Australian and Canadian litigation documents, hampers Sicor's continuing investigation into the full extent of Pharmacia's inequitable conduct in dealing with the U.S. Patent Office.

Sicor is also concerned, based on conversations between counsel, that Pharmacia is planning to list improperly these types of documents on a privilege log, which log Pharmacia still refuses to produce at this late stage of the discovery period. Although Sicor has asked Pharmacia to exchange privilege logs (Ex. B, p. 2), Pharmacia has not agreed to do so, or agreed to any set future date for that exchange. Instead, Pharmacia claims that it is still in the process of logging many boxes of documents, and states that its log will be served "when it is done." Pharmacia's refusal to produce a privilege log is prejudicing Sicor's ability timely to challenge improper designations, and to obtain additional documents (or depositions) in advance of what may be critical depositions, including depositions of the inventors in Italy which are not yet firmly scheduled.

Pharmacia's Refusal To Produce Witnesses in the United States

Pharmacia refuses to offer its scientific expert witnesses for depositions in the United States. On Friday, September 30th, Pharmacia demanded for the first time that the depositions of its two technical experts, Jacob H. Beijnen and Prof. Fredrico Arcamone, occur in their homelands of Holland and Italy, respectively. Although Pharmacia has served expert reports from these men and intends to present these witnesses at trial, Pharmacia states that they are not available for depositions in the United States due to Mr. Beijnen's purportedly busy schedule and Prof. Arcamone's advanced age.

Similarly, Pharmacia refuses to produce for a deposition in the United States the manager of its Australian manufacturing facility, Bradley Winters, who is a key witness on damages. Pharmacia's expert report on damages relies upon Mr. Winters' statements concerning Pharmacia's manufacturing capabilities. Mr. Winters also authored (contradicting) correspondence to Sicor that reflects Pharmacia's manufacturing problems due to a contaminated plant that was shut down after an FDA inspection. Pharmacia's capability or lack thereof to manufacture the volume of idarubicin product that was sold by Sicor is squarely relevant to its claim for lost profits damages. Although Pharmacia has offered Mr. Winters' deposition by telephone from Australia (which would be significantly impaired by a difficult twelve hour time difference) (Ex. C), the importance of the testimony warrants an in-person examination.

The Honorable Kent A. Jordan
October 6, 2005
Page 3

Pharmacia's Improper Objections to Sicor's Rule 30(b)(6) Deposition Notice

     Pharmacia has also responded by objecting to all twelve categories of Sicor's second 30(b)(6) deposition notice (Ex. D). Pharmacia objected and refused to produce a witness for categories 1-7, 9 and 11 because they are purportedly "contention depositions." However, the categories of this notice seek a witness or witnesses with knowledge to testify concerning the factual bases for Pharmacia's allegations and defenses with respect to Sicor's obviousness position and to Pharmacia's claim that "secondary considerations," such as "unexpected properties" or "long felt need," existed to justify the issuance of the patent. Sicor also seeks a witness to testify about the specific scientific data supporting Pharmacia's patent's claims, and also about the manner in which Pharmacia made these assertions in declarations to the U.S. Patent Office. Although Sicor confirmed on September 30 that these categories only seek factual information surrounding these disputed issues in the case (Ex. E), Pharmacia has refused to agreed to provide a knowledgeable witness or witnesses on any of these topics.

Destruction of Evidence

     We are also compelled to raise with the Court Pharmacia's apparent destruction of important evidence. In response to Sicor's September 13 letter (Ex. A), Pharmacia's lawyers informally advised Sicor that complete and final copies of numerous requested documents (e.g. complete and final copies of Pharmacia's draft "Global Oncology Strat Plan 2003-2005" and draft "Idamycin PFS Zavedos Lifecycle Management Plan" (Ex. A item 19)) do not exist, and explained that they were probably destroyed as part of Pharmacia's 2003 merger with Pfizer. However, Pharmacia notified Sicor in writing of its intention to enforce this patent in suit in 2000 and again in 2002. Its failure to preserve numerous important documents relating to this patent is troublesome. Sicor requests both a formal representation by Pharmacia as to whether all of this evidence has been destroyed, and a 30(b)(6) witness concerning its document retention policy and practices regarding the documents pertinent to this dispute.

Discovery Cut-Off

     In addition to the foregoing delays and disputes, we have recently documented for the Court Pharmacia's multi-month delays in providing both documents, as well as Italian and U.S. deposition witnesses in this case (See Ex. F). The parties have agreed in principle (subject to further discussion on Monday October 10) on a one-month extension of the discovery period to December 2, and would appreciate the opportunity to apprise the Court of the status of those discussions.

                                      Respectfully submitted,

                                      /s/ *John G. Day*

                                      John G. Day (I.D. #2403)

The Honorable Kent A. Jordan
October 6, 2005
Page 4

Attachments
JGD: nml
162136.1
cc:     Clerk of the Court (via CM/ECF Filing)
        Maryellen Noreika, Esquire (by hand; w/attachments)
        Daniel A. Boehnen, Esquire (via electronic mail; w/attachments)
        Reid L. Ashinoff, Esquire (via electronic mail; w/attachments)