# EXHIBIT A


**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

1221 Avenue of the Americas
New York, NY 10020
212.768.6700
212.768.6800 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

Brian T. Moriarty
212 398 5760
bmoriarty@sonnenschein.com

September 13, 2005

<u>**VIA FACSIMILE AND E-MAIL**</u>

Joshua R. Rich, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

      Re:    Pharmacia & Upjohn Co. Sicor 04 Civ 833 (KAJ)
                    <u>Pharmacia's Missing Documents</u>

Dear Josh:

      As a follow up to my letter of September 9, 2005, we have received and reviewed various installments of Pharmacia's rolling document productions over the past few months in response to our document requests and letters. Notwithstanding Pharmacia's productions, we still have not received many documents that are important and relevant to this case. Attached is a detailed list of material that has not been produced. Due to the impending dates for depositions and other case deadlines, we request confirmation from you no later than noon on September 15 that, all of this additional material will be produced to us within the next ten days (by September 23), so that we may review the material before proceeding with further depositions of Pharmacia witnesses. Failing that commitment, we will be constrained to raise the issue with the Court.

      We believe that all the material on the attached list fall within our prior document demands, and have annotated our list with the specific document demands to which they correspond. Should you believe any particular item(s) might not be covered by our prior requests, we disagree, but in such case you may deem this letter to be Sicor's Third Request for Production of Documents.

      Sincerely,

      Brian T. Moriarty

cc:    Reid Ashinoff, Esq.
       Maryellen Noreika, Esq.
       John Day, Esq.

17491552\V-1

## OUTSTANDING CATEGORIES OF PHARMACIA DOCUMENTS

1.  The court docket information, motions, pleadings, transcripts, and correspondence related to litigation of Australian Patent No. 598197 appears incomplete. For example, there is no information concerning the court docket or documents concerning settlement. (Sicor Document Demands 31, 70-73.)

2.  The court docket information, motions, pleadings, transcripts, and correspondence related to litigation of Canadian Patent No. 1291037 appears incomplete. For example, there is no information concerning the court docket or documents concerning settlement. (Sicor Document Demands 31, 70-73.)

3.  The prosecution histories and correspondence related to the following Related Patents do not appear to be produced: AT73336T; AT129896T; AT176886; AT240108; AT397463; AU632036; AU5885886; AU8205987; BA97187B; BE1000540; BG60425; CH690490; CN1058391; CN87108225; CN1064531; CN86104283; CS277561; CS8604708; DE3741037; DE3751589; DE3752368; DE3777365; DK167557; DK306286; DK175815; DK635287; EP0273603; EP0438183; EP0659435; EP1283044; ES556291; ES8801580; ES2039460; ES2082023; ES2198424; FI86800; FI862629; FI91710; FI875340; GB2200047; GB8614800; GB8519452; GB8629193; GR861556; GR871846; GR3004303; GR3018867; HK39591; HK93990; HR920525; HU42326; HU196123; IE59297; IE861598; IL79129; IL84703; IT1226072; IT8722869; JP1927218; JP6055667; JP62048629; JP2621255; JP63215633; KR158672; KR9201773; KR9607861; NL191507; NL8601698; NL300011I; NL8702914; NO175802; NO875055; PT82865; PT86285; SE512881; SE8704849; SG36591; SG80690; SU1837883; YU44788; YU103586; ZA8604792; and ZA8709087. Each of these Related Patents comprises a member of the patent family in common with the '285 Patent. (Sicor Document Demands 33-38.)

4.  The prosecution histories and correspondence for the following Related Patents appear produced in incomplete form: AU598197; BE905202; CH668911; CH680494; CY1592; DE3621844; DE3645281; FR2585569; FR2607702; IT204906; MX9203578; NO170913; NO862587; PH22332; SE466383; SE8602743; SI8611035. Each of these Related Patents comprises a member of the patent family in common with the '285 Patent. For example, only the original application or the patent grant is provided for many of these Related Patents, while correspondence related to amendments is absent for others. (Sicor Document Demands 33-38.)

5.  The record for the opposition proceedings drawn to the following Related Patents appears produced in incomplete form: DE3621844; SE8602743; Dutch Laid Open 191.507. (Sicor Document Demand 70.) For example, the correspondence between the Applicant and the respective patent offices is incomplete; moreover, the complete record of opposition proceedings is absent.

6.  The documents that mention or refer or relate to or discuss the utility, advantages, or performance of idarubicin described or claimed in the '285 patent or any of the Related

Patents over alternative products were not produced, other than the comparative stability data at different pH's of idarubicin liquid solutions, epirubicin liquid solutions and doxorubicin liquid solutions (e.g., Bates Nos. PU 0021717-19). (Sicor Document Demands 25 and 27.)

