# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 24, 2005

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:   *Pharmacia & Upjohn Company v. Sicor Inc. and Sicor Pharmaceuticals Inc.*
      C.A. No. 04-833-KAJ

Dear Judge Jordan:

　　We, along with Sonnenschein Nath & Rosenthal LLP, represent defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") in the above-referenced patent dispute. In accordance with Your Honor's instruction during the October 11, 2005 telephonic hearing (the "October 11 Hearing"), we write to advise the Court that Sicor has decided to assert an advice of counsel defense to Pharmacia & Upjohn LLC's willful infringement allegation. Having made that decision, Sicor recognizes that it must waive the attorney-client privilege with respect to the legal opinion upon which it relied in deciding to launch its idarubicin hydrochloride injection in the Summer of 2002. Thus, Sicor will produce to Pharmacia today the February 28, 2001 opinion of the Brobeck Phleger & Harrison firm and the supporting declaration of Dr. Waldemar Priebe, which was obtained by the Brobeck firm during its opinion work, and the other exhibits attached thereto (collectively, the "Brobeck Opinion"). The Brobeck Opinion states that "we have reached the firm conclusion that all of the claims of the '285 patent are invalid."

　　Sicor understands the scope of its privilege waiver to be limited to the actual advice provided to its CEO at the time, Mr. Marvin Samson, and considered by Mr. Samson in making the product launch decision in the Summer of 2002. Mr. Samson became the CEO of Sicor in September 2001. Mr. Samson is prepared to testify at deposition and at trial that in deciding to launch the idarubicin hydrochloride injection in 2002, the only information he recalls receiving or reviewing with respect to patent issues were: (1) conversations with Sicor's general counsel, Mr. Wesley N. Fach, sometime in 2002 prior to the September 2002 product launch, to the effect that the company had received an invalidity opinion from outside counsel; and (2) portions of the Brobeck Opinion itself.

　　During the October 11 Hearing, the Court stated that the privilege waiver would extend only to communications with the decision maker with respect to the patent at issue:

> I also typically do not view attorney work product as being within
> that scope of waiver.

Honorable Kent A. Jordan
October 24, 2005
Page 2

> \*\*\*
>
> *I'm not telling you that everything you sent over to me is going to the other side.* What I'm telling you is you need to make an election about whether you want to invoke the [advice of counsel defense]. If you do, you are going to have to give up *information that was communicated to the client* associated with the opinion that you want to rely on.

(Ex. A: October 11 Hearing Transcript at 14:7 – 15:2) (emphasis added).

Both Mr. Samson and Mr. Fach, Sicor's general counsel, are prepared to testify that no privileged documents other than the Brobeck Opinion itself were presented to or reviewed by Mr. Samson in connection with the 2002 launch decision. The three documents that were attached as Exhibits A through C to Sicor's *in camera* submission (Bates Nos. SICOR-PNU 026342-43, 026347 and 029305-07) – which were dated between August 2000 and March 2001 – were created well before Mr. Samson became Sicor's CEO, and well over a year before Mr. Samson made the product launch decision. They are thus irrelevant – the decision maker did not read or rely on them in making his launch decision. For that reason alone, they should not have to be produced by Sicor. In addition, this Court has recognized that those documents "raise[] some significant issues in terms of potential prejudice. . . ." (Ex. A at 8:16-18). This too militates against their disclosure.

Moreover, the documents constitute attorney work product – they set forth the mental impressions of Mr. Fach with respect to anticipated litigation. Indeed, by the time Mr. Fach prepared these documents, Pharmacia had already threatened to commence litigation if Sicor launched its idarubicin hydrochloride injection. This is classic work product that, as this Court observed during the October 11 Hearing, is not within the scope of Sicor's waiver of the attorney-client privilege based upon its assertion of an advice of counsel defense. The documents thus should not be produced for this reason as well.

The potential prejudice resulting from the waiver of privilege and the presentation to both plaintiff's counsel and the jury of the documents attached as Exhibits A through C to Sicor's *in camera* submission formed the primary basis for Sicor's bifurcation motion. For the reasons set forth in Sicor's *in camera* submission and herein, Sicor believes that these documents should not be produced to plaintiff's counsel, as their prejudicial effect far outweighs their probative value. To the extent this Court believes it appropriate for Sicor to make a formal record of the matters set forth in this letter, Sicor is prepared to do so. Mr. Samson and Mr. Fach are prepared to sit for deposition, and Mr. Samson's deposition has already been scheduled with plaintiff's counsel.

Honorable Kent A. Jordan
October 24, 2005
Page 3


We appreciate the time and attention that the Court has devoted to this issue.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick

SJB/dmf


cc: Maryellen Noreika, Esquire (by hand)
     Daniel A. Boehnen, Esquire (via electronic mail)
     Reid L. Ashinoff, Esquire (via electronic mail)