## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SICOR INC. and SICOR )<br>PHARMACEUTICALS, INC., )<br>)<br>Defendants. ) | C.A. No. 04-833-KAJ |

## NOTICE OF DEPOSITION OF CARRIE COX

PLEASE TAKE NOTICE that counsel for Defendant, SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") will take the deposition upon oral examination of one Carrie S. Cox, and have requested the production of documents identified in the Schedule A attached hereto, currently of Schering-Plough Corporation, formerly of Pharmacia & Upjohn Company, LLC (collectively "Plaintiff"), in the above-captioned matter who shall testify on November 30, 2005 at 9:00 a.m., at the offices of Sonnenschein Nath & Rosenthal LLP, 101 JFK Parkway, 4th Floor, Short Hills, NJ 07078, and the documents shall be produced on November 18, 2005 at 9:00 a.m., at the offices of Sonnenschein Nath & Rosenthal LLP, 101 JFK Parkway, 4th Floor, Short Hills, NJ 07078.

Said deposition will be conducted before a notary public or other officer authorized by the law to administer oaths upon oral examination, and will continue from day-to-day until completed, and will be recorded stenographically and by videotape.

You are invited to attend and participate, in accordance with the Federal Rules of Civil Procedure.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: October 28, 2005

162931.1

## SCHEDULE A

## INSTRUCTIONS & DEFINITIONS:

A.    In the event that any document requested herein is withheld based on a claim of privilege, set forth with respect to each document so withheld: (1) the type and nature of the document, (2) the subject matter of the document, (3) the date of the document, (4) the name and position of each author of the document; (5) the name and position of each recipient or addressee of the document or a copy thereof, (6) the present location and custodian of the document, (7) the grounds for the claim of privilege, and (8) the paragraph number of the request to which the document is responsive.

B.    With respect to each document requested that has been lost, destroyed or otherwise disposed of since its preparation or receipt, set forth with respect to each such document: (1) the type and nature of the document, (2) the subject matter of the document, (3) the date or approximate date of the document, (4) the name and position of each author; (5) the name and position of each recipient or addressee of the document or a copy thereof, (6) the time when and the circumstances under which the document was lost, destroyed, or otherwise disposed of, including the name of the person who directed that the document be disposed of or destroyed, (7) the name, position and address of the last known custodian of the document or a copy thereof, and (8) the paragraph number of the request to which the document would have been responsive.

C.    Documents shall be produced either (1) in the manner and file in which they are currently being retained, or (2) in separate files organized in accordance with this document request.

D.    No part of a request should be left unanswered because an objection is interposed to another part of the request.

E.    These requests are continuing in nature. If at any time prior to the trial of this action you obtain additional documents responsive to any of these requests, you shall seasonably serve upon the undersigned amended and supplemental responses.

F.    Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purposes of limitation.

G.    The singular and masculine form of any noun or pronoun shall embrace, and be read and applied as embracing the plural, the feminine and the neuter, except where context clearly makes it inappropriate.

H.    "And" as well as "or" shall be construed either as disjunctive or conjunctive so as to bring within the scope of the Request any documents that might otherwise be construed to be outside the scope of the Request.

I.    "Refer" or "relate" means to include, mention, define, explain or pertain to in any way, expressly or impliedly, the matter called for.

J.     "Document" or "Documents" shall have the broadest possible meaning pursuant to the Federal Rules of Evidence, including, but not limited to, tangible objects and records and includes, without limitation, correspondence, communications, computer printouts, data on computers or computer diskettes of any nature (e.g., whether hard drive, floppy disks, CD-ROMS or DVDS), including e-mail communications, reports, memoranda (internal and otherwise) and/or records of conversations, audio and video tape recordings, diaries, calendars, scheduling books, notes, notebooks, drafts, contracts, agreements, invoices, checks, deposit slips, and all other tangible or intangible written or printed or otherwise recorded material of whatever kind known to be in your possession, custody or control and of anyone under your control including any or all persons or entities acting on your behalf at your direction.

K.     "Communication" means any written, oral or mechanical transmittal of information (in the form of facts, ideas, opinions, thoughts, inquiries or otherwise) including, but not limited to, correspondence, memoranda, notes, telexes, telephone conversations, computerized e-mail, in-person meetings, and any written documents relating to any such communications.

L.     "Person" as used herein means natural persons, as well as corporations, partnerships, joint ventures, and all other forms of organization or association.

M.     "Product" shall include a commercially available product as well as any experimental or developmental predecessor of a commercially available product, any abandoned experimental or developmental composition, and any experimental or developmental future product.

N.     "Sale" or "sold" shall mean the transfer of ownership, possession or control from one person or entity to another with or without monetary consideration and shall include any offer or sale, transfer of ownership, possession or control.

O.     "PNU" or "Pharmacia" shall mean Pharmacia & Upjohn Company and its subsidiaries, affiliates, predecessor companies or controlled companies, and any of those companies' officers, directors, employees, attorneys, agents, independent contractors or other persons acting or purporting to act on its behalf.

P.     "Sicor" shall mean SICOR, Inc. and Sicor Pharmaceuticals, Inc. and each of their respective subsidiaries, affiliates, predecessor companies or controlled companies, and any of those companies' officers, directors, employees, attorneys, agents, independent contractors or other persons acting or purporting to act on their behalf.

Q.     The "'285 Patent" shall mean U.S. Patent No. 6,107,285 entitled "Injectible Ready-To-Use Solutions Containing an Antitumor Anthracycline Glycoside."

R.     "Idarubicin" shall mean all drugs containing Idarubicin HCl alone or as an active ingredient.

2

**DOCUMENTS REQUESTED:**

1.      All documents concerning any and all patents or oncology products sold, licensed, or offered for sale or license at any time by PNU to Sicor or other individual or entity, including without limitation all communications between or among you, Fred Hassan, John McBride, Timothy Ruane, Marvin Samson, Craig Lea, Carlo Salvi, and any other officers, representatives or employees of PNU or Sicor.

2.      All documents concerning the '285 Patent or the any idarubicin product manufactured, marketed or sold by PNU or Sicor, including without limitation all communications between or among you, Fred Hassan, John McBride, Timothy Ruane, Marvin Samson, Craig Lea, Carlo Salvi, and any other officers, representatives or employees of PNU or Sicor.

3.      All documents concerning any valuations by PNU or any other person or entity of the any patents or oncology products sold, licensed, or offered for sale at any time by PNU to Sicor.

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2005, the attached **NOTICE OF DEPOSITION OF CARRIE COX** was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                                      HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                                                      VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive, Suite 3200
Chicago, IL 60606

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon (I.D. #3950)