## MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

MARYELLEN NOREIKA
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

October 31, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re:     Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*,
        C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

We write in response to Sicor's October 24, 2005 letter to the Court regarding Sicor's decision to waive the attorney-client privilege and the scope of the waiver. We believe that Sicor has construed the scope of its waiver in an unreasonably narrow manner – Sicor has essentially refused to turn over anything other than the opinion letter *per se* on which it seeks to rely – and has withheld numerous documents that rightfully fall within the scope of the waiver. Basically, Sicor has withheld as "work product" every attorney communication to Sicor management except the exculpatory opinion on which it relies.

During the October 11, 2005 telephone conference with the Court, Sicor sought to ensure that current and on-going discussions about litigation strategy would not be included in any waiver of privilege. In that context, the Court ensured Sicor that they would not and explained its views on the scope of a waiver of privilege:

> I do not typically view post-litigation decision making as within the scope of waiver, so things that are being done now, decisions that are being done now are not within that scope of waiver. And I also typically do not view attorney work product as being within that scope of waiver. If it hasn't been communicated between the attorney and the client, I typically do not view that as within the scope of waiver.

\* \* \*

The Honorable Kent A. Jordan
October 31, 2005
Page 2

> What I'm telling you is you need to make an election about whether you want to invoke the privilege. *If you do, you are going to have to give up information that was communicated to the client associated with the opinion that you want to rely on.*

Transcript, p. 14-15 (emphasis added).

Pharmacia understood the Court's comments to reflect the views announced in *Rhodia Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416 (D. Del. 2003), adopting the approach of *Thorn EMI N. Am. v. Micron Tech.*, 837 F. Supp. 616 (D. Del. 1993). Under that approach, which focuses on the accused infringer's mindset, opining counsel's work product is protected from disclosure "if that work product was never communicated to the client." *Rhodia Chimie*, 218 F.R.D. at 419 (citing *Thorn EMI*, 837 F. Supp. at 622). Pharmacia thus expected to receive all information known to Sicor on the subject matter of the waiver, but not anything in opinion counsel's files that was not communicated to Sicor.

In contrast, Sicor took the Court's statement as an invitation to withhold *everything* relating to the validity on the grounds of "attorney work product," even though most of the withheld information does not reveal outside counsel's uncommunicated mental impressions. Sicor served its initial privilege log on October 14, 2005, three days after the Court's comments. Ex. A. *Every single entry on Sicor's privilege log was designated as "attorney work product."* Id.

- Some of the documents on the log were part of the flow of communications between counsel and involve information given to the client related to the subject matter of the opinion letter (*Id.*, p. 1-7, 13-14, 19, 23, 26, 28-29, 31, 45-60, 71-74);

- Some of the documents were attorney bills to the client stemming from the time of the opinion letter (*Id.*, p. 11-12, 61, 73), and

- Some of the documents were items prepared by non-attorneys (*Id.*, p. 1-10, 15-26, 28, 30-46, 49, 50, 53, 54, 56, 59-60, 62-72).

None of the documents are justifiably withheld in view of Sicor's decision to assert the opinion of counsel defense and its obligation to waive subject matter privilege for other documents related to the advice of counsel on which it seeks to rely. The first category is the type of documents that this Court expressly told Sicor it would have to turn over; the second and third are categories that do not constitute "attorney work product" under Rule 26(b)(3). Sicor thus cannot withhold any of the three categories as "attorney work product."

Sicor also attempts to avoid turning over the "information that was communicated to the client associated with the opinion" – namely, trying to change the identity of the client. The February 2001 opinion letter Sicor produced was signed by Jessica Wolff, an attorney then

The Honorable Kent A. Jordan
October 31, 2005
Page 3

with Brobeck, Phleger & Harrison, LLP; her letter was addressed to Wesley Fach, Sicor's Senior Vice President, Secretary, and General Counsel. *See* Ex. B, p. 11-12 (identifying Mr. Fach as Sicor's Vice President, Senior Legal Counsel, and Secretary). As shown by numerous entries on Sicor's privilege log, the letter was part of an ongoing exchange between Brobeck and Sicor, primarily between Ms. Wolff and Mr. Fach. Unquestionably in this situation, Mr. Fach should be included within the client representatives and his personal mindset is an important component of the accused infringer's mindset. Sicor seeks to avoid discovery of (apparently) harmful evidence that contradicts Ms. Wolff's opinion by denying that Mr. Fach was Sicor's representative and, instead, claiming that Marvin Samson was the sole "client."

Sicor's approach – allowing one officer to collect for the company all information, good and bad, and to communicate only favorable information to another, willfully ignorant, officer solely for purposes of creating a "reliance" witness – is exactly what is prohibited in a subject matter waiver of attorney-client privilege. Sicor chose to have Mr. Fach collect and communicate information regarding its potential infringement of the '285 patent; it cannot allow him to filter information to act on complete knowledge with regard to that potential infringement but use another executive as the subsequent witness for purposes of willfulness. Mr. Fach is the primary communicant representing Sicor. Having chosen to waive protection on the information communicated to him, Sicor must allow complete discovery of what he knew at the time of purported reliance, including everything communicated to him by outside counsel. Anything less would allow Sicor to use privilege as both a sword and a shield – a result that has been universally rejected.

We sought to resolve these issues with Sicor, but Sicor's counsel has not responded to our inquiries. Because discovery is quickly drawing to a close and depositions on willfulness topics must be taken soon, Pharmacia requests the Court to compel Sicor to produce all information communicated to or known by Sicor (including Wesley Fach) as of September 2002 on issues of invalidity of the '285 patent. Pharmacia is not seeking information from outside counsel's files that was not communicated to Sicor – the attorney work product to which this Court referred. Pharmacia is only seeking the information to which it is entitled under *Rhodia Chimie* and *Thorn EMI*.

Respectfully,

/s/ *Maryellen Noreika (#3208)*

Maryellen Noreika

MN/bls

cc:  Peter T. Dalleo, Clerk (By Hand)
John G. Day, Esquire (By Hand)
Reid L. Ashinoff, Esquire (By Fax)
Jordan Sigale, Esquire (By Fax)