# EXHIBIT A



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

1221 Avenue of the Americas
New York, NY 10020
212.768.6700
212.768.6800 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

*Michael S. Gugig*
212.768.6907
mgugig@sonnenschein.com

October 26, 2005

VIA FACSIMILE AND E-MAIL

Jeffrey A. Steck Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606

Re:   Pharmacia & Upjohn Co. LLC v. Sicor, Inc., et al., Case No. 04-833-KAJ

Dear Mr. Steck:

We received today, a bit more than one month before the discovery cutoff, an additional 450 pages of Pharmacia's privilege log – bringing the log to some 950 pages in length. Based upon the representation in Ms. Norieka's October 7, 2005 letter to the Court, we reasonably believed we had received the entirety of Pharmacia's privilege log when we received the second 250-page installment on or about October 10. Apparently we were wrong. Moreover, to my knowledge, none of Pharmacia's attorneys has represented even at this late date that today's 450-page installment completes the entire privilege log. Please let me know immediately whether this is the case, as we have been working diligently to get through your prior two 250-page installments and the discovery cutoff is fast approaching. In any event, we believe that today's 450-page installment is untimely and reserve the right to seek all available remedies.

Further, your October 17, 2005 letter to me listed some 180 individuals who are mentioned in the first 500 pages of Pharmacia's privilege log, but who you describe in your letter only as "attorneys or foreign patent agents," without any additional identifying information. This is insufficient to support your privilege claim. In many foreign jurisdictions, the attorney-client privilege and work product doctrine are either not recognized, or are significantly limited in scope. Many entries on the privilege log appear to relate to legal services performed in countries other than the United States. With respect to these entries, the privilege log as presented does not and cannot meet plaintiff's burden of establishing the applicability of the privilege(s) asserted.



Jeffrey A. Steck Esq.
October 26, 2005
Page 2

So as to avoid court intervention in connection with these issues, please set forth the identity of the country in which legal services were performed with respect to each entry on plaintiff's privilege log – including the 450 pages produced today. In addition, please provide the following information with respect to each of the 180 individuals identified in your October 17 letter, and any additional "attorneys or foreign patent agents" included on today's submission:

- Whether the individual was acting as an attorney or as a patent agent.

- The nation(s) in which the individual is licensed to practice either as an attorney or a patent agent.

- The nation(s) in which the individual performed legal services for plaintiff Pharmacia & Upjohn Co. LLC, and the nature of such services (if plaintiff's privilege claim is based upon legal services performed for an affiliate, predecessor, successor, subsidiary or parent of plaintiff, please also identify that affiliated entity).

- The last known contact information for each individual.

Given the short time remaining in the discovery period, please provide this information as quickly as possible, but in no event later than the close of business on Tuesday, November 1, 2005. Please feel free to contact me with any questions you may have.

Very truly yours,

Michael S. Gugig

cc: Daniel Boehnen
Maryellen Noreika
Joshua Rich
Steven Balick

17497264