IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     C.A. No. 04-833-KAJ ) |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) ) ) |
| Defendants. | ) ) |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO BIFURCATE LIABILITY AND WILLFULNESS
AND STAY DISCOVERY RELATING TO THE WILLFULNESS INQUIRY**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*Pharmacia & Upjohn Company, LLC*

Of Counsel:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL  60606
(312) 913-0001

Dated:  November 7, 2005

# TABLE OF CONTENTS

Page

INTRODUCTION 1

NATAURE AND STAGE OF THE PROCEEDINGS 1

ARGUMENT 3

I.    BIFURCATION IS THE EXCEPTION, NOT THE RULE 5

II.   BIFURCATION WOULD NOT PROMOTE JUDICIAL ECONOMY 6

A.    The Evidence of Liability, Damages, and Willfulness Overlaps 6

B.    Issues for Trial are not Complex 8

III.  BIFURCATION WOULD PREJUDICE PLAINTIFFS 10

A.    Delay in Resolution of this Case Would Seriously Prejudice Pharmacia 10

B.    This Court Can Prevent Any Potential Prejudice During the Trial 11

CONCLUSION 12

Cases

*Dow Chem. Co. v. Mee Indus. Inc.*,
    341 F.3d 1370 (Fed. Cir. 2003)        6

*General Signal Corp. v. Applied Materials, Inc.*,
    46 USPQ2d 1160 (D. Del. 1997)        11

*Haworth, Inc. v. Herman Miller, Inc.*,
    1993 U.S. Dist. LEXIS 20427 (W.D. Mich. July 20, 1993)        7

*Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*,
    62 F.3d 1512 (Fed. Cir. 1995))        6

*IPPV Enter. v. Cable/Home Communication Corp.*,
    26 USPQ2d 1714 (S.D. Cal. 1993)        7

*Johns Hopkins University v. CellPro*,
    160 F.R.D. 30 USPQ2d 1276 (D. Del. 1995)        5

*Kimberly-Clark Corp. v. James River Corp. of Va.*,
    131 F.R.D. 608 (N.D. Ga. 1989)        5, 6

*Lis v. Robert Packer Hospital*,
    579 F.2d at 824.        5

*Mellon v. Beecham Group PLC*,
    17 USPQ2d 1149 (D.N.J. 1989)        5, 6, 7

*THK America, Inc. v. NSK, Ltd. and NSK Corp.*,
    917 F. Supp. 563 (N.D. Ill. 1996)        7

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
    707 F. Supp. 1429 (D. Del. 1989)        8

Other Authorities

Fed. R. Civ. P. 42(b)        5, 12

## INTRODUCTION

The only issue remaining in Sicor's Motion is whether to bifurcate the trial presentation.  During the October 11, 2005 telephone conference, the Court denied Sicor's request to bifurcate discovery.

For reasons that will be detailed herein, Sicor would <u>not</u> be prejudiced by the presentation of all evidence in a single trial.  For example, much of the same evidence will be used in both the liability and damages phases of trial.  In contrast, Pharmacia would be greatly prejudiced by the delay that Sicor's requested bifurcation would cause. Currently, this case is scheduled to go to trial June 12, 2006; Pharmacia's patent will expire in August 2007.  A delay of even a few weeks in the final adjudication of this case will likely deprive Pharmacia of the fundamental right of a patent: to prevent Sicor from making and selling its infringing generic version of Pharmacia's product.  This Court should not allow a procedural matter to decide that substantive issue, and should instead deny Sicor's Motion to Bifurcate.

## NATURE AND STAGE OF THE PROCEEDINGS

On September 28, 2005, Sicor filed a motion requesting the Court to bifurcate trial into a liability phase and a willfulness and damages phase.  Sicor also requested the Court to stay discovery on issues relating to willfulness until resolution of the trial on liability.  As part of Sicor's Motion, it apparently submitted 152 privileged documents for *in camera* review in an effort to convince this Court that these documents were so prejudicial as to warrant bifurcation of discovery and trial.  During the October 11, 2005 teleconference, this Court denied Sicor's request to stay willfulness discovery and ordered Sicor to (1) make an election whether or not it will rely upon an advice of

counsel defense, thereby waiving the attorney-client privilege associated with this advice of counsel, and (2) if Sicor elected to rely upon the advice of counsel defense, immediately produce all relevant privileged materials within the scope of the waiver.

