# EXHIBIT A

 **McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive    312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

October 25, 2005

Sent Via Facsimile (212) 768-6800

Reid L. Ashinoff
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Re:    Pharmacia & Upjohn Company LLC v. Sicor Inc.
       Civil Action No. 04-833 KAJ
       U.S. District Court for the District of Delaware

Dear Reid:

We write with regard to Sicor's letter of yesterday to the Court and resulting waiver of privilege. We note that, although Sicor represented to the Court that it was producing an opinion of counsel yesterday, we did not receive them until today. Upon our review of the documents produced, we believe that Sicor has attempted to narrow the scope of its waiver improperly.

Given Sicor's decision to waive all protections on the opinion of counsel sent to Wesley Fach dated February 28, 2001 and Sicor's representation that Mr. Fach communicated with Marvin Samson regarding the opinion of counsel, we are entitled to all materials (including attorney-client communications and purported work product materials) that formed Mr. Fach's mindset as communicated to Mr. Samson. Accordingly, we ask that you produce to us all such materials, including the materials described on Sicor's privilege log.

Because discovery is drawing to a close, we ask that you send all such material for receipt before the close of business Thursday, **October 27, 2005**. Alternatively, if Sicor does not change its position on the scope of the waiver of its privilege, we ask that you inform us of that decision by the close of business tomorrow so that we can prepare to have the Court resolve the proper scope of the waiver.

Please let us know if you have any questions.

Very truly yours,

Joshua R. Rich
312-913-2133
rich@mbhb.com

cc:    Jordan A. Sigale
       David R. Baum
       John G. Day
       Maryellen Noreika

# EXHIBIT B

## INTERROGATORIES AND RESPONSES

### Interrogatory No. 1:

Describe in detail each factual and legal basis for your allegations that Sicor has infringed and/or actively induced infringement of the '285 patent, and, as part of your response, identify each claim on an element-by-element basis that you contend Sicor has infringed together with your proposed construction of each such claim and the factual and legal basis for your claim construction.

### Response to Interrogatory No. 1:

In addition to the foregoing General Objections and General Statements, Pharmacia objects to Interrogatory No. 1 as premature, in that it seeks Pharmacia's infringement contentions before Pharmacia has had an opportunity to complete deposition discovery or has obtained meaningful responses to written discovery. Pharmacia notes that Sicor has yet to provide a competent corporate witness to provide complete information on issues related to infringement. Pharmacia further objects to this interrogatory as premature as infringement and claim interpretation will be the subject of expert testimony, as well as subject to a *Markman* hearing that is scheduled for next year.

Subject to and without waiving these or the foregoing General Objections and General Statements, on the basis of the information currently available to Pharmacia, it is Pharmacia's amended preliminary contention that Sicor infringes claims 9 and 13 of U.S. Patent No. 6,107,285 ("the '285 patent") under both 35 U.S.C. §§ 271(a) and (b). Pharmacia asserts that each of the claim terms should be given its plain meaning to one of ordinary skill in the relevant art. Set forth below is a comparison of the language of the asserted claims of the '285 patent and Sicor's own description of its Idarubicin Hydrochloride Injection Product as set forth in its package insert shows that there is no serious dispute of claim interpretation that effects infringement. A copy of Sicor's product description is attached hereto as Exhibit A and

5

obtainable at http://www.sicor.com/products/fdp/pi/idarubicin.pdf. Although certain language is repeated in the package insert several times, Sicor's infringement is admitted in the following three sentences in the first column of the package insert:

> Idarubicin hydrochloride injection is a sterile, red-orange, isotonic parenteral preservative-free solution available in 5 mL (5 mg), 10 mL (10 mg) and 20 mL (20 mL) single use only vials.

> Each mL contains idarubicin hydrochloride, USP 1 mg and the following inactive ingredients: Glycerin, USP 25 mg and Water for Injection, USP q.s. Hydrochloric acid, NF and/or Sodium Hydroxide, NF is used to adjust pH to a target of 3.5.

