# EXHIBIT D

LEXSEE 1993 US DIST LEXIS 20427

**HAWORTH, INC., Plaintiff, v. HERMAN MILLER, INC., Defendant.**

File No. 1:92 CV 877

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

*1993 U.S. Dist. LEXIS 20427; 32 U.S.P.Q.2D (BNA) 1365*

July 19, 1993, Decided
July 20, 1993, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant filed motions for separate trials on the issues of liability, damages, and willfulness, and for a stay of discovery on the issue of willfulness in plaintiff's action for patent infringement.

**OVERVIEW:** Plaintiff patentee filed an action against defendant competitor for patent infringement and sought treble damages for willful infringement. Defendant asserted affirmative defenses of patent invalidity, noninfringement, laches, and estoppel. Defendant filed motions for separate trials on the issues of liability, damages, and willfulness, and for a stay of discovery on the issue of willfulness. The court granted defendant's motion in part, holding that the trial was to be separated on the issues of liability and damages. The issues of laches, estoppel, and willfulness were to be determined in the liability phase because there were common factual determinations. Discovery was to be conducted on the issues in the liability phase. The court refused to stay discovery on willfulness because defendant interjected the issue of whether its actions were so egregious that plaintiff was not barred by laches or estoppel. Discovery on damages was stayed until after the resolution of liability.

**OUTCOME:** The court granted in part defendant's motion for separate trials on liability, damages, and willfulness, holding that the trial was to be separated on the issues of damages and liability, which included laches, estoppel, and willfulness. Discovery was allowed on the liability phase issues, but was stayed for damages.

**CORE TERMS:** discovery, patent, laches, estoppel, infringer, willfulness, infringed, patentee, equitable defenses, infringement, issue of liability, asserting, willful, equitable estoppel, egregious, patent infringement, failure to assert, legal advice, amount of time, treble damages, attorney-client, conducting, infringing, scenario, prevail, affirmative duty, enforceability, enforceable, infringe, conduct discovery

**LexisNexis(R) Headnotes**

*Civil Procedure > Trials > Separate Trials*
[HN1] A district court has authority, in order to further convenience to the parties, to avoid prejudice, or to achieve expedition and economy, to order separate trials on issues or claims. Fed. R. Civ. P. 42(b). A decision to order separate trial is left to the sound discretion of the court, to be exercised in light of the need to avoid prejudice to the party, to expedite the litigation, economy of judicial administration, and dissimilarity of the issues.

*Patent Law > Infringement Actions > Defenses > Estoppel & Laches > Elements*
*Patent Law > Infringement Actions > Burdens of Proof*
*Patent Law > Infringement Actions > Defenses > Estoppel & Laches > Excuse*
[HN2] To establish the defense of laches, the alleged infringer must show the patentee's delay in bringing suit was unreasonable and inexcusable, and that the alleged infringer suffered material prejudice attributable to this delay.

*Patent Law > Infringement Actions > Burdens of Proof*
*Patent Law > Inequitable Conduct > Burdens of Proof*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses*
[HN3] In order to establish the defense of equitable estoppel, the alleged infringer must show that through misleading conduct the patentee led the infringer to reasonably infer the patentee did not intend to enforce its patent against the infringer; the alleged infringer relied on the patentee's conduct; and that due to its reliance, the in-

Case 1:04-cv-00833-KAJ    Document 157-5    Filed 11/07/2005    Page 3 of 6

Page 2

1993 U.S. Dist. LEXIS 20427, *; 32 U.S.P.Q.2D (BNA) 1365

fringer would be materially prejudiced if the patentee was allowed to proceed with its claim.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses*
*Patent Law > Infringement Actions > Defenses > Estoppel & Laches > General Overview*
[HN4] Even though an alleged infringer might be able to establish the equitable defenses of laches and estoppel, the defense by the infringer may be defeated by the patentee if it can show the infringer has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor. Conscious copying may be such a factor weighing against the defendant, whereas ignorance or a good faith belief in the merits of a defense may tilt matters in its favor.

*Patent Law > Inequitable Conduct > Effect, Materiality & Scienter > General Overview*
*Patent Law > Infringement Actions > Infringing Acts > General Overview*
*Patent Law > Inequitable Conduct > Burdens of Proof*
[HN5] A determination of willfulness in a patent infringement action includes assessment of factors such as whether the infringer deliberately copied the ideas or designs of the patentee, whether the infringer investigated the scope of the patent and formed a good faith belief it was valid or it was not infringed, and the behavior of the infringer as a party to the litigation. Where a potential infringer has actual notice of a patentee's patent rights, that potential infringer has an affirmative duty to exercise due care to determine whether or not its actions infringe that patent. The affirmative duty includes an obligation to seek and obtain competent legal advice from counsel prior to the initiation of any possible infringing activity.

