IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY LLC )<br>)<br>    Plaintiff  )<br>)<br>  v.  )<br>)<br>SICOR INC. and SICOR  )<br>PHARMACEUTICALS, INC.  )<br>)<br>    Defendants  ) | C.A. No. 04-833-KAJ |

**NOTICE OF CONTINUED FIRST DEPOSTION OF DEFENDANTS
(PRODUCT DEVELOPMENT, PRODUCTION, SALES, AND MARKETING)**

To: John G. Day
   Steven J. Balick
   ASHBY & GEDDES
   222 Delaware Avenue
   Wilmington, Delaware 19801

   Reid L. Ashinoff
   David R. Baum
   SONNENSCHEIN NATH & ROSENTHAL LLP
   1221 Avenue of the Americas
   New York, New York 10020

  PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") shall take the deposition of Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") through the individuals Sicor designates to testify on its behalf with respect to the subjects set forth in Exhibit 1. The deposition will commence at 9:00 a.m. on December 1, 2005 at the offices of Morris Nichols Arsht & Tunnell, 1201 N. Market Street, Wilmington, Delaware.

  The testimony obtained pursuant to this Notice of Deposition shall be used for any and all appropriate purposes under the Federal Rules of Civil Procedure.

The deposition will be recorded by stenographic and/or videographic means and will take place before a Notary Public or other officer duly authorized to administer oaths.

You are invited to attend and cross-examine.

        MORRIS, NICHOLS, ARSHT & TUNNELL

        */s/ James W. Parrett, Jr.*
        ―――――――――――――――――――――
        Jack B. Blumenfeld (#1014)
        Maryellen Noreika (#3208)
        James W. Parrett, Jr. (#4292)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        *Attorneys for Plaintiff*
        *Pharmacia & Upjohn Company LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
MCDONNELL BOEHNEN HULBERT
  & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

November 10, 2005
492372

# EXHIBIT 1

In relation to the following categories:

1.      The terms "Plaintiff" and "Pharmacia" shall mean Plaintiff Pharmacia & Upjohn Company LLC, its predecessors-in-interest, all other company names under which Pharmacia & Upjohn Company LLC is doing or has done business; their predecessors, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, interns, sales representatives, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

2.      The terms "Defendants," "Sicor," and "you" shall mean, and the term "your" shall relate to, Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. both collectively and independently (whichever calls for broader testimony) and all other company names under which Sicor Inc. or SICOR Pharmaceuticals, Inc. is doing or has done business; their predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, interns, sales representatives, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.      The terms "person" and "persons" shall mean natural persons and all legally cognizable entities, including (without limitation) governmental entities, agencies, officers, departments, or affiliates of any other governmental entity; and commercial entities, corporations, foundations, partnerships, proprietorships, associations, and other non-governmental organizations.

4. The term "date" shall mean the exact day, month, and year, if ascertainable, or (if not) Defendants' closest approximation (including by description of the day, month, and year in relation to other events).

5. Any word written in the singular herein shall be construed as plural or *vice versa* as necessary to bring within the scope of this Notice all information which otherwise might be construed to be outside its scope.

6. The term "'285 patent" shall mean U.S. Patent No. 6,107,285.

7. The term "prior art" includes, by way of example and without limitation, all references cited on Exhibit A to Sicor's Supplemental Responses to First Set of Interrogatories by Plaintiff and any other subject matter that you assert may be encompassed within the scope of 35 U.S.C. § 102 and/or 25 U.S.C. § 103.

8. No category or subpart hereof shall be construed as a limitation on any other category or subpart hereof.

9. The term "Idarubicin Hydrochloride Injection Product" shall mean any ready-to-use idarubicin hydrochloride solution for intravenous injection manufactured by or for and/or sold by Sicor.

10. The term "Medical Professional" shall mean any doctor, nurse, clinic, hospital, or other medical facility that has used, is using, is considering, or is being solicited for use of any Idarubicin Hydrochloride Injection Product.

The subjects of inquiry for the deposition shall include:

1.      Sicor's investigation of, consideration of, and/or decision to develop an Idarubicin Hydrochloride Injection Product, including (but not limited to) identification of all persons involved in the investigation, consideration, and/or decision, the role of each person involved in the investigation, consideration, and/or decision, all information (including documents and things) considered in the investigation, consideration, and/or decision, steps involved in the investigation, consideration, and/or decision, and bases for the investigation, consideration, and/or decision.

2.      Sicor's attempts, if any, to develop an Idarubicin Hydrochloride Injection Product that did not have a pH adjusted to from 2.5 to 5.0 with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid, the concentration of idarubicin hydrochloride being from 0.1 to 100 mg/ml, wherein the Idarubicin Hydrochloride Injection Product is contained in a sealed container including (but not limited to) identification of all persons involved in the attempts, the role of each person involved in the attempts, all information (including documents and things) considered in the attempts, actions taken in the attempts, steps involved in the attempts, results of the attempts, and bases for the rejection of other Idarubicin Hydrochloride Injection Products.

3.      The development of all Idarubicin Hydrochloride Injection Products including (but not limited to) identification of all persons involved in the development, the role of each person involved in the development, all information (including documents and things) considered in the development, steps involved in the development,

3

bases for each decision made in development, and bases for acceptance or rejection of every act in the development.

4. The commercial manufacturing process of all Idarubicin Hydrochloride Injection Products including (but not limited to) identification of all persons involved in the development of the commercial manufacturing commercial manufacturing process, the role of each person involved in the development of the commercial manufacturing process, all information (including documents and things) considered in the development of the commercial manufacturing process, all steps involved in the commercial manufacturing process, location of all steps in the manufacturing process, and basis for selecting all steps involved in the commercial manufacturing process over alternative steps.

5. Documentation, packaging, and other information made available or provided to patients or any Medical Professional with any Idarubicin Hydrochloride Injection Product.

6. Information (including documents and things) regarding any Idarubicin Hydrochloride Injection Product provided by any person acting for or on behalf of Sicor to any Medical Professional.

7. Information (including promotional materials and information, articles, and other literature) provided in relation to any Idarubicin Hydrochloride Injection Product by any person acting for or on behalf of Sicor.

8. Information (including promotional materials and information, articles, and other literature) regarding idarubicin hydrochloride provided by any person acting for or on behalf of Sicor to any Medical Professional.

4

9. All advertising and promotion materials as well as all advertising and promotion activities for any Idarubicin Hydrochloride Injection Product by or on behalf of Sicor.

10. Sicor's relationships with SICOR-Società Italiana Corticorsteroidi S.r.l. and SICOR-Società Italiana Corticorsteroidi S.p.A in relation to research, development, production, manufacturing, or other aspects of any Idarubicin Hydrochloride Injection Product.

11. Sicor's relationships with SICOR Pharmaceutical Sales, Inc. and Abbott Laboratories, Inc. with regard to the sales, marketing, promotion, or other aspects of any Idarubicin Hydrochloride Injection Product.

12. The location and nature of documents that contain any information relating to topics 1-11 set forth above, including any information is maintained in electronic form.

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2005, I electronically filed the foregoing Notice of Service with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES

I also certify that copies were caused to be served on November 10, 2005, upon the following in the manner indicated:

### BY HAND

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE  19801

### BY FEDERAL EXPRESS

>Reid L. Ashinoff
>David R. Baum
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY  10020

>*/s/ James W. Parrett, Jr.*
>_____
>James W. Parrett, Jr. (#4292)
>jparrett@mnat.com

492372