November 15, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

   Re:  Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*
      C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

  We write to report on the parties' discussions with regard to scheduling of events for the remainder of the case.  The parties have agreed to the basic framework of the case proceedings, but have some differences in the specifics of the framework as applied in this case.  Specifically, the parties understand and agree to the following:

Motions to Compel on Privilege Issues

- To ripen issues over the assertion of privilege, the parties must exchange final privilege logs and engage in dialogue to establish their positions.  To date, the parties have indicated a concern that each has improperly designated unprivileged documents on its privilege log.  In addition, Pharmacia has asserted that Sicor has failed to produce documents within the scope of its waiver of privilege in relation to willfulness.  Sicor has asserted that documents related to patent prosecution in -- at a minimum -- Canada, Italy, Japan, and Korea are not subject to the attorney-client privilege.  The parties have agreed to exchange final privilege logs by **November 23, 2005**, in both hard copy and electronically.

- Based upon an early identification of the issues related to privilege, the parties' respective motions to compel the production of documents from privilege logs will be filed and served by **December 7, 2005**.

The Honorable Kent A. Jordan
November 15, 2005
Page 2

- Because declarations of foreign practitioners will likely be needed to oppose Sicor's motion to compel, it is imperative that Sicor identify expeditiously the countries for which it will be moving to compel production. As long as Sicor does so by **November 23, 2005** (with respect to the current privilege log) and by **December 1, 2005** (with respect to new documents from the privilege log served on November 23, 2005), Pharmacia should be able to file and serve a response to Sicor's motion to compel in the ordinary course, by **December 21, 2005**. Sicor's response to Pharmacia's motion to compel will also be filed and served on **December 21, 2005**. Pharmacia's reply in support of its motion to compel will be filed and served on **January 6, 2006**.

- Under a briefing schedule in the normal course, Sicor's reply in support of its motion to compel would be due on December 29, 2005. The parties recognize that additional time may be warranted due to the holidays and Sicor's potential need to obtain responsive declarations of foreign practitioners. The parties do not agree as to how much additional time would be appropriate:

  --Pharmacia believes Sicor's reply in support of its motion to compel should be filed and served on **January 6, 2006**, which allows one additional week. If still more time is allocated for Sicor's reply brief, Pharmacia requests additional time for its response brief.

  -- Sicor believes its reply in support of its motion to compel should be filed and served no earlier than **January 20, 2006**.

Expert Depositions/Claim Construction Proceedings

- The Court had previously linked the depositions of Pharmacia's two European invalidity rebuttal experts to the depositions of the Italian inventors for the convenience of counsel. Now that the timing of the depositions of the Italian inventors is contingent upon resolution of privilege issues (and the timing of the depositions of the European experts is not), the parties will take the depositions of the European experts on a separate schedule. However, because one of the experts is undergoing surgery soon and will be incapacitated for several weeks, they anticipate taking the both depositions in the same week in mid-January 2006. Given that timing:

  -- Pharmacia proposes the joint claim construction statement and opening claim construction briefs be due on **January 30, 2006** and rebuttal claim construction briefs be due on **February 13, 2006**; and

  -- Sicor proposes the joint claim construction statement and opening claim construction briefs be due **fourteen (14)** days after the completion of the expert depositions and rebuttal claim construction briefs be due **fourteen (14)** days later.

The Honorable Kent A. Jordan
November 15, 2005
Page 3

<u>Italian Inventor Testimony/Summary Judgment Motions</u>

- The parties recognize that the Court has indicated that the taking of testimony from the Italian inventors will not occur until the Court has resolved relevant privilege disputes. The parties also recognize that the Court has committed to acting expeditiously to ensure that the case does not get off track.  Accordingly, the parties propose the following:

  -- Given the schedule for briefing the motions to compel described above, Pharmacia asserts (depending on the Court's schedule and ability to resolve the privilege issues expeditiously) that it is realistic to set the taking of testimony for about one month after the completion of briefing.   Briefing on the motion to compel will be completed on January 6, 2006 under Pharmacia's proposal.   Thus, assuming the Court rules on the motion to compel within one month, the taking of testimony can occur before the end of **February 2006**.  Pharmacia proposes summary judgment motions then be due on **March 6, 2006**; summary judgment responses be due on **March 20, 2006**; summary judgment replies be due on **March 27, 2006**; and a *Markman* and summary judgment hearing be set for the week of **April 10, 2006**; and

  -- Sicor prefers not to set unrealistic deadlines for the Court.  Instead, Sicor has proposed further dates be based on the date the Court is able to issue a ruling on the privilege disputes ("Ruling").  Sicor proposes the following schedule:

  | | |
  |---|---|
  | Close of Discovery: | **30 days** after documents are produced pursuant to this Court's privilege ruling; |
  | Dispositive motions: | **30 days** after the close of discovery; |
  | Dispositive motion responses: | **10 business days** after dispositive motions are filed; |
  | Dispositive motion replies: | **5 business days** after motion responses are filed; |
  | Markman and Dispositive Motion Hearing | Date to be set by the Court after motion papers are filed |

<u>Subsequent Dates</u>

- The parties agree that subsequent dates should be set to parallel the prior schedule of November 2, 2004 in this case, subject to the Court's other obligations.  Accordingly, the parties propose the following:

  -- Pharmacia believes, given the two month delay in the *Markman* and summary judgment hearing it proposes (and the fact that the patent will expire in August, 2007), that the case can be ready for trial in **August 2006**.  Pharmacia recognizes that the Court's schedule is filled with other pressing matters and defers to the Court's judgment.

The Honorable Kent A. Jordan
November 15, 2005
Page 4


    -- Sicor believes that Pharmacia's proposed dates for Markman and summary judgment hearings and preparation of a final pretrial order and trial are unrealistic based on the discovery and motion practice needed to be completed as forth above.  Sicor believes that the Court is in the best position to set these dates based upon the time actually needed to prepare this case for trial and the Court's calendar.


Respectfully,                                                        Respectfully,

*/s/ Maryellen Noreika*                                    */s/ John G. Day*

Maryellen Noreika (#3208)                          John G. Day (#2403)
MORRIS NICHOLS ARSHT & TUNNEL        ASHBY & GEDDES
*Attorneys for Plaintiff*                                  *Attorneys for Defendants*


MEN/bav
cc:    Peter T. Dalleo, Clerk (By Hand)
       Reid L. Ashinoff, Esquire (By Fax)
       Daniel A. Boehnen, Esquire (By Fax)