IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC,  )
                                  )
              Plaintiff,          )
                                  )
        v.                        )      C.A. No. 04-833-KAJ
                                  )
SICOR INC. and SICOR              )
PHARMACEUTICALS, INC.,            )
                                  )
              Defendants.         )

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO BIFURCATE LIABILITY AND WILLFULNESS
AND STAY DISCOVERY RELATING TO THE WILLFULNESS INQUIRY**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*                     *Attorneys for Defendants*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700
Facsimile: (212) 768-6800

Dated: November 16, 2005

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................... 1

PRIOR PROCEEDINGS PERTINENT TO THE MOTION .......................................... 2

ARGUMENT ................................................................................................................... 4

I.    THE SIGNIFICANT POTENTIAL PREJUDICE SICOR HAS
      DEMONSTRATED IN AND OF ITSELF WARRANTS BIFURCATION IN
      THIS CASE ............................................................................................................. 4

II.   BIFURCATION WILL NOT MATERIALLY PREJUDICE PHARMACIA ................... 6

III.  BIFURCATION OF WILLFULNESS/DAMAGES WILL HELP AVOID JUROR
      CONFUSION, BUT WILL NOT PROMOTE JUDICIAL INEFFICIENCY .................... 7

      A.  Bifurcation Will Help Avoid Juror Confusion............................................. 7

      B.  Bifurcation Would Promote Judicial Economy .......................................... 8

CONCLUSION............................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Amsted Industries, Inc. v. National Castings, Inc.*, 16 U.S.P.Q.2d 1737
(N.D. Ill. 1990)..................................................................................9

*Armstrong Manufacturing Co. v. Wright Machine Tool Co., Inc.*, Civ. No. 91-1021-FR,
1992 WL 58733 (D. Or. March 20, 1992) ...........................................9

*Conopco, Inc. v. Warner-Lambert Co., No. Civ. A. 99-101 (KSH)*, 1999 WL 1565082
(D.N.J. Jan. 24, 2000) ........................................................................9

*Enzo Life Sciences, Inc. v. Digene Corp., No. Civ. A. 02-212-JFF*, 2003 WL 21402512
(D. Del. June 10, 2003) ......................................................................5

*General Patent Corp. International v. Hayes Microcomputer Products, Inc.*,
44 U.S.P.Q.2d 1954 (C.D. Cal. 1997)..................................................6

*General Signal Corp. v. Applied Materials, Inc.*, 46 U.S.P.Q.2d 1160
(D. Del. 1997) ....................................................................................5

*Haworth, Inc. v. Herman Miller, Inc.*, No. 1:92 cv 877, 1993 WL 761974
(W.D. Mich. July 20, 1993) ...........................................................9, 10

*IPPV Enterprise v. Cable/Home Communication Corp.*, 26 U.S.P.Q.2d 1714
(S.D. Cal. 1993) ...............................................................................10

*MCI Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081
(7th Cir. 1983)....................................................................................4

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (Fed. Cir. 1996) ......................................10

*McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362 (Fed. Cir. 2003)............................3

*Mellon v. Beecham Group PLC*, Civ. No. 86-2179, 1991 WL 16494
(D.N.J. Jan. 3, 1990) .....................................................................9, 10

*Novopharm Ltd. v. Torpham, Inc.*, 181 F.R.D. 308 (E.D.N.C. 1998) ...........................6

*Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332
(Fed. Cir. June 9, 2005) ......................................................................3

*Princeton Biochemicals v. Beckman Instruments, Inc.*, 180 F.R.D. 254
(D.N.J. 1997).................................................................................7, 9

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed. Cir. 1991) ....................................................4

*Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476 (Fed. Cir. 1997)...........................................3

*Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553 (6th Cir. 1996) ..............................................4

*Schering Corp. v. Geneva Pharmaceuticals, Inc.*, 339 F.3d 1373 (Fed. Cir. 2003).......................3

*Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977 (D. Del. 1982)........................................9

## STATUTES

35 U.S.C. § 103  .............................................................................................................................3

