IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC. | ) ) ) | |
| | ) | |
| Defendants | ) | |

### NOTICE OF SUBPOENA DIRECTED TO JESSICA WOLFF

PLEASE TAKE NOTICE that PHARMACIA & UPJOHN COMPANY, LLC will serve the attached subpoena upon Jessica Wolff, Heller Ehrman LLP, 4350 La Jolla Village Drive, 7th Floor, San Diego, CA 92122-1246.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Maryellen Noreika (#3208)
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
 *Attorneys for Plaintiff*
 *Pharmacia & Upjohn Company LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
 HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

November 22, 2005

OAO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, Plaintiff<br>v.<br>SICOR INC. and SICOR PHARMACEUTICALS, INC., Defendants | SUBPOENA IN A CIVIL CASE<br><br>Case Number:[1]   C.A. No. 04-833-KAJ<br>District of Delaware |

TO:   Jessica Wolff
      Heller Ehrman LLP
      4350 La Jolla Village Drive 7th Floor
      San Diego, CA 92122-1246

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire<br>402 W Broadway, #700, San Diego, California | December 5, 2005 at 9 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED SCHEDULE A**

| PLACE   Esquire<br>        402 W Broadway, #700<br>        San Diego, California | December 5, 2005 at 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Plaintiff | November 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel A. Boehnen
McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Drive, Chicago, Illinois 60606; 312-913-0001

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instruction apply:

1. The term "Sicor" shall mean Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc., both collectively and independently (whichever calls for broader production of documents and things), and any other company name under which Sicor is doing or has done business; their predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; their directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, interns, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

2. The terms "person" and "persons" shall mean natural persons and all other legally cognizable entities, including (without limitation) governmental entities, agencies, officers, departments, or affiliates of any other governmental entity; and commercial entities, corporations, foundations, partnerships, proprietorships, associations, and other non-governmental organizations.

3. The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

4. The terms "documents" and "things" shall have the broadest scope permissible under the Federal Rules of Civil Procedure and shall include (without limitation) the originals (or, absent any original, a copy) of any writings or other tangible things, however produced or reproduced, including books, accounting and financial records of any nature whatsoever, agreements, communications, correspondence, e-mail,

1

telegrams, cables, telexes, telecopy or fax transmission messages, memoranda, video, audio or other electromagnetic recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, information bearing photographic products of any nature whatsoever, photo-records, microfilms, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, patent appraisals, patent searches, opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. Any copy of a "document" as described above containing thereon or attached thereto any alteration, notes, comments or other mark, indicia, or material not included in the original or copy referred to in the preceding sentence shall be deemed a separate "document" within the foregoing definition. The terms "documents" and "things" shall also mean tangible objects other than "documents" as described above, and shall include objects of every kind and nature such as, but not limited to, prototypes, models and specimens. The terms "document" and "things" shall refer to any of the

above-identified objects in any tangible form, including electronic versions maintained in a magnetic or optical storage medium.

5. The term "communication" shall mean any transmission of information from one person or entity to another, including (without limitation) by personal meeting, telephone, facsimile, radio, telegraph, electronic mail, teleconference, writing, or other means.

6. The terms "identify," "related to," "refer to," "identifying," "supporting," "relating to," "referring to," "associated with," and "with respect to" shall be interpreted so as to encompass the liberal scope of discovery set forth in Rule 26(b) of Fed.R.Civ.P.

7. When a document or thing that "concerns" or "concerning" any given matter is requested, the request encompasses any document or thing, as the case may be, containing, relating to, constituting, evidencing, referring to, discussing, or prepared in connection with the matter.

8. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses which otherwise might be construed to be outside its scope.

9. Any word written in the singular herein shall be construed as plural or *vice versa* as necessary to bring within the scope of these Requests all responses which otherwise might be construed to be outside its scope.

10. "The '285 patent" shall mean U.S. Patent No. 6,107,285.

11. The term "prior art" includes by way of example and without limitation, any subject matter that you assert may be encompassed by 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

12. No Request or subpart hereof shall be construed as a limitation on any other Request or subpart hereof.

13. A Request should not be limited to a specific time frame unless specifically so stated in the Request.

14. The original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody or control is to be produced, including company, department, and personal files. If the original or copy is not in your possession, custody or control, a full, clear, legible copy thereof is to be produced.

15. These Requests are intended to include all documents and things in your possession, custody or control, wherever located. If you object to these requests on the basis that responsive documents or things in its possession are in the control of third parties, SRU requests that you identify those parties and the basis for their control of the documents or things.

16. If any portion of any Request refers or relates to a document or thing of which you are aware or which was at one time (but is no longer) within your possession, custody, or control, you are requested to identify each such document or thing sufficiently to describe the document or thing for a subpoena *duces tecum*, together with the name, telephone number, and address of the person last known by you to have been in possession, custody, or control of each such document or thing.

17. Each Request shall be responded to fully unless it is in good faith objected to, in which event every reason for your objection shall be stated in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it,

you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

18. Documents shall be produced either (i) in separate filed organized in accordance with this document request or (ii) in the manner and file in which they are currently being.

19. If you or your counsel assert that any document or thing identified in response to a Request is privileged or otherwise protected from discovery (e.g., by work product immunity), set forth in your written response hereto with respect to each document or thing for which a claim of privilege is made such that the document or thing is not produced in full:

   a. The place, approximate date, and manner of recording, creating or otherwise preparing the document or thing;

   b. The name and organizational position, if any, of each sender of the document or thing;

   c. The name and organizational position, if any, of each recipient and/or custodian of the document or thing;

   d. The name and organizational position, if any, of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document or thing;

   e. The name and organizational position, if any, of each person to whom the contents of the document or thing or any portion thereof have heretofore been communicated by copy, exhibition, reading or summarization;

  f. A statement of the basis on which privilege is claimed with respect to each document or thing and including a statement of sufficient relevant facts and circumstances that will explain the basis of the claim of privilege and will permit the adjudication of the propriety of the claim of privilege;

  g. The name of each person, other than Defendants' attorneys of record, having knowledge of the factual basis asserted for the privilege claim;

  h. The number of the Request to which the document or thing is responsive;

  i. The identity and organization position, if any, of each person supplying the author of your response hereto with the information requested in subsections (a) through (g) above;

  j. The type of document or thing withheld (e.g., letter, memorandum, etc.);

  k. The subject matter of the document, communication, or other information;

  l. The location(s) where, if at all, information has been redacted on the document or thing thus produced;

  m. The location of the document, communication, thing or other information withheld; and

  n. In the case of a document, the length of the document in number of pages.

20. The Requests seek all documents and things you know as of the date of service hereof, unless otherwise stated in a particular Request. If you come into

possession, custody, or control of responsive documents or things between the time of initial production and the time of the deposition, Plaintiff requests that you promptly supplement your earlier production.

21.  When gathering documents or things responsive to these Requests, information as to the source (i.e., the person for whom files were maintained, or other location) from which each document or thing was gathered for production, is encompassed by the Requests.

22.  Any documents that contain "Confidential" information as that term is defined in the attached Stipulated Protective Order may be produced in conformance with that Order.

**DOCUMENT REQUESTS**

You are asked to produce the documents listed below:

1. All documents and things concerning, related to, or referring to the '285 patent and/or the subject matter claimed, disclosed, and/or described therein.

2. All copies of '285 patent and/or its file history.

3. All documents and things concerning, related to, or referring to meetings, conversations, communications, or correspondence concerning, related to, or referring to the '285 patent and/or the subject matter claimed, disclosed, and/or described therein.

4. All documents and things concerning, related to, or referring to any prior art and/or possible prior art of the '285 patent and the subject matter claimed, disclosed, and/or described therein, regardless of whether the prior art and/or possible prior art was submitted to the U.S. Patent and Trademark Office or cited by the Patent Examiner.

5. All documents and things concerning, related to, or referring to any analysis, study, or investigation of the validity and/or enforceability of the '285 patent and the subject matter claimed, disclosed, and/or described therein.

6. All documents and things concerning, related to, or referring to any legal advice to Sicor related to the '285 patent, doxorubicin, epirubicin, or idarubicin.

7. All documents and things concerning, related to, or referring to any correspondence, notes, drafts, or copies of any declaration related to validity, infringement, and/or enforceability of the '285 patent.

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on November 22nd, 2005 I electronically filed the foregoing NOTICE OF SUBPOENA DIRECTED TO JESSICA WOLFF with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>ASHBY & GEDDES

I also certify that copies were caused to be served on November 22nd, 2005 upon the following in the manner indicated:

### BY HAND

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>Wilmington, DE 19801

### BY FEDERAL EXPRESS

>Reid L. Ashinoff, Esquire
>David R. Baum, Esquire
>Sonnenschein Nath & Rosenthal LLP
>1221 Avenue of the Americas
>New York, NY 10020

>Jordan Sigale, Esquire
>Sonnenschein Nath & Rosenthal LLP
>8000 Sears Tower
>Chicago, IL 60606

>*/s/ Maryellen Noreika*
>Maryellen Noreika (#3208)
>Morris, Nichols, Arsht & Tunnell
>(302) 658-9200
>mnoreika@mnat.com