IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-833 (KAJ) |
| SICOR INC. AND SICOR PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED SCHEDULING ORDER**

IT IS ORDERED that:

1.  The parties shall complete the briefing on their respective motions to compel no later than January 13, 2006.

2.  Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before March 27, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.  Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the

issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

3.  Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

4.  Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

5.  Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 28, 2006. Briefing will be presented pursuant to the Court's Local Rules.

6.  Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 27, 2006, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only

to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7. <u>Claim Construction</u>. Issues of claim construction shall be submitted to the Court no later than April 28, 2006, to be considered by the Court in conjunction with the parties' summary judgment motions.

8. <u>Hearing on Claim Construction</u>. Beginning at 9:30 a.m. on May 26, 2006, the Court will hear evidence and argument on claim construction and summary judgment.

9. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. <u>Pretrial Conference</u>. On October 17, 2006, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before September 18, 2006.

11.  <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12.  <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

13.  <u>Trial</u>.  This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m. on November 20, 2006.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 17 hours to present their case.

_____
UNITED STATES DISTRICT JUDGE

December 6, 2005
Wilmington, Delaware