# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

December 9, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

  Re:  Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*
      C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

  We write to clarify several points raised in Sicor's reply in support of its motion to bifurcate (D.I. 171). In particular, in its reply papers, Sicor raised several arguments concerning Pharmacia's purported failure to address certain Sicor documents and/or arguments. For example, Sicor referred to documents produced on November 11, arguing:

> On November 11, 2005, Sicor produced a substantial number of additional documents that had previously been withheld on privilege grounds, but not the documents that were attached as Exhibits A through C of Sicor's written in camera submission to the Court. ***Pharmacia's brief also ignores this significant additional production.***

Pharmacia's answering brief, however, did <u>not</u> "ignore" Sicor's production of additional documents. Pharmacia's brief was due and filed on November 7, 2006. By Sicor's own admission, Sicor was withholding the additional documents as of the date Pharmacia's brief was due and filed. It is not fair for Sicor to argue that Pharmacia "ignored" documents that Sicor refused to produce until almost a week after Pharmacia's brief was submitted.

  Indeed, when the Court set the November 7th deadline for Pharmacia's response on bifurcation, the Court did so with expectation that Sicor would produce its waived documents by the October 24 deadline for Sicor's decision on its waiver. As set forth on p. 39 of the October 11 hearing transcript:

The Honorable Kent A. Jordan
December 9, 2005
Page 2

> MR. BOEHNEN: Can we have a new date when our briefs in opposition to bifurcation will be due? I would suggest two weeks after they produce papers to us if they choose to rely upon [the advice of counsel.]
>
> THE COURT: Mr. Ashinoff, you're fine with that, I assume.
>
> MR. ASHINOFF: Yes . . . .

Sicor did not, however, produce many of those documents until November 11th, notwithstanding Pharmacia's repeated requests for their earlier production.

Moreover, Sicor has never identified or explained to Pharmacia what the documents attached as Exhibits A through C to Sicor's motion are. (Nor, for that matter has it identified or explained any of the other exhibits that Sicor submitted to the Court *in camera*.) Pharmacia does not know what these are, nor what can be said about them. During the October 11th hearing, the Court made clear that Sicor was supposed to give Pharmacia the arguments that Sicor had submitted in camera regarding the withheld documents. As set forth by the Court's comments to Sicor recorded at p. 4 of the October 11 hearing transcript:

> In short, you give me the documents but you give your arguments to the attorney side, too, so they can respond unless it is something genuinely extraordinary that you think will get past me; all right?

This information would allow Pharmacia to know the full scope of arguments that had been presented by Sicor to the Court in relation to the withheld documents and to respond to them appropriately. Sicor has still not disclosed that *in camera* submission to Pharmacia, and thus Pharmacia has not had an opportunity to respond.

Respectfully,

/s/ *Maryellen Noreika (#3208)*

Maryellen Noreika

MEN/bls

cc:  Peter T. Dalleo, Clerk (By Hand)
     Steven J. Balick, Esquire (By Hand)
     Reid L. Ashinoff, Esquire (By Fax)
     Jordan Sigale, Esquire (By Fax)
     Daniel A. Boehnen, Esquire (By Fax)