# ASHBY & GEDDES

**ATTORNEYS AND COUNSELLORS AT LAW**

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 13, 2005

The Honorable Kent A. Jordan      VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, DE 19801

    Re:   Pharmacia & Upjohn Co., LLC v. Sicor Inc., et al.,
           C.A. No. 04-833-KAJ

Dear Judge Jordan:

    We represent defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") in the above-referenced patent dispute, and we write to briefly address plaintiff's December 9, 2005 letter to the Court.

    During the November 8, 2005 telephonic conference, the Court ordered full briefing on the parties' respective privilege assertions. (Ex. A at 26:17-19). A schedule for privilege-related motions has now been agreed to by the parties and is awaiting the Court's approval, and the Court will thus have an opportunity to rule on each of the privilege issues with the benefit of full briefing, rather than just an exchange of letters from the parties.

    Plaintiff's implication that Sicor has improperly concealed the bases for its privilege claims over the documents attached as Exhibits A through C to Sicor's *in camera* submission is simply not true. First, on October 24, 2005, Sicor informed the Court in writing of its decision to assert an advice of counsel defense to plaintiff's willful infringement claim and, in so doing, explicitly set forth the legal bases for its privilege position with respect to Exhibits A through C, and the fact that Sicor was continuing to withhold these documents as privileged/work product. (Ex. B). Sicor again expressly summarized its position with respect to those same documents in its reply brief in support of its bifurcation motion. (D.I. 171). As the Court suggested on November 8, 2005, the motions presently being briefed, which will address all privilege issues – including those relating to plaintiff's 14,000-entry privilege log – are the proper vehicle for the determination of privilege questions.

    Finally, as to the timing issues plaintiff raised in its letter, we note that plaintiff was aware *before* it filed its opposition to the bifurcation motion that: 1) Sicor would be producing by November 11, 2005 additional documents over which it had previously claimed a privilege; and 2) Sicor was prepared to extend plaintiff's time to serve its opposition until after plaintiff received and had a chance to review Sicor's additional production. Plaintiff then rejected Sicor's offer to allow plaintiff additional time to amend its opposition in order to address the documents produced on November 11, 2005.

The Honorable Kent A. Jordan
December 13, 2005
Page 2

      We are available at the Court's convenience in the event that Your Honor has questions or wishes to discuss this matter further.

                          Respectfully,

                          /s/ *Steven J. Balick*

                          Steven J. Balick (I.D. #2114)

SJB: nml
Attachments
164581.1

cc:    Maryellen Noreika, Esquire (via electronic mail; w/attachment)
        Daniel A. Boehnen, Esquire (via electronic mail; w/attachment)
        Reid L. Ashinoff, Esquire (via electronic mail; w/attachment)