**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-833-KAJ |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO COMPEL**

                ASHBY & GEDDES
                Steven J. Balick (I.D. # 2114)
                John G. Day (I.D. # 2403)
                Tiffany Geyer Lydon (I.D. #3950)
                222 Delaware Avenue, 17th Floor
                P.O. Box 1150
                Wilmington, DE  19899
                (302) 654-1888
                sbalick@ashby-geddes.com
                jday@ashby-geddes.com
                tlydon@ashby-geddes.com

                *Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  December 16, 2005

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

PROCEDURAL HISTORY ............................................................................................................. 1

POINTS AND AUTHORITIES ....................................................................................................... 5

I.    PHARMACIA'S PRIVILEGE LOG IS INSUFFICIENT ...................................................... 5

    A.    Pharmacia's Privilege And Work Product Assertions Fail Because Its Log Does Not Identify An Attorney In Connection With The Documents At Issue ................................. 5

    B.    Pharmacia's Work Product Claim On 663 Documents Fails Because Pharmacia Has Not Identified The Anticipated Or Actual Litigation For Which They Were Created ....... 6

    C.    Pharmacia Cannot Claim Attorney-Client Or Work Product Protection With Respect To 552 Documents For Which No Author Or Recipient Is Identified ............................... 7

    D.    Pharmacia Cannot Claim Any Privilege Or Protection For 44 Documents Submitted To National Patent Authorities Or Courts ........................................................................... 8

    E.    Pharmacia's Privilege Claims Are Deficient For Failure To Identify The Countries Implicated In The Communication ................................................................................... 8

II.    PHARMACIA HAS NOT MET ITS BURDEN OF DEMONSTRATING THE APPLICABILITY OF PRIVILEGE OVER FOREIGN DOCUMENTS ............................... 9

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Allendale Mutual Insurance Co. v. Bull Data System, Inc.*,
   145 F.R.D. 84 (N.D. Ill. 1992) ................................................................................ 6, 7, 8

*Apex Municipal Fund v. N-Group Securities*, 841 F. Supp. 1423 (S.D. Tex. 1993) ....................... 8

*Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146 (D. S.C. 1974) .................................. 9

*Greene, Tweed of Del., Inc. v. Dupont Dow Elastomers, L.L.C.*, 202 F.R.D. 418
   (E.D. Pa. 2001) ............................................................................................................... 6

*International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88 (D. Del. 1974) ............................... 10

*In re Lomas Financial Corp.*, No. 95-01235, 1999 WL. 33495524
   (Bankr. D. Del. June 25, 1999) ..................................................................................... 6

*Mass. School of Law at Andover v. America Bar Associate*, 914 F. Supp. 1172
   (E.D. Pa. 1996) ............................................................................................................. 11

*McCook Metals, L.L.C. v, Alcoa Inc.*, 192 F.R.D. 242 (N.D. Ill. 2000) ........................................ 8

*Mead Digital Systems, Inc. v. A. B. Dick & Co.*, 89 F.R.D. 318 (S.D. Ohio 1980) ........................ 9

*Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*,
   230 F.R.D. 398 (D. Md. 2005) .................................................................................. 7, 8

*Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851 (3d Cir. 1994) ....................... 5, 6

*Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530 (N.D. Ill. 2000) .......................... 8, 9

*Tulip Computers Intern., B.V. v. Dell Computer Corp.*, 210 F.R.D. 100 (D. Del. 2002) ................ 9

*United States v. O'Neill*, 619 F.2d 222 (3d Cir. 1980) ................................................................... 5

*Willemijn Houdstermaatschaapij B.V. v. Apollo Computer, Inc.*, 707 F. Supp. 1429
   (D. Del. 1989) ........................................................................................................... 9, 10

## OTHER AUTHORITIES

6 James W. Moore, et al., *Moore's Federal Practice*, § 26.49 (3d ed. 1999) ................................ 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-833-KAJ |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO COMPEL**

Pursuant to Federal Rules of Civil Procedure 26(b) and 37(a), defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") submit this opening memorandum of law in support of their motion to compel production of documents from plaintiff Pharmacia & Upjohn Company, LLC ("Pharmacia"). Simply put, Pharmacia's nearly 2,000-page, 14,000-entry privilege log fails to provide sufficient information to enable Sicor and the Court to properly assess the privilege claims that are the subject of this motion. For the reasons discussed below, Pharmacia should be compelled to produce to Sicor each of the documents at issue.

**PROCEDURAL HISTORY**

Pharmacia alleges in this litigation that Sicor willfully infringed its purported patent on a ready-to-use, injectable form of idarubicin hydrochloride, and apparently seeks damages in excess of $100 million. In this brief, we do not address the many reasons why Pharmacia's substantive infringement allegations are wrong. Critical for purposes of this motion, however, is

that Pharmacia is withholding from production on privilege/work product grounds 14,049 separate documents, listed in a privilege log that is almost 2,000 pages long.[1]

Rule 26(b)(5) requires Pharmacia to produce a privilege log that "describe[s] the nature of the [withheld] document[s]…in a manner that …will enable other parties to assess the applicability of the privilege or protection." Pharmacia's staggeringly long privilege log is replete with entries that do not meet this standard, in that they do not provide sufficient information to permit Sicor and the Court to assess the propriety of Pharmacia's decision to withhold documents on the basis of privilege and/or work product.

For example, Pharmacia's privilege log conflates under the single abbreviation "atty" both attorneys and foreign patent agents. (Privilege Log at 1). Not only does the privilege log fail to distinguish between these two classes of individuals, it also fails to identify for whom any "atty" works; the country in which the "atty" is licensed; the country in which legal services were purportedly rendered or the role played by any of the people denoted as "atty" in connection with the rendition of legal services to Pharmacia.

In light of these shortcomings, on or about October 10, 2005, after receiving the first 500 pages of Pharmacia's privilege log, Sicor asked Pharmacia to provide identifying information for each "atty" listed on the privilege log. (Ex. A: October 17, 2005 letter from J. Steck to M. Gugig). Pharmacia responded one week later with a list of 180 names. (*Id.*) No other identifying information was provided. (*Id.*)

On October 26, 2005, Sicor again requested more specific information about the individuals identified as "atty" on the privilege log so that Sicor could fully "assess the

---

[1] In order to make the Court's review of Pharmacia's enormous privilege log as easy as possible, Sicor will submit to the Court (with service on Pharmacia) a compact disk containing an electronic version of the log in Microsoft Excel format. If the Court would like the log in an alternate format (whether paper or otherwise), Sicor will be pleased to provide it.

2

applicability of the privilege or protection" Pharmacia was asserting, as is its right under Rule 26(b)(5). (Ex. B: October 26, 2005 letter from M. Gugig to J. Steck, at 1). Specifically, Sicor requested the following information with respect to each of the 180 people identified in the October 17 letter, "and any additional 'attorneys or foreign patent agents' [who appeared on the privilege log]:"

- "Whether the individual was acting as an attorney or as a patent agent."
- "The nation(s) in which the individual is licensed to practice either as an attorney or patent agent."
- "The nation(s) in which the individual performed legal services for [Pharmacia], and the nature of such services (if plaintiff's privilege claim is based upon legal services performed for an affiliate, predecessor, successor, subsidiary or parent of plaintiff, please also identify that affiliated entity)."
- "The last known contact information for each individual."

(*Id.* at 2).

On November 2, Pharmacia provided some identifying information about only 123 of the 180 people listed as "atty" in its prior correspondence (Ex. C: November 2, 2005 letter from J. Steck to M. Gugig, at attachment), but its substantive response gave short shrift to Sicor's information request, stating:

> (i) the persons on the list are licensed by their respective governments as patent professionals (either attorneys or agents) of the governments in which they reside and practice; (ii) insofar as the withheld documents are concerned, all of these persons were acting on behalf of plaintiff and its affiliates in their professional capacity; and (iii) many of the individuals are identified in unprivileged patent prosecution documents already produced in this case. These general comments provide all the information needed to enable you to focus on specific issues.

(*Id.* at 2). Although Pharmacia stated in its November 2 letter that the list of attorneys and foreign patent agents may not be complete and that it may be updated "from time to time" (*id.*), its list has not been updated since November 2. In this motion, Sicor has relied on the lists set

3

forth in Pharmacia's October 17 and November 2 letters – notwithstanding their shortcomings – in assessing which specific privilege log entries to challenge due to Pharmacia's failure to identify an attorney connected to the document over which a privilege was claimed.

Unfortunately, as of today, Pharmacia's privilege log still contains 2,310 entries that do not include any attorney identified in Pharmacia's October 17 and November 2 letters as being either the author or recipient of the document that was withheld on the basis of attorney-client privilege or work product. The privilege log is further deficient with respect to 663 of those same documents, which were also withheld on work product grounds, in that it does not identify the actual or anticipated litigation in connection with which the document was prepared. Another 552 of these 2,310 privilege log entries do not identify any author or recipient, and still others (44) appear to refer to documents that were submitted to a foreign patent office or court in litigation. Each of these deficiencies is itself sufficient to defeat Pharmacia's privilege claims with respect to the documents challenged in this motion.

In addition to challenging these 2,310 privilege log entries as being insufficient on their face to support the privilege asserted,[2] Sicor also challenges Pharmacia's withholding of documents that were apparently prepared in connection with patent prosecutions or litigations in some thirty different countries. As to these log entries, Pharmacia has not provided evidence with respect to whether any of the countries implicated recognize the attorney-client privilege or work product doctrine to the extent asserted by Pharmacia. Pharmacia has thus failed to satisfy its burden of providing sufficient information to assess the propriety of the privileges asserted over these documents.[3]

---

[2]     A list of the 2,310 specifically challenged documents is attached as Exhibit D.

[3]     Sicor is not challenging the privilege assertions for all thirty countries mentioned or suggested in Pharmacia's privilege log. It is only challenging the privilege assertions in

4

## POINTS AND AUTHORITIES

I. **PHARMACIA'S PRIVILEGE LOG IS INSUFFICIENT**

    A. **Pharmacia's Privilege And Work Product Assertions Fail Because Its Log Does Not Identify An Attorney In Connection With The Documents At Issue**

The most glaring omission in Pharmacia's privilege log is its failure to identify an attorney in connection with any of the 2,310 entries that Sicor now specifically challenges. (*See* Ex. D). Despite Sicor's repeated requests for clarification as to which individuals listed on Pharmacia's privilege log were attorneys, plaintiff has been unable or unwilling to identify as attorneys any of the authors or recipients of the 2,310 specifically challenged entries.[4] This deficiency alone demonstrates, at least with respect to the 2,310 documents listed on Exhibit D, that Pharmacia's privilege log does not satisfy Rule 26(b)(5)'s mandate that privilege logs "describe the nature of the document[s]…in a manner that…will enable other parties to assess the applicability of the privilege or protection."

A threshold element of both the attorney-client privilege and the work product doctrine is the involvement of legal counsel. *See Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.,* 32 F.3d 851, 862 (3d Cir. 1994) (holding that the person participating in the communication must be "a member of the bar of a court, or his or her subordinate"); *United States v. O'Neill*, 619 F.2d 222, 227 (3d Cir. 1980) ("it is clearly inappropriate to invoke the work product protection for documents which were not the product of any attorney preparation"). Yet, Pharmacia continues to press its privilege claims with respect to thousands of documents whose privilege log entries do not indicate the involvement of *any* attorney, either as author, recipient, or supervisor of the

---

connection with eleven of those countries. The specific documents challenged with respect to each of these eleven countries are set forth in Exhibits J through T, and total 4,951 in number.

[4]    A small number of the 2,310 challenged entries utilize the abbreviation "atty" to purportedly denote an attorney or foreign patent agent. However, none of the individuals identified as "atty" on Exhibit D were included among the attorneys and foreign patent agents listed in Pharmacia's October 17 and November 2 letters. (Exs. B, C).

author or recipient, or as the source of protected legal advice.  Plaintiff's failure in this regard renders it "impossible to determine whether the document may constitute an attorney-client communication."  *In re Lomas Financial Corp.*, No. 95-01235, 1999 WL 33495524 at *5 (Bankr. D. Del. June 25, 1999) (attached as Exhibit E); *see also Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.* 145 F.R.D. 84, 87 (N.D. Ill. 1992) (requiring that privilege log identify the "author and all recipients, along with their capacities").  The motion to compel should thus be granted.

In repeatedly requesting a list of all attorneys appearing on the privilege log, Sicor has provided Pharmacia with ample opportunity to cure any advertent or inadvertent omissions in identifying an attorney for these entries.  Plaintiff either was not able or chose not to do so within the reasonable time afforded to do so.  Pharmacia accordingly has failed to meet its burden of establishing the existence of any privilege or protection for any of the 2,310 documents listed on Exhibit D, and their production should thus be compelled.

> **B.    Pharmacia's Work Product Claim On 663 Documents Fails Because Pharmacia Has Not Identified The Anticipated Or Actual Litigation For Which They Were Created**

The work product doctrine exists to protect materials prepared in "anticipation of litigation or for trial."  Fed. R. Civ. P. 26(b)(3) (2005).  A party claiming work product therefore bears the burden of demonstrating that the "'motivating purpose behind the creation of a document….[was] to aid in possible future litigation,' under circumstances where the discovery opponent can show 'objective facts establishing an identifiable resolve to litigate.'" *Allendale*, 145 F.R.D. at 87 (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)).  If the documents in question were not made in anticipation of litigation, "the inquiry ends because the material is not protected."  *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 418 (D. Md. 2005) (citation omitted).  At a bare

6

minimum, this showing requires the party asserting the privilege to identify or describe the actual or anticipated litigation for which the document was prepared. *Id.* (stating that "a party claiming work product immunity must still establish the underlying nexus between the preparation of the document and the specific litigation").

With respect to the 663 entries set forth on Exhibit F, Pharmacia has failed to satisfy even this core requirement of the work product doctrine.[5] Indeed, Pharmacia neglects to identify one or more of the following with respect to any of the entries on Exhibit F: the actual or anticipated litigation in connection with which it was prepared, the parties to any such litigation, and the subject matter of any actual or anticipated litigation. Pharmacia simply cannot support a work product claim without providing this basic information. *Id.* at 406 (finding privilege log insufficient where entries did not "identify any anticipated, imminent or pending litigation"); *see also Allendale*, 145 F.R.D. at 87 (quoting *Binks*, 709 F.2d at 1119) (holding that to "establish work product protection for a document, a discovery opponent must show that the 'primary motivating purpose behind the creation of a document … must be to aid in possible future litigation'").

      **C.**    **Pharmacia Cannot Claim Attorney-Client Or Work Product Protection With Respect To 552 Documents For Which No Author Or Recipient Is Identified**

For the 552 privilege log entries listed on Exhibit G, no author or recipient is identified. Courts have considered such a fundamental omission under some circumstances to be sufficient grounds to order production of the logged documents. *See Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 539 (N.D. Ill. 2000), *modified in part on other grounds* by 194 F.R.D. 624 (N.D. Ill. 2000) ("those documents for which plaintiffs fail to identify an author or recipient, or both, must also be produced"); *see also Allendale*, 145 F.R.D. at 88 (requiring plaintiff to

---

[5] The documents listed in Exhibits F through I are subsets of the 2,310 entries listed on Exhibit D.

produce a log including the author and all recipients of each document). In this case, given lack of information Pharmacia has offered to support its privilege assertions, Pharmacia's failure to identify authors and recipients should result in an order that the documents set forth on Exhibit G be produced.

### D. Pharmacia Cannot Claim Any Privilege Or Protection For 44 Documents Submitted To National Patent Authorities Or Courts

Pharmacia's privilege log contains 44 documents that appear to have been submitted to a foreign patent office or court. (Ex. H). There of course can be no privilege or work product protection for documents that were never intended to be confidential in the first place, and which were placed in the public domain. 6 James W. Moore, et al., *Moore's Federal Practice*, § 26.49 (3d ed. 1999) (attorney-client communications are privileged "provided they were intended to be confidential"); *McCook Metals, L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 258 (N.D. Ill. 2000) (finding communications between German patent attorney and German Patent Office not privileged because they were sent in anticipation of becoming public domain); *Apex Municipal Fund v. N-Group Securities*, 841 F. Supp. 1423, 1434 (S.D. Tex. 1993) (requiring parties to submit a list of documents included in privilege log that are not in fact privileged because they "contain information that actually appears in public documents").

### E. Pharmacia's Privilege Claims Are Deficient For Failure To Identify The Countries Implicated In The Communication

Separate and apart from the foreign privilege issues discussed in the following section, Pharmacia asserts attorney-client privilege for 897 documents for which its log does not indicate the documents' connection to any particular country, but which appear to implicate the law of foreign jurisdictions. (Exhibit I). Because the laws with respect to attorney-client privilege vary country to country, plaintiff's log could not "enable [Sicor] to assess the applicability of the privilege or protection" without identifying the countries implicated in any log entry. Fed. R.

8

Civ. P. 26(b)(5); *see also Smithkline Beecham*, 193 F.R.D. at 534 (finding log deficient for failing to identify the nation of origin for many entries).[6]

## II.   PHARMACIA HAS NOT MET ITS BURDEN OF DEMONSTRATING THE APPLICABILITY OF PRIVILEGE OVER FOREIGN DOCUMENTS

In deciding whether to extend the attorney-client privilege or work product doctrine to communications with foreign patent practitioners, federal courts typically employ a choice of law analysis known as the "touching base" approach. *See, e.g., Tulip Computers Intern., B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 104 (D. Del. 2002); *Willemijn Houdstermaatschaapij B.V. v. Apollo Computer, Inc.,* 707 F. Supp. 1429, 1444-45 (D. Del. 1989).   Under this analysis, if the discovery inquiry involves a foreign patent, the foreign country's law concerning privilege issues will apply.  *Duplan Corp. v. Deering Milliken, Inc*., 397 F. Supp. 1146, 1169-70 (D. S.C. 1974); *Mead Digital Systems, Inc. v. A. B. Dick & Co*., 89 F.R.D. 318, 320-21 (S.D. Ohio 1980). On the other hand, if the activity "touches base" with the United States, United States law will control.   Where the foreign patent activity does not "touch base" with the United States, courts consider the legal principles of the country in which the patent is being prosecuted or the litigation is pending to assess the scope of privilege protection available in United States courts. *Willemijn Hoiudstermaatschaapij*, 707 F. Supp. at 1445.  Pharmacia – as the party asserting privilege – is required to provide sufficient information to enable Sicor and the Court to determine whether the activity either "touches base" with the United States (so that United States privilege law would apply) or that the challenged document is protected by foreign privilege law. *Id*. at 1443 (*citing International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 93 (D.Del. 1974)).   Because Pharmacia has failed to do so, each of the documents listed on Exhibits J through T should be produced.

---

[6]   The privilege log entries from which Sicor could glean the identity of the country at issue are addressed in the following section.

## **CONCLUSION**

Sicor is not asking this Court to split hairs with respect to what information is required for Pharmacia to meet its burden. Instead, Sicor is asking the Court to deny the assertion of privilege and/or work product because Pharmacia has utterly failed to provide sufficient information so that Sicor and the Court can assess the propriety of Pharmacia's privilege claims. Sicor has repeatedly attempted to obtain this very information from Pharmacia, and plaintiff's slow and piecemeal approach to complying with the requirements of Rule 26 cannot continue: "Discovery is not poker, where the cards are turned up one at a time." *Mass. School of Law at Andover v. Am. Bar Assoc.*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996).

For the foregoing reasons, Sicor respectfully requests that the Court issue an order compelling production of the documents listed in Exhibits D and J through T, and grant such further relief as this Court deems appropriate.

ASHBY & GEDDES

*John G. Day*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700


Dated:  December 16, 2005

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2005, the attached **DEFENDANTS' OPENING MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS** was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                                                              VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

*/s/ John G. Day*

John G. Day