# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SICOR INC. and )<br>SICOR PHARMACEUTICALS, INC., )<br>)<br>Defendants. ) | C.A. No. 04-833 (KAJ) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-styled proceeding (the "Proceeding") which relate to or contain the parties' trade secrets or proprietary scientific information, technical information, financial information, business plans, competitive information, confidential research, development, or other kinds of commercially sensitive information which the party making the production deems confidential; and

WHEREAS, it has been agreed by and among, Plaintiff Pharmacia & Upjohn Company LLC (hereinafter "P&U") and Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (hereinafter "Sicor"), through their respective counsel, that a Stipulated Protective Order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the District of Delaware; and

WHEREAS, the Court has reviewed the terms and conditions of the Stipulated Protective Order submitted by the parties;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. This Stipulated Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "supplying party") to any other party (the "receiving party"), when same is designated in accordance with the procedures set forth herein.  This Stipulated Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates; their respective attorneys, agents, representatives, officers, and employees; and others as set forth in this Stipulated Protective Order.

2. A copy of this Stipulated Protective Order shall be furnished to each third party required to produce documents or otherwise formally disclose information in response to discovery requests during the Proceeding.  Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Stipulated Protective Order and thereby become a supplying party for purposes of this Stipulated Protective Order.

3. Any supplying party, whether P&U, Sicor, or other party, shall have the right to identify and designate as "CONFIDENTIAL" any document or other materials it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material (collectively, "Designated Material") is believed in good faith by that supplying party to constitute, reflect or disclose its Confidential Information as defined in paragraph 4 below.

4. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Stipulated Protective Order as "CONFIDENTIAL" by the supplying

party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed. In designating material as "CONFIDENTIAL", the supplying party will make such designation only as to that material that it believes in good faith to be "a trade secret or other confidential research, development, or commercial information . . . [entitled] to be revealed only in a designated way" under Fed. R. Civ. P. Rule 26(c)(7).

5.  Specific documents and interrogatory answers produced by a supplying party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the documents and each subsequent page thereof containing Confidential Information as follows:

**CONFIDENTIAL**

6.  Any material produced or provided in the Proceeding for inspection is to be treated by the receiving party as Confidential Information pending the copying and delivery of any copies of same by the supplying party to the receiving party.

7.  Any party may designate "CONFIDENTIAL" any information about or from that party which is disclosed at a deposition taken in connection with the Proceeding. Such designation shall be made in the following manner:

    a.  by specifically identifying the subject information as "CONFIDENTIAL" on the record during the taking of the deposition; or

    b.  by notifying all other parties in writing, within ten (10) calendar days of receipt of the transcript of deposition, of specific pages and lines of the transcript which are designated as "CONFIDENTIAL", whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. In the event a party (or its counsel) designates testimony as "CONFIDENTIAL" on

the record pursuant to subparagraph (a) above, the stenographic employee or court reporter recording or transcribing such testimony is directed to bind any transcript page(s) containing Confidential Information separately and apart from any transcript page(s) containing no such Confidential Information.

      8.      Confidential Information shall be disclosed by the receiving party only to the following persons:

      a.      outside counsel retained by the receiving party as counsel of record for the Proceeding; the attorneys, paralegals, assistants, and secretarial and clerical employees in the respective law firms of such outside counsel; and independent litigation support service personnel with whom such outside counsel work in connection with the Proceeding;

      b.      Subject to the provisions of paragraph 12, up to three (3) in-house counsel of the receiving party (who shall have no business decision-making responsibilities) insofar as outside counsel deems them necessary for the sole purpose of assisting in the Proceeding, as well as the secretarial and clerical employees who work regularly with such in-house counsel;

      c.      stenographic employees, court reporters, interpreters, translators and typists for the sole purpose of recording, transcribing or translating testimony or documents relating to the Proceeding;

      d.      employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents or exhibits to be used in this litigation;

      e.      Subject to the provisions of paragraph 12, any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose

Confidential Information for the sole purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

  f. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

  g. any person who prepared a particular document designated as Confidential Information or who is listed on the face of such a document as a recipient of the document, or who has been shown likely to have received a copy of the document in the ordinary course of business, or is or was employed by the supplying party, but the disclosure shall be limited to the specific Confidential Information disclosed in the particular document prepared or received by such a person; and

  h. any other person to whom the supplying party agrees Confidential Information may be disclosed.

  9. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Stipulated Protective Order.

  10. Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the supplying party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

  11. a. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information

may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's Confidential Information pursuant to this order shall promptly notify the original supplying party of the motion so that the original supplying party may have an opportunity to appear and be heard on whether that information should be disclosed.

      b.     Any party which is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party to this Stipulated Protective Order is obligated to give prompt telephonic and written notice (by hand delivery, courier or facsimile transmission) to that original supplying party of such subpoena or other notice. Such notice shall, in any event, be given by the third business day after the service of the subpoena or other notice. If the original supplying party takes steps to oppose the subpoena, then the party served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not in any event be made before notice is given to the supplying party and the supplying party has had at least ten business days to react. Upon receiving such notice, the original supplying party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

      12.     A party desiring to disclose any Designated Material, whether Confidential Information to employees, officers, or directors under paragraph 8(b) or to any outside consultant or expert under paragraph 8(e), shall first:

          a.     provide to such person a copy of this Stipulated Protective Order, which he or she shall read and upon reading shall sign a Certification in the form annexed hereto as Exhibit A;

      b.    obtain from such person a copy of such person's Certification and, for any outside consultant or expert under paragraph 8(e), a resume (curriculum vitae).  In addition, for each such outside consultant or expert, the party desiring to disclose any Designated Material shall provide a document (which shall be considered Confidential under this Protective Order) stating whether such person is or during the last four years was employed by, a consultant to, or otherwise affiliated with any developer, manufacturer or distributor of an Idarubicin HCl ready-to-use solution; and

      c.    serve by hand delivery, courier, or facsimile transmission a copy of said Certification, resume, and document relating to prior employment, consulting, or other affiliation upon counsel for the supplying party, who, upon receipt, shall then have ten (10) calendar days to serve (by hand delivery, courier or facsimile transmission) a written objection to the proposed disclosure.

    13.    Any written objection served pursuant to paragraph 12(c) shall state with specificity the reason(s) for such objection.  If counsel for the supplying party objects within ten (10) calendar days, there shall be no disclosure to such consultant or expert except by further order of the Court pursuant to resolution of a motion brought by counsel for the receiving party.  On any motion brought pursuant to this paragraph, the objecting party shall bear the burden of showing why disclosure to that consultant or expert should be precluded.

    14.    Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraph 8 above (or to use such information in a manner prohibited by this Stipulated Protective Order) by serving a written request upon the supplying party's counsel.  Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure and the reason(s) and purpose therefor.  Such request shall

7

also include, if applicable, a Certification and resume obtained in a manner and form consistent with paragraphs 12(a) and (b) above. The supplying party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier or facsimile transmission) within ten (10) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure so to respond within such ten-day period shall constitute consent to the request. If, where consent is withheld, the requesting party and the supplying party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the supplying party's designation of the material as "CONFIDENTIAL" unless and until differing treatment is directed pursuant to order of the Court.

15. Any supplying party may redesignate under paragraphs 5 above (or withdraw a designation regarding) any material ("redesignated material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall: (i) not make any further disclosure or communication of such redesignated material except as provided for in this Stipulated Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any redesignated material of the effect of such redesignation under this Stipulated Protective Order; and (iii) promptly retrieve all copies and transcriptions of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt under paragraph 8 above.

16. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" by serving a written objection upon the supplying party's counsel. The supplying party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons why the designation was made. If the objecting party and the supplying part are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, or if the supplying party does not respond within ten (10) calendar days, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. That obligation to move the Court to remove or modify a designation shall not affect the allocation of the burden of proof on the issue. The material(s) in issue shall continue to be treated in the manner as designated by the supplying party until the Court orders otherwise.

17. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's outside counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, outside counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Stipulated Protective Order.

18. a. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the supplying party from designating said document or information as "CONFIDENTIAL" at a later date. Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Stipulated Protective Order, provided, however, that the party that disclosed the redesignated material shall

9

promptly retrieve all copies and transcriptions of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt under paragraph 8 above.

        b.     If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced for inspection, such production shall not prejudice or otherwise constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the supplying party or other person otherwise would be entitled.  If a written claim of inadvertent production is made pursuant to this paragraph, with respect to information or a document supplied to a receiving party, upon receipt of such written notice, the receiving party shall return all information subject to the written claim of inadvertent production (including all copies, summaries, and transcriptions of the information) and shall not make further copies, transcriptions, or use of the pertinent material until any issues surrounding the production are resolved.

     19.     Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document."  Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the provisions of this Stipulated Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document.  All Sealed Documents, filed under seal pursuant to this Stipulated Protective Order, shall be filed in a sealed envelope with a legend identifying it as a

CONFIDENTIAL document and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise.  The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court.  Such Sealed Documents shall be released by the Clerk of the Court only to outside trial counsel of record, except upon further order of the Court.

20. If Confidential Information is inadvertently used during depositions in contravention of other provisions of this Stipulated Protective Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

21. Nothing herein shall be construed to affect or control in any manner the admissibility of any document, testimony or other evidence at trial or hearing in open court.

22. Counsel should address in the pretrial order how they propose to handle the use and disclosure of Confidential Information at trial.

23. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the supplying party, all Designated Material and any and all copies and transcriptions thereof, shall be returned within sixty (60) calendar days to the supplying party, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Stipulated Protective Order.  In the alternative, either the supplying party or the person receiving the Designated Material may elect to have the same destroyed.  At the written request of the supplying party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Designated

11

Material shall deliver to the supplying party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Designated Material (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Stipulated Protective Order.

24. If Designated Material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the supplying party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

25. In the event of a proven violation of this Stipulated Protective Order by any of the parties in this action or others designated in paragraph 8 hereof, all parties acknowledge that the offending party or person may be subject to sanctions determined in the discretion of the Court.

26. The foregoing provisions concerning confidentiality are intended to apply to pre-trial discovery and information designated as Confidential. The Court shall issue any relief from this Order, if necessary, and upon motion or agreement of the parties, prior to trial or to the hearing in open court. The Court is aware that the parties contemplate seeking protection from public disclosure for Confidential Information in hearings and at trial. To the extent that a receiving party (or a witness called by a receiving party) contemplates using Confidential or Information supplied by another party at trial or a hearing in open court, the receiving party shall have the obligation to provide notice (either in writing or in open court) to the supplying party of its intent. The supplying party shall have an opportunity to respond to that notice before any of its Confidential Information may be used by another party at trial or a hearing in open court.

27.     Nothing contained in this Stipulated Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.  Nothing herein shall bar a party from the unrestricted use of any document or information properly obtained from or available through public or non-confidential sources.

28.     By written agreement of the parties, or upon motion and order of the Court the terms of this Stipulated Protective Order may be amended or modified.  This Stipulated Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this action.

29.     The entry of this Stipulated Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.


Dated:      Wilmington, Delaware
            _____, 2005

                                              _____
                                              Hon. Kent A. Jordan
                                              UNITED STATES DISTRICT JUDGE

| MORRIS NICHOLS ARSHT & TUNNELL | ASHBY & GEDDES |
|---|---|
| /s/ Maryellen Noreika (#3208) | /s/ John G. Day (#2403) |
| Jack B. Blumenfeld (#1014) | Steven J. Balick (#2114) |
| Maryellen Noreika (#3208) | John G. Day (#2403) |
| 1201 N. Market Street | 222 Delaware Avenue, 17th Floor |
| P.O. Box 1347 | P.O. Box 1150 |
| Wilmington, Delaware 19899 | Wilmington, Delaware 19899 |
| (302) 658-9200 | (302) 654-1888 |
| Attorneys for Plaintiff | Attorneys for Defendants |
| | |
| OF COUNSEL: | OF COUNSEL: |
| Daniel A. Boehnen | Reid L. Ashinoff |
| Joshua R. Rich | Brian T. Moriarty |
| Lara V. Fleishman | David R. Baum |
| McDONNELL BOEHNEN HULBERT & BERGHOFF LLP | SONNENSCEIN NATH & ROSENTHAL LLP |
| 300 S. Wacker Drive | 1221 Avenue of the Americas |
| Chicago, Illinois 60606 | New York, New York 10020 |
| (312) 913-0001 | (212) 768-6700 |

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------
                                            )
PHARMACIA & UPJOHN                          )
COMPANY LLC,                                )
                                            )
       Plaintiff,                 )
                                            )
   vs.                                  )    C.A. No. 04-833 (KAJ)
                                            )
SICOR INC. and                              )    HONORABLE KENT A. JORDAN
SICOR PHARMACEUTICALS, INC.,                )
                                            )
      Defendants.                 )
---------------------------------------------------------------

      I, _____, declare:

     1.    My address is _____.
My present occupation is _____.

     2.    I have received a copy of the Stipulated Protective Order in this action and I have carefully read and understand its provisions. I consent to the jurisdiction of the U.S. District Court for the District of Delaware solely for the purpose of enforcing the Stipulated Protective Order.

     3.    I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Protective Order, and will not copy or use except for purposes of this action, any information, documents or things designated "CONFIDENTIAL" or "RESTRICTED" which I receive in this action, except as allowed in accordance with the Stipulated Protective Order.

    Executed this _____ day of _____, 2005 at _____
_____.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
(signature)    CC
