# EXHIBIT K

Westlaw

Not Reported in F.Supp.2d                                                                                                        Page 1
Not Reported in F.Supp.2d, 2000 WL 1728511 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Bryan GEORGE, et al.,
v.
WAUSAU INSURANCE CO., et al.
No. CIV.A. 99-CV-6130.

Nov. 21, 2000.

*MEMORANDUM*

PADOVA.

**\*1** Before the Court is Plaintiffs' Motion to Compel Production of Documents. On July 10, 2000, Plaintiffs served Defendant Wausau Insurance Company with a Request to Produce Documents seeking discovery of the claims file for Plaintiffs' underinsured motorist claim ("UIM Claim"), correspondence between Wausau or its counsel and investigators, and email addresses for anyone who worked on the UIM Claim. Defendant provided some responsive documents on September 8, 2000, but withheld or redacted a significant portion of the requested documents, asserting attorney-client and work product privilege.

On October 2, 2000, Plaintiff filed the instant Motion to Compel. Wausau responded on October 16, 2000. By Order dated October 19, 2000, the Court deferred resolution of Plaintiffs' Motion pending an in camera review of the documents over which Wausau claims privilege. In accordance with the Court's Order, Wausau submitted a privilege log and copies of the documents for in camera review on October 30, 2000. Defendant argues that the withheld documents are protected by the attorney-client privilege.[FN1] Plaintiff argues that the documents are not privileged, or alternatively, that Defendant has waived any attorney-client privilege by asserting advice of counsel as a defense. For the reasons that follow, the Court grants in part and denies in part Plaintiffs' Motion.

> FN1. Defendant also asserts that some of the withheld and redacted documents are covered by the work product privilege, all of which were created after the Complaint in this action was filed. Plaintiffs have indicated by letter dated October 19, 2000, that they do not seek "any materials generated after the filing of the complaint in this matter." The Court, therefore, will not address Defendant's assertion of work product privilege with respect to those documents generated after December 2, 1999, or order production thereof. In the same letter, Plaintiffs indicate that they do not seek production of "any expert witness curriculum vitae for experts contemplated but not called by Wausau in the UIM case." Accordingly, the Court will not address Defendant's privilege argument with respect to such documents.

### I. BACKGROUND

Plaintiffs, Mr. and Mrs. Bryan George (collectively "George"), allege that they were involved in an automobile accident on April 5, 1996. Defendant Wausau Insurance Company ("Wausau") insured the vehicle Plaintiffs were driving. George filed an underinsured motorist claim ("UIM Claim") with Wausau. This underlying claim was resolved through arbitration on June 28, 2000.

Plaintiffs filed this action on December 2, 1999, invoking the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332 (1994). Plaintiffs bring three counts against three Defendants: Wausau, James M. Durst, and Jim Durst and Associates, Inc. In Count I, Plaintiffs allege that Defendant Wausau, through its investigators and counsel, acted in bad faith in handling Plaintiffs' claim for underinsured motorist benefits. In Count II, Plaintiffs bring a claim against Wausau's investigator, Defendants James M. Durst and Jim Durst & Associates, Inc., for intentional infliction of emotional distress. Finally, Plaintiffs bring Count III against all Defendants for invasion of their right to privacy.

### II. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a party may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Federal Rule of Evidence 501 requires the court to apply state law to determine the applicability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2000 WL 1728511 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

of any evidentiary privileges in diversity actions where state law provides the rule of decision for a claim or defense. Fed.R.Evid. 501. Rule 501 governs discovery as well. Fed.R.Evid. 1101(c). Since the case is brought under the Court's diversity jurisdiction alleging violation of a Pennsylvania statute, the Court accordingly will apply Pennsylvania law regarding the attorney client privilege. See Montgomery County v. Microvote Corp., 175 F.3d 296, 301 (3d Cir.1999).

Under Pennsylvania law, the party asserting a privilege has the initial burden of proving that the privilege is properly invoked. Joyner v. Southeastern Pa. Transp. Auth., 736 A.2d 35, 38 n. 3 (Pa.Super.Ct.1999). Once the asserting party meets that burden, then the party seeking discovery must prove that an exception to the privilege applies to allow disclosure. Id.

*2 Pennsylvania codifies the attorney-client privilege as follows:
In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.Cons.Stat.Ann. § 5928 (West 2000). To properly invoke the attorney-client privilege, the party resisting discovery must demonstrate: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his or her subordinate, and is acting as a lawyer in connection with the communication; (3) the communication relates to a fact of which the attorney was informed by the client without the presence of strangers for the purpose of securing primarily either an opinion of law, legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 862 (3d Cir.1994).

The privilege does not bar all testimony by counsel concerning communications with a client. Panko v. Alessi, 362 Pa.Super. 384, 524 A.2d 930, 932 (Pa.Super.Ct.1987). The privilege, rather, only bars discovery of confidential communications made by the client during the course of representation. Id. Although the scope of the privilege covers communications from an attorney to the client, in order for a communication from an attorney to a client to be privileged, the communication must be based upon confidential communications received from the client. Garvey v. Nat'l Grange Mutual Ins. Co., 167 F.R.D. 391, 395 (E.D.Pa.1996). The communication will not be privileged if the attorney is merely conveying facts learned from sources other than the client. Id. Client communications with both in-house and outside counsel are protectable by the privilege. See Robertson, 1999 WL 179754, at *5.

Billing statements and time records are protected only to the extent that they reveal litigation strategy or the nature of the services provided. Id. at 396. Even where billing statements may be redacted of all privileged information, courts generally deny discovery on the grounds that they are not reasonably calculated to lead to the discovery of admissible evidence in bad faith cases. Fidelity and Deposit Co. of Md. v. McCullough, 168 F.R.D. 516, 523-24 (E.D.Pa.1996).

### III. DISCUSSION

*3 At the threshold, the Court rejects Plaintiffs' argument that Defendant has waived its right to assert attorney-client privilege over the contested documents. A party may waive the attorney-client privilege by affirmatively placing the advice of counsel in issue. United States Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 212 (3d Cir.1999); Rhone-Poulenc, 32 F.3d at 853. Advice of counsel, however, is not in issue simply because it is relevant or because the lawyer's advice affected the client's state of mind with respect to a relevant matter. Rhone-Poulenc, 32 F.3d at 863. Rather, advice of counsel is raised only when the client asserts a claim or defense and attempts to prove that claim or defense by disclosing or describing an attorney-client communication. Id. This may occur when the party asserts reliance on the advice of counsel as an affirmative defense. Id. Courts rely on the language of the asserted affirmative defenses and the nature of the causes of action raised in the suit when determining waiver of the privilege. Id.

Defendant asserts the following affirmative defense in its Answer:
Wausau has, at all times, acted in a proper and reasonable manner, with a proper and reasonable basis, in accordance with the Provisions of the aforementioned Policy and in accordance with Pennsylvania law.

(Ans. at 10.) Although one court has held that similar

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2000 WL 1728511 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

language clearly raised the advice of counsel defense and hence waived attorney/client privilege over communications between the defendant and counsel, *Jones v. Nationwide Ins. Co.,* No. 3:98-CV-2108, 2000 WL 1231402, at *2 (M.D.Pa. July 20, 2000), the Court determines that such language does not affirmatively raise an advice of counsel defense with sufficient specificity. *See Rhone-Poulenc,* 32 F.3d at 853. Accordingly, Defendant has not waived its right to assert attorney-client privilege over the claim file documents.

Defendant has submitted for in camera review all of the portions of the claim file that it either withheld completely from production or partially redacted for production. As previously noted, the Court will not address Defendant's assertion of privilege or order production of documents of which Plaintiffs do not seek production as declared by letter dated October 19, 2000. [FN2] For simplicity, the Court will maintain Defendant's categorization of the documents and state its rulings on each document according to the number of the document listed on the privilege log.

> [FN2.] For example, all of the documents listed on the George Privilege Log Regarding Lotus Computer Entry Notes were generated after the filing of the Complaint in this case and accordingly are not being sought for discovery by Plaintiffs.

1. *Claim Issues Computer Entry Notes*

Plaintiffs do not seek production of documents 1-4. The Court concludes that Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege to the redacted portions and hence properly redacted documents 5 and 6.

2. *Claim File Volume 1-Partially Redacted Documents*

**\*4** Plaintiffs do not seek production of documents 1, 5, 6, 13-15, and 17-27. Defendant failed to establish the applicability of the attorney-client privilege to the documents 2, 3, 4, 8, and 12. Those documents, therefore, were improperly redacted and should be produced in their entirety. Defendant, however, sustained its burden of demonstrating the applicability of the attorney-client privilege to the redacted portions and hence properly redacted documents 7, 9-11, and 16.

3. *Claim File Volume 1-Withheld Documents*

Of the withheld documents in volume 1 of the claim file, Plaintiff does not seek production of documents 1, 4-9, 11, 13, 14, 16-29, 33-39, and 42-58. The Court also will not address document 15 that Defendant asserts was produced and erroneously listed on the privilege log. Document 59 is not relevant to either the UIM Claim or the instant litigation and, therefore, need not be produced.

The Court concludes that Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to the following documents: 2, 3, 10, 12, and 32. Defendant has not sustained its burden, and thus improperly withheld, the following documents: 31, 40, and 41. Defendant should redact document 30 of all analysis or statements based on confidential client communications by counsel and produce the remaining portions to Plaintiffs.

4. *Claim File Volume 2-Partially Redacted Documents*

The Court concludes that Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to the following redacted documents: 1-3, 6, 8, 10-19, 23, and 24. Defendant has not sustained its burden with respect to the following improperly-redacted documents: 4, 9, 20-22, and 25. Those documents should be produced in their entirety.

With respect to documents 5 and 7, the Court directs the Defendant redact the following portions and produce the remaining portions. Defendant should redact the handwritten notations on the cover page of document 5. On both documents 5 and 7, Defendant should redact the last sentence of paragraph 3 on page one, and the last three sentences in paragraph 1 on page 2, and paragraph 3 on page 2.

5. *Claim File Volume 2-Withheld Documents*

Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 4
Not Reported in F.Supp.2d, 2000 WL 1728511 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

following documents: 2, 3, 10-13, and 16-23. With respect to the following documents, however, Defendant failed to establish the applicability of the attorney-client privilege: 1, 4-9, 14, 15, 24, and 25.

### 6. *Claim File Volume 3-Partially Redacted Documents*

The Court concludes that Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to the following redacted documents: 1-5, and 8-11. Defendant has not sustained its burden with respect to the documents 6 and 7. Those documents were improperly redacted and should be produced in their entirety.

### 7. *Claim File Volume 3-Withheld Documents*

**\*5** Plaintiff does not seek discovery of Document 4; accordingly, it need not be produced. Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to the following documents: 1-3, 5-8, 10, 11, 12, and 14-16. With respect to the following documents, however, Defendant failed to establish the applicability of the attorney-client privilege: 9 and 13. Accordingly, those documents should be produced to Plaintiff.

### 8. *Claim File Volume 4-Partially Redacted Documents*

Plaintiff does not seek production of documents 3-9, and 20-40. The Court concludes that Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to all remaining documents, namely documents 1, 2, 10-19, and 41.

### 9. *Claim File Volume 4-Withheld Documents*

Plaintiff does not seek production of documents 10, 11, and 12. The Court concludes that Defendant sustained its burden of demonstrating the applicability of the attorney-client privilege and Plaintiff failed to establish applicability of an exception to the privilege with respect to documents 1-9.

### III. CONCLUSION

The Court grants in part and denies in part Plaintiffs' Motion to Compel. The Court directs Defendant to produce, or in some cases redact in accordance with the Court's instructions, those documents that the Court has determined are not protected by attorney-client privilege. An appropriate Order follows.

E.D.Pa.,2000.
George v. Wausau Ins. Co.
Not Reported in F.Supp.2d, 2000 WL 1728511 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.