# EXHIBIT L

LEXSEE

**KRAVCO COMPANY, KING OF PRUSSIA ASSOCIATES, and DeKALB ASSOCIATES, Plaintiffs, v. VALLEY FORGE CENTER ASSOCIATES, WILLIAM HEINE, individually and as general partner of VALLEY FORGE CENTER ASSOCIATES c/o VALLEY FORGE CENTER ASSOCIATES, PINECREST HOMEOWNERS ASSOCIATES, INC., JOHN J. HUGHES, JOHN DOE I, JOHN DOE II, and JOHN DOE III, et al. Defendants**

CIVIL ACTION No. 91-4932

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1991 U.S. Dist. LEXIS 18752

December 17, 1991, Decided
December 18, 1991, Entered.

**CORE TERMS:** subpoena duces tecum, subpoena, documentation, privileged, zoning, fee arrangement, memorandum, attorney-client, residential, deposition, blanket, settlement, telephone, stricken, discover, restraint of trade, present situation, shopping center, legal fees, dissimilar, plaintiffs filed, sums paid, calendars, invoices, messages, tickets, billed, sham

**COUNSEL:** [*1] FOR THE PLAINTIFF:

PATRICK MATUSKY, WOLF, BLOCK, SCHORR AND SOLIS-COHEN, 15TH & CHESTNUT STS., PACKARD BLDG., 12TH FL., PHILA, PA 19102, USA.

STEVEN A. ARBITTIER, WOLF, BLOCK, SCHORR AND SOLIS-COHEN, S.E. COR. 15TH & CHESTNUT STS., 12TH FL., PACKARD BLDG., PHILA, PA 19102-2678, USA

FOR THE DEFENDANT:

JOHN P. O'DEA, STRADLEY RONON STEVENS & YOUNG, 2600 ONE COMMERCE SQUARE,

EDWARD C. MENGEL, JR., WHITE AND WILLIAMS, 1650 MARKET STREET, ONE LIBERTY PLACE, STE. 1800, PHILA, PA 19103-7301, USA.

YVONNE R. HADDAD, WHITE & WILLIAMS, 1650 MARKET STREET, SUITE 1800, PHILA, PA 19103, USA.

**JUDGES:** McGlynn

**OPINIONBY:** JOSEPH L. McGLYNN, Jr.

**OPINION:**

MEMORANDUM

McGlynn, J.

December 17, 1991

**FACTS AND PROCEDURAL HISTORY**

Before the Court is a Motion for Protective Order of defendants and Stradley, Ronon, Stevens & Young, and Plaintiffs' Response in Opposition to that Motion and Cross-Motion to Compel Defendants and Stradley, Ronon to Comply with Subpoena Duces Tecum. The underlying facts of the dispute between the plaintiffs and the defendants are listed in great detail in this Court's October 29, 1991 Memorandum, "Findings of Facts and Conclusions of Law and Order Denying Preliminary Injunctive Relief." [*2] Briefly, this concerns the efforts of the plaintiffs Kravco Company, King of Prussia Associates, and DeKalb Associates to have a piece of property located in Upper Merion Township, Pennsylvania (the "Property") rezoned from residential to commercial, so that a shopping center may be built. Defendants are local residents (Pinecrest Homeowners Association and John J. Hughes) and the owner of a local shopping center (Valley Forge Shopping Center Associates ("VFCA") and its general partner William Heine) who oppose the change in zoning. Plaintiffs allege that efforts taken by Pinecrest to defeat the zoning change where actually orchestrated by VFCA. Plaintiffs claim support for this allegation from the fact that the defendants Pinecrest and VFCA shared an attorney, William J. Barker, Jr., of Stradley, Ronon, with VFCA paying part of the legal fees incurred by Barker. Specifically, the plaintiffs allege a Restraint of Trade violation of the Sherman Act,

15 U.S.C. § 1 (Compl., Count I, PP105-08); Tortious Interference (Compl., Count II, PP109-15); Abuse of Process (Compl., Count III, PP116-19); and Civil Conspiracy (Compl., Count IV, PP120-25).

Plaintiffs Kravco Company, King of Prussia [*3] Associates, and DeKalb Associates served a Subpoena Duces Tecum on the Custodian of Records of Stradley, Ronon, on August 8, 1991. On September 4, 1991 Defendant VFCA and Stradley, Ronon filed a Motion for a Protective Order. On September 6, 1991 defendants Pinecrest, and Hughes joined in the September 4, 1991 Motion for Protective Order. On September 11, 1991 plaintiffs filed a Response in Opposition to the Motion for Protective Order of Defendants and Stradley, Ronon and a Cross-Motion to Compel Defendants and Stradley, Ronon to Comply with Subpoena Duces Tecum. A Reply Brief in Support of the Motion for Protective Order was filed by Stradley, Ronon, VFCA and Heine on September 17, 1991. Finally, plaintiffs filed a Supplemental Memorandum in Support of Plaintiffs' Response and Opposition to the Motion for Protective Order of Defendants and Stradley, Ronon and Cross Motion to Compel Defendants and Stradley, Ronon to Comply with Subpoena Duces Tecum. n1

> n1 This Supplemental Motion was filed pursuant to plaintiffs' Motion for Leave to File a Supplemental Memorandum in Support of Plaintiffs' Response and Opposition to the Motion for Protective Order of Defendants and Stradley, Ronon, Stevens & Young and Cross-Motion to Compel Defendants and Stradley, Ronon to Comply with Subpoena Duces Tecum. The court granted plaintiffs' Motion for Leave on November 26, 1991.

[*4]

**THE SUBPOENA DUCES TECUM**

The Subpoena Duces Tecum requests documents dating back to April 11, 1983. April 11, 1983 is the date that prior owners n2 of the property filed the initial challenge (the "Zoning Litigation") with the Township Zoning Board challenging the validity of the residential zoning for the Property and seeking a change in zoning from residential to commercial. The plaintiffs bought the property on December 30, 1991 and at that time received an assignment of all rights and claims in connection with the Zoning Litigation. The Subpoena Duces Tecum requests the following documents:

> 1. All documents which reflect, relate or refer to Kravco Company.

> 2. All documents which reflect, relate or refer to King of Prussia Associates.

> 3. All documents which reflect, relate or refer to DeKalb Associates.

> n2 The prior owners are Charles Differ, et al., who commenced the Zoning Litigation, and Kathleen and Martin Field, who purchased the property from Differ, et al.

Plaintiffs, in their response [*5] memorandum, defend their subpoena by stating:

> Plaintiffs are entitled to know the amount of the fees and expenses incurred. When they were incurred. When they were billed. How they were billed. Who paid them, and how and when they were paid, among other things. Plaintiffs are also entitled to discover whether the documents, i.e., engagement letters, invoices, checks, etc., support the bare bones admission that VFCA bore only 50% of the costs of the sham judicial proceedings at issue, or whether those documents will demonstrate that VFCA in fact paid an even greater amount. In short, plaintiffs are entitled to full and complete discovery regarding all of the financial arrangements and affairs between and among Stradley, Ronon, VFCA, Heine, Hughes and Pinecrest, relating to the sham judicial proceedings at issue.

(Pls.' Resp. in Opp'n to the Mot. for Protective Order of Defs. and Stradley, Ronon, Stevens & Young and Cross-Mot. to Compel Defs. and Stradley, Ronon to Comply with Subpoena Duces Tecum, p. 14). Then, in a supplemental memorandum, plaintiffs state:

> As plaintiffs have explained, the subpoena duces tecum at issue on these motions asks for these very [*6] types of matters: time tickets and records, attorney calendars, telephone bills and messages, the documentation demonstrating the fee arrangements and the sums paid between and among Stradley, Ronon, Pinecrest and VFCA.

(Supplemental Mem. in Supp. of Pls.' Resp. and opp'n to the Mot for Protective Order of Defs. and Stradley, Ronon, Stevens and Young and Cross-Mot. to Compel Defs. and Stradley, Ronon, Stevens and Young to Comply with Subpoena Duces Tecum, p.2). However, the actual wording of the subpoena encompasses everything in the possession of the Stradley, Ronon files that date from April 11, 1983 to today and "reflect, relate or refer" to Kravco, King of Prussia Associates, DeKalb Associates, Pinecrest, VFCA, Heine, Valley Forge Shopping Center, the Proposed Shopping Center, the Property, the Upper Merion Township Board of Supervisors and the Zoning Hearing Board. The breadth of this subpoena is unlimited.

**DISCUSSION**

Documentation brought to light during a September 19-20, 1991 hearing before this court reflect that, at least initially, VFCA agreed to be "responsible for all or most of Stradley, Ronon's fees in connection with [Stradley, Ronon's] representation [*7] of Pinecrest in this matter." (Letter from William J. Barker, Jr., Stradley, Ronon, to William Heine, VFCA of Dec. 20, 1990). Testimony and affidavits reflect that at some point the arrangement was changed to split the fees equally. Barker's December 31, 1990 letter clearly informs VFCA that "VFCA will not be able to overrule any decision made by Pinecrest . . . with respect to any litigation or settlement relating to this matter." However, this is presented differently in Barker's January 3, 1991 letter to Vicki Meitus, President of Pinecrest. As for the fee arrangement, it only says that fees shall be paid "in part" by VFCA. The letter states that the interests of Pinecrest and VFCA are "synonymous." However, Barker continues on:

> Since VFCA is incurring a portion of the legal fees in this matter, and since it has an interest in the outcome of this case, it wants to have a say in any decision affecting strategy or affecting settlement. Consequently, you have agreed that both Pinecrest and VFCA must give their prior approval to any such decision. If Pinecrest and VFCA cannot agree on a decision affecting strategy and settlement, then Pinecrest shall have the right to replace [*8] SRS&Y as counsel in this case before any such decision is made. In fact, if any such conflict arises, SRS&Y shall have the obligation to withdraw from this case as counsel for Pinecrest.

Plaintiffs infer from these two letters that an unlawful contract in restraint of trade was made.

Generally, "communications from an attorney to his client are privileged if they tend to reveal client communications." P.& B. Marina, Ltd. Partnership v. Logrande, 136 F.R.D. 50, 53 (E.D.N.Y. 1991). However, "billing records and hourly statements which do not reveal client communications are not privileged. The terms and conditions of an attorney's employment are also not generally held to be privileged. Nor, are the identities of clients privileged." Id. at 55 (citations omitted); see also In re Grand Jury Investigation, 631 F.2d 17, 19 (3d Cir. 1980) ("the privilege does not shield the fact of retention, the identity of clients, and fee arrangements"), cert. denied sub nom. Tinari v. United States, 449 U.S. 1093, 101 S. Ct. 869, 66 L. Ed. 2d 808 (1981); Gannettv. First Nat'l State Bank, 546 F.2d 1072, 1073 n.4 (3d Cir. 1976) [*9] (identity of client not privileged), cert. denied, 431 U.S. 954, 97 S. Ct. 2674, 53 L. Ed. 2d 270 (1977); In re Semel, 411 F.2d 195, 197 (3d Cir.), cert. denied, 396 U.S. 905, 90 S. Ct. 220, 24 L. Ed. 2d 181 (1969). Thus, plaintiffs may subpoena any and all documentation that reflects, relates or refers to the fee arrangement between VFCA and Pinecrest in regard to Stradley, Ronon's services. This may include any and all documentation regarding who controlled the litigation, VFCA or Pinecrest or both.

As to any documents that explain the fee arrangement and the exact interplay between VFCA and Pinecrest that may also contain privileged information, "claims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion." United States v. Rockwell Int'l, 897 F.2d 1255, 1265 (3d Cir. 1990); e.g., Jamison v. Miracle Mile Rambler, Inc., 536 F.2d 560, 565 (3d Cir. 1976) (ample opportunity to object at deposition, rather than impose blanket prohibition). Thus, at any deposition VFCA and Pinecrest [*10] may assert the attorney-client privilege document by document.

The court notes that the present situation is dissimilar from the ones presented in Shelton v. American Motors, Corp., 805 F.2d 1323 (8th Cir. 1986) and Sporck v. Peil, 759 F.2d 312 (3d Cir.), cert. denied, 474 U.S. 903, 106 S. Ct. 232, 88 L. Ed. 2d 230 (1985). In both Shelton and Sporck, plaintiffs requested certain documents held by the defendant's attorney. In Shelton, the inquiry about the existence of records possessed by the defendant was posed to one of the defendant's in-house litigation counsel. 805 F.2d at 1325. The documents had previously been produced. Id. at 1325 n. 2, 1327. Thus, the question was directed towards the knowledge of the defendant's attorney: what she had looked at and what she remembered. The question was within the protected category of opinion work product. Id. at 1329. Likewise, in Sporck, defendant's attorney had already complied with a document request. 759 F.2d at 313. Of the "hundred of thou-

sands of documents" [*11] produced, the plaintiffs copied more than 100,000. Id. The document request at issue in Sporck concerned the documents used by the defendant's attorney to prepare the defendant for a deposition. Id. Plaintiffs were thus trying to determine which of the 100,000 documents the defense had viewed as important. Id. at 313-17. This was held to be impermissible. Id. at 316.

The present situation is dissimilar to Shelton and Sporck. Here, no documents have been produced. Further, the inquiry is not directed towards the documents the defendant's attorney view as important. It is directed towards the documents -- any documents. It would be an overbroad reading of Shelton and Sporck to say that those cases cover the contents of all firm files. The conscious segregation of some documents from other documents is the work-product protected by Shelton and Sporck. That is not the issue here.

**CONCLUSION**

The court holds April 11, 1983 to be too remote a date for plaintiffs to use. Plaintiffs were not involved in the zoning litigation at that time, and did not purchase the property until December 30, 1988. [*12] Therefore, plaintiffs shall only be able to subpoena files that date from December 30, 1988, until today. Plaintiffs will be limited to discover only that documentation which reflects, relates or refers to the fee arrangement between Stradley, Ronon, VFCA, and Pinecrest. Further, plaintiffs shall be allowed to discover documentation that reflects, relates or refers to whomever was controlling the litigation: VFCA or Pinecrest. Thus, all paragraphs except paragraphs nine, ten and twelve shall be stricken from the subpoena. The paragraphs that remain state:

> 9. All documents which reflect, relate or refer to services rendered to or on behalf of VFCA, William Heine or Pinecrest, including without limitation, client and matter files, correspondence, memoranda, pleadings, bills, invoices, time tickets and computer printouts.

> 10. All documents which reflect, relate or refer to any sums received by William J. Barker, III, Esquire or Stradley, Ronon, Stevens & Young from Pinecrest, VFCA, William Heine or any other partner, present or former officer, director, agent, employee, or persons acting or purporting to act on behalf of Pinecrest or VFCA, including without limitation, any [*13] sums paid in consideration of legal services rendered.

> 12. All documents, including without limitation calendars, diaries, telephone messages or telephone bills, which reflect, relate or refer to any meetings or communications regarding the subject matters of the foregoing requests.

As stated above, defendants still retain the right to assert the attorney-client privilege document by document, rather than as a blanket objection.

ORDER

AND NOW, this 17th day of December, 1991, upon consideration of the Motion for Protective Order of defendants and Stradley, Ronon, Stevens & Young, and plaintiffs' Response in Opposition to that Motion and Cross-Motion to Compel Defendants and Stradley, Ronon to Comply with Subpoena Duces Tecum, and defendants response to the plaintiffs' Cross-Motion, it is

ORDERED

that on the Subpoena Duces Tecum the date of April 11, 1983 is STRICKEN and REPLACED with the date of December 30, 1988 and that paragraphs one, two, three, four, five, six, seven, eight and eleven are STRICKEN, and it is further

ORDERED

that

(1) defendants' and Stradley, Ronon's Motion for Protective Order is DENIED;

(2) plaintiffs' Cross-Motion to Compel Defendants and [*14] Stradley, Ronon to Comply With Subpoena Duces Tecum is GRANTED; and

(3) defendants' and Stradley, Ronon's objections to the Subpoena Duces Tecum is DENIED.

BY THE COURT:

Joseph L. McGlynn, Jr. J.