# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC, )

      Plaintiff, )

      v. )

SICOR INC. and SICOR PHARMACEUTICALS, INC., )

      Defendants. )

**<u>REDACTED PUBLIC VERSION</u>**

C.A. No. 04-833-KAJ

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## <u>IN SUPPORT OF MOTION TO COMPEL</u>

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: January 27, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT .................................................................................................... 6

I.    PHARMACIA BEARS THE BURDEN OF ESTABLISHING THE PROPRIETY
OF ITS PRIVILEGE CLAIMS ................................................................ 6

II.    SIGNIFICANT DEFICIENCIES REMAIN IN PHARMACIA'S PRIVILEGE LOG .......... 8

    A.    Pharmacia Has Still Not Identified An Attorney As The Author Or Recipient
Of 1,660 Documents ................................................................................ 8

    B.    Pharmacia Still Has Not Provided Information About Actual or Anticipated Litigation
For 542 Documents For Which It Seeks Work Product Protection .................................. 14

    C.    Pharmacia Has Not Cured 235 Entries That Do Not Identify Any Author
or Recipient ............................................................................................ 17

    D.    The Contested Document Log Still Includes 28 Documents That Appear To
Have Been Filed In A Public Forum .............................................................. 18

    E.    625 Documents Challenged By Sicor Are Missing From Pharmacia's
Most Recent Contested Document Log ........................................................... 19

CONCLUSION ................................................................................................ 20

## TABLE OF AUTHORITIES

*Allegheny Ludlum Corp. v. Nippon Steel Corp.,*
Civ. A. No. 89-5940, 1990 WL 9837 (E.D. Pa. Feb. 1, 1990) .......................................6, 7

*Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.,*
145 F.R.D. 84 (N.D. Ill. 1992)...........................................................................................14

*Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.,*
174 F.R.D. 609 (M.D. Pa. 1997)........................................................................................13

*Bowne of New York City v. AmBase Corp.,*
150 F.R.D. 465 (S.D.N.Y. 1993) ..................................................................................11, 19

*Foster v. Berwind Corp.,*
Civ. A. No. 90-0857, 1990 WL 209288 (E.D. Pa. Dec. 12, 1990) ...................................8, 9

*Hill v. McHenry,*
Civ. A. No. 99-2026-CM, 2002 WL 598331 (D. Kan. April 10, 2002) .............................17

*International Paper Co. v. Fireboard Corp.,*
63 F.R.D. 88 (D. Del. 1974) .................................................................................................9

*Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B,*
230 F.R.D. 398 (D. Md. 2005)............................................................................................15

*Schmidt, Long & Associate, Inc. v. Aetna U.S. Healthcare, Inc.,*
Civ. A. No. 00-CV-3683, 2001 WL 605199 (E.D. Pa. May 31, 2001) ..............................15

*Smithkline Beecham Corp. v. Apotex Corp.,*
193 F.R.D. 530 (N.D. Ill. 2000)..........................................................................................17

*Smithkline Beecham Corp. v. Apotex Corp.,*
194 F.R.D. 624 (N.D. Ill. 2000)......................................................................................7, 16

*Smithkline Beecham Corp. v. Apotex,*
No. 99-CV-4304, 2005 WL 3597712
(E.D. Pa. Dec. 30, 2005) ............................................................................. 11, 12, 16, 17

*In re Spalding Sports Worldwide,*
203 F.3d 800 (Fed. Cir. 2000).............................................................................................6

*United States v. Construction Products Research,*
73 F.3d 464 (2d Cir. 1996)..................................................................................................17

*United States v. O'Neil,*
619 F.2d 222 (3d Cir. 1980)..................................................................................................8

Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") submit this reply memorandum of law in further support of their motion to compel plaintiff Pharmacia & Upjohn Company, LLC ("Pharmacia") to produce documents it is improperly withholding on attorney-client privilege and/or work product grounds. Since Sicor filed its motion on December 16, 2005, Pharmacia has cured a few of its deficient privilege log entries. However, the entries for approximately 1,884 purportedly privileged documents remain inadequate. Sicor's motion to compel should thus be granted in its entirety.[1]

## PRELIMINARY STATEMENT

Pharmacia's opposition brief provides scant support for its privilege claims. Instead of offering evidence to prove the bona fides of its privilege assertions, Pharmacia suggests that Sicor is somehow at fault for the failings in Pharmacia's privilege log and that Sicor bears the burden of demonstrating the inadequacy of Pharmacia's privilege claims. Exactly the opposite is true. The law is crystal clear that Pharmacia, as the party asserting the privilege, must prove each element of each privilege for each document it is withholding. Pharmacia's opposition brief ignores this fundamental truism.

After months of back and forth between counsel, and despite the revisions Pharmacia made to the contested document log after Sicor filed its opening papers, Pharmacia has still not provided critical information needed to support 1,884 of its privilege claims -- either in a privilege log or in opposition to the present motion. For 1,638 purportedly privileged documents, Pharmacia does not identify as either author or recipient anyone it has identified as an attorney. For 542 documents, Pharmacia claims work product protection, but does not

---

[1] For ease of reference, the complete log of "contested documents" still at issue in this motion (the "contested document log") is attached hereto as Exhibit 1. To assist the Court in distinguishing between the exhibits to Sicor's opening brief and this reply brief, the exhibits attached hereto are designated by number rather than letter.

provide evidence that those documents were prepared in anticipation of, or in connection with, litigation. Moreover, Pharmacia claims privilege on 235 documents for which it either has not or cannot identify any author or recipient, and on 28 other documents that appear from their descriptions to have been publicly disseminated.

Finally, Pharmacia has not offered evidence -- in the form of an affidavit, or otherwise -- supporting its assertion that the patent agents referenced on its privilege log were being supervised by British counsel. Pharmacia's only support for this claim is a bald assertion in its brief -- but briefs cannot supplant affidavits by persons with knowledge.

Pharmacia's failure to submit an affidavit from British counsel on this point is curious given that it submitted statements regarding foreign privilege law from attorneys in Italy, Canada, Denmark, France, The Netherlands, South Korea, Mexico and Norway. (Pl. App., Exs. L-R, T-V). In light of Pharmacia's assertion that British counsel managed its worldwide patent prosecution efforts, and supervised patent agents worldwide, its failure to submit a declaration from British counsel raises serious doubts about these factual contentions.

Unable to prove its privilege claims, Pharmacia resorts to offering the Court half-truths that turn on material omissions of fact. For example:

- Although Pharmacia served a revised contested document log before Sicor filed the present motion, Pharmacia did not tell the Court that: 1) Sicor received this amended log at almost 9:00 p.m. on December 14, 2005, when Sicor's motion had to be filed on December 16 (Ex. 2); 2) Pharmacia then refused Sicor's request for a short extension to give Sicor a reasonable chance to review the revised contested document log before filing the motion (Exs. 2, 3); and 3) the revised contested document log was incomplete -- among other things, it deleted without any explanation, approximately 625 of the entries Sicor was challenging, and did not include hundreds of other documents that the parties had agreed would be placed on the contested document log. (*See* Ex. 4).

- On December 19, 2005, Pharmacia sent Sicor a further revised contested document log, stating that it included "all of the contested documents that will not have been produced by the end of this week." (Ex. 5). However, Pharmacia chose not to tell the Court that this document was also manifestly incomplete. On

January 3, 2006, Pharmacia told Sicor that: "Due to a computer error, the PDF file we sent on December 19 included only the first section of the log." (Ex. 6).

- On January 3, 2006, and only in response to Sicor's request, Pharmacia produced what it called "the full version of Pharmacia's updated log of contested documents." (Ex. 6). However, this document also was missing some 625 documents that Sicor was challenging and otherwise made such wholesale changes to Pharmacia's prior log entries that it called into question all of the privilege logs provided by Pharmacia up until that time. (*See* Ex. 4). Pharmacia chose not to disclose this either.

The misnomered "full version" of the contested document log Pharmacia forwarded on January 3 -- more than two weeks <u>after</u> Sicor was required to file the present motion -- made massive unexplained (and inexplicable) changes to the contested document entries that the parties had been working from for weeks, including among other things:

1) adding 66 brand new entries to the list concerning documents that were not before included on Pharmacia's privilege log;

2) unilaterally deleting approximately 625 documents from the log without any explanation or statement that Pharmacia withdrew its privilege assertions with respect to those documents; and

3) making wholesale revisions to hundreds of other contested entries -- often completely changing <u>all</u> of the information in them (including the "to," "from," "date" and "subject"), such that these entries appear to describe entirely different documents than those same entries had previously described.

Following are a few of the completely rewritten contested document log entries in their January 3 forms and original forms, respectively:

3

**REDACTED**

These descriptions are so different that it is hard to believe that they relate to the same document. Pharmacia's privilege log has been a moving target since day-one, and Pharmacia's complete rewrite at this late date of hundreds of contested document log entries calls into question the accuracy of the 14,000-plus privilege log entries from which the contested document log was culled. Sicor is now rightly suspicious about the care Pharmacia has taken in providing Sicor and this Court with accurate descriptions of the documents it is withholding. To be blunt, Pharmacia's actions have frustrated Sicor's and this Court's efforts to understand the privileges Pharmacia asserts, and to assess whether the documents included in Pharmacia's privilege log are entitled to any protection at all.[2]

Unable to properly support its privilege assertions, Pharmacia attempts to excuse its shortcomings by blaming Sicor. Pharmacia complains about Sicor's inability to review more than 1,000 revised contested document log entries and prepare a brief in one business day. Pharmacia also complains about Sicor's supposedly overbroad document requests, but as to which Pharmacia *did not* seek a protective order. Moreover, after providing an excessive 2,000-page privilege log listing thousands of non-privileged documents, Pharmacia attempts to use the log's length to justify its insufficiency -- there is no rule of law permitting such self-serving, *post hac* "justification." Pharmacia provides no basis for denying this motion, and Pharmacia

---

[2]     In light of the doubts regarding Pharmacia's 14,000 privilege log entries, Sicor respectfully requests that the Court order Pharmacia to review and, where appropriate, revise the entries that may have been misleading in their original form and allow Sicor to review these revisions to determine whether additional entries should be included on the contested document log. Alternatively, appointment of a Special Master to review Pharmacia's privilege claims might well be appropriate in this case.

should be compelled to produce each and every document on the contested document log

attached as Exhibit 1.[3]

## ARGUMENT

## I.    PHARMACIA BEARS THE BURDEN OF ESTABLISHING THE PROPRIETY OF ITS PRIVILEGE CLAIMS

"It is incumbent upon one asserting the privilege to make a proper showing that all of the

elements of the privilege are present." *Allegheny Ludlum Corp. v. Nippon Steel Corp.*, Civ. A.

No. 89-5940, 1990 WL 9837, at *1 (E.D. Pa. Feb. 1, 1990) (citation omitted) (attached as Exhibit

7). Moreover, "a party resisting discovery under the ground of the attorney-client privilege must

by affidavit show sufficient facts as to bring the identified and described documents within the

narrow confines of the privilege." *Id.* Pharmacia's failure to support its factual averments with

sworn testimony or affidavits is fatal to its fact-based privilege claims.[4]

---

[3]    Sicor has withdrawn its challenges to over 400 documents for which Pharmacia provided sufficient additional evidence that a privilege attached. However, the remaining entries on the contested document log contain significant shortcomings.

   In an effort to further narrow the issues before the Court to those Sicor considers to be most significant, Sicor is withdrawing its challenge to certain categories of documents. Thus, Sicor is no longer challenging foreign documents on the grounds that foreign privilege laws would not protect them, and accordingly, has also removed the category of documents challenged because their descriptions appear to implicate foreign law. Sicor is also withdrawing its challenge to documents for which Pharmacia claims work product protection and identifies the litigation at issue, but does not describe the subject matter of the litigation.

   Sicor maintains its challenge to the balance of documents, for which Pharmacia has failed to provide essential elements of the attorney-client privilege or work-product doctrine. The full contested document log is attached as Exhibit 1. The specific entries that Sicor continues to challenge are broken down by the basis for Sicor's challenge in Exhibits 9, 13, 15 and 16.

[4]    Pharmacia's suggestion that *In re Spalding Sports Worldwide*, 203 F.3d 800, 803-04 (Fed. Cir. 2000), holds that courts should not carefully examine a privilege claim (Br. at 5) is wrong. That case simply holds that courts need not dissect an individual document to determine which portions of it are subject to a privilege. The case says nothing about the elements required to prove that a document as a whole is privileged or the exactitude of a court's analysis of privilege issues.

Pharmacia attempts to skirt its obligation to provide a sufficiently detailed privilege log by suggesting, on page 6 of its brief, that because it *could have* organized its privilege log "by categories" -- as opposed to by document -- it need not provide privilege log entries that are sufficient to "enable [Sicor] to assess the applicability of the privilege or protection" asserted as is required by Fed. R. Civ. P. 26(b)(5). This argument makes no sense. As an initial matter, Pharmacia chose not to organize its privilege log by categories. Rather, it separately logged more than 14,000 documents. Having done so, it cannot seriously argue that those entries need not meet Rule 26(b)(5)'s specificity requirements. In any event, given that Pharmacia is now responding to a motion to compel, it was required to offer additional factual support for its privilege claims with sworn affidavits. *See Allegheny Ludlum*, 1990 WL 9837, at *1.[5]

Pharmacia's argument that Sicor could have sifted through the tens of thousands of documents Pharmacia has produced to piece together information that Pharmacia should have put on its privilege log is entirely without basis. As an initial matter, there is no evidence -- aside from Pharmacia's bald assertion -- that Sicor could have divined privilege-related information from a review of the documents Pharmacia has produced to date. Moreover, as the district court held in *Smithkline Beecham Corp. v. Apotex Corp.*, 194 F.R.D. 624, 626 (N.D. Ill. 2000), Pharmacia's suggestion fails as a matter of law:

> More often than not, parties proceed in such a manner that would suggest they believe their opponent must undermine their unsupported claims of privilege or that it is the court's task to

---

[5]     The bases for Pharmacia's claimed privileges are entirely <u>factual</u> -- raising questions about (among other things) who is an attorney, whether documents without listed authors or recipients were in fact prepared by attorneys, and whether documents were actually prepared in anticipation of litigation. These factual issues differ significantly from Sicor's legal arguments in opposition to Pharmacia's motion to compel, which address the purely <u>legal</u> question of the scope of Sicor's privilege/work product waiver. Unlike Pharmacia, where Sicor had to provide factual support for its contentions in opposition to Pharmacia's motion to compel, it did so in the form of sworn deposition testimony.

protect their communications for them.  Neither, of course, is the case.

Yet, this is exactly what Pharmacia is trying to do.

## II.    SIGNIFICANT DEFICIENCIES REMAIN IN PHARMACIA'S PRIVILEGE LOG

### A.    Pharmacia Has Still Not Identified An Attorney As The Author Or Recipient Of 1,660 Documents (Exhibit 9)

Pharmacia does not dispute that to substantiate a claim of attorney-client or work product protection, it must typically demonstrate that an attorney was involved in the preparation or receipt of the relevant document. *See, e.g. United States v. O'Neil*, 619 F.2d 222, 227 (3d Cir. 1980) (holding work product protection is "clearly inappropriate" for documents not prepared by an attorney); *Foster v. Berwind Corp.*, Civ. A. No. 90-0857, 1990 WL 209288, at *2 (E.D. Pa. Dec. 12, 1990) ("The privilege applies only if . . . the person to whom the communication was made a) is a member of the bar of a court or his subordinate and b) in connection with this communication is acting as a lawyer. . . .") (attached as Exhibit 8).  Nonetheless, despite Sicor's repeated requests, Pharmacia still has not identified an attorney listed in its November 2, 2005 letter as either the author or recipient for 1,638 documents.[6]  As noted in Sicor's opening brief, although Pharmacia retained its right to revise the list of attorneys identified in its November 2 letter, it never did so.

Specifically, Pharmacia's log does not distinguish between attorneys and patent agents. Pharmacia lumps them together under the single title "atty."  Pharmacia has not identified for whom any "atty" not listed on the November 2 letter works, or the role that any of these "attys" played in connection with the rendition of legal services to Pharmacia.  Instead, Pharmacia conclusorily states in its brief that the patent agents denoted as "atty" were working at the direction of British counsel, and that their communications are thus privileged.  Whether this is

---

[6]    Exhibit 9 lists the documents that Sicor continues to challenge on this basis.

true is a factual question determined by the relationship between the attorney and patent agent. Having submitted no affidavit or other sworn evidence from a person with knowledge of the relationship, Pharmacia cannot meet its burden of demonstrating the propriety of its privilege assertions with respect to patent agent communications. Legal arguments in briefs are no substitute for admissible evidence. *See Foster*, 1990 WL 209288, at *2 ("[A] party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described documents within the narrow confines of the privilege."); *Int'l Paper Co. v. Fireboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974) (same).

Pharmacia's January 3 "full and final" contested document log also includes many inconsistencies, designating individuals as "atty" in some instances and not designating those same individuals as such in others. For example, the following entries are taken directly from Pharmacia's January 3, 2006 contested document log:

**REDACTED**

**REDACTED**

The many inconsistencies in Pharmacia's log have hindered Sicor's ability to meaningfully review Pharmacia's privilege assertions. In October 2005, in an effort to resolve these overarching problems, Sicor twice requested that Pharmacia provide identifying information for the people designated as "atty" in its log. Because Pharmacia's November 2, 2005 letter (Ex. 10) was the only document to provide such identifying information, including whether those people were attorneys or patent agents, once Sicor received this letter, Sicor relied on it to determine whether an attorney was the author or recipient of the documents at issue. Sicor is <u>not</u> challenging under this heading <u>any</u> documents authored or received by the people identified as an attorney in Pharmacia's November 2 letter.

Pharmacia twists Sicor's good faith effort to clarify through correspondence -- as opposed to motion practice -- who was and was not an attorney, suggesting that Sicor is arguing that there is some "requirement that attorneys be identified in correspondence." (Br. at 9). Sicor has never made this argument, but instead has asserted and continues to assert that Pharmacia must identify attorneys *somewhere*. Pharmacia did not do so in its original 2,000-page privilege log, its two letters to Sicor, or in its most recent contested document log. Nor has Pharmacia provided this Court with any affidavits identifying the many individuals designated as "atty." These shortcomings fatally undercut the privilege claims at issue.

Pharmacia's newest attempt to get around its failure to identify attorneys in the "to" and "from" columns of its privilege log is to argue that its log sufficiently identifies an attorney merely by including in the document description a statement that an attorney's legal advice is set forth in the document. Pharmacia provides no legal authority for this position. Without knowing the identities of the documents' authors and recipients, or even whether they work for Pharmacia, neither Sicor nor the Court can discern whether any privilege, even if it existed in the first instance, was waived. Pharmacia did not produce "required information, such as the relationship between the individuals listed in the log and the litigating parties." *Bowne of New York City v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993); *see also Smithkline Beecham Corp. v. Apotex*, No. 99-CV-4304, 2005 WL 3597712, at *14 (E.D. Pa. Dec. 30, 2005) (attached as Exhibit 11). This too is a critical deficiency. *Bowne*, 150 F.R.D. at 474.

Furthermore, Pharmacia asserts, again without supporting affidavits, that because J.A. Kemp -- a British law firm -- purportedly "oversaw and directed Pharmacia's patent prosecution worldwide, as well as some litigation," all documents signed on behalf of, or addressed to, the firm should automatically be privileged. (Br. at 7). Pharmacia has not supported this contention with any sworn facts about which patent prosecutions, litigations or patent agents J.A. Kemp supervised. Nor did Pharmacia cite any judicial authority supporting its claim that it may satisfy the requirements of the attorney-client privilege merely by listing a firm's name as the author or recipient.[7]

---

[7]    Pharmacia's only support for this argument is a passage from the ABA/BNA Lawyer's Manual on Professional Conduct Reference Manual that a recipient of a document on law firm stationary may believe that a lawyer is responsible for writing it. (Br. at 8). This is entirely irrelevant to the privilege question. Courts will not find a privilege where none exists merely because a third-party might believe that the document in question originated from an attorney. There is no legal support for such a view.

Not every document that leaves an attorney's office is privileged. To prove that such documents were privileged, Pharmacia should have provided evidence that an attorney supervising the relevant matter oversaw all correspondence to and from the firm. *See Smithkline Beecham,* 2005 WL 3597712, at *9 (holding that Plaintiff failed to fulfill the requirements of the attorney-client privilege where Plaintiff "does not identify any specific attorney with whom a confidential communication was made"). Pharmacia's failure to submit an affidavit from its British lawyers on these issues is a glaring omission that undercuts its privilege claims entirely.

Finally, Pharmacia makes two representations to the Court concerning its failure to identify attorneys that are belied by its own privilege log and letters. First, in criticizing Sicor's selection of documents challenged under this heading, Pharmacia states that its descriptions for three of these documents actually indicated that Daniel A. Boehnen was the attorney providing advice. (Br. at 10). In fact, in Pharmacia's original log (which was the basis for Sicor's opening papers), none of these three documents indicated that Mr. Boehnen was the source of the advice; rather all three merely included his name in the "cc" column:

**REDACTED**

12

**REDACTED**

It is axiomatic that non-privileged documents do not attain privileged status merely because a copy is sent to counsel.  *See Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997).

Pharmacia's January 3 version of the contested document log continues to state that Mr. Boehnen is not the author or recipient of these three documents -- he is still only listed as a "cc":

**REDACTED**

REDACTED

Finally, Pharmacia states that Dr. Emily Miao (a lawyer with Mr. Boehen's firm) was identified as an attorney in the "letters to Sicor on October 17 and November 7 [sic]." (Br. at 10). Sicor assumes that Pharmacia actually means the letters of October 17 (Ex. 12) and November 2 (Ex. 10), which partially responded to Sicor's request for information about the individuals designated as "atty" on Pharmacia's privilege log. In fact, Dr. Miao is not identified in either letter. (Exs. 10, 12). The attorney list Sicor used to decide which privilege log entries to challenge was based on the identifying letters Pharmacia provided -- which did not include Dr. Miao. Nonetheless, Sicor has now removed from its list of challenged documents any that Dr. Miao authored or received.

**B.    Pharmacia Still Has Not Provided Information About Actual or Anticipated Litigation For 542 Documents For Which It Seeks Work Product Protection (Exhibit 13)**

Pharmacia does not and cannot dispute that a party claiming work product protection bears the burden of demonstrating that the "'motivating purpose behind the creation of a document . . . [was] to aid in possible future litigation,' under circumstances where the discovery opponent can show 'objective facts establishing an identifiable resolve to litigate.'" *Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992) (citation omitted). Again, having no legal or factual support for its challenged work product claims, Pharmacia resorts to attacking Sicor for Pharmacia's own failings. First, Pharmacia criticizes an early draft

14

of Sicor's own privilege log, which in fact has been revised -- unlike Pharmacia's -- to identify the relevant litigation for each work product claim made. Pharmacia then scolds Sicor for its selection of individual documents to challenge, but ignores Sicor's explicitly stated criteria for selecting the documents it would challenge on work product grounds.[8] Pharmacia also suggests that Sicor should have cross-referenced Pharmacia's thousands of privilege log entries with discovery documents that may have identified related litigation, when any such burden is Pharmacia's alone.

Pharmacia also accuses Sicor of mischaracterizing *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398 (D. Md. 2005). According to Pharmacia, that decision as a whole "nowhere suggests a log must identify specific cases" to support work product claims. (Br. at 11). However, *Neuberger* explicitly held that privilege log entries were insufficient when they did not "identify any anticipated, imminent or pending litigation." *Neuberger*, 230 F.R.D. at 406. *Neuberger* is not unique in this regard; other courts also emphasize that a party must be able to identify actual or anticipated litigation to demonstrate the applicability of the work product doctrine. *See, e.g., Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, No. Civ. A. 00-CV-3683, 2001 WL 605199, at *4 (E.D. Pa. May 31, 2001) ("Generally, a reasonable anticipation of litigation requires existence of an identifiable specific claim or impending litigation at the time the materials are prepared. 'Advising a client

---

[8] Sicor stated in its opening papers that it was challenging Pharmacia's work product entries where its log did not identify one or more of the following: the identity of actual or anticipated litigation, the parties to any such litigation, or the subject matter of any such litigation. (Opening Br. at 6-7). Many of the documents Pharmacia provides as examples of Sicor's supposed misrepresentation to the Court regarding the bases for its work product challenges were challenged in the first instance because they failed to identify the subject matter of the litigation, not because they failed to identify the litigation itself. As indicated above, this matter is now academic because Sicor is withdrawing its challenge with respect to documents for which Pharmacia did not identify the subject matter of the litigation. The remaining contested documents whose log entries are challenged under this heading do not identify the actual or anticipated litigation and/or the parties to that litigation.

about matters which may or even likely will ultimately come to litigation does not satisfy the 'anticipation of litigation' standard.'") (citations omitted) (attached as Exhibit 14); *Smithkline Beecham*, 2005 WL 3597712, at *16 ("[Application of the work product doctrine] requires a showing of 'an identifiable specific claim of impending litigation' and is not satisfied by the 'mere involvement of, consultation with, or investigation by an attorney.' The party must establish more than a 'likely chance,' 'remote prospect,' or 'inchoate possibility' of litigation.") (internal citations omitted).

Pharmacia's claim that it has identified the litigations for each of its "work product" assertions, (br. at 12-13), is simply untrue. The following entries, taken from Pharmacia's revised log, provide a small sample of the many documents for which Pharmacia claims work-product protection, but does not identify a litigation.[9] Instead, these documents contain descriptions strongly suggesting that they were <u>not</u>, in fact, prepared in anticipation of litigation:

**REDACTED**

---

[9]    Exhibit 13 lists the documents that Sicor continues to challenge on this basis.

**C.     Pharmacia Has Not Cured 235 Entries That Do Not Identify Any Author or Recipient (Exhibit 15)**

For 235 documents, Pharmacia still has not identified any author or recipient.[10] Pharmacia does not provide any law supporting its suggestion that documents lacking an identified author or recipient should nonetheless be protected by privilege. Once again, instead of supporting its privilege claim by, for example, explaining in an affidavit why no author or recipient could be identified, Pharmacia attacks Sicor's plain reading of the law. As Sicor noted in its opening brief, the Illinois federal court in *Smithkline Beecham* compelled production of documents that lacked an identified author or recipient. *See Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 538-39 (N.D. Ill. 2000), *modified in part on different grounds on reconsideration*, 194 F.R.D. 624 (N.D. Ill. 2000).

Pharmacia accuses Sicor of "twist[ing] the case law" and, as evidence, cites a portion of this *Smithkline Beecham* decision that does not speak to whether a document lacking an author and recipient should be produced. (Br. at 14). The *Smithkline Beecham* court found precisely what Sicor said it did. So did the Eastern District of Pennsylvania in another *Smithkline Beecham v. Apotex* case holding: "We therefore scrutinize closely any privilege claim where Plaintiff is unable to identify the author or has provided only a general group-wide description for the recipients." 2005 WL 3597712 at *7; *see also U.S. v. Construction Products Research*, 73 F.3d 464, 473 (2d Cir. 1996) (holding that a privilege log should identify "the individuals who were parties to the communications"); *Hill v. McHenry*, No. Civ. A. 99-2026-CM, 2002 WL 598331, at *2 (D. Kan. April 10, 2002) (finding that if a log "fails to fully identify the authors and recipients of the documents . . . . the Court is without sufficient information to determine whether each element of the asserted privilege/protection is satisfied").

---

[10]     Exhibit 15 lists the documents that Sicor continues to challenge on this basis.

**D.**    **The Contested Document Log Still Includes 28 Documents That Appear To Have Been Filed In A Public Forum (Exhibit 16)**

As Pharmacia acknowledges, "except under special circumstances, documents filed with a court or patent office do not remain privileged." (Br. at 15). Sicor initially identified 44 documents in Pharmacia's privilege log that appeared to have been filed with a national patent authority or a court, and upon reviewing Pharmacia's revised log, Sicor maintains its challenge with respect to 28 of these documents.[11] Pharmacia's response is to conclusorily state that none of these documents was filed, although that is not clear from the entries on the revised contested document log, and Pharmacia provides no affidavit in support of this factual contention. Sicor identified these documents based on a genuine belief that they likely were filed in a public forum, or were otherwise made public, and as the following contested document log entries exemplify, this belief was well-founded:

**REDACTED**

---

[11]    Exhibit 15 lists the documents that Sicor continues to challenge on this basis.

Pharmacia cannot merely cast aside its own document descriptions. If these documents were not filed in a public forum or otherwise disseminated, Pharmacia should have either changed the descriptions to make that clear or provided an affidavit to that effect. Pharmacia did neither even though parties typically provide affidavits or equivalent statements in order to "prove the factual basis for its claims of privilege." *Bowne of New York City.*, 150 F.R.D. at 473.

### E.    625 Documents Challenged By Sicor Are Missing From Pharmacia's Most Recent Contested Document Log  (Exhibit 4)

Finally, Sicor challenges any asserted privilege for the 625 documents that have mysteriously disappeared from the revised draft of Pharmacia's log.[12] Hopefully, Pharmacia removed these documents in anticipation of producing them to Sicor, but if not, these missing documents must be produced.

---

[12]    Exhibit 4  lists the 625 documents missing from Pharmacia's most recent contested document log. Those same documents are also highlighted in yellow on the full contested document log attached as Exhibit 1.

## CONCLUSION

For the foregoing reasons, Sicor respectfully requests that the Court grant Sicor's motion to compel in its entirety.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  January 20, 2006
165875.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2006, the attached **REDACTED**

**PUBLIC VERSION OF DEFENDANTS' REPLY MEMORANDUM OF LAW IN**

**SUPPORT OF MOTION TO COMPEL** was served upon the below-named counsel of record

at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                          VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606


                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Tiffany Geyer Lydon