# EXHIBIT 7

Case 1:04-cv-00833-KAJ    Document 195-8    Filed 01/27/2006    Page 1 of 3

(Cite as: 1990 WL 9837 (E.D.Pa.))

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

**ALLEGHENY LUDLUM CORPORATION**
v.
**NIPPON STEEL CORPORATION, et al.**
**CIV. A. No. 89-5940.**

Feb. 1, 1990.

Dawn DiStefano, David A. Hartquist, Jeffrey W. King, Patrick J. Coyne, Collier, Shannon, Rill & Scott, Washington, D.C., John Woodall, Savannah, Ga., Jon D. Walton, Patrick J. Viccaro, Allegheny Ludlum Corporation, Pittsburgh, Pa., Daniel Segal, Philadelphia, Pa., for plaintiff.

Walter C. Hartridge, Bouhan, Williams & Levy, Savannah, Ga., for defendants.

Alan J. Dnvis, David M. Doret, Philadelphia, Pa., for Nippon Steel Corporation, Nippon Steel USA, Inc., Mitsui & Co. USA, Inc., Mitsui & Co. (USA), Inc.

Edward W. Greason, Alan T. Bowes, John A. Fogarty, John J. Kelly, Jr., Gregg A. Delaporta, Michael D. Loughnane, Kenyon & Kenyon, New York City, for defendants.

### MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

**\*1** Plaintiff Allegheny Ludlum Corporation (Allegheny Ludlum) brought this action against defendant Nippon Steel Corporation, et al. on June 6, 1989, alleging patent infringement under 35 U.S.C. § 271(g) due to the importation by defendants of high permeability silicon steel manufactured in Japan by a process plaintiff claims is an infringement on Allegheny Ludlum's '018 patent.

Presently before this Court is plaintiff's motion for in camera review of Allegheny Ludlum's allegedly privileged documents along with supporting declarations explaining the basis for Allegheny Ludlum's claims of privilege. Specifically, Allegheny Ludlum seeks this Court's permission to submit the allegedly privileged documents to the Court for in camera review along with the declarations of James A. Salsgiver, one of the inventors of the '018 patent and Patrick J. Viccaro, Esq., in-house counsel at Allegheny Ludlum. Allegheny Ludlum states that the affidavits contain detailed summaries of privileged information derived from the subject documents and that any protection afforded by the in camera review would be undermined if Allegheny Ludlum were compelled to produce the affidavits. See, plaintiff's reply brief, at 2. These declarations delineate the basis of the claims of privilege for the documents in question.

Defendants do not oppose in camera review of the subject documents per se. See, defendants' brief in opposition to plaintiff's motion for in camera review, at 1. However, defendants object to the plaintiff submitting the two affidavits for in camera review. Thus, the issue before the Court is whether this Court should allow the plaintiff to submit for in camera inspection the affidavits of Messrs. Viccaro and Salsgiver explaining the basis for Allegheny Ludlum's privilege claims.

A proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality. International Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D.Del.1974). It is incumbent upon one asserting the privilege to make a proper showing that all of the elements of the privilege are present. Id. at 93. See Barr Marine Products Co., Inc. v. Borg-Warner, 84 F.R.D. 631, 636 (E.D.Pa.1979). See also, e.g., Weil Ceramics & Glass, Inc. v. Work, 110 F.R.D. 500 (E.D.N.Y.1986). Such a showing is usually by affidavit in which the documents are adequately listed and described. International Paper Co., supra, at 93. In short, a party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described documents within the narrow confines of the privilege. Id. at 94.

In the present matter, Allegheny Ludlum wishes to satisfy its burden by submitting two affidavits to support its claim of privilege. However, plaintiff claims that since these affidavits also contain privileged information this Court should inspect them in camera.

Defendants argue that it is "fundamentally unfair for [Allegheny Ludlum] to hide from [the defendants] the supposed justifications for withholding the subject documents." Id. at 1-2. However, defendants cite no authority in opposition to Allegheny Ludlum's contention that this Court should allow submission of the two affidavits in question for in camera review.

**\*2** Although defendants are correct in pointing out that the burden rests on the party asserting the privilege to demonstrate that all elements of the privilege are present, see Barr Marine Products Co., Inc., supra, at 636; see also, e.g., Work, supra, the responsibility of determining whether the privilege exists rests upon the district court and not upon the lawyer whose client claims the privilege. Duplan Corp. v. Deering Milliken, Inc., 397 F.Supp. 1146, 1159-60 (D.S.C.1974) (citing N.L.R.B. v. Harvey, 349 F.2d 9009 (4th Cir.1965)).

(Cite as: 1990 WL 9837 (E.D.Pa.))

In making this determination, in camera inspection is appropriate to make an informed decision as to whether a privilege applies at all. United States v. Board of Education of City of Chicago, 610 F.Supp. 695, 701 (E.D.Ill.1985). See In the Matter of Witnesses Before the Special March 1980 Grand Jury, 729 F.2d 489, 495 (7th Cir.1984); United States v. Lawless, 709 F.2d 485, 486 (7th Cir.1983) (both district and appellate courts examined documents in camera ). Cf. Delco Wire & Cable, Inc. v. Weinberger, 109 F.R.D. 680 (E.D.Pa.1986) (J. Lord); Laborers' International Union of North America v. U.S. Dept. of Justice, 772 F.2d 919, 921 (D.C.Cir.1984). Furthermore, control of discovery is a matter entrusted to the sound discretion of the trial courts. Id. at 921. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C.Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 2399 (1984); Doe v. District of Columbia, 697 F.2d 1115, 1119 (D.C.Cir.1983).

Therefore, given the sound discretion entrusted in the court, see Laborers' International Union of North America, supra, at 921; see also Watt, supra, at 788; Doe, supra, at 1119, and the appropriateness of the affidavits and in camera inspection in the present matter, see International Paper Co., supra, at 94; Board of Education of City of Chicago, supra, at 701; see also Lawless, supra, at 486, this Court will grant plaintiff's motion for in camera inspection and will rule on the availability of the privilege after seeing the documents, taking into consideration the opposing views of the parties with respect to the general principles embodied by the privilege. See Board of Education of City of Chicago, supra, at 701; Barr Marine Products Co., supra. See also International Paper Company, supra; In the Matter of Witnesses Before the Special March 1980 Grand Jury, supra, at 495; Lawless, supra, at 486. Cf. Delco Wire & Cable, supra; Laborer's Int'l Union of North America, supra, at 921; Watt, supra, at 788; Doe, supra, at 1119.

An appropriate order follows.

ORDER

AND NOW, this 1st day of February, 1990, after consideration of plaintiff Allegheny Ludlum Corporation's motion for in camera review of its allegedly privileged documents, and the two affidavits of Messrs. Viccaro and Salsgiver, it is hereby ORDERED that:

1. Allegheny Ludlum's motion is Granted.

2. Allegheny Ludlum shall file with the Court for in camera review its privileged documents along with the affidavits of Messrs. Viccaro and Salsgiver delineating the basis of the claims of privilege within 10 days from the date of this Order.

1990 WL 9837 (E.D.Pa.)

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo