# EXHIBIT 8

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)  
**(Cite as: 1990 WL 209288 (E.D.Pa.))**

Page 1

**H**  
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.  
Constance B. FOSTER, Insurance Commissioner of the Commonwealth of  
Pennsylvania, as Rehabilitator of the Mutual Fire, Marine and Inland Insurance Company,  
v.  
BERWIND CORPORATION.  
**Civ. A. No. 90-0857.**

Dec. 12, 1990.  
Adam G. Garson, Ralph A. Jacobs, Diane Penneys Edelman, Hoyle, Morris & Kerr, Philadelphia, Pa., for plaintiff.

Emily McKillip, Bernard A. Ryan, Jr., Mary A. McLaughlin, Dechert Price & Rhoads, Philadelphia, Pa., for defendant.

*MEMORANDUM AND ORDER*

EDWIN E. NAYTHONS, United States Magistrate Judge.

*1 Presently before this Court is the motion of defendant Berwind Corporation ("Berwind") to compel the production of documents requested in Berwind's second request for production of documents. Specifically, Berwind requests that this Court compel plaintiff to produce all documents responsive to the following document requests: (1) Request Nos. 4, 5, and 6 (documents relating to the liquidation of Norad Reinsurance Company, Ltd. ("Norad")); (2) Request No. 1 (all documents relating to the lawsuit brought against Peat Marwick, Main and Company by Mutual Fire, Marine & Inland Insurance Company ("Mutual Fire")); (3) Request Nos. 9, 10, and 12 (all documents relating to loss reserves with respect to the three treaties that are the subject of the Complaint); (4) Request Nos. 3, 11, and 22; (5) Request Nos. 18, 20, 21, and 23 (documents relating to the relationship between Mutual Fire and its subsidiaries); (6) Request 14 (relating to commutation agreements); (7) Request Nos. 1, 2, 9, 13, 15, and 19 (relating to the performance of Mutual Fire's officers, directors, and agents in connection with the three treaties that are the subject of the Complaint); and, (8) all documents taken by Mutual Fire from third-party witness Jerome T. Witkowski.

In opposition to Berwind's motion to compel, plaintiff argues that Berwind seeks to compel documents which are wholly-irrelevant to the instant dispute and are not likely to lead to the discovery of admissible evidence. Plaintiff also argues that documents which Berwind seeks in the instant motion are clearly protected by the attorney-client privilege or are otherwise confidential and not subject to discovery in this action.

Defendant Berwind filed its Motion to Compel the Production of Documents Requested in Berwind's Second Request for Production of Documents on October 9, 1990. Thereafter, plaintiff filed its brief in opposition to Berwind's motion. Berwind filed a reply brief on November 2nd, and on November 8th plaintiff filed with this Court a surreply to Berwind's motion to compel discovery, along with a list of documents which are being withheld as privileged. [FN1] Plaintiff also submitted the affidavit of John Milligan-Whyte, an attorney from Bermuda who was present at the meetings of the Committee of Inspection for Norad. Thereafter, on November 13, 1990, Berwind filed a sur-surreply memorandum in support of its motion to compel, along with the affidavit of Robin Joan Mayor, an associate of the law firm representing the defendant.

For the reasons set forth below, Berwind's motion to compel discovery is granted.

*DISCUSSION*

The first issue confronting this Court is whether the documents which plaintiff alleges are privileged and which are included in plaintiff's list submitted to the Court are in fact privileged documents pursuant to the attorney-client privilege.

The purpose of the attorney-client privilege is to encourage complete disclosure of information between client and attorney. As this Circuit has observed in *In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir.1979), perhaps the most frequently cited formulation of the privilege is that by Judge Wyzanski in *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357 (D.Mass.1950):

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)  
(Cite as: 1990 WL 209288 (E.D.Pa.))

Page 2

*2 The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Id. at 358-59; see also In re Grand Jury Investigation, 599 F.2d at 1233; Barr Marine Products Co. v. Borg-Warner, 84 F.R.D. 631, 633 (E.D.Pa.1979).

A party asserting the privilege has the burden of demonstrating that the privilege exists and that each of the criteria set forth by Judge Wyzanski is satisfied. Barr Marine Products Co., 84 F.R.D. at 636. Therefore, before plaintiff can invoke the attorney-client privilege, she must produce specific facts demonstrating the existence of the requisite elements. In re Grand Jury investigation, 599 F.2d at 1233; Barr Marine Products Co., 84 F.R.D. at 633.

The burden of proof is upon the party asserting the claim of privilege. Duplan Corp. v. Deering Milliken, Inc., 397 F.Supp. 1146, 1161 (D.S.C.1974). Of course, the adversary party, by virtue of the obvious fact that it has not seen the documents, cannot be expected to bear the burden of establishing a lack of privilege. Id. at 1161.

A proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality. International Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D.Del.1974). Unless the affidavit is precise to bring the documents within the rule, the Court has no basis on which to weigh the applicability of the claim of privilege. Id. at 94. An improperly asserted claim of privilege is no claim of privilege at all. Id. at 94; see Black v. Sheraton, 371 F.Supp. 97 (D.D.C.1974).

It is incumbent upon one asserting the privilege to make a proper showing that all of the elements of the privilege are present. Id. at 93; see Barr Marine Products Co., 84 F.R.D. at 636; see also, e.g., Weil Ceramics & Glass, Inc. v. Work, 110 F.R.D. 500 (E.D.N.Y.1986). Such a showing is usually by affidavit in which the documents are adequately listed and described. International Paper Co., 63 F.R.D. at 93. In short, a party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described documents within the narrow confines of the privilege. Id.

The attorney-client privilege exists to foster disclosure and communication between the attorney and the client. In re Grand Jury Investigation, 599 F.2d at 1235; see 8 Wigmore on Evidence § 2291, at 545 (1961). Nevertheless, since the privilege obstructs the search for the truth and because its benefits are, at best, "indirect and speculative," it must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." In re Grand Jury Investigation, 599 F.2d at 1235 (citing 8 Wigmore on Evidence, supra at 554); cf. Herbert v. Lando, 99 S.Ct. 1635 (1979) ( "Evidentiary privileges in litigation are not favored.") The responsibility of determining whether the privilege exists rests upon the district court and not upon the lawyer whose client claims the privilege. Duplan Corp., 397 F.Supp. at 1159-60 (citing N.L.R.B. v. Harvey, 349 F.2d 9009 (4th Cir.1965)).

*3 In the present case, plaintiff alleges that she has a legitimate claim of privilege over the documents received through her membership in Norad's Committee of Inspection. Plaintiff argues that the Rehabilitator is a member of the Committee, and that legal advice rendered to the Committee is rendered by the Committee's attorney. See Plaintiff's Surreply at 2. The affidavit of Mr. Milligan-Whyte states, inter alia, that he "was present at the meetings of the Committee of Inspection for Norad" and that he "provided legal advice to the Liquidator and his Committee of Inspection about their joint endeavors." See Affidavit of John Milligan-Whyte.

It is what plaintiff does not say which leads this Court to the conclusion that plaintiff has not met her burden of demonstrating that all of the elements necessary to invoke the attorney-client privilege are present. Although Mr. Milligan-Whyte does state in his affidavit that he was "present at the meetings of the Committee" and that he "provided legal advice," the affidavit does not indicate that the Committee "is or sought to become a client" of Mr. Milligan-Whyte. See United Shoe Mach., 89 F.Supp. at 358-59; see also In re Grand Jury Investigation, supra; Barr Marine Products Co., 84 F.R.D. at 633. Thus, the plaintiff has failed to demonstrate the existence of the

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)  
**(Cite as: 1990 WL 209288 (E.D.Pa.))**

Page 3

first element required to invoke the attorney-client privilege, that is, an attorney-client relationship between Mr. Milligan-Whyte and the Rehabilitator, who was a member of the Norad Committee of Inspection. *See United States v. Swinehart,* 614 F.2d 853, 856 n. 1 (3d Cir.1980), *cert. denied,* 449 U.S. 827 (1980); *In re Grand Jury Investigation, supra; Barr Marine Products Co.,* 84 F.R.D. at 633; *United States v. Schmidt,* 360 F.Supp. 339, 346 (M.D.Pa.1973). Furthermore, even if plaintiff had shown the attorney-client relationship in the present matter, plaintiff does not show *by affidavit* that *the specific documents for which plaintiff seeks to invoke the privilege* contain information which, *inter alia,* was communicated *to Mr. Milligan-Whyte* without the presence of strangers. As stated above, a party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described documents within the narrow confines of the privilege. *See Work, supra.* Since the plaintiff's submitted affidavit is not precise to bring the documents within the rule, this Court has no basis on which to find the applicability of the claim of the privilege. *See International Paper Co.,* 63 F.R.D. at 94. Thus, the plaintiff has not made the requisite showing to this Court in order to invoke the attorney-client privilege.

Moreover, plaintiff cites no authority to support its contention that since the Rehabilitator was a member of the Norad Committee of Inspection, which is not a party in the present case, that the Rehabilitator may invoke the attorney-client privilege in the present proceeding for documents containing information regarding minutes of the meeting of the Norad Committee of Inspection. In any event, plaintiff has not met its burden of demonstrating that the required elements of the attorney-client privilege exist. Plaintiff's objection to Berwind's motion to compel on the basis of the attorney-client privilege is overruled.

*4 Plaintiff also claims that some of the documents requested by Berwind are protected by the work product doctrine. *See* Plaintiff's Brief at 6; Plaintiff's Surreply at 2. However, again, the plaintiff has not demonstrated the existence of the elements necessary to invoke the doctrine.

The purpose of the work product doctrine is to permit the attorney to perform his or her duties without unnecessary interference from opposing parties and their counsel. *Hickman v. Taylor,* 329 U.S. 459, 510 (1947); *Delco Wire & Cable, Inc. v. Weinberger,* 109 F.R.D. 680, 689 (E.D.Pa.1986); *Union Carbide Corp. v. Dow Chem. Co.,* 619 F.Supp. 1036, 1050 (D.Del.1985); *Hercules, Inc. v. Exxon Corp.,* 434 F.Supp. 136, 150-51 (D.Del.1977). The doctrine protects the written record of an attorney's efforts, including statements memoranda, correspondence, briefs, and mental impressions, obtained or prepared by an attorney with an eye toward litigation. *Hickman,* 329 U.S. at 511; *Delco Wire & Cable, supra; Union Carbide, supra.*

The protection given attorney work product, however, is not absolute; certain work product may be subject to compelled production upon a showing of necessity by the party seeking discovery. *Hickman,* 329 U.S. at 511-12; *Delco Wire & Cable,* 109 F.R.D. at 689; *see also Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 592-93 (3d Cir.1984) (discussing the effect of a showing of need on the protection accorded different types of work product).

A party claiming work product protection has the burden of establishing that the material sought to be protected as work product comes within the doctrine. *Conoco Inc. v. United States Department of Justice,* 687 F.2d 724, 730 (3d Cir.1982); *Delco Wire & Cable,* 109 F.R.D. at 689. To establish that the doctrine applies, the party opposing discovery must show, *inter alia,* that the work product it seeks to protect was "prepared or obtained because of the prospect of litigation." *In re Grand Jury Proceedings,* 604 F.2d 798, 803 (3d Cir.1979) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024 at 198 (1970)); *see Delco Wire & Cable,* 109 F.R.D. at 689. Once this is established, the party seeking discovery has the burden of showing substantial need and undue hardship. *Hickman,* 329 U.S. at 512; *Delco Wire & Cable,* 109 F.R.D. at 689; Fed.R.Civ.P. 26(b)(3).

In the present case, plaintiff has not demonstrated that the work product it seeks to protect was "prepared or obtained because of the prospect of litigation." *See In re Grand Jury Proceedings,* 604 F.2d 798, 803 (3d Cir.1979) (emphasis added) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024, at 198 (1970)); *see also Delco Wire & Cable,* 109 F.R.D. at 689. Moreover, plaintiff never responded to Berwind's contention that the documents clearly were not prepared in anticipation of litigation because there *was* no litigation and that "[t]he Norad liquidator specifically decided that litigation against Berwind would be inappropriate." *See* Berwind's Brief at 8. Since plaintiff does not meet its burden of showing that the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)  
**(Cite as: 1990 WL 209288 (E.D.Pa.))**

Page 4

work product doctrine applies in the present matter, plaintiff's objection to Berwind's motion to compel on the basis of the work product doctrine is overruled.

*5 Plaintiff also cites *Eisenberg v. Gagnon*, 766 F.2d 770, 788 (3d Cir.1985), cert. denied, 474 U.S. 946 (1985), to support the existence of a joint defense privilege. However, plaintiff in no way demonstrates that a joint defense privilege is applicable in the present case.

The Court of Appeals for the Third Circuit stated the burden a party must meet in order to show that the joint defense privilege is applicable:

In order to establish the existence of a joint defense privilege, the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.

*In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 126 (3d Cir.1986). In the present case, plaintiff has not demonstrated to this Court that "the communications were made in the course of a joint defense effort" or that "the statements were designed to further the [joint defense] effort." *Id.* at 126. The joint defense privilege is inapplicable in this case.

In her surreply brief, plaintiff for the first time states that "the Norad Liquidator, Chairman of the Committee, is applying to the Bermuda Supreme Court seeking direction on the issue of a public interest privilege under Bermuda law, which will protect all the Committee's documents from disclosure." *See* Plaintiff's Surreply Brief at 3. Plaintiff argues that *should the Bermuda Supreme Court confirm the application of the public interest privilege,* the Rehabilitator, as a Committee member, will also have binding fiduciary duties under Bermuda law, which would prevent it from disclosing the documents at issue. *Id.* at 3.

As of the time of this memorandum and order, plaintiff has not shown that an application has even been submitted to the Bermuda Supreme Court with regard to a public interest privilege under Bermuda law. Furthermore, Berwind has submitted a letter indicating that the Norad liquidator has not yet made, and might not make, any application to the Bermuda court. *See* Letter from Jan Woloniecki to Robin Mayor (November 13, 1990). Moreover, there is a confidentiality stipulation in force that will prevent the public disclosure of these documents or their use for purposes other than this litigation. Plaintiff does not demonstrate that a public interest privilege or any privilege, for that matter, may be invoked in the present matter to prevent the disclosure of discovery.

Request Nos. 4, 5, and 6 of Berwind's Second Request for Production of Documents request documents relating to Norad's liquidation, including communication between Norad's liquidator and the Rehabilitator. Plaintiff objects to these requests on the grounds that documents responsive to these production requests are privileged. However, since plaintiff has not shown the required elements necessary to invoke the privilege, *see infra,* plaintiff's objections are overruled.

With respect to the remaining production requests, plaintiff first argues that "estoppel is not an appropriate defense in this case." [FN2] *See* Plaintiff's Opposition Brief at 8.

*6 Federal Rule of Civil Procedure 26(b)(1) states in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim *or defense of the party seeking discovery* or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Fed.R.Civ.P. 26(b)(1) (emphasis added). Thus, Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. As a result, discovery rules are to be accorded broad and liberal construction. *Buffington v. Gillette Co.*, 101 F.R.D. 400 (W.D.Okla.1980); *see also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, at 124 (M.D.N.C.1989).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00833-KAJ    Document 195-9    Filed 01/27/2006    Page 6 of 9

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)
(Cite as: 1990 WL 209288 (E.D.Pa.))

Page 5

While the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, see *Centurion Indus. Inc. v. Warren Steurer and Associates*, 665 F.2d 323, at 326 (10th Cir.1981); *Bailey v. Meister Brau, Inc.*, 55 F.R.D. 211 (N.D.Ill.1972), it is not without limits. See *Broadway & Ninety-Sixth St. Realty Co. v. Loew's, Inc.*, 21 F.R.D. 347 (S.D.N.Y.1958). The facts and circumstances of a case determine and limit the relevancy of information sought in discovery. *Continental Access Control Systems, Inc. v. Racal-Vikonics, Inc.*, 101 F.R.D. 418 (E.D.Pa.1983); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 61 (E.D.Pa.1979). However, where there is doubt over relevance, the rule indicates that the court should be permissive. *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, at 556 (7th Cir.1984)). [FN3] Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, see *Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y.1973), the determination of relevance is within the district court's discretion. *O'Neal v. Riceland Foods*, 684 F.2d 577 (8th Cir.1982); *Stewart v. Winter*, 669 F.2d 328 (5th Cir.1982); *Bowman v. General Motors Corp.*, 64 F.R.D. 62 (E.D.Pa.1974).

Given the broad and liberal construction which the discovery rules are to be accorded, see *Buffington, supra; Marker*, 125 F.R.D. at 124, and given the Court's discretion to determine relevance, see *O'Neal, supra; Stewart, supra; Bowman, supra,* this Court finds that Request Nos. 1, 2, 9, 13-15, 18-21, and 23 are relevant. Although plaintiff expresses its opinion that "[e]stoppel is not an *appropriate* defense in this case," see Plaintiff's Brief at 14 (emphasis added), the question presented to this Court in the present matter is whether the information sought by Berwind by the document requests in question is relevant to the claim or defense of either party. [FN4] Furthermore, although plaintiff argues the merits of Berwind's defense, see, e.g., Plaintiff's Opposition Brief at 10-13, it is the *relevancy* of the production requests as they relate to the claims and defenses in this case which are at issue in the present matter. See Fed.R.Civ.P. 26(b)(1); see also *Sanders, supra*. Therefore, plaintiff's argument on the "appropriateness" of Berwind's defense must fail at this point in the proceedings.

*7 Plaintiff also argues that because Norad's financial obligations have already been determined in previous litigation, Berwind's defenses with respect to damages are moot. See Plaintiff's Opposition Brief at 14. [FN5]

This Court has previously stated: "Before the doctrine of *res judicata* can apply there must be (1) a final judgment on the merits of a cause of action; (2) in a suit between the same parties; and (3) a second suit involving the same cause of action." *Borough of Lansdale v. Philadelphia Elec. Co.*, 517 F.Supp. 218, 222 (E.D.Pa.1981); *Sims v. Mack Trucks, Inc.*, 463 F.Supp. 1068, 1069 (E.D.Pa.1979).

The present case is not "a second suit involving the same cause of action." *Philadelphia Elec. Co.*, 517 F.Supp. at 222. In describing the scope of the arbitrators' decision, the Court of Appeals for the Third Circuit stated:

[N]either arbitration settlement in any way purported to quantify the amount of money due and owing or to settle the question of the accuracy of Mutual's books and records. Moreover, examining the issues submitted to the arbitrators in this case, we conclude that the arbitrators were neither asked to quantify the amount of money owing nor to pass upon the accuracy of Mutual's books and records.

*Mutual Fire, Marine & Inland Insurance Company v. Norad Reinsurance Co.*, 868 F.2d 52, 58 (3d Cir.1989). Since discovery regarding Mutual Fire's accounting controls and procedures is relevant with respect to challenging the accuracy of any damage figures put forward by Mutual Fire, and since the accuracy of Mutual Fire's books and records was not at issue in the previous arbitration, see *id*. at 58, the doctrine of *res judicata* does not apply.

Additionally, although the arbitrators' decision involved the Companion Line Treaty, in the present action Berwind's liability with respect to two other treaties are at issue. Clearly, the arbitrators' decision and the present action do not involve "the same cause of action" for purposes of *res judicata*. See *Philadelphia Elec. Co., supra*.

Berwind also requests the Court to compel Mutual Fire to produce documents related to Peat, Marwick audits of Mutual Fire (Request No. 1), setting of loss reserves (Request Nos. 9, 10 and 12) and calculation of damages (Request Nos. 3, 11 and 22). Plaintiff, however, claims that the documents responsive to these requests have already been produced or are available for inspection. See Plaintiff Opposition Brief at 16-17. To the extent that any documents responsive to these requests have not been produced,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)
**(Cite as: 1990 WL 209288 (E.D.Pa.))**

plaintiff is ordered to produce them to Berwind.

Finally, Berwind requests that this Court compel plaintiff to produce documents furnished at the deposition of Jerome T. Witkowski, a former employee and officer of Mutual Fire. In the course of Mr. Witkowski's deposition, which occurred on October 2, 1990, he referred to a set of documents that he had reviewed prior to his deposition. *Id.* at 4. During a brief recess, Mr. Witkowski had the documents delivered to the deposition, and Mr. Witkowski and his attorney examined the documents. [FN6] Mr. Witkowski's attorney declined to produce the documents to Berwind at the time of the deposition, and produced the documents to the plaintiff's counsel for his review and subsequent production to Berwind, if appropriate. *See* Declaration of Douglas F. Johnson at ¶ 5 (attached to Plaintiff's Opposition Brief as "Exhibit E").

*8 Approximately two days after the deposition took place, plaintiff's counsel, after reviewing the documents produced at Mr. Witkowski's deposition, sent a letter to Berwind's counsel stating the following: "Those documents were originally produced not to Mr. Witkowski but to his attorney subject to a strict confidentiality agreement which barred their use for any purpose other then for the officers and directors litigation. The Rehabilitator, therefore, will not produce the subject documents." [FN7] *See* Letter from Adam G. Garson to Mary A. McLaughlin, Esquire (October 4, 1990) (attached to Berwind's Memorandum in Support of Its Motion as "Exhibit D"). Plaintiff's counsel further stated, "the documents produced by Mr. Witkowski were previously reviewed by Mutual Fire in response to Berwind's original document request of December 1989. As a result of that review, Mutual Fire has already produced any relevant and nonprivileged documents contained among them." *See id.*

Plaintiff states that "[t]he Rehabilitator refused to produce the documents to Berwind because they were originally provided to Mr. Johnson, not Mr. Witkowski, and because they were subject to a Confidentiality Agreement which would have barred either Mr. Witkowski or Mr. Johnson from producing them." *See* Plaintiff's Opposition Brief at 19.

With respect to plaintiff's objection to producing the documents "because they were originally provided to Mr. Johnson, not Mr. Witkowski", *see id.* at 19, plaintiff's objection is overruled. The subpoena *duces tecum* that was served on Mr. Witkowski called for documents relating to Mutual Fire, Norad, Berwind, or the treaties at issue in this litigation. Berwind's Memorandum in Support of Its Motion at 4. Since the documents in question were in Mr. Witkowski's possession at the time of his deposition, the production of these documents was required, pursuant to the subpoena *duces tecum,* to the extent that any of the documents were described in the subpoena *duces tecum.* [FN8]

Plaintiff also objects to producing the documents "because they were subject to a Confidentiality Agreement which would have barred either Mr. Witkowski or Mr. Johnson from producing them." *See* Plaintiff's Opposition Brief at 19. Plaintiff argues that although confidential information is discoverable, once confidentiality has been established it is Berwind's burden to establish that disclosure is relevant and necessary. *See* Plaintiff's Surreply at 8 (citing *Centurion Indus., Inc. v. Warren Steurer and Associates,* 665 F.2d 323 (10th Cir.1981); *Coca-Cola Bottling Co. v. Coca-Cola Co.,* 107 F.R.D. 288 (D.Del.1985)).

The cases cited by plaintiff do not support the contention that this Court should deny Berwind's motion to compel discovery with respect to the relevant documents which had been in Mr. Witkowski's possession. *Centurion Industries* and *Coca-Cola Bottling* are distinguishable from the present action since the primary issue in those cases was whether or not specific *trade secrets* were discoverable. In the present case, plaintiff does not allege that any trade secrets exist; rather, plaintiff alleges the confidentiality of information pursuant to a confidential agreement entered into during another independent lawsuit. Significantly, the cases cited by plaintiff resolved the issue of whether or not to protect information from disclosure by determining whether a *protective order* should be issued.

*9 "[N]o absolute privilege protects confidential information from disclosure through the discovery process." *Diamond Crystal Salt Co. v. Package Masters, Inc.,* 319 F.Supp. 911, 912 (D.Del.1970); *see Federal Open Mkt. Comm. v. Merrill,* 443 U.S. 340, 362 (1979) (quoting 8 C. Wright & A. Miller Federal Practice and Procedure, § 2043 at 300 (1970)); *Centurion Indus.,* 665 F.2d at 325; *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993, 999 (10th Cir.), *cert. denied,* 380 U.S. 964 (1965); *see Coca-Cola Bottling,* 107 F.R.D. at 292. "If the information is relevant to an issue in the action and is needed to resolve that issue, disclosure will be required subject, of course, to an appropriate protective order." [FN9] *Package Masters,* 319

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                Page 7
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)
**(Cite as: 1990 WL 209288 (E.D.Pa.))**

F.Supp. at 912; *see also United States v. National Steel Corp.*, 26 F.R.D. 603 (S.D.Tx.1960).

Furthermore, a party seeking a protective order must show "good cause." Fed.R.Civ.P. 26(c); *Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir.1989); *see SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244 (3d Cir.1985). In *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335 (3d Cir.), *cert. denied*, 108 S.Ct. 487 (1987), the United States Court of Appeals for the Third Circuit reiterated the standard for "good cause" under Rule 26(c):

the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test ... Moreover, the harm must be significant, not a mere trifle.

*Id.* at 343 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976 (1987)); *DeFilice v. Consolidated Rail Corp.*, 124 F.R.D. 603, 604 (W.D.Pa.1989); *see United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C.1981).

In the present case, plaintiff did not file a motion for a protective order. In any event, "good cause" has not been shown by plaintiff to justify protection from disclosure. *See Cipollone, supra; DeFilice*, 124 F.R.D. at 604; *see Exxon Corp.*, 94 F.R.D. at 251.

Plaintiff's counsel states that all relevant documents have already been produced in response to Berwind's original document request of December of 1989. However, in the event that there are documents yet unproduced which are responsive to the subpoena *duces tecum*, plaintiff is ordered to produce those to Berwind.

An appropriate order follows.

### ORDER
AND NOW, this 10th day of December, 1990, after careful consideration of defendant's Motion to Compel the Production of Documents Requested in Berwind's Second Request for Production of Documents, plaintiff's opposition thereto, defendant's reply memorandum, plaintiff's surreply memorandum, and defendant's sur-surreply memorandum, it is hereby ORDERED that defendant's motion is GRANTED and that the plaintiff is ORDERED to produce the following documents to the defendant:

1. all documents responsive to Requests 4, 5, and 6 (documents relating to Norad's liquidation).

*10 2. all documents relating to the lawsuit brought against Peat Marwick Main & Co. by Mutual Fire, including work papers generated by Peat Marwick in connection with its audits of the plaintiff's financial statements.

3. all documents relating to loss reserves with respect to the three treaties that are the subject of the Complaint.

4. all documents responsive to Request Nos. 3 and 22 and documents responsive to Request 11 that relate to the three treaties that are the subject of the Complaint.

5. all documents responsive to Request Nos. 18, 20, 21, and 23 (documents relating to the relationship between Mutual Fire and its subsidiaries).

6. All documents responsive to Request No. 14 (commutation agreements).

7. All documents relating to the performance of Mutual Fire's officers, directors, and agents in connection with the three treaties that are the subject of the Complaint, including but not limited to documents relating to litigation brought against Mutual Fire's officers, directors, or agents.

8. All documents taken by Mutual Fire from third-party witness Jerome T. Witkowski.

> FN1. For each of the documents which Berwind claims is privileged, Berwind gives the addressee, the author, the date, the number of pages, a description of the document, and the basis for the claim of privilege.
>
> FN2. Plaintiff specifically applies this objection to Request Nos. 1, 2, 9, 13-15, 18-21, and 23. *See* Plaintiff's Opposition Brief at 8.
>
> FN3. "[T]he Federal Rules 'permit the broadest possible scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case.' " *Heat and Control, Inc.*, 785 F.2d at 1024 (Citations

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)  
**(Cite as: 1990 WL 209288 (E.D.Pa.))**

Page 8

omitted).

FN4. Contrary to what plaintiff seems to be suggesting, it would not be appropriate for this Court to tell Berwind which defenses or trial trategy it should or should not use at trial.

FN5. In previous proceedings between Mutual Fire and Norad, an arbitration panel considered Norad's defenses and decided the issues in Mutual Fire's favor. *See* Plaintiff's Brief at 15. The Honorable James McGirr Kelly, United States District Court Judge, confirmed the panel's decision, *see Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.,* No. 86-1034, slip op. (June 27, 1988), and Judge Kelly's decision was affirmed by the Third Circuit Court of Appeals. *Mutual Fire, Marine & Inland Insurance Co. v. Norad Reinsurance Co.,* No. 88-1743, slip op. (January 24, 1989).

FN6. The documents consisted of five unredacted binders of the minutes of meetings of the Mutual Fire Board of Directors and various Mutual Fire management committees. Declaration of Douglas F. Johnson at ¶ 4.

FN7. The documents were produced to Mr. Witkowki's attorney by the Rehabilitator under a Confidentiality Agreement in an independent lawsuit. See Declaration of Douglas F. Johnson at ¶ 7. According to paragraph 2 of the Confidentiality agreement, the documents are to be used "solely for the purposes of preparation for the interviews conducted by the Rehabilitator's counsel, or in any action against the former officers and directors, and for no other purpose whatsoever." Id. at ¶ 7; see Confidentiality Agreement at ¶ 2 (attached to Declaration of Douglas F. Johnson as "Exhibit B").

FN8. As Berwind correctly points out in its reply brief, the fact that Mr. Witkowski later gave the documents to his attorney does not immunize the documents from production. A party cannot avoid producing documents by placing them in the hands of his attorney. *See In re Ruppert,* 309 F.2d 97, 98 (6th Cir.1962); *Humphries v. Pennsylvania R.R. Co.,* 14 F.R.D. 177, 178 (N.D.Ohio 1953); *Bifferato v. States Marine Corp.,* 11 F.R.D. 44, 46 (S.D.N.Y.1951); *Marron v. Atlantic Refining Co.,* 7 F.R.D. 661 (E.D.Pa.1947).

FN9. In the present case, the parties have signed a Confidentiality Stipulation providing that information discovered in this case will be used only for purposes of this litigation and will not be disclosed to third parties. *See* Confidentiality Stipulation (attached to Berwind's Reply Brief as "Exhibit C"); Berwind's Reply Brief at 21.

Not Reported in F.Supp., 1990 WL 209288 (E.D.Pa.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.