EXHIBIT E

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

**David R. Baum**
212.768.6925
dbaum@sonnenschein.com

February 17, 2006

<u>VIA FACSIMILE</u>

Joshua R. Rich, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

    Re:   <u>Pharmacia & Upjohn Co. v. Sicor</u>, 04 Civ 833 (KAJ)

Dear Joshua:

    As you know, Sicor previously requested the production by Pharmacia of all documents concerning licenses for idarubicin and all other Pharmacia oncology products. At the deposition of John McBride on February 16, 2006, we learned that Pharmacia has a license for its drug 5-Azacytidine, which has not been produced. We request the immediate production of all documents pertaining to that license, and reiterate our request that Pharmacia produce all other documents concerning licenses for other Pharmacia oncology products.

              Very truly yours,

              David R. Baum

DRB/fd
cc:   Reid Ashinoff
       Jordan A. Sigale



QUALITY • DEDICATION • INTEGRITY
Y E A R S
2 0 0 6

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC, )
                                  )
                Plaintiff,        )
                                  )
        v.                        )    C.A. No. 04-833-KAJ
                                  )
SICOR INC. and SICOR              )
PHARMACEUTICALS, INC.,            )
                                  )
                Defendants.       )

**<u>NOTICE OF SUBPOENA DIRECTED TO JOHN MCBRIDE</u>**

PLEASE TAKE NOTICE that SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively

"Sicor") will serve the attached subpoena upon John McBride, Gloucester Pharmaceuticals, One

Broadway, 9th Floor, Cambridge, MA 02142.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: October 25, 2005
162813 v1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### For The  District of Massachusetts

PHARMACIA & UPJOHN COMPANY, LLC,
        Plaintiff,

v.

SICOR INC. and SICOR PHARMACEUTICALS, INC.,
        Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:    **C.A. No. 04-833-KAJ**
                            **Pending in District of Delaware**

TO:    **John McBride**
        **Gloucester Pharmaceuticals**
        **One Broadway, 9th Floor**
        **Cambridge, MA 02142**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

**X** YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Goodwin Procter LLP**<br>**Exchange Place**<br>**53 State Street**<br>**Boston, MA 02109**<br>**Tel: (617) 570-8770** | **November 18, 2005 (11 a.m.)** |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Schedule A (attached hereto)**

| PLACE | DATE AND TIME |
|---|---|
| **Goodwin Procter LLP**<br>**Exchange Place**<br>**53 State Street**<br>**Boston, MA 02109**<br>**Tel: (617) 570-8770** | **November 8, 2005 (11 a.m.)** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>**October 25, 2005** |
|---|---|
| *[signature: Steven J. Balick]* |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Steven J. Balick, Esq.**
**Ashby & Geddes, P.A.**
**222 Delaware Avenue, 17th Floor**
**P.O. Box 1150**
**Wilmington, DE 19899**
**(302) 654-1888**      (Counsel for Defendant Sicor)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

| DECLARATION OF SERVER | |
|---|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct. | |
| Executed on _____ | |
| DATE | SIGNATURE OF SERVER |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where

that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state In which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

-2-

## SCHEDULE A

**In relation to the following document requests:**

A.    In the event that any document requested herein is withheld based on a claim of privilege, set forth with respect to each document so withheld: (1) the type and nature of the document, (2) the subject matter of the document, (3) the date of the document, (4) the name and position of each author of the document; (5) the name and position of each recipient or addressee of the document or a copy thereof, (6) the present location and custodian of the document, (7) the grounds for the claim of privilege, and (8) the paragraph number of the request to which the document is responsive.

B.    With respect to each document requested that has been lost, destroyed or otherwise disposed of since its preparation or receipt, set forth with respect to each such document: (1) the type and nature of the document, (2) the subject matter of the document, (3) the date or approximate date of the document, (4) the name and position of each author; (5) the name and position of each recipient or addressee of the document or a copy thereof, (6) the time when and the circumstances under which the document was lost, destroyed, or otherwise disposed of, including the name of the person who directed that the document be disposed of or destroyed, (7) the name, position and address of the last known custodian of the document or a copy thereof, and (8) the paragraph number of the request to which the document would have been responsive.

C.    Documents shall be produced either (1) in the manner and file in which they are currently being retained, or (2) in separate files organized in accordance with this document request.

D.    No part of a request should be left unanswered because an objection is interposed to another part of the request.

E.    These requests are continuing in nature.  If at any time prior to the trial of this action you obtain additional documents responsive to any of these requests, you shall seasonably serve upon the undersigned amended and supplemental responses.

F.    Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purposes of limitation.

G.    The singular and masculine form of any noun or pronoun shall embrace, and be read and applied as embracing the plural, the feminine and the neuter, except where context clearly makes it inappropriate.

H.    "And" as well as "or" shall be construed either as disjunctive or conjunctive so as to bring within the scope of the Request any documents that might otherwise be construed to be outside the scope of the Request.

I.    "Refer" or "relate" means to include, mention, define, explain or pertain to in any way, expressly or impliedly, the matter called for.

J.     "Document" or "Documents" shall have the broadest possible meaning pursuant to the Federal Rules of Evidence, including, but not limited to, tangible objects and records and includes, without limitation, correspondence, communications, computer printouts, data on computers or computer diskettes of any nature (e.g., whether hard drive, floppy disks, CD-ROMS or DVDS), including e-mail communications, reports, memoranda (internal and otherwise) and/or records of conversations, audio and video tape recordings, diaries, calendars, scheduling books, notes, notebooks, drafts, contracts, agreements, invoices, checks, deposit slips, and all other tangible or intangible written or printed or otherwise recorded material of whatever kind known to be in your possession, custody or control and of anyone under your control including any or all persons or entities acting on your behalf at your direction.

K.     "Communication" means any written, oral or mechanical transmittal of information (in the form of facts, ideas, opinions, thoughts, inquiries or otherwise) including, but not limited to, correspondence, memoranda, notes, telexes, telephone conversations, computerized e-mail, in-person meetings, and any written documents relating to any such communications.

L.     "Person" as used herein means natural persons, as well as corporations, partnerships, joint ventures, and all other forms of organization or association.

M.     "Product" shall include a commercially available product as well as any experimental or developmental predecessor of a commercially available product, any abandoned experimental or developmental composition, and any experimental or developmental future product.

N.     "Sale" or "sold" shall mean the transfer of ownership, possession or control from one person or entity to another with or without monetary consideration and shall include any offer or sale, transfer of ownership, possession or control.

O.     "PNU" or "Pharmacia" shall mean Pharmacia & Upjohn Company and its subsidiaries, affiliates, predecessor companies or controlled companies, and any of those companies' officers, directors, employees, attorneys, agents, independent contractors or other persons acting or purporting to act on its behalf.

P.     "Sicor" shall mean SICOR, Inc. and Sicor Pharmaceuticals, Inc. and each of their respective subsidiaries, affiliates, predecessor companies or controlled companies, and any of those companies' officers, directors, employees, attorneys, agents, independent contractors or other persons acting or purporting to act on their behalf.

Q.     The "'285 Patent" shall mean U.S. Patent No. 6,107,285 entitled "Injectible Ready-To-Use Solutions Containing an Antitumor Anthracycline Glycoside."

R.     "Idarubicin" shall mean all drugs containing Idarubicin HCI alone or as an active ingredient.

**The subjects of inquiry for the production of documents include:**

1.      All documents concerning any and all patents or oncology products sold, licensed, or offered for sale or license at any time by PNU to Sicor or other individual or entity, including without limitation all communications between or among you, Fred Hassan, Carrie Cox, Timothy Ruane, Marvin Samson, Craig Lea, Carlo Salvi, and any other officers, representatives or employees of PNU or Sicor.

2.      All documents concerning the '285 Patent or any idarubicin product manufactured, marketed or sold by PNU or Sicor, including without limitation all communications between or among you, Fred Hassan, Carrie Cox, Timothy Ruane, Marvin Samson, Craig Lea, Carlo Salvi, and any other officers, representatives or employees of PNU or Sicor.

3.      All documents concerning any valuations by PNU or any other person or entity of any patents or oncology products sold, licensed, or offered for sale or license at any time by PNU to Sicor.

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2005, the attached **NOTICE OF**

**SUBPOENA DIRECTED TO JOHN MCBRIDE** was served upon the below-named counsel

of record at the address and in the manner indicated:


Jack B. Blumenfeld, Esquire                                HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joshua R. Rich, Esquire                                    VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606



Steven J. Balick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, )
)
Plaintiff, )
)
v. )
) C.A. No. 04-833-KAJ
SICOR INC. and SICOR )
PHARMACEUTICALS, INC., )
)
Defendants. )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 25th day of October, 2005, a **NOTICE OF**

**SUBPOENA DIRECTED TO JOHN MCBRIDE** was served upon the following counsel of

record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                              VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

ASHBY & GEDDES

/s/ *Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Michael S. Gugig
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Francis C. Lynch
Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Dated: October 25, 2005
149886.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 25th day of October, 2005, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:


Jack B. Blumenfeld, Esquire                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


Joshua R. Rich, Esquire                    <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606


                                        /s/ *Steven J. Balick*
                                        _____
                                        Steven J. Balick

EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>SICOR, INC. and SICOR )<br>PHARMACEUTICALS, INC., )<br><br>Defendants. )<br> ) | CIVIL ACTION NO. 04-833<br><br>**INITIAL DISCLOSURES**<br>**PURSUANT TO F.R.C.P. RULE 26(a)** |

Defendants SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") by their undersigned attorneys make the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Rule 26").

### PRELIMINARY STATEMENT

Rules 26 requires the disclosure of the existence of documents and identification of individuals that the disclosing party "may use to support its claims and defenses, unless solely for impeachment." In accordance with the above requirements, and without waiver of the attorney-client privilege or any other applicable privilege or doctrine, Sicor makes the following disclosures to the best of its current knowledge and ability.

Sicor is continuing its investigation and evaluation of the claims and defenses asserted in this lawsuit. Accordingly, Sicor reserves the right to supplement these disclosures with additional information or documents should it be determined that it anticipates using additional documents in support of its claims and defenses. Additionally, this identification of

documents is made without any prejudice to the Sicor's subsequent objection to the production or introduction into evidence of such documents.

### F.R.C.P. RULE 26(a) DISCLOSURES

I.      Individuals

Sicor identifies the following individuals in no particular order currently known to them as likely to have discoverable information that Sicor may use to support its claims and defenses in this action.

| NAME | LAST KNOWN ADDRESS | TOPIC |
|---|---|---|
| Gaetano Gatti | Sesto San Giovanni, Italy | Non-infringement, invalidity and unenforceability |
| Diego Oldani | Robecco sul Naviglio, Italy | Non-infringement, invalidity and unenforceability |
| Giuseppe Bottoni | Bergamo, Italy | Non-infringement, invalidity and unenforceability |
| Carlo Confalonieri | Cusano Milanino, Italy | Non-infringement, invalidity and unenforceability |
| Luciano Gambini | Cornaredo, Italy | Non-infringement, invalidity and unenforceability |
| Roberto De Ponti | Milan, Italy | Non-infringement, invalidity and unenforceability |
| Richard D. Kelly | Oblon, Spivak, McClelland, Maier & Neustadt, P.C. 1940 Duke Street Alexandria, VA  22314 (703) 413-3000 | Non-infringement, invalidity and unenforceability |
| Norman F. Olbon | Oblon, Spivak, McClelland, Maier & Neustadt, P.C. 1940 Duke Street Alexandria, VA  22314 (703) 413-3000 | Non-infringement, invalidity and unenforceability |
| Daniel Boehnen | McDonnell, Boehnen, Hulbert & Berghoff 300 South Wacker Drive | Non-infringement, invalidity and unenforceability |

- 2 -

| | Chicago, IL  60606<br>(312) 913-0001 | |
|---|---|---|
| Emily Miao | McDonnell, Boehnen, Hulbert &<br>Berghoff<br>300 South Wacker Drive<br>Chicago, IL  60606<br>(312) 913-0001 | Non-infringement,<br>invalidity and<br>unenforceability |
| Jeremey E. Noe | McDonnell, Boehnen, Hulbert &<br>Berghoff<br>300 South Wacker Drive<br>Chicago, IL  60606<br>(312) 913-0001 | Non-infringement,<br>invalidity and<br>unenforceability |
| John J McDonnell | McDonnell, Boehnen, Hulbert &<br>Berghoff<br>300 South Wacker Drive<br>Chicago, IL  60606<br>(312) 913-0001 | Non-infringement,<br>invalidity and<br>unenforceability |
| William J Dana | Houston, Texas | Invalidity and<br>unenforceability |
| Marry Horstman | Des Moines, Iowa | Invalidity and<br>unenforceability |
| Debra Holton-Smith | Newtown, Connecticut | Invalidity and<br>unenforceability |
| Timothy Ruane | ILEX Oncology, Inc.<br>4545 Horizon Hill Blvd.<br>San Antonio, TX  78229-2263<br>(210) 949-8200 | Estoppel and laches |
| John McBride | Gloucester Pharmaceuticals<br>One Broadway, 9th Floor<br>Cambridge, MA  02142<br>(617) 583-1366 | Estoppel and laches |
| Fred Hassan | Schering-Plough Corp.<br>200 Galloping Hill Road<br>Kenilworth, NJ  07033-0530<br>(908) 298-4000 | Estoppel and laches |
| Carrie Cox | Schering-Plough Corp.<br>200 Galloping Hill Road<br>Kenilworth, NJ  07033-0530<br>(908) 298-4000 | Estoppel and laches |

II.    <u>Documents</u>

Sicor hereby identifies the following classes of documents in its possession,

custody or control that Sicor may use to support its claims and defenses in this action: (i) United

States Patent No. 6,107,285 (the "'285 Patent") and its file history; (ii) Sicor's Abbreviated New

- 3 -

Drug Application for Idarubicin HC1; and (iii) published articles, patents and other prior art references relating to the subject matter claimed in the '285 Patent.

III.    Damages

Sicor seeks its reasonable attorney's fees and costs in defending the infringement claims in this action.

IV.    Insurance Agreement

Sicor is unaware of any insurance coverage pertaining to this action.

Dated: New York, New York
          November 9, 2004

SONNENSCHEIN NATH & ROSENTHAL LLP

Reid Ashinoff
Brian Moriarty
David R. Baum
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

-and-

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

- 4 -

EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC    )
                                   )
                    Plaintiff,     )
                                   )
            v.                     )    C.A. No. 04-833-KAJ
                                   )
SICOR INC. and SICOR               )
PHARMACEUTICALS, INC.,             )
                                   )
                    Defendants.    )

## DEFENDANTS' THIRD REQUEST FOR
## PRODUCTION OF DOCUMENTS BY PLAINTIFF

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 34, Defendants

SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") request Plaintiff Pharmacia &

Upjohn Company ("Pharmacia" or "Plaintiff") to produce, for the purpose of inspection and

copying by Sicor, the documents and things described in this request in their possession, custody

or control within thirty (30) days of the service date hereof at the offices of Sicor's attorneys,

Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, New York

10020.

### Instructions and Definitions

The instructions and definitions set forth in Defendants' First Request for Production of

Documents by Plaintiff are incorporated as if set forth fully herein.

### Request For Production

121.    All documents concerning the expert report of Gregory K. Bell ("Bell")

(the "Pharmacia Expert Damage Report") including, without limitation, all notes, drafts, outlines,

memos, charts, calculations, communications, and interview transcripts or notes, and, including,

without limitation, all documents concerning the schedules attached to the Pharmacia Expert
Damage Report.

122.    All documents concerning any and all communications between or among
Bell, Brian Anderson, Maria Bernardo, Leena Das-Young, Stuart Greenberg, Peter Laivins,
Meredith Manning, Howard Meyer, Bradley Winter, and any other representatives or employees
of Greg Bell and any other person who was interviewed for or assisted in any way with
Pharmacia's Expert Damage Report.

123.    Copies of all prior testimony, expert reports, depositions, and
presentations of Bell, including without exception, all such documents listed on pages 3 - 9 of
Bell's *curriculum vitae.*

124.    All documents concerning the comparative advantages, if any, between
the powder, liquid, and/or pill forms of idarubicin.

125.    All documents concerning any and all patents or oncology products sold,
licensed, or offered for sale or license at any time by Pharmacia to Sicor, including without
limitation, all valuations by Pharmacia or any other person or entity of those patents or oncology
products, and, including without limitation, doxorubicin and/or idarubicin.

126.    All documents concerning the statement in paragraph 20 of the Pharmacia
Expert Damage Report that Pharmacia "curtailed the U.S. Promotion of the Idamycin PFS."

127.    All documents concerning the statement in paragraph 20 of the Pharmacia
Expert Damage Report that Pharmacia or Pfizer would have continued to market idarubicin but
for the entrance of a competing generic in the marketplace.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  September 23, 2005
161709.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2005, the attached **DEFENDANTS'**

**THIRD REQUEST FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF** was served

upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

John G. Day

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2005, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the address and in the manner indicated:


Jack B. Blumenfeld, Esquire                                HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


Joshua R. Rich, Esquire                                    VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606


/s/ *John G. Day*

John G. Day

149886.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-833-KAJ |
| SICOR INC. and SICOR | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 23rd day of September, 2005,

**DEFENDANTS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS BY**

**PLAINTIFF** was served upon the following counsel of record at the address and in the manner

indicated:

Jack B. Blumenfeld, Esquire                                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                                    VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Michael S. Gugig
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Francis C. Lynch
Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100

Dated:  September 23, 2005
149886.1