# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 10, 2006

BY ELECTRONIC FILING

The Honorable Kent A. Jordan  **REDACTED VERSION**
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    Pharmacia & Upjohn Co., LLC v. Sicor Inc., et al.,
           C.A. No. 04-833-KAJ

Dear Judge Jordan:

    We write on behalf of defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") to advise the Court that Sicor seeks a determination that the document marked as Defendants' Exhibit 106 ("Exhibit 106") in a recent deposition is not privileged. Sicor had this document a decade before this litigation began -- Upjohn Company ("Upjohn") provided it in the regular course of business to Sicor's predecessor. Upjohn has since merged into defendant Pharmacia & Upjohn Company ("Pharmacia"), which now asserts a privilege over Exhibit 106.[1]

    **A.**    **Upjohn Gave Exhibit 106 To Sicor's Predecessor For Business Reasons**

    Delta West Pty. Ltd. ("Delta West") was in the 1990's an Australian generic drug company owned by Upjohn. Delta West manufactured and sold doxorubicin to Sicor's predecessor, Gensia, Inc. ("Gensia"), pursuant to an exclusive distribution agreement. However, in 1994, Delta West was engaged in an Australian patent infringement suit brought by Pharmacia's predecessor, Farmitalia Carlo Erba S.r.L ("FCE"), which accused Delta West of infringing FCE's doxorubicin patent (FCE's doxorubicin patent is a foreign counterpart to one or more parent applications to the patent-in-suit, and contains the same specifications). Wesley Fach, Gensia's then in-house counsel (and Sicor's current general counsel), had expressed concern to Delta West about whether the Australian patent dispute would affect Delta West's ability to supply doxorubicin to Gensia.

**REDACTED**

---

[1]    The timing of this letter request was negotiated between counsel, and Pharmacia's counsel has agreed to attach Exhibit 106 (under seal) to its response to this letter.

The Honorable Kent A. Jordan
March 10, 2006
Page 2

**REDACTED**

B. **Exhibit 106 Sets Forth Upjohn's Conclusion**

**REDACTED**

Exhibit 106 is a May 25, 1993 memo authored by Larry T. Welch when he was in-house patent counsel and director of worldwide patents for Upjohn, before Upjohn merged with Pharmacia.

**REDACTED**

Sicor showed Exhibit 106 to Mr. Welch during his February 9, 2006 deposition in this case. Despite Delta West's voluntary disclosure to Gensia of Mr. Welch's memo and the Australian legal opinion, Pharmacia objected to its introduction on privilege grounds. Per the parties' agreement, Sicor questioned Mr. Welch about Exhibit 106, with that line of questioning being set forth in a separate transcript. The parties also agreed that Sicor would have 30 days to seek guidance from this Court concerning the status of Exhibit 106. (Ex. A at 64-66; Ex. B).

C. **Gensia Waived Any Privilege That May Have Existed Over Exhibit 106**

Pharmacia has not yet fully explained the basis for its privilege claim, but we expect that it may assert the attorney-client privilege, work product doctrine and/or common interest "privilege" over Exhibit 106. Sicor reserves its right to reply in writing to any arguments Pharmacia raises in response to this letter. Following is a brief statement of Sicor's position that Exhibit 106 is not privileged as it pertains to this lawsuit.[2]

To the extent Exhibit 106 was at some point privileged, the privilege was waived when Upjohn sent the document to Gensia many years before this lawsuit commenced. *Westinghouse Elec. Corp. v. Republic of Phil.*, 92 F.2d 1414, 1425 (3d Cir. 1991) (attorney-client privilege is waived when a communication is disclosed to a third party unless such disclosure is to obtain legal advice). Pharmacia cannot seriously argue that Upjohn or Delta West sought legal advice from Gensia. Nor can Pharmacia claim work product protection, which was also waived -- to the extent it existed at all -- when Upjohn turned Exhibit 106 over to Gensia. *See id.* at 1428-31 (when a disclosure is made to a non-adversary, the court should look to whether the circumstances surrounding disclosure evidenced a disregard of the possibility that an adversary might obtain the protected materials); *In re Diet Drugs Products Liab. Litig.*, MDL Docket No.

---

[2] In this federal question case, federal privilege law governs, and Pharmacia -- as the party asserting the privilege -- must prove its applicability. *See WM. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 103 (3d Cir. 1982); *In re Bevill*, 805 F.2d 120, 126 (3d Cir. 1986).

The Honorable Kent A. Jordan
March 10, 2006
Page 3

1203, 2001 WL 34133955, at *5 (E.D. Pa. April 19, 2001) (work product may be waived if disclosure substantially increases the opportunity for potential adversaries to obtain the information) (citation omitted). Here, Upjohn's deliberate disclosure to Gensia, did, as a matter of fact, result in the document coming into the control of an adversary. This constitutes a waiver with respect to Gensia (and its successor Sicor). *See In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 573 (E.D. Pa. 1989) (waiver doctrine applies in action brought by successor-in-interest).

### D. The Common Interest Doctrine Is Not Applicable

Pharmacia has suggested that when Exhibit 106 was shared with Gensia, it was subject to a common interest privilege. (Ex. A, p. 59-61). There is no evidence to support this. The common interest doctrine does not provide an independent basis for a privilege. *Cavallaro v. U.S.*, 284 F.3d 236, 250 (1st Cir. 2002). Instead, it permits a party, under narrow circumstances, to share a privileged document with a third-party without waiving the privilege. *Diet Drugs*, 2001 WL 34133955, at *5-6. But, "it is not enough merely to show [that the parties] had interests in common." *Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 415-16 (S.D.N.Y. 2004) (citation omitted). To invoke the doctrine, Pharmacia must prove the existence of an *agreement* "embodying a cooperative and common enterprise toward an *identical legal strategy*." *Id.* (emphasis added). Sicor is unaware of any evidence suggesting an agreement as to a common legal strategy, or that Upjohn's decision to share Exhibit 106 was anything other than a response to a customer's commercial concern. Pharmacia's "common interest" claim thus fails. *See U.S. v. Doe*, 429 F.3d 450, 453 (3d Cir. 2005); *Diet Drugs*, 2001 WL 34133955, at *6.

Even if Exhibit 106 had common interest protection, it would not here, because this case is between the parties purportedly having the common interest. If "parties have entered into litigation with one another, neither may assert an earlier common privilege to preclude testimony against the other on an issue that they shared before the litigation." *Hillerich & Bradsby Co. v. MacKay*, 26 F. Supp. 2d 124, 127 (D.D.C. 1998); *see also Sunrise*, 130 F.R.D. at 573.

For these reasons, Pharmacia cannot demonstrate that Exhibit 106 is subject to any privilege, and Sicor respectfully requests that the Court so find.

Respectfully,

/s/ *John G. Day*

John G. Day

JGD: nml
Attachments
167484.1
cc: Maryellen Noreika, Esquire (by hand and electronic mail; w/attachments)
Daniel A. Boehnen, Esquire (via electronic mail; w/attachments)
Reid L. Ashinoff, Esquire (via electronic mail; w/attachments

# EXHIBIT A

**REDACTED**

# EXHIBIT B

# REDACTED