# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

March 30, 2006

**REDACTED VERSION**

## BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*
              C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

      We write on behalf of Pharmacia & Upjohn to respond to Sicor's March 10, 2006, letter requesting return of Defendants' Deposition Exhibit 106. Sicor's submission does *not* address the controlling facts and does *not* append key documents. Instead, Sicor relies upon unsupported attorney argument[1] and makes no attempt to justify its own withholding of the purportedly relevant document until the end of discovery. The undisputable facts, detailed below, establish that the legal opinions at issue were, and should remain, privileged and not subject to Sicor's disclosure. Because the document is privileged and because of Sicor's failure to produce the document in discovery in a timely way, Sicor's request for return of the exhibit should be denied.

      1.      **Sicor Cannot Waive Pharmacia's Privilege on Exhibit 106**

      Exhibit 106 is the confirmation copy of a May 25, 1993 interoffice memorandum sent from Lawrence Welch (then an in-house attorney for The Upjohn Company) to Rod Unsworth, a manager at an Australian subsidiary of Upjohn, in the context of Australian patent litigation over a doxorubicin product produced by the Australian subsidiary. Ex. 1. The memorandum is labeled "Privileged and Confidential Legal Advice." *Id.* Copies of the memorandum were also sent to an Upjohn executive and three Upjohn in-house counsel. *Id.*; Ex. A to Sicor's letter, p. 62.

REDACTED

---

[1]     Pharmacia has sought the deposition of Wesley Fach in relation to willfulness, but Sicor has not provided him for deposition pending the resolution of Pharmacia's Motion to Compel. Accordingly, Pharmacia has not had a chance to investigate Sicor's unsupported factual allegations.

The Honorable Kent A. Jordan
March 30, 2006 (Redacted Version)
Page 2

REDACTED

Notwithstanding that Exhibit 106 is on its face privileged, Sicor professes ignorance of the basis for Pharmacia's claim of privilege. The document is an attorney's legal advice to executives (and fellow counsel) within the same company regarding legal strategy in connection with pending and impending litigation. The document is immune from discovery by both the attorney-client privilege and work product doctrine. Even accepting Sicor's unsupported claim that Exhibit 106 was provided to it as a commercial partner, rather than as part of a joint legal strategy – which the circumstances suggest is questionable at best – Sicor was obligated to maintain confidentiality of the document.

REDACTED                          *see also Hewlett Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308, 311 (N.D. Cal. 1987).

Sicor conflates three legal doctrines in its letter to the Court: the "common interest" doctrine, the "joint defense" doctrine, and joint representation. The third doctrine, on which Sicor relies most heavily, does not apply here as Mr. Welch was not representing Sicor. And regardless whether the "common interest" doctrine or the "joint defense" doctrine applies, neither doctrine permits Sicor to waive Pharmacia's privilege and use Exhibit 106 against it.

Under the "common interest" doctrine, a recipient of legal advice who "shared [that advice] with a third persons who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship." *Metro Wastewater Reclamation Dist. v. Continental Cas. Co.*, 142 F.R.D. 471, 476 (D. Colo. 1992). That is the situation here. As potential (and eventual) joint defendants in U.S. patent infringement litigation based on the doxorubicin product made by Upjohn and sold by Sicor, the parties had a common legal interest. Any question whether that would be the case was resolved when Sicor demanded that Upjohn indemnify it. Under those circumstances, Upjohn retained its privilege *and Sicor, as a beneficiary of the advice but not a client, cannot waive it*. *United States v. Fisher*, 692 F. Supp. 488, 494 (D. Pa. 1988) (the attorney-client privilege belongs to the client and only the client may waive it).

The "joint defense" doctrine also would protect Exhibit 106. "The joint defense privilege preserves the confidentiality of communications and information exchanged between two or more parties and their counsel who are engaged in a joint defense effort." *Metro* Wastewater, 142 F.R.D at 478. Sicor was sued on the very drug discussed in Exhibit 106,                                        REDACTED
Under the "joint defense" doctrine, waiver of the privilege "requires the consent of all parties participating in the joint defense." *Id.* Neither Pharmacia nor Upjohn ever consented to a waiver, and Pharmacia & Upjohn does not now.

The Honorable Kent A. Jordan
March 30, 2006 (Redacted Version)
Page 3

The cases cited by Sicor are not to the contrary. Pharmacia did not waive work product protection. When Sicor obtained Exhibit 106, Sicor was not an adversary. To the contrary, Sicor was aligned with Upjohn at the time of the disclosure, and the privilege was intact. *Maldonado v. New Jersey*, 225 F.R.D. 120, 131-32 (D.N.J. 2004) ("The protection is retained when there has been disclosure to persons with a common interest, to persons in the course of a business relationship, and to the government."). A change in circumstances over time does not free Sicor to use Exhibit 106 (which remains both privileged and work product-protected) – that occurs in a joint representation situation, not "common interest" or "joint defense." In short, Exhibit 106 is still protected by privilege and work product doctrine, and should not be returned to Sicor.

## 2.    Sicor Withheld The Document From Timely Production

On November 9, 2004 – fourteen months before Sicor deposed of Lawrence Welch – Pharmacia served requests for production that called for the production of documents such as Exhibit 106. Ex. 5 (*see, e.g.*, Req. Nos. 28, 30, 32, 36, 38, 40, 95, 96). On the same day, Sicor served initial disclosures in which it identified by category the documents it "may use to support its claims and defenses, unless solely for impeachment." Ex. 6. On October 5, 2005 – three months before Mr. Welch's deposition – Pharmacia served its Third Set of Requests for Production of Documents and Things, which again included requests for the production of documents such as Exhibit 106. Ex. 7 (*see, e.g.*, Req. Nos. 108, 113, 118, 120).

Sicor never produced or identified Exhibit 106, notwithstanding its obligations to do so under Rules 26(a)(1) and 34. Instead, Sicor withheld Exhibit 106 until the midst of Mr. Welch's deposition, when it sprung the document on the witness and Pharmacia. The Sicor attorney deposing Mr. Welch indicated that he "believe[d] that it was produced," but had no response when Pharmacia reported otherwise and noted that the documents lacked any production numbers. *Compare* Ex. A to Sicor's letter, pp. 29 *to* 59. Since then, Sicor has failed to provide any explanation for its failure to produce Exhibit 106.

Pursuant to Rule 37(c), Sicor should be barred from using Exhibit 106 (and therefore that the document should not be returned): "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c). Sicor seeks to use Exhibit 106 to support its claims or defenses and its counsel represented that the document had been found in the Gensia-Sicor files, which means that it was in Sicor's possession before this action. Ex. A, p. 29. Sicor should have produced the document in response to Pharmacia's discovery requests, or upon Sicor's seasonable supplementation of its responses. Fed. R. Civ. P. 26(e)(2). Sicor's failure to do so was not harmless because it robbed Pharmacia of the ability to take discovery as to how Sicor came into possession of the document and to discredit any possible reliance on the document. *See, e.g., Maldonado*, 225 F.R.D. at 132-36. Furthermore, Sicor has made no attempt to show the failure was harmless. In this situation, Rule 37(c) imposes an automatic sanction of exclusion of Exhibit 106. *Philips Electronics N. Am. Corp. v. Contec Corp.*, No. 02-123-KAJ, 2004 U.S. Dist. LEXIS 5839, *4-5 (D. Del. Apr. 5, 2004).

Respectfully,

*/s/ Maryellen Noreika (#3208)*

Maryellen Noreika

The Honorable Kent A. Jordan
March 30, 2006 (Redacted Version)
Page 4


MEN/bls

cc:     Peter T. Dalleo, Clerk (By Hand)
        Steven J. Balick, Esquire (By Hand)
        Reid L. Ashinoff, Esquire (By Fax)
        Jordan Sigale, Esquire (By Fax)
        Daniel A. Boehnen, Esquire (By Fax)