# EXHIBIT 1

REDACTED

EXHIBIT 2

REDACTED

EXHIBIT 3

REDACTED

EXHIBIT 4

REDACTED

# EXHIBIT 5

Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                          )
PHARMACIA & UPJOHN                        )
COMPANY LLC,                              )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )          CIVIL ACTION NO.  04-833
                                          )
SICOR INC. and                            )
SICOR PHARMACEUTICALS, INC.,              )
                                          )
              Defendants.                 )
------------------------------------------------------ x
```

## PHARMACIA & UPJOHN'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff Pharmacia & Upjohn Company LLC propounds the following requests to

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. seeking production of the documents and

things specified below for inspection and copying pursuant to Rules 26 and 34, Fed. R. Civ. P. The

documents and things shall be produced for inspection and copying at the offices of McDonnell

Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Chicago, Illinois 60606, within thirty (30)

days of the receipt of these requests. Further, written responses to these Requests shall be served

upon Plaintiff's counsel within thirty (30) days of the receipt hereof.

## DEFINITIONS

For purposes of responding to these requests for production of documents, the following

definitions shall apply:

1.    The term "Plaintiff" and "Pharmacia" shall mean Plaintiff Pharmacia & Upjohn

Company LLC, and other company names under which Pharmacia & Upjohn Company LLC is

doing and has done business; their predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

2.    The terms "Defendants," "Sicor," and "you" shall mean, and "your" shall relate to, Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc., both collectively and independently (whichever calls for broader production of documents and things), and any other company name under which Sicor is doing or has done business; their predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; their directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, interns, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.    The terms "person" and "persons" shall mean natural persons (including those employed by Defendants) and all other legally cognizable entities, including (without limitation) governmental entities, agencies, officers, departments, or affiliates of any other governmental entity; and commercial entities, corporations, foundations, partnerships, proprietorships, associations, and other non-governmental organizations.

4.    The term "date" shall means the exact day, month and year, if ascertainable, or, if not, Defendants' closest approximation (including by description of the date in relation to other events).

5.    The terms "documents" and "things" shall have the broadest scope permissible under the Federal Rules of Civil Procedure and shall include (without limitation) the originals (or, absent any original, a copy) of any writings or other tangible things, however produced or

reproduced, including books, accounting and financial records of any nature whatsoever, agreements, communications, correspondence, e-mail, telegrams, cables, telexes, telecopy or fax transmission messages, memoranda, video, audio or other electromagnetic recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, information bearing photographic products of any nature whatsoever, photo-records, microfilms, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, patent appraisals, patent searches, opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts and other data compilations from which information can be obtained or translated, if necessary, by Defendants through detection devices into reasonably usable form.  Any copy of a "document" as described above containing thereon or attached thereto any alteration, notes, comments or other mark, indicia, or material not included in the original or copy referred to in the preceding sentence shall be deemed a separate "document" within the foregoing definition.  The terms "documents" and "things" shall also mean tangible objects other than "documents" as described above, and shall include objects of every kind and nature such as, but not limited to, prototypes, models and specimens.  The terms "document" and "things" shall refer to any of the above-identified objects

in any tangible form, including electronic versions maintained in a magnetic or optical storage medium.

6.    The term "communication" shall mean any transmission of information from one person or entity to another, including (without limitation) by personal meeting, telephone, facsimile, radio, telegraph, electronic mail, teleconference, writing, or other means.

7.    The terms "relating" and "concerning" shall be interpreted as broadly as possible so as to encompass the liberal scope of discovery set forth in Rule 26(b) of Fed. R. Civ. P.

8.    The terms "identify," "identification," "describe," and "description" shall mean to provide a complete identification of the document, thing, or person to the fullest extent known or ascertainable by Defendants, whether or not the information is in the possession, custody, or control of Defendants and whether or not the information is alleged to be protected by any privilege or work product protection, and includes without limitation a request for the following information:

(a)    with respect to a natural person, his or her name, home and work addresses, home and work telephone numbers, present place of employment (or if unknown, the last known), date(s) of commencement and termination of employment, job title, and description of his or her duties and responsibilities;

(b)    with respect to a person other than a natural person, the full name, state of incorporation or registration, address of its principal place of business, telephone number of its principal place of business, and the identity of each natural person who acted on behalf of such entity with respect to the subject matter of the Request;

(c)    with respect to a document, the type of document (e.g., letter, e-mail, facsimile, contract, calendar pad, report); the number of pages of which the document consists, a

description of the document's contents; an identification of each natural person who prepared the document; an identification of each natural person for whom it was prepared; each natural person who signed it; an identification of each natural person to whom it was delivered, mailed, or otherwise received; an identification of each natural person to whom a copy was sent or who otherwise received a copy; the date of writing, creation, and publication; identifying number(s), letter(s) or combination thereof, if any; the significance or meaning of such number(s), letter(s) or combination thereof; and present location and identity of the custodian of that document.  Documents to be identified shall include documents currently in your possession, custody or control; documents you know to have once existed but that no longer exist; and other documents of which you have knowledge or information but that are not currently in your possession, custody, or control;

(d)     with respect to oral communications, the manner in which the communications were made (telephone, conversation, etc.); the identity of each natural person who participated in or witnessed the communication; the subject matter and content of the communication; and the date of the communication;

(e)     with respect to a patent or patent application, the country or jurisdiction in which it was filed, number, named inventor(s), filing date, issue date (if a patent), and all related or foreign counterpart applications and patents; and

(f)     with respect to films, photographs, tapes, computer media, and other things susceptible to chemical, biological, mechanical, or electrical reproduction, all identifying information including their character, subject matters, authors, and dates.

9.     The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses which otherwise might be construed to be outside its scope.

10.     The terms "describe" and "state" shall mean to set forth fully and unambiguously every fact relevant to the subject of the Request of which you have knowledge or information.

11.     Any word written in the singular herein shall be construed as plural or *vice versa* as necessary to bring within the scope of these Requests all responses which otherwise might be construed to be outside its scope.

12.     "The '285 patent" shall mean U.S. Patent No. 6,107,285.

13.     The term "prior art" includes by way of example and without limitation, any subject matter that you assert may be encompassed by 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

14.     No Request or subpart hereof shall be construed as a limitation on any other Request or subpart hereof.

15.     The term "Idarubicin Hydrochloride Injection Product" shall mean any ready-to-use idarubicin hydrochloride solution for intravenous injection manufactured and/or sold by Sicor.

## INSTRUCTIONS

1.     The original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody or control (including all copies in the possession, custody, or control of any entity defined as being "you") is to be produced, including company, department, and personal files.  If the original or copy is not in your possession, custody or control, a full, clear, legible copy thereof is to be produced.

- 6 -

2.    If any portion of any Request refers or relates to a document or thing of which Defendants are aware or which was at one time (but is no longer) within Defendants' possession, custody, or control, Defendants are requested to identify each such document or thing in the manner described above sufficiently to describe the document or thing for a subpoena *duces tecum*, together with the name, telephone number, and address of the person last known by Defendants to have been in possession, custody, or control of each such document or thing.

3.    Each Request shall be responded to fully unless it is in good faith objected to, in which event every reason for your objection shall be stated in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

4.    Pursuant to Federal Rule of Civil Procedure 34(b), each document and thing produced is to be (i) identified in your written response hereto to correspond with the categories of the Request in response to which it is being produced or (ii) produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which each such document or thing is organized or separated.

5.    If you or your counsel assert that any document or thing identified in response to a Request is privileged or otherwise protected from discovery (e.g., by work product immunity), set forth in your written response hereto with respect to each document or thing for which a claim of privilege is made such that the document or thing is not produced in full:

a.    The place, approximate date, and manner of recording, creating or otherwise preparing the document or thing;

- 7 -

b.     The name and organizational position, if any, of each sender of the document or thing;

c.     The name and organizational position, if any, of each recipient and/or custodian of the document or thing;

d.     The name and organizational position, if any, of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document or thing;

e.     The name and organizational position, if any, of each person to whom the contents of the document or thing or any portion thereof have heretofore been communicated by copy, exhibition, reading or summarization;

f.     A statement of the basis on which privilege is claimed with respect to each document or thing and including a statement of sufficient relevant facts and circumstances that will explain the basis of the claim of privilege and will permit the adjudication of the propriety of the claim of privilege;

g.     The name of each person, other than Defendants' attorneys of record, having knowledge of the factual basis asserted for the privilege claim;

h.     The number of the Request to which the document or thing is responsive;

i.     The identity and organization position, if any, of each person supplying the author of your response hereto with the information requested in subsections (a) through (g) above;

j.     The type of document or thing withheld (e.g., letter, memorandum, etc.);

k.     The subject matter of the document, communication, or other information;

l.    The location(s) where, if at all, information has been redacted on the document or thing thus produced;

m.    The location of the document, communication, thing or other information withheld; and

n.    In the case of a document, the length of the document in number of pages.

6.    The Requests seek all documents and things you know as of the date of service hereof, unless otherwise stated in a particular Request.    Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are deemed to be continuing so that with respect to any Request, or part thereof, as to which you, after answering, acquire additional documents or things or knowledge or information, you shall seasonably serve supplemental responses and/or make a supplemental production of documents and things, in no case later than thirty (30) days after acquiring such additional documents or things or knowledge or information.

## DOCUMENT REQUESTS

### REQUEST NO. 1

Twenty samples of Sicor's Idarubicin Hydrochloride Injection Product from each of three separate lots and for each of the commercially available dosage forms and sizes.

### REQUEST NO. 2

All documents concerning or relating to Sicor's Idarubicin Hydrochloride Injection Product.

### REQUEST NO. 3

All documents concerning or relating to idarubicin hydrochloride or any idarubicin hydrochloride injection product.

- 9 -

**REQUEST NO. 4**

All documents requested for identification by PHARMACIA & UPJOHN'S FIRST SET OF INTERROGATORIES TO DEFENDANTS (Nos. 1-9), served concurrently herewith.

**REQUEST NO. 5**

All documents relied upon, referred to, or otherwise consulted directly or indirectly in responding to PHARMACIA & UPJOHN'S FIRST SET OF INTERROGATORIES TO DEFENDANTS (Nos. 1-9), served concurrently herewith.

**REQUEST NO. 6**

All documents concerning or relating to Pharmacia.

**REQUEST NO. 7**

All organizational charts for the period from 2000 to present detailing Sicor's management, manufacturing, engineering, sales, legal, and marketing functions and personnel with any responsibility for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 8**

All organizational charts for the period from 2000 to present detailing Sicor's research and development functions and personnel with any responsibility for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 9**

All minutes, memos, or other records of meetings of directors, officers and/or employees of Defendants where Sicor's Idarubicin Hydrochloride Injection Product was discussed, referenced, or considered in any way, directly or indirectly.

**REQUEST NO. 10**

All minutes, memos, or other records of meetings of directors, officers and/or employees of Defendants where an idarubicin hydrochloride injection product was discussed, referenced, or considered in any way, directly or indirectly.

**REQUEST NO. 11**

All minutes, memos, or other records of meetings of directors, officers and/or employees of Defendants where the '285 patent was discussed, referenced, or considered in any way, directly or indirectly.

**REQUEST NO. 12**

All minutes, memos, or other records of meetings of directors, officers and/or employees of Defendants where a Pharmacia patent was discussed, referenced, or considered in any way, directly or indirectly.

**REQUEST NO. 13**

All documents identifying the names and titles of all persons having any responsibility for research, design, and/or development of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 14**

All documents that refer or relate to any analysis, consideration, negotiation, recommendation, or proposal relating to obtaining a license or other rights under the '285 patent.

**REQUEST NO. 15**

All documents that refer or relate to any analysis, consideration, negotiation, recommendation, or proposal relating to obtaining a license or other rights under a Pharmacia patent.

- 11 -

**REQUEST NO. 16**

All documents relating or referring to any licensing discussions, negotiations, or agreements between Sicor and any person relating to any rights with regard to Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 17**

All license agreements and other documents relating to, referring to, or reflecting any licenses taken, license given, and/or royalties paid or received relating in any way to Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 18**

All license agreements and other documents relating to, referring to, or reflecting any licenses taken, license given, and/or royalties paid or received relating in any way to any idarubicin hydrochloride injection product.

**REQUEST NO. 19**

All documents resulting from, or referring to, or relating to any literature and/or patent search conducted by, at the request of, or on behalf of Sicor with respect to its Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 20**

All documents resulting from, or referring to, or relating to any literature and/or patent search conducted with respect to any idarubicin hydrochloride injection product.

**REQUEST NO. 21**

All documents and things referring or relating (in words or in substance) to the '285 patent, including but not limited to:

(a)   all documents and things that refer or relate to the validity and/or invalidity of the '285 patent;

(b)   all documents and things that refer or relate to the enforceability and/or unenforceability of any of the subject matter claimed by the '285 patent; and

(c)   all documents and things that refer or relate to any infringement and/or non-infringement of the '285 patent by Sicor or by anyone else.

**REQUEST NO. 22**

All documents relating to any discussion or communication, whether written or oral, of the validity, invalidity, enforceability, and/or unenforceability of the '285 patent.

**REQUEST NO. 23**

All documents relating to any discussion or communication, whether written or oral, of possible infringement by Sicor of the '285 patent or any claim thereof.

**REQUEST NO. 24**

All documents and things referring or relating to any testing or analysis of any Idarubicin Hydrochloride Injection Product made, used, offered for sale, sold, or imported by Sicor.

**REQUEST NO. 25**

All documents and things referring or relating to any testing or analysis of any Idarubicin Hydrochloride Injection Product made, used, offered for sale, or sold by Pharmacia.

**REQUEST NO. 26**

All documents and things constituting or relating to any agreement between Sicor and any other person for the research, design, development and/or manufacture of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 27**

All documents and things constituting or relating to any agreement between Sicor and any other person for the research, design, development and/or manufacture of any idarubicin hydrochloride injection product.

**REQUEST NO. 28**

All documents and things referring or relating to your decision to commence researching, designing, developing, and/or making Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 29**

All documents concerning or relating to the research, design, development, and/or manufacture of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 30**

All documents concerning or relating to the research, design, development, and/or manufacture of any idarubicin hydrochloride injection product.

**REQUEST NO. 31**

All documents concerning or relating to the synthesis, production, manufacture, development, transfer, processing, storage, and/or specifications of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 32**

All documents concerning or relating to the synthesis, production, manufacture, development, transfer, processing, storage, and specifications of any idarubicin hydrochloride injection product.

**REQUEST NO. 33**

Every laboratory notebook, technical report, research report, progress report, or other document or thing referring or relating to laboratory work on, research on, and/or development of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 34**

Every laboratory notebook, technical report, research report, progress report, or other document or thing referring or relating to laboratory work on, research on, and/or development of any idarubicin hydrochloride injection product.

**REQUEST NO. 35**

All documents and things referring or relating to the design or formulation of Sicor's Idarubicin Hydrochloride Injection Product, or any part thereof, including but not limited to the selection of and specification for ingredients or materials; the amounts and proportions of all ingredients and materials; and the methods and process steps used.

**REQUEST NO. 36**

All documents and things referring or relating to the design or formulation of any idarubicin hydrochloride injection product, or any part thereof, including but not limited to the selection of and specification for ingredients or materials; the amounts and proportions of all ingredients and materials; and the methods and process steps used.

**REQUEST NO. 37**

All documents and things referring or relating to the decision(s) by Sicor regarding the selection or rejection of its Idarubicin Hydrochloride Injection Product formulation and/or methods of manufacture of Sicor's Idarubicin Hydrochloride Injection Product formulation.

**REQUEST NO. 38**

All documents and things referring or relating to the decision(s) regarding the selection or rejection of any idarubicin hydrochloride injection product formulation and/or methods of manufacture of any idarubicin hydrochloride injection product formulation.

**REQUEST NO. 39**

All documents and things that refer or relate to the chemical, physical, and/or biological properties of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 40**

All documents and things that refer or relate to the chemical, physical, and/or biological properties of any idarubicin hydrochloride injection product.

**REQUEST NO. 41**

All documents concerning or relating to the manufacture or testing of each lot and batch of Sicor's Idarubicin Hydrochloride Injection product (including for commercial, regulatory or experimental purposes).

**REQUEST NO. 42**

All documents and things describing, referring to, or relating to issued patents, filed patent applications, pending patent applications, or drafts of patent applications directed to any aspect of any idarubicin hydrochloride injection product.

**REQUEST NO. 43**

Each file history of each patent application and/or patent filed by or on behalf of Sicor relating to any aspect of any idarubicin hydrochloride injection product.

**REQUEST NO. 44**

All documents and things evidencing, referring to, or relating to the state of the art relevant to the subject matter claimed in the '285 patent as of the time of filing of the application that issued as the '285 patent.

**REQUEST NO. 45**

All documents and things evidencing, referring to, or relating to the state of the art relevant to the subject matter claimed in the '285 patent as of the time of filing of the issuance of the '285 patent.

**REQUEST NO. 46**

All documents and things evidencing, referring to, or relating to the state of the art relevant to the subject matter claimed in the '285 patent as of the time of Sicor's first sale of its Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 47**

All patents, printed publications, other items of prior art, or other documents that you believe may have any bearing on the validity of the '285 patent.

**REQUEST NO. 48**

All documents concerning or relating to prior art searches conducted by or on behalf of Defendants with respect to the '285 patent.

- 17 -

**REQUEST NO. 49**

All documents and things referring or relating to the package insert for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 50**

All documents and things referring or relating to the FDA regulatory filing for Sicor's Indarubicin Hydrochloride Injection Product.

**REQUEST NO. 51**

All documents and things constituting, referring to, or relating to advertising plans, business plans, marketing plans or efforts, promotional programs or strategies on the part of Sicor, or on its behalf, concerning Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 52**

All advertising, marketing, and/or promotional materials for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 53**

All product literature for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 54**

All documents and things evidencing, referring to, or relating to any income or revenue received, prices charged, costs incurred, or profits earned by Sicor in connection with its Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 55**

All documents and things evidencing, referring to, or relating to any free samples or other units of Sicor's Idarubicin Hydrochloride Injection Product distributed without charge.

**REQUEST NO. 56**

All documents and things from which Sicor's unit sales of Idarubicin Hydrochloride Injection Product may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 57**

All documents and things from which Sicor's unit sales of each of Sicor's products may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 58**

All documents and things from which Sicor's gross dollar sales of Idarubicin Hydrochloride Injection Product may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 59**

All documents and things from which Sicor's gross dollar sales of each of Sicor's products may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 60**

All documents and things constituting, relating to, or referring to sales summaries, sales invoices, purchases orders, or discount summaries.

**REQUEST NO. 61**

All documents and things constituting, relating to, or referring to unit pricing structure or pricing policies for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 62**

All documents and things constituting, relating to, or referring to Sicor's pricing of its Idarubicin Hydrochloride Injection Product, any changes in Sicor's pricing of its Idarubicin

- 19 -

Hydrochloride Injection Product, and/or any discounts offered or given on Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 63**

Documents sufficient to identify all quantities of Sicor's Idarubicin Hydrochloride Injection Product manufactured in or imported into the United States for any purpose whatsoever (including for commercial, regulatory, experimental, promotional, or sampling purposes).

**REQUEST NO. 64**

Documents sufficient to identify Sicor's current inventory of its Idarubicin Hydrochloride Injection Product, in terms of potential value in sales.

**REQUEST NO. 65**

All documents and things constituting, relating to, or referring to reports regarding Sicor's contracts with any customers or Sicor's bids for the sale of Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 66**

All documents referring or relating to any determination of profit (including any estimates of unit or marginal profit, cost of goods sold, incremental costs, as well as any actual determination of profit) from Sicor's sales of Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 67**

All documents and things from which Sicor's cost of production (including manufacturing costs, costs of materials, labor, overhead, and other cost items) for each unit of Idarubicin Hydrochloride Injection Product may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 68**

All documents and things from which Sicor's cost of production (including manufacturing costs, costs of materials, labor, overhead, and other cost items) for each of Sicor's products that may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 69**

All documents and things from which Sicor's cost of sales (including selling expenses, marketing, distribution, attributed research and development and other general or administrative expense, and interest expense) for its Idarubicin Hydrochloride Injection Product may be determined for each monthly and annual time period from 2000 to present.

**REQUEST NO. 70**

All documents comprising any and all financial projections or forecasts prepared by Sicor or on Sicor's behalf in relation to any idarubicin hydrochloride for injection product.

**REQUEST NO. 71**

All documents comprising any and all financial statements (audited and unaudited) for Sicor (as a whole, by division, by product line, and by product) including, but not limited to, income statements, balance sheets, profit and loss statements, and statements of cash flow for each monthly, annual, or other period.

**REQUEST NO. 72**

All documents and things constituting, relating to, or referring to Sicor's financial planning with respect to its Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 73**

All documents and things constituting, relating to, or referring to Sicor's budgets, forecasts, projections, short and long term business and strategic plans, and short and long term reports related to sales activity for its Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 74**

All documents and things referring or relating to actual or projected sales or market share by Sicor, Pharmacia, or any other entity, of any injection product containing idarubicin hydrochloride.

**REQUEST NO. 75**

All documents and things constituting, relating to, or referring to actual and projected Sicor sales, gross profits, and net profits related to its Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 76**

All documents and things describing, evidencing, relating to, or referring to competition for the sale of Sicor's Idarubicin Hydrochloride Injection Product, including competition between Sicor and Pharmacia.

**REQUEST NO. 77**

All documents and things describing, evidencing, relating to, or referring to market share studies, marketing analysis, or reports relating to Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 78**

All documents and things describing, evidencing, relating to, or referring to marketing studies showing the size, forecast size, or potential size of the market or industry for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 79**

All documents and things describing, evidencing, relating to, or referring to information on the marketing of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 80**

All documents and things describing, evidencing, relating to, or referring to information on the marketing of products competitive with Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 81**

All documents and things describing, evidencing, relating to, or referring to information on market trends and/or market expectations for Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 82**

All documents and things describing, evidencing, relating to, or referring to information on market trends and/or market expectations for any idarubicin hydrochloride injection product.

**REQUEST NO. 83**

All documents and things describing, evidencing, relating to, or referring to information on marketing of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 84**

All documents and things describing, evidencing, referring to, or relating to your market share of the total market for idarubicin hydrochloride injection products.

**REQUEST NO. 85**

All documents and things describing, evidencing, referring to, or relating to the market share for Sicor's Idarubicin Hydrochloride Injection Product in any market.

- 23 -

**REQUEST NO. 86**

　　All documents and things describing, referring to, or relating to Sicor's information archival and/or retrieval system for documents or things containing any information related to design, manufacture, promotion, or sale of Sicor's Idarubicin Hydrochloride Injection Product.

**REQUEST NO. 87**

　　Documents sufficient to identify all files or repositories in which any document responsive to the foregoing requests is maintained in the normal course of business and each index, key, code, or other means of accessing and locating documents within such files or repositories.

**REQUEST NO. 88**

　　All documents and things constituting, relating to, or referring to your policies, practices and/or procedures now or previously in effect with respect to the retention or destruction of documents.

**REQUEST NO. 89**

　　All documents concerning or relating to Defendants policies and procedures for making, distributing, storing, retaining, and destroying documents and records, effective as of or subsequent to 2000.

**REQUEST NO. 90**

　　All documents concerning or relating to communications with distributors or wholesalers of Sicor's Idarubicin Hydrochloride Injection product, or potential distributors or wholesalers of Sicor's Idarubicin Hydrochloride Injection product.

**REQUEST NO. 91**

　　All documents concerning, referring, or relating to communications with physicians, nurses, clinics, or other potential users of Sicor's Idarubicin Hydrochloride Injection product.

**REQUEST NO. 92**

All documents or things that refer or relate to any communications between Sicor and any other entity concerning idarubicin hydrochloride injection products or any idarubicin hydrochloride containing product.

**REQUEST NO. 93**

All documents prepared by or for, or concerning or relating to any expert retained by Defendants in connection with this case.

**REQUEST NO. 94**

All documents and things reviewed or relied upon in preparation of the Defendants' Answer, Affirmative Defenses and Counterclaims.

**REQUEST NO. 95**

All documents upon which Sicor intends to rely in this litigation.

**REQUEST NO. 96**

All documents and things Sicor intends to introduce as exhibits during the trial of this matter.

**REQUEST NO. 97**

All documents and things not otherwise described by the above requests that refer or relate to the subject matter shown, described, or claimed in the '285 Patent.

MORRIS NICHOLS ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Attorneys for Plaintiff

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
Lara V. Fleishman
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

November 9, 2004

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to be served this 9th day of November, 2004 upon the following in the manner indicated:

### BY HAND DELIVERY

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Reid L. Ashinoff
Brian T. Moriarty
William J. Sipio
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020

Maryellen Noreika

# EXHIBIT 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-833 |
| | ) | |
| SICOR, INC. and SICOR | ) | **INITIAL DISCLOSURES** |
| PHARMACEUTICALS, INC., | ) | **PURSUANT TO F.R.C.P. RULE 26(a)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants SICOR, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") by their undersigned attorneys make the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Rule 26").

### PRELIMINARY STATEMENT

Rules 26 requires the disclosure of the existence of documents and identification of individuals that the disclosing party "may use to support its claims and defenses, unless solely for impeachment." In accordance with the above requirements, and without waiver of the attorney-client privilege or any other applicable privilege or doctrine, Sicor makes the following disclosures to the best of its current knowledge and ability.

Sicor is continuing its investigation and evaluation of the claims and defenses asserted in this lawsuit. Accordingly, Sicor reserves the right to supplement these disclosures with additional information or documents should it be determined that it anticipates using additional documents in support of its claims and defenses. Additionally, this identification of

documents is made without any prejudice to the Sicor's subsequent objection to the production or introduction into evidence of such documents.

### F.R.C.P. RULE 26(a) DISCLOSURES

I.    Individuals

Sicor identifies the following individuals in no particular order currently known to them as likely to have discoverable information that Sicor may use to support its claims and defenses in this action.

| NAME | LAST KNOWN ADDRESS | TOPIC |
|------|--------------------|-------|
| Gaetano Gatti | Sesto San Giovanni, Italy | Non-infringement, invalidity and unenforceability |
| Diego Oldani | Robecco sul Naviglio, Italy | Non-infringement, invalidity and unenforceability |
| Giuseppe Bottoni | Bergamo, Italy | Non-infringement, invalidity and unenforceability |
| Carlo Confalonieri | Cusano Milanino, Italy | Non-infringement, invalidity and unenforceability |
| Luciano Gambini | Cornaredo, Italy | Non-infringement, invalidity and unenforceability |
| Roberto De Ponti | Milan, Italy | Non-infringement, invalidity and unenforceability |
| Richard D. Kelly | Oblon, Spivak, McClelland, Maier & Neustadt, P.C. 1940 Duke Street Alexandria, VA 22314 (703) 413-3000 | Non-infringement, invalidity and unenforceability |
| Norman F. Olbon | Oblon, Spivak, McClelland, Maier & Neustadt, P.C. 1940 Duke Street Alexandria, VA 22314 (703) 413-3000 | Non-infringement, invalidity and unenforceability |
| Daniel Boehnen | McDonnell, Boehnen, Hulbert & Berghoff 300 South Wacker Drive | Non-infringement, invalidity and unenforceability |

- 2 -

| | Chicago, IL 60606 (312) 913-0001 | |
|---|---|---|
| Emily Miao | McDonnell, Boehnen, Hulbert & Berghoff 300 South Wacker Drive Chicago, IL 60606 (312) 913-0001 | Non-infringement, invalidity and unenforceability |
| Jeremey E. Noe | McDonnell, Boehnen, Hulbert & Berghoff 300 South Wacker Drive Chicago, IL 60606 (312) 913-0001 | Non-infringement, invalidity and unenforceability |
| John J McDonnell | McDonnell, Boehnen, Hulbert & Berghoff 300 South Wacker Drive Chicago, IL 60606 (312) 913-0001 | Non-infringement, invalidity and unenforceability |
| William J Dana | Houston, Texas | Invalidity and unenforceability |
| Marry Horstman | Des Moines, Iowa | Invalidity and unenforceability |
| Debra Holton-Smith | Newtown, Connecticut | Invalidity and unenforceability |
| Timothy Ruane | ILEX Oncology, Inc. 4545 Horizon Hill Blvd. San Antonio, TX 78229-2263 (210) 949-8200 | Estoppel and laches |
| John McBride | Gloucester Pharmaceuticals One Broadway, 9th Floor Cambridge, MA 02142 (617) 583-1366 | Estoppel and laches |
| Fred Hassan | Schering-Plough Corp. 200 Galloping Hill Road Kenilworth, NJ 07033-0530 (908) 298-4000 | Estoppel and laches |
| Carrie Cox | Schering-Plough Corp. 200 Galloping Hill Road Kenilworth, NJ 07033-0530 (908) 298-4000 | Estoppel and laches |

II.    Documents

Sicor hereby identifies the following classes of documents in its possession,

custody or control that Sicor may use to support its claims and defenses in this action: (i) United

States Patent No. 6,107,285 (the "'285 Patent") and its file history; (ii) Sicor's Abbreviated New

- 3 -

Drug Application for Idarubicin HC1; and (iii) published articles, patents and other prior art references relating to the subject matter claimed in the '285 Patent.

III.    <u>Damages</u>

Sicor seeks its reasonable attorney's fees and costs in defending the infringement claims in this action.

IV.    <u>Insurance Agreement</u>

Sicor is unaware of any insurance coverage pertaining to this action.

Dated: New York, New York
          November 9, 2004

SONNENSCHEIN NATH & ROSENTHAL LLP

_____
Reid Ashinoff
Brian Moriarty
David R. Baum
1221 Avenue of the Americas
New York, New York  10020
(212) 768-6700

-and-

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

- 4 -

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY LLC,  )
                                 )
                Plaintiff,       )
                                 )
        v.                       )          C.A. No. 04-833-KAJ
                                 )
SICOR INC. and                   )
SICOR PHARMACEUTICALS, INC.,     )
                                 )
                Defendants.      )

## PHARMACIA & UPJOHN'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff Pharmacia & Upjohn Company, LLC propounds the following requests to Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. seeking production of the documents and things specified below for inspection and copying pursuant to Rules 26 and 34, Fed. R. Civ. P. The documents and things shall be produced for inspection and copying at the offices of McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Chicago, Illinois 60606 with thirty (30) days of the receipt of these requests. Further, written responses shall be served upon Plaintiff's counsel within thirty (30) days of the receipt hereof.

## INSTRUCTIONS AND DEFINITIONS

The instructions and definitions set forth in Pharmacia & Upjohn's First Request for Production of Documents and Things are incorporated as if set forth fully herein.

## DOCUMENT REQUESTS

**REQUEST NO. 108**

All documents and things concerning or relating to the manufacture of any product that Sicor contends is relevant to any issue in this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 109**

All documents and things concerning or relating to the importation of any product that Sicor contends is relevant to any issue in this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 110**

All documents and things concerning or relating to the marketing of any product that Sicor contends is relevant to any issue in this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 111**

All documents and things concerning or relating to the sale (including sales forecasts and actual sales figures in dollars and in units) of any product that Sicor contends is relevant to any issue in this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 112**

All documents and things concerning or relating to the licensing of any product that Sicor contends is relevant to any issue in this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 113**

All documents and things concerning or relating to the manufacture of any product that contains the same active pharmaceutical ingredient as any product Sicor contends is relevant to any issue this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 114**

All documents and things concerning or relating to the importation of any product that contains the same active pharmaceutical ingredient as any product Sicor contends is relevant to any issue this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 115**

All documents and things concerning or relating to the marketing of any product that contains the same active pharmaceutical ingredient as any product Sicor contends is relevant to any issue this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 116**

All documents and things concerning or relating to the sale (including sales forecasts and actual sales figures in dollars and in units) of any product that contains the same active pharmaceutical ingredient as any product Sicor contends is relevant to any issue this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 117**

All documents and things concerning or relating to the licensing of any product that contains the same active pharmaceutical ingredient as any product Sicor contends is relevant to any issue this case (including, but not limited to, any anthracycline glycoside that Sicor contends is relevant in this case).

**REQUEST NO. 118**

All documents constituting, referring to, or relating to communications between Bradley Winter, Robert Heyes, and/or any other representative of Pharmacia's manufacturing facility in Perth, Australia, on the one hand, and any representative of Sicor, on the other hand.

**REQUEST NO. 119**

All documents concerning any and all patents and/or anthracycline glycoside products sold, licensed, or offered for sale or license at any time by Pharmacia to Sicor.

**REQUEST NO. 120**

All documents concerning Sicor's importation of idarubicin in solid or powder form into the United States.

**REQUEST NO. 121**

All documents and things concerning, referring to, relating to, or rebutting any delay by Pharmacia after it knew or reasonably should have known of its claims.

**REQUEST NO. 122**

All documents and things concerning, referring to, relating to, or rebutting any prejudice to Sicor due to any delay by Pharmacia.

4

**REQUEST NO. 123**

All documents and things concerning, referring to, relating to, or rebutting any change in Sicor's economic position based on any inaction by Pharmacia.

**REQUEST NO. 124**

All documents and things concerning, referring to, relating to, or rebutting any commercial negotiations and transactions between Pharmacia and Sicor during any alleged delay in commencing this action.

**REQUEST NO. 125**

All documents and things concerning, referring to, relating to, or rebutting any commercial negotiations and transactions that conveyed to Sicor that Pharmacia did not intend to enforce its alleged patent against Sicor.

**REQUEST NO. 126**

All documents and things indicating, referring to, or rebutting any reliance by Sicor upon Pharmacia's conduct in connection with business negotiations and in connection with alleged consistent inaction by Pharmacia in enforcing its patent rights.

**REQUEST NO. 127**

All documents and things related to litigation between Farmitalia Carlo Erba and Sicor related to anthracycline glycosides.

**REQUEST NO. 128**

All documents and things related to litigation between Farmitalia Carlo Erba and Sicor related to theft of industrial property.

**REQUEST NO. 129**

All documents and things related to litigation between Farmitalia Carlo Erba and Sicor related to misappropriation of trade secrets.

**REQUEST NO. 130**

All documents and things related to Sicor's initial plant design and bacterial cultures for the production of doxorubicin hydrochloride.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Plaintiff*
   *Pharmacia & Upjohn Company, LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
Lara V. Fleishman
MCDONNELL BOEHNEN HULBERT
 & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL  60606
(312) 913-0001

October 5, 2005

## CERTIFICATE OF SERVICE

I hereby certify that copies of the forgoing were caused to be served this 5th day of October, 2005 upon the following in the manner indicated:

### BY HAND DELIVERY

Steven J. Balick
John G. Day
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Reid L. Ashinoff
Brian T. Moriarty
William J. Sipio
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY  10020

Maryellen Noreika

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY LLC,    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Civil Action No. 04-833-KAJ
                                    )
SICOR INC. and                      )
SICOR PHARMACEUTICALS, INC.,        )
                                    )
            Defendants.             )

## NOTICE OF SERVICE

The undersigned hereby certifies that copies of Plaintiff Pharmacia & Upjohn Company, LLC's Second Set of Requests for Admission (Invalidity), Plaintiff Pharmacia & Upjohn Company, LLC's Third Set of Requests for Admission (Documents), Pharmacia & Upjohn's Third Set of Interrogatories, and Pharmacia & Upjohn's Third Set of Requests for Production of Documents and Things were caused to be served on October 5, 2005 upon the following in the manner indicated:

### BY HAND DELIVERY

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Reid L. Ashinoff, Esquire
Jordan A. Sigale, Esquire
David R. Baum, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020

MORRIS, NICHOLS, ARSHT & TUNNELL


*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   *Attorneys for Plaintiff*
   *Pharmacia & Upjohn Company, LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
Lara V. Fleishman
MCDONNELL BOEHNEN HULBERT
 & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

October 5, 2005

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 5th, 2005 I electronically filed the foregoing Notice of Service with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
ASHBY & GEDDES

I also certify that copies were caused to be served on October 5th, 2005 upon the following in the manner indicated:

### BY HAND

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

### BY FEDERAL EXPRESS

Reid L. Ashinoff, Esquire
Brian T. Moriarty, Esquire
William J. Sipio, Esquire
David R. Baum, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
Morris, Nichols, Arsht & Tunnell
 (302) 658-9200
mnoreika@mnat.com