**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-833-KAJ |
| | ) |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendants. | ) |

**REPLY TO SECOND AMENDED ANSWER TO FIRST AMENDED
COMPLAINT, COUNTERCLAIM AND DEMAND FOR A JURY TRIAL**

Plaintiff/Counterdefendant Pharmacia & Upjohn Company, LLC ("Pharmacia"), for its Reply to the Second Amended Answer to First Amended Complaint, Counterclaim and Demand for a Jury Trial of Defendants/Counterplaintiffs Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor"), states as follows:

1. Pharmacia admits that Sicor Inc. is a Delaware corporation having a principal place of business at 19 Hughes, Irvine, California 92618. Pharmacia admits that Sicor Inc. is engaged in the business of making and selling generic injectable pharmaceutical products for the human healthcare market. Pharmacia otherwise lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 1 of the Second Amended Counterclaim and therefore denies it.

2. Pharmacia admits that SICOR Pharmaceuticals, Inc. is a Delaware corporation having a principal place of business at 19 Hughes, Irvine, California 92618. Pharmacia admits that SICOR Pharmaceuticals, Inc. is engaged in the business of making and selling generic injectable pharmaceutical products for the human healthcare market. Pharmacia

otherwise lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 2 of the Second Amended Counterclaim and therefore denies it.

3. Pharmacia admits the allegations of paragraph 3 of the Second Amended Counterclaim, except that it notes that its corporate name is Pharmacia & Upjohn Company, LLC.

4. Pharmacia admits that this Court has jurisdiction over the subject matter of the Amended Counterclaims under 28 U.S.C. §§ 1331 and 1338(a), but denies that 28 U.S.C. §§ 2201 and 2202 confer jurisdiction and otherwise denies the allegations of paragraph 4 of the Second Amended Counterclaim.

5. Pharmacia admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

6. Pharmacia admits that Sicor has denied Pharmacia's allegations regarding the validity, scope, enforceability, and infringement of the claims of the '285 patent, but denies that Sicor has any basis for those denials.

7. Pharmacia denies the allegations of paragraph 7 of the Second Amended Counterclaim.

8. Pharmacia denies the allegations of paragraph 8 of the Second Amended Counterclaim.

9. Pharmacia admits that 37 C.F.R. § 1.56 imposes certain duties upon each individual associated with the filing and prosecution of a patent application. Pharmacia admits that those duties have been set forth in 37 C.F.R. § 1.56, as amended from time to time and elucidated by court decisions. Pharmacia otherwise denies the allegations of paragraph 9 of the Second Amended Counterclaim.

10. Pharmacia admits that the United States Patent Application filed on January 29, 1992 and designated as Serial Number 07/827,742 ("the '742 Application") matured into the '285 patent. Pharmacia otherwise denies the allegations of paragraph 10 of the Second Amended Counterclaim.

11. Pharmacia admits that each individual associated with the filing and prosecution of a patent application has certain duties under 37 C.F.R. § 1.56. Pharmacia also admits that 37 C.F.R. § 1.56(c) currently states:

> Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:
>
> (1) Each inventor named in the application;
>
> (2) Each attorney or agent who prepares or prosecutes the application; and
>
> (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

Pharmacia otherwise denies the allegations of paragraph 11 of the Second Amended Counterclaim.

12. Pharmacia admits that each individual associated with the filing and prosecution of a patent application has certain duties under 37 C.F.R. § 1.56. Pharmacia also admits that the '742 Application matured into the '285 patent. Pharmacia otherwise denies the allegations of paragraph 12 of the Second Amended Counterclaim.

13. Pharmacia denies the allegations of paragraph 13 of the Second Amended Counterclaim.

14. Pharmacia admits that each individual associated with the filing and prosecution of a patent application has certain duties under 37 C.F.R. § 1.56. Pharmacia otherwise denies the allegations of paragraph 14 of the Second Amended Counterclaim.

15. Pharmacia denies the allegations of paragraph 15 of the Second Amended Counterclaim.

16. Pharmacia denies the allegations of paragraph 16 of the Second Amended Counterclaim.

17. Pharmacia admits that Farmitalia was the innovator that brought doxorubicin hydrochloride to market as Adrimycin®. Pharmacia admits that doxorubicin hydrochloride is an anthracycline glycoside that was used to treat certain forms of cancer. Pharmacia admits that Farmitalia obtained patents on doxorubicin hydrochloride and related formulations and uses. Pharmacia also admits that certain anthracycline glycosides may be used to treat certain forms of cancer and that idarubicin hydrochloride is also an anthracycline glycoside that may be used to treat certain forms of cancer. Pharmacia otherwise denies the allegations of paragraph 17 of the Second Amended Counterclaim.

18. Pharmacia admits that Farmitalia filed U. K. Patent Application No. 85-19452 on August 2, 1985. Pharmacia also admits that in 1992 Farmitalia filed the '742 Application claiming priority to the U. K. Patent Application No. 85-19452. Pharmacia further admits that the '742 application matured into the '285 patent. Pharmacia otherwise denies the allegations of paragraph 18 of the Second Amended Counterclaim.

19. Pharmacia admits that Pharmacia AB acquired Farmitalia in 1993 and that Pharmacia AB and The Upjohn Company merged two years later. Pharmacia admits that Pharmacia AB and Upjohn competed in certain businesses in certain geographic areas.

Pharmacia otherwise denies the allegations of paragraph 19 of the Second Amended Counterclaim.

20. Pharmacia admits that the '742 patent application was filed on January 29, 1992 and that on August 22, 2000 the Patent Office issued the '285 patent. Pharmacia otherwise denies the allegations of paragraph 20 of the Second Amended Counterclaim.

21. Pharmacia admits that, during prosecution of the '742 Application, the Patent Office rejected certain then-pending claims for various reasons before determining that the claims were new, useful, and nonobvious and sufficiently supported by the specification (as well as satisfying all other patentability requirements). Pharmacia otherwise denies the allegations of paragraph 21 of the Second Amended Counterclaim.

22. Pharmacia admits that responses to rejections entered by the Patent Office were filed during the prosecution of the '742 application and the Patent Office came to understand that the rejections were improper. Pharmacia otherwise denies the allegations of paragraph 22 of the Second Amended Counterclaim.

23. Pharmacia admits that certain declarations were submitted during the prosecution of the '742 application. Pharmacia further admits that Carlo Confalonieri's May 27, 1991 declaration, submitted during the prosecution of the '742 application, states that, "[b]ased upon the experience of those skilled in the art, when one was preparing the solution of Adriamycin for use in chemotherapy, any adjustment of pH above about 2 would have been performed with a buffer and not with hydrochloric acid." Pharmacia otherwise denies the allegations of paragraph 23 of the Second Amended Counterclaim.

24. Pharmacia admits that Upjohn and Delta West had a corporate relationship prior to Pharmacia AB's merger with Upjohn. Pharmacia further admits that Delta West was

engaged in the production of a doxorubicin hydrochloride product in Australia. Pharmacia otherwise denies the allegations of paragraph 24 of the Second Amended Counterclaim.

25. Pharmacia states that a letter was sent on behalf of Farmitalia to Delta West on August 8, 1991 requesting confirmation that "the assets being acquired by Upjohn from Delta West do not relate to the product currently described as 'Delta West Doxorubicin Hydrochloride Injection U.S.P.'" Pharmacia otherwise denies the allegations of paragraph 25 of the Second Amended Counterclaim.

26. Pharmacia admits that on February 7, 1992 a letter was sent on behalf of Upjohn to counsel for Farmitalia, which letter responded to the August 8, 1991 letter to Delta West and indicated that Upjohn had acquired Delta West. Pharmacia also admits that the February 7, 1992 letter identifies but does not discuss various publications and patents. Pharmacia otherwise denies the allegations of paragraph 26 of the Second Amended Counterclaim.

27. Pharmacia admits that Farmitalia brought suit in 1992 in the Federal Court of Australia, Victoria District, Registry General Division, against Delta West, alleging that Delta West's sale of a doxorubicin hydrochloride product infringed Australian Letters Patent No. 598,197. Pharmacia also admits that Delta West asserted in its defense, among other things, that the Australian '197 patent was invalid. Pharmacia further admits that Pharmacia AB and Upjohn merged into Pharmacia & Upjohn Company in 1995. Pharmacia otherwise denies the allegations of paragraph 27 of the Second Amended Counterclaim.

28. Pharmacia admits that Section 2001.06(c) of the MPEP currently states:

> Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office.

> Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Another example of such material information is any assertion that is made during litigation which is contradictory to assertions made to the examiner. *Environ Prods., Inc. v. Total Containment, Inc.*, 43 USPQ2d1288, 1291 (E.D. Pa. 1997). Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

Pharmacia otherwise denies the allegations of paragraph 28 of the Second Amended Counterclaim.

29. Pharmacia also admits that a copy and translation of the German Opposition Proceeding involving German Patent No. 3621844 (which claims priority from the U.K. '452 Application) were submitted to the Patent Office. Pharmacia otherwise denies the allegations of paragraph 29 of the Second Amended Counterclaim.

30. Pharmacia admits that the Australian '197 patent claims priority from the U.K. '452 Application. Pharmacia otherwise denies the allegations of paragraph 30 of the Second Amended Counterclaim.

31. Pharmacia admits that affidavits from Robert Laurence Weston and William Neil Charman were submitted in the litigation between Farmitalia and Delta West. Pharmacia otherwise denies the allegations of paragraph 31 of the Second Amended Counterclaim.

32. Pharmacia admits that Dr. Charman's affidavit had thirty-six pages and addressed certain publications identified in the February 7, 1992 letter. Pharmacia otherwise denies the allegations of paragraph 32 of the Second Amended Counterclaim.

33. Pharmacia admits that Mr. Weston's affidavit had eighteen pages and addressed some of the publications listed in the February 7, 1992 letter. Pharmacia otherwise denies the allegations of paragraph 32 of the Second Amended Counterclaim.

34. Pharmacia denies the allegations in paragraph 34 of the Second Amended Counterclaim.

35. Pharmacia admits that a portion of the second edition of "The Theory and Practice of Industrial Pharmacy" by Lachman *et al*. is exhibit WNC5 to Dr. Charman's affidavit and relevant portions of the third edition of "The Theory and Practice of Industrial Pharmacy" by Lachman *et al*. were submitted during the prosecution of the '742 application. Pharmacia otherwise denies the allegations of paragraph 35 of the Second Amended Counterclaim.

36. Pharmacia admits that Dr. Charman's affidavit mentions U.S. Patent No. 4,310,515. Pharmacia otherwise denies the allegations of paragraph 36 of the Second Amended Counterclaim.

37. Pharmacia denies the allegations of paragraph 37 of the Second Amended Counterclaim.

38. Pharmacia admits that Carlo Confalonieri states in his May 27, 1991 declaration, "[i]t is my opinion that Wassermann provides no information which would allow one skilled in the art to produce a storage stable Adriamycin solution." Pharmacia also admits that Carlo Confalonieri's May 27, 1991 declaration was submitted to the Patent Office, but denies that it was submitted on July 12, 1996. Pharmacia also admits that Dr. Charman's affidavit describes the generation of certain data. Pharmacia otherwise denies the allegations of paragraph 38 of the Second Amended Counterclaim.

39. Pharmacia admits that it merged with The Upjohn Company, but denies that Upjohn ever owned the '742 Application. Pharmacia otherwise denies the allegations of paragraph 39 of the Second Amended Counterclaim.

40. Pharmacia denies that Upjohn ever owned the '742 Application and denies the allegations in paragraph 40 of the Second Amended Counterclaim.

41. Pharmacia denies the allegations in paragraph 41 of the Second Amended Counterclaim.

42. Pharmacia denies the allegations in paragraph 42 of the Second Amended Counterclaim.

43. Pharmacia denies the allegations in paragraph 43 of the Second Amended Counterclaim.

44. Pharmacia denies the allegations in paragraph 44 of the Second Amended Counterclaim.

45. Pharmacia admits that Carlo Confalonieri's December 14, 1994 declaration in relation to Swedish Patent Application No. 8602743.0 states (among other things), "[i]n practice, the $K_{obs}$ value is calculated on a scientific calculator using regression analysis. This is a routine procedure for those skilled in the art." Pharmacia admits that the declaration also states (among other things), "once $K_{obs}$ is known, the $t_{90}$ value is known…the relationship between reaction rates and temperature is well established." Pharmacia otherwise denies the allegations of paragraph 45 of the Second Amended Counterclaim.

46. Pharmacia admits that an Amendment was submitted on January 6, 1993. Pharmacia otherwise denies the allegations in paragraph 46 of the Second Amended Counterclaim.

47. Pharmacia denies the allegations in paragraph 47 of the Second Amended Counterclaim.

48. Pharmacia denies the allegations in paragraph 48 of the Second Amended Counterclaim.

49. Pharmacia admits the allegations of paragraph 49 of the Second Amended Counterclaim.

50. Pharmacia denies the allegations in paragraph 50 of the Second Amended Counterclaim.

51. Pharmacia denies the allegations in paragraph 51 of the Second Amended Counterclaim.

52. Pharmacia denies the allegations in paragraph 52 of the Second Amended Counterclaim.

53. Pharmacia lacks knowledge or information sufficient to form a belief as to Sicor's beliefs and therefore denies the allegations of paragraph 53 of the Second Amended Counterclaim.

54. Pharmacia admits that correspondence from the Patent Office dated June 23, 1998 informed the Applicants that certain then-pending claims of the '742 application were allowed. Pharmacia otherwise denies the allegations of paragraph 54 of the Second Amended Counterclaim.

55. Pharmacia admits that a document titled "Ninth Supplemental Information Disclosure Statement" was submitted on July 1, 1998, listing 228 references for review and that the document included the language "insofar as an Examiner might consider any of the cited documents important in deciding whether to allow the application to issue as a patent…"

Pharmacia otherwise denies the allegations of paragraph 55 of the Second Amended Counterclaim.

56. Pharmacia denies the allegations in paragraph 56 of the Second Amended Counterclaim.

57. Pharmacia admits that on July 1, 1998 (among other times), the Sandell and the Schou and Jensen references were submitted to the Patent Office. Pharmacia otherwise denies the allegations of paragraph 57 of the Second Amended Counterclaim.

58. Pharmacia denies the allegations in paragraph 58 of the Second Amended Counterclaim.

59. Pharmacia denies the allegations in paragraph 59 of the Second Amended Counterclaim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
 Attorneys for Plaintiff
 Pharmacia & Upjohn Company LLC

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

April 11, 2006

11

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on April 11, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>John G. Day, Esquire
>ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

>**BY HAND**
>
>Steven J. Balick
>John G. Day
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE  19801
>
>**BY FEDERAL EXPRESS**
>
>Reid L. Ashinoff
>David R. Baum
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY  10020
>
>Jordan Sigale
>SONNENSCHEIN NATH & ROSENTHAL LLP
>8000 Sears Tower
>Chicago, IL  60606

>/s/  Maryellen Noreika (#3208)
>Maryellen Norieka (#3208)
>mnoreika@mnat.com