# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 5, 2006

The Honorable Kent A. Jordan                                VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, DE 19801

    Re:   Pharmacia & Upjohn Co., LLC v. Sicor Inc., et al.,
           C.A. No. 04-833-KAJ

Dear Judge Jordan:

      We write on behalf of defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") concerning the schedule for summary judgment briefing and argument. Opening summary judgment and Markman papers are presently due on May 30, 2006. There is no obstacle to filing the Markman papers on May 30, and both parties are available on the July 20 date offered by the Court for oral argument. However, May 30 presents significant difficulties with respect to filing Sicor's summary judgment motion. As explained in detail below, the depositions of the Italian inventors cannot go forward before the May 30 summary judgment date despite the availability of both sides' counsel for most of May. In addition, the Court has stated that it will decide whether Sicor may depose the attorneys who prosecuted the '285 Patent (one of whom is Pharmacia's trial counsel here) only after the Italian depositions are concluded. We respectfully request that an extension in the summary judgment briefing schedule be granted so that Sicor may take the depositions necessary to properly support (and potentially defend) a motion for summary judgment on its inequitable conduct counterclaim.

      After the Court's March 30, 2006 privilege rulings, the parties discussed the outstanding privilege issues and began scheduling depositions that had been held in abeyance to that point. The depositions of Sicor's outside and in-house attorneys were completed this week in California. With respect to the Italian depositions, Jordan Sigale, who will take the inventors' depositions for Sicor, initially offered the weeks of May 8th and May 15th to do so. Pharmacia's counsel's availability was more limited, as was that of the Italian Commissioner, Ms. Racca. Ms. Racca initially informed us that she could not oversee the Italian depositions until the week of May 22. However, Ms. Racca informed us within the past two days that the primary inventor, Carlo Confalonieri, is seriously ill and cannot appear for deposition at all, and that two other inventors, Gaetano Gatti and Diego Oldani, are not available until the first week of June. Ms. Racca stated that she is available during the week of June 5 to oversee the depositions. Based on Ms. Racca's statements, it does not appear that the Italian depositions can be completed before the May 30 due date for summary judgment papers.

Moreover, as the Court may recall, Sicor previously noticed the depositions of the attorneys who prosecuted the '285 Patent on Pharmacia's behalf, Daniel Boehnen and Emily Miao. (Mr. Boehnen is Pharmacia's trial counsel in this action). The Court reserved decision on Sicor's application and Pharmacia's motion for a protective order, pending a determination as to whether Sicor needed those depositions after the Italian inventors' depositions were completed. In an attempt to move the schedule along, and to keep as close to the present summary judgment schedule as possible, we asked Pharmacia if it would produce Mr. Boehnen and Ms. Miao for deposition before the inventors' depositions. Pharmacia would not do so. Sicor continues to believe that there is a significant likelihood that it will need to depose Mr. Boehnen and Ms. Miao in connection its inequitable conduct counterclaims, particularly now in light of Dr. Confalonieri's inability to appear for deposition.

The misrepresentations in Dr. Confalonieri's declarations, which were resubmitted and mischaracterized by Mr. Boehnen and/or Ms. Miao to the U.S. Patent and Trademark Office ("USPTO") are at the center of Sicor's inequitable conduct defense. For example, one of Dr. Confalonieri's declarations used to overcome the USPTO Examiner's citation of the Wassermann citation argued that "a doxorubicin hydrochloride solution which has its pH adjusted to 2.5 *with hydrochloric acid* has superior storage stability to doxorubicin hydrochloride solutions whose pH has been adjusted to 2.0 *with hydrochloric acid*." However, this statement was supported by experiments comparing the stability of doxorubicin in aqueous solution adjusted to pH 2.0 and pH 2.5 with *glycine-HCl*, a physiologically acceptable *buffer*, not an acid. This false comparison is highly material in light of the distinctions Pharmacia drew during prosecution between using buffers to adjust pH and the allegedly unexpected properties provided by using only acids to adjust pH.

Sicor is entitled to probe prosecuting counsel about this misrepresentation to the USPTO, and many other acts related to the prosecution of the '285 patent -- particularly absent the ability to question Dr. Confalonieri on these issues. Pharmacia has indicated that it would oppose Sicor's attempt to depose Mr. Boehnen and Ms. Miao, and that the question would be left to the Court for resolution.

Without ascribing blame, circumstances have placed Sicor between the proverbial rock and hard-place. Under the current schedule, Sicor would have to file opening summary judgment papers, including a motion directed to the inequitable conduct counterclaims, without having taken the depositions necessary to prove such counterclaims. We respectfully submit that such a result would be unfair, and for that reason, request an extension of the summary judgment briefing schedule -- specific due dates could be calculated as soon as we receive confirmation from Ms. Racca as to when the Italian depositions will proceed, and a ruling from the Court on Pharmacia's motion for a protective order regarding the depositions of prosecuting counsel.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

The Honorable Kent A. Jordan
May 5, 2006
Page 3

JGD: nml

169222.1

cc:     Clerk of the Court (via electronic filing)
        Maryellen Noreika, Esquire (by hand)
        Daniel A. Boehnen, Esquire (by electronic mail)
        Reid L. Ashinoff, Esquire (by electronic mail)