# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

MARYELLEN NOREIKA
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

May 8, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

    Re:   Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*
           C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

    We write in response to Sicor's May 5, 2006 letter regarding testimony of the Italian inventors. Sicor is solely responsible for the difficult position in which it now finds itself, and Sicor's attempt to blame Pharmacia's counsel and the Italian commissioner for part of the delay is based on factual inaccuracies.[1]  Sicor knew it wanted this testimony literally years ago; Pharmacia respectfully submits that Pharmacia should not be prejudiced by Sicor's failure to timely seek it.

    At the March 30, 2006 teleconference before the Court, Sicor asked for "a month to six weeks relief from the claim construction filing dates and summary judgment filing dates to get the privilege documents issues worked out, the documents reviewed, the depositions scheduled and taken and the briefs and claim construction positions written." D.I. 215, at 30-31.  The Court responded:

> I'm giving you four weeks of an extension.  That's it.  And I would not suggest you folks wait around to start scheduling.  I heard Mr. Ashinoff's run-down include, well, we'll let these guys work stuff out and then we'll schedule this.  No, you guys start your scheduling now and start working stuff out now.

D.I. 215, at 31-32.  Despite the Court's admonition, Sicor waited more than two weeks to contact Pharmacia to start discussing scheduling the inventor testimony.  Then, despite Pharmacia's concerns about availability of the Commissioner and witnesses, Sicor offered the Commissioner only one week of availability for the testimony.  Ex. C.

---

[1]    Pharmacia's counsel identified the inaccuracies to Sicor's lead counsel and asked Sicor to correct the record before the Court. Ex. A.  Sicor refused to do so. Ex. B.

In its letter, Sicor starts from the proposition that, of its three law firms and six appearing attorneys, only one lawyer is capable of taking the depositions of the Italian inventors. There is, however, no reason to delay this case because Sicor is seeking to accommodate that one lawyer. Ex. D. Given the complexity of this case and numerous extensions already provided to Sicor, Sicor should have been prepared to ask one of the many other lawyers representing it to take these depositions. Neither this Court nor Pharmacia should have to bear the burden of any prejudice because of Sicor's decision to rely on only one lawyer.

In addition, there are two inaccurate statements that underpin Sicor's letter to the Court: First, that "Pharmacia's counsel's availability was more limited [than Sicor's counsel's], as was that of the Italian Commissioner, Ms. Racca." Sicor Letter, p. 1. As the correspondence attached hereto as Exhibit E demonstrates, Pharmacia's counsel was willing to accommodate Sicor's counsel's schedule and was willing to be available at any time before the close of discovery for the taking of testimony. Second, that Ms. Racca informed the parties "that two other inventors, Gaetano Gatti and Diego Oldani, are not available until the first week of June." Sicor Letter, p. 1. Ms. Racca never indicated that Dr. Oldani would not be available during the discovery period; rather, she indicated that she had not been able to contact him on her first day of trying. Ex. F. Sicor then cut off her attempts by asking her to seek dates in early June (after the end of discovery). Ex. G.

Similarly, Sicor's letter provides no basis for lifting the protective order preventing the depositions of MBHB attorneys. Mr. Boehnen and Dr. Miao did not draft Dr. Confalonieri's declarations, and they were not counsel of record when the declarations were originally submitted. Rather, Mr. Boehnen re-submitted all of the declarations for the convenience of the Patent Examiner. Sicor has given no other reason why it is seeking Mr. Boehnen and Dr. Miao's testimony and the protective order should therefore stay in place.

In short, the only reason that discovery cannot proceed on the current track is that Sicor chose to limit its options. Pharmacia should not have to pay for Sicor's limitations. Moreover, even if a short extension of discovery were permitted, Sicor's delay should not effect the trial date in this action. Pharmacia is already harmed by each day of Sicor's infringement; Sicor should not be permitted to compound that harm with its own delay in seeking inventor testimony. Pharmacia respectfully submits that the current schedule should stay in place.

Respectfully,

/s/ Maryellen Noreika (#3208)

Maryellen Noreika

MEN/bav

cc:  Peter T. Dalleo, Clerk (By Hand)
     Steven J. Balick, Esquire (By Hand)
     Reid L. Ashinoff, Esquire (By Fax)
     Jordan Sigale, Esquire (By Fax)
     Daniel A. Boehnen, Esquire (By Fax)