# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 12, 2006

<u>VIA ELECTRONIC FILING</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

**REDACTED PUBLIC**
**VERSION**

Re:    Pharmacia & Upjohn Co. LLC v. Sicor, Inc., et al.,
       C.A. 04-833-KAJ

Dear Judge Jordan:

For the reasons set forth below, Sicor respectfully submits that it has a compelling evidentiary need and legal right to take the depositions of patent prosecuting attorneys Daniel Boehnen and Emily Maio.

Sicor has now deposed, in Italy, five of the six inventors of the patent-in-suit (the '285 patent). However, Sicor has been unable to depose one of the two principal inventors, Dr. Carlo Confalonieri, who provided the vast majority of the declarations submitted by Pharmacia to the PTO during its eight-year prosecution of the '285 patent, and numerous sworn declarations to foreign patent offices to try to obtain patents related to the '285 patent. In fact, the other inventors have now testified that they delegated all responsibility for the worldwide prosecution of this family of injectable, RTU anthracycline glycoside anti-cancer drugs to Dr. Confalonieri. Dr. Confalonieri worked with Pharmacia's various patent attorneys (including Daniel Boehnen) in different countries and with two individuals in Pharmacia's Milan "patent office" whose identities were not disclosed in Pharmacia's Initial Disclosures to Sicor in this case. However, the Italian Referee appointed at this Court's behest was advised, only a few weeks ago, that Dr. Confalonieri was too ill to sit for any deposition in this case.

Through discovery and its own efforts over the past year, Sicor now has documentary and testimonial evidence showing that: (1) several of the Confalonieri declarations submitted by prosecuting attorney Daniel Boehnen and others to the PTO contained false information; (2) Dr. Confalonieri submitted sworn declarations to the Danish and Norwegian patent offices for related patent applications which (i) materially contradicted contemporaneous statements made by prosecuting attorney Daniel Boehnen to the PTO, and (ii) were not themselves submitted to the PTO; (3) prosecuting attorney Daniel Boehnen made misleading statements about the prior art (e.g., the Janssen reference, for one) related to the '285 patent; and (4) prosecuting attorney Daniel Boehnen apparently supervised the dumping of hundreds of references on the PTO, years late and only after the Examiner indicated an intention to grant the patent, while continuing to withhold from

The Honorable Kent A. Jordan
June 12, 2006
Page 2

the PTO unfavorable Australian expert reports in Pharmacia's possession that explained the
relevance of these belatedly filed references.

Mr. Boehnen, who took over the prosecution of the '285 patent years before it issued, has
unique and significant knowledge bearing on Sicor's inequitable conduct and invalidity defenses --
particularly given Dr. Confalonieri's unavailability to testify. Moreover, his colleague at
McDonnell Boehnen Hulbert & Berghoff LLP ("MBHB"), attorney Emily Miao, also submitted
documents to and had at least one personal interview with the PTO relating to the '285 patent. Ms.
Miao appears to have been responsible for the belated submission to the PTO of the prior art from
the Australian patent litigation between Pharmacia and Upjohn's Australian subsidiary, Delta West.
(Exh. A; *see also* ¶¶ 24-41, 54-59 of Sicor's Second Amended Counterclaim). Thus, Ms. Miao also
has unique evidence to offer of her knowledge, her actions, and intentions as well.

Significantly, Pharmacia, in its Second Amended Initial Disclosures in this case, identified
Ms Miao as a "person [that] may have information regarding the prosecution of the '285 patent," but
failed to so identify Mr. Boehnen, its chosen trial counsel, even though Mr. Boehnen's dealings with
the PTO in this patent prosecution appear to have been even more extensive and significant. (Exh.
B at 3). In fact, Pharmacia now relies on Mr. Boehnen's own direct statements to the PTO, which
statements Sicor believes it can show were contradicted by Pharmacia's own data and other
references, at various points in its Claim Construction arguments (*see* Exhs. 22 and 27 to
Pharmacia's Claim Construction Brief, DI no. 232 at Exh. 22: p.10; Exh. 27: p.4)

**Legal Analysis:** The general rule is that an attorney involved in the prosecution of a patent can be
deposed. *Resqnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2004 WL 1627170, at *1
(S.D.N.Y. July 21, 2004) (Exh. C); *Amicus Communications L.P. v. Hewlett-Packard Co.*, No. 99-
0284 HHK/DAR, 1999 WL 33117227, at *2 (D.D.C. Dec. 3, 1999) (Exh. D). Moreover, "[a] patent
prosecution attorney cannot avoid being deposed simply because he is later selected to act as trial
counsel in an infringement action concerning the very patent he helped to prosecute." *Alcon Labs,
Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002).

In a leading case, *Shelton v. Am. Motors Corp.*, the court ruled that an attorney involved in
litigation may be deposed if the party requesting the deposition "has shown that (1) no other means
exist to obtain the information than to depose opposing counsel; (2) the information sought is
relevant and non-privileged; and (3) the information is crucial to the preparation of the case." 805
F.2d 1323, 1327 (8th Cir. 1987) (internal citation omitted); *see Allergan Inc. v. Pharmacia Corp.*,
C.A. No. 01-141-SLR, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) (following *Shelton*) (Exh.
E).

The *Shelton* standards are met easily here. First, all of the available inventors have made it
clear that they had no involvement with the prosecution of the '285 patent before the PTO.[1]
Correspondence produced by Pharmacia just prior to last week's depositions in Italy, further
solidified Sicor's belief that Mr. Boehnen has significant knowledge about the prosecution.
(Exh.G). Further, Ms. Miao is the only person Sicor can depose who has knowledge of the August

---

[1] Dr. Gaetano Gatti testified in Milan, Italy last week that he had delegated all responsibility for the
prosecution of the doxorubicin RTU patents worldwide to Dr. Confalonieri and two individuals in
Pharmacia's Milan "patent office," neither of whom appear on Pharmacia's Initial Disclosures. (Exh. F)

The Honorable Kent A. Jordan
June 12, 2006
Page 3

1996 interview she conducted with the PTO. *See Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 690 (D. Kan. 1990) ("meetings with the patent examiner are relevant to the defense of inequitable conduct"). Similarly, Mr. Boehnen's knowledge when he submitted false statements to the PTO is personal to him and cannot be readily obtained from other sources. In addition, Mr. Boehnen and Ms. Miao (and perhaps Jeremy Noe, another MBHB lawyer), are the only persons who know why Pharmacia and its attorneys waited until after they felt Pharmacia's patent rights were secure before they dumped hundreds of references on the PTO, and even then held back the expert witness reports from the Australian litigation that explained the relevance of those belatedly filed references. *See Environ Prods. Inc. v. Total Containment Inc.,* 41 U.S.P.Q.2d 1302 (E.D. Pa. 1995) ("the lawyer must be allowed to be deposed because he or she is the only one with knowledge of the prosecution of the patent"). Thus, Mr. Boehnen and Ms. Miao are the only persons with certain knowledge about what transpired with the PTO.

Second, there is no question that the information, and the admissions made by Mr. Boehnen, are relevant not only to the issue of patent invalidity, but also to the current inequitable conduct charge. *See Environ Prods. Inc.,* 41 U.S.P.Q.2d at 1302 ("affirmative defense of inequitable conduct makes [the prosecuting attorney's] mental impressions during the reexamination proceedings an issue in this litigation"). Moreover, the information Sicor seeks relates to the proceedings before the PTO, which is not privileged. *See aaiPharma, Inc. v. Kremers Urban Development Co.,* 361 F. Supp. 2d 770, 776 (N.D. Ill. 2005) ("the discovery sought by aai is likely to lead to the discovery of admissible evidence regarding . . . whether MBHB may have violated any duty of candor that applied to any of aai's attorneys or agents.").

Third, the information sought is crucial to Sicor's defenses. Among other things, if any of the attorneys knowingly submitted false information to the PTO or otherwise acted with a lack of candor to the PTO, then the '285 patent would be unenforceable. Likewise, Mr. Boehnen's statements to the PTO mischaracterizing the prior art may prove to be important admissions for Sicor's obviousness defense.

In conclusion, Sicor respectfully submits that it should be allowed to depose Mr. Boehnen and Ms. Miao.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD: nml
Attachments

cc:     Clerk of the Court (via electronic mail; w/attachments)
        Maryellen Noreika, Esquire (via electronic mail; w/attachments)
        Reid L. Ashinoff, Esquire (via electronic mail; w/attachments)
        Daniel A. Boehnen, Esquire (via electronic mail; w/attachments)