# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d                                                                                                               Page 1
Not Reported in F.Supp.2d, 2004 WL 1627170 (S.D.N.Y.), 59 Fed.R.Serv.3d 122
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents

United States District Court,S.D. New York.
RESQNET.COM, INC., Plaintiff,
v.
LANSA, INC., Defendant.
**No. 01 Civ.3578(RWS).**

July 21, 2004.

Kaplan & Gilman, Woodbridge, NJ, By: Jeffrey I. Kaplan, for Third Party Jeffrey Kaplan, of counsel.
Arent Fox, New York, NY, By: Steven Kimelman, for Defendant, of counsel.
Arent Fox, Washington, DC, By: James H. Hulme, for Defendant, of counsel.

*OPINION*

SWEET, J.

**\*1** The third party witness Jeffrey I. Kaplan ("Kaplan"), who is also counsel to plaintiff ResQNet.com, Inc. ("ResQNet"), has moved under Rules 26 and 45, Fed.R.Civ.P., to quash the subpoena served upon him by defendant Lansa, Inc. ("Lansa"), or in the alternative, for a protective order. For the reasons set forth below, the motion is granted, and the subpoena quashed.

*Prior Proceedings*

This action was commenced on April 27, 2001. Discovery with respect to claim construction issues proceeded and a *Markman* hearing was held on June 12, 2002. The opinion of the court construing the claims was rendered in September of 2002, *see ResQNet.com v. Lansa, Inc.,* No. 01 Civ. 3578(RWS), 2002 WL 31002811 (S.D.N.Y. Sept. 5, 2002) (the "September Opinion") and the Court of Appeals for the Federal Circuit affirmed the September Opinion in part and reversed in part on October 16, 2003. *See ResQNet.com v. Lansa, Inc., 346 F.3d 1374 (Fed.Cir.2003).* Discovery resumed and was scheduled to close on June 30, 2004.

On or about June 10, 2004, Lansa served a deposition subpoena on Kaplan, trial counsel for ResQNet. Lansa subsequently identified four topics as subjects for the deposition: (1) the prosecution of five patents alleged to be related, two of which are the subject of this action, (2) communications with the U.S. Patent & Trademark Office, (3) prior art, and (4) draft patent applications. Thereafter, on June 22, 2004, Kaplan filed the instant motion. After further briefing, the motion was marked fully submitted on July 7, 2004.

*The Standard to Be Applied*

Lansa has asserted that Federal Circuit law, rather than the law of this Circuit, applies with respect to the quashing of a subpoena in a patent case. However, on procedural issues not unique to patent law, such as whether litigation counsel has information such that he should be deposed, the Federal Circuit defers to the law of the regional circuit. *See Utah Med. Prods., Inc. v. Graphic Control Corp.,* 350 F.3d 1376, 1381 (Fed.Cir.2003) ("The Federal Circuit applies its own law with respect to issues of substantive patent law and certain procedural issues pertaining to patent law, but applies the law of the regional circuits on non-patent issues."); *Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 856 (Fed.Cir.1999) ("Although under our courtesy rule we are generally guided by the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law, we have applied our own law to both substantive and procedural issues intimately involved in the substance of enforcement of the patent right.") (internal quotation marks and citations omitted). Although the Federal Circuit has applied its own law to discovery disputes in certain contexts, *see, e.g., In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 803 (Fed.Cir.2000), it has also recognized that, in general, "[a]n order quashing a subpoena is not unique to patent law" and should be evaluated under the law of the regional circuit. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,* 813 F.2d 1207, 1209 (Fed.Cir.1987). Lansa has not demonstrated that the instant motion presents issues unique to patent law and, indeed, has relied heavily on a case from this Circuit, *Alcon Labs., Inc. v. Pharmacia Corp.,* 225 F.Supp.2d 340 (S.D.N.Y.2002). Accordingly, the law of this Circuit will apply here.

**\*2** The Federal Rules of Civil Procedure provide that parties may obtain discovery, including by oral depositions, "regarding any matter, not privileged, that is relevant to the claim or defense of any party"

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2004 WL 1627170 (S.D.N.Y.), 59 Fed.R.Serv.3d 122
**(Cite as: Not Reported in F.Supp.2d)**

and that "[r]elevant information need not be admissible ." Fed.R.Civ.P. 26(b)(1). However, a district court may limit

The frequency or extent of the use of discovery methods otherwise permitted under [the federal] rules ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y.2003) (citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir.1992)).

In this Circuit, "depositions of opposing counsel are disfavored ." United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir.1991). The rationale behind the presumption against such discovery is that " 'even a deposition of counsel limited to relevant and nonprivileged information risks disrupting the attorney-client relationship and impeding the litigation.' " Alcon Labs., 225 F.Supp.2d at 344 (quoting Madanes v. Madanes, 199 F.R.D. 135, 151 (S.D.N.Y.2001)). Depositions of opposing counsel are not, however, categorically prohibited. "Rather, 'the request to depose a party's attorney must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself.' " Madanes, 199 F.R.D. at 151 (quoting Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J.1990)).

In determining whether a deposition of opposing counsel is appropriate this Court is guided by *dicta* contained in a recent opinion of the Second Circuit Court of Appeals, In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir.2003).[FN1] In *Friedman,* the Court of Appeals observed that it has never adopted the doctrine set out in Shelton v. Am. Motors Corp., 805 F.2d 1323 (8th Cir.1986), which requires that a party "seeking to depose 'opposing trial counsel' must show that 'no other means exist to obtain the information [sought] than to depose opposing counsel.' " Friedman, 350 F.3d at 68 (quoting Shelton, 805 F .2d at 1327). Describing the *Shelton* rule as "rigid," *id.* at 67, the Second Circuit instead directed that

> FN1. As the attorney who was the subject of the subpoena consented to be deposed by the plaintiffs while the plaintiffs' appeal was still pending, the appeal was rendered moot. Friedman, 350 F.3d at 67.

**\*3** [T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.... Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

Friedman, 350 F.3d at 72. The considerations identified by the Second Circuit in *Friedman* are the factors that will be applied in deciding the instant motion.

*Discussion*

Lansa seeks to depose Kaplan concerning the prosecution of the patents-in-suit because he is the only person who is listed as having prosecuted those patents for ResQNet. Specifically, Lansa seeks to determine when and under what circumstances relevant prior art become known to Kaplan, and argues that the factual information sought from Kaplan and "the role he played during the prosecution history of the patents-in-suit are directly at issue [in] this case." (Lansa Opp. Mem. at 7.)

It is not anomalous for a party to seek to depose the attorney who prosecuted the patent at issue in a litigation. *See* United Phosphorus, Ltd., v. Midland Fumigant, Inc., 164 F.R.D. 245, 249 (D.Kan.1995) ("When a party employs counsel to represent it in a case where an attorney has played a role in the

Case 1:04-cv-00833-KAJ    Document 243-4    Filed 06/19/2006    Page 4 of 6

Not Reported in F.Supp.2d                                                                                                  Page 3
Not Reported in F.Supp.2d, 2004 WL 1627170 (S.D.N.Y.), 59 Fed.R.Serv.3d 122
**(Cite as: Not Reported in F.Supp.2d)**

underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested."). According to Lansa, attorneys that prosecute patents are routinely deposed when the patent is litigated, especially when questions of inequitable conduct arise. *See, e.g., Alcon Labs., 225 F.Supp.2d at 344-45; Environ Prods. Inc. v. Total Containment, Inc., 41 U.S.P.Q.2d 1302, 1306 (E.D.Pa.1996)*; *see also Amicus Communications L.P. v. Hewlett-Packard Co., Inc.,* No. 99 Civ. 284(HHK)(DAR), 1999 WL 33117227, at *2 (D.D.C. Dec. 3, 1999) (noting "that several courts have allowed the depositions of patent prosecution counsel"). The fact that the attorney who prosecuted the patent has been selected to serve as litigation counsel does not, in and of itself, protect that attorney from being deposed. *See, e.g., Alcon Labs., 225 F.Supp.2d at 344* ("Moreover, [the patent holder's] choice of White as trial counsel, with the knowledge that he was the lead prosecuting attorney for the patent, cannot shield his deposition."). Nonetheless, even if the depositions of attorneys who have prosecuted patents may be, as Lansa suggests, routine, Lansa has not established that Kaplan's deposition in this action is either appropriate or necessary.

*No Defense of Inequitable Conduct Has Been Asserted*

**\*4** Lansa argues that Kaplan's deposition is necessary in light of Lansa's affirmative defense of inequitable conduct. The defense of inequitable conduct, giving rise to an inquiry as to the mental impressions of counsel prosecuting the patent, *see Alcon Labs., 225 F.Supp.2d at 344,* has not been explicitly asserted in this action. However, Lansa argues that it has pled inequitable conduct because it has indicated that the patents are unenforceable due to patent misuse. Lansa further argues that it pled, as a separate affirmative defense, that it reserves the right to assert and rely upon any other affirmative defenses as they appear during discovery or as they otherwise become known.

Patent misuse and inequitable conduct are different defenses. Misuse is a defense based upon the idea that a patent properly procured has been broadened in scope impermissibly so as to be used to impose an unreasonable restraint in competition through, for example, an improper licensing or tying arrangement. *See Virginia Panel Corp. v. MAC Panel Co., 133 F.3d 860, 868 (Fed.Cir.1997).* Misuse renders the patent unenforceable during the period of misuse only, and may be cured so that the patent is again enforceable. *See Senza-Gel Corporation v. Seiffart, 803 F.2d 661, 668 n. 10 (Fed.Cir.1986).* Inequitable conduct, on the other hand, renders the patent unenforceable permanently, and involves concealing facts or being dishonest in the procurement of the patent. *See Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc., 45 F.3d 1550, 1556 (Fed.Cir.1995).*

Further, inequitable conduct, like fraud but unlike misuse, must be pled with particularity and is subject to the heightened pleading requirements of *Fed. R. Civ. Proc. 9(b). See Ferguson Beauregard/Logic Controls v. Mega Systems, LLC, 350 F.3d 1327, 1344 (Fed.Cir.2003)* (noting, in *dicta,* that "inequitable conduct, while a broader concept than fraud, must be pled with particularity"); *Agere Sys. Guardian Corp. v. Proxim, Inc., 190 F.Supp.2d 726, 733-34 (D.Del.2000)* ("Although the Federal Circuit has not ruled on whether Rule 8(a) or Rule 9(b) applies to allegations of inequitable conduct, a majority of federal courts have found that allegations of inequitable conduct (*i.e.* fraud before the Patent Office) in patent cases, like other allegations of fraud, are subject to the requirements of Rule 9(b)."); *cf. Rentrop v. Spectranetics Corp.,* No. 04 Civ. 101(PKC), 2004 WL 1243608, at *1-2 (collecting cases requiring that inequitable conduct claims be pled with specificity but observing that Rule 9(b), Fed.R.Civ.P., may not apply to all allegations of inequitable conduct). Lansa has not made any allegations concerning specific prior art concealed adequate to establish an affirmative defense of inequitable conduct, nor may will an affirmative defense of inequitable conduct be inferred here from the fact that Lansa has reserved the right to assert additional, unspecified affirmative defenses.

**\*5** Lansa, therefore, is not entitled to depose Kaplan on issues that have not been pled.[FN2]

> FN2. Lansa has asserted that, even if it is deemed not to have pled inequitable conduct as an affirmative defense, it would seek to amend its answer pursuant to Fed.R.Civ.P. 15(a) to include such a defense. As Lansa has yet to seek leave for such an amendment, however, the possibility that it may do so at some later date has no bearing on the instant motion.

*Lansa Has Not Established a Sufficient Need to Depose Kaplan on Other Grounds*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00833-KAJ   Document 243-4   Filed 06/19/2006   Page 5 of 6

Not Reported in F.Supp.2d                                                                                                      Page 4
Not Reported in F.Supp.2d, 2004 WL 1627170 (S.D.N.Y.), 59 Fed.R.Serv.3d 122
**(Cite as: Not Reported in F.Supp.2d)**

Lansa has indicated that it wishes to depose Kaplan concerning the prosecution of five U.S. patents. However, Lansa has already deposed the inventors of the patents alleged to be relevant, and those depositions included detailed questions about the patent prosecution histories, the cited prior art, the patents in suit, and numerous related issues. The prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories, not what ResQNet's litigation counsel thinks about them. See *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1585 (Fed.Cir.1996). As Lansa has not specified particular subjects not already covered by the prior discovery and has not indicated why the information has not been or cannot be obtained through means other than Kaplan's testimony, it has not established the need for Kaplan's deposition with regard to the prosecution history of the various patents.

Lansa has also asserted that the purpose of Kaplan's deposition would be to elicit facts concerning the communications between Kaplan, as counsel for the patent applicants, and the U.S. Patent and Trademark Office "or other third parties." (Lansa Opp. Mem. at 4 n. 2.) Lansa has had access to the file wrapper since the beginning of this matter in April of 2001, however, and has identified no specific topic or new information as to which Kaplan's testimony would be necessary.

With respect to the issue of prior art, Lansa will have the opportunity to depose an expert witness on prior art as well as ResQNet's witnesses. Any request to depose Kaplan about dates upon which prior art become known could only be directed to an inequitable conduct defense, a defense which has not been pled in this case. To the extent that Lansa is seeking information concerning prior art that is not related to inequitable conduct, it has not shown that such information could not be obtained from a variety of expert and fact witnesses, without resorting to the deposition of Kaplan. Further, any of Kaplan's conclusions regarding the effect of a particular prior art reference on the validity of ResQNet's patents would appear to be protected as attorney work-product.

Finally, it has been suggested that Lansa wishes to depose Kaplan concerning draft patent applications and amendments, petitions, and other such papers that are in the patent file. Lansa has not indicated why Kaplan's deposition as to these topics would be useful or how it would address the privilege issues possibly associated with such draft applications. In any event, to whatever extent draft patent applications were reviewed and revised, they are properly the subject to the testimony of the inventors, all of whom have agreed to be deposed.

*Lansa Has Not Met the Friedman Standard*

**\*6** As set forth above, the first factor identified by the Second Circuit in *Friedman* weighs in favor of Kaplan, as Lansa has established no specific need to depose Kaplan.

The second factor under the standard set forth in *Friedman* is the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation. See *Friedman,* 350 F.3d at 72. Kaplan's role was to prosecute the patents in the U.S. Patent and Trademark Office, and thus, Kaplan was admittedly connected to the subject matter in issue here. However, courts considering the issue of whether a patent attorney prosecuting the application and also serving as litigation counsel may be deposed have strictly limited such depositions to cases where "the prosecuting attorney's mental impressions are crucial" such as situations where an inequitable conduct or fraud claim on the Patent Office has been made. *Alcon Labs.,* 225 F.Supp.2d at 344; *see also Environ Prods.,* 41 U.S.P.Q.2d at 1306. In such cases, the defense of inequitable conduct makes the attorney's mental impressions during the patent prosecution proceedings directly at issue in the litigation. *See, e.g., Environ Products,* 41 U.S.P.Q. at 1306. In the present case, as indicated above, no inequitable conduct defense was pled, rendering Kaplan's importance as a fact witness relatively minimal.

The third factor identified in *Friedman* is the risk of encountering privilege and attorney work-product issues. See *Friedman,* 350 F.3d at 72. Lansa has specifically indicated that it is not seeking privileged information from Kaplan. Nonetheless, given the topical areas Lansa has identified for the deposition, the risk that privilege and attorney work-product issues might arise were Kaplan's deposition to go forward is not negligible. Accordingly, this factor does not weigh in favor of either Kaplan or Lansa.

The extent to which discovery has already been conducted, the fourth *Friedman* factor, weighs against Lansa because virtually all of the discovery

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 5
Not Reported in F.Supp.2d, 2004 WL 1627170 (S.D.N.Y.), 59 Fed.R.Serv.3d 122
**(Cite as: Not Reported in F.Supp.2d)**

has been conducted and completed, and the claim construction issues have already been decided.

Taken together, the various factors identified by the Second Circuit in *Friedman* counsel against permitting the deposition of Kaplan to proceed.

*Conclusion*

The motion to quash the subpoena is granted.

It is so ordered.

S.D.N.Y.,2004.
Resqnet.Com, Inc. v. Lansa, Inc.
Not Reported in F.Supp.2d, 2004 WL 1627170 (S.D.N.Y.), 59 Fed.R.Serv.3d 122

Briefs and Other Related Documents (Back to top)

• 1:01cv03578 (Docket) (Apr. 27, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.