IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>SICOR, INC., and<br>SICOR PHARMACEUTICALS, INC.<br><br>Defendants. | Civil Action No. 04-833 KAJ |

**PHARMACIA & UPJOHN'S OPENING BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT ON
<u>SICOR'S UNCLEAN HANDS AFFIRMATIVE DEFENSE</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *Pharmacia & Upjohn Company LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

June 21, 2006

i.

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF CITATIONS | | ii |
| INTRODUCTION | | 1 |
| NATURE AND STAGE OF THE PROCEEDINGS | | 1 |
| SUMMARY OF ARGUMENT | | 4 |
| STATEMENT OF FACTS | | 5 |
| ARGUMENT | | 5 |
| | I.   SUMMARY JUDGMENT | 5 |
| | II.  UNCLEAN HANDS | 6 |
| | III. SICOR SHOULD NOT BE PERMITTED TO ADD OTHER FACTUAL BASES | 7 |
| CONCLUSION | | 8 |

ii.

## TABLE OF CITATIONS

Page(s)

Cases

*Adickes v. S.H. Kress & Co.*,
    398 U.S. 144 (1970)    2

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)    6

*Aptix Corp. v. Quickturn Design Sys., Inc.*,
    269 F.3d 1369 (Fed. Cir. 2001)    6

*Bio-Technology Gen. Corp. v. Genentech, Inc.*,
    80 F.3d 1553 (Fed. Cir. 1996)    7

*Gaudiosi v. Mellon*,
    269 F.2d 873 (3d Cir. 1959)    6

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
    398 F. Supp. 2d 305 (D. Del. 2005)    6

*Keystone Driller Co. v. General Excavator Co.*,
    290 U.S. 240 (1933)    6

*Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)    6

*Owners Ins. Co. v. James*,
    295 F. Supp. 1354 (N.D. Ga. 2003)    2

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997)    7

Statutes

Fed. R. Civ. P. 33(b)(1)    2

Fed. R. Civ. P. 56(c)    6

1.

## INTRODUCTION

Plaintiff Pharmacia & Upjohn Company, LLC ("Pharmacia") has moved for summary judgment on the affirmative defense of unclean hands. Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") pled unclean hands as a defense separate from inequitable conduct, but have provided simply no evidence or argument to support the defense independently. Under these circumstances, the Court should enter summary judgment and bar Sicor from seeking to introduce evidence at trial related to unclean hands.

## NATURE AND STAGE OF THE PROCEEDINGS

Pharmacia filed this action on July 8, 2004, alleging that Sicor infringed U.S. Patent No. 6,107,285 ("the '285 patent") by making, using, offering for sale, and selling a ready-to-use idarubicin hydrochloride solution. D.I. 1. The '285 patent was issued on August 22, 2000, and covers certain ready-to-use formulations of anthracycline glycosides. Specifically, claim 1 (on which the asserted claims depend)[1] covers:

> A physiologically acceptable solution of anthracycline glycoside selected from the group consisting of idarubicin hydrochloride, doxorubicin hydrochloride and epirubicin hydrochloride dissolved in a physiologically acceptable aqueous solvent, having a pH adjusted to from 2.5 to 5.0 with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid, the concentration of said anthracycline glycoside being from 0.1 to 100 mg/ml, wherein said solution is contained in a sealed container.

Ex. 1.

---

[1] Pharmacia asserts that Sicor has infringed claims 9 and 13 of the '285 patent.

2.

On August 27, 2004, after obtaining a stipulated 30-day extension of time, Sicor filed its Answer, Counterclaim and Demand for a Jury Trial. D.I. 9. Among Sicor's affirmative defenses was a notice-pled allegation of unclean hands. *Id.*, p. 4. Sicor included the same allegation in its June 3, 2005 Amended Answer to First Amended Complaint, Counterclaim and Demand for a Jury Trial, as well as its March 17, 2006 Second Amended Answer to First Amended Complaint, Counterclaim and Demand for a Jury Trial. D.I. 51, p. 4; D.I. 212, p. 3.

In its November 9, 2004 initial disclosures, Sicor did not identify any potential witnesses in relation to unclean hands issues. Ex. 2.

Sicor then made only the briefest incoherent statement in responding to Pharmacia's First Set of Interrogatories in relation to its unclean hands arguments.[2] In full, it stated as follows:

> Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine. Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Pharmacia is barred in whole or in part from maintaining this action by the doctrine of unclean hands due to its wrongful conduct as described above as well as before the U.S. Patent and Trademark Office.
>
> Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for

---

[2] Notably, Sicor's answers to interrogatories were not answered under oath, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(b)(1). Thus, they are not available as to defend against Pharmacia's Motion for Summary Judgment. *Owners Ins. Co. v. James*, 295 F. Supp. 1354, 1362 (N.D. Ga. 2003) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17 (1970)) ("Unsworn statements 'do not meet the requirements of Fed. Rule Civ. Proc. 56(e)' and cannot be considered by a district court in ruling on a summary judgment motion.").

>   Plaintiff to derive or ascertain additional information in response to this interrogatory.
>
>   Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

Ex. 3, p. 25.

Pharmacia twice moved to compel more complete unclean hands contentions from Sicor. D.I. 43, 90. In response to the first motion to compel, Sicor argued that it needed additional written discovery to provide a more complete response. D.I. 44. However, Sicor never amended its unclean hands contentions. After the passage of six months, Pharmacia moved to compel again. Pharmacia's second motion to compel led to the following colloquy with the Court:

>   THE COURT:  . . . Have you guys worked out your contention interrogatory kind of issues, or are we finished with interrogatory disputes? Mr. Boehnen.
>
>   MR. BOEHNEN (Pharmacia counsel):  Your honor, in our view, we're not but we are in the following sense. We think that at this point, Your Honor should make it very clear perhaps by an order that the parties are not going to be able to introduce any arguments, theories, positions that have not been set forth to date in either their interrogatory responses or expert witness reports.
>
>   THE COURT:  Well, let me hear [Sicor counsel]. You've got an issue with that?
>
>   * * *
>
>   MR. ASHINOFF (Sicor counsel):  . . . We essentially don't think we are deficient in our contention interrogatories at this point. We supplemented a number of times. And Mr. Boehnen's letter, as we point out, simply fails to specify in any way where we're deficient. And we don't believe we are.
>
>   THE COURT:  Here is what I understand [Mr. Boehnen] to be saying, and I'm just not going to jump the gun on this. That it's been pulling teeth to get you folks to give them responses. You've

> got some now. He doesn't want later surprises. That's how I read his letters.
>
> MR. ASHINOFF: Your honor, we have laid out what we know . . . . [W]e're awaiting long overdue for a lot of discovery and as we get discovery from them, if that discovery leads us to revise our theories and our contentions, we will file amended interrogatory responses.
>
> THE COURT: All right.
>
> MR. ASHINOFF: We're current in terms of what we have from them now.
>
> THE COURT: So what I hear you saying is unless they give you something that changes your mind, you know what your positions are and you have given them your positions, right?
>
> MR. ASHINOFF: Yes, Your Honor . . . .
>
> THE COURT: Yes, All right. Then we're going to let things just lay where they are right now. If there comes some point later in the case where either side feels like somebody was pulling a rabbit out of the hat and playing a "gotcha" with new legal theories and contentions, we'll just have to address it then. Hopefully, no one will be inclined to try and pull something like that at the last minute. . . .

Ex. 4, pp. 12-14. Sicor provided no subsequent response relating to its unclean hands contentions.

## SUMMARY OF ARGUMENT

Sicor has neither adduced nor identified any evidence that would support its unclean hands affirmative defense. The reason is simple – Pharmacia has not engaged in conduct that would shock the moral sensibilities of a court. Sicor should not be permitted to attempt to save its affirmative defense by besmirching Pharmacia's reputation by raising new allegations now without having given Pharmacia any chance to debunk Sicor's allegations. Sicor should not be permitted to amend its interrogatory response to attempt to assert facts now that would support an unclean hands affirmative defense.

5.

## STATEMENT OF FACTS

Farmitalia Carlo Erba (Pharmacia's predecessor-in-interest) filed the UK priority application underlying its ready-to-use anthracycline glycoside patents on August 2, 1985. Ex. 1. On June 26, 1986, Farmitalia filed the initial U.S. application that, through continuations and divisionals, ripened into the '285 patent. *Id.*

The '285 patent ultimately issued on August 22, 2000. *Id.* Asserted claims 9 and 13 (rewritten in independent form) cover:

> 9. A physiologically acceptable solution of anthracycline glycoside selected from the group consisting of idarubicin hydrochloride, doxorubicin hydrochloride and epirubicin hydrochloride dissolved in a physiologically acceptable aqueous solvent, having a pH adjusted to from 2.5 to 5.0 with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid, the concentration of said anthracycline glycoside being from 0.1 to 100 mg/ml, wherein said solution is contained in a sealed container, and wherein said solution exhibits storage stability as a result of said pH being adjusted to the said pH range using said acids.
>
> 13. A physiologically acceptable solution of idarubicin hydrochloride dissolved in a physiologically acceptable aqueous solvent, having a pH adjusted to from 2.5 to 5.0 with a physiologically acceptable acid that is hydrochloric acid, the concentration of said idarubicin hydrochloride being about 1 mg/ml, wherein said solution is contained in a sealed container.

*Id.*

## ARGUMENT

**I.  SUMMARY JUDGMENT**

Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(c). Issues of material fact are genuine only if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## II. UNCLEAN HANDS

Unclean hands is an affirmative defense that closes the courthouse doors to a party that has "conducted [itself] as to shock the moral sensibilities of the judge." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310 (D. Del. 2005) (quoting *Gaudiosi v. Mellon*, 269 F.2d 873, 882 (3d Cir. 1959)). In other words, it relates only to those situations in which a party's conduct – such as falsification of evidence – is "offensive to the dictates of natural justice." *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001) (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)). Although there is no strict formula for determining when the defense can be invoked, there must be a close connection between the conduct and the pending litigation:

> [C]ourts of equity do not make the quality of suitors the test. They apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation. They do not close their doors because of plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.

*Keystone Driller*, 290 U.S. at 245. The Federal Circuit has refused to find unclean hands, even when egregious misconduct is alleged, when the alleged misconduct is in proceedings not closely related to the pending litigation. *See*, *e.g.*, *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80

F.3d 1553, 1565 (Fed. Cir. 1996); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1570-71 (Fed. Cir. 1997).

In this case, nothing like the type of conduct that would justify a denial of access to the Court has occurred. Sicor bases its defense on some unspecified "wrongful conduct," either as "described above" or "before the U.S. Patent and Trademark Office." Ex. 3, p. 25. Sicor's reference to "wrongful conduct as described above" is utterly incomprehensible, as it did not describe any "wrongful conduct" earlier in its interrogatory answers. *See id.*, pp. 1-24. Instead, it provided the bases for its invalidity, claim construction, laches, and equitable estoppel contentions earlier in its interrogatory answers. *Id.* Nor did Sicor ever identify any conduct before the Patent and Trademark Office that it believed to be wrongful.[3] That is, Sicor has identified *no* factual basis whatsoever for an unclean hands affirmative defense and summary judgment would be proper.

### III. SICOR SHOULD NOT BE PERMITTED TO ADD OTHER FACTUAL BASES

As discussed above, Sicor had ample opportunity and warning that its unclean hands contentions were insufficient. Pharmacia moved twice to compel more complete responses to contention interrogatories; Sicor never amended its contentions. It should not be allowed to do so now; that would be the very type of new theories that the Court decried when Sicor stated that its contentions were complete. Accordingly, Sicor's unclean hands contentions should stand or fall as is; under the governing law, they must fall.

---

[3] Sicor pled inequitable conduct in its Second Amended Answer as an affirmative defense and counterclaim count separately from unclean hands. *See* D.I. 212, pp. 4, 6-19. Furthermore, Sicor pled inequitable conduct with specificity but pled unclean hands only generally. *Id*, pp. 3, 4, 6-19. Thus, Pharmacia assumes that the two are not merely cumulative.

8.

## CONCLUSION

For the foregoing reasons, this Court should grant Pharmacia's Motion for Summary Judgment on Sicor's Unclean Hands Defense.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
   *Pharmacia & Upjohn Company LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL  60606
(312) 913-0001


June 21, 2006

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on June 21, 2006 I caused to be electronically filed Pharmacia & Upjohn's Opening Brief in Support of its Motion for Summary Judgment on Sicor's Unclean Hands Affirmative Defense with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

**BY HAND**

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE  19801

**BY FEDERAL EXPRESS**

>Reid L. Ashinoff
>David R. Baum
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY  10020
>
>Jordan Sigale
>SONNENSCHEIN NATH & ROSENTHAL LLP
>8000 Sears Tower
>Chicago, IL  60606

>*/s/  Rodger D. Smith II*
>Rodger D. Smith (#3778)
>rsmith@mnat.com