EXHIBIT 6
(CONT.)

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 4

Identify and describe in detail all natural persons having responsibility for the **sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the sale of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the sale of Sicor's Idarubicin Hydrochloride Injection Product.

RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 5 SUBPART NO. 5

Identify and describe in detail all natural persons having responsibility for the **importation** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation,

by identifying Sicor's corporate structure relating to the importation of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the importation of Sicor's Idarubicin Hydrochloride Injection Product.

## RESPONSE TO INTERROGATORY NO. 5 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Sicor's Idarubicin Hydrochloride Injection Product is being manufactured in the U.S. and therefore is not being imported into the U.S. Pursuant to Federal Rule of Civil Procedure 33(d). Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

## INTERROGATORY NO. 6:

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to research and development, manufacture, offer for sale, sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable,

to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

## RESPONSE TO INTERROGATORY NO. 6:

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

## INTERROGATORY NO. 6 SUBPART NO. 1

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **research and development** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

## RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals, Inc.

and SICOR-Società Italiana Corticosteroidi S.r.l. (formerly SICOR-Società Italiana

Corticosteroidi S.p.A). Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to

produce documents in response to Pharmacia's First Request for the Production of Documents

which are sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 2

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **manufacture** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals, Inc.

and SICOR-Società Italiana Corticosteroidi S.r.l. (formerly SICOR-Società Italiana

Corticosteroidi S.p.A). Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to

produce documents in response to Pharmacia's First Request for the Production of Documents

which are sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 3

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **offer for sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals

Sales, Inc. and Abbott Laboratories Inc.  Pursuant to Federal Rule of Civil Procedure 33(d),

Defendants intend to produce documents in response to Pharmacia's First Request for the

Production of Documents which are sufficient for Plaintiff to derive or ascertain additional

information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 4

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **sale** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants identify the following entities: SICOR Pharmaceuticals Sales, Inc. and Abbott Laboratories Inc. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 6 SUBPART NO. 5

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to **importation** of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity

under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

RESPONSE TO INTERROGATORY NO. 6 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Sicor's Idarubicin Hydrochloride Injection Product is manufactured in the U.S. and therefore is not imported into the U.S. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

**INTERROGATORY NO. 7:**

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product, Sicor's unit sales volume, unit sales price(s), cost of goods sold, revenues, and gross and net profits associated with such sales; identify each and every document and thing that refers or relates to such unit sales, prices, costs, revenues, and profits; identify each and every customer or dealer to whom Sicor made such sales; and identify all persons knowledgeable about such offers for sale and sales by Sicor.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

INTERROGATORY NO. 7 SUBPART NO. 1

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product, Sicor's **unit sales volume**; identify each and every document
and thing that refers or relates to such unit sales; and identify all persons knowledgeable about
such offers for sale and sales by Sicor.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 2

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product **unit sales price(s)**; identify each and every document and thing
that refers or relates to such prices.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 3

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product **cost of goods sold**; identify each and every document and thing that refers or relates to such costs.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 4

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product **revenues**; identify each and every document and thing that refers or relates to such revenues.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 7 SUBPART NO. 5

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product **gross profits** associated with such sales; identify each and every document and thing that refers or relates to such profits.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

- 38 -

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 5

Defendants identify documents SICOR-PNU 034909-44082 as invoices pertaining to

their sales of Idarubicin Hydrochloride Injection Product.

INTERROGATORY NO. 7 SUBPART NO. 6

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin
Hydrochloride Injection Product, identify, independently for each unit of idarubicin
hydrochloride injection product **net profits** associated with such sales; identify each and every
document and thing that refers or relates to such profits.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 6

Defendants object to this interrogatory on the grounds that it overly broad, unduly

burdensome, seeks information that is not relevant to the subject matter of this litigation and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 6

Defendants identify documents SICOR-PNU 034909-44082 as invoices pertaining to their sales of Idarubicin Hydrochloride Injection Product.

INTERROGATORY NO. 7 SUBPART NO. 7

Identify each and every customer or dealer to whom Sicor made such sales.

RESPONSE TO INTERROGATORY NO. 7 SUBPART NO. 7

Defendants object to this interrogatory on the grounds that it overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain the answer to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

**INTERROGATORY NO. 8:**

Describe in detail the circumstances in which Sicor first became aware of the '285 patent, including without limitation, by identifying the date on which Sicor first became aware of the '285 patent; identifying the individual affiliated with Sicor who first became aware of the '285 patent; identifying how Sicor first became aware of the '285 patent; identifying from whom or where Sicor first became aware of the '285 patent; identifying each and every document or thing that refers or relates to Sicor's first awareness of the '285 patent; and identifying all persons knowledgeable about the circumstances of Sicor's first awareness of the '285 patent.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to this interrogatory on the ground that it is compound and includes discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

- 40 -

INTERROGATORY NO. 8 SUBPART NO. 1

Describe in detail the circumstances in which Sicor first became aware of the '285 patent, including without limitation, identifying each and every document or thing that refers or relates to Sicor's first awareness of the '285 patent; and identifying all persons knowledgeable about the circumstances of Sicor's first awareness of the '285 patent.

RESPONSE TO INTERROGATORY NO. 8 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Defendants became aware of the '285 patent on or shortly after it issued. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 8 SUBPART NO. 2

Identifying the date on which Sicor first became aware of the '285 patent.

RESPONSE TO INTERROGATORY NO. 8 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Defendants first became aware of the '285 patent on or shortly after its issuance date, August 22, 2000.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 8 SUBPART NO. 3

Identifying the individual affiliated with Sicor who first became aware of the '285 patent.

RESPONSE TO INTERROGATORY NO. 8 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: Craig Lea is one of the individuals affiliated with Sicor who became aware of the '285 patent on or shortly after the date of its issuance.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 8 SUBPART NO. 4

Identifying how Sicor first became aware of the '285 patent.

RESPONSE TO INTERROGATORY NO. 8 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly broad, unduly burdensome, seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

- 42 -

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants respond as follows: Sicor first became aware of the '285

patent through its publication by the U.S. Patent and Trademark Office.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 8 SUBPART NO. 5

Identifying from whom or where Sicor first became aware of the '285 patent.

RESPONSE TO INTERROGATORY NO. 8 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it vague, ambiguous, overly

broad, unduly burdensome, seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants respond as follows: Sicor first became aware of the '285

patent from the U.S. Patent and Trademark Office.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

**INTERROGATORY NO. 9:**

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested
or received regarding validity, infringement, enforceability, or liability in relation to the '285
patent, including without limitation, by identifying whether the opinion was written or oral and
formal or informal; identifying the dates on which the opinion was requested, begun, completed,
and delivered; identifying each person involved in the formulation and delivery of the opinion
(including the role each such person had in the formulation and delivery of the opinion);
identifying each person who has received, reviewed, or otherwise been informed of the substance
of the opinion; identifying each and every document or thing that refers or relates to each
opinion; and identifying which opinion or opinions, if any, you will rely upon in this case.

- 43 -

## RESPONSE TO INTERROGATORY NO. 9:

Defendants object to this interrogatory on the ground that it is compound and includes discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

## INTERROGATORY NO. 9 SUBPART NO. 1

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested or received regarding **validity** in relation to the '285 patent, including without limitation, by identifying whether the opinion was written or oral and formal or informal; identifying the dates on which the opinion was requested, begun, completed, and delivered; identifying each person involved in the formulation and delivery of the opinion (including the role each such person had in the formulation and delivery of the opinion); identifying each person who has received, reviewed, or otherwise been informed of the substance of the opinion; identifying each and every document or thing that refers or relates to each opinion.

## RESPONSE TO INTERROGATORY NO. 9 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information and material protected from disclosure by the attorney client privilege and the work product doctrine. Defendants further object on the grounds that, by this interrogatory, Pharmacia is demanding that Defendants prematurely provide information and material relevant to an advice-of-counsel defense prior to Defendants' election to assert that defense, if any. Defendants expressly reserve the right to elect an advice-of-counsel defense as this case proceeds, and will provide reasonable notice of that election, if any, on a mutually acceptable date, after which Defendants will provide the appropriate discovery relevant to that defense.

Defendants further reserve the right to move, if necessary, at any time for a protective order concerning attorney-client communications or work product information or material that concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and willfulness issues for trial.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 9 SUBPART NO. 2

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested
or received regarding **infringement** in relation to the '285 patent, including without limitation,
by identifying whether the opinion was written or oral and formal or informal; identifying the
dates on which the opinion was requested, begun, completed, and delivered; identifying each
person involved in the formulation and delivery of the opinion (including the role each such
person had in the formulation and delivery of the opinion); identifying each person who has
received, reviewed, or otherwise been informed of the substance of the opinion; identifying each
and every document or thing that refers or relates to each opinion.

RESPONSE TO INTERROGATORY NO. 9 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is overly broad, unduly

burdensome and seeks information and material protected from disclosure by the attorney client

privilege and the work product doctrine. Defendants further object on the grounds that, by this

interrogatory, Pharmacia is demanding that Defendants prematurely provide information and

material relevant to an advice-of-counsel defense prior to Defendants' election to assert that

defense, if any. Defendants expressly reserve the right to elect an advice-of-counsel defense as

this case proceeds, and will provide reasonable notice of that election, if any, on a mutually

acceptable date, after which Defendants will provide the appropriate discovery relevant to that

defense.

Defendants further reserve the right to move, if necessary, at any time for a protective

order concerning attorney-client communications or work product information or material that

concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and

willfulness issues for trial.

- 45 -

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 9 SUBPART NO. 3

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested
or received regarding **enforceability** in relation to the '285 patent, including without limitation,
by identifying whether the opinion was written or oral and formal or informal; identifying the
dates on which the opinion was requested, begun, completed, and delivered; identifying each
person involved in the formulation and delivery of the opinion (including the role each such
person had in the formulation and delivery of the opinion); identifying each person who has
received, reviewed, or otherwise been informed of the substance of the opinion; identifying each
and every document or thing that refers or relates to each opinion.

RESPONSE TO INTERROGATORY NO. 9 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it is overly broad, unduly

burdensome and seeks information and material protected from disclosure by the attorney client

privilege and the work product doctrine. Defendants further object on the grounds that, by this

interrogatory, Pharmacia is demanding that Defendants prematurely provide information and

material relevant to an advice-of-counsel defense prior to Defendants' election to assert that

defense, if any. Defendants expressly reserve the right to elect an advice-of-counsel defense as

this case proceeds, and will provide reasonable notice of that election, if any, on a mutually

acceptable date, after which Defendants will provide the appropriate discovery relevant to that

defense.

Defendants further reserve the right to move, if necessary, at any time for a protective

order concerning attorney-client communications or work product information or material that

concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and

willfulness issues for trial.

- 46 -

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

INTERROGATORY NO. 9 SUBPART NO. 4

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested or received regarding **liability** in relation to the '285 patent, including without limitation, by identifying whether the opinion was written or oral and formal or informal; identifying the dates on which the opinion was requested, begun, completed, and delivered; identifying each person involved in the formulation and delivery of the opinion (including the role each such person had in the formulation and delivery of the opinion); identifying each person who has received, reviewed, or otherwise been informed of the substance of the opinion; identifying each and every document or thing that refers or relates to each opinion.

RESPONSE TO INTERROGATORY NO. 9 SUBPART NO. 4

Defendants object to this interrogatory on the grounds that it is overly broad, unduly

burdensome and seeks information and material protected from disclosure by the attorney client

privilege and the work product doctrine. Defendants further object on the grounds that, by this

interrogatory, Pharmacia is demanding that Defendants prematurely provide information and

material relevant to an advice-of-counsel defense prior to Defendants' election to assert that

defense, if any. Defendants expressly reserve the right to elect an advice-of-counsel defense as

this case proceeds, and will provide reasonable notice of that election, if any, on a mutually

acceptable date, after which Defendants will provide the appropriate discovery relevant to that

defense.

Defendants further reserve the right to move, if necessary, at any time for a protective

order concerning attorney-client communications or work product information or material that

concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and

willfulness issues for trial.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 9 SUBPART NO. 5

Identifying which opinion or opinions, if any, you will rely upon in this case.

RESPONSE TO INTERROGATORY NO. 9 SUBPART NO. 5

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information and material protected from disclosure by the attorney client privilege and the work product doctrine. Defendants further object on the grounds that, by this interrogatory, Pharmacia is demanding that Defendants prematurely provide information and material relevant to an advice-of-counsel defense prior to Defendants' election to assert that defense, if any. Defendants expressly reserve the right to elect an advice-of-counsel defense as this case proceeds, and will provide reasonable notice of that election, if any, on a mutually acceptable date, after which Defendants will provide the appropriate discovery relevant to that defense.

Defendants further reserve the right to move, if necessary, at any time for a protective order concerning attorney-client communications or work product information or material that concerns the advice-of-counsel defense or a bifurcation order to separate liability, damages and willfulness issues for trial.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

- 48 -

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Brian T. Moriarty
Michael S. Gugig
Justin N. Kattan
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated: July 29, 2005
159939.1

- 49 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2005, the attached **DEFENDANTS'**

**SECOND SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES**

**BY PLAINTIFF** was served upon the below-named counsel of record at the address and in the

manner indicated:

Maryellen Noreika, Esquire                                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joshua R. Rich, Esquire                                        <u>VIA ELECTRONIC MAIL</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|                                         |   |                      |
|-----------------------------------------|---|----------------------|
| PHARMACIA & UPJOHN COMPANY,             | ) |                      |
|                                         | ) |                      |
| Plaintiff,                              | ) |                      |
|                                         | ) |                      |
| v.                                      | ) |                      |
|                                         | ) | C.A. No. 04-833-KAJ  |
| SICOR INC. and SICOR                    | ) |                      |
| PHARMACEUTICALS, INC.,                  | ) |                      |
|                                         | ) |                      |
| Defendants.                             | ) |                      |

### NOTICE OF SERVICE

The undersigned hereby certifies that on the 29th day of July, 2005, **DEFENDANTS'**

**SECOND SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES**

**BY PLAINTIFF** was served upon the following counsel of record at the address and in the manner

indicated:

Jack B. Blumenfeld, Esquire                                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                                    VIA FEDERAL EXPRESS
McDonnell Boehnen Huibert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Francis C. Lynch
Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Dated: July 29, 2005
149886.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2005, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


Joshua R. Rich, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606


                                        /s/ John G. Day
                                        _____
                                        John G. Day

149886.1