# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>SICOR, INC., and<br>SICOR PHARMACEUTICALS, INC.<br><br>Defendants. | Civil Action No. 04-833 KAJ |

**PHARMACIA'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR ADMISSIONS**

Plaintiff Pharmacia & Upjohn Company, LLC ("Pharmacia"), by and through its undersigned attorneys and pursuant to Rule 36 of the Federal Rules of Civil Procedure, respond to Defendants' First Request for Admissions as follows:

**GENERAL OBJECTIONS**

1. Pharmacia objects to Defendants' Request for Admissions as being overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Defendants have served 174 requests for admission, almost none of which relate to references specifically asserted by Defendants as being relevant to the validity of the asserted claims. *See* Defendants' Second Supplemental Response to Interrogatory No. 1. Furthermore, Defendants have requested admissions of purported facts that are obtainable from other sources that are more convenient, less burdensome, and less expensive than Pharmacia.

2. Pharmacia objects to Defendants' instructions as attempting to place burdens upon Pharmacia that are not permissible under Rule 36 of the Federal Rules of Civil

**Request for Admission No. 35**

Admit that Adriamycin® Product Insert (a representative copy of which is attached as Exhibit R) was issued or otherwise published before August 2, 1985.

**Response to Request for Admission No. 35**

Denied. Exhibit R is dated December 1985.

**Request for Admission No. 36**

Admit that Adriamycin® Product Insert (a representative copy of which is attached as Exhibit R) was made available to the public before August 2, 1985.

**Response to Request for Admission No. 36**

Denied. Exhibit R is dated December 1985.

**Request for Admission No. 37**

Admit that Arcamone *et al.*, Biotechnol. Bioengin. XI:1101-10 (a representative copy of which is attached as Exhibit S) was issued or otherwise published before August 2, 1985.

**Response to Request for Admission No. 37**

Pharmacia objects to the term "was issued or otherwise published" in the context of Request for Admission No. 37 as being vague, undefined, and unclear. Without waiving that objection or the General Objections and after reasonable inquiry, Pharmacia has determined that the information known to or readily obtainable by it is insufficient to determine with certainty whether Arcamone *et al.*, Biotechnol. Bioengin. XI:1101-10 was issued or otherwise published before August 2, 1985. However, Pharmacia currently has no reason to deny that Arcamone *et al.*, Biotechnol. Bioengin. XI:1101-10 was published before August 2, 1985.

17

**Request for Admission No. 44**

Admit that Beijnen *et al.* (1985) J. Paren. Sci. Tech., 39:220-222 (a representative copy of which is attached as Exhibit V) was made available to the public before August 2, 1985.

**Response to Request for Admission No. 44**

Denied.

**Request for Admission No. 45**

Admit that Benvenuto *et al.* (1981) Am. J. Hosp. Pharm., 38:1914-1918 (a representative copy of which is attached as Exhibit W) was issued or otherwise published before August 2, 1985.

**Response to Request for Admission No. 45**

Pharmacia objects to the term "was issued or otherwise published" in the context of Request for Admission No. 45 as being vague, undefined, and unclear. Without waiving that objection or the General Objections and after reasonable inquiry, Pharmacia has determined that the information known to or readily obtainable by it is insufficient to determine with certainty whether Benvenuto *et al.*, Am. J. Hosp. Pharm., 38:1914-18 was issued or otherwise published before August 2, 1985. However, Pharmacia currently has no reason to deny that Benvenuto *et al.*, Am. J. Hosp. Pharm., 38:1914-18 was published before August 2, 1985.

**Request for Admission No. 46**

Admit that Benvenuto *et al.* (1981) Am. J. Hosp. Pharm., 38:1914-1918 (a representative copy of which is attached as Exhibit W) was made available to the public before August 2, 1985.

**Response to Request for Admission No. 46**

Pharmacia objects to the term "was made available to the public" in the context of Request for Admission No. 46 as being vague, undefined, and unclear. Without waiving that objection or the General Objections and after reasonable inquiry, Pharmacia has determined that the information known to or readily obtainable by it is insufficient to determine with certainty whether Benvenuto *et al.*, Am. J. Hosp. Pharm., 38:1914-1918 was made available to the public before August 2, 1985. However, Pharmacia currently has no reason to deny that Benvenuto *et al.*, Am. J. Hosp. Pharm., 38:1914-18 was published before August 2, 1985.

**Request for Admission No. 47**

Admit that Berman *et al.* (1983) Cancer Res., 43:6069-101 (a representative copy of which is attached as Exhibit X) was issued or otherwise published before August 2, 1985.

**Response to Request for Admission No. 47**

Pharmacia objects to the term "was issued or otherwise published" in the context of Request for Admission No. 47 as being vague, undefined, and unclear. Without waiving that objection or the General Objections and after reasonable inquiry, Pharmacia has determined that the information known to or readily obtainable by it is insufficient to determine with certainty whether Berman *et al.*, Cancer Res., 43:6069-101 was issued or otherwise published before August 2, 1985. However, Pharmacia currently has no reason to deny that Berman *et al.*, Cancer Res., 43:6069-101 was published before August 2, 1985.