# EXHIBIT D

769-249-0 DIV
769-206-0 DIV

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:          :
GAETANO GATTI, ET AL.          : EXAMINER: PESELEV
SERIAL NO: 07/827,742          :
FILED: JANUARY 29, 1992        : GROUP ART UNIT: 1803
FOR: INJECTABLE READY-TO-USE   :
     SOLUTIONS CONTAINING
     AN ANTITUMOR              :
     ANTHRACYCLINE GLYCOSIDE

AMENDMENT

HONORABLE COMMISSIONER OF PATENTS & TRADEMARKS
WASHINGTON, D.C. 20231

SIR:

Responsive to the Official Action mailed November 15, 1993, Applicants submit the following remarks.

IN THE CLAIMS

31. (Three times amended) A physiologically acceptable solution of anthracycline glycoside selected from the consisting of idarubicin hydrochloride, doxorubicin hydrochloride and epirubicin hydrochloride dissolved in a physiologically acceptable aqueous solvent, having a pH adjusted to from 2.5 to 5.0 with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, tartaric acid, the concentration of said anthracycline glycoside being from 0.1 to 100mg/ml, wherein said solution is contained in a sealed container and has not been reconstituted from a lyophilizate.

-2-

Cancel claim 32.

REMARKS

Claims 31, 33-38, 40, and 42 appear in this application. Claim 31 has been amended to distinguish Applicants' solutions from prior art solutions which are reconstituted from lyophilizates. Basis for the amendment to Claim 31 is found in canceled Claim 32. The claims stand rejected under 35 USC 103 as obvious over Japanese Patent no. 60-92212 in combination with Baurain et al. (U.S. Patent No. 4,296,105) and Arcamone et al.

According to the Examiner,

> The Japanese patent discloses adjusting the pH of doxorubicin HCl-containing solution to 2.3 with sulfuric acid. . .
> Baurain et al disclose adjusting the pH of doxorubicin HCl-containing solution to 4.0 with sulfuric acid. . .

Japanese application 60-92212 and Baurain et al. (U.S. Patent 4,296,105) are both directed to anthracycline solutions which are freeze-dried to form a lyophilizate, which is later reconstituted in water immediately prior to use. The recitation of a sealed container in Claim 31 distinguishes Applicants' invention from the Japanese application and other prior art references which involve lyophilizates. A sealed container effectively precludes lyophilization, since to lyophilize an unlyophilized solution would necessarily involve removal of water from the container and destruction of the seal.

The adjustment of the pH to 2.3 in the Japanese application is directed to improving the poor <u>rate of</u>

PU 0015068

-3-

solvation of doxorubicin salts, which arises from their facility at forming relatively slow-dissolving gels when first placed in solution. The stability characteristics of these solutions is neither mentioned nor claimed. Consequently, Japanese application 60-92212 contains no teaching of long-term storage stable solutions of anthracycline glycosides, and does not suggest the storage-stable solutions achieved by Applicants.

As with the Japanese application, Baurain et al. does not teach stable solutions of doxorubicin or other anthracyclines. Instead, it is directed toward new derivatives of doxorubicin. The sulfuric acid treatment of the Baurain et al. solution is merely a step lasting ten minutes in the overall preparation of the doxorubicin derivatives claimed (Col. 3, lines 33-38). Consequently it does not teach or suggest Applicants' long-term storage stable solutions. The recitation of a sealed container, together with the requirement that the solution has not been reconstituted from a lyophilizate, effectively distinguishes Baurain et al.

The study conducted by Arcamone et al. was directed to ascertaining the stereochemical properties of adriamycin, not to achieving a new solution achieving long-term storage stability for such compounds. Arcamone et al. used a phosphate buffer, a known technique which does not suggest the use of acids as practiced by Applicants. Arcamone et al. simply prepared several solutions of adriamycin with the well-known phosphate buffers and recorded the "stability."

PU 0015069

-4-

Moreover, the Arcamone et al. claim of achieving a stability of ">1 month" at pH ranges of 3 - 6 is vague, since the actual time over which the compound remained stable is not given, nor is there established any methodology by which stability is determined. Consequently, Applicants disagree with the Examiner's assertion that

> the instant claims [] encompass solutions which have the same stability as the prior art solutions and are therefore not patentable therefrom.

More to the point, neither Arcamone et al. nor any other reference teaches or suggests that strong acids may be substituted for phosphate or other buffers to obtain even equal storage stabilities. In fact, as demonstrated by Applicants, their anthracycline solutions provide superior storage stabilities to the Arcamone buffer solutions.

Prior to Applicants' development of storage stable anthracycline solutions, the practice of reconstituting such solutions from lyophilized powders was common in the prior art. The toxicity of these powders posed significant health risks to health care workers from accidental exposure during handling and reconstitution. By dramatically increasing the storage stability of anthracycline glycosides in solution over the prior art, Applicants' invention allows medical personnel to handle these compounds in sealed glass containers, substantially reducing the risk of accidental exposure.

In view of the above amendments and remarks, it is respectfully submitted that this application is now in

PU 0015070

-5-

condition for allowance. Early notice to this effect is respectfully requested.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Richard D. Kelly
Registration No. 27,757

Crystal Square Five - Fourth Floor
1755 South Jefferson Davis Highway
Arlington, VA   22202
(703) 413-3000
RDK/TLS

PU 0015071