# EXHIBIT E



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/827,742 | 01/29/92 | GATTI | | 8 769-249-0-DI |

| | | EXAMINER |
|---|---|---|
| | | PESELEV, E |
| | | ART UNIT PAPER NUMBER |
| | | 1803 |

18N1/0926
OBLON, SPIVAK, MC CLELLAND, MAIER AND
NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HWY.
ARLINGTON, VA 22202

DATE MAILED: Remailed
09/28/94
1-30-96

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined   ☒ Responsive to communication filed on 5-6-94   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I)   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims 31, 33-38, 40 and 42 _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims 31, 33-38, 40 and 42 _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. 07/503,856; filed on 4-3-90.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

PU 0015075

Serial No. 827742                           -2-

Art Unit   1803

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

A patent may not be obtained though the invention is not
identically disclosed or described as set forth in section
102 of this title, if the differences between the subject
matter sought to be patented and the prior art are such that
the subject matter as a whole would have been obvious at the
time the invention was made to a person having ordinary
skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which
the invention was made.

Subject matter developed by another person, which qualifies
as prior art only under subsection (f) or (g) of section 102
of this title, shall not preclude patentability under this
section where the subject matter and the claimed invention
were, at the time the invention was made, owned by the same
person or subject to an obligation of assignment to the same
person.

This application currently names joint inventors.  In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered
therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out
the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order
for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

Claims 31, 32-38, 40, 42 and 44 are rejected under 35 U.S.C.

§ 103 as being unpatentable over the Japanese patent no. 60-92212

in combination with Baurain et al (U.S. Patent no. 4,296,105) and

Arcomone et al.

The Japanese patent discloses adjusting the pH of

doxorubicin HCl-containing solution to 2.3 with hydrochloric acid

(see page 9).

Baurain et al disclose adjusting the pH of doxorubicin HCl-

PU 0015076

Serial No. 827742                    -3-
Art Unit   1803

containing solution to 4.0 with sulfuric acid (see column 3).

Arcamone et al disclose a solution of doxorubicin having the pH in the range of 3-6.

Therefore, a person having ordinary skill in the art at the time the instant invention was made would have been motivated to adjust the pH of anthracycline glycoside- containing solution to 2.5 with hydrochloric acid because such a person would have expected the pH of 2.3 and the pH of 2.5 to produce the same results. Further, a person having ordinary skill in the art would have been motivated to adjust the pH of anthracycline glycoside-containing solution to a higher pH such as pH 4 as disclosed by Baurain et al or higher as disclosed by Arcamone et al with other physiologically acceptable acid, such as sulfuric acid, as disclosed by Baurain et al, because such a person would have expected the resulting solutions to have similar stabilities.

Applicant's arguments filed May 12, 1994 have been fully considered but they are not deemed to be persuasive.

Applicants contend that the Japanese application and Baurain et al. are both directed to anthracycline solutions which form a lyophilizate, which is later reconstituted in water. Same argument has not been found persuasive because a lyophilizate which is reconstituted in water is not been to be patentably distinct from an unlyophilized solution. Further, the purpose

PU 0015077

Serial No. 827742                          -4-
Art Unit    1803

for which the doxorubicin solution was adjusted to pH of 2.3 as
disclosed by the Japanese patent is immaterial and the stability
of the formed solution is an inherent property of said solution.
Also, the stability of solution disclosed by Baurain et al is an
inherent property of said solutions even if said solutions
represented merely a step lasting ten minutes in the preparation
of doxorubicin derivatives.          Applicants have not presented
any evidence in verified form showing that the claimed
compositions have a significantly better stability than the
compositions disclosed by the Japanese paten and Baurain et al.
Note that the Arcamone et al reference was used only to show
the adjustment of the pH of doxorubicin solutions to 3-6.  The
substitution of phosphate buffer disclosed by Arcamone et al with
hydrochloric acid disclosed by the Japanese patent or sulfuric
acid disclosed by Baurain et al. would have been prima facie
obvious to a person having ordinary skill in the art at the time
of the instant invention.

    Claims 31, 32-38, 40, 42 and 44 are rejected under the
judicially created doctrine of obviousness-type double patenting
as being unpatentable over claims 1-6 of U.S. Patent No.
4,946,831.  Although the conflicting claims are not identical,
they are not patentably distinct from each other because the
compositions claimed in the patent no. 4,946,831 are encompassed
by the instant claims.

PU 0015078

Serial No. 827742                          -5-

Art Unit   1803

The obviousness-type double-patenting rejection is a judicially established doctrine based upon public policy and is primarily intended to prevent prolongation of the patent term by prohibiting claims in a second patent not patentably distinct from claims in a first patent.  In re Vogel, 164 USPQ 619 (CCPA 1970).  A timely filed terminal disclaimer in compliance with 37 C.F.R. § 1.321(b) would overcome an actual or provisional rejection on this ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 C.F.R. § 1.78(d).

The English translation of the Bohne et al reference has not been received.

THIS ACTION IS MADE FINAL.  Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Elli Peselev whose telephone number is (703) 308-4616.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group Receptionist whose telephone number is (703) 308-0196.

JOHN W. ROLLINS
PRIMARY EXAMINER
ART UNIT 18○

Peselev/tf
September 15, 1994

PU 0015079