## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,   )
LLC,   )        **REDACTED PUBLIC VERSION**
   )
         Plaintiff,   )
   )
     v.   )
   )
SICOR INC. and SICOR   )        C.A. No. 04-833-KAJ
PHARMACEUTICALS, INC.,   )
   )
         Defendants.   )

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## ON DEFENDANTS' UNCLEAN HANDS AFFIRMATIVE DEFENSE

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Jordan A. Sigale
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

Dated: July 14, 2006

# TABLE OF CONTENTS

NATURE AND SCOPE OF PROCEEDINGS..................................................................... 1

SUMMARY OF ARGUMENT .................................................................................... 2

THE PATENT-IN-SUIT............................................................................................ 4

ARGUMENT ......................................................................................................... 5

I.      PHARMACIA CANNOT SATISFY THE SUMMARY JUDGMENT STANDARD...... 5

II.     THE LAW OF UNCLEAN HANDS SUPPORTS SICOR'S AFFIRMATIVE
        DEFENSE................................................................................................. 5

III.    THERE IS ABUNDANT RECORD EVIDENCE OF PHARMACIA'S
        UNCLEAN HANDS, WHICH SHOULD RESULT IN DENIAL OF
        THE PRESENT MOTION ............................................................................. 7

        A.     Pharmacia's Misconduct Before The USPTO Is Demonstrated In The
               Evidentiary Record ........................................................................ 8

        B.     Pharmacia Has Unclean Hands Based On Its Representations To Sicor That
               A Similar And Related Patent Was Invalid, And That Sicor's Method Of
               Producing Idarubicin Hydrochloride Would Be Non-Infringing...................... 12

        C.     Pharmacia's Misconduct Related To The Italian Depositions.............................. 14

CONCLUSION...................................................................................................... 19

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..................................................5

*Aptix Corp. v. Quickturn Design System Inc.*, 269 F.3d 1369 (Fed. Cir. 2001) .............7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................5

*Consolidated Aluminum Corp. v. Foseco International Ltd.*, 910 F.2d 804
 (Fed. Cir. 1990)...........................................................................................................6

*eSpeed Inc. v. Brokertec USA, LLC*, 417 F. Supp. 2d 580 (D. Del. 2006) ...............8-9

*Elk Corp. of Dallas v. GAF Building Materials Corp.*, 168 F.3d 28 (Fed. Cir. 1999) ...................9

*France Telecom S.A. v. Novell, Inc.*, No. 102-437-GMS, 2002 WL. 31355255
 (D. Del. Oct. 17, 2002) ............................................................................................6, 9

*Gaudiosi v. Mellon*, 269 F.2d 873 (3d Cir. 1959).........................................................18

*General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405 (Fed. Cir. 1994) ..................6

*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933) ............................6

*Li Second Family Ltd. v. Toshiba Corp.*, 231 F.3d 1373 (Fed. Cir. 2000) ......................9

*MSM Investments Co. v. Carolwood Corp.*, 259 F.3d 1335 (Fed. Cir. 2001) ..................5

*Precision Instrument Manufacturing Co. v. Automotive Maintenance Machine,*
 324 U.S. 806 (1945)...............................................................................................5, 11

*Weatherford International Inc., v. Casetech International Inc.*, No. Civ.A.H.-03-5383,
 2005 WL. 1745457 (S.D. Tex. July 25, 2005)........................................................6, 9

## STATUTES & REGULATIONS

37 C.F.R. § 1.56(a)(2006)............................................................................................9

Fed. R. Civ. P. 26........................................................................................................8

Fed. R. Civ. P. 56........................................................................................................5

## OTHER AUTHORITIES

27A Am. Jur.2d, *Equity* § 131 ....................................................................................14

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") respectfully submit this Memorandum of Law in opposition to the motion of plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") for summary judgment with respect to Sicor's affirmative defense of unclean hands. As set forth in detail below, there is substantial record evidence demonstrating that Pharmacia engaged in material misconduct both before the United States Patent and Trademark Office ("USPTO") during the prosecution of the patent-in-suit, and in this litigation. Based on this voluminous evidence and the applicable law, a reasonable finder of fact could surely conclude that Pharmacia's unclean hands bars it from succeeding in having this Court exercise its considerable equitable powers to enforce Pharmacia's purported patent rights against Sicor. The motion for summary judgment should thus be denied.

## NATURE AND SCOPE OF PROCEEDINGS

Pharmacia alleges that Sicor infringed U.S. Patent No. 6,107,285 ("the '285 patent"), which covers a ready-to-use idarubicin hydrochloride injection.[1] Discovery is complete, with the exception of Sicor's request to take the depositions of the attorneys who prosecuted the '285 patent, Daniel Boehnen and Emily Miao (Mr. Boehnen is also trial counsel for Pharmacia in this case). On July 7, 2006, the Court will hear argument on whether the attorney depositions noticed by Sicor should proceed over Pharmacia's motion for protective order.

Opening and responsive claim construction briefs have been filed by the parties, and opening summary judgment papers have been filed. Oral argument on claim construction and the pending summary judgment motions is scheduled for July 21, 2006.

Another open issue concerns the privileged status of the document the parties have referred to as Exhibit 106. That issue is now *sub judice* before the Court. (D.I. nos. 205, 210,

---

[1]     Unless otherwise specified, the terms "Pharmacia" and "Sicor" as used in this brief include all predecessors-in-interest and subsidiaries of these parties.

217). As set forth below, Exhibit 106 is an important piece of evidence demonstrating Pharmacia's wrongful conduct vis-à-vis Sicor.

Trial is scheduled to commence in November 2006.

## SUMMARY OF ARGUMENT

Pharmacia casts the present motion as one for summary judgment. It is not. Rather, it is really a motion in limine, which asks this Court for a broad evidentiary ruling precluding Sicor from introducing evidence of Pharmacia's unclean hands. The first paragraph of Pharmacia's opening brief makes this intent clear, stating: "[T]he Court should enter summary judgment and bar Sicor from seeking to introduce evidence at trial related to unclean hands." (D.I. 248 at 1). Pharmacia's evidentiary motion is baseless, and highlights Pharmacia's concern that it can and will be taken to task for its misconduct during the prosecution of the '285 patent and during the course of this litigation.

Sicor's unclean hands defense – which subsumes but is broader than its inequitable conduct allegations (thus significant overlap exists) – incorporates both Pharmacia's pattern of misconduct during the prosecution of the '285 patent and its misconduct throughout its prosecution of this litigation. In its motion, Pharmacia asserts (1) that it is unaware of what Sicor has identified as Pharmacia's wrongful conduct before the USPTO, and (2) that Sicor has provided no additional grounds for its unclean hands defense. Neither of these assertions is true. Nor can they form the foundation for summary judgment.

Pharmacia's claim that Sicor did not inform it of the bases for Sicor's unclean hands defense with respect to Pharmacia's misconduct before the USPTO is demonstrably wrong. Sicor has repeatedly and specifically catalogued Pharmacia's misconduct before the USPTO in its pleadings and responses to discovery requests, and specifically incorporated its description of this misconduct into its response to Pharmacia's unclean hands contention interrogatory. (*See,*

*e.g.,* Sicor's Supplemental Responses to Pharmacia's First Interrogatory Request (Ex. 1 at 20);
Sicor's Second Amended Answer to First Amended Complaint, Counterclaim and Demand For
A Jury Trial (Ex. 2 at 6-19) (the "Amended Counterclaim"); Sicor's Motion to Amend
Counterclaim (D.I. 92); Sicor's Response to Pharmacia's Second Set of Interrogatories (Ex. 3 at
4-6); Letters to Court Regarding Depositions of Prosecuting Attorneys (Exs. 4, 5).

Pharmacia's second assertion – that Sicor has not identified grounds for unclean hands
other than those set forth in its inequitable conduct allegations – is disingenuous. Substantively,
examples of Pharmacia's misconduct abound in the evidentiary record of this case, and are
discussed herein. Moreover, as Pharmacia well knows, Sicor could not have yet pled at least two
additional grounds for its unclean hands defense. With respect to one, the relevant events only
unfolded during the recent, June 2006 depositions in Italy. With respect to the other, Pharmacia
has moved to preclude Sicor from using the critical document underlying this misconduct –
Exhibit 106 – attempting to prevent Sicor from using this further evidence of its misconduct in
this litigation.

After making numerous misrepresentations and material omissions to the USPTO
(discussed below) in an effort to get the '285 patent issued, Pharmacia engaged in a course of
litigation misconduct designed specifically to frustrate Sicor's efforts at learning the full extent
of these misrepresentations. Initially, Pharmacia refused to cooperate with Sicor's efforts to take
the depositions of the '285 patent's inventors. Pharmacia went so far as to represent to this Court
that it had no control over at least four of the named inventors and thus could not produce them
for an American style deposition (Ex. 6 at 1-2), forcing Sicor to employ the Hague Convention to
obtain the inventor depositions in Italy. However, Pharmacia did not disclose to this Court or to
Sicor that

**REDACTED**

3

**REDACTED**

Another of the many examples of Pharmacia's unclean hands is the fact that it brought this lawsuit despite

**REDACTED**

Simply put, there is abundant record evidence creating, at a minimum, a genuine issue of material fact regarding Sicor's unclean hands defense. Pharmacia thus cannot meet its burden and its summary judgment motion should be denied.

## THE PATENT-IN-SUIT

The '285 patent is entitled "Injectable ready-to-use solutions containing an antitumor anthracycline glycoside." (Ex. 9). It was filed on January 29, 1992, and issued on August 22, 2000, following a series of divisional and continuation patent applications all of which claimed priority from United Kingdom patent application UK 8519452 (filed August 2, 1985) (the "UK Application"). (Ex. 10; *see also* D.I. 232 at 2 (claiming priority based upon the UK Application)).

On its face, the '285 patent states that it covers "a stable intravenously injectable ready-to-use solution of an antitumor anthracycline glycoside." (Ex. 9 at 1:7-9). In particular, the

claims of the '285 patent are directed to ready-to-use solutions of three anthracycline glycoside

antibiotics in their hydrochloride salt forms, including idarubicin hydrochloride, the drug at issue

in this lawsuit. *(Id.* at 1:61-65).[2]

## ARGUMENT

## I.    PHARMACIA CANNOT SATISFY THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the moving party establishes that there

exists no genuine issue of material fact in dispute, and that it is thus entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c). As the moving party, Pharmacia must identify those

portions of the pleadings, depositions, interrogatories, and admissions on file together with

affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *See*

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). However, "the evidence of the

nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *MSM*

*Invs. Co. v. Carolwood Corp.*, 259 F.3d 1335, 1338 (Fed. Cir. 2001) (quoting *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Thus, in adjudicating this motion, the Court

should view all of the evidence in the light more favorable to Sicor. *See id.*

Pharmacia cannot satisfy its burden here. The record evidence amply demonstrates the

existence of a factual question regarding Pharmacia's unclean hands, thus precluding the entry of

summary judgment on that issue.

## II.   THE LAW OF UNCLEAN HANDS SUPPORTS SICOR'S AFFIRMATIVE
         DEFENSE

Because "he who comes into equity must come with clean hands," the doctrine of

unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad

faith." *Precision Instrument Mfg. Co. v. Automotive Maint. Mach.*, 324 U.S. 806, 814 (1945).

---

[2]    The other two anthracycline glycosides discussed in the '285 patent are doxorubicin
hydrochloride and epirubicin hydrochloride. *(Id.* at 23:5-8).

The Court's discretion in applying this doctrine is broad: "[i]t is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." *Id.* at 815 (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245-46 (1933)). Where, as here, a case involves public interests in addition to the litigants' private interests, the doctrine "assumes even wider and more significant proportions." *Id.* Thus, "[t]he far-reaching social and economic consequences of a patent, [] give the public a paramount interest in seeing that patent monopolies spring from backgrounds free from" conduct that transgresses equitable standards. *Id.*

From this broad unclean hands doctrine, the narrower, patent-specific concept of inequitable conduct arises. *See General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) ("The concept of inequitable conduct in patent procurement derives from the equitable doctrine of unclean hands: that a person who obtains a patent by intentionally misleading the PTO can not enforce the patent.") (citation omitted). Pharmacia wrongly suggests that Sicor's inequitable conduct and unclean hands defenses are identical. (D.I. 248 at 1). However, in the patent context, including in the "context of non-disclosure to the PTO," unclean hands and inequitable conduct defenses are separate. *See France Telecom S.A. v. Novell, Inc.*, No. 102-437-GMS, 2002 WL 31355255, at *3 (D. Del. Oct. 17, 2002) (attached as Ex. 11); *Weatherford Int'l Inc., v. Casetech Int'l Inc.*, No. Civ.A.H.-03-5383, 2005 WL 1745457, at *2 (S.D. Tex. July 25, 2005) (attached as Ex. 12). A specific category of actions constitutes inequitable conduct – namely intentional misrepresentations or omissions of material information before the USPTO. But, "[u]nclean hands [] remains a broader defense less amenable to a particular checklist of elements." *France Telecom S.A.*, 2002 WL 31355255, at *3; *see also Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990).

The remedies provided by each of these defenses differ as well. Under the doctrine of unclean hands, misconduct bars the offending party from obtaining a remedy in the litigation before the Court, and thus provides a basis for dismissal. *See Aptix Corp. v. Quickturn Design Sys. Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001). Inequitable conduct, on the other hand, renders the patent unenforceable, thus precluding recovery for infringement in any case in any United States jurisdiction. *Id.* at 1376.

While much of the same evidence supports both defenses, Pharmacia's argument that Sicor's inequitable conduct and unclean hands defenses are duplicative is incorrect as a matter of law.

## III.    THERE IS ABUNDANT RECORD EVIDENCE OF PHARMACIA'S UNCLEAN HANDS, WHICH SHOULD RESULT IN DENIAL OF THE PRESENT MOTION

Especially in the patent context, the defense of unclean hands not only "prevents a wrongdoer from enjoying the fruits of his transgression, but averts an injury to the public." *Precision Instrument Mfg. Co.*, 324 U.S. at 815. Here, Pharmacia's unclean hands can be seen in its numerous material misrepresentations and omissions to the USPTO during the patent prosecution process and in its litigation conduct in this action.

Sicor's defense of and counterclaim for inequitable conduct deal solely with Pharmacia's troubling behavior before the USPTO. However, as Sicor stated in its Supplemental Responses to Pharmacia's First Set of Interrogatories, Pharmacia's *"wrongful conduct [] before the U.S. Patent and Trademark Office"* is also evidence of unclean hands. (Ex. 1 at 20) (emphasis added). Thus, Sicor expressly incorporated Pharmacia's misconduct before the USPTO into its unclean hands defense, and Pharmacia cannot colorably argue that it is unaware of the bases and evidence supporting this "wrongful conduct." Those bases have been extensively discussed in Sicor's Amended Counterclaim (Ex. 2 at 6-19), Sicor's Brief in Support of Motion for Leave to Amend Amended Counterclaims (Ex. 13 at 3-5), and in Sicor's Supplemental Responses to

7

Pharmacia's First Set of Interrogatories (Ex. 1 at 20).  Pharmacia's assertion that Sicor has

produced "no evidence" of this wrongful conduct before the PTO is, at very best, fanciful.[3]

Moreover, there could have been no discussion of the bases for Sicor's unclean hands

defense as they relate to the Italian depositions or the contents of Exhibit 106, because those

depositions were completed less than one month ago and because the parties await the Court's

ruling on the status of Exhibit 106.  Pharmacia's claim that Sicor has been somehow deficient in

explaining the grounds for its unclean hands defense is simply incorrect.

So is Pharmacia's claim that Sicor's unclean hands defense is not related to the issues

raised in this litigation.  (D.I. 248 at 6).  It is difficult to conceive how Sicor's defense could be

more closely related – it is grounded upon Pharmacia's misconduct before the USPTO in

prosecuting the patent-in-suit,

**REDACTED**

and Pharmacia's litigation misconduct in the present action.   Pharmacia's allegations of

unrelatedness are pure folly.

**A.     Pharmacia's Misconduct Before The USPTO Is Demonstrated In The
Evidentiary Record**

It is well established that "[p]atent applicants have a duty to prosecute applications in the

PTO with candor, good faith, and honesty."  *eSpeed Inc. v. Brokertec USA, LLC,* 417 F. Supp. 2d

---

[3]      If Pharmacia's contention is that Sicor may not maintain this defense because it did not
update its interrogatory responses on unclean hands, it is mistaken.  Rule 26(e) imposes a duty to
supplement or correct a disclosure or response only "if the additional or corrective information
has not otherwise been made known to the other parties during the discovery process or in
writing." Fed. R. Civ. P. 26(e) (emphasis added); *see also* Advisory Committee Notes to the
1993 Amendment to Rule 26(e) ("There is, however, no obligation to provide supplemental or
corrective information that has been otherwise made known to the parties in writing or during the
discovery process.") (emphasis added).  Sicor's pleadings, written motions and responses to
Pharmacia's interrogatories, surely placed Pharmacia on notice of the conduct Sicor considers to
be "wrongful conduct [] before the U.S. Patent and Trademark Office."

580, 590 (D. Del.) (KAJ); *see also* 37 C.F.R. § 1.56(a)(2006). An applicant for a patent engages

in inequitable conduct before the USPTO when he or she withholds or misrepresents information

material to the patentability of his invention. *See Li Second Family Ltd. v. Toshiba Corp.*, 231

F.3d 1373, 1378 (Fed. Cir. 2000); *eSpeed Inc.,* 417 F.Supp. 2d at 591. Specifically, patent

applicants and their attorneys have a duty to disclose to the USPTO information of which they

are aware that is material to the examination of the application, and cannot omit contrary or

harmful information from their submissions to the USPTO. *See Elk Corp. of Dallas v. GAF*

*Bldg. Materials Corp.,* 168 F.3d 28, 30 (Fed. Cir. 1999). Once again, while such

misrepresentations support a defense of inequitable conduct, they may also be considered in

determining whether a party seeking equity has come to the Court with clean hands. *See France*

*Telecom*, 2002 WL 31355255, at *3; *Weatherford Int'l Inc.,* 2005 WL 1745457, at *2.

   Over the course of prosecuting the '285 patent, Pharmacia repeatedly engaged in

misleading and deceptive conduct before the USPTO. As set forth more fully in Sicor's

responses to Pharmacia's Fourth Set of Interrogatories (Ex. 14) as well as in Sicor's Amended

Counterclaim (Ex. 2) and other submissions to the Court, agents of Pharmacia (among other

acts): (1) submitted declarations containing false statements regarding two critical pieces of prior

art – the Wasserman and Janssen articles (Ex. 5 at 1), (Ex. 14 at 10-12, 17), (Ex. 2 at 15-17), (Ex.

13 at 4-5), and (Ex. 15 at 2, 14-15); (2) submitted statements from a prosecuting attorney

concerning the Janssen article that contradicted declarations submitted by one of the named

inventors in connection with related patent applications filed in foreign jurisdictions (Ex. 4 at 2)

(Ex. 5 at 1); (3) submitted statements that falsely communicated to the USPTO that stability

studies had been conducted for numerous drugs, when such studies had not been undertaken (Ex.

2 at 17-18), (Ex. 14 at 9-10); (4) failed to disclose relevant prior art and expert reports gathered

in connection with a related Australian patent litigation to which it was a party (Ex. 2 at 10-14),

(Ex. 15 at 1, 11-15), (Ex. 13 at 3-4); and (5) belatedly dumped 228 references on the USPTO *after* learning that at least some of the claims of the '285 patent would be granted, in an apparent effort to bury prior art that was inconsistent with Pharmacia's positions. (Ex. 2 at 18-19), (Ex.14 at 14-17) (Ex. 13 at 5), (Ex. 15 at 15), (Ex. 3 at 4-6).

The recent June 2006 Italian depositions brought to light additional inequitable conduct by Pharmacia in the proceedings before the USPTO, and further confirmed the conduct identified above. During these depositions, at least four additional misrepresentations were exposed for the first time. For example:

**REDACTED**

**REDACTED**

(Ex. 16 at 66:13-71:14). Again, as inventors of the '285 patent, Drs. Gatti and Confalonieri owed duties of candor to the USPTO, but inexplicably failed to submit pertinent information to the USPTO from the Australian litigation, and belatedly (after learning that at least some of the '285 patent's claims would issue) produced other documents from the litigation, buried among 228 pieces of prior art. This conduct is set forth more completely in Sicor's Amended Counterclaim and in its responses to Pharmacia's Fourth Set of Interrogatories. (Ex. 2 at 10-14, 18; Ex. 14 at 14, 17).

As demonstrated by this long list of misrepresentations, contradictions, and omissions, Pharmacia has engaged in "willful act[s] [] which rightfully can be said to transgress equitable standards of conduct." *Precision Instruments Mfg. Co.*, 324 U.S. at 815. To the extent the patent was procured by means of misrepresentations and deceptive behavior, at the very least, the doctrine of unclean hands provides this Court with discretion to deny Pharmacia relief. Based on the evidence set forth in this brief and numerous other pleadings and discovery responses, there

11

is at least a genuine issue of material fact with respect to whether the relief sought by Pharmacia

in the instant case should be barred by the principle of unclean hands.  The motion for summary

judgment should thus be denied.

**B.      Pharmacia Has Unclean Hands Based On**

**REDACTED**

---

[4]      This is the same Australian litigation that produced numerous documents that Pharmacia
neglected to disclose to the USPTO or only belatedly disclosed, buried in a stack of 228
references.

[5]      Doxorubicin hydrochloride is one of the anthracycline glycosides covered by the '285
patent.

[6]      Because the parties await a determination of the status of Exhibit 106, Sicor has in light
of paragraph 18 of the Protective Order in this case (D.I. 48) and in an abundance of caution not
to violate that Order, not formally made reference to Exhibit 106 in its Amended Counterclaim
or interrogatory responses.  However, in responding to the present motion, Sicor must advert to
this document, though its contents are discussed only by reference to the letter submissions to the
Court addressing the document.  (D.I. nos. 205, 210, 217).

**REDACTED**

conduct is fundamentally unfair, and fully supports Sicor's unclean hands defense in this case.

Where a party assures another that certain types of actions would not violate a party's property

rights, principles of equity should prevent that party from succeeding in a lawsuit alleging that

such condoned behavior infringes upon those same property rights. *See* 27A Am. Jur.2d, *Equity*

§ 131 ("The clean-hands maxim is applicable whenever the complainant's claim is tainted by the

complainant's own fraud or misrepresentation. It has also been held that *equity will not come to*

*the aid of a party who has induced another to act to his detriment*, even though the

misrepresentations were innocently made.") (internal citations omitted) (emphasis added).

### C.    Pharmacia's Misconduct Related To The Italian Depositions

In June 2006, Sicor took the depositions of three of the inventors of the '285 patent in

Milan, Italy.[7] Because Pharmacia alleged that it did not have control over these witnesses, Sicor

was only able to procure their American-style depositions through the arduous processes set

forth in the Hague Convention. (D.I. 66). While the depositions were conducted in the

American style (i.e., the attorneys, not the Court or Commissioner, questioned the witnesses), the

Italian Commissioner overseeing the depositions stated

**REDACTED**

---

[7]    This was Sicor's second trip to Milan for depositions. In July 2005, Sicor deposed two of
the other named inventors who agreed to appear for American style depositions voluntarily.

**REDACTED**

**REDACTED**           raises at least three additional concerns with respect to

Pharmacia's conduct in this litigation.  First, Pharmacia forced Sicor and the Court to expend

significant resources utilizing the mechanisms of the Hague Convention in order to procure an

American-style deposition of Dr. Bottoni because,           **REDACTED**

                                        in an italicized and

underscored font, "*none of [the inventors] are Pharmacia's employees or agents.*"  (Ex. 6 at 1)

(emphasis in original).  It was, at best, misleading to inform the Court that this witness was not

an "agent" of Pharmacia,

**REDACTED**

**REDACTED**

**REDACTED**

These actions were, to say
the least, inequitable under United States law. *See Gaudiosi v. Mellon*, 269 F.2d 873, 881-82 (3d
Cir. 1959) ("One who comes into equity *must come with clean hands and keep those hands clean
throughout the pendency of the litigation* even to the time of ultimate dispositon by an appellate
court." *** ""The doctrine (of unclean hands) is confessedly derived from the unwillingness of a
court, originally and still nominally one of conscience, to give its peculiar relief to a suitor who

---

[10]    As noted in Sicor's June 12, 2006 letter to the Court regarding the depositions of Mr.
Boehnen and Ms. Miao, Sicor has now been entirely precluded from deposing Dr. Confalineiri,
whose declarations were submitted to the USPTO and form a large part of the basis for Sicor's
inequitable conduct allegations against Pharmacia.  Sicor was informed shortly before the
depositions were to go forward in Italy that Dr. Confalineiri was too ill to be deposed.  (Ex. 5).

in the very controversy has so conducted himself as to shock the moral sensibilities of the

judge.") (*quoting Art Metal Works v. Abraham & Straus*, 70 F.2d 641, 646 (2d Cir. 1934) (Hand,

J., dissenting)) (emphasis added).

## CONCLUSION

Based on the evidence recited above, there are material issues of fact precluding

summary judgment on Sicor's unclean hands affirmative defense. Sicor thus respectfully

requests that the motion be denied in its entirety.


ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Jordan A. Sigale
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

Dated:  July 6, 2006
171049.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2006, the attached **REDACTED PUBLIC**

**VERSION OF MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' UNCLEAN HANDS**

**AFFIRMATIVE DEFENSE** was served upon the below-named counsel of record at the address

and in the manner indicated:

Jack B. Blumenfeld, Esquire                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801

Joshua R. Rich, Esquire                        <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

/s/ *John G. Day*
_____

John G. Day