# EXHIBIT 2



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Jordan A. Sigale
312.876.7391
jsigale@sonnenschein.com

7800 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6404
312.876.8000
312.876.7934 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
Phoenix
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

August 17, 2006

VIA EMAIL

Joshua Rich, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

    Re:    **Pharmacia & Upjohn Co. v. Sicor**
             **Civil Action No. 04-833 (KAJ)**

Dear Joshua:

      This is in response to the Response for Written Questions of Daniel Boehnen served on Sicor after the close of business on August 14th.

      We first note, however, that Mr. Boehnen neither in no way executed nor otherwise certified that the Responses were true and correct under penalty of perjury. Accordingly, we ask that you re-serve the Responses with the proper certification by Mr. Boehnen.

      In addition, Sicor does not believe that Mr. Boehnen provided a full and complete answers to Written Questions Nos. 32 and 35. In particular, he does not provide any basis for his statement that he believed that "everything set forth in the declaration was accurate." Mr. Boehnen's answer to Written Question No. 74 appears non-responsive.

      Next, while Sicor appreciates Mr. Boehnen's efforts to answer its questions completely, it believes that some of his answers are insufficiently vague in certain respects. Specifically, Sicor requests that Mr. Boehnen provide complete answers to Written Questions 32 and 35 and resolve ambiguities in his responses to other Written Questions, as follows:

    A. For each of Mr. Boehnen's responses to Written Questions Nos. 4, 5, and 6, separately, please indicate which of Pharmacia's predecessors-in-interest is being referred to by Mr. Boehnen.





Joshua Rich, Esq.
August 17, 2006
Page 2

 B. For each of Mr. Boehnen's responses to Written Questions Nos. 5 and 6, separately, describe the "other potential litigations issues" referenced in Mr. Boehnen's responses to these questions and whether such issues involved the Australian or Canadian anthracycline glycoside litigations against Delta West or Faulding.

 C. For each of Mr. Boehnen's responses to Written Questions Nos. 9, 13, 17, 19, 29, 36, and 47, separately, provide the names of the "other attorneys," "other counsel" and "client representatives" being referred to by Mr. Boehnen.

 D. For each of Mr. Boehnen's responses to Written Questions Nos. 9, 13, 17, 19, 29, and 36, separately, identify the "then-pending litigation" being referred to by Mr. Boehnen.

 E. For each of Mr. Boehnen's responses to Written Questions Nos. 9, 13, 17, 19, 29, and 36, separately, identify the "various issues being raised in then-pending litigation" being referred to by Mr. Boehnen.

 F. For Mr. Boehnen's response to Written Question No. 9 identify any and all "other attorneys" that he believes he may have relied upon "for such review and analysis."

 G. Please explain what was meant by "if that is the proper declaration" in Mr. Boehnen's response to Written Question No. 19.

 H. For Mr. Boehnen's response to Written Question No. 19, please identify the time period is being referred to in the statement "to my recollection no events had occurred *in this period* that would suggest any change in position on the part of any of the inventors." (emphasis added).

 I. With respect to Mr. Boehnen's response to written Question No. 19, please state whether Mr. Boehnen had knowledge of any of the Related Foreign Patents, the Australian anthracycline glycoside litigation against Delta West, the Canadian anthracycline glycoside litigation against Faulding, the Canadian Opposition Proceedings, and the German Opposition Proceedings that factored into his recollection that "no events had occurred in this period that would suggest any change in position on the part of any of the inventors."


**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Joshua Rich, Esq.
August 17, 2006
Page 3

J. For each of Mr. Boehnen's responses to Written Questions Nos. 24, 25, 26, and 27, separately, identify any and all "other attorneys" that he believes he may have relied upon to review the Wassermann reference and/or communicated with regarding the subject matter of the Wassermann reference.

K. With respect to Mr. Boehnen's response to Written Questions Nos. 29 and 36, separately, please state whether Mr. Boehnen had asked whether there were any factual or opinion statements made -- of any kind whatsoever -- by Dr. Confalonieri in any of the Related Foreign Patents, the Australian anthracycline glycoside litigation against Delta West, the Canadian anthracycline glycoside litigation against Faulding, the Canadian Opposition Proceedings, and the German Opposition Proceedings and the extent to which his knowledge regarding this issue factored into "the extent [he] became aware of any information that would lead [him] to believe that the information in any of the declarations was in any way inaccurate." If he had asked, identify who he asked? If he did not ask, please explain why.

L. With respect to Mr. Boehnen's response to Written Question No. 41 identify the case law being referred to by Mr. Boehnen.

M. With respect to Mr. Boehnen's response to Written Questions Nos. 49 and 51, when he says that he "[does] not recall having possession of any other" opposition papers, does that mean that he believed that he could not have obtained access to the papers filed by the parties to those oppositions? If he did believe he could have obtained access to the papers filed by the parties to those oppositions, why does he believe he did not do so?

N. With respect to Mr. Boehnen's response to Written Questions Nos. 51, 54, and 106, separately, why does he believe he limited his instructions to other attorneys to the collection and submission of "material *factual* information?" (emphasis added). By this insertion of the word "factual," what types of information did he intend to exclude?

O. With respect to Mr. Boehnen's responses to Written Questions Nos. 87 and 99, please clarify whether he believes he was aware that Upjohn Company argued for the invalidity of the related Australian patent prior to August 22, 2000, regardless of whether he knew the specifics of any of all of the arguments for invalidity.





Joshua Rich, Esq.
August 17, 2006
Page 4

      P.  With respect to Mr. Boehnen's response to Written Question No. 99, please identify who were the attorneys "working on the *Pharmachemie* litigation team."

In an effort to avoid having to ask the Court in our report due Monday, August 21, 2006, to order Mr. Boehnen's live deposition with respect to these insufficiencies, we would ask Pharmacia and Mr. Boehnen to merely indicate by tomorrow afternoon whether further answers to Written Questions Nos. 32 and 35 and the clarifications requested above will be provided to Sicor on or before August 31st.

Sincerely,

Jordan A. Sigale

Cc: John Day
Maryellen Noreika
Michael Gugig
Reid Ashinoff



# EXHIBIT 3



**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive
Chicago, Illinois 60606-6709
www.mbhb.com

312 913 0001 phone
312 913 0002 fax

August 18, 2006

<u>VIA FACIMILE - 312 876 7934</u>

Jordan A. Sigale, Esq.
Sonnenschein Nath & Rosenthal LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606

Re: Pfizer v. *Sicor Inc. and Sicor Pharmaceuticals, Inc.*
Civil Action No. 04-833
U.S. District Court for the District of Delaware

Dear Jordan:

In response to your letter to Joshua Rich dated August 17, 2006, we note that Judge Jordan did not suggest that the answers to the questions should be certified by Mr. Boehnen as true and correct under penalty of perjury as you have specified. Since he is an officer of the Court, his signature alone should be sufficient. Please confirm your agreement in this regard, and we will provide a copy of the responses with his signature.

In addition, on or before August 31, 2006, Mr. Boehnen will provide an amended answer to Written Question No. 74, which should resolve your concern regarding that question.

As to the supplemental questions raised in your letter of August 17th, we disagree with your characterization of any of the identified responses as being incomplete or vague. The supplemental questions clearly go well beyond the scope of the initial questions. Nevertheless, Mr. Boehnen is willing to provide further responses to these supplemental questions, to the extent that he is able to do so, subject to the limits of his personal knowledge and the attorney-client privilege and work product immunity. He will provide those further responses on or before August 31st, as you have requested.

Very Truly Yours,

Grantland G. Drutchas
312-913-2121
drutchas@mbhb.com

GGD/jm