# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 14, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re: *Pharmacia & Upjohn Co., LLC v. Sicor Inc., et al.*,  
C.A. No. 04-833-KAJ

Dear Judge Jordan:

Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") respectfully request a telephonic conference at the Court's earliest convenience on Friday, September 15 regarding issues that have arisen in connection with preparation of the pre-trial order, currently due to be filed this Monday, September 18, 2006.

As Your Honor will recall, after full motion practice, the Court bifurcated the liability phase of this jury case from the willfulness and damages phase. The Court did so based upon Sicor's showing of jury prejudice to its liability defense if its attorney-client privileged materials were shown to the jury during the liability phase. At the same time, the Court admonished the parties to work together to effectuate the Court's bifurcation Order (Ex. A; Ex. B at 28) and plan for an efficient trial of the action.

To this end, Sicor's lead counsel, Reid Ashinoff, phoned Pharmacia's lead counsel, Daniel Boehnen, to discuss pretrial order logistics and preparation. During their August 28 call, which also included Messrs. Sigale and Rich, Mr. Ashinoff proposed, among other things, filing phased exhibit and witness lists in the pretrial order, thus making clear which evidence each party proposed to use in each phase of the trial. (The parties both are aware that, in addition to a liability phase and a willfulness/damages phase before the jury, there would also be a separate bench trial regarding Sicor's inequitable conduct/unclean hands defenses.)

Mr. Ashinoff made this proposal to Mr. Boehnen both to comport with the Court's directive, as well as to facilitate the ability of each party to respond to the other party's proffers with either stipulations as to admissibility, or stated objections to the use of the proffered evidence in the particular phase of the case (e.g., relevance, undue prejudice, hearsay, etc.). Mr. Ashinoff also told Mr. Boehnen that he was making this proposal in an attempt to curtail unnecessary motion in limine practice. Acknowledging the reasonableness of this proposal, Mr.

The Honorable Kent A. Jordan
September 14, 2006
Page 2

Boehnen took Mr. Ashinoff's suggestion under advisement – and never objected or otherwise responded to it.

On Tuesday evening, September 12, the date agreed upon by Messrs. Boehnen and Ashinoff, Sicor served upon Pharmacia witness and exhibit lists phased to indicate which witnesses and which exhibits would be proffered in each separate phase of the bifurcated trial (i.e., liability, or willfulness/damages, or inequitable conduct/unclean hands). However, the witness and exhibit lists served upon Sicor by Pharmacia on September 12 did not so identify the witnesses and exhibits that Pharmacia proposed to use in each phase of the trial. (Ex. C: Excerpts from Sicor's Exhibit List; Ex. D: Sicor's Witness List; Ex. E: Excerpts from Pharmacia's Exhibit List; Ex. F: Pharmacia's Witness List). Instead of doing so, Pharmacia provided a non-responsive statement next to numerous exhibit entries that those exhibits would be used "for limited purposes only." However, despite Sicor's request, Pharmacia has not informed Sicor what that phrase means, nor which exhibits and which witnesses will be proffered in which phase(s) of the trial.

Pharmacia's submission makes it impossible for Sicor to determine which evidence Pharmacia plans to proffer in which phase of the case, and thus makes it extremely difficult for Sicor to respond with appropriate, accurate and meaningful objections to the use of such evidence in each phase of the case (as this Court's pretrial order instructions require). It also makes it impossible for Sicor to confidently decide which motions in limine it needs to make addressed to the use of particular pieces of evidence.

On Wednesday, September 13, consistent with Sicor's September 12 submission to Pharmacia and their August 28 discussion, Mr. Ashinoff phoned Mr. Boehnen and asked him to provide phased lists of exhibits and witnesses by today, September 14, which lists Sicor would promptly analyze in order to make informed decisions regarding admissibility and objections, as well as a decision regarding the selection of motions in limine that it would need to prepare and serve. Pharmacia refused that request. Instead, Pharmacia proposed that Sicor go through Pharmacia's 816 exhibits and witness list and tell Pharmacia which exhibits and which witnesses Sicor might object to in each of the phases of the case. Pharmacia's demand ignores this Court's bifurcation Order and direction to the parties to work cooperatively, and works manifest prejudice and would impose undue burdens on Sicor. This would be particularly unreasonable given that Sicor did exactly what this Court contemplated by serving its own witness and exhibit lists in accordance with this Court's bifurcation Order.[1]

---

[1] Notwithstanding Pharmacia's failure to cooperate, on September 13, Sicor selected and served three motions in limine that it believes would have to be filed regardless of the phasing of evidence. Sicor reserved the right to serve up to two additional motions as permitted under the Court's rules, once it has received phasing information from Pharmacia. (Ex. G: September 13, 2006 E-Mail Transmitting Sicor's Motions in Limine).

The Honorable Kent A. Jordan
September 14, 2006
Page 3


       Accordingly and regretfully, Sicor asks for this Court's assistance to direct Pharmacia to honor this Court's bifurcation Order in the preparation of the pretrial order, and to enable Sicor to have meaningful time to complete its obligations under the Court's directives regarding pretrial orders (e.g., stipulating to admissibility or indicating objections to evidence in each phase of the case and finalizing its choice of motions in limine), once Pharmacia has served proper lists of its evidence.

                                          Respectfully,

                                          */s/ John G. Day*

                                          John G. Day

JGD/dmf
Attachments

cc:     Maryellen Noreika, Esquire (via electronic mail; w/attachments)
        Daniel A. Boehnen, Esquire (via electronic mail; w/attachments)
        Reid L. Ashinoff, Esquire (via electronic mail; w/attachments)