# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

September 15, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Pharmacia & Upjohn Company LLC v. Sicor Inc. et al.,
             C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

      I write on behalf of Pharmacia & Upjohn Company LLC ("Pharmacia") in response to the September 14, 2006 letter from Sicor Inc. and SICOR Pharmaceuticals Inc. ("Sicor") regarding information to be exchanged in exhibit lists and witness lists for the proposed pretrial order.

      Sicor's September 14th letter is inaccurate in several important respects. First, there has never been any agreement with respect to exchanging exhibit and witness lists for different "phases" of trial. Indeed, none of the exhibits attached to Sicor's letter suggest such an agreement. Nevertheless, prior to Sicor's September 14 letter to the Court, Pharmacia had already offered (and acted) to address questions regarding the relevance of certain documents to different issues in the case. To the extent Sicor has additional questions, Pharmacia remains willing to try to respond.

      Moreover, contrary to Sicor's letter, at no point during the August 28, 2006 phone call between counsel did Sicor's counsel suggest that exhibit lists and/or witness lists should include an identification as to which "phase" of the trial they might relate. Rather, Sicor's counsel explained a general position that certain documents related only to the willfulness phase, and asked for agreement that such documents would not be used during the liability phase of the trial. In response, Pharmacia's counsel, Mr. Boehnen, noted that he did not disagree that some documents may be relevant only to willfulness, but that he would not agree to an open-ended proposal; he added that he would need Sicor to send a specific list of the documents it had in mind that related only to the willfulness part of the case, and that, once received, Pharmacia would get back to Sicor as soon as possible. Nothing further was expressed during that phone call about limiting the use of documents or exhibits during different phases of the case, and that was never followed up.

The Honorable Kent A. Jordan
September 15, 2006
Page 2

The August 28, 2006 phone call focused primarily on setting dates for exchanging the information leading up to the Joint Pretrial Statement, and the parties reached agreement on these dates amicably and professionally. By e-mails dated September 6, 2006, the parties' respective counsel later confirmed agreements reached during the August 28th phone call. Ex. A. There was no mention about identifying the "phase" of information in the exhibit lists and/or witness lists.

The first time that Sicor suggested that exhibit lists and witness lists might include an identification of relevant "phases of trial" occurred during a phone call between Messrs. Sigale and Rich shortly after the September 6th e-mails. Then, in a telephone conversation just days before the exchange of lists, Sicor's counsel stated that Sicor would be providing lists that included such information. We explained that Pharmacia was not in a position with its preparation to do so on such short notice, and indicated that Pharmacia would not be providing such information. Sicor's counsel did not suggest that any agreement had been reached on such matter, and instead requested a list of specific documents that Pharmacia believed would be appropriate for each phase of the trial.

Thereafter, on September 12, as agreed, the parties exchanged exhibit lists. Sicor's lists included information about the phases in which information would be used, and Pharmacia's lists did not. The next afternoon, Sicor's counsel called to complain that Sicor was unsure of what motions *in limine* it should prepare because Pharmacia's lists did not include information about the relevant "trial phase." We explained that Pharmacia told Sicor that it would not be providing "phase" information when the question first arose during the earlier telephone discussion, and we asked Sicor which specific exhibits it was concerned about. Sicor responded that it was concerned, for example, about all the information to and from Sicor's in-house counsel regarding Sicor's opinion of counsel, the depositions of Sicor's in-house and opinion counsel, and Sicor's opinion. Within about ½ hour of this phone call, we reviewed all of those exhibits, and called back to Sicor's counsel with Pharmacia's position as to which materials would be used in which phases of the trial. Ex. B.

During that second phone conversation on September 13th, we noted that the vast majority of exhibits have multiple purposes, and Pharmacia could not provide a detailed identification of "phase usage" for each and every exhibit by the end of that day (in less than four hours) – as Sicor demanded. Instead, we observed that Sicor had Pharmacia's entire list, and offered to review any other specific exhibits that Sicor identified, and to get back to Sicor as to such exhibits very quickly.

That offer was rejected, and Sicor informed us that it would take the issue to the Court unless Pharmacia provided a revised list of exhibits and witnesses, indicating the phase of usage of such materials. We were also informed that Sicor *was not going to exchange its motions in limine until some period of time after receiving such information, despite Sicor having proposed a delayed schedule already.* Under the agreed schedule, the parties were to exchange their motions *in limine* at 7 p.m. on September 13th, the day after the exchange of exhibit lists. Although Pharmacia tried to resolve the issue with Sicor's counsel, he refused to listen and hung up.

The Honorable Kent A. Jordan
September 15, 2006
Page 3

        It appears that Sicor's motivation in the present situation may be to postpone service of its motions *in limine*. Although Sicor claimed that its failure not to exchange all motions *in limine* is based on not having the identification of "phase relationship," it is difficult to see how getting such information at the end of September 12th would enable the preparation of a motion *in limine* by the end of September 13th. Moreover, if Sicor's concern is that Pharmacia may use an exhibit during a phase to which the exhibit does not relate, that evidentiary problem can be handled more effectively by Sicor raising an objection if/when it happens, which it may not.

**Proposed Resolution**

        Counsel for both sides are currently working hard to get the pre-trial materials prepared for the Joint Pretrial Statement, currently due Monday, September 18, 2006. Nerves are to some extent strained, and patience is at a premium. The situation is further strained by preparation for the Court ordered mediation taking place in this case next Wednesday, September 20, 2006.

        As a practical matter, the current situation relates to Sicor's concern that Pharmacia may try to use prejudicial materials relating to willfulness during the trial of the validity issues. Putting the past conflict aside, Pharmacia proposes that the best and most efficient resolution of this situation is for Sicor to identify those specific Pharmacia exhibits for which it has legitimate basis of asserting that:

    (i)    a specified exhibit should not be used during the validity phase, and
    (ii)    Pharmacia may try to use the exhibit during the validity phase.

Pharmacia will respond within 24 hours, identifying whether it reserves the right to use the specified exhibit during the validity phase of the trial.

        Furthermore, to the extent that Pharmacia's reservation of right to use an exhibit causes any continuing concern for Sicor, Pharmacia proposes that Sicor may thereafter file a motion *in limine* seeking to block Pharmacia's use of the exhibit (not to exceed the Court's total limit on such motions). The scheduling for such a motion should follow the same time frame that the parties agreed for the Joint Pretrial Statement, i.e., namely, that Sicor would file its motion within 24 hours of receiving the information about exhibits and Pharmacia shall then have five (5) days thereafter in which to respond.

        Respectfully,

        */s/ Maryellen Noreika (#3208)*

        Maryellen Noreika

cc:    Dr. Peter T. Dalleo, Clerk (By Hand)
       Steven J. Balick, Esquire (By Hand)
       Reid L. Ashinoff, Esquire (By Fax)
       Jordan Sigale, Esquire (By Fax)
       Daniel A. Boehnen, Esquire (By Fax)