IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) | **REDACTED VERSION** |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINAL PRETRIAL ORDER

MORRIS NICHOLS ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Plaintiff

ASHBY & GEDDES

Steven J. Balick (#2114)
John G. Day (#2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
  Attorneys for Defendants

Original Filing Date:  September 22, 2006

Redacted Filing Date:  October 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SICOR INC. and SICOR )<br>PHARMACEUTICALS, INC., )<br>)<br>Defendants. ) | C.A. No. 04-833-KAJ<br><br>**REDACTED VERSION** |

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held on October 17, 2006 pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**

Morris Nichols Arsht & Tunnell LLP, 1201 North Market Square, Wilmington, Delaware 19899; McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Drive, Chicago, Illinois 60606.

**Defendants' Counsel:**

Ashby & Geddes, P.A., 222 Delaware Avenue, Wilmington, Delaware 19899; Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, New York 10020; Sonnenschein Nath & Rosenthal LLP, 7800 Sears Tower, 233 S. Wacker Drive, Chicago, Illinois 60606; Palmer & Dodge LLP, 111 Huntington Avenue, Boston, Massachusetts 02199.

**I.   Nature of the Case**

This is a patent infringement case. The Plaintiff, Pharmacia & Upjohn, is the owner of U.S. Patent No. 6,107,285 (also known as the '285 patent). The Defendants are Sicor Inc. and SICOR Pharmaceuticals, Inc., known together as Sicor. Pharmacia & Upjohn accuses Sicor of infringing upon its rights under claims 9 and 13 of the '285 patent by making a specific

chemotherapy drug known as idarubicin hydrochloride. Sicor now concedes[1] that it infringes claims 9 and 13 of the '285 patent but argues that those claims are invalid. (Sicor also argues that the '285 patent is unenforceable.)

## II. Jurisdiction

A. This is an action for damages and injunctive and declaratory relief.

B. The jurisdiction of the Court is not disputed. The Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the person of Sicor Inc. and SICOR Pharmaceuticals Inc.

C. This Court is a proper venue in which the claims to be tried can be brought.

## III. Uncontroverted Facts

### A. The Parties

1. Pharmacia & Upjohn Company LLC is a Delaware corporation having a principal place of business at 7000 Portage Road in Kalamazoo, Michigan 49001, and, as part of Pfizer Inc., is engaged in the business of researching, developing, making, and selling pharmaceutical products for the human healthcare market.

2. Sicor Inc. is a Delaware corporation having a principal place of business at 19 Hughes in Irvine, California 92618. Through its wholly-owned subsidiaries, Sicor Inc. is engaged in the business of, *inter alia*, making and selling generic pharmaceutical products for the human healthcare market.

3. SICOR Pharmaceuticals, Inc. is a Delaware corporation having a principal place of business at 19 Hughes in Irvine, California 92618. SICOR Pharmaceuticals, Inc. is

---

[1] This statement is based solely on the current claim construction ruling provided by the Court in this matter. Defendants Sicor Inc. and SICOR Pharmaceuticals Inc. reserve the right to appeal the Court's claim construction and, in the event that the claim construction is changed on appeal, to litigate whether Sicor's Idarubicin Hydrochloride Injection product infringes claims 9 and 13 of the '285 patent. Pharmacia does not agree with Sicor's reservation of rights, and does not agree that Sicor has taken all steps needed to preserve the right to appeal.

engaged in the business of, *inter alia*, making and, through a wholly-owned subsidiary, selling generic pharmaceutical products for the human healthcare market.

**B.    The '285 Patent**

4.    The United States Patent and Trademark Office issued Patent No. 6,107,285 ("the '285 patent"), entitled "Injectable Ready-To-Use Solutions Containing an Antitumor Anthracycline Glycoside," on August 22, 2000.

5.    Farmitalia Carlo Erba S.r.L. ("Farmitalia") was the developer of doxorubicin hydrochloride, which it brought to market as Adriamycin®. Doxorubicin hydrochloride is an anthracycline glycoside, a class of compounds which are used to treat certain forms of cancer. Idarubicin hydrochloride, also known as 4-demethoxydaunorubicin, is an anthracycline glycoside that may be used to treat certain forms of cancer such as acute myeloid leukemia.

6.    Farmitalia filed U. K. Patent Application No. 85-19452 on August 2, 1985. On January 29, 1992, Farmitalia filed U.S. Patent Application Serial No. 07/827,742 ("the '742 application"), claiming priority to U.S. Application Serial No. 06/878,784 (filed on June 26, 1986), which in turn claimed priority to the U. K. Patent Application No. 85-19452. The '742 application matured into the '285 patent.

7.    Pharmacia AB acquired Farmitalia in 1993; Pharmacia AB and The Upjohn Company merged two years later to eventually form Pharmacia & Upjohn Company. To reflect a change of corporate form, Pharmacia & Upjohn Company changed its name to Pharmacia & Upjohn Company LLC.

8.    Pharmacia & Upjohn Company LLC is currently the owner of the '285 patent and is the successor-in-interest of all of the rights of every previous owner of rights in the '285 patent.

3

9. Pharmacia has asserted only claims 9 and 13 of the '285 patent.

### C. Sicor's Idarubicin Hydrochloride Injection Product

10. Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor"), either directly or through their wholly-owned subsidiaries, make, sell, and offer to sell a ready-to-use idarubicin hydrochloride product as Idarubicin HCl Injection.

11. Sicor's Idarubicin HCl Injection product infringes claims 9 and 13 of the '285 patent.[2]

## IV. Agreed to Issues of Fact and Law

The parties agree that the issues to be decided by the Court are set forth as Exhibit 1.

## V. Witnesses

The parties agree that they will provide each other with notice of any witness they intend to call at trial at least 48 hours before the witness is called.

### A. List of witnesses the plaintiff expects to call, including experts:

1. Expert witnesses:[3]

    a. Dr. Federico Arcamone (live)

    b. Dr. Jacob H. Beijnen (live)

    c. Gregory K. Bell (live)

    d. Laura Guerra (live)

---

[2] This statement is based solely on the current claim construction ruling provided by the Court in this matter. Defendants Sicor Inc. and SICOR Pharmaceuticals Inc. reserve the right to appeal the Court's claim construction and, in the event that the claim construction is changed on appeal, to litigate whether Sicor's Idarubicin Hydrochloride Injection product infringes claims 9 and 13 of the '285 patent. Pharmacia does not agree with Sicor's reservation of rights, and does not agree that Sicor has taken all steps needed to preserve the right to appeal.

[3] Sicor objects to the designation of Peter Laivins and Bradley Winter as expert witnesses as Pharmacia failed to designate these fact witnesses as experts as required by Fed. R. Civ. P. 26 and the Stipulated Amended Scheduling Order dated September 9, 2005.

4

   e. Peter Laivins (live)

   f. Bradley Winter (by prior testimony)

 2. Non-expert witnesses:

   a. Federico Arcamone (live)

   b. Allyn Becker (by prior testimony)

   c. Jacob H. Beijnen (live)

   d. Guiseppe Bottoni (by prior testimony)

   e. Roberto De Ponti (live)

   f. Wesley Fach (by prior testimony)

   g. Luciano Gambini (by prior testimony)

   h. Gaetano Gatti (by prior testimony)

   i. Laura Guerra (live)

   j. Richard Kelly (by prior testimony)

   k. Peter Laivins (live)

   l. Craig Lea (by prior testimony)

   m. Rosalie Lowe (by prior testimony)

   n. John McBride (by prior testimony)

   o. Howard Meyer (live)

   p. Diego Oldani (by prior testimony)

   q. Marvin Samson (by prior testimony)

   r. Lawrence Welch (by prior testimony)

   s. Martin Williamson (by prior testimony)

   t. Bradley Winter (by prior testimony)

   u. Jessica Wolff (by prior testimony)

B. **List of witnesses the defendant expects to call, including experts:**

1. Expert witnesses:

    a. Douglas Clark (live)

    b. Jim Malackowski (live)

2. Non-expert witnesses:[4]

    a. Allyn Becker (live)

    b. Diego Oldani (by deposition)

    c. Gaetano Gatti (by deposition)

    d. Carlo Confalonieri (by deposition)

    e. Lawrence Welch (by deposition)

    f. Martin Williamson (by deposition)

    g. Daniel Boehnen (live)

    h. Marvin Samson (live)

    i. Jessica Wolff (live)

    j. Wesley Fach (by deposition)

    k. Craig Lea (live)

    l. Peter Laivins (by deposition)

    m. Howard Meyers (by deposition)

    n. Bradley Winter (by deposition)

C. **Rebuttal Witnesses**. Each of the parties may call such rebuttal witnesses as may be necessary, with prior notice thereof to the other party at least the business day before the introduction of such rebuttal witness.

Each party reserves the right to object to each rebuttal witness.

---

[4] Pharmacia believes that Sicor is not entitled to call Mr. Boehnen or use any testimony provided by Dr. Confalonieri.

6

**D.    Designation of Deposition Testimony.**  The parties shall exchange initial designations of deposition testimony on or before September 29, 2006.  The parties shall then exchange objections to initial designations of deposition testimony and counterdesignations of deposition testimony on or before October 6, 2006.

Plaintiff's initial designation of deposition testimony shall be provided as Exhibit 2 pursuant to Section V.D.  Defendants' initial designation of deposition testimony shall be provided as Exhibit 3 pursuant to Section V.D.  Plaintiff's objections to Defendants' initial designation of deposition testimony and counterdesignations shall be provided as Exhibit 4 pursuant to Section V.D.  Defendants' objections to Plaintiff's initial designation of deposition testimony and counterdesignations shall be provided as Exhibit 5 pursuant to Section V.D.

Each side reserves the right to modify these designations, and to make additional designations, objections, and counterdesignations.  With respect to those witnesses who will be presented by deposition, each side shall provide notice of the specific pages and lines of each deposition to be used at least 72 hours prior to playing or reading from the deposition at trial. Within 48 hours of receiving a specific designation for use at trial, the other side shall provide objections to such designation and any counterdesignations of the deposition that it believes are needed to make the designation complete and not misleading.  The designating party shall provide any objections to such counterdesignations.  If the parties do not resolve the objections, they will be presented to the Court before the presenting party begins presenting the testimony. Any designations and counterdesignations shall be read in page order, without regard to the designating party.

## VI. Exhibits

Plaintiff's list of pre-marked exhibits and Defendants' objections thereto is attached as Exhibit 6. Defendants' list of pre-marked exhibits and Plaintiff's objections thereto is attached as Exhibit 7. Each party may also use exhibits on the other side's list of exhibits, subject to objections.

The parties shall exchange drafts of the demonstrative exhibits they intend to use at trial on November 15, 2006 at noon to the extent that such exhibits have been prepared by then. Demonstrative exhibits prepared after November 15, 2006 shall be provided to the other party upon their creation and at least 48 hours prior to their use at trial. The parties agree that the notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony at trial or to the enlargement, highlighting, ballooning, or like treatment of trial exhibits or testimony.

## VII. Damages

REDACTED

REDACTED

REDACTED

Case 1:04-cv-00833-KAJ   Document 294   Filed 10/05/2006   Page 11 of 18

REDACTED

REDACTED

REDACTED

REDACTED

Case 1:04-cv-00833-KAJ　　Document 294　　Filed 10/05/2006　　Page 15 of 18

REDACTED

## VIII. Bifurcated Trial

The Court has indicated that trial will be separated into three phases. The "invalidity" phase will be tried to the jury. The "bench trial" phase will include the issues of inequitable conduct and unclean hands, and will be tried to the Court outside the presence of the jury. The "damages" phase will include the issues of damages and willfulness, and will be tried after the conclusion of the "invalidity" phase.

## IX. Trial Briefs

Plaintiff's motions *in limine* are attached as Exhibit 8. Defendants' oppositions to Plaintiff's motions *in limine* are attached as Exhibit 9. Defendants' motions *in limine* are attached as Exhibit 10. Plaintiff's oppositions to Defendants' motions *in limine* are attached as Exhibit 11.

X.  **Limitations, Reservations, and Other Matters**

   A.  **Length of Trial**. The probable length of trial is seven days. The case has been scheduled on the trial calendar for November 20, 2006.

   Mark appropriate box:    Jury  X  
   Non-jury

   B.  **Number of Jurors**. There shall be six jurors and three alternate jurors.

   C.  **Jury Voir Dire**. Unless otherwise ordered by the Court, the Court will conduct voir dire. If voir dire questions are to be tendered, they should be submitted at least three days prior to the final pretrial conference.

   IT IS SO ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

Dated: _____    _____  
United States District Court Judge


APPROVED AS TO FORM AND SUBSTANCE:

MORRIS NICHOLS ARSHT & TUNNELL LLP          ASHBY & GEDDES


*/s/ Maryellen Noreika*                      */s/ John G. Day*  
Jack B. Blumenfeld (#1014)                   Steven J. Balick (#2114)  
Maryellen Noreika (#3208)                    John G. Day (#2403)  
1201 N. Market Street                        222 Delaware Avenue, 17th Floor  
P.O. Box 1347                                P.O. Box 1150  
Wilmington, DE  19899                        Wilmington, DE  19899  
(302) 658-9200                               (302) 654-1888  
  Attorneys for Plaintiff                      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 5, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

### BY HAND

>Steven J. Balick, Esquire
>John G. Day, Esquire
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE  19801

### BY FEDERAL EXPRESS

>Reid L. Ashinoff, Esquire
>David R. Baum, Esquire
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY  10020

>Jordan Sigale, Esquire
>SONNENSCHEIN NATH & ROSENTHAL LLP
>8000 Sears Tower
>Chicago, IL  60606

>*/s/  Maryellen Noreika*
>Maryellen Noreika (#3208)
>mnoreika@mnat.com