IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR | ) | **REDACTED VERSION** |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINAL PRETRIAL ORDER
## VOLUME II OF V

MORRIS NICHOLS ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Plaintiff

ASHBY & GEDDES

Steven J. Balick (#2114)
John G. Day (#2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
  Attorneys for Defendants

Original Filing Date: September 22, 2006

Redacted Filing Date: October 5, 2006

EXHIBIT 8

# EXHIBIT A

## PHARMACIA & UPJOHN'S MOTION IN LIMINE # 1:
## TO PRECLUDE USE OF PRIOR ART NOT RELIED
## UPON DURING FACT AND EXPERT DISCOVERY

As this Court noted, using "clear language," Pharmacia asked Sicor to identify the bases

for its invalidity affirmative defenses, including all prior art on which it would rely. D.I. 279, p.

23-24 n. 8. Sicor identified with specificity only a single anticipation reference and fourteen

obviousness references (either directly or through incorporation of its expert report). Ex. 1, p. 6-

10; Ex. 6, p. 16-21. In the face of a summary judgment motion after the close of discovery, it

subsequently sought to add two more anticipation references. Now, it apparently seeks to add

not only those two references but also ten more references not previously cited. Pharmacia

simply requests that this Court limit Sicor to asserting only those prior art references it identified

specifically in response to Pharmacia's interrogatory (either directly or through its expert report),

and bar Sicor from blindsiding Pharmacia with any others.

Sicor clearly knew of the additional references it asserted for many years, could have

cited them, and had every incentive to do so because Pharmacia filed two separate motions to

compel. Nonetheless, Sicor intentionally chose not to disclose any intent to rely on the those

references, including the Benvenuto reference and reconstituted Adriamycin® (including the

Trissel reference) which it argued were allegedly invalidating art. Sicor should therefore be

barred from relying on the (i) Benvenuto reference (DTX 110), (ii) reconstituted Adriamycin

(including the Trissel reference (DTX 234)), and (iii) any other undisclosed reference for any

purpose.[1] Not only would barring such evidence be fundamentally fairer, it would substantially

---

[1] The additional references cited on Sicor's Trial Exhibit List as being relevant to the "liability" phase of the trial are DTX 24 (Furuya), DTX 37 (European Patent No. 0 143 478), DTX 111 (Kaniewska), DTX 123 (U.S. Patent No. 4,310,515), DTX 135 (U.S. Patent No. 3,590,028), DTX 136 (U.S. Patent No. 3,803,124), DTX 140 (Beijnen), DTX 231 (Altreuter), DTX 232 (Kaplan), and DTX 233 (Physician's Desk Reference).

simplify matters for trial, as the only other art Sicor has cited as allegedly anticipating the asserted claims has been found not to anticipate as a matter of law.

I.   **SICOR FAILED TO DISCLOSE THAT IT INTENDED TO RELY ON THE BENVENUTO REFERENCE AND RECONSTITUTED ADRIAMYCIN DURING DISCOVERY**

In each of its Answers to the Complaint in this action, Sicor included a general, notice-pled allegation of invalidity "under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112." D.I. 9, p. 3; D.I. 51, p. 3, 6; D.I. 212, p. 3, 5. Pharmacia served an interrogatory specifically requesting the factual and legal bases for Sicor's invalidity defenses on November 9, 2004. Ex. 2, p. 9. Sicor initially responded with nothing other than objections then, after negotiations over the insufficiency of the responses, amended its interrogatory response to make the following broad contention:

> [C]laims 1-3, 9, and 11-13 of the '285 patent are invalid as not being new and useful and/or as anticipated, based on admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, the file history of the '285 patent, and/or any of the references listed in Attachment I hereto. The subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent is not new and useful and/or is not novel over the prior art.

Ex. 3, p. 5. The "Attachment I" to Sicor's interrogatory response was nothing more than a list of 502 alleged prior art references. Ex. 4.

For nearly six months, Sicor refused to clarify which – if any – of the 502 references were relevant, were relied upon, or how such references applied to the asserted claims. Finally, on July 29, 2005, one full year after it asserted invalidity, Sicor amended its interrogatory answers to identify specific references that it contended render the asserted claims of the '285 patent invalid. Ex. 5, p. 4-9. With regard to anticipation, Sicor contended only the Janssen reference anticipated asserted claim 9; with regard to obviousness, it identified nine references. *Id.* at 9. Soon afterward, Sicor also incorporated into its interrogatory answer the expert report of Douglas S. Clark, which asserted only the Janssen reference as anticipatory art and had a similar

2

list of obviousness references. Ex. 1, p. 7, 10; Ex. 6, p. 16-21. Although Dr. Clark reviewed the

Benvenuto, Kaniewska, Kaplan, Trissel, and Physician's Desk Reference references as well as

U.S. Patent Nos. 3,803,124 and 4,310,515, he chose not to rely on them. Ex. 6, p. 28-30.

On September 19, 2005, this Court conducted a discovery dispute teleconference to

address Pharmacia's concerns over the insufficiency of Sicor's interrogatory responses. Ex. 7, p.

12. Sicor responded that its responses set forth its complete invalidity contentions:

THE COURT: . . . Have you guys worked out your contention interrogatory kind of issues, or are we finished with interrogatory disputes? Mr. Boehnen.

MR. BOEHNEN (Pharmacia counsel): Your honor, in our view, we're not but we are in the following sense. We think that at this point, Your Honor should make it very clear perhaps by an order that the parties are not going to be able to introduce any arguments, theories, positions that have not been set forth to date in either their interrogatory responses or expert witness reports.

THE COURT: Well, let me hear [Sicor counsel]. You've got an issue with that?
* * *
MR. ASHINOFF (Sicor counsel): . . . We essentially don't think we are deficient in our contention interrogatories at this point. We supplemented a number of times. And Mr. Boehnen's letter, as we point out, simply fails to specify in any way where we're deficient. And we don't believe we are.

THE COURT: Here is what I understand [Mr. Boehnen] to be saying, and I'm just not going to jump the gun on this. That it's been pulling teeth to get you folks to give them responses. You've got some now. He doesn't want later surprises. That's how I read his letters.

MR. ASHINOFF: *Your honor, we have laid out what we know . . . . [W]e're awaiting long overdue for a lot of discovery and as we get discovery from them, if that discovery leads us to revise our theories and our contentions, we will file amended interrogatory responses.*

THE COURT: All right.

MR. ASHINOFF: We're current in terms of what we have from them now.

THE COURT: *So what I hear you saying is unless they give you something that changes your mind, you know what your positions are and you have given them your positions, right?*

3

MR. ASHINOFF: _Yes, Your Honor_ . . . .

THE COURT: Yes, All right. Then we're going to let things just lay where they are right now. If there comes some point later in the case where either side feels like somebody was pulling a rabbit out of the hat and playing a "gotcha" with new legal theories and contentions, we'll just have to address it then. Hopefully, no one will be inclined to try and pull something like that at the last minute. . . .

_Id._ at 12-14 (emphasis added).

At no point prior to the close of discovery did Sicor ever indicate that it would be relying on the Benvenuto or Trissel references or reconstituted Adriamycin, or other references. Sicor's omission continued even when it produced its February 2001 opinion of counsel (which discussed Benvenuto and Adriamycin as potentially anticipating); Sicor indicated only that the opinion was being produced in defense of willfulness. Ex. 8, p. 1.

## II.    SICOR SHOULD BE BARRED FROM RELYING ON THE BELATED REFERENCES

Based on the February 2001 opinion and Dr. Clark's list of document considered, Sicor clearly knew throughout discovery that the Benvenuto and Trissel references and reconstituted Adriamycin, as well as other references, could be asserted (albeit unsuccessfully) against the claims of the '285 patent; Sicor and Dr. Clark knowingly chose to forego relying on these references in this case and should be held to those decision.

The Federal Circuit and this Court have repeatedly faced situations like this one, where a party holds off identifying evidence and arguments until after the close of discovery. Uniformly, as directed by Rule 37, they have barred introduction of such evidence.[2] The rule is clear – a party is not permitted to use evidence or information (such an invalidity contention) that is not provided during discovery in a motion or at trial unless it has substantial justification for doing

---

[2] _See, e.g., Primos, Inc. v. Hunter's Specialties, Inc._, 451 F.3d 841, 850-851 (Fed. Cir. 2006); _Rhodia Chimie v. PPG Indus., Inc._, 402 F.3d 1371, 1380-81 (Fed. Cir. 2005); _ATD Corp. v. Lydall, Inc._, 159 F.3d 534, 550-51 (Fed. Cir. 1998); _Philips Elecs. N. Am. Corp. v. Contec Corp._, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004); _Safas Corp. v. Etura Premier, L.L.C._, 293 F. Supp. 2d 442, 445-46 (D. Del. 2003).

so and the failure to provide discovery is harmless. Fed. R. Civ. P. 37(c)(1). Withholding reliance on prior art is _not_ harmless, especially when it prevents the other party from seeking discovery on the prior art references. That is the case here. Pharmacia followed up with interrogatories and requests for admission directed to the references actually asserted, but could not anticipate other, unasserted references. Exs. 9, 10.

Sicor raised two arguments in summary judgment briefing to justify its failure to identify the Benvenuto and Trissel references, neither of which has any merit. D.I. 280, p. 23-24 n.8. First, it argued that it omitted them because it raised only contentions based on its own (rejected) claim construction. But that is not what the interrogatory asked. Moreover, Sicor raised a written description argument _in response to the same interrogatory_ in case its claim construction was rejected. Ex. 3, p. 5. Second, Sicor argued that Pharmacia should have known of its reliance on the references when Sicor produced its February 2001 opinion of counsel. But Sicor never explicitly or implicitly adopted the February 2001 opinion or the underlying references as its invalidity position in this litigation. To the contrary, Sicor expressly **_rejected_** some of the arguments in the opinion, including having its own expert call some of the positions in the opinion "unreasonable." Ex. 11; Ex. 12, p. 150-51, 154-55, 274.

Sicor owed an obligation to Pharmacia to identify these belated references in the first instance, or seasonably supplement its interrogatory response; it has done neither. Sicor clearly knew of these references and its omission of these references indicated that it had chosen not to rely on them for any purpose. It should be held to that decision.

5

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,          )
                                     )
              Plaintiff,             )        C.A. No. 04-833-KAJ
                                     )
       v.                            )
                                     )
SICOR, INC. and SICOR                )
PHARMACEUTICALS, INC.,               )
                                     )
              Defendants.            )

### DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 BY PLAINTIFF PHARMACIA & UPJOHN LLC

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Defendants" or "Sicor"), by and through its undersigned counsel, as and for their second supplemental objections and response to Interrogatory No. 1 of the First Set of Interrogatories by Plaintiff Pharmacia & Upjohn Company LLC ("Plaintiff" or "Pharmacia"), state as follows:

### GENERAL OBJECTIONS

The following general objections ("General Objections") apply to all of Plaintiff's Interrogatories and are incorporated by reference into each specific response made herein. The assertion of the same, similar, or additional objections or the provisions of partial answers in the individual responses to these Interrogatories does not waive any of Sicor's General Objections as set forth below:

1.    Defendants object generally to the Interrogatories to the extent that they purport to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure and the Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules").

2.    Defendants object generally to the Interrogatories to the extent they seek privileged information, including, without limitation, information which was developed for or in anticipation of litigation, or which constitutes the work product of counsel or confidential attorney-client communications.

3.    Defendants object generally to the Interrogatories to the extent that: (a) they exceed the number of Interrogatories permitted under the Federal Rules of Civil Procedure and Local Rule 26.1; (b) they are overbroad, vague, ambiguous, indefinite, compound, or cumulative; (c) compliance with such Interrogatory would be oppressive and unduly burdensome; (d) they are harassing; (e) they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and exceed the bounds of the legitimate purposes of discovery; (f) they seek information not in Defendants' possession; and/or (g) they seek information that is equally available to Defendants and Plaintiff.

4.    Defendants object to each Interrogatory to the extent that it is compound and includes discrete subparts covering separate factual and/or legal issues. Each such discrete subpart should be counted separately towards the maximum number of Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule 26.1.

5.    These responses are submitted without waiving in any way, and on the contrary reserving:

> (i)    the right to amend or supplement any and all responses or other information provided herein at any time upon receipt of additional information; and

> (ii)    the right to object on any grounds to the use in evidence or other use of these Responses or other information provided herein in this or any other proceeding by these parties or any other parties or non-parties.

6.      Defendants object to the Interrogatories to the extent they purport to require the identification of "all" persons or documents relating to broad categories of various subjects on the ground that such requests are overly broad, unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In most cases, it simply is not reasonably possible to search for and identify all such persons and/or documents. Subject to Local Rule 26.1 and without waiving the foregoing, or its other general or specific objections, Defendants will identify and locate after reasonable search such persons or documents sufficient to provide information inquired about.

7.      Defendants object to each Interrogatory to the extent it is a premature contention interrogatory. Responses to contention interrogatories are appropriate only after discovery has been substantially completed. Specifically, Defendants object to Pharmacia's contention interrogatories as premature because they have been propounded before any documents have been produced and before any depositions have been taken in this action. Defendants anticipate that Pharmacia and perhaps non-parties may have information and/or documents and things in their possession, custody and control that relate to the issues raised by Pharmacia's contention interrogatories. The responses provided to these contention interrogatories at this stage are preliminary, and Defendants expressly reserve the right to supplement each of their responses to each of Pharmacia's contention interrogatories as discovery proceeds.

8.      These General Objections and any future responses are made for the sole purpose of this action. By providing a response to these Interrogatories, Defendants do not concede that the information provided is discoverable, relevant, or admissible, and reserve the right to challenge further discovery into the subject matter of any of the individual requests. Defendants also reserves the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of any documents, information, or material produced in response to

- 3 -

these Interrogatories in this or any subsequent proceeding, or at the trial of this or any other

action.

9.    Responses provided to specific Interrogatories are subject to, and without waiver

of, the General Objections and those specific objections raised with respect to particular

Interrogatories. Accordingly, the provision of substantive responses to any Interrogatory shall

not be construed as an admission or used as the basis for a contention that Plaintiff is entitled to

any response more specific than that provided.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Describe in detail each factual and legal basis for Sicor's contention that "the '285 patent
is invalid under the patent laws of the United States, including without limitation 35 U.S.C. §§
101, 102, 103 and 112," and, as part of your response, identify each claim of the '285 patent that
Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor
contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's
assertions of invalidity; identify all documents that support, refute or are inconsistent with each
of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having
knowledge of any facts that relate to such assertion of invalidity.

### RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts. Defendants will respond to this interrogatory based on its separate subparts.

### INTERROGATORY NO. 1 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent
is invalid under 35 U.S.C. §§ **101 & 102** and, as part of your response, identify each claim of the
'285 patent that Sicor contends is invalid; for each such claim, identify each statutory provision
that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each
of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent
with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others
having knowledge of any facts that relate to such assertion of invalidity.

### RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is premature, as the issue of

invalidity, including the interpretation of the prior art references and the level of a person of

- 4 -

ordinary skill in the art, will be the subject of expert reports and expert testimony. Expert discovery in this case has not yet even begun, and initial expert reports are not due until August 5, 2005. Moreover, discovery in this case has only recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid as not being new and useful and/or as anticipated, based on admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, the file history of the '285 patent, and/or any of the references listed in Attachment I hereto. The subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent is not new and useful and/or not novel over the prior art. Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremy E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted

claims of the '285 patent.   Should Plaintiff change its allegations and assert additional claims,

Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right

to supplement and/or amend the response to this interrogatory as appropriate as discovery

proceeds or after additional information becomes available.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 1

Asserted claims 1-3 and 9 are anticipated and, thus rendered invalid, by the teachings and

disclosure of prior art references identified as M. J. H. Janssen, D. J.A. Crommelin, G. Storm and

A. Hulshoff, Doxorubicin decomposition on storage. Effect of pH, type of buffer and liposome

encapsulation, 23 *International Journal of Pharmaceutics*, 1-11 (1985) ("Janssen 1985").

| Claim Language | Disclosure from Janssen 1985 |
|---|---|
| 1. A physiologically acceptable solution of anthracycline glycoside selected from the group consisting of idarubicin hydrochloride, doxorubicin hydrochloride and epirubicin hydrochloride | Discloses physiologically acceptable solutions of doxorubicin hydrochloride |
| dissolved in a physiologically acceptable aqueous solvent, | Discloses doxorubicin hydrochloride dissolved in water |
| having a pH adjusted to from 2.5 to 5.0 | Discloses doxorubicin hydrochloride solutions with a pH of 4.0 |
| with a physiologically acceptable acid selected from the group consisting of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid, | Discloses doxorubicin hydrochloride solutions where "the pH was adjusted with 2 mol/1 hydrochloric acid" |
| the concentration of said anthracycline glycoside being from 0.1 to 100 mg/ml, | Discloses doxorubicin hydrochloride solutions with a doxorubicin hydrochloride concentration of 0.05 mg/ml, 0.1 mg/ml and 0.5 mg/ml |
| wherein said solution is contained in a sealed container. | Discloses doxorubicin hydrochloride solutions in sealed polypropylene tubes, glass vials and |

| | other sealed containers |
|---|---|
| 2. The solution of claim 1 wherein said physiologically acceptable aqueous solvent is selected from the group consisting of water, ethanol, polyethylene glycol, dimethylacetamide, and mixtures thereof. | Discloses doxorubicin hydrochloride solutions of claim 1 and discloses doxorubicin hydrochloride dissolved in water |
| 3. The solution of claim 1 wherein the physiologically acceptable aqueous solvent is water. | Discloses doxorubicin hydrochloride solutions of claim 1 and discloses doxorubicin hydrochloride dissolved in water |
| 9. The anthracycline glycoside solution of claim 1, wherein said solution exhibits storage stability as a result of said pH being adjusted to the said pH range using said acids. | Discloses doxorubicin hydrochloride solutions of claim 1 and discloses that "the results of this study indicate that pH 4 and 4 [degrees] C provide optimum shelf-life" and that "a pH of 4.0 is the pH preferred for an optimum shelf-life." |

Additional individuals with knowledge in this matter include: Aristide Vigevani, Federico Arcamone and Martin Williamson.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 1

Defendants incorporate by reference the expert report of Douglas Clark dated August 15, 2005.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

INTERROGATORY NO. 1 SUBPART NO. 2

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent is invalid under 35 U.S.C. §§ 103 and, as part of your response, identify each claim of the '285 patent that Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of invalidity.

- 7 -

RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 2

Defendants object to this interrogatory on the grounds that it is premature, as the issue of invalidity, including the interpretation of the prior art references and the level of a person of ordinary skill in the art, will be the subject of expert reports and expert testimony. Expert discovery in this case has not yet even begun, and initial expert reports are not due until August 5, 2005. Moreover, discovery in this case has only recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid for obviousness based on admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, the file history of the '285 patent, and/or any of the references listed in Attachment I hereto. The combined teachings of the pertinent prior art references render the subject matter claimed in claims 1-3, 9, and 11-13 of the '285 patent obvious to a person of ordinary skill in the art. Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremy E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

- 8 -

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted claims of the '285 patent. Should Plaintiff change its allegations and assert additional claims, Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 2</u>

Asserted claims 1-3, 9 and 11-13 are anticipated and/or obvious based on the teachings of the references listed in the attachment, including, but not limited to, the Janssen 1985 (item 181) reference and Mori, Japanese Journal of Antibiotics, XXXIII-4, April 1980, p. 466-471, Wasserman (1983) (item 315), Vivegani (1980) (item 305), Hoffman (1979) (item 174), Poochikian(1981)(item 260), NCI Investigational Drugs 1982-84 (items 336-338), Arcamone (1972) (item 50) and Baurain (1981) (item 77) references . Aqueous solutions containing doxorubicin hydrochloride dissolved in a physiologically acceptable solvent at concentrations of 0.1 mg/ml to at least 5 mg/ml with a pH adjusted within the range of 2.5 to 5.0 with acids, including hydrochloric acid, and/or buffers were known to persons skilled in the art prior to the filing of application for the '285 patent. It was known in the art prior to the filing of the application for the '285 patent that solutions of anthracycline glycosides, including doxorubicin hydrochloride, and idarubicin hydrochloride, exhibited storage stability or would be expected to exhibit storage stability in physiologically acceptable aqueous solvents, including water, at a pH of 2.5 to 5.0, especially at pH of 4.0 by adjusting the pH with an acid, such as hydrochloric acid; it was further known in the art that because anthracycline glycosides, including doxorubicin hydrochloride and idarubicin hydrochloride, were cytotoxic that such solutions needed to be kept

- 9 -

in sealed containers; it was also known in the art that such solutions should have a concentration of about 0.1 mg/ml and at least 5 mg/ml, particularly concentrations of about 1 mg/ml to 2 mg/ml. Moreover, because of the nature of anthracycline glycosides, including the use of injection and intravenous methods to administer the drugs, there was ample motivation to make the claimed solutions.

Additional individuals with knowledge in this matter include: Aristide Vigevani, Federico Arcamone and Martin Williamson.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 2

Defendants incorporate by reference the expert report of Douglas Clark dated August 15, 2005.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

## INTERROGATORY NO. 1 SUBPART NO. 3

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent is invalid under 35 U.S.C. §§ 112 and, as part of your response, identify each claim of the '285 patent that Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of invalidity.

## RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 3

Defendants object to this interrogatory on the grounds that it is premature, as the issue of invalidity, including the level of a person of ordinary skill in the art, will be the subject of expert reports and expert testimony. Expert discovery in this case has not yet even begun, and initial expert reports are not due until August 5, 2005. Moreover, discovery in this case has only

recently commenced and Sicor has not yet obtained any discovery from Pharmacia on this subject matter. Defendants further object to this interrogatory on the grounds that it seeks information covered by the attorney-client privilege or work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid based on the specification of the '285 patent, admissions made by the applicants during prosecution of the patent application that matured into the '285 patent, and/or the file history of the '285 patent, for lack of written description because the claims are not limited to solutions not reconstituted from a lyophilizate. Individuals with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel A. Boehnen, Emily Miao, Jeremy E. Noe, John J. McDonnell, William J. Dana, Mary Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce documents in response to Pharmacia's First Request for the Production of Documents which are sufficient for Plaintiff to derive or ascertain additional information in response to this interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this litigation, therefore Defendants are not providing a response as to any of the other unasserted claims of the '285 patent. Should Plaintiff change its allegations and assert additional claims, Defendants will amend their response to address such additional claims.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

- 11 -

SUPPLEMENTAL AND SECOND SUPPLEMENTAL RESPONSE TO
INTERROGATORY NO. 1   SUBPART NO. 3

Asserted claims 1-3, 9 and 11-13 are invalid under Title 35, United States Code, Section
112 because the claims failure to meet the written description requirement. Specifically, asserted
claims 1-3, 9 and 11-13 purport to claim solutions of certain anthracycline glycosides where the
solutions are made by first reconstituting a lyophilized preparation containing the salt of the
anthracycline glycoside (e.g., doxorubicin hydrochloride and idarubicin hydrochloride). There is
no support in the specification for claims of that breadth. In fact, the specification clearly teaches
that the claimed solutions exclude those solutions made from  a reconstituted lyophilized
anthracycline glycoside.  For example, and not by way limitation, the specification teaches as
follows:

| Location | Citation |
|---|---|
| Abstract | "According to the invention there is provided a sterile, pyrogen-free, ready-to-use solution of an anthracycline glycoside, especially doxorubicin, which consists essentially of a physiologically acceptable salt of an anthracycline glycoside dissolved in a physiologically acceptable solvent therefor, **which has not been reconstituted from a lyophilizate** and which has a pH of from 2.5 to 6.5. The solution of the invention is particularly advantageous for the administration by injection of the anthracycline glycoside drugs, e.g. doxorubicin, in the treatment of both human and animal tumors." |
| Col 1<br><br>Ln 22-29 | "At present, anthracycline glycoside antitumor drugs, in particular, e.g., doxorubicin, are **solely available in the form of lyophilized preparations, which need to be reconstituted before administration.**<br>Both the **manufacturing and the reconstitution of such preparations** expose the involved personnel (workers, pharmacists, medical personnel, nurses) to risks of contamination which are particularly serious due to the toxicity of the antitumor substances." |
| Col 1<br><br>Ln 43-58 | "To administer a lyophilized preparation, double handling of the drug is required, the lyophilized cake having to be first reconstituted and then administered and, moreover, in some cases, the complete dissolution of the powder may require prolonged shaking because of solubilization problems.<br>As the risks connected with the manufacturing and the reconstitution of a lyophilized preparate would be highly reduced if a ready-to-use solution of the drug were |

- 12 -

| | available, we have developed a stable, therapeutically acceptable intravenously injectable solution of an anthracycline glycoside drug, e.g. doxorubicin, whose preparation and administration **does not require either lyophilization or reconstitution**.<br>According to the present invention, there is provided a sterile, pyrogen-free, anthracycline glycoside solution which consists essentially of a physiologically acceptable salt of an anthracycline glycoside dissolved in a physiologically acceptable solvent therefor, **which has not been reconstituted from a lyophilizate and which has a pH of from 2.5 to 6.5.**" |
|---|---|
| Col 3<br><br>Ln 25-38 | "According to a particularly preferred feature of the invention, there is provided a sterile, pyrogen-free, doxorubicin solution which consists essentially of a physiologically acceptable salt of doxorubicin dissolved in a physiologically acceptable solvent therefor, **which has not been reconstituted from a lyophilizate and which has a pH of from 2.5 to 6.5.**<br>In the above indicated preferred feature of the invention the physiologically acceptable salt of doxorubicin may be, e.g. the salt with a mineral inorganic acid such as hydrochloric, hydrobromic, sulfuric, phosphoric, nitric and the like, or the salt with an organic acid such as acetic, succinic, tartaric, ascorbic, citric, glutammic, benzoic, methanesulfonic, ethanesulfonic and the like. The hydrochloride salt is a particularly preferred salt." |
| Col 3<br><br>Ln 59-67 | "The invention also provides a process for producing a sterile, pyrogen-free anthracycline glycoside solution with a pH of from 2.5 to 6.5, which process comprises dissolving a physiologically acceptable salt of the anthracycline glycoside, **which salt is not in the form of a lyophilizate**, in a physiologically acceptable solvent therefor; optionally adding a physiologically acceptable acid or buffer to adjust the pH within the said range as desired; and passing the resulting solution through a sterilising filter." |
| Col 4<br><br>Ln 5-24 | "With the solutions of the invention it is possible to obtain compositions having a very high concentration of the anthracycline glycoside active substance even at 50 mg/ml and more. **This constitutes a great advantage over the presently available lyophilized preparates wherein high concentrations of anthracycline glycoside can only be obtained with difficulty because of solubilization problems encountered in reconstitution, mainly with saline.** The presence of the excipient, e.g. lactose, in the lyophilized cake, and its generally high proportion in respect of the active substance, even up to 5 parts of excipient per part of active substance, has a negative effect on solubilization so that difficulties may arise in obtaining dissolution of the lyophilized cake, especially for concentrations of anthracycline glycoside higher than 2 mg/ml.<br>The solutions of the invention are characterized by a good stability. Solutions in various solvents and with different pH's and concentrations have been found to be stable for long periods at temperatures accepted for the storage of pharmaceutical preparations. This is illustrated in the Examples which follow." |

Asserted claims 1-3 and 9 are invalid under Title 35, United States Code, Section 112 because the claims failure to meet the enablement requirement. Specifically, asserted claims 1-3 and 9 purport to claim solutions of certain anthracycline glycosides where the concentration of the anthracycline glycoside, including in solutions that are made by reconstitution, range from 0.1 to 100 mg/ml. The specification fails to enable the scope of the range of concentration claimed because the specification expressly teaches against using concentrations above 2 mg/ml where the solution is reconstituted from a lyophilazate. In light of the express teaching away in the specification, one skilled in the art could not practice the scope of the claimed invention without undue experimentation.

To the extent Pharmacia argues that the properties and qualities of idarubicin and/or idarubicin hydrochloride are sufficiently different and dissimilar to the properties of doxorubicin and/or doxorubicin hydrochloride or other anthracycline glycosides known in the art, such that information in the art about doxorubicin or such other anthracycline glycoside would not allow a person skilled in the art to reasonably expect that the claimed solutions of idarubicin could also be made, then the claims of the '285 patent directed to idarubicin are not enabled and invalid.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 3

Defendants incorporate by reference the expert report of Douglas Clark dated August 15, 2005.

Defendants' investigation into these issues is continuing, and Defendants reserve the right to supplement and/or amend the response to this interrogatory as appropriate as discovery proceeds or after additional information becomes available.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Dated:  August 26, 2005
160821.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2005, the attached **DEFENDANTS'**

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 BY**

**PLAINTIFF PHARMACIA & UPJOHN LLC** was served upon the below-named counsel of

record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                    <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Joshua R. Rich, Esquire                                       <u>VIA FEDERAL EXPRESS</u>
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606


_____
John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,    )
                               )
              Plaintiff,       )
                               )
       v.                      )
                               )    C.A. No. 04-833-KAJ
SICOR INC. and SICOR           )
PHARMACEUTICALS, INC.,         )
                               )
              Defendants.      )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 26th day of August, 2005, **DEFENDANTS'**

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 BY**

**PLAINTIFF PHARMACIA & UPJOHN LLC** was served upon the following counsel of record

at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Joshua R. Rich, Esquire                        VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid Ashinoff
Brian T. Moriarty
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Francis C. Lynch
Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100

Dated:  August 26, 2005
149886.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2005, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:


Jack B. Blumenfeld, Esquire                                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


Joshua R. Rich, Esquire                                        VIA FEDERAL EXPRESS
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606



/s/ *John G. Day*
_____
John G. Day

149886.1

2

Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                )
PHARMACIA & UPJOHN                              )
COMPANY LLC,                                    )
                                                )
                    Plaintiff,                  )
                                                )
                                                )    Civil Action No. 04-833 (KAJ)
        v.                                      )
                                                )
SICOR INC. and                                 )
SICOR PHARMACEUTICALS, INC.,                    )
                                                )
                    Defendants.                 )
---------------------------------------------------------x

## PHARMACIA & UPJOHN'S FIRST SET OF INTERROGATORIES

Plaintiff Pharmacia & Upjohn Company LLC propounds the following Interrogatories to

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. pursuant to Rules 26 and 33, Fed. R. Civ. P.

The written responses to these Interrogatories shall be served upon Plaintiff's counsel within thirty

(30) days of the receipt hereof. Further, any documents and things produced in response to these

Interrogatories shall be produced for inspection and copying at the offices of McDonnell Boehnen

Hulbert & Berghoff LLP, 300 S. Wacker Dr., Chicago, Illinois 60606, within thirty (30) days of the

receipt of these Interrogatories.

## DEFINITIONS

For purposes of responding to these requests for production of documents, the following

definitions shall apply:

1.    The terms "Plaintiff" and "Pharmacia" shall mean Plaintiff Pharmacia & Upjohn

Company LLC, and other company names under which Pharmacia & Upjohn Company LLC is

doing and has done business; their predecessors, parents, subsidiaries, divisions, directors,

officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

2.    The terms "Defendants," "Sicor," and "you" shall mean, and "your" shall relate to, Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc., both collectively and independently (whichever calls for broader production of documents and things), and any other company name under which Sicor is doing or has done business; their predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; their directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, interns, and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.    The terms "person" and "persons" shall mean natural persons (including those employed by Defendants) and all other legally cognizable entities, including (without limitation) governmental entities, agencies, officers, departments, or affiliates of any other governmental entity; and commercial entities, corporations, foundations, partnerships, proprietorships, associations, and other non-governmental organizations.

4.    The term "date" shall means the exact day, month and year, if ascertainable, or, if not, Defendants' closest approximation (including by description of the date in relation to other events).

5.    The terms "documents" and "things" shall have the broadest scope permissible under the Federal Rules of Civil Procedure and shall include (without limitation) the originals (or, absent any original, a copy) of any writings or other tangible things, however produced or reproduced, including books, accounting and financial records of any nature whatsoever,

agreements, communications, correspondence, e-mail, telegrams, cables, telexes, telecopy or fax transmission messages, memoranda, video, audio or other electromagnetic recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, information bearing photographic products of any nature whatsoever, photo-records, microfilms, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, patent appraisals, patent searches, opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts and other data compilations from which information can be obtained or translated, if necessary, by Defendants through detection devices into reasonably usable form. Any copy of a "document" as described above containing thereon or attached thereto any alteration, notes, comments or other mark, indicia, or material not included in the original or copy referred to in the preceding sentence shall be deemed a separate "document" within the foregoing definition. The terms "documents" and "things" shall also mean tangibles object other than "documents" as described above, and shall include objects of every kind and nature such as, but not limited to, prototypes, models and specimens. The terms "document" and "things" shall refer to any of the above-identified objects in any tangible form, including electrical versions maintained in a magnetic or optical storage medium.

- 3 -

6.    The term "communication" shall mean any transmission of information from one person or entity to another, including (without limitation) by personal meeting, telephone, facsimile, radio, telegraph, electronic mail, teleconference, writing, or other means.

7.    The terms "relating" and "concerning" shall be interpreted as broadly as possible so as to encompass the liberal scope of discovery set forth in Rule 26(b) of Fed. R. Civ. P.

8.    The terms "identify," "identification," "describe," and "description" shall mean to provide a complete identification of the document, thing, or person to the fullest extent known or ascertainable by Defendants, whether or not the information is in the possession, custody, or control of Defendants and whether or not the information is alleged to be protected by any privilege or work product protection, and includes without limitation a request for the following information:

(a)    with respect to a natural person, his or her name, home and work addresses, home and work telephone numbers, present place of employment (or if unknown, the last known), date(s) of commencement and termination of employment, job title, and description of his or her duties and responsibilities;

(b)    with respect to a person other than a natural person, the full name, state of incorporation or registration, address of its principal place of business, telephone number of its principal place of business, and the identity of each natural person who acted on behalf of such entity with respect to the subject matter of the Request;

(c)    with respect to a document, the type of document (e.g., letter, e-mail, facsimile, contract, calendar pad, report); the number of pages of which the document consists, a description of the document's contents; an identification of each natural person who prepared the document; an identification of each natural person for whom it was

- 4 -

prepared; each natural person who signed it; an identification of each natural person to whom it was delivered, mailed, or otherwise received; an identification of each natural person to whom a copy was sent or who otherwise received a copy; the date of writing, creation, and publication; identifying number(s), letter(s) or combination thereof, if any; the significance or meaning of such number(s), letter(s) or combination thereof; and present location and identity of the custodian of that document.  Documents to be identified shall include documents currently in your possession, custody or control; documents you know to have once existed but that no longer exist; and other documents of which you have knowledge or information but that are not currently in your possession, custody, or control;

(d)     with respect to oral communications, the manner in which the communications were made (telephone, conversation, etc.); the identity of each natural person who participated in or witnessed the communication; the subject matter and content of the communication; and the date of the communication;

(e)     with respect to a patent or patent application, the country or jurisdiction in which it was filed, number, named inventor(s), filing date, issue date (if a patent), and all related or foreign counterpart applications and patents; and

(f)     with respect to films, photographs, tapes, computer media, and other things susceptible to chemical, biological, mechanical, or electrical reproduction, all identifying information including their character, subject matters, authors, and dates.

9.     The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses which otherwise might be construed to be outside its scope.

- 5 -

10.     The terms "describe" and "state" shall mean to set forth fully and unambiguously every fact relevant to the subject of the Interrogatory of which you have knowledge or information.

11.     Any word written in the singular herein shall be construed as plural or *vice versa* as necessary to bring within the scope of these Interrogatories all responses which otherwise might be construed to be outside its scope.

12.     "The '285 patent" shall mean U.S. Patent No. 6,107,285.

13.     The term "prior art" includes by way of example and without limitation, any subject matter that you assert may be encompassed by 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

14.     No Interrogatory or subpart hereof shall be construed as a limitation on any other Interrogatory or subpart hereof.

15.     The term "Idarubicin Hydrochloride Injection Product" shall mean any ready-to-use idarubicin hydrochloride solution for intravenous injection manufactured and sold by Sicor.

## INSTRUCTIONS

1.     If you produce responsive documents pursuant to Federal Rule of Civil Procedure 33(d), the original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody or control (including all copies in the possession, custody, or control of any entity defined as being "you") is to be produced, including company, department, and personal files.  If the original or copy is not in your possession, custody or control, a full, clear, legible copy thereof is to be produced.

2.     If any portion of any Interrogatory refers or relates to information of which Defendants were once aware but is no longer within Defendants' knowledge, Defendants are

requested to identify the name, telephone number, and address of the person last known by Defendants to have knowledge of such information.

3.    Each Interrogatory shall be responded to fully unless it is in good faith objected to, in which event every reason for your objection shall be stated in detail. If an objection pertains to only a portion of an Interrogatory, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Interrogatory, using your best efforts to do so.

4.    If you produce responsive documents pursuant to Federal Rule of Civil Procedure 33(d), each document and thing produced is to be (i) identified in your written response hereto to correspond with the categories of the Request in response to which it is being produced or (ii) produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which each such document or thing is organized or separated.

5.    If you or your counsel assert that any information identified in response to an Interrogatory is privileged or otherwise protected from discovery (e.g., by work product immunity), set forth in your response hereto with respect to all information for which a claim of privilege is made such that the document or thing is not produced in full:

a.    The place, approximate date, and manner of recording, creating or otherwise preparing any document or thing;

b.    The name and organizational position, if any, of each sender of any document or thing;

c.    The name and organizational position, if any, of each recipient and/or custodian of any document or thing;

- 7 -

d.     The name and organizational position, if any, of each person (other than stenographic or clerical assistants) participating in the preparation or creation of any document or thing;

e.     The name and organizational position, if any, of each person to whom the contents of the information or any portion thereof have heretofore been communicated by copy, exhibition, reading or summarization;

f.     A statement of the basis on which privilege is claimed with respect to the information and including a statement of sufficient relevant facts and circumstances that will explain the basis of the claim of privilege and will permit the adjudication of the propriety of the claim of privilege;

g.     The name of each person, other than Defendants' attorneys of record, having knowledge of the factual basis asserted for the privilege claim;

h.     The number of the Interrogatory to which the document or thing is responsive;

i.     The identity and organization position, if any, of each person supplying the author of your response hereto with the information requested in subsections (a) through (g) above;

j.     The type of any document or thing withheld (e.g., letter, memorandum, etc.);

k.     The subject matter of any document, communication, or other information;

l.     The location(s) where, if at all, information has been redacted on any document or thing thus produced;

- 8 -

m.      The location of any document, communication, thing or other information

withheld; and

n.      In the case of a document, the length of the document in number of pages.

7.      The Interrogatories seek all information you know as of the date of service hereof,

unless otherwise stated in a particular Interrogatory.  Pursuant to Federal Rule of Civil Procedure

26(e), these Interrogatories are deemed to be continuing so that with respect to any Interrogatory,

or part thereof, as to which you, after answering, acquire additional documents or things or

knowledge or information, you shall seasonably serve supplemental responses and/or make a

supplemental production of documents and things, in no case later than thirty (30) days after

acquiring such additional documents or things or knowledge or information.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe in detail each factual and legal basis for Sicor's contention that "the '285 patent

is invalid under the patent laws of the United States, including without limitation 35 U.S.C. §§

101, 102, 103 and 112," and, as part of your response, identify each claim of the '285 patent that

Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor

contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's

assertions of invalidity; identify all documents that support, refute or are inconsistent with each

of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having

knowledge of any facts that relate to such assertion of invalidity.

### INTERROGATORY NO. 2

Describe in detail each factual and legal basis for Sicor's contention that "the

manufacture, sale and offer for sale of Sicor's Idarubicin HCl does not infringe any valid and

- 9 -

enforceable claim of the '285 patent," and, as part of your response, identify Sicor's proposed construction of each claim term of each claim of the '285 patent; identify all bases for Sicor's construction of each claim term (including by identifying specific portions of the claims, specification, and prosecution history of the '285 patent and any other sources of meaning asserted to be relevant to the construction of each claim term); identify any prosecution history estoppel that Sicor asserts applies to construction of the claims of the '285 patent; identify in detail all facts and/or legal contentions that constitute the basis for Sicor's assertion of noninfringement; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of noninfringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of noninfringement.

**INTERROGATORY NO. 3**

Describe in detail each factual and legal basis for Sicor's denial that its "actions constitute willful infringement of the '285 patent under 35 U.S.C. § 284," and, as part of your response, identify each opinion sought or received by Sicor concerning infringement, validity or enforceability of the '285 patent, whether written or oral; identify all actions taken and efforts made by Sicor intended to ensure that it would not infringe the '285 patent through the manufacture, sale, offer for sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product; identify all other circumstances that Sicor contends renders its actions not willful infringement; identify all other circumstances that render this case not an exceptional case; identify all documents that support, refute or are inconsistent with each of Sicor's assertion of lack of willful infringement; and identify all corroborating witnesses or others having knowledge of any facts that relate to such assertion of lack of willful infringement.

- 10 -

**INTERROGATORY NO. 4**

Describe in detail each factual and legal basis for Sicor's affirmative defenses, including without limitation, Sicor's assertions that: (i) "Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder" under the doctrine of laches, including citation to any case law that Sicor asserts supports its assertion; (ii) "Pharmacia is barred in whole or in part from maintaining this action and from recovering any damages or equitable relief thereunder" under the doctrine of equitable estoppel, including citation to any case law that Sicor asserts supports its assertion; (iii) "[t]his action is barred in whole or in part by the doctrine of unclean hands," including citation to any case law that Sicor asserts supports its assertion; identify all documents that support, refute or are inconsistent with each of Sicor's affirmative defenses; and identify all corroborating witnesses or others having knowledge of any facts that relate to such affirmative defenses.

**INTERROGATORY NO. 5**

Identify and describe in detail all natural persons having responsibility for the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by identifying Sicor's corporate structure relating to the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product (including but not limited to all subsidiaries; predecessors; and/or other related business entities owned, partially owned, controlled, and/or partially controlled by Sicor; and the function of all departments, groups, units, and/or divisions within each such entity pertaining to such production of Sicor's Idarubicin Hydrochloride Injection Product); identifying the role that each such individual had in the research and development, manufacture, offer for sale, sale, and importation of Sicor's

- 11 -

Idarubicin Hydrochloride Injection Product; identifying all documents that relate to Sicor's corporate structure or the role that each such individual had in the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product; and identifying all corroborating witnesses or others having knowledge of any facts that relate to Sicor's corporate structure or the role that each such individual had in the research and development, manufacture, offer for sale, sale, and importation of Sicor's Idarubicin Hydrochloride Injection Product.

**INTERROGATORY NO. 6**

Identify each and every entity within Sicor that has or has had responsibility for or with which Sicor has or has had a business relationship (whether by agreement, license, informal arrangement, or otherwise) relating to research and development, manufacture, offer for sale, sale, or importation of Sicor's Idarubicin Hydrochloride Injection Product, including without limitation, by describing the nature and terms of the responsibility or relationship; identifying the responsibilities of each entity within Sicor and every other entity under the relationship; identifying the date on which the relationship began (and, if applicable, terminated); identifying the person(s) involved in commencing, negotiating, maintaining, and/or deciding, if applicable, to terminate the relationship; identifying, if applicable, the reason(s) for deciding to terminate the relationship; identifying all documents that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship; and identifying all corroborating witnesses or others having knowledge of any facts that relate to what led up to, defines, describes, relates, or refers to that responsibility or relationship.

**INTERROGATORY NO. 7**

For each month and year in which Sicor has offered for sale or sold Sicor's Idarubicin Hydrochloride Injection Product, identify, independently for each unit of idarubicin hydrochloride injection product, Sicor's unit sales volume, unit sales price(s), cost of goods sold, revenues, and gross and net profits associated with such sales; identify each and every document and thing that refers or relates to such unit sales, prices, costs, revenues, and profits; identify each and every customer or dealer to whom Sicor made such sales; and identify all persons knowledgeable about such offers for sale and sales by Sicor.

**INTERROGATORY NO. 8**

Describe in detail the circumstances in which Sicor first became aware of the '285 patent, including without limitation, by identifying the date on which Sicor first became aware of the '285 patent; identifying the individual affiliated with Sicor who first became aware of the '285 patent; identifying how Sicor first became aware of the '285 patent; identifying from whom or where Sicor first became aware of the '285 patent; identifying each and every document or thing that refers or relates to Sicor's first awareness of the '285 patent; and identifying all persons knowledgeable about the circumstances of Sicor's first awareness of the '285 patent.

**INTERROGATORY NO. 9**

Identify each opinion, written and/or oral and formal or informal, that Sicor has requested or received regarding validity, infringement, enforceability, or liability in relation to the '285 patent, including without limitation, by identifying whether the opinion was written or oral and formal or informal; identifying the dates on which the opinion was requested, begun, completed, and delivered; identifying each person involved in the formulation and delivery of the opinion (including the role each such person had in the formulation and delivery of the opinion);

- 13 -

identifying each person who has received, reviewed, or otherwise been informed of the substance of the opinion; identifying each and every document or thing that refers or relates to each opinion; and identifying which opinion or opinions, if any, you will rely upon in this case.

MORRIS NICHOLS ARSHT & TUNNELL

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Plaintiff

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
Lara V. Fleishman
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, IL 60606
(312) 913-0001

November 9, 2004

- 14 -

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to be served this 9th day of November, 2004 upon the following in the manner indicated:

### BY HAND DELIVERY

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Reid L. Ashinoff
Brian T. Moriarty
William J. Sipio
David R. Baum
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020

_____
Maryellen Noreika

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀C.A. No. 04-833-KAJ
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
SICOR, INC. and SICOR⠀⠀⠀⠀⠀⠀⠀⠀⠀)
PHARMACEUTICALS, INC.,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Defendants.

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO
## FIRST SET OF INTERROGATORIES BY PLAINTIFF

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively "Defendants" or

"Sicor"), by and through its undersigned counsel, as and for their supplemental objections and

responses to the First Set of Interrogatories by Plaintiff Pharmacia & Upjohn Company LLC

("Plaintiff" or "Pharmacia"), state as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply to all of Plaintiff's

Interrogatories and are incorporated by reference into each specific response made herein. The

assertion of the same, similar, or additional objections or the provisions of partial answers in the

individual responses to these Interrogatories does not waive any of Sicor's General Objections as

set forth below:

1.⠀⠀⠀⠀Defendants object generally to the Interrogatories to the extent that they purport to

impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure

and the Civil Practice and Procedure of the United States District Court for the District of

Delaware (the "Local Rules").

2.    Defendants object generally to the Interrogatories to the extent they seek privileged information, including, without limitation, information which was developed for or in anticipation of litigation, or which constitutes the work product of counsel or confidential attorney-client communications.

3.    Defendants object generally to the Interrogatories to the extent that: (a) they exceed the number of Interrogatories permitted under the Federal Rules of Civil Procedure and Local Rule 26.1; (b) they are overbroad, vague, ambiguous, indefinite, compound, or cumulative, (c) compliance with such Interrogatory would be oppressive and unduly burdensome, (d) they are harassing, (e) they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and exceed the bounds of the legitimate purposes of discovery; (f) they seek information not in Defendants' possession; and/or (g) they seek information that is equally available to Defendants and Plaintiff.

4.    Defendants object to each Interrogatory to the extent that it is compound and includes discrete subparts covering separate factual and/or legal issues. Each such discrete subpart should be counted separately towards the maximum number of Interrogatories that are permitted under the Federal Rules of Civil Procedure and Local Rule 26.1.

5.    These responses are submitted without waiving in any way, and on the contrary reserving:

> (i)    the right to amend or supplement any and all responses or other information provided herein at any time upon receipt of additional information; and

> (ii)   the right to object on any grounds to the use in evidence or other use of these Responses or other information provided herein in this or any other proceeding by these parties or any other parties or non-parties.

6.      Defendants object to the Interrogatories to the extent they purport to require the

identification of "all" persons or documents relating to broad categories of various subjects on

the ground that such requests are overly broad, unduly burdensome and seek information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In

most cases, it simply is not reasonably possible to search for and identify all such persons and/or

documents.  Subject to Local Rule 26.1 and without waiving the foregoing, or its other general or

specific objections, Defendants will identify and locate after reasonable search such persons or

documents sufficient to provide information inquired about.

7.      Defendants object to each Interrogatory to the extent it is a premature contention

interrogatory.  Responses to contention interrogatories are appropriate only after discovery has

been substantially completed.  Specifically, Defendants object to Pharmacia's contention

interrogatories as premature because they have been propounded before any documents have

been produced and before any depositions have been taken in this action.  Defendants anticipate

that Pharmacia and perhaps non-parties may have information and/or documents and things in

their possession, custody and control that relate to the issues raised by Pharmacia's contention

interrogatories.  The responses provided to these contention interrogatories at this stage are

preliminary, and Defendants expressly reserve the right to supplement each of their responses to

each of Pharmacia's contention interrogatories as discovery proceeds.

8.      These General Objections and any future responses are made for the sole purpose

of this action.  By providing a response to these Interrogatories, Defendants do not concede that

the information provided is discoverable, relevant, or admissible, and reserve the right to

challenge further discovery into the subject matter of any of the individual requests.  Defendants

also reserves the right to challenge the competency, relevance, materiality, privilege, and/or

admissibility into evidence of any documents, information, or material produced in response to

these Interrogatories in this or any subsequent proceeding, or at the trial of this or any other

action.

9.     Responses provided to specific Interrogatories are subject to, and without waiver

of, the General Objections and those specific objections raised with respect to particular

Interrogatories.  Accordingly, the provision of substantive responses to any Interrogatory shall

not be construed as an admission or used as the basis for a contention that Plaintiff is entitled to

any response more specific than that provided.

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1:

Describe in detail each factual and legal basis for Sicor's contention that "the '285 patent
is invalid under the patent laws of the United States, including without limitation 35 U.S.C. §§
101, 102, 103 and 112," and, as part of your response, identify each claim of the '285 patent that
Sicor contends is invalid; for each such claim, identify each statutory provision that Sicor
contends renders it invalid; identify in detail all facts that constitute the basis for each of Sicor's
assertions of invalidity; identify all documents that support, refute or are inconsistent with each
of Sicor's assertions of invalidity; and identify all corroborating witnesses or others having
knowledge of any facts that relate to such assertion of invalidity.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the ground that it is compound and includes

discrete subparts.  Defendants will respond to this interrogatory based on its separate subparts.

## INTERROGATORY NO. 1 SUBPART NO. 1

Describe in detail each factual and legal basis for Sicor's contention that the '285 patent
is invalid under 35 U.S.C. §§ 101 & 102 and, as part of your response, identify each claim of the
'285 patent that Sicor contends is invalid; for each such claim, identify each statutory provision
that Sicor contends renders it invalid; identify in detail all facts that constitute the basis for each
of Sicor's assertions of invalidity; identify all documents that support, refute or are inconsistent
with each of Sicor's assertions of invalidity; and identify all corroborating witnesses or others
having knowledge of any facts that relate to such assertion of invalidity.

## RESPONSE TO INTERROGATORY NO. 1 SUBPART NO. 1

Defendants object to this interrogatory on the grounds that it is premature, as the issue of

invalidity, including the interpretation of the prior art references and the level of a person of

- 4 -

ordinary skill in the art, will be the subject of expert reports and expert testimony. Expert

discovery in this case has not yet even begun, and initial expert reports are not due until August

5, 2005. Moreover, discovery in this case has only recently commenced and Sicor has not yet

obtained any discovery from Pharmacia on this subject matter. Defendants further object to this

interrogatory on the grounds that it seeks information covered by the attorney-client privilege or

work product doctrine.

Subject to and without waiver of any of the foregoing objections or the General

Objections, at this time, Defendants respond as follows: subject to the Court's ruling on claim

construction, claims 1-3, 9, and 11-13 of the '285 patent are invalid as not being new and useful

and/or as anticipated, based on admissions made by the applicants during prosecution of the

patent application that matured into the '285 patent, the file history of the '285 patent, and/or any

of the references listed in Attachment I hereto. The subject matter claimed in claims 1-3, 9, and

11-13 of the '285 patent is not new and useful and/or not novel over the prior art. Individuals

with knowledge in this matter include: Gaetano Gatti, Diego Oldani, Giuseppe Bottoni, Carlo

Confalonieri, Luciano Gambini, Roberto De Ponti, Richard D. Kelly, Norman F. Olbon, Daniel

A. Boehnen, Emily Miao, Jeremey E. Noe, John J. McDonnell, William J. Dana, Mary

Horstman, and Debra Holton-Smith.

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants intend to produce

documents in response to Pharmacia's First Request for the Production of Documents which are

sufficient for Plaintiff to derive or ascertain additional information in response to this

interrogatory.

Plaintiff has identified claims 1-3, 9, and 11-13 of the '285 patent as being asserted in this

litigation, therefore Defendants are not providing a response as to any of the other unasserted