# EXHIBIT 11

EXHIBIT C

**PHARMACIA'S OPPOSITION TO SICOR'S MOTION IN LIMINE #3:**
**TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING CERTAIN**
**AFFIDAVITS REFERENCED IN THE EXPERT REPORT OF LAURA GUERRA**

Faced with an expert who can testify credibly, both from scientific evidence and personal experience, to the long-felt and deeply-felt need for ready-to-use solutions of anthracycline glycosides, Sicor attempts to prevent her from testifying by questioning the merits of the materials on which she relies and her own professional opinion. Importantly, Sicor does not seek to disqualify Ms. Guerra for lack of expertise; rather, it seeks to attack the admissibility of the evidence on which she relies, including declarations from the prosecution history of the '285 patent. There is no merit to Sicor's attack and Ms. Guerra should be permitted to testify and rely upon all the materials she considered, just as any expert would. Furthermore, Sicor itself has indicated that it will be seeking to introduce the underlying declarations into evidence, so its argument that they should be excluded has no merit.

**I.    The Declarations Are Admissible**

In forming her opinions, Ms. Guerra relied in part upon three declarations that were part of the prosecution history of the '285 patent. Sicor does not argue that Ms. Guerra cannot properly rely upon those documents – as an expert, she can rely upon otherwise inadmissible documents. Instead, in the current motion, Sicor argues that those declarations should not be independently admissible as part of the evidence relied upon and presented by Ms. Guerra. The relevance of these declarations in confirmed by the fact that they are part of the prosecution history of the '285 patent and Sicor itself has identified those declarations on its Trial Exhibit List. Moreover, Sicor's argument is anomalous in that it argues that Pharmacia should not be allowed to put into evidence regarding validity the very information considered by the PTO in deciding that the claims should issue.

In fact, Sicor has lised those declarations twice on its Trial Exhibit List: once as part of DTX 88, the prosecution history of the application that issued as the '285 patent that is indicated as being used during the "liability" phase of the trial, and once as part of DTX 165, the June 28, 1996 submission of declarations that is indicated as being used during the "inequitable conduct/unclean hands" phase of the trial. Ex. 1, p. 14, 23. *That is, Sicor itself intends to use and admit (for other purposes) the same documents that it is seeking to have this Court exclude from Ms. Guerra's testimony*. Especially because the declarations will be in evidence, Ms. Guerra should be allowed to testify about them; even if they were not in evidence, she (as an expert) would be entitled to testify based on them. Fed. R. Evid. 703.

Sicor next argues that Ms. Guerra "admitted that the Dana and Holton-Smith declarations were materially incorrect" – that is just plain wrong.[1] *See* Sicor Motion, p. 3. Ms. Guerra testified that Ms. Holton-Smith was right about the clinically permissible shelf life of doxorubicin hydrochloride based on FDA requirements. The Hoffman reference did not address those requirements, which include efficacy and safety. Instead, Dr. Hoffman's paper addressed only potency. As such, in Ms. Guerra's view, both Ms. Holton-Smith and Dr. Hoffman could both be right:

Q.  Okay. Do you know who's right -- Dr. Hoffman, or Ms. Holton-Smith?

A.  *They could perhaps be both right*.

Q.  How could they both be right?

A.  This is based on a study of the product -- (Indicating.) If this information isn't related on the PI, she may not be aware of this publication.

. . .

---

[1] Sicor mentions that Ms. Guerra did not know two of the declarants or their "reputation[s] for truthfulness." Sicor Motion, p. 2-3. Those facts are irrelevant to the admissibility of Ms. Guerra's testimony – without any impeachment of the evidence in the declarations, there is no reason to believe that the declarations are false or unreliable.

Q.  I then said: Do you know who is correct? And you said:  Well, maybe they're both correct. I'm going to ask you, again --

A.  Okay --

Q.  -- if they're inconsistent, can you tell me as you sit here today whether Dr. Hoffman is right; or Ms. Holton-Smith is right?

A.  I think that Dr. Holman is -- Hoffman.

Q.  Hoffman, I believe it is.

A.  Hoffman is probably right in reporting the data that he observed during his project -- (Indicating.)

Ex. 2, p. 151-52 (emphasis added).  In short, at no time did Ms. Guerra testify that Ms. Holton-Smith's declaration was incorrect.

Similarly, Sicor attempts to take advantage of its imprecise questioning and the passage of time to suggest that Mr. Dana's declaration was false.  Sicor never asked Ms. Guerra about the practice at Mr. Dana's hospital in 1988 when he signed his declaration; instead Ms. Guerra was asked in the present tense whether the practice discussed in his declaration was still ("is") true. Ex. 2, p. 68.  Sicor's counsel's imprecision in questioning does not make the declaration inaccurate.  Furthermore, that minor point does not alter the (unrelated) premise of the declaration – that *anyone* (pharmacist or nurse) who reconstituted anthracycline glycosides was exposed to great risk. Ex. 3.

## II.     Personal Experience

Sicor also attempts to prevent Ms. Guerra from testifying to her personal experience of suffering the harms of exposure to anthracycline glycosides through the reconstitution process. She testified at length to both her personal experience and that of nurses she personally knew. Ex. 2, p. 125-28.  She also made it clear that several doctors, while not providing a "definite

causation diagnosis," believed strongly that the harms she suffered were due to absorbing the chemotherapeutic agents she reconstituted. *See id.* That is, Sicor's suggestion that "she in fact had *no* personal knowledge of any nurse (including herself) having been diagnosed with any of the ailments she lists in her report" is at best misleading, but closer to simply false:

> Q.     Okay.  Would you identify for me the nurses who you know to have miscarried a -- a child caused by the handling of anthracycline glycosides?
>
> A.     I was one of them.
>
> Q.     And how do you know that that was the cause?
>
> A.     I didn't recognize it at the time.
>
> However, I lost hair.  One of my colleagues, Joan Schlepper lost hair. And we pointed it out to a few of the physicians that we were hanging out with -- (Indicating.) And they both -- different departments -- oncologists and a hematologist -- and they both said, "Oh, you're probably absorbing the chemotherapy agents that you've used."
>
>                         . . .
>
> Q:     Has a doctor ever told you that your miscarriage was the result of your handling the chemotherapy agents?
>
> A.     No, but he -- we did discuss -- the doctor and I did discuss that my sclerotic ovaries preventing me from having a pregnancy was probably related to my exposure of chemo -- of the chemotherapy.

*Id.* at 125-26, 128.

There is no question that the scientific community came to recognize that anthracycline glycosides were mutagenic, carcinogenic, and teratagenic. *See* Ex. 4. There is also no question that the scientific community came to recognize effects such as those suffered by Ms. Guerra were possible in the medical community due to reconstitution and handling of anthracycline glycosides. *See* Ex. 5. However, those effects were not generally recognized until *after* Ms. Guerra had suffered most of the effects from exposure to anthracycline glycosides during

reconstitution – including her hair loss, sclerotic ovaries, and miscarriage – meaning that they would not likely have been ascribed to exposure with "definite causation."

Furthermore, contrary to Sicor's assertion that Ms. Guerra's testimony "would have no probative value to the invalidity question the jury will be asked to consider," Ms. Guerra's conditions have a direct, meaningful relationship to the deeply and long-felt need for a ready-to-use formulation of anthracycline glycosides. Such secondary considerations must be considered by the jury as part of the obviousness inquiry prompted by Sicor's § 103 defense.    *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966) (obviousness is a question of law based on four underlying factual inquiries, including objective evidence of secondary considerations); *In re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006) ("secondary considerations" must always be considered and include long felt but unresolved needs). That is, Sicor has made Ms. Guerra's testimony relevant by continuing to pursue its obviousness defense.    Relevant evidence is generally admissible, even if prejudicial; it is only when it is unfairly prejudicial – which Sicor does not claim – that it may be excluded under Rule 403.    *See* Fed. R. Evid. 402, 403.    Thus, there is no basis to exclude Ms. Guerra's testimony on her personal condition and Sicor's motion *in limine* should be denied.

Finally, it should be noted that this is not a medical malpractice case.    Pharmacia need not prove definitive causation of Ms. Guerra's symptoms.    Ms. Guerra's doctors believed that her various symptoms were directly linked to the existing lyophilized anthracycline glycoside formulations, and had information from other medical professionals also linking hers and others' symptoms to these formulations. Within the medical community, these perceptions alone, regardless of how rigorous the proofs of causation, established a long-felt need and confirm that such lyophilized formulations cannot be viewed as suitable non-infringing alternatives.

5

1

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



PHARMACIA & UPJOHN COMPANY,
LLC,

                        Plaintiff,

            v.                              C.A. No. 04-833-KAJ

SICOR INC. and
SICOR PHARMACEUTICALS, INC.,

                        Defendants.

DEFENDANTS' TRIAL EXHIBIT LIST

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

## INDEX TO OBJECTIONS

0. No Objection
1. Relevance
2. Probative value substantially outweighed by danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence
3. Privileged
4. Opinion
5. Hearsay
6. Authenticity lacking
7. Other

## PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 1. | 1. | Work Order - NY Patent 1, issued under the Master Research & Development Agreement between Pfizer, Inc. and Nerviano Medical Services on May 14, 2004 | PI 17791-17795 | Liability | |
| 2. | 2. | Work Order - NY Patent 2, issued under the Master Research & Development Agreement between Pfizer, Inc. and Nerviano Medical Services on May 14, 2004 | PI 17796-17800 | Liability | |
| 3. | 3. | Printout from Nerviano Medical Sciences webpage dated 12/7/05 on Nerviano's "Management, News and History" | N/A | Liability | |
| 4. | 4. | United States Patent 6,107,285 | N/A | Liability | |

- 3 -

---

[1]  The "Phase of Litigation" column refers to whether the exhibit is intended to be introduced in the liability phase, willfulness/damages phase, and/or the inequitable conduct/unclean hands bench trial. Sicor reserves the right to introduce exhibits identified for use in the "liability" phase in the willfulness/damages phase and/or the inequitable conduct/unclean hands bench trial. However, Sicor will not introduce in the "liability" phase documents identified exclusively for use in the "willfulness/damages" phase and/or the "inequitable conduct/unclean hands" bench trial. Moreover, Sicor states that additional exhibits would have been included herein to prove non-infringement had the Court accepted Sicor's proposed construction of the disputed claims in this case. Such exhibits would have included, but not been limited to, those exhibits to Sicor's Memorandum of Law in Support of Summary Judgment on Non-Infringement, or in the Alternative for Invalidity for Lack of Written Description (D.I. 246, 247), and Reply Memorandum of Law in Support of Summary Judgment on Non-Infringement, or in the Alternative for Invalidity for Lack of Written Description (D.I. 269), which exhibits are not identified herein. Potential rebuttal and/or impeachment exhibits are not included herein.

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 5. | 5. | Email from D. Boehnen to GBottoni@AlfaWassermann.it dated May 19, 2005, regarding arranging a consulting agreement to assist in case involving the '285 patent. | PI 17757-17758 | Liability | |
| 6. | 6. | Letter from Dr. Francavilla to Dr. Robinson dated June 7, 1985, regarding the status of development and decisions taken about some projects of galenical development. | PU 0011162-0011165 | Liability | |
| 7. | 7. | Letter from G. Tosolini to Dr. Irminger cc: B. Beck, F. Grab, M. Meyers, D. Robison, P. Francivilla dated July 23, 1985 regarding Adriamycin RTU solution. | PU 0011160-0011161 | Liability | |
| 8. | 8. | Farmitalia Carlo Erba - Research and Development: Step-by-Step Procedure to Calculate A Product Shelf-Life in Terms of t90% From Real Stability Data prepared on July, 1990 by R&D/Galenics Galenical Controls Department | PU 0028280-0028287 | Liability | |
| 9. | 9. | Declaration, Power of Attorney, and Petition 6/23/86 regarding Great Britain Application No. 8519452 | N/A | Liability | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 10. | 10. | United States Patent and Trademark Office - Request for Priority Under 35 U.S.C. 119 and the International Convention in US Application No. 878784 | N/A | Liability | |
| 11. | 11. | Example 2: Excerpt from Scientific Notebook - Scientific Notes for Doxorubicin | PU 0022802-0022819 | Liability | |
| 12. | 12. | Example 3: Excerpt from Scientific Notebook - Scientific Notes for Doxorubicin | PU 0022785-0022801 | Liability | |
| 13. | 13. | Excerpt from Scientific Notebook - Scientific Notes for Doxorubicin | PU 0023350-0023368 | Liability | |
| 14. | 14. | Declaration Under Rule 1.132: Carlo Confalonieri, 3/10/1987, Certificate of Facsimile Transmission, and Supplemental Amendment Under 37 C.F.R.& 1.116 dated 7/23/96 | N/A | Liability | |
| 15. | 15. | Letter from K. Weston to G. Tabusso 8/22/86 with attached Adriamycin Document (Scientific notes and graphs) | PU 0019184-0019266 | Liability | |

- 5 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 16. | 16. | Vigevani and Williamson, "Doxorubicin" from Analytical Profiles of Drug Substances: Volume 9 - Edited by Klaus Florey - Doxorubicin: Description, Physical Properties, Synthesis, Stability, Metabolism, Methods of Analysis, Determination of Doxorubicin in Biological Fluids, Analysis of Pharmaceutical Formulations, Miscellaneous, Acknowledgements, and References | N/A | Liability | |
| 18. | 18. | Janssen (1985) International Journal of Pharmaceuticals - Research Papers: Doxorubicin decomposition on storage, Effect of pH, type of buffer and liposome encapsulation | N/A | Liability | |
| 19. | 19. | Wassermann et al: "Kinetics of the acid-catalyzed hydrolysis of doxorubicin," Esevier Biomedical Press (1983) | N/A | Liability | |
| 20. | 20. | Declaration Pursuant to 37 C.F.R. 1.132, Carlo Confalonieri 5/27/1991 | N/A | Inequitable Conduct/Unclean Hands | |
| 21. | 21. | Facsimile Message to Dr. G. Tosolini, November 11, 1985 | PU 0010361 | Liability | |
| 22. | 22. | Facsimile Message to Dr. G. Tosolini, November 11, 1985 with handwritten notes | PU 0018369 | Liability | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 23. | 23. | Handwritten Notes (Wassermann and Bundgaard) | PU 0021810 | Liability | |
| 24. | 24. | Furuya, "Pharmaceutical of Doxorubicin Salt" Patent Abstracts of Japan | N/A | Liability | |
| 25. | 25. | Rule 1.132 Declaration, Carlo Confalonieri August 11, 1989 | N/A | Liability | |
| 26. | 26. | Declaration of Carlo Confalonieri January 12, 199_ | N/A | Liability | |
| 27. | 27. | Letter from C. Confalonieri to Dr. W. Wright, July 12, 1991 - Re: U.S. Pharmacopoeia Monograph for Doxorubicin Hydrochloride Injection | PU 0021682-0021684 | Liability | |
| 28. | 28. | Adria: Inter-Office Communication from R. L. Wolgemuth and S. Penco, May 31, 1985 FICE/Adria Review of the Ohio State Anthracycline Projects | PU 0018117-0018119 | Liability | |
| 29. | 29. | Rule 1.132 Declaration of Carlo Confalonieri November 21, 1988 | PU 0009215-0009226 | Liability | |
| 30. | 30. | Declaration of Carlo Confalonieri Pursuant to 37 C.F.R. 1.132 December 9, 1992 | N/A | Inequitable Conduct/Unclean Hands | |
| 31. | 31. | Declaration Pursuant to 37 C.F.R. 1.132, Carlo Confalonieri December 20, 1990 | N/A | Liability | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 32. | 32. | Rule 1.132 Declaration, Carlo Confalonieri August 11, 1989 | N/A | Liability | |
| 33. | 33. | Master Research and Development Agreement - May 14 2004 - Pfizer Inc. as Contractor and Nerviano Medical Science S.r.l. as Provider - Allen & Overy Milan | PI 17770-17790 | Liability | |
| 34. | 34. | Memo on New Pharmaceutical Forms Requested by International Division by Marketing Estero-May 28, 1985 | PU 0011247-0011251 | Liability | |
| 35. | 35. | Table I: Stability Studies Data - Comparison of solutions adjusted to pH 3.0 with different acids - Doxorubicin Scientific Notebook | PU 0023065-0023078 | Liability | |
| 36. | 36. | Table II: Stability Studies Data - Comparison of pH's 2 mg/ml Doxorubicin.HCl Solutions in Water adjusted to various pH's with HCl Accelerated test at 55 degrees C - Doxorubicin Scientific Notebook | PU 0022991-0023021 | Liability | |
| 37. | 37. | European Patent No. 0 143 478 | PU 0036320-0036329 | Liability | |
| 38. | 38. | Chart: Department Div-Mkt-Ent - Version - Currency - Exchange Rate Set - Accumulation Method | PI 18030-18034 | Liability | |

- 8 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 39. | 39. | Idarubicin/Idamycin - Pharmaceutical Market Company United States (excluding Greenstone) - 11USA - P & L Sort Order P & L Account Code | PI 18035 | Damages/Willfulness | |
| 40. | 40. | Idamycin Chart - Net Sales, Medical Affairs, Sales & Marketing Expenses, etc | PI 18036-18038 | Damages/Willfulness y | |
| 41. | 41. | Product: Idamycin 10mg/10ml - Code: 30013258691 6 - CCS #: 5429 - Lot Size: 11,060.000 | PI 18387-18396 | Damages/Willfulness | |
| 42. | 42. | Idamycin Net Sales & Quantity by SKU - Idamycin Gross to Net Sales - Sku Product - Product Description - Year - Month - Account | PI 18039-18058 | Damages/Willfulness | |
| 43. | 43. | GQTY - Gross Qty RQTY - Return Qty For Pfizer Inc and Pharmacia | PI 17919-17945 | Damages/Willfulness | |
| 44. | 44. | Pharmacia - Oncology Sales - Mike Brown - Oncology Sales Organization Structure | PU 0047504-0047532 | Damages/Willfulness | |
| 45. | 45. | Global Oncology Franchise - Start Plan 2003-2005 - Pharmacia Oncology | PU 0045030 | Damages/Willfulness | |

- 9 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 46. | 46. | Oncology Franchise Products - Global Prescription Business - 2003-2005 Start Plan (Pass 4) - Net Sales - EBIT - Pharmacia | PU 0045055-0045063 | Damages/Willfulness | |
| 47. | 47. | Idarubicin/Idamycin - Global Prescription Business 2003-2005 Start Plan (Pass 4) - Net Sales - EBIT - Pharmacia - with blank cover page | PU 0045076-0045086 | Damages/Willfulness | |
| 48. | 48. | Global Oncology Franchise 2003-2005 Start Plan - Financials (Pass 4) - Pharmacia Oncology - Oncology Franchise: Graphs and Tables | PI 18553-18584 | Damages/Willfulness | |
| 49. | 49. | Oncology Salesforce - USMC (Pass 3) - Charts | PU 0045126-0045133 | Damages/Willfulness | |
| 50. | 50. | Global Oncology Franchise - Direct & Allocated NPP 2002 Budget and 2003-2005 Start Plan: PASS 4 with blank cover page | PU 0045156-0045160 | Damages/Willfulness | |
| 51. | 51. | Pharmacia Oncology Idamycin PFS Zavedos - Lifecycle Management Plan - March 2002 - Tables and Graphs - Reformatted Demonstratives | PU 0046786-0046803 | Damages/Willfulness | |
| 52. | 52. | Idamycin Contracting - Grace Squillaci - October 15, 2002 - Reformatted Demonstratives | PU 0046824-0046826 | Damages/Willfulness | |
| 53. | 53. | Pharmaceutical Pricing Management - Memorandum | PU 0043637-0043704 | | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 57. | 57. | Notice of Deposition of Pharmacia & Upjohn Company, August 1, 2005 - 30(b)(6) - Attached Schedule | N/A | Damages/Willfulness | |
| 58. | 58. | Email from P. Laivins to L. Das-Young, June 20, 2003 - FW: Trelstar | PU 0046831 | Damages/Willfulness | |
| 59. | 59. | Printout from Pfizer webpage - "Everyone Should Be Able to Get the Medicines They Need" | N/A | Liability | |
| 60. | 60. | Email from D. Thio to N. Ahrens, April 12, 2002 - RE: Idarubicin P&L | PU 0045087-0045088 | Damages/Willfulness | |
| 61. | 61. | Market Share in AML/ALL - Potential MKT - Charts, Graphs, and Diagrams with Idarubicin Document - Idarubicin Outline | PU 0003625-0003646 | Damages/Willfulness | |
| 62. | 62. | Nova Plus Idamycin - US Pricing Committee Presentation - December 12, 2002 - Reformatted Demonstrative | PU 0046674-0046675 | Damages/Willfulness | |
| 63. | 63. | Pharmacy Supplier Agreement (Private Label) between Novation, LLC and Pharmacia Corporation ("Supplier") RX10030 | PU 0046694-0046747 | Damages/Willfulness | |
| 64. | 64. | Meeting Minutes for meeting between FDA and Pharmacia Regarding Inspection of Perth, Australia, facility - October 24, 2002 - | PI 0019161-0019163 | Liability Damages/Willfulness | |

- 11 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 65. | 65. | Email from B. Winter to K. Loberg, April 10, 2003 - FW: Doxorubicin Agreement | SICOR-PNU 056271-056272 | Liability Damages/Willfulness | |
| 66. | 66. | Email from B. Winter to K. Loberg, May 16, 2002 - RE: Status Update | SICOR-PNU 056273 | Damages/Willfulness | |
| 67. | 67. | Letter from M. Wilkewitz to Dr. P. Cooney of the FDA, July 25, 2002 - RE: Regulatory Submission Plans for Facility Upgrade Project | SICOR-PNU 056276-056277 | Damages/Willfulness | |
| 68. | 68. | Email from B. Winter to K. Loberg, November 28, 2002 - Supply of Doxorubicin RTU | SICOR-PNU 056279 | Damages/Willfulness | |
| 69. | 69. | Letter from R. Heyes to J. Dietrick of the FDA, January 31, 2003 - Update C to Response to Form 483 Observations: Perth, Australia, April 26-May 3, 2002 - "Highly Confidential - Trade Secrets" | PI 019164-019165 | Damages/Willfulness | |
| 70. | 70. | Email from R. Houston to D. Eilers, June 14, 2002 - Temporary Sourcing of Oncology Products - Redacted | PI 0019011-0019013 | Damages/Willfulness | |
| 71. | 71. | Mould Incident Report for Oncology Production - January 2003 | PI 0019035 | Damages/Willfulness | |
| 72. | 72. | Email from D. Hutchings to R. Heyes, dated January 4, 2003 - FW: FDA Termination of Perth Recall with Attachment: FDA Close Perth.pdf | PI 0019036-0019038 | Damages/Willfulness | |

- 12 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 73. | 73. | Letter from J. Nadelin to S. Williams of the FDA, December 11, 2002 - RE: Product Recall D-268/275-2: Adriamycin PFS, Ellence, Idamycin PFS with Product Tables | PI 0019030-0019034 | Damages/Willfulness | |
| 74. | 74. | USA Idamycin - First Shipments - Batch Sizes | PI 18396 | Liability | |
| 75. | 75. | Notice of Deposition of Lauren Guerra | N/A | Liability | |
| 77. | 77. | Article: Risk of Handling Injectable Antineoplastic Agents - American Journal of Hospital Pharmacy with Graphs - November 1982, Volume 39, Number 11, Coden: AJHPA9, ISSN: 0002-9289 | N/A | Liability | |
| 78. | 78. | Article: Occupational Exposure of Nursing Personnel to Antineoplastic Agents with Graphs - Oncology Nursing Forum | N/A | Liability | |
| 80. | 80. | Article: Work Practices of Nurses Who Handle Antineoplastic Agents - Aaohn Journal | N/A | Liability | |
| 81. | 81. | Hoffman, "Stability of Refrigerated and Frozen Solutions of Doxorubicin Hydrochloride" | N/A | Liability | |

- 13 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 83. | 83. | Declaration Under Rule 1.132, Mary Horstman dated June 2, 1988 filed on June 26, 1986 for Patent Application Serial No. 06/878,784 | N/A | Liability | |
| 85. | 85. | Redacted Version - Email to Marvin Samson from Wes Fach dated January 2, 2001 re: Status of the Idarubicin patent investigation | | Damages/Willfulness | |
| 86. | 86. | Prosecution History of the 5,124,317 Patent, Application Serial No. 07/503,856 | PI 122-313 | Liability | |
| 87. | 87. | Prosecution History of the 4,946,831 Patent, Application Serial No. 07/385,999 | PI 48-120 | Liability | |
| 88. | 88. | Prosecution history Application Serial Number: 06/878,784 | PI 730-948 | Liability | |
| 89. | 89. | Declaration Under Rule 1.132, Carlo Confalonieri March 10, 1987 | PI 855-867 | Liability | |
| 90. | 90. | Declaration Under Rule 132 - Martin Williamson and Frederick Grab February 3, 1987 | PI 6183-6208 | Liability | |
| 91. | 91. | File History of the 5,124,317 Patent | N/A | Inequitable Conduct/Unclean Hands | |
| 92. | 92. | Prosecution History of 6,107,285 Patent, Application Serial No. 07/827,742 | PU 0014832-0015426 | Liability | |

- 14 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 94. | 94. | Manual of Patent Examining Procedure - Original Fifth Edition, August 1983 - Latest Revision March 1994 | N/A | Liability | |
| 95. | 95. | Affidavit of Robert Laurence Weston, April 19, 1995 - Farmitalia Carlo Erba S.r.l. Applicant and Delta West Pty Ltd Respondent - in the Federal Court of Australia | PU 0014464-0014489 | Inequitable Conduct/Unclean Hands | |
| 96. | 96. | Affidavit of William Neil Charman, April 24, 1995 - Farmitalia Carlo Erba S.r.l. Applicant and Delta West Pty Ltd Respondent - in the Federal Court of Australia | PU 0011682-0011717 | Inequitable Conduct/Unclean Hands | |
| 99. | 99. | Telefax from M. Royal RE: Australian Patent No. 598197, February 7, 1992 | PU 0034802-0034803 | Inequitable Conduct/Unclean Hands | |
| 101. | 101. | Amended Particulars of Objections- June 15, 1992 | PU 0070060-0070077 | Inequitable Conduct/Unclean Hands | |
| 102. | 102. | Further Amended Particulars of Objections - July 24, 1992 | PU 0070223-0070254 | Inequitable Conduct/Unclean Hands | |
| 103. | 103. | Signed Business Alliance Agreement Among: Delta West PTY: Limited, The Upjohn Company, Gensia Laboratories, LTD, and Gensia Pharmaceuticals - April 23, 1993 | PU 0059376-0059400 | Liability | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 104. | 104. | Termination and License Agreement - The Upjohn Company, Delta West PTY, Ltd, Gensia, Inc., Gensia Laboratories, Ltd., October 11, 1995 | PU 0059369-0059375 | Liability | |
| 105. | 105. | Letter from L. Welch to W. Fach, December 4, 1995-RE: *Pharmacia v. Gensia, Inc., et al.* | PU 0059009-0059010 | Liability | |
| 106. | 106. | Interoffice Memo from L.T. Welch to R.W. Unsworth - Reformulation of Doxorubicin | | Inequitable Conduct/Unclean Hands | |
| 107. | 107. | Data "As Filed with the Securities and Exchange Commission on August 21, 1995" - Registration NO. 33" | N/A | | |
| 108. | 108. | Letter from W. Fach to L. Welch, December 8, 1995, Pharmacia, Inc. v. Gensia, Inc. et al | PU 0059006-0059008 | | |
| 110. | 110. | Benvenuto: "Stability and Compatibility of Antitumor Agents in Glass and Plastic Containers" | N/A | Inequitable Conduct/Unclean Hands | |
| 111. | 111. | Teresa Kaniewska (1977): "A study of decomposition of Adriamycin", Pharmacia Polska, Vol. 9, 539-542 | N/A | Inequitable Conduct/Unclean Hands | |
| 112. | 112. | United States Patent 4,310,515 | N/A | Liability<br><br>Inequitable Conduct/Unclean Hands | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 113. | 113. | Letter from D. Baum to J. Rich, February 9, 2006 with Attached Notice of Deposition of John McBride | N/A | Liability | |
| 114. | 114. | Facsimile Message from D. DeSanto to M. Samson, May 24, 2000 with Attached letter to F. Hassan | SICOR-PNU 056345-056347 | Damages/Willfulness | |
| 115. | 115. | Email from M. Cannon to M. Samson, C. Lea, September 17, 2001 - FW: Transaction Description with Attached Description of Transaction | SICOR-PNU 056370-056371 | Damages/Willfulness | |
| 116. | 116. | Letter from C. Lea to J. McBride, February 14, 2002 | SICOR-PNU 056397-056403 | Damages/Willfulness | |
| 117. | 117. | Letter from T. Ruane of Pharmacia to T. Cacich of Abbott, August 9, 2000 with Attached Notice of Allowability, Allowed Claims, and Notice of Allowance and Issue Fee Due | N/A | Damages/Willfulness | |
| 118. | 118. | Letter from C. Bell of Pharmacia to M. Samson, Re: Infringement of United States Patent No. 6,107,285 to Gatti, et al, February 20, 2003 | SICOR-PNU 056519 | Damages/Willfulness | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 119. | 119. | Doxorubicin by A. Vigevani and M. Williamson - Description, Physical Properties, Synthesis, Stability, Metabolism, Methods of Analysis, Determination of Doxorubicin in Biological Fluids, Analysis of Pharmaceuticals Formulations, Miscellaneous, Acknowledgements, and References | PU 0016129-0016157 | Liability | |
| 120. | 120. | Preformulation Studies for Doxorubicin RTU Development - Table and Inter-Office Correspondence on Doxorubicin RTU | PU 0020874-0020881 | Liability | |
| 121. | 121. | Inter-Office Communication from R. L. Wolgemuth and S. Penco, May 31, 1985 - Review of the Ohio State Anthracycline Projects, | PU 0018117-0018119 | Liability | |
| 122. | 122. | Message Transmittal Form to G. Tosolini - Regarding Adria Management suggested visit to FICE on discussion of Adriamycin RTU | PU 0010356 | Inequitable Conduct/Unclean Hands | |
| 123. | 123. | US Patent No. 4,310,515 | | Liability | |
| 124. | 124. | Letter from G. Tosolini, November 14, 1985 with attached Tables Regarding Adriamycin RTU | PU 0018342-0018363 | Liability | |

- 18 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 125. | 125. | Message Transmittal Form to G. Tosolini, November 11, 1985 - Regarding Beijnen et al paper on Stability of Anthracyclines and Doxorubicin | PU 0010361 | Liability | |
| 126. | 126. | Formulation Development - Patentable Adriamycin RTU | PU 0010300 | Liability | |
| 127. | 127. | Letter to M. Williamson from C. Confalonieri, October 26, 1987, Regarding IBM Compatible Floppy-Disk with Pharmacy Documentation for Adriamycin PFS of Stability Tables and Data | PU 0019924 | Liability | |
| 128. | 128. | Message Transmittal Form to G. Tosolini, November 11, 1985, Regarding paper by Beijnen et al | PU 001350 | Liability | |
| 129. | 129. | Message Transmittal Form Regarding Doxorubicin RTU Solutions to G. Tosolini, June 18, 1985 | PU 001351 | Liability | |
| 130. | 130. | Analytical Profiles of Drug Substances: Volume 9 Edited by Klaus Florey - The Squibb Institute for Medical Research, New Brunswick, New Jersey - "Compiled under the auspices of the Pharmaceutical Analysis and Control Section Academy of Pharmaceutical Sciences" | | Liability | |

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 131. | 131. | Product Development Stability Protocol For: Adriamycin (pH 4.5, 5.0) | | Liability | |
| 132. | 132. | Drug Product – Introduction Pertaining to Doxorubicin | PU 0085806-0085807 | Liability | |
| 133. | 133. | Preformulation Studies: Study of Doxorubicin Hydrochloride Stability in aqueous media at different pH values | PU 0011462-0011495 | Liability | |
| 135. | 135. | US patent No. 3,590,028 | | Liability | |
| 136. | 136. | US patent No. 3,803,124 | | Liability | |
| 138. | 138. | "Structure and Physiochemical Properties of Adriamycin," Arcamone, Cassinelli, Franceschi, Penco, Pol, Redaelli, and Selva | | Liability | |
| 139. | 139. | "Self-Association of Doxorubicin and Related Compounds in Aqueous Solution," Menozzi, Valentini, Vannini, and Arcamone (1984) | | Liability | |
| 140. | 140. | "Chemical Stability of Mitomycin and Anthracycline Antineoplastic Drugs, " Jacob Hendrik Beijnen (Thesis) | SICOR-PNU 057205-057513 | Liability | |
| 142. | 142. | Declaration of Carlo Confalonieri pursuant to 37 CFR 1.132 dated December 9, 1992 | PU 0016632-0016785 | Liability | Inequitable Conduct/Unclean Hands |

- 20 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 143. | 143. | December 31, 2005 USP Monographs: Doxorubicin Hydrochloride printed from the USP-NF website on October 31, 2005 | | Liability<br><br>Damages/Willfulness | |
| 144. | 144. | pH profile for doxorubicin hydrochloride degradation at 55°C in sterile water | PU 0016677 | Liability | |
| 148. | 148. | Adria Oncology Products Group 1991 Marketing Plan for Adriamycin and Oncoline, Updated February, 1991, Prepared by Kevin J. O'Neill | PI 3745-3788 | Damages/Willfulness | |
| 149. | 149. | Spreadsheet for Idarubicin/Idamycin, Pharmaceutical Market Company United States (excluding Greenstone) Sorted by P&L Account Code and P&L account description for years 2001-2003 | PI 18035 | Damages/Willfulness | |
| 150. | 150. | Lab Notebook Notes, No. 6423/28, Doxorubicina Hcl 5mg dated 5/3/85 | PI 11594 | Liability | |
| 151. | 151. | Lab Notebook Notes, No. 6423/27, Doxorubicina Soluzione Hcl 20mg | PI 11593 | Liability | |
| 152. | 152. | Lab Notebook Notes, No. 6160/14, 12/84 - 1/85, | PU 0022188 | Liability | |
| 153. | 153. | Lab Notebook Notes, No. 6423/19, Doxorubicin pH = 5 | PI 11609 | Liability | |

- 21 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION[1] | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 154. | 154. | Lab Notebook Notes, No. 6423/32, Doxorubicin Hcl pH=2.5 | PI 11595-11596 | Liability | |
| 155. | 155. | Lab Notebook Notes, No. 6423/46, Doxorubicin, dated 3/29/85 | PU 0022822 | Liability | |
| 156. | 156. | Lab Notebook Notes, No. 6423/99, dated 5/31/85 | PI 11652-11653 | Liability | |
| 157. | 157. | Lab Notebook Notes, No. 6423/77, dated 6/5/85, Signed by Giuseppe Bottoni | PI 11438-11439 | Liability | |
| 158. | 158. | Lab Notebook Notes, No. 5429/46, dated 11/18/83 re: Doxorubicin Hcl | PI 11273-11278 | Liability | |
| 159. | 159. | Lab Notebook Notes, No. 6423/21, signed by Giuseppe Bottoni, re: Doxorubicin pH = 6 | PI 11610 | Liability | |
| 160. | 160. | Lab Notebook Notes, No. 6423/22, signed by Giuseppe Bottoni, re: Doxorubicin ph = 4 | PI 11611 | Liability | |
| 161. | 161. | Lab Notebook Notes, No. 6423/24, signed by Giuseppe Bottoni, dated 2/26/85, re: Doxorubicin Hcl | PI 11612 | Liability | |
| 162. | 162. | Lachman, Lieberman and Kanig: (1985) The Theory of Industrial Pharmacy, 3rd Edition | SICOR-PNU 005234-005249 | Liability Inequitable Conduct/Unclean Hands | |

- 22 -

PRELIMINARY DRAFT AS OF SEPTEMBER 12, 2006

| DEFENDANTS' TRIAL EXHIBIT NUMBER | DEFENDANTS' DEPOSITION EXHIBIT NUMBER | DESCRIPTION | BATES RANGE | PHASE OF LITIGATION | PHARMACIA'S OBJECTIONS |
|---|---|---|---|---|---|
| 163. | 163. | June 14, 2005 Engagement Letter between Giuseppe Bottoni and Daniel Boehnen of Mc Donnell Boehnen Hulbert & Berghoff | | Inequitable Conduct/Unclean Hands | |
| 164. | 164. | Amendment dated June 28, 1996 in '742 application | PU 0015154-0015168 | Liability | |
| 165. | 165. | June 28, 1996 Submission of Declarations in Support of Amendment of William J. Dana, Mary Horstman, Degra Holton-Smith, and Carlo Conf alonieri. | PU 0015169-0015255 | Inequitable Conduct/Unclean Hands | |
| 166. | 166. | Pharmacia's Response to Sicor's Second Set of Interrogatories dated November 2, 2005 | N/A | Liability | |
| 167. | 167. | Examiner Interview Summary Record August 2, 1996 | PU 0015256 | Liability | |
| 168. | 168. | Second Supplemental Information Disclosure Statement dated March 18, 1997 | PU 0015272-0015276 | Liability | |
| 169. | 169. | March 18, 1997 Memo from Emily Miao to Dr. R. Metelli re: U.S. Application Serial No. 08/368,402 and 07/827,742 | PU 0096842 | Inequitable Conduct/Unclean Hands | |
| 170. | 170. | June 24, 1997 Transmittal Letter and Fourth Supplemental Information Disclosure Statement | PU 0015293-0015297 | Liability | |