IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Pursuant to D. Del. L.R. 51.1 (a), Pharmacia & Upjohn Company, LLC submit the attached joint Proposed Preliminary Jury Instructions, in triplicate. The parties have reached agreement with respect to Proposed Preliminary Instruction Nos. 1, 2, 5, 6 and 7. With respect to the other proposed instructions, the agreed upon language, if any, and additional proposals by one or both parties is indicated. These instructions are also being submitted on disk in WordPerfect format.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | /s/ Maryellen Noreika |
|  | _____ |
| Daniel A. Boehnen | Jack B. Blumenfeld (#1014) |
| Joshua R. Rich | Maryellen Noreika (#3208) |
| McDONNELL BOEHNEN HULBERT | 1201 N. Market Street, P.O. Box 1347 |
| & BERGHOFF LLP | Wilmington, Delaware  19899-1347 |
| 300 S. Wacker Drive | (302) 658-9200 |
| Chicago, Illinois  60606 | *Attorneys for Plaintiff* |
| (312) 913-0001 | *Pharmacia & Upjohn Company LLC* |

October 12, 2006

# **PRELIMINARY INSTRUCTION 1 (AGREED)**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

## **Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts, as you find them, to the law I will provide to you at the close of the evidence. You must follow my instructions on the law whether you agree with them or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## **PRELIMINARY INSTRUCTION 2 (AGREED)**

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you. Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections by lawyers are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify the issue for you at that time.

I reemphasize, you should not consider testimony and documents I have excluded and not admitted into evidence.

Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## PRELIMINARY INSTRUCTION 3 (AGREED IN PART)

### Nature of The Case

**3.A.  Agreed Instruction**

This is a patent infringement case. The Plaintiff, Pharmacia & Upjohn Co. LLC is the owner of U.S. Patent No. 6,107,285 (also known as "the '285 patent"). The Defendants are Sicor Inc. and Sicor Pharmaceuticals, Inc., known together as "Sicor." Pharmacia accuses Sicor of infringing upon its rights under claims 9 and 13 of the '285 patent by making a specific chemotherapy drug known as idarubicin hydrochloride, Sicor now agrees, based on the claim construction I have given in the case, that it infringes claims 9 and 13 of the '285 patent but argues that those claims are invalid.

At the end of the case, I will give you instructions on the law that you will apply in determining whether parties have proven the claims they have made against each other.

**3.B.  Sicor's Proposed Insert**

### What a Patent is and How One is Obtained[1]

Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

A valid United States patent gives the patent owner the right for a limited number of years after issuance to prevent others from making, using, offering to sell, or selling the patented invention within the United States or from importing it into the United States without the patent holder's permission. The patent owner may try to enforce a patent against persons believed to be

---

[1]  AIPLA Model Jury Instructions, Preliminary Jury Instruction I (modified); N.D. Cal. Model Patent Jury Preliminary Instruction A.1 (modified).

4

violating their patent rights, also called "infringing" their patent rights, by bringing a lawsuit filed in federal court.

Patents are granted by the United States Patent and Trademark Office (sometimes called the "Patent Office" or the "PTO") located in Washington DC. The PTO is an agency of the federal government that employs Patent Examiners who review applications for patents.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must file an application with the PTO. The application includes what is called a "specification," which must contain a sufficient written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it so others skilled in the field will know how to make or use it.

The specification concludes with one or more numbered sentences. These are the patent "claims." The purpose of the claims is to particularly point out what the applicant regards as the invention, in accordance with the written description of the invention set forth in the specification at the time the patent application is filed. When the patent is eventually issued by the PTO, the claims define the bounds of the patent owner's exclusive rights during the life of the patent and give notice to the public of those boundaries.

After the applicant files the application, a PTO examiner reviews the patent application. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner also will review prior art if it is submitted to the PTO by the applicant. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art.

Prior art is defined by law, which I will give you later in this case. However, in general, prior art is technical information and knowledge that was known to the public more than one year before the filing date of the patent application. A patent lists all the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims. This process, which was confidential between the examiner and the patent applicant, may go back and forth for some time.

The collection of papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." This history of written correspondence is contained in a file in the PTO and thus the prosecution history is sometimes called the file history or the file wrapper. All of this material was kept secret between the applicant and the PTO for some time, often until the patent is issued, when it becomes available to the public.

You will now watch a video called An Introduction to the Patent System.

[The Court shows the jury the video "An Introduction to the Patent System" by the Federal Judicial Center and distributes the accompanying sample patent to jury members.]

I will now summarize the parties' positions in this case.

[Read: 1st paragraph of Instruction 3A here]

Pharmacia originally contended that Sicor infringed Claims 1, 2, 3, 9, 11, 12 and 13 of the '285 patent, but now claims that Sicor's idarubicin HCl injection product violates, or infringes, only claims 9 and 13 of the '285 patent. We may refer to claims 9 and 13 as the Asserted Claims.

Defendant Sicor asserts it has not infringed Pharmacia's patent because each of the Asserted Claims of the '285 patent is invalid. Sicor contends, first, that the claims do not satisfy what is called the "written description" requirement for a patent claim, and second, that the claims were obvious," as patent law defines that term. Even though the Patent Office Examiner allowed the Asserted Claims, you, the jury, have the ultimate responsibility to decide whether the Asserted Claims are invalid, which Sicor must prove by clear and convincing evidence. The fact that the Patent and Trademark Office decided to issue the '285 patent does not conclusively determine, or prevent you from deciding, that one or both of the Asserted Claims are separately invalid.

[Read: 2nd paragraph of Instruction 3A here]

## **PRELIMINARY INSTRUCTION 4 (NOT AGREED)**

### **Burden of Proof**

### **Pharmacia's Proposal**

This is a civil case. Each party has, for the claims it is asserting against another party, a burden of proof. In a civil case like this we have two burdens of proof: "clear and convincing evidence" and the "preponderance of the evidence."

The "preponderance of the evidence" burden which sometimes applies in a civil case means the party asserting the claim has to produce evidence which, when considered in the light of all the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, under the preponderance of the evidence standard, if you were to put the claimant's evidence and the other party's evidence on opposite sides of a scale, the evidence on the claimant's side would have to make the scales tip slightly to its side. In this case, however, Sicor is challenging the validity of Pharmacia's patent, and that requires a higher or heavier burden of proof. Sicor has the burden of proving invalidity by "clear and convincing evidence." Clear and convincing evidence is evidence that produces an abiding or enduring conviction that the truth of a fact is highly probable.

Some of you may have heard the term "proof beyond a reasonable doubt." That is a heavier standard applied in criminal cases and it does not apply to a civil case. You should, therefore, put it out of your mind in considering whether or not the parties have met their burdens of proof in this case.

### Sicor's Proposal

This is a civil case. Each party has, for the claims it is asserting against another party, a burden of proof. In a civil case like this we have two burdens of proof: "clear and convincing evidence" and the "preponderance of the evidence."

The "preponderance of the evidence" burden which sometimes applies in a civil case means the party asserting the claim has to produce evidence which, when considered in the light of all the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, under the preponderance of the evidence standard, if you were to put the claimant's evidence and the other party's evidence on opposite sides of a scale, the evidence on the claimant's side would have to make the scales tip slightly to its side.

In the first phase of trial, however, Sicor has the burden of proving invalidity by "clear and convincing evidence." The burden to prove a fact by clear and convincing evidence is a heavier burden than the burden to prove that fact by a preponderance of the evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.

Some of you may have heard the term "proof beyond a reasonable doubt." That is a heavier standard applied in criminal cases and it does not apply to a civil case. You should, therefore, put it out of your mind in considering whether or not the parties have met their burdens of proof in this case.

## PRELIMINARY INSTRUCTION 5 (AGREED)

### Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly. There are important reasons for this, including the need for you to keep an open mind throughout the presentation of evidence.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case. Please don't do any sleuthing on the internet, for example. You are to decide the case upon the evidence presented in court.

Again, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your group deliberations at the end of the case.

## <u>RELIMINARY INSTRUCTION 6 (AGREED)</u>

### <u>Instructions on taking notes</u>

If you wish to, you may take notes during the evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. However, you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1.   <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

<u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Over-indulgence in note-taking may be distracting. You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity

to make important observations. You may make your note after having made an observation itself.

       2.    <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a stimulant to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

       3.    <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the jury room. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

## **PRELIMINARY INSTRUCTION 7 (AGREED)**

### **Some Logistical Information**

1.      Temperature – dress in layers. It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building. That is particularly true when the seasons are changing and the temperature outside can be erratic. So bring a sweater or jacket you can wear if the air conditioning is overdone but which you can take off if things get too warm.

2.      Jury Stickers – Please wear the stickers you've been given that identify you as jurors. We don't have specialized access for you to the elevators or other common areas in the building. You will be sharing those with the representatives of the parties and others who have business with the Court. Everyone wants to help you maintain the appropriate detachment you must have in order to avoid being influenced by things outside the courtroom. By wearing your stickers, you help the parties and others to preserve that detachment. And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish when you see them in the elevators or elsewhere in the building. Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

3.      Security System and Timeliness – You'll recall that when you came into the building today, you had to go through a security screening system. If you had a cell phone, you had to check that in with one of the Court Security Officers. Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you to be in the jury room before 9:00 a.m. each day of trial so that you can all come in and be seated together in the jury box promptly at 9:00. I should

note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient.

Even while you are in the courtroom, there may be occasions where it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, again, please be patient. We are not trying to keep information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Likewise, if I am required to deal with other proceedings, I ask your indulgence. Neither the Court nor the parties mean you any disrespect by a delay. On the contrary, your willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

4. Schedule — A few additional words about the daily schedule: as I mentioned, we will begin taking testimony each day at 9:00 a.m. We will plan to have a break at mid-morning (at

about 10:30), to recess for a one-hour lunch at approximately 12:30, to have a mid-afternoon break (at about 3:00), and to conclude the taking of testimony by 4:30 p.m. sharp. You can plan that you will be able to leave court each day by 4:30.

## **PRELIMINARY INSTRUCTION 8 (AGREED IN PART)**

### Agreed Instruction

### Course of the Trial

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

When all the evidence is in, the attorneys will make their closing arguments to summarize and interpret the evidence for you and I will give you instructions on the law. You will then retire to deliberate on your verdict.

### Sicor Proposed Insert (at end)

If you find at the conclusion of this phase that the `285 patent is not invalid, you will be asked in a second phase of this trial to resolve the appropriate amount of damages that should be awarded for Sicor's infringement.

## **PRELIMINARY INSTRUCTION 9 (Sicor Only)**

### Use of depositions

### To be read only before the first deposition testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. A videographer may also be present to record the deposition.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.*


*3d Cir. Pattern Instr. No. 2.5.

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 12, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>John G. Day, Esquire
>ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

### BY HAND

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE  19801

### BY EMAIL

>Reid L. Ashinoff
>David R. Baum
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY  10020
>
>Jordan Sigale
>SONNENSCHEIN NATH & ROSENTHAL LLP
>8000 Sears Tower
>Chicago, IL  60606

>/s/  Maryellen Noreika (#3208)
>Maryellen Noreika (#3208)
>mnoreika@mnat.com