7. The documents relating to Prior Art searches related to the subject matter claimed or discussed in the '285 Patent or Related Patents conducted by, or under instruction of Pharmacia, or that Pharmacia is aware of, were not produced. (Sicor Document Demands 46 and 47.)

8. The documents relating to any tests that Pharmacia performed on Sicor's idarubicin ready-to-use product were not produced. Prior to filing of the complaint in the instant litigation, Pharmacia would have been expected to have performed such tests and Sicor is entitled to production of those documents that describe the results of such tests. (Sicor Document Demand 77.)

9. The laboratory notebook pages that support all experimental data reported in Table II of Dr. Confalonieri's Declaration dated Aug. 11, 1989 were not produced. (Sicor Document Demands 60-62; 82; 85-89.)

10. The laboratory notebook pages that support all experimental data at 55 ºC reported in Appendix E of Dr. Confalonieri's Declaration dated December 20, 1990 were not produced. (Sicor Document Demands 60-62; 82; 85-89.)

11. The laboratory notebook pages that support all experimental data drawn to "other physiologically acceptable acids" reported in Dr. Confalonieri's Declaration dated December 9, 1992 were not produced. (Sicor Document Demands 60-62; 82; 85-89.)

12. The laboratory notebook pages that support all experimental data drawn to 35 ºC and 45 ºC stability assays for anthracycline solutions having a pH 2.3 and pH 3.5 reported in Dr. Confalonieri's Declaration dated January 12, 1996 were not produced. (Sicor Document Demands 60-62; 82; 85-89.)

13. The laboratory notebook pages that support all experimental data reported in Dr. Confalonieri's Declaration for Swedish Patent Application 8602743 dated April 18, 1994 were not produced. (Sicor Document Demands 60-62; 82; 85-89.)

14. The laboratory notebook pages that support all experimental data drawn to 35 ºC, 45 ºC and 55 ºC at the time of 4 days reported in Dr. Confalonieri's Declaration for Swedish Patent Application 8602743 dated December 24, 1994 were not produced. (Sicor Document Demands 60-62; 82; 85-89.)

15. The laboratory notebook pages that support all experimental data reported in Dr. Confalonieri's Declaration for Norwegian Patent Application 862587 dated March 1, 1993 as follows: Experimental Report 1 (stability data of doxorubicin solutions at pH

2

17491552\V-1

2.5-5.0 in phosphate buffer); Experimental Report 2 (stability data of doxorubicin solutions in aqueous HCl or phosphate buffer); Experimental Report 3 (stability data for doxorubicin solutions in aqueous HCl at pH 4.0 or according to conditions of Janssen et al.); Experimental Report 5 (stability data of doxorubicin and epirubicin solutions in physiological saline adjusted to pH 3 with HCl); Experimental Report 6 (stability data of idarubicin solutions with tonicity adjusting agents, either 5% dextrose or 3.6% glycerol); Experimental Report 7 (comparative data for stability of doxorubicin, epirubicin, and idarubicin at different pH values) were not produced.  (Sicor Document Demands 60-62; 82; 85-89.)

16.     The laboratory notebook pages that support all experimental data drawn to epirubicin stability and doxorubicinone (adriamycinone) solubility reported in Dr. Confalonieri's Declaration for German Patent Application 3645269 dated December 13, 1993 were not produced.  (Sicor Document Demands 60-62; 82; 85-89.)

17.     The laboratory notebook pages that provide the detailed calculations of t90% from the accelerated stability experiments for the examples of the '285 Patent, as reported in Bates range PU 0022561 - PU 0022848 were not produced.  (Sicor Document Demand 90.)

18.     Documents reflecting the organizational structures of Pharmacia's oncology franchise since 1995, including internal marketing, corporate accounts, field sales, sales management, oncologic drug research and development, and commercial operations. (Sicor's Document Demands 11, 12 and 40.)

19.     Specific or general strategic, business, management and marketing plans, reports, presentations or summaries concerning idarubicin since 1995, including, without limitation: (i) a complete final copy of the document entitled "Global Oncology Strat Plan 2003-2005" that is Bates No. PU 45030 and all supporting documents; (ii) all similar or related strategic plans for the period 1995-2003; (iii) a final copy of the document entitled "Idamycin PFS Zavedos Lifecycle Management Plan" that is Bates No. PU 46786-803 and all related drafts, supporting documents and financial analyses; and (iv) all documents reflecting actual or budgeted allocation of expenses for idarubicin. (Sicor Document Demands 9, 10, 14-16, 19-25, 27 and 28.)

20.     All monthly reports concerning idarubicin since 1995; Pharmacia has produced a document entitled "Ellence Aromasin Monthly Report" dated May 2002 that is Bates No. PU 48105 but has not produced any such reports or related documents for idarubicin. (Sicor Document Demands 21, 23, 27, 52 and 106.)

21.     All monthly reports concerning other oncology products since 1995 in the form of or similar to the document entitled "Ellence Aromasin Monthly Report" referenced above. (Sicor Document Demands 22, 24, 28, 52 and 106.)

22.     Documents reflecting any consideration by Pharmacia to withdraw in whole or in part

3

from the idarubicin market or the overall oncology market, or any part thereof, since 1995, including, without limitation, any memos, meeting minutes, presentation materials and other communications. (Sicor Document Demands 9, 10, 14-16, 20-24, 27 and 28.)

23.    Communications between or among Pharmacia, sales representatives and any customers concerning idarubicin since 1995, including, without limitation, communications concerning efforts to sell idarubicin, generic competition for idarubicin, pricing issues and customer surveys. (Sicor Document Demands 9, 10, 21, 22, 25, 27 and 102.)

24.    Complete reports, summaries, plans or other documents reflecting the commissions and commission payout criteria and formulas in connection with idarubicin since 1995. (Sicor Document Demands 1-6.) The only documents produced by Pharmacia that potentially concern commissions are six pages under the title "USMC Sales Force," Bates Nos. PU 45126-32, which appear to be incomplete draft portions of the "Global Oncology Strat Plan 2003-2005" that address the 2002 budget for its oncology sales force and the anticipated budget for 2003-2005. Pharmacia has not produced final versions of those documents, much less any similar or related documents for any prior years.

25.    Complete reports, summaries, plans or other documents reflecting the commissions and commission payout criteria and formulas in connection with Pharmacia's portfolio of oncology products since 1995. (Sicor Document Demands 1-6.) Once again, as noted above, Pharmacia's production for this category of documents is incomplete.

26.    Training and presentation materials developed to direct, support, or assist field sales representatives or corporate accounts since 1995 in connection with the marketing and sale of: (i) idarubicin; and (ii) and all other oncology products. (Sicor Document Demands 9 and 10.)

27.    Pharmacia's contracts for sale of idarubicin to hospitals, clinics, wholesalers, distributors, group purchasing organizations, physician practice management groups, and other third parties. (Sicor Document Demands 5, 6.) The only idarubicin sales contract produced by Pharmacia is the between Pharmacia and Novation, LLC that is Bates No. PU 46694-747. In addition, Pharmacia also has not produced a complete record of communications, notes, memos or presentations concerning the Novation contract.

28.    Documents concerning pricing adjustments or strategies for idarubicin in connection with a competing generic product, including, without limitation, financial plans, models or presentations demonstrating or forecasting price increases or decreases, and communications with sales representatives, distributors or end users. (Sicor Document Demands 117-120.) For example, Pharmacia has produced a detailed document entitled "US Pricing Recommendation" for the drug Lipitor dated November 5, 2002 that is Bates No. 47687-93, but has not produced similar presentations for idarubicin.

29.    Documents concerning or reflecting pricing adjustments or strategies in connection with

4

the entry of any competing generic product in the oncology marketplace, including, without limitation, financial plans, models or presentations demonstrating or forecasting price increases and decreases, and communications between and among Pharmacia employees or with any sales representative or other individual or entity concerning the foregoing.  (Sicor Document Demands 117-120.)

30.     Documents concerning capital expenditures and capital budgets associated with the initial launch and the production of idarubicin.  (Sicor Document Demands 7 and 8.)

31.     A complete record or detailed expense documents concerning the entire supply chain of idarubicin.  (Sicor Document Demands 7 and 8.)

5

# EXHIBIT B



**SONNENSCHEIN NATH & ROSENTHAL LLP**

1221 Avenue of the Americas
New York, NY 10020
212.768.6700
212.768.6800 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

David R. Baum
212.768.6925
dbaum@sonnenschein.com

September 21, 2005

<u>**VIA FACSIMILE**</u>

Jeffrey Steck, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

   Re: <u>Pharmacia & Upjohn Co. v. Sicor</u>
       04 Civ 833 (KAJ)

Dear Jeff:

   As a follow up to our telephone conference yesterday, upon further review of
Pharmacia's responses to the unproduced, responsive document categories listed in Brian
Moriarty's Letter to Joshua Rich dated September 13, 2005, Pharmacia's lackluster document
production and responses to our identification of deficiencies does not resolve our concerns that
it has not made a full and complete production.

   For instance, you told us with respect to documents associated with the related Australian
and Canadian Litigations, prosecution histories of foreign patents related to the '285 patent, and
the related Swedish, Dutch and German Opposition Proceedings (deficient production categories
#1-5) and the backup documentation for Dr. Confalonieri's experiments reported in German,
Norwegian, Swedish and US Declarations as well as in the '285 patent specification, itself
(deficient production categories #9 through 17), that Pharmacia has done a complete and
exhaustive search for documents including the files of its foreign affiliates and outside counsel --
and has not found any additional documents to produce in response to this category.

   Frankly, we find it impossible to believe that Pharmacia has conducted an exhaustive
search for these and other critical document categories outlined in Mr. Moriarty's September 13
letter. Unless you are prepared to represent during our conference call tomorrow that Pharmacia
has caused the files of all of the relevant attorneys, agents, and consultants of Pharmacia and
Upjohn to be searched for these document categories, we will raise this matter with the court.
Those attorneys and agents include, but are not limited to: Nerviano Medical Sciences, S.r.l.
(formerly Pharmacia's Milan Oncolytic operations, which has a current consulting agreement
with PNU); Blake Dawson Waldron (FICE's Australian Litigation Counsel); Phillips Ormonde &
Fitzpatrick (Upjohn's Australian Litigation Counsel); Pharmacia S.p.A.'s Canadian Litigation



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Jeffrey Steck, Esq.
September 21, 2005
Page 2

Counsel (Messrs. Gunars Gaikis and Steven B. Arnold); Oblon, Spivak, McClelland, Maier &
Neustadt, P.C. (the original US Patent Prosecution Counsel for the '285 patent); Pharmacia's
Dutch Patent Opposition Counsel; J.A. Kemp & Co. (European Patent Office and UK Patent
Prosecution Counsel); Patentbureauet Hofman-Bang & Boutard (Denmark Patent Prosecution
Counsel); Hoffman-Eitle (German Patent Prosecution Counsel); Cabinet Beau de Lomenie
(French Patent Prosecution Counsel); Barzano & Zanadro Milano S.p.a (Italian Patent
Prosecution Counsel); Dr. Ludwig Brann Patentbyra AB (Swedish Patent Prosecution Counsel).
We reconfirm that we require a commitment to produce all of this material by September 30.

We expect that you will also be able to provide complete answers tomorrow morning as
to whether or not Pharmacia will maintain that documents that are responsive to category 7 (i.e.,
documents related to the Prior Art searches of subject matter in the '285 and related patents), and
category 8 (i.e., documents related to any tests that Pharmacia performed on Sicor's idarubicin
ready-to-use product), constitute attorney-work product. Along similar lines, please be prepared
to confirm on our call whether you will exchange privilege logs no later than September 26.
Certainly your log should reflect the documents called for by these two areas of production.

In addition, we expect that you will advise us whether Pharmacia will voluntarily produce
documents in response to categories 20, 21, 25 and 26 with respect to all oncology products.
Pharmacia's objection that these categories should be limited to idarubicin, ellence and the other
anthracycline glycosides is without justification, particularly in light of the fact that Pharmacia's
own economic expert groups idarubicin together with the other oncology products in his
discussion of the company's alleged marketing and promotional activities. Moreover, Pharmacia
has already produced (albeit in incomplete and draft forms) documents that analyze Pharmacia's
strategic planning for idarubicin in the context of its overall oncology group, which serves only
to highlight the need to obtain a complete record of documents for that group. We were
disappointed to learn that Pharmacia had not even conducted a search for those documents. In
addition, we expect that you will advise us as to whether Pharmacia has located additional sales
contracts concerning idarubicin that are responsive to category 28. We further expect that you
will advise us as to whether Pharmacia will produce summaries detailing in the information
sought in category 31. As these documents pertain to damages issues, we reconfirm that we
require a commitment to produce all of this material by September 27, which is a mere two days
in advance of the deposition of Pharmacia's first 30(b)(6) witness on those topics.



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Jeffrey Steck, Esq.
September 21, 2005
Page 3

With respect to depositions, we confirm that Pharmacia will produce Peter Laivins on September 29, 2005 at our offices in New York as a finance Rule 30(b)(6) witness in response to Sicor's notice dated August 1, 2005. We request a list by the end of this week with the exact categories to which Mr. Laivins will be testifying. On our call, please be prepared to respond to our proposal of October 14 as the date for the deposition of Pharmacia's Rule 30(b)(6) witness on sales and marketing, Howard Meyer, and confirm that we will receive a list of exact categories to which he will be testifying. You will also provide us with the employment status and availability for depositions in New York of the following damages-related fact witnesses: Leena Das Young, Brian Writtenhouse, Grace Squillacci, Kevin Norrel, Bradley Winters and Jos Vanderwoerst. We have proposed October 18-20 for some or all of these depositions, which we agreed would be at our offices in New York.

Very truly yours,

David R. Baum

cc:    Joshua Rich
       Reid Ashinoff
       Jordan Sigale

# EXHIBIT C

09/28/2005 16:41 FAX 312 913 0002    MBHB    ☑002/003

 **McDonnell Boehnen Hulbert & Berghoff** LLP    300 South Wacker Drive    312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

September 27, 2005

Sent Via Facsimile (212) 768-6800

David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020-1089

Re:    Pharmacia & Upjohn Co. LLC v. Sicor Inc.

Dear David:

We write with regard to your request, addressed in your letter of September 23, 2005, for the deposition of Bradley Winter. As you may recognize from your review of the documents produced by Pharmacia, Mr. Winter is an employee of Pfizer (Perth) Pty Limited in Perth, Australia. That is, he is neither an officer, director, or employee of Pharmacia nor easily able to get to the United States for a deposition. However, we are willing to work with you to ensure the availability of a process that would allow Sicor to obtain the information it believes it needs in relation to this case.

Under these circumstances, we would propose that Pharmacia arrange for Mr. Winter to be deposed by telephone with reasonable consideration of the difficulties created by geography. For example, we do not believe it would be reasonable to have a one-day, seven-hour deposition starting at 9 a.m. EDT. Rather, given the twelve-hour time difference between New York and Perth, we would suggest that the deposition take place in a series of shorter segments (as needed, with a maximum of seven hours total) in the evenings. Under these circumstances, we believe we can obtain mutually acceptable dates for the telephonic deposition to proceed.

09/28/2005 16:41 FAX 312 913 0002       MBHB                                    ☑003/003

Please feel free to contact us directly if you have any questions and to arrange acceptable dates.

Very truly yours,

Joshua R. Rich
312-913-2133
rich@mbhb.com

cc:    John G. Day
       Maryellen Noreika

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,           )
                                       )
            Plaintiff,                 )
                                       )        C. A. No. 04-833-KAJ
      v.                               )
                                       )
SICOR, INC. and SICOR                  )
PHARMACEUTICALS, INC.,                 )
                                       )
            Defendants.                )

## <u>NOTICE OF DEPOSITION OF PHARMACIA & UPJOHN COMPANY</u>

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Defendants Sicor, Inc. and

Sicor Pharmaceuticals, Inc. (collectively "Sicor") by their undersigned attorneys, requests that

Plaintiff Pharmacia & Upjohn Company ("PNU"), designate and produce one or more persons to

testify on its behalf on each of the matters set forth in Schedule A attached hereto beginning at

9:00 a.m. on September 29, 2005 in the offices of Ashby & Geddes, 222 Delaware Avenue, 17th

Floor, Wilmington, Delaware 19899. The deposition shall be recorded by stenographic means

and shall be videotaped.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  September 12, 2005
161274.1

## SCHEDULE A

Sicor requests that PNU designate and produce one or more representatives who can testify on behalf of PNU with respect to the following subjects (all defined terms set forth in Sicor's First Request for Production of Documents dated November 29, 2004 shall be incorporated herein):

1.    All facts regarding Pharmacia's allegations that the alleged commercial success of the invention(s) claimed in U.S. Patent No. 6,107,285 (the "'285 patent") constitutes evidence that that patent satisfies the requirements of 35 U.S.C. § 103.

2.    Identification of all unexpected properties and unexpected results Pharmacia alleges were achieved by the invention(s) claimed in the '285 patent, and explanation of why and how they were unexpected, including an identification of all documents containing information regarding any such unexpected properties and unexpected results.

3.    Identification of all long-felt needs Pharmacia claims were satisfied by the invention(s) claimed in the '285 patent, and information known to Pharmacia concerning statements or indications of such needs or the absence of such needs, unsuccessful efforts by others to satisfy those needs, and any skepticism concerning whether such needs could be satisfied, including an identification of all documents containing information regarding any such all long-felt needs.

4.    All facts concerning Pharmacia's allegation that avoiding "dose calculation issues and potential contamination created by reformulation" constitutes evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

5.    All facts concerning Pharmacia's allegation that the "copying" of certain features of the alleged inventions of the '285 patent constitutes evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

6.    All facts concerning Pharmacia's allegation that the licensing and adoption of ready-to-use formulations of anthracycline glycosides constitute evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

7.    All facts concerning Pharmacia's allegation that failed attempts to design around the '285 patent are evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

8.    The procurement of the declarations of Carlo Confalonieri, William Dana, Debra Holton-Smith, Mary Horstman, Barbara Barhamand, Nagesh Palepu, William Ring, Julie Solms, Martin Williamson and Frederick Grab, and any other attempts to obtain declarations concerning secondary considerations in support of the applications resulting in the '285 patent.

9.    The facts described by Pharmacia in its response to interrogatory number 6 in Plaintiff's First Supplemental Response to Sicor, Inc.'s First Set of Interrogatories, dated July 11, 2005.

10.    All data and experimental results, including study protocols, regarding the stability of solutions containing an anthracycline glycoside, including doxorubicin hydrochloride and idarubicin hydrochloride, and also containing a buffer (e.g., data contained in production document PU0011470; PU 019194-198).

11.    The specific scientific data or other information Pharmacia intends to rely upon to show any secondary consideration, the conclusions Pharmacia (or a person skilled in the art) draws from that data or information, the protocol for any experimental work performed to generate the data or information, the standard operating procedures for equipment used in the experimental work or information collection, the identification of all relevant documents, such a lab notebooks, by production numbers and the identification of all persons involved in the work.

12.    The collection, retention and production of all records and documents regarding topics 1-11.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2005, the attached **NOTICE OF DEPOSITION OF PHARMACIA & UPJOHN COMPANY** was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joshua R. Rich, Esquire                                    VIA ELECTRONIC MAIL
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606


/s/ *John G. Day*
_____
John G. Day

## Discovery Documents

1:04-cv-00833-KAJ Pharmacia & Upjohn v. Sicor Inc., et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Day, John entered on 9/12/2005 at 3:05 PM EDT and filed on 9/12/2005

**Case Name:**       Pharmacia & Upjohn v. Sicor Inc., et al
**Case Number:**     1:04-cv-833
**Filer:**           Sicor Inc.
                     Sicor Pharmaceuticals Inc.

**Document Number:** 96

**Docket Text:**
NOTICE to Take Deposition of Pharmacia & Upjohn Company on September 29, 2005 by Sicor Inc., Sicor Pharmaceuticals Inc..(Day, John)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/12/2005] [FileNumber=97543-0]

[95a7a2bfd17fedd56a0ad44705f9afbff8f0b5210f71fb9f32a037df0c37b60dc60e0
cc69323877312ac12d3430982f0d5e8ac5a1ff96a6075af42a0c3c38953]]

**1:04-cv-833 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Maryellen Noreika    menefiling@mnat.com

**1:04-cv-833 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC

Plaintiff,

v.

SICOR, INC., and
SICOR PHARMACEUTICALS, INC.

Defendants.

Civil Action No. 04-833 KAJ

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SECOND NOTICE OF DEPOSITION

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia"), by and through its undersigned attorneys, hereby provides the following objections to the second Notice of Deposition of Pharmacia served by Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc.

## GENERAL OBJECTIONS

Pharmacia asserts each of the following General Objections to Defendants' second Notice of Deposition. In addition to these General Objections, Pharmacia may also state specific objections to topics where appropriate. By setting forth such additional specific objections, Pharmacia does not in any way intend to limit or restrict its General Objections. Moreover, to the extent Pharmacia provides a witness to testify concerning any of the categories of Defendants' Notice, this shall not constitute a waiver of any General Objection or any other specific objection, and Pharmacia reserves the right to state additional objections at the time of the deposition.

1.     Pharmacia objects generally to Defendants' second Notice of Deposition to the extent that the categories seek information protected from disclosure by the Attorney-Client Privilege, Attorney-Work Product Immunity or any other applicable privilege or immunity, including the contents of materials prepared in anticipation of litigation or for trial. Inadvertent disclosure of any such information by deposition testimony shall not constitute a waiver of any privilege, and shall not waive the right of Pharmacia to object to the use of any such testimony during this action.

2.     Pharmacia objects generally to the categories set forth in Defendants' second Notice of Deposition as duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Pharmacia provided most, if not all, of the information requested in Defendants' second Notice of Deposition in response to Defendants' Interrogatory No. 6.

3.     Pharmacia objects generally to any directions, definitions, rules of construction and/or instructions contained in Defendants' second Notice of Deposition to the extent that the categories seek to impose upon Pharmacia any obligations or responsibilities beyond those mandated by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

## OBJECTIONS TO CATEGORIES

**CATEGORY 1:**

All facts regarding Pharmacia's allegations that the alleged commercial success of the invention(s) claimed in U.S. Patent No. 6,107,285 (the "'285 patent") constitutes evidence that that patent satisfies the requirements of 35 U.S.C. § 103.

**OBJECTIONS TO CATEGORY 1:**

In addition to the foregoing General Objections, Pharmacia objects to Category 1 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

**CATEGORY 2:**

Identification of all unexpected properties and unexpected results Pharmacia alleges were achieved by the invention(s) claimed in the '285 patent, and explanation of why and how they were unexpected, including an identification of all documents containing information regarding any such unexpected properties and unexpected results.

**OBJECTIONS TO CATEGORY 2:**

In addition to the foregoing General Objections, Pharmacia objects to Category 2 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

**CATEGORY 3:**

Identification of all long-felt needs Pharmacia claims were satisfied by the invention(s) claimed in the '285 patent, and information known to Pharmacia concerning statements or indication of such needs or the absence of such needs, unsuccessful efforts by others to satisfy those needs, and any skepticism concerning whether such needs could be satisfied, including an identification of all documents containing information regarding any such long-felt needs.

**OBJECTIONS TO CATEGORY 3:**

In addition to the foregoing General Objections, Pharmacia objects to Category 3 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

3

**CATEGORY 4:**

All facts concerning Pharmacia's allegation that avoiding "dose calculation issues and potential contamination created by reformulation" constitutes evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

**OBJECTIONS TO CATEGORY 4:**

In addition to the foregoing General Objections, Pharmacia objects to Category 4 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

**CATEGORY 5:**

All facts concerning Pharmacia's allegation that the "copying" of certain features of the alleged inventions of the '285 patent constitutes evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

**OBJECTIONS TO CATEGORY 5:**

In addition to the foregoing General Objections, Pharmacia objects to Category 5 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

**CATEGORY 6:**

All facts concerning Pharmacia's allegation that the licensing and adoption of ready-to-use formulations of anthracycline glycosides constitute evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

**OBJECTIONS TO CATEGORY 6:**

In addition to the foregoing General Objections, Pharmacia objects to Category 6 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is

not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

**CATEGORY 7:**

All facts concerning Pharmacia's allegation that failed attempts to design around the '285 patent are evidence that the '285 patent satisfies the requirements of 35 U.S.C. § 103.

**OBJECTIONS TO CATEGORY 7:**

In addition to the foregoing General Objections, Pharmacia objects to Category 7 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this Category.

**CATEGORY 8:**

The procurement of the declarations of Carlo Confalonieri, William Dana, Debra Holton-Smith, Mary Horstman, Barbara Barhamand, Nagesh Palepu, William Ring, Julie Solms, Martin Williamson and Frederick Grab, and any other attempts to obtain declarations concerning secondary considerations in support of the applications resulting in the '285 patent.

**OBJECTIONS TO CATEGORY 8:**

In addition to the foregoing General Objections, Pharmacia objects to Category 8 to the extent that it seeks information protected by the attorney-client privilege and the work product doctrine. Pharmacia further objects to this category to the extent that it fails to identify with reasonable particularity the subject(s) on which examination is requested. Accordingly, Pharmacia will designate a witness to testify only to the extent it understands Defendants' request with regard to Pharmacia's non-privileged corporate knowledge on this category.

**CATEGORY 9:**

The facts described by Pharmacia in its response to interrogatory number 6 in Plaintiff's First Supplemental Response to Sicor, Inc.'s First Set of Interrogatories, dated July 11, 2005.

**OBJECTIONS TO CATEGORY 9:**

In addition to the foregoing General Objections, Pharmacia objects to Category 9 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this category.

**CATEGORY 10:**

All data and experimental results, including study protocols, regarding the stability of solutions containing an anthracycline glycoside, including doxorubicin hydrochloride and idarubicin hydrochloride, and also containing a buffer (e.g., data contained in production document PU0011470; PU 019194-198).

**OBJECTIONS TO CATEGORY 10:**

In addition to the foregoing General Objections, Pharmacia objects to Category 10 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent the category requires Pharmacia to provide a witness to testify with respect to all data and experimental results regarding the stability of solutions containing an anthracycline glycoside and also containing a buffer. Pharmacia further objects to this category to the extent that it fails to identify with reasonable particularity the subject(s) on which examination is requested. Accordingly, Pharmacia will designate a witness to testify only to the extent it understands Defendants' request with regard to Pharmacia's data and experimental results regarding the stability of solutions containing an anthracycline glycoside and also containing a buffer.

**CATEGORY 11:**

The specific scientific data or other information Pharmacia intends to rely upon to show any secondary consideration, the conclusions Pharmacia (or a person skilled in the art) draws from that data or information, the protocol for any experimental work performed to generate the data or information, the standard operating procedures for equipment used in the experimental work

6

or information collection, the identification of all relevant documents, such a [*sic*] lab notebooks, by production numbers and the identification of all persons involved in the work.

**OBJECTIONS TO CATEGORY 11:**

In addition to the foregoing General Objections, Pharmacia objects to Category 11 as seeking deposition testimony regarding Pharmacia's contentions. The practice of this Court is not to permit contention depositions. Accordingly, Pharmacia will not designate a witness to testify as to this category.

**CATEGORY 12:**

The collection, retention and production of all records and documents regarding topics 1-11.

**OBJECTIONS TO CATEGORY 12:**

In addition to the foregoing General Objections, Pharmacia objects to Category 12 to the extent that it seeks deposition testimony regarding the collection, retention and production of all records and documents regarding Pharmacia's contentions. Pharmacia further objects to this category to the extent that it fails to identify with reasonable particularity the subject(s) on which examination is requested. Accordingly, Pharmacia will designate a witness to testify only to the extent it understands Defendants' request with regard to the collection, retention and production of all records and documents relating to (a) Pharmacia's non-privileged corporate knowledge on the procurement of the declarations of Carlo Confalonieri, William Dana, Debra Holton-Smith, Mary Horstman, Barbara Barhamand, Nagesh Palepu, William Ring, Julie Solms, Martin Williamson and Frederick Grab, and any other attempts to obtain declarations concerning secondary considerations in support of the applications resulting in the '285 patent, and (b) Pharmacia's data and experimental results regarding the stability of solutions containing an anthracycline glycoside and also containing a buffer.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
  Attorneys for Plaintiff
  Pharmacia & Upjohn Company LLC

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

September 29, 2005

485397

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to

be served this 29th day of September, upon the following in the manner indicated:

### BY HAND

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801


### BY FEDERAL EXPRESS

Reid L. Ashinoff, Esquire
Jordan A. Sigale, Esquire
David R. Baum, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020

Maryellen Noreika

# EXHIBIT E



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
312.876.8000
312.876.7934 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

Jordan A. Sigale
312.876.7391
jsigale@sonnenschein.com

September 30, 2005

<u>VIA FACSIMILE</u>

Daniel Boehnen
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois  60606-6709

Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Re:     *Pharmacia & Upjohn Company LLC v. Sicor Inc. and Sicor Pharmaceuticals Inc.*

Dear Dan and Maryellen:

We received Plaintiff's Objections to Defendants' Second Notice of Deposition this morning.

We believe that Plaintiff's objections are entirely without basis.  For example, your statement that Categories 1-7, 9 and 11 are somehow designed to obtain "contention depositions," even if relevant, is wrong.  Each of these categories seeks factual information surrounding disputed issues in this case, and Plaintiff's refusal to produce a witness in connection therewith is inappropriate.

Plaintiff's "reasonable particularity" objections to Categories 8, 10 and 12 are similarly flawed -- indeed, these Categories are quite specific.  Plaintiff's attempts to unilaterally limit their plainly permissible scope based upon a self-serving, narrow reading of the Second Notice is not permitted.  To the extent you intend to stand on these objections, we will be left with no choice but to raise these issues during the October 11 conference with the Court.

Please feel free to contact me regarding these issues.

Sincerely,

Jordan A. Sigale

14461079V-1

9/30/2005

# EXHIBIT F

## PHARMACIA'S DOCUMENT PRODUCTION

| Date | Event | Attached Exhibit |
|---|---|---|
| November 29, 2004 | Sicor serves "Defendants' First Request for Production of Documents by Plaintiff" on Pharmacia. | #5 |
| December 30, 2004 | Pharmacia's document production due. No documents are produced to Sicor by Pharmacia. | |
| January, 2005 | No documents produced by Pharmacia to Sicor. | |
| February, 2005 | No documents produced by Pharmacia to Sicor. | |
| March 1-28, 2005 | No documents produced by Pharmacia to Sicor. | |
| March 29, 2005 | Sicor receives Pharmacia's first production of any documents in this case -- 19,585 documents, including some of the Australian litigation papers in its case against Delta West Ltd. -- but NOT the 1992 Upjohn letter. | |
| April 12, 2005 | Sicor receives 6,494 additional Pharmacia documents | |
| June 1, 2005 | Court's Scheduling Order initial deadline to amend pleadings. | |
| June 29, 2005 | Sicor receives 20,045 additional Pharmacia documents. | #6 (PU 0028190-0028205) |
| July 5, 2005 | Sicor receives 7,890 additional Pharmacia documents. | |
| July 18-20, 2005 | Sicor receives 6,886 additional Pharmacia documents, including the Pharmacia-Upjohn 1992 correspondence first indicating that (1) Upjohn controlled the Delta West litigation, and (2) Upjohn's counsel and experts opined that Pharmacia's patent was invalid. | #7 (PU 0034802-0034803) |

## PHARMACIA'S DELAY OF DEPOSITIONS RE INEQUITABLE CONDUCT

| Date | Event | Attached Exhibit |
|------|-------|------------------|
| April 22, 2005 | Sicor requests Pharmacia to make the 6 Italian inventor Applicants -- all former Pharmacia employees -- available for American style depositions | #9 |
| May 3, 2005 | Pharmacia refuses to make four of the six inventor Applicants (including the two principal inventors, Drs. Confalonieri and Gatti) available for such depositions, necessitating that Sicor follow the Hague Convention attenuated procedures. Pharmacia thereafter opposes Sicor's request to this Court for American style depositions, and continues to oppose Sicor's request throughout negotiation of the language of the Letters of Request for International Judicial Assistance and motion practice before this Court | #10 |
| August 5, 2005 | Court issues Letters of Request for International Judicial Assistance to Italian authorities, providing for American style depositions | |
| September 20, 2005 | Milan Court of Appeals appoints Commissioner to preside over American style depositions as requested by Judge Jordan, including principal inventors Drs. Confalonieri and Gatti | |

\*    \*    \*

| Date | Event | Attached Exhibit |
|------|-------|------------------|
| June 27, 2005 | Sicor requests that Pharmacia make its U.S. attorney Applicants available for deposition | #11 |
| July 22, 2005 | Pharmacia moves for protective order preventing U.S. attorney Applicant depositions from proceeding | |
| July 28, 2005 | Court issues ruling staying attorney Applicant depositions until inventor Applicants are deposed | |

17493630\V-2