On October 24, 2005, Sicor notified this Court and Pharmacia of its decision to assert the advice of counsel defense. The next day, Sicor produced only <u>two</u> of the one hundred and fifty-two once privileged documents that Sicor had submitted for in camera inspection. Although Pharmacia immediately notified Sicor of its objection to the insufficient scope of Sicor's production of the previously-privileged materials, Sicor has produced no further documents related to the waiver. Ex. A. As a result, Pharmacia is forced to proceed without the benefit of full and proper disclosure of Sicor's waived documents.

This case involves relatively straightforward issues of patent infringement. Plaintiff asserts only two claims of one patent against one infringing product. Sicor filed an Abbreviated New Drug Application, copying Pharmacia's product. Sicor's own pharmaceutical package insert establishes literal infringement. Furthermore, Sicor's 30(b)(6) witness, Allyn Becker, confirmed through his testimony that all of the elements of the asserted claims of the '285 patent are present in Sicor's idarubicin hydrochloride product.[1] Sicor has not even offered a non-infringement expert report or attempted to rebut Pharmacia's expert report on infringement.

Sicor's invalidity claim is also a groundless attempt to prolong this litigation. ***None*** of the alleged prior art references contain all of the elements of the asserted claims. Sicor's invalidity witness admitted that at least one of the limitations of claim 1

---

[1]     *See* Ex. B, p. 8.

(incorporated by reference into the two asserted claims) is absent from every one of the references Sicor has asserted.[2]  As a result, Sicor's invalidity position is reduced to a hodge-podge of references combined by a hindsight eye on the '285 patent.  Furthermore, nearly all the references Sicor relies on for its invalidity position have already been before the U.S. Patent and Trademark Office ("PTO") during the prosecution of the '285 patent – they are cited on the face of the patent.  In fact, Sicor's primary reference, a Janssen *et al*. article, was the basis of a Patent Office Action, showing that it was fully considered by the PTO.  In sum, Sicor has not come up with anything related to validity that has not already been considered by the PTO (and overcome).  Sicor has also chosen not to prepare a rebuttal report on secondary considerations of non-obviousness.  In short, the invalidity portion of this case is simple, and much of it may be resolved on summary judgment.

Lacking strong non-infringement and invalidity defenses, Sicor has embarked on a last-ditch attempt to assert inequitable conduct (i.e., fraud on the Patent Office) against the inventors.  Since the patent has a relatively short life left, Sicor apparently hopes to complicate and confuse the case, stringing it out until the patent has expired.

## ARGUMENT

Sicor has prevented Pharmacia from providing a full and proper response to Sicor's Motion by improperly withholding key documents.  Following this Court's direction for Sicor to make its choice, Sicor elected to waive privilege and assert the

---

[2]    Dr. Clark's expert report downplays the importance of this limitation and suggests that "it would be good laboratory practice and simple common sense" that a sealed container would be used.  Ex. C, p. 16, 18.

advice of counsel defense.  In doing so, Sicor produced only two documents that form a part that defense: (i) an opinion letter from outside counsel (SICOR-PNU 056742-056806), and (ii) the related Declaration of Waldemar Priebe, Ph.D. (SICOR-PNU 056965-056978), which was cited in and relied upon by the opinion.  Sicor has withheld all of the related correspondence between opinion counsel and itself, regardless of the Court's express instruction to the contrary.  Sicor's production is woefully incomplete, and continues to leave Pharmacia in a handicapped position when responding to the Motion.

When the Court directed that Sicor would have to produce all communications between client and counsel if Sicor relied upon the advice of counsel defense, the Court expressly stated, "If you [waive privilege], you are going to have to give up information that was communicated to the client associated with the opinion that you want to rely on."  Tr. at 15.  It is disingenuous for Sicor to present this Court with a list of one hundred and fifty-two privileged documents for *in camera* review in an attempt to persuade this Court to bifurcate trial, but then provide Pharmacia with only two isolated documents from this collection as the extent of the Court-ordered production.   Sicor is asking this Court to go to the extreme measure of bifurcating this trial while still withholding the very documents that could potentially create the prejudice necessitating bifurcation.   Sicor has denied Pharmacia the right to present all relevant arguments in opposition to bifurcation, because Sicor is still withholding documents that Pharmacia needs in order to have an "understanding of exactly the character of the information that [Sicor] believe[s] so prejudicial that it must be kept from the jury in the liability phase." (Exhibit A, p. 7)  This is exactly what the Court sought to avoid by directing Sicor to

make its choice.  By stonewalling the production of all of documents encompassed within the scope of its waiver, Sicor is preventing resolution of this motion on its full merits.

I.     BIFURCATION IS THE EXCEPTION, NOT THE RULE

In the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial.  *See Johns Hopkins University v. CellPro*, 160 F.R.D. 30, 34 USPQ2d 1276, 1278 (D. Del. 1995) (*citing Lis v. Robert Packer Hosp.*, 579 F.2d 819 (3rd Cir. 1978)).  While Federal Rule of Civil Procedure 42(b) provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial," this separation of trials is the exception, not the rule.  Bifurcation of trial into liability and damages phases is to be decided on a case-by-case basis at the informed discretion of the trial judge.  *See Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 608 (N.D. Ga. 1989); *see also Lis v. Robert Packer Hospital*, 579 F.2d at 824.  Under Rule 42(b), for bifurcation to be appropriate, Sicor must demonstrate that bifurcation would:  (1) promote convenience; (2) avoid prejudice to Plaintiff; and (3) provide judicial economy.  Fed. R. Civ. P. 42(b).  In other words, Sicor has the burden of demonstrating that bifurcation will produce significant judicial advantages without unduly prejudicing Pharmacia.  This is a heavy burden for Sicor to meet, as a "piecemeal trial on separate issues involved in one suit is not necessarily in the interest of swift, economical and nonprejudicial justice."  *Mellon v. Beecham Group PLC*, 17 USPQ2d 1149, 1154 (D.N.J. 1989).  Sicor cannot meet that heavy burden in this case.

II.    BIFURCATION WOULD NOT PROMOTE JUDICIAL ECONOMY

      A.    The Evidence of Liability, Damages, and Willfulness Overlaps

"In considering [bifurcation], the court should remain mindful of the traditional role of the factfinder, i.e., to make an ultimate determination on the basis of a case presented in its underlying." *Kimberly-Clark Corp. v. James River Corp.*, 131 F.R.D. 608 (emphasis added). "Whenever a separation would involve similar witnesses and evidence, the proceedings would be duplicative and any time savings would be speculative." *Mellon v. Beecham Group PLC*, 17 USPQ2d at 1154. Sicor asserts that there would be no overlap in evidence because willfulness is distinct from "liability." That is simply wrong. The cases Sicor cites relate to the lack of overlap between *infringement* and *intent*, not all liability issues (including such issues as non-obviousness, laches, and estoppel) and all willfulness-related issues. *See* Sicor Memo., p. 9 (*citing Dow Chem. Co. v. Mee Indus. Inc.*, 341 F.3d 1370, 1380 (Fed. Cir. 2003); compare to *Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512. 1519 (Fed. Cir. 1995)). Here, there is substantial evidentiary overlap between Sicor's affirmative defenses and the willfulness issues in this case. Sicor created many issues of overlapping evidence through its own actions.

For example, Sicor has raised both laches and estoppel as affirmative defenses in its Answer to the Complaint. To prove estoppel, Sicor must show (1) that Pharmacia unreasonably and inexcusably delayed enforcement of its rights, (2) that the delay prejudiced Sicor, (3) that Pharmacia's affirmative conduct induced the belief that Pharmacia had abandoned its claims against Sicor, and (4) that Sicor relied on Pharmacia's actions to its detriment. *See Mellon v. Beecham Group PLC*, 17 USPQ2d at

1151.  The first two elements are also applicable to laches.  *Id.*    That is, Pharmacia is entitled to show that Sicor deliberately chose to ignore its infringement of the '285 patent (the same proof that shows Sicor willfully infringed the patent) as part of Pharmacia's proof overcoming the laches and estoppel defenses.  If Sicor relied upon advice of counsel as its justification for bringing its product to market, rather than relying upon representations or actions by Pharmacia, Sicor cannot sustain those defenses.  Thus, the facts relating to Sicor's reliance upon an opinion of counsel are directly relevant to Sicor's laches, estoppel, and alleged reliance upon any representations made by Pharmacia.  *See Haworth, Inc. v. Herman Miller, Inc.*, 1993 U.S. Dist. LEXIS 20427, at *10-14 (W.D. Mich. July 20, 1993) (Ex. D); *THK America, Inc. v. NSK, Ltd. and NSK Corp.*, 917 F. Supp. 563, 567 (N.D. Ill. 1996); *IPPV Enter. v. Cable/Home Communication Corp.*, 26 USPQ2d 1714, 1716-17 (S.D. Cal. 1993); *Mellon v. Beecham PLC*, 17 USPQ2d at 1152.

Additionally, Sicor had its own purported invalidity expert witness review the opinion of counsel on which it seeks to rely, and Sicor's invalidity witness testified that some of the positions taken in the opinion letter were not merely wrong, but also unreasonable.  The fact that two witnesses – both retained and paid by Sicor and both purportedly experts – differ so diametrically can be used to impeach the credibility of both.  To the extent it believes the invalidity witness is wrong, Pharmacia is entitled to use the opinion letter to impeach him; to the extent it believes Sicor's opinion letter is unreasonable and unreliable, Pharmacia is entitled to use Sicor's invalidity witness to impeach Sicor's reliance on it.  In other words, since Sicor's opinion of counsel and Sicor's invalidity witness testimony stand in conflict with each other, Sicor's witness's

testimony and Sicor's opinion letter will be before the jury in relation to both liability and willfulness issues.

"Copying" is another overlapping issue, relating to both validity and willfulness. Specifically, copying is one of the recognized indicia of non-obviousness and a clear indication that infringement is willful.   In this case, to the extent that any invalidity argument survives summary judgment, Pharmacia expects to introduce evidence of copying as proof of both validity and willfulness.      Thus, here the willfulness determination "is a finding of fact inextricably bound to the facts underlying the alleged infringement."  *See Kimberly Clark Corp. v. James River Corp*., 131 F.R.D. at 609.

Similarly, evidence of Sicor's sales of idarubicin hydrochloride support both a finding of non-obviousness due to commercial success and underlie Pharmacia's damages claim.  *See Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc*., 707 F. Supp. 1429, 1434-35 (D. Del. 1989).  To demonstrate the commercial success of the patented invention, Pharmacia will introduce evidence of both its and Sicor's extensive and profitable sales; to support its damages claim, Pharmacia must introduce the same evidence of Sicor's sales.  Again, to the extent that invalidity remains part of the case at trial, Pharmacia intends to introduce that evidence as proof of both validity and damages.

### B.    Issues for Trial are not Complex

Sicor argues that damages and liability do not overlap because damages issues can be complex.  Sicor Memo., p. 9-10.  Complexity and overlap are unrelated questions. That is, while it may theoretically be true that issues of damages may be more complex than issues of validity and infringement, that does not mean that they do not overlap.

Furthermore, although damages issues in this case may be as complex as the validity issues, the damages issues are still relatively simple. Clearly, evidence of Sicor's sales, intent, and copying should be introduced and litigated only once. Yet this evidence will serve to support Pharmacia's damages claim and rebut Sicor's invalidity claim. Similarly, the contradictions between Sicor's invalidity witness's testimony and Sicor's opinion letter can be discussed in a more streamlined manner if raised only once.

As the Court knows, this patent infringement lawsuit involves only a two claims in a single patent, U.S. Patent No. 6,107,285, and a single accused product – Sicor's Idarubicin Hydrochloride Injection. Although Sicor has attempted to paint this case as extremely complex, the fact is that the evidence to be presented at trial will be very straightforward as patent cases tend go. Sicor sells a generic version of Pharmacia's product; the description of that product is set forth in Sicor's package insert and, in more detail, in its application to the FDA. Therefore, there will likely be few if any issues of fact as to how Sicor's product is made and used. Furthermore, Sicor did not even provide a rebuttal report on infringement – the only expert witness on infringement will be Pharmacia's. In fact, most of the issues that Sicor might consider raising at trial as a non-infringement defense will be resolved pre-trial by the Court's *Markman* ruling.

As explained in detail above in relation to the nature and stage of the proceedings, the evidence Sicor has raised in support of its invalidity defense is not as complicated as it is trying to lead the court to believe. None of Sicor's cited references relate to the drug at issue (idarubicin hydrochloride), but rather all involve work performed using other drugs. Moreover, all of the main references relied upon by Sicor were before the PTO examiner who allowed the application that issued as the '285 patent. Even Sicor's own

invalidity witness admits that at least one element is missing from each prior art reference being relied upon.

The damages issues in this case are not particularly complicated.  Again, there is one accused product and the only two sellers in the market are Pharmacia and Sicor.  The damages issues of lost profits and reasonable royalty to be addressed at trial are therefore only the standard damages issues presented in most patent cases.  Pharmacia does not anticipate that it will take a particularly long time to present the evidence on damages to the jury.[3]  Nor has Sicor shown judicial economy: any relative benefits in savings of time or expense in bifurcating liability from damages and willfulness in this case.

### III.    BIFURCATION WOULD PREJUDICE PLAINTIFFS

#### A.    Delay in Resolution of this Case Would Seriously Prejudice Pharmacia

Bifurcation of trial under the circumstances here would severely prejudice Pharmacia.  As mentioned above, the patent-in-suit, U.S. Patent No. 6,107,285, expires in August 2007.  Trial is scheduled to begin June 12, 2006.  Pharmacia needs to be in position to obtain an injunction promptly upon entry of a jury's verdict in Pharmacia's favor.  Even if the injunction applies for only a few months, such injunction is critically important to protecting the statutory rights to which Pharmacia is entitled.

Any delay in the final adjudication of this case would harm Pharmacia by allowing Sicor to minimize the time of, and perhaps even avoid, an injunction.  Furthermore, an interlocutory appeal could effectively eliminate Pharmacia's right to

---

[3]    Sicor has not yet provided a damages expert report.

enjoin Sicor from its continued infringement of the patent before its expiration, should the appellate process take one year or more.

> B.     This Court Can Prevent Any Potential Prejudice During the Trial

Sicor's accusation that "[i]f given the opportunity, plaintiff's counsel will improperly try to use counsel's advice to senior management in connection with the liability question," is a baseless and speculative *ad hominem* attack.  Pharmacia has done nothing improper and will do nothing improper.  However, Sicor itself injected the advice of its outside counsel into the liability portion of this case by having its invalidity witness study its opinion of counsel.  Moreover, as pointed out by the Court *General Signal Corp. v. Applied Materials, Inc.*, 46 USPQ2d 1160 (D. Del. 1997), the jury can be guided by evidentiary rulings and instructions as to the proper consideration it should give to the legal opinions.

## CONCLUSION

Bifurcation of the trial of this case into two separate phases would not achieve any of the objectives of Fed. R. Civ. P. 42(b). It would not make the proceedings more efficient, and would prejudice Pharmacia. For the foregoing reasons, Pharmacia respectfully requests that the Court deny Defendants' Motion to Bifurcate Liability and Willfulness.

MORRIS, NICHOLS, ARSHT & TUNNELL

____*/s/ Maryellen Noreika* _____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*Pharmacia & Upjohn Company, LLC*

Of Counsel:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
 HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

November 7, 2005

<u>**CERTIFICATE OF SERVICE**</u>

I, Maryellen Noreika, hereby certify that on November 7th, 2005 I electronically filed **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE LIABILITY AND WILLFULNESS AND STAY DISCOVERY RELATING TO THE WILLFULNESS INQUIRY**, which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> ASHBY & GEDDES

I also certify that copies were caused to be served on November 7th, 2005 upon the following in the manner indicated:

<u>**BY HAND**</u>

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE  19801

<u>**BY FEDERAL EXPRESS**</u>

> Reid L. Ashinoff, Esquire
> David R. Baum, Esquire
> Sonnenschein Nath & Rosenthal LLP
> 1221 Avenue of the Americas
> New York, NY  10020

> */s/ Maryellen Noreika*
> Maryellen Noreika (#3208)
> mnoreika@mnat.com