Similar information is available from Sicor's own description of its Idarubicin Hydrochloride Injection Product as set forth in its Material Safety Data Sheet. A copy of Sicor's MSDS is attached hereto as Exhibit B and is obtainable at http://sicor.com/products/fdp/msds/idarubicin-msd.pdf. Sicor's MSDS includes a chart which provides in part:

| CHEMICAL NAME | CAS# | % by wt |
|---|---|---|
| Idarubicin Hydrochloride | 57852-57-0 | 0.1 |
| Glycerin | 56-81-5 | 2.5 |
| Hydrochloric Acid (pH adjust.) | 7647-01-0 | Trace |
| Water (for injection) | 7732-18-5 | Balance |

The MSDS further provides that Sicor's Idarubicin Hydrochloride Injection Product is "Stable under normal conditions of storage and handling." The MSDS indicates that Sicor's Idarubicin Hydrochloride Injection Product should be protected from light and kept refrigerated at 2-8° C.

Although the charts below are divided for a convenient comparison of the language of the claims to the language of Sicor's package insert, Pharmacia does not assert that each division necessarily represents a separate element or limitation.

| Language of Claim 1 (incorporated into claims 9 and 13) | Language of Package Insert |
|---|---|
| a physiologically acceptable solution of anthracycline glycoside selected from the group consisting of idarubicin hydrochloride, doxorubicin hydrochloride and epirubicin hydrochloride | Idarubicin hydrochloride injection is . . . . <br><br> Each mL contains idarubicin hydrochloride, USP 1 mg |
| dissolved in a physiologically acceptable aqueous solvent | Each mL contains . . . Water for Injection, USP q.s. |
| having a pH adjusted to from 2.5 to 5.0 with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid | Hydrochloric acid, NF and/or Sodium Hydroxide, NF is used to adjust pH to a target of 3.5 |
| the concentration of said anthracycline glycoside being from 0.1 to 100 mg/ml | Each mL contains idarubicin hydrochloride, USP 1 mg [1 mg/ml] |
| wherein said solution is contained in a sealed container | available in . . . single use vials |

| Language of Claim 9 | Language of Package Insert |
|---|---|
| The anthracycline glycoside solution of claim 1, wherein said solution exhibits storage stability as a result of said pH being adjusted to the said range using said acids. | Idarubicin hydrochloride injection is a sterile, red-orange, isotonic parenteral preservative-free solution <br> (*see also* MSDS "Stable under normal conditions of storage and handling") |

| Language of Claim 11 (incorporated into claim 13) | Language of Package Insert |
|---|---|
| The solution of claim 1 wherein the concentration of anthracycline glycoside is about 1 mg/ml. | Each mL contains idarubicin hydrochloride, USP 1 mg [1 mg/ml] |

| Language of Claim 12 (incorporated into claim 13) | Language of Package Insert |
|---|---|
| The solution of claim 11 wherein the physiologically acceptable acid is hydrochloric acid. | Hydrochloric acid, NF and/or Sodium Hydroxide, NF is used to adjust pH |

| Language of Claim 13 | Language of Package Insert |
|---|---|
| The solution of claim 12 wherein the anthracycline glycoside is idarubicin hydrochloride. | Idarubicin hydrochloride injection is . . . . <br><br> Each mL contains idarubicin hydrochloride, USP 1 mg |

7

Sicor confirmed that it its Idarubicin Hydrochloride Injection Product has all of the elements of claims 9 and 13 through August 4, 2005 testimony of its 30(b)(6) witness, Allyn Becker.    Pharmacia incorporates that testimony herein.    Pharmacia further incorporates the Expert Report of Joseph O. Falkinham, III herein.

Sicor infringes claims 9 and 13 of the '285 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing its Idarubicin Hydrochloride Injection Product. Sicor infringes claims 9 and 13 of the '285 patent under 35 U.S.C. § 271(b) by actively inducing its customers to use Sicor's Idarubicin Hydrochloride Injection Product, including through its package insert and promotional efforts.    Pharmacia reserves the right to amend or supplement this response once Sicor provides requested discovery and as discovery in general in this action proceeds.

**Interrogatory No. 2:**

Describe in detail each factual and legal basis for your allegations that Sicor's alleged infringement was willful, and, as part of your response, describe in detail the factual and legal basis for your contention that this case is an exceptional case and detail all attorneys' fees that you have incurred to date.

**Response to Interrogatory No. 2:**

In addition to the foregoing General Objections and General Statements, Pharmacia objects to Interrogatory No. 2 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.    Pharmacia further objects to Interrogatory No. 2 to the extent it seeks the production, identification or disclosure of information protected by the attorney-client privilege, attorney work product immunity or any other protection or immunity. Pharmacia objects to Interrogatory No. 2 as premature, in that it seeks Pharmacia's infringement contentions before Sicor has provided requested deposition discovery or has provided meaningful responses to written discovery.    Moreover, Sicor has not yet produced a single

8