**JUDGES:** [*1] HON. DOYLE A. ROWLAND, United States Magistrate Judge

**OPINIONBY:** DOYLE A. ROWLAND

**OPINION:**

OPINION

This matter comes before the Court on Defendant Herman Miller's Motion For Separate Trials On Liability, Damages and Willfulness, And For A Stay Of Discovery On The Issue Of Willfulness, filed January 25, 1993 (dkt. #139). By its motion, defendant seeks to have separate trials to the same jury on the issues of liability and, if necessary, damages, and thereafter to the bench on the issue of the willfulness of defendant's alleged patent infringement. Uncharacteristically, both parties agree that trial in this matter should be separated in some fashion. However, they differ greatly in their positions on how the trial should be separated, as well as the method of conducting discovery in this case. Based upon my review of both party's arguments, I conclude that defendant's motion shall be **granted in part.** There shall be separate trials on the issues of liability and damages. Furthermore, defendant's affirmative defenses of laches and estoppel shall be tried in the liability phase, as will plaintiff's claim that defendant's alleged actions of infringing plaintiff's patents were willful. Defendant's [*2] request that discovery be stayed on the issue of willfulness shall be **denied.** Finally, discovery shall be stayed on the issue of damages until such time as defendant's liability is determined.

Plaintiff filed suit against defendant, alleging that defendant has infringed plaintiff's patents. Plaintiff also seeks treble damages, alleging defendant's patent infringement was willful. On January 29, 1992, defendant answered plaintiff's complaint asserting inter alia as affirmative defenses invalidity, non-infringement, laches, and estoppel. In their briefs, both parties point out the extensive amount of time which will be involved not only to conduct discovery, but to try this case as well. Plaintiff asserts compensatory damages may exceed $ 300 million, and that this phase of the litigation very well could consume the most time and money. The argument in favor of separating trial and discovery on the issues of liability and damages is strong.

[HN1] A district court has authority, in order to further convenience to the parties, to avoid prejudice, or to achieve expedition and economy, to order separate trials on issues or claims. *Fed. R. Civ. P. 42(b)*. A decision to order separate trial [*3] is left to the sound discretion of the court, to be exercised in light of the need to avoid prejudice to the party, to expedite the litigation, economy of judicial administration, and dissimilarity of the issues. *In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988),* cert. denied, *488 U.S. 1006 (1989).*

I shall briefly summarize both party's respective positions. They both propose a three-stage procedure for the trial of this case, with the result that discovery also would take place in stages. Defendant proposes that stage one would consist of trial on the liability issues only, including resolution of the equitable defenses of laches and estoppel. At stage two, trial would be had to the same jury on the issues of damages. At stage three, trial would be to the bench on the issue of the willfulness of defendant's alleged infringement. Under defendant's proposed separation of trials, discovery would proceed on the issue of plaintiff's damages as well as liability, but would be stayed on the issue of willfulness until liability should be ascertained. Defendant asserts this would produce economy to both the court and [*4] the litigants,

Case 1:04-cv-00833-KAJ   Document 157-5   Filed 11/07/2005   Page 4 of 6

Page 3

1993 U.S. Dist. LEXIS 20427, *; 32 U.S.P.Q.2D (BNA) 1365

while at the same time preserving its attorney-client privilege.

Plaintiff proposes that at stage one trial be conducted on the issue of liability alone, but should not include a resolution of defendant's equitable defenses of laches and estoppel. Plaintiff proposes a stay on damages discovery until the threshold issue of liability is determined. Plaintiff proposes that at stage two trial be conducted with a second jury after a sufficient amount of time has been allowed to conduct discovery. Plaintiff proposes that at stage three, trial be conducted to the bench on the equitable defenses of laches and estoppel as well as defendant's alleged willfulness in infringing plaintiff's patents.

While I find great merit in separating trial on the liability and damages issues in this case, it appears to me the respective positions of both litigants are not being taken solely for the salutory goal of relieving the burden on the court as well as themselves, but instead are being taken for tactical advantages. For example, defendant's proposal to conduct damage discovery at the same time as liability discovery makes little sense if the issues are to be tried separately. Let's assume [*5] defendant prevails on the issue of liability. Trial on the issue of damages would be unnecessary. However, all the discovery conducted on the issue of damages will have been unnecessary if this scenario comes to pass. Plaintiff asserts that discovery and trial on the damages issue will consume the majority of the litigants' as well as the court's time. Defendant does not dispute this. Defendant asserts that plaintiff's position is merely another way of delaying ultimate resolution of this case. I harbor no doubts that defendant would prefer to have this case concluded. However, conducting damages discovery at the same time as liability discovery, especially in light of the uncontroverted representation that damage discovery will constitute the bulk of the discovery which needs to be conducted, merely serves to delay the potential resolution of this case.

If it is to prevail on the issue of liability, the sooner it can do so the better for defendant. However, conducting damages discovery and preparing for trial on this issue, to be presented to the same jury that will determine liability, will slow down the process and delay resolution of the issue of liability. Both litigants have [*6] demonstrated an uncanny propensity to generate pretrial issues which slow down the process of preparing to resolve their substantive disputes. Removing damage discovery from their arena of contention shall assist in streamlining this case, potentially leading to cost savings for both parties as well as a speedier determination of their correlative rights and liabilities. Therefore, it is in the best interest of both parties as well as of the court that the issues of liability and damages be separated both for trial and discovery.

Plaintiff's position is equally as inconsistent. At the same time plaintiff argues that it makes sense to delay damage discovery because of the time, effort, and money which would be involved, it proposes to delay trial of defendant's equitable defenses of estoppel and laches until after liability would otherwise be established and damages assessed. In effect, plaintiff requests that the liability aspect of this case be bifurcated to both prior to and after an assessment of damages. Under this scenario, it is quite possible the jury could find plaintiff's patents valid and that defendant infringed them, could fix and assess damages, but at stage three it [*7] could be determined the defenses of laches or estoppel would bar plaintiff's right to recover. If this scenario came to fruition, a tremendous amount of litigant time and money, as well as court and jury time, would have been consumed for no legitimate purpose.

Plaintiff asserts that the laches and estoppel defenses should be tried at the same time the issue of defendant's willfulness is determined, and this is why the two defenses should be considered at stage three of the process. Defendant asserts there is no correlation between the defenses of laches and estoppel and the resolution of the willfulness of its alleged patent infringements. I find plaintiff has the better of the argument, but because all three: laches, estoppel, and willfulness all relate to defendant's liability or lack thereof instead of an assessment of damages, I conclude all three issues should be determined at the liability stage of a two-step separate trial.

Recently, the Federal Circuit Court of Appeals set forth the elements and analysis of the equitable defenses of laches and estoppel in patent litigation in the case of *A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020 (Fed. Cir. 1992).* [*8] [HN2] To establish the defense of laches, the alleged infringer must show the patentee's delay in bringing suit was unreasonable and inexcusable, and that the alleged infringer suffered material prejudice attributable to this delay. *Id. at 1028.* Laches operates as a defense against damages for infringement up to the date of filing suit. Id. On the other hand, equitable estoppel may operate to bar an entire claim for damages. [HN3] In order to establish the defense of equitable estoppel, the alleged infringer must show that through misleading conduct the patentee led the infringer to reasonably infer the patentee did not intend to enforce its patent against the infringer; the alleged infringer relied on the patentee's conduct; and that due to its reliance, the infringer would be materially prejudiced if the patentee was allowed to proceed with its claim. Id. [HN4] Even though the alleged infringer might be able to establish the equitable defenses of laches and estoppel, this defense by the infringer may be defeated by the patentee if it can show the infringer "has engaged in particu-

Case 1:04-cv-00833-KAJ    Document 157-5    Filed 11/07/2005    Page 5 of 6

Page 4

1993 U.S. Dist. LEXIS 20427, *; 32 U.S.P.Q.2D (BNA) 1365

larly egregious conduct which would change the equities significantly in plaintiff's [*9] favor." *Id. at 1033* (quoting *Bott v. Four Star Corp., 807 F.2d 1567, 1576 (Fed. Cir. 1986))*. "Conscious copying may be such a factor weighing against the defendant, whereas ignorance or a good faith belief In the merits of a defense may tilt matters in its favor." *A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d at 1033*.

In this case, defendant is asserting the defenses of laches and estoppel, claiming plaintiff knew of defendant's actions which allegedly infringed plaintiff's patents in suit for numerous years, yet failed to timely assert claims for patent infringement. On the other hand, plaintiff is asserting that defendant was aware that its patents were valid and enforceable, especially in light of the Haworth v. Steelcase litigation which still is pending in this court, that defendant had an obligation to investigate the validity and enforceability of these patents, and therefore defendant's actions constituted a willful infringement of plaintiff's patents. [HN5] A determination of willfulness includes assessment of factors such as whether the infringer deliberately copied the ideas [*10] or designs of the patentee, whether the infringer investigated the scope of the patent and informed a good faith belief it was valid or it was not infringed, and the behavior of the infringer as a party to the litigation. *Bott v. Four Star Corp., 807 F.2d at 1572*. Where a potential infringer has actual notice of a patentee's patent rights, that potential infringer has an affirmative duty to exercise due care to determine whether or not its actions infringe that patent. *Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389 (Fed. Cir. 1983)*. This affirmative duty includes an obligation to seek and obtain competent legal advice from counsel prior to the initiation of any possible infringing activity. *Id. at 1390*.

In light of the foregoing, the issues of laches, estoppel, and willfulness are intertwined with common factual determinations. Defendant may be able to establish the defenses of laches or estoppel, yet its actions could be egregious enough that plaintiff would still prevail. It could be determined that defendant's patent counsel informed defendant that plaintiff's patents [*11] were valid and enforceable, and that defendant's actions infringed plaintiff's patents in suit. It also could be established that defendant failed to seek competent legal advice regarding the validity and enforceability of plaintiff's patents as well as whether defendant's products infringed plaintiff's patents. Moreover, defendant might be asserting that in the defense of equitable estoppel, it relied on plaintiff's failure to assert infringement of its patents in suit, while plaintiff may show that defendant actually was relying on legal advice instead of plaintiff's failure to assert the infringement of its patents in suit for a significant amount of time. *Southwire Co. v. Essex Group, Inc., 570 F. Supp. 643, 649 (N.D. Ill. 1983)*. In fact, it would be unfair to plaintiff to allow defendant to proceed on the equitable defenses of laches and estoppel while at the same time impeding plaintiff in its ability to show that defendant's actions were sufficiently egregious to negate these defenses.

The final issue for resolution is whether there should be a stay on discovery concerning the issue of willfulness. Defendant asserts that discovery on issues of [*12] its willfulness will necessarily require discovery of material protected by the attorney-client privilege. In light of the foregoing discussion, it clearly appears that discovery of communications between attorney and client in a patent case is necessary to ascertain whether defendant's actions, if they are construed to infringe plaintiff's patent in suit, was willful, thereby justifying treble damages. Moreover, by asserting the defense of equitable estoppel, defendant has interjected the issue of its reliance on plaintiff's actions in failing to assert its patents were infringed. In doing so, defendant opened up the door to discovery of its own patent counsel so that plaintiff can discover whether in fact defendant relied on advice from its patent counsel instead of plaintiff's failure to assert patent infringement for an extensive amount of time. Id.

Defendant asserts that the decision in Southwire does not apply, because courts only have compelled the waiver of the attorney-client privilege where the party asserting the privilege attempts to rely on the privileged documents. Defendant's argument is disposed of by the express language used by the Northern District of Illinois [*13] in Southwire. "What Essex is arguing here is that Southwire is not entitled to prove what Essex actually relied on, even though the court should be entitled to infer actual reliance from Essex's own proof. The unfairness of Essex's position is manifest....In effect, Essex is saying, 'we can say we relied on our lawyers, but you can't.'" *Id. at 649*. By its answer to plaintiff's complaint, defendant asserted the affirmative defenses of laches and estoppel. In its joint preliminary statement and scheduling order filed with the court in the Northern District of Georgia, defendant identified the issues to be tried as including whether plaintiff's cause of action was barred or limited by the doctrines of laches or estoppel (dkt. #27 at p. 2). By doing so, defendant has interjected into this case the issue of whether its actions were egregious to the point that plaintiff would not be barred by the defenses of laches or estoppel from recovering damages, or whether defendant's actions constituted a willful infringement of plaintiff's patents, entitling plaintiff to treble damages. Therefore, defendant's request for a stay of discovery on the issue of willfulness [*14] shall be denied.

In summary, trial in this matter shall be separated on the issues of liability and damages. The liability aspect of

Case 1:04-cv-00833-KAJ   Document 157-5   Filed 11/07/2005   Page 6 of 6

Page 5

1993 U.S. Dist. LEXIS 20427, *; 32 U.S.P.Q.2D (BNA) 1365

the trial shall include a determination of defendant's defenses of laches and estoppel, as well as the resolution of whether defendant willfully infringed plaintiff's patents in suit. Discovery shall be conducted on all of these issues. If necessary, a later trial shall be conducted on the issue of plaintiff's damages. Discovery on damages shall be stayed until after resolution of defendant's liability is established.

HON. DOYLE A. ROWLAND

United States Magistrate Judge

DATED: July 19, 1993

**ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendant's Motion For Separate Trials On Liability, Damages And Willfulness And For A Stay Of Discovery On The Issue Of Willfulness, filed January 25, 1993 (dkt. #139), is **granted in part and denied in part.** Separate trials shall be conducted on the issues of defendant's liability and plaintiff's damages, if necessary. Included in the liability phase of the trial shall be resolution of defendant's equitable defenses of estoppel and laches, as well as whether defendant [*15] willfully infringed plaintiff's patents in suit.

**IT IS FURTHER ORDERED** that Defendant's Motion For Stay Of Discovery On The Issue Of Willfulness is **denied.**

**IT IS FURTHER ORDERED** that discovery as to plaintiff's damages shall be **stayed** until after the issue of defendant's liability is determined at trial.

HON. DOYLE A. ROWLAND

United States Magistrate Judge

DATED: July 19, 1993