Fed. R. Civ. P. 42(b) .......................................................................................................................4

Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") submit this Reply Memorandum of Law in further support of their motion for bifurcation of trial on the issues of liability on the one hand, and (i) damages and (ii) willfulness on the other.[1]

## PRELIMINARY STATEMENT

The central issue on this motion is whether bifurcation is warranted in this particular case in order to avoid unfair prejudice to Sicor's ability to mount an appropriate defense to Pharmacia's liability claims. Indeed, during the recent October 11, 2005 conference, this Court recognized the potential for significant prejudice to Sicor if its privileged materials were introduced during the liability phase of trial. Pharmacia's opposition all but ignores this Court's statements in that regard. Instead, Pharmacia makes improper arguments about the alleged merits of its underlying patent claims. In so doing, Pharmacia fails to rebut the showing of prejudice supporting bifurcation that Sicor already has made.

Moreover, Pharmacia's claim that it would somehow be prejudiced by delay if this two-week trial is conducted over the course of two weeks (albeit in two stages instead of one), rings hollow – particularly given the almost year-long delay that Pharmacia's failure to timely produce documents and other evidence has already caused, not to mention Pharmacia's nearly two-year delay in filing suit after Sicor launched its idarubicin hydrochloride injectable product in or about September 2002 and its decision not to seek a preliminary injunction after filing suit. Further, this Court's ruling that willfulness discovery not be stayed will ensure that there is no undue delay in a bifurcated trial.

---

[1]    During the October 11, 2005 telephonic conference, the Court denied that part of the present motion seeking to stay discovery with respect to willfulness-related issues. That issue is thus not discussed here.

The substantial potential for prejudice to Sicor if its privileged materials are introduced before liability is determined, which prejudice Sicor has already demonstrated, warrants bifurcation of this case into two phases: one to resolve liability, and another (if necessary) to resolve willfulness and damages.

## PRIOR PROCEEDINGS PERTINENT TO THE MOTION

As the Court may recall, it would only allow Sicor to pursue the present motion if Sicor made a "whale of a showing" as to the potential prejudice it would suffer if bifurcation were not ordered. After reviewing Sicor's privileged materials *in camera*, the Court stated during the October 11, 2005 conference:

> I've taken a look at what you sent over. **I agree it raises some significant issues in terms of potential prejudice** and so I am not deciding the bifurcation issue today. And that, all by itself, is I think a step forward for the folks on the Sicor side because it is out of our custom and practice, or at least mine, to think about doing this, but you have raised enough of an issue that I'm prepared to hear what the other side says. . . .

(Ex. A: October 11 Tr. at 8:16-23) (emphasis added).

In its opposition brief, Pharmacia all but ignores these statements by the Court. Pharmacia also ignores the real and substantial prejudice to Sicor of admitting into evidence Sicor's privileged materials before liability is found. Instead, Pharmacia tries to divert this Court's attention with a lengthy discussion of the claimed strength of its merits case and unsustainable claims that it will somehow be prejudiced if a scheduled two-week trial is

conducted over the course of two weeks in two stages instead of one.[2]  No such prejudice can

exist.

      By letter dated October 24, 2005, Sicor informed the Court and Pharmacia that it

intended to assert an advice of counsel defense to Pharmacia's willfulness claims.  In that same

letter, Sicor reiterated what the Court said on October 11 with respect to the types of materials

that fell within and without the scope of the privilege waiver, and explained why only the

opinion letter and a related expert declaration were properly within the scope of Sicor's waiver.

Pharmacia completely ignores that letter in its opposition brief.

      On or before November 4, 2005, Sicor advised Pharmacia that it would re-review the

documents included on Sicor's privilege log, which had been previously created and served, in

order to determine whether it would produce additional documents in light of its privilege

waiver.  On November 11, 2005, Sicor produced a substantial number of additional documents

that had previously been withheld on privilege grounds, but not the documents that were attached

---

[2]     Pharmacia's merits-based arguments are not only improper in the context of the present motion, they are wrong.  Pharmacia inappropriately mischaracterizes Sicor's invalidity and non-infringement positions in an effort to mislead the Court into believing that the liability issues are simple.  Pharmacia also ignores the claim construction issue as to whether the '285 patent only covers products "not reconstituted from a lyophilizate," in which case the Sicor product could not be found to infringe.  In addition, Pharmacia entirely avoids the clear law that a reference can inherently anticipate some limitations of a claim, even if they are not expressly stated, and that obviousness under 35 U.S.C. § 103 allows a combination of references to render a patent invalid as obvious.  *See, e.g.*, *Schering Corp. v. Geneva Pharmaceuticals, Inc.*, 339 F.3d 1373 (Fed. Cir.), *reh'g denied*, 348 F.3d 992 (2003) (inherency); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332, 1336-39 (Fed. Cir. 2005) (knowledge of skilled artisan made combination of references obvious); *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1368-71 (Fed. Cir. 2003) (combination of references obvious); and *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1480-84 (Fed. Cir. 1997) (same).  Similarly, Pharmacia's assertion that the prior art references relied on by Sicor were before the PTO ignores, among other facts, that the Applicants mischaracterized the teachings of the key Wasserman reference in order to prevent the examiner from understanding that stability at different pHs and temperatures could be calculated for aqueous doxorubicin solutions from the data presented in Wasserman.

as Exhibits A through C of Sicor's written *in camera* submission to the Court.[3]  Pharmacia's

brief also ignores this significant additional production.


## ARGUMENT

## I.    THE SIGNIFICANT POTENTIAL PREJUDICE SICOR HAS DEMONSTRATED IN AND OF ITSELF WARRANTS BIFURCATION IN THIS CASE

Rule 42(b) allows for bifurcation where the Court finds that it would "avoid prejudice."

Fed. R. Civ. P. 42(b).  *See Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir.

1996) ("A district court may bifurcate a trial 'in furtherance of convenience or to avoid

prejudice, or when separate trials will be conducive to expedition and economy.' *Only one of*

*these criteria need be met to justify bifurcation.*") (*quoting* Rule 42(b)) (emphasis added); *MCI*

*Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081, 1166 (7th Cir.),

*cert. denied*, 464 U.S. 891 (1983) (same).  Prejudice avoidance is precisely the reason that Sicor

seeks to bifurcate liability from willfulness and damages in this case.  Nonetheless, Pharmacia's

opposition brief does not mention – not even once – *Quantum Corp. v. Tandon Corp.*, 940 F.2d

642 (Fed. Cir. 1991), the Federal Circuit's seminal case on the issue before the Court.  This is, to

say the least, a startling omission – particularly given this Court's October 11 recognition that

Sicor had demonstrated the potential of "significant" prejudice if its privileged materials were

presented to the jury before liability was determined.

Instead, Pharmacia avers that the Court can dispositively remove the prejudice to Sicor

with a curative instruction of some sort.  This argument misses the point.  As the *Quantum* Court

recognized, prejudice can be avoided altogether by bifurcating liability and willfulness/damages.

---

[3]     For the reasons set forth in Sicor's October 24, 2005 letter to the Court and Pharmacia's counsel, Sicor continues to believe that the documents attached as Exhibits A through C of its *in camera* submission are outside the scope of Sicor's privilege waiver in this case.

And, this can be done in this case without prejudicing Pharmacia in any way, shape or form. Even in the only case Pharmacia cites for its curative instruction theory – *General Signal Corp. v. Applied Materials, Inc.*, 46 U.S.P.Q.2d 1160, 1160 (D. Del. 1997) – although the Court denied bifurcation at a relatively early stage of the proceedings, it stated: "I will permit Applied Materials to ask for reconsideration of the bifurcation ruling at the time of the pre-trial conference, if it believes it can demonstrate that some actual prejudice will result without separation of the issues." *Id.* Sicor has already made the threshold showing of prejudice that the *General Signal* Court invited the defendant to make when the litigation progressed to the appropriate point.

Pharmacia's opposition brief amply demonstrates why bifurcation is necessary to avoid undue prejudice to Sicor. On pages 7-8, Pharmacia affirmatively acknowledges that it intends to use the invalidity opinion of Sicor's counsel to examine Sicor's liability expert, Dr. Clark, even though Dr. Clark neither reviewed nor relied upon the opinion of counsel in reaching his own conclusions. In light of this, Pharmacia's protestations that Sicor has engaged in *ad hominem* attacks by suggesting that Pharmacia will improperly attempt to use willfulness-related evidence in connection with its liability case, can carry no weight. Pharmacia's stated goal of using willfulness-related documents in its liability case is exactly the type of prejudice Sicor seeks to avoid by a bifurcation order.

Pharmacia's suggestion that bifurcation is either rare or unusual in patent cases is also wrong. Indeed, in light of the myriad potentially complex issues in patent cases, courts frequently bifurcate them. *See, e.g., Enzo Life Sciences, Inc. v. Digene Corp.*, No. Civ. A. 02-212-JFF, 2003 WL 21402512, at *5 (D. Del. June 10, 2003) (holding that "[e]xperienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain

- 5 -

manageability of the volume and complexity of evidence presented to a jury") (citation omitted)
(attached hereto as Exhibit C); *see also General Patent Corp. Int'l v. Hayes Microcomputer
Products, Inc.*, 44 U.S.P.Q.2d 1954, 1956 n.1 (C.D. Cal. 1997); *Novopharm Ltd. v. Torpham,
Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998).

Simply put, the balancing of equities militates strongly in favor of bifurcation.  The first
trial phase should determine the liability issues.  If Sicor is found liable, phase two – on
willfulness and damages – would immediately commence before the same jury.

## II.      BIFURCATION WILL NOT MATERIALLY PREJUDICE PHARMACIA

Pharmacia's argument that it would somehow be prejudiced by separating the trial into
two phases – because its patent expires in 2007 – is wrong.  The bifurcation plan Sicor proposes
will not delay any portion of the trial.  It merely provides that the trial will occupy the same two-
week period as has been contemplated since day one, but allow for an ordering of the evidence in
a manner that will protect Sicor from the type of "significant" potential prejudice that this Court
has already recognized exists.  There would be no temporal gap between the phases – as soon as
the jury returns a verdict on liability, the case will either end or proceed immediately to the
willfulness/damages phase.

In any event, to the extent that Pharmacia's purported delay-related actually exists, it has
been self-inflicted.  Pharmacia waited for some two years to file this lawsuit after Sicor launched
its allegedly infringing product.  Pharmacia then delayed for almost one additional year
producing documents that Sicor requested in November 2004, which failure has resulted in
additional delays and a finding by this Court that the present schedule is now "unrealistic."  (Ex.
B:  November 8 Tr. at 15:2-25, 16:1-22, 18:21-25, 19:1-7, 27:13).  And at no time has Pharmacia
sought a preliminary injunction.  In the face of these self-imposed delays and failures,

Pharmacia's claim that splitting a two-week trial into two separate parts over the same two-week period will prejudice it due to delay, is simply not credible.[4]

## III.    BIFURCATION OF WILLFULNESS/DAMAGES WILL HELP AVOID JUROR CONFUSION, BUT WILL NOT PROMOTE JUDICIAL INEFFICIENCY

### A.    Bifurcation Will Help Avoid Juror Confusion

Pharmacia contends that this highly technical patent dispute will not present any confusing information to the jury. This is wishful thinking at best. Sicor's opening brief discussed at length the myriad complex issues in this case (Sicor Br. at 3, 7-8). Pharmacia's opposition brief simply ignores those issues, including the highly complex claim language that constitutes the heart of this dispute. As Dr. Clark's expert report (attached as Exhibit C to Pharmacia's opposition brief) discloses, the jury will hear testimony in the liability case about such foreign topics as (among other things) first order rate constants, activation energy, the Arrhenius equation, and acid-base catalysis. Each of these topics will likely be completely new, and at least initially confusing, to a lay jury. Pharmacia's effort to further confuse the jury by introducing the separate question of willfulness into the same trial is likely to overwhelm the jury. *See Princeton Biochemicals v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 257 n.1 (D.N.J. 1997) (rejecting patent holder's bald statement that the case was "a relatively simple patent case . . . . [with plaintiff asserting] a single patent claim," and holding that "[e]ven plaintiff's most simplistic assessment of the underlying technology and the liability issues in question are likely to be confusing to a jury, unsophisticated in the area of intellectual property").

---

[4]    In its original motion, Sicor sought a stay of willfulness-related discovery and suggested a short delay between the first and second trial phases to allow for such discovery to go forward. Given the Court's denial of Sicor's motion to stay, there is no danger of undue delay in the progress of the trial. Further, even if that were not the case, the type of potential prejudice that Sicor has demonstrated it will suffer if its privileged documents are introduced during the liability phase dwarfs whatever purported prejudice Pharmacia may incur if there is a short delay between the first and second trial phases to allow the jury time to reach a liability verdict.

Pharmacia's conclusory claim that the technical and damages issues are simple – even if true – is irrelevant. Bifurcation will not lengthen the trial, just separate it and provide for an orderly presentation of evidence in a manner that protects Sicor from significant potential prejudice. Moreover, the notion that Pharmacia might want to use the number of units sold in both trial phases should not be a problem because those numbers are likely to be stipulated to in advance of trial and not tried to the jury in either phase.

### B.    Bifurcation Would Promote Judicial Economy

Pharmacia's claims of evidentiary overlap between its willfulness claims and Sicor's laches and estoppel defenses is without basis. In practice, Sicor has identified one witness to speak to laches and estoppel issues – Marvin Samson. In the willfulness portion of the case, Sicor would expect to present testimony from Mr. Samson, Wesley Fach, Esq., Jessica Wolff, Esq. and Dr. Waldemar Priebe – none of the latter three would testify in the liability phase of the case. Mr. Samson's testimony during the liability phase about Pharmacia's failure to act to protect its alleged patent rights will not be duplicative of his testimony during the willfulness phase that he relied on the Brobeck firm's opinion letter in deciding to launch Sicor's allegedly infringing product in September 2002. In this particular case, Mr. Samson was witness both to the advice he received from counsel and to Pharmacia's conduct in failing to protect its alleged patent rights.

Even if there were some small evidentiary overlap in Mr. Samson's testimony in the two phases, it would be insufficient to defeat bifurcation based upon the manifest potential of prejudice to Sicor if there is a unified trial in this action. In cases like this, where issues such as willfulness, commercial success, copying, obviousness and related issues are in dispute, courts have not hesitated to bifurcate – even if there would be some minimal duplication of the

evidence presented.  *See, e.g., Conopco, Inc. v. Warner-Lambert Co.*,  No. Civ. A. 99-101

(KSH), 1999 WL 1565082, at *13 (D.N.J. Jan. 24, 2000) (attached hereto as Exhibit D);

*Princeton Biochemicals*, 180 F.R.D. at 258; *Armstrong Manufacturing Co. v. Wright Machine*

*Tool Co., Inc.*, Civ. No. 91-1021-FR, 1992 WL 58733, at *1 (D. Or. March 20, 1992) (attached

hereto as Exhibit E); *Amsted Industries, Inc. v. Nat'l Castings, Inc.*, 16 U.S.P.Q.2d 1737, 1739

(N.D. Ill. 1990) (bifurcating liability and willfulness/damages even though "some evidence may

be admissible not only on the question of willfulness, but also on such questions as copying,

which goes to the matter of the obviousness of the patented invention *** [w]hat overlap there

may be is not substantial, however, and certainly does not outweigh the advantages of bifurcation

[primarily prejudice avoidance and judicial economy]").

      Pharmacia is simply wrong in arguing that bifurcation will not serve judicial economy.

"[I]f any of the liability issues are resolved in [defendant's] favor, no further trial will be

necessary.  On the other hand, if the liability issues are resolved in [plaintiff's] favor, then

[defendants] might very well settle the damages to avoid the lengthy trial." *Smith v. Alyeska*

*Pipeline Service Co.*, 538 F. Supp. 977, 984 (D. Del. 1982), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984),

*cert. denied*, 471 U.S. 1066 (1985).  And even if the parties do not settle between the liability

and damages phases, the potential conservation of judicial and party resources still provides a

separate and independent basis for bifurcating this case.

      Moreover, the cases Pharmacia cites in support of its position – *Haworth, Inc. v. Herman*

*Miller, Inc.*, No. 1:92 CV 877, 1993 WL 761974 (W.D. Mich. July 20, 1993) (attached hereto as

Exhibit F), *Mellon v. Beecham Group PLC*, Civ. No. 86-2179, 1991 WL 16494 (D.N.J. Jan. 3,

1990) (attached hereto as Exhibit G), and *IPPV Enter. v. Cable/Home Communication Corp.*, 26

U.S.P.Q.2d 1714 (S.D. Cal. 1993) – do not help its cause.  As a threshold matter, the primary

- 9 -

issue on this motion – and the primary reason that this Court recognized during the October 11 conference the potential value of bifurcating this case – is to avoid prejudice to Sicor by barring the premature admission into evidence of privileged documents that are unrelated to the liability question.  Neither *Haworth*, *Mellon* nor *IPPV* raise the type of prejudice issues that this Court has already recognized exist here.

Moreover, it is well established that district courts have wide discretion to enter bifurcation orders based upon the specific facts of the case before it.  It is thus not surprising that cases can be found where bifurcation was denied based, in part, on the existence of overlapping evidence in light of the specific facts of the case.  Such was true in the cases Pharmacia cites.  *See, e.g., Mellon*, 1991 WL 16494, at *9 (noting particular concern that a number of the relevant witnesses were elderly and that "prudence dictate[d] proceeding with [those] witnesses now, without waiting until a liability trial has been completed"); *Haworth*, 1993 WL 761974, at *4 (the district court bifurcated liability from damages, but would not at that point in time bifurcate willfulness because based upon the facts of that case, the willfulness questions were "intertwined with common factual questions"); *IPPV*, 26 U.S.P.Q.2d at 1717 (in denying bifurcation at a relatively early stage of the proceedings, the district court went out of its way to note that it would "reserve the right to reconsider" the issue at a later point in the litigation).  The factual underpinnings in this case are not even remotely akin to those in the cases cited by Pharmacia.

In this case, liability, willfulness and damages are entirely distinct.  The liability question will turn on the non-infringement and invalidity of the patent-at-issue.  If liability is found, willfulness must be  resolved exclusively by reference to Sicor's state of mind, not to whether Pharmacia's patent is valid or was infringed.  *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996) ("Whether an infringer acted willfully is a question of fact *that rests on a*

-10-

*determination of the infringer's state of mind*.") (emphasis added).  And, the damages issues are

entirely separate from both liability and willfulness.  There would thus be little, if any, overlap in

the evidence presented in a bifurcated trial.

## CONCLUSION

For the foregoing reasons, and those set forth in Sicor's opening papers, Sicor

respectfully requests that the Court order that the trial of this case be separated into two phases:

1) to determine liability; and 2) to determine, if necessary, willfulness and damages.


ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

OF COUNSEL:

SONNENSCHEIN NATH & ROSENTHAL LLP
Reid L. Ashinoff
Michael S. Gugig
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700
Facsimile: (212) 768-6800

Dated:  November 16, 2005

163659.1

-11-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of November, 2005, the attached **DEFENDANTS'**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO**

**BIFURCATE LIABILITY AND WILLFULNESS AND STAY DISCOVERY RELATING**

**TO THE WILLFULNESS INQUIRY** was served upon the below-named counsel of record at

the address and in the manner indicated:


Jack B. Blumenfeld, Esquire                                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


Joshua R. Rich, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606




*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon