IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHARMACIA & UPJOHN COMPANY, LLC,   )
                                    )
         Plaintiff,          )
                                    )
         v.               )   C.A. No. 04-833-KAJ
                                    )
SICOR INC. and SICOR         )
PHARMACEUTICALS, INC.,       )
                                    )
        Defendants.      )

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
## RE: VALIDITY ISSUES

Pursuant to D. Del. L.R. 51.1 (a), Pharmacia & Upjohn Company, LLC submit the attached

Joint Proposed Jury Instructions, in triplicate, relating to validity issues (what the parties have termed

phase I). The parties have reached agreement with respect to Proposed Instruction Nos. 1.1-1.9, 2.4

and 3.1-3.3. With respect to the other proposed instructions, the agreed upon language, if any, and

additional proposals by one or both parties is indicated. These instructions are also being submitted

on disk in WordPerfect format.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:                 */s/ Maryellen Noreika*

Daniel A. Boehnen           Jack B. Blumenfeld (#1014)
Joshua R. Rich               Maryellen Noreika (#3208)
McDONNELL BOEHNEN HULBERT    1201 N. Market Street, P.O. Box 1347
& BERGHOFF LLP             Wilmington, Delaware  19899-1347
300 S. Wacker Drive           (302) 658-9200
Chicago, Illinois  60606       *Attorneys for Plaintiff*
(312) 913-0001             *Pharmacia & Upjohn Company LLC*

October 12, 2006

**1.    GENERAL INSTRUCTIONS**

**1.1    INTRODUCTION & JURORS' DUTIES (AGREED)**

Members of the jury, now that you have heard all the evidence in the case, it is time for me to instruct you about the law that you must follow in deciding this case. I will be providing a copy of these instructions for you to have with you during your deliberations.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.


Source:

D. Del. Uniform Jury Instructions, Introduction; *Cryovac v. Pechiney*, § 1.1

**1.2    DUTIES AS JURORS (AGREED)**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. You and you alone are to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts. Sicor concedes that it infringes claims 9 and 13 of the '285 patent as I have construed them but argues that these claims are invalid.. Accordingly, you must decide whether Sicor has proven by clear and convincing evidence that claims 9 and 13 of the '285 patent are invalid..

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles that I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them, regardless of how you may feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole. Perform these duties fairly. Do not let any personal bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source:

D. Del. Uniform Jury Instructions, Introduction; *Cryovac v. Pechiney*, § 1.2

2

**1.3    EVIDENCE DEFINED  (AGREED)**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  Those things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Source:

D.  Del.  Uniform Jury Instructions, Evidence Defined; *Cryovac v. Pechiney*, § 1.3

3

**1.4   DIRECT AND CIRCUMSTANTIAL EVIDENCE (AGREED)**

You may have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source:

D. Del. Uniform Jury Instructions, Direct and Circumstantial Evidence; *Cryovac v. Pechiney*, § 1.4

**1.5    CONSIDERATION OF EVIDENCE (AGREED)**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.


Source:

D.  Del.  Uniform Jury Instructions, Consideration of Evidence;  *Cryovac v. Pechiney*, § 1.5

**1.6     STATEMENTS OF COUNSEL (AGREED)**

A further word about statements and arguments of counsel. As I mentioned, the attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the way the attorneys recounted it, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that any attorney may have indicated during opening or closing statements, or at any other time during the course of the trial.

Source:

D. Del. Uniform Jury Instructions, Statements of Counsel; *Cryovac v. Pechiney*, § 1.6

**1.7.    CREDIBILITY OF WITNESSES (AGREED)**

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you should try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness's testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail. This instruction applies to all witnesses.

7

Source:

D.  Del.  Uniform Jury Instructions, Credibility of Witnesses;  *Cryovac v. Pechiney*, § 1.7

**1.8.    EXPERT TESTIMONY (AGREED)**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Source:

D. Del. Uniform Jury Instructions, Expert Testimony; *Cryovac v. Pechiney*, § 1.8

9

**1.9.    NUMBER OF WITNESSES (AGREED)**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based simply on the number of witnesses who testified for one side or the other.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Source:

D.  Del.  Uniform Jury Instructions, Number of Witnesses;  *Cryovac v. Pechiney*, § 1.9

**1.10.   BURDENS OF PROOF (NOT AGREED)**

**1.10.A PHARMACIA'S PROPOSED SECTION**

Sicor must prove its allegations that claims 9 and 13 of the '285 patent are invalid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding or enduring conviction that the truth of a fact is highly probable.  The burden to prove a fact by clear and convincing evidence is a heavier burden than the burden to prove that fact by a preponderance of the evidence.  But the burden of clear and convincing evidence is not as heavy as the burden of proving beyond a reasonable doubt, which applies only to criminal cases.

Source:

D.  Del.  Uniform Jury Instructions, Burden of Proof;  *Cryovac v. Pechiney*, § 1.10

**1.10.B          SICOR'S PROPOSED SECTION**

Sicor must prove its allegations that claims 9 and 13 of the '285 patent are invalid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.  The burden to prove a fact by clear and convincing evidence is a heavier burden than the burden to prove that fact by a preponderance of the evidence.  But the burden of clear and convincing evidence is not as heavy as the burden of proving beyond a reasonable doubt, which applies only to criminal cases.

Source:

D.  Del.  Uniform Jury Instructions, Burden of Proof;  *Cryovac v. Pechiney*, § 1.10

## 2.1.    PATENT INSTRUCTIONS — VALIDITY(AGREED IN PART)

### 2.1.A. AGREED INSTRUCTION

Sicor contends that claims 9 and 13 of the '285 patent are invalid for failure to satisfy the legal requirements of patentability.  In particular, Sicor contends that claims 9 and 13 are invalid for lack of written description and that claims 9 and 13 are invalid for obviousness.  I will instruct you on each of these defenses.

### 2.1.B. PHARMACIA'S PROPOSED INSERT

Each claim of a patent must be presumed valid and treated independently of other claims. As such, you must consider each asserted claim of the '285 patent separately.  For example, whether patent claim A is invalid does not determine whether patent claim B is invalid.


Source:

*Cryovac v. Pechiney*, § 5.1; 35 U.S.C. § 282;

## 2.1.C. SICOR'S PROPOSED INSERT

It is now your responsibility as the jury to determine whether Sicor proved that either or both of claim 9 and 13 of the '285 patent are invalid by clear and convincing evidence. The fact that the Patent and Trademark Office decided to issue the '285 patent does not conclusively determine, or prevent you from deciding, that one or both of these claims are invalid. Thus, you need to decide, for each of claims 9 and 13 separately, whether (1) that claim does not satisfy the written description, and/or (2) that claim is obvious, as I will explain these requirements of patent law to you. For example, whether patent claim 9 is invalid does not determine whether patent claim 13 is invalid - each claim must be evaluated independently.

Source:

Federal Circuit Model Patent Jury Instructions 3.2.1 (modified), 10.1 (modified); 5th Cir. Model Patent Jury Instruction 9.2, Patent Validity (modified); see also *Avia Group Int'l, Inc. v. LA Gear Cal.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534 (Fed. Cir. 1983)..

*Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004) (quoting *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988) ("[T]he presumption is one of law, not fact, and does not constitute evidence to be weighed against a challenger's evidence.") ("the presumption of validity and heightened burden of proving invalidity 'are static and in reality different expressions of the same thing - a single hurdle to be cleared.'") (citations omitted)); see also *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1319 (Fed. Cir. 2003).

## 2.2    ARGUMENTS CONSIDERED BY PTO (PHARMACIA ONLY)

The law presumes, in the absence of clear and convincing evidence to the contrary, that the

Patent Office acted correctly in issuing the patent.

Therefore, the challenger's burden is especially difficult when the prior art references of

arguments at issue in a case were before the Patent Office Examiner during prosecution of the

application.


Source:

*Cryovac v. Pechiney*, § 5.2; *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999). See also *Glaxo Group Ltd. v. Apotex Inc.*, 376 F3d 1339 (Fed. Cir. 2004)( (burden especially difficult when the prior art was before the PTO examiner during prosecution); *Intervet Am., Inc. v. KeeVet Labs., Inc.*, 887 F.2d 1050, 1054, (Fed. Cir. 1989). (presumption that the Examiner did his duty); *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990) (burden especially difficult when the prior art was before the PTO examiner during prosecution).

## 2.2.A  SICOR'S PROPOSED INSERT
### (TO BE GIVEN ONLY IF COURT GIVES 2.2 OVER SICOR'S OBJECTIONS)

However, this presumption should be given less weight, thus making the challenger's burden especially easier, when there is evidence that the Patent Office Examiner was misled as to the true scope and content of the prior art.

Source:

*Syntex (U.S.A.) LLC v. Apotex Inc.*, 407 F.3d 1371 (Fed. Cir. 2005)(reversing finding of nonobviousness because court erroneously discounted the questionable nature of key facts set forth by patent applicant to the PTO); *Lyle/Carlstrom Assoc., Inc. v. Manhattan Store Interiors, Inc.*, 635 F. Supp. 1371, 1382-83 (E.D.N.Y. 1986); *Kahn v. Dynamics Corp. of America*, 508 F.2d 939, 942 (2d Cir. 1974)

*Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004) (quoting *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988) ("[T]he presumption is one of law, not fact, and does not constitute evidence to be weighed against a challenger's evidence.")("the presumption of validity and heightened burden of proving invalidity 'are static and in reality different expressions of the same thing - a single hurdle to be cleared.'" ) (citations omitted)); see also *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1319 (Fed. Cir. 2003).

**2.3    CLAIM CONSTRUCTION (AGREED IN PART)**

**2.3.A.  AGREED INSTRUCTION**

It is the Court's duty under the law to define what the claimed invention is.  I have made my determination and I will now instruct you on the meaning of claim 9 and 13 of the '285 patent.  You must use the meaning that I give you for each patent term to make your decisions on invalidity.  You must ignore any different definitions used by the witnesses or the attorneys.

[READ EITHER PHARMACIA'S or SICOR'S PROPOSED INSERT HERE]

If you are not sure what is meant by any other term in claims 9 and 13 that is not defined here, you should use the ordinary meaning of the term in the context of the claims, the specification and the prosecution history of the '285 patent.  The ordinary meaning is the meaning that the term would have had to a person of ordinary skill in the art of the invention described in those claims.  I will discuss the person of ordinary skill in the art standard shortly.

17

## 2.3.B.  PHARMACIA'S PROPOSED INSERT

The term "physiologically acceptable" means "the substance is sterile, pyrogen-free, and otherwise suitable for administration to humans or animals."

The term "anthracycline glycoside" means "a class of chemical compounds having the following generic structure:



."

The term "selected from the group consisting of" means "either [element a], [element b], [element c] … or [element x], but not combinations of the elements."

The term "idarubicin hydrochloride" means "a monohydrochloride salt form of an anthracycline glycoside compound having the following structure:



."

18

The term "doxorubicin hydrochloride" means "a monohydrochloride salt form of an anthracycline glycoside compound having the following structure:



The term "epirubicin hydrochloride" means "a monohydrochloride salt form of an anthracycline glycoside compound having the following structure:



The term "dissolved in" means "dissolved in."

The term "having a pH adjusted to from 2.5 to 5.0" means "obtaining a solution that has a pH

19

within the specified range due to the use of a pH adjusting agent."

The term "with" means "with."

The term "selected from the group consisting of" means "either [element a], [element b], [element c] … or [element x], but not combinations of the elements."

The term "hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid" means "hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, and tartaric acid."

The term "the concentration of said anthracycline glycoside being from 0.1 to 100 mg/ml" means the concentration is between 0.1 and 100 mg/ml, inclusive."

The term "wherein said solution is contained in" means "wherein the solution is contained in."

The term "sealed container" means "a closed container which is further secured against access, leakage and passage by a fastening, membrane or coating that must be broken to be removed."

The term "The anthracycline glycoside solution of claim 1" means "an anthracycline glycoside solution meeting all of the limitations of claim 1."

The term "wherein said solution exhibits " means "the solution exhibits."

The term "storage stability" means "retaining at least 90% potency for at least 18 months."

The term "as a result of said pH being adjusted to said pH range using said acids" means "because the solution has a pH of within the specified range due to the use of hydrochloric acid, sulfuric acid, phosphoric acid, methane sulfonic acid, or tartaric acid."

The term "The solution of claim 1 " means "an anthracycline glycoside solution meeting all of the limitations of claim 1."

The term "wherein the concentration of anthracycline glycoside is about 1 mg/ml" means

"the concentration of the anthracycline glycoside in solution is about 1 mg/ml."

The term "The solution of claim 11 " means "an anthracycline glycoside solution meeting all of the limitations of claims 1 and 11."

The term "wherein the physiologically acceptable acid is hydrochloric acid" means

"the pH is adjusted to from 2.5 to 5.0 with hydrochloric acid."

The term "The solution of claim 12 " means "an anthracycline glycoside solution meeting all of the limitations of claims 1, 11, and 12."

The term "wherein the anthracycline glycoside is idarubicin hydrochloride" means "the anthracycline glycoside in solution is idarubicin hydrochloride."

## 2.3.C. SICOR'S PROPOSED INSERT

The meanings I have assigned to each patent term are set forth in Appendix A, which can be found in your juror notebook and at the end of these instructions.


Source:

*Cryovac v. Pechiney*, § 5.3; Order on Claim Construction; *Pfizer Inc. v. Ranbaxy Laboratories Ltd.*, __ F.3d __, 79 USPQ2d 1583 (Fed. Cir. Aug. 2, 2006); *Unitherm Food Systems Inc. v. Swift-Eckrich Inc.*, 375 F.3d 1341 (Fed. Cir. 2004).

## 2.4    LEVEL OF ORDINARY SKILL (AGREED)

Next, you are to determine the level of ordinary skill in the art to which the claimed inventions pertain at the time the claimed inventions were made.  The level of ordinary skill is that of a hypothetical person and is not necessarily the level of skill possessed by the actual inventors of the patent.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level and experience of persons working in the inventors' field, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventors, and the sophistication of the technology.

Source:

*Cryovac v. Pechiney*, § 5.13; *Ruiz v. A.B.  Chance Co.*, 234 F.3d 654, 666-67 (Fed. Cir. 2000); *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449-50 (Fed. Cir. 1986); *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 962 (Fed. Cir. 1986).

**2.5    WRITTEN DESCRIPTION (NOT AGREED)**

**2.5.A. PHARMACIA'S PROPOSED SECTION**

Sicor contends that claims 9 and 13 of the '285 patent are invalid because they lack an adequate written description. The patent law requires that a patent application contain an adequate written description of the invention to ensure that the inventor was in possession of the invention at the time the patent application was filed. In this case, the relevant patent application is U.S. Serial No. 0/878,784, filed June 2, 1986.

The specification and claims as originally filed must convey to persons of ordinary skill in the art that the inventor had invented the subject matter that is spelled out in the claims that ultimately issued as a patent. The description must be sufficiently clear that person of ordinary skill in the art will recognize that the inventors made the invention having each of the elements described in the claims, although the exact words found in the claims need not be used. The disclosure must be reasonable, having due regard to the subject matter involved. Claims are not limited to the preferred embodiment disclosed in the patent.

In order to prove a claim invalid for lack of an adequate written description, Sicor must prove by clear and convincing evidence that the patent application does not reasonably convey to a person of ordinary skill in the art that the inventors had possession of the invention at the time of the application as that invention was finally claimed in the issued patent. No particular form of written description is required.

23

Source:

[Proposed] Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), § 4.2; *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991) (citing *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1575 (Fed. Cir. 1985)); *Varco L.P. v. Pason Systems USA Corp.*, 436 F.3d 1368, 1373-76 (Fed. Cir. 2006) (claims not limited to preferred embodiment); *Falkner v. Inglis*, 448 F.3d 1357 (Fed. Cir. 2006) (claims not limited to preferred embodiment);; *Kao Corp. v. Unilever United States Inc.*, 441 F.3d 963 (Fed. Cir. 2006); *Capon v. Eshhar*, 418 F.3d 1349, 1357 (Fed. Cir. 2005) (certainty of disclosure required "is not greater than that which is reasonable, having due regard to the subject matter involved"); *Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 926 (Fed. Cir. 2004); *Cordis Corp. v. Medtronic AVE Inc.*, 339 F.3d 1352 (Fed. Cir. 2003)( applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention); *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 323 F.3d 956, 962-4 (Fed. Cir. 2002); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1344 (Fed. Cir. 2001); *TurboCare Division of Demag Delaval Turbomachinery Corp. v. General Electric Co.*, 264 F.3d 1111 (Fed. Cir. 2001); *Purdue Pharma LP v. Faulding, Inc.*, 230 F.3d 1320, 1323 (Fed. Cir. 2000); *Lampi Corp. v. Am. Power Prods., Inc.*, 228 F.3d 1365, 1378 (Fed. Cir. 2000); *Reiffin v. Microsoft Corp.*, 214 F.3d 1342 (Fed. Cir. 2000);

## 2.5.B. SICOR'S PROPOSED SECTION

Sicor contends that claims 9 and 13 of the '285 patent are invalid because they lack a sufficient written description. The patent law requires that a patent application contain a sufficient written description of the invention to ensure that a person of ordinary skill in the art, reading the original patent specification, would have clearly understood that the inventors were in possession of the invention at the time the patent application was filed.

In order to satisfy this written description requirement, the original patent specification must describe each limitation of a patent claim, although the exact words found in the claim need not be used. In this case, the original specification is agreed to be the first U.S. filing, made on June 26, 1986. It is the description in this filing that is required to be analyzed. A person of ordinary skill in the art reading the description in the original patent specification, has to recognize that the original application clearly described the invention as finally claimed in the patent claims.

Patent claims that are broader than the original patent specification are invalid for failing the written description requirement. In particular, if the claims are outside the stated purpose of the invention, or are lacking an essential element of the invention as disclosed in the original description, those claims are invalid.

Sicor contends that claims 9 and 13 of the '285 patent are invalid because they do not include the limitation "not from a lyophilizate," which Sicor contends a person of ordinary skill in the art, reading the original description of the invention, would have understood to be an essential element of the disclosed invention. Sicor has the burden of proving the lack of written description by clear and convincing evidence.

25

Source:

D. Del. Draft Model Patent Jury Instructions 2004, Instr. 4.2 (modified); AIPLA Model Patent Jury Instruction 9, Written Description Requirement (modified); N.D. Cal. Model Patent Jury Instruction 4.2(a), Written Description Requirement (modified); see also 35 U.S.C. § 112; *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1479 (Fed. Cir. 1998) ("To fulfill the written description requirement, the patent specification 'must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'"); *Chiron Corp. v. Genentech*, 363 F.3d 1247, 1259 (Fed. Cir. 2004) ("[C]ompliance with § 112 has always required sufficient information in the original disclosure to show that the inventor possessed the invention at the time of the original filing.") (citing *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306 (Fed. Cir. 2003)); *Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 923 (Fed. Cir. 2004) ("Generalized language may not suffice if it does not convey the detailed identity of an invention."); *Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320, 1324-28 (Fed. Cir. 2000); *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555 (Fed. Cir. 1991).

**2.6    OBVIOUSNESS (NOT AGREED)**

**2.6.A. PHARMACIA'S PROPOSED SECTION**

In order to be patentable, an invention must not have been obvious to a person of ordinary skill in the art at the time the invention was made. The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made by the inventor. Obviousness may be shown by considering more than one item of prior art.

To determine obviousness or non-obviousness of the claimed subject matter of each of the '285 patent in suit, you should take the following steps separately for each of the asserted claims:

1.    Determine the scope and content of the prior art relied upon by Sicor.

2.    Identify the differences, if any, between each claim and the prior art identified by Sicor.

3.    Determine the level of ordinary skill in the pertinent art at the time the claimed were made.

4.    Consider objective factors of non-obviousness, which I will describe to you in detail later.

Against this background, you must then decide whether the claimed subject matter for each asserted claim would have been either obvious or non-obvious to a person of ordinary skill in the pertinent art at the time the invention was made.

Source:

*Cryovac v. Pechiney*, § 5.10; Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966); *Abbott Labs. v. Andrx Pharm., Inc.*, No. 05-1433, 2006 U.S. App. LEXIS 15554, at *13-14 (Fed. Cir. June 22, 2006); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332, 1336 (Fed. Cir. 2005); *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 725-26 (Fed. Cir. 2002).

**2.6.B.  Sicor's Proposed Section**

In order to be patentable, an invention must not have been obvious to a person of ordinary skill in the art at the time the invention was made.  The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made by the inventor.

If a person skilled in the field were to look at a prior art reference, for example, and decide it was obvious to take the next step to the claimed invention, the patent is invalid even if the prior art reference does not contain all elements of the patent claim.  Obviousness may also be shown by considering more than one item of prior art in combination so long as the person of ordinary skill in the art would have been motivated to combine the refences.  A person of ordinary skill in the art is presumed to be aware of all of the prior art, not just what the inventors may have known.

In examining the prior art you should take into account not only what the prior art expressly discloses, but also anything that a person of ordinary skill in the art would inherently understand as a result of practicing what was expressly disclosed in that prior art.

The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the '285 patent as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit. .Instead, you must cast your mind back to the time of the invention and consider only the thinking of one of ordinary skill in the art, guided only by the prior art and what was known in the field.

To determine obviousness or non-obviousness of the claimed subject matter of each of the '285 patent in suit, you should take the following steps separately for each of the asserted claims:

29

1.  Determine the scope and content of the prior art identified by Sicor.

2.  Identify the differences, if any, between each claim and the prior art identified by Sicor.

3.  Determine the level of ordinary skill in the pertinent art at the time the claimed were made.

4.  Consider objective factors of non-obviousness, which I will describe to you in detail later.

Against this background, you must then decide whether the claimed subject matter for each asserted claim would have been obvious to a person of ordinary skill in the pertinent art at the time the invention was made.

The evidence might indicate to you that the claimed invention would have been obvious to try based on the prior art. Any claimed invention that is obvious would also be "obvious to try." However, where the prior art gave no indication of which parameters were critical and no direction as to which of many possible choices is likely to be successful, it may be "obvious to try" varying all the parameters or trying numerous possible choices until one possibly arrived at a successful result, but it would not necessarily be obvious. Yet, obviousness does not require absolute predictability of success.

30

Source:

N.D. Cal. Model Patent Jury Instruction B.4.3b (modified); Federal Circuit Patent Jury Instruction 10.9 (modified); AIPLA Model Patent Jury Instructions 7.0 (Graham v. John Deere Test) (modified); 7.5 (Obviousness Decision) (modified);; see also 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1124-25 (Fed. Cir. 2000); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1371-81 (Fed. Cir. 2000); *Pentec. Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985). *See In re Clay*, 966 F.2d 656 (Fed. Cir. 1992); *In re Wood*, 599 F.2d 1032 (C.C.P.A. 1979). *See also Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1358 (Fed. Cir. 2000). *In re O'Farrell*, 853 F.2d 894, 903 (Fed. Cir. 1988)

**2.7.     SCOPE AND CONTENT OF THE PRIOR ART (NOT AGREED)**

**2.7.A. PHARMACIA'S PROPOSED SECTION**

In arriving at your decision on the issue of whether or not claims 9 and 13 would have been obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem that the inventor faced. Prior art is reasonably pertinent if it is in the same field as the invention or is from another field that a person of ordinary skill would look to in trying to solve the problem the inventors was trying to solve.

In this case, prior art includes printed publications that were published before June 28, 1985.

Source:

*Cryovac v. Pechiney*, § 5.11; *In re Kahn*, 441 F.3d 977, 987 (Fed. Cir. 2006); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332, 1339 (Fed. Cir. 2005); *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986); *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1572 (Fed. Cir. 1984).

**2.7.B.  SICOR'S PROPOSED SECTION**

In arriving at your decision on the issue of whether or not claims 9 and 13 would have been obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art.  In this case, prior art includes printed publications that were published before June 26, 1985.

Source:

AIPLA Model Patent Jury Instruction 6.4, Prior Printed Publication ( 1) (modified); see also 35 U.S.C. § 102(b); *In re Carol F. Klopfenstein*, 380 U.S. 1345 (Fed. Cir. 2004); *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1568-69 (Fed. Cir. 1988); *In re Hall*, 781 F.2d 897 (Fed. Cir. 1986).

**2.8    DIFFERENCES OVER THE PRIOR ART (AGREED)**

You must next consider the differences, if any, between the prior art and the claimed inventions. Although it is proper for you to consider differences between the claimed inventions and the prior art, you should not focus only on the differences, because the test is whether the claimed inventions as a whole would have been obvious over all of the prior art. Claims 9 and 13 must each be considered in their entirety.


Source:

*Cryovac v. Pechiney*, § 5.12; *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 320 F.3d 1339, 1353 (Fed. Cir. 2003); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed. Cir. 2001); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332, 1337 (Fed. Cir. 2005); *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986);

**2.9    MOTIVATION TO COMBINE (AGREED IN PART)**

**2.9.A AGREED SECTION**

Once the prior art is assembled and considered, you should determine whether the prior art, considered as a whole, suggests the claimed inventions.  Prior art references may be combined to show obviousness if, first, there is some motivation or suggestion to combine the references and, second, the combination would be reasonably likely to achieve the goal of the invention.  Absolute predictability of success however, is not required.  All that is required is a reasonable expectation of success.  The suggestion to combine need not be expressed.  The suggestion or motivation to modify prior art teachings may be found in the prior art references themselves, the common knowledge or common sense of one skilled in the art at the time the claimed inventions were made, or the nature of the problem to be solved.

Source:

*Cryovac v. Pechiney*, § 5.14;  Dystar, ___ F.3d ___ (Fed. Cir. October __ 2006); *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006); *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1165 (Fed. Cir. 2006); *In re Johnston*, 435 F.3d 1381, 1385 (Fed. Cir. 2006); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332, 1336 (Fed. Cir. 2005); *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 728 (Fed. Cir. 2002); *Ruiz v. A.B.  Chance Co.*, 234 F.3d 654, 665 (Fed. Cir. 2000); *Ecolochem, Inc. v. S.  California Edison Co.*, 227 F.3d 1361, 1375 (Fed. Cir. 2000); *Life Techs., Inc. v. Clontech Labs., Inc.*, 224 F.3d 1320, 1326 (Fed. Cir. 2000); *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1324 (Fed. Cir. 1999) ("Rarely, however, will the skill in the art component operate to supply missing knowledge or prior art to reach an obviousness judgment.");  *In re Dow Chem. Co.*, 837 F.2d 469, 473 (Fed. Cir. 1988).

**2.9.B SICOR'S PROPOSED INSERT**

Moreover, when the claimed invention flows from the desire to enhance commercial opportunities by improving a product, the proper question is only whether one of ordinary skill in the art possesses knowledge and skills rendering him capable of combining the prior art references.


Source:

*DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, ___ F.3d ___, 2006 WL, 2806466 (Fed. Cir. Oct. 3, 2006).

## 2.10    OBVIOUSNESS — HINDSIGHT (PHARMACIA ONLY)

The question of obviousness is simple to ask but difficult to answer.  A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentees' invention.  If you find the available prior art shows each of the elements of the claim in suit, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the asserted claims in suit.

The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the '285 patent as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.  Instead, you must cast your mind back to the time of the invention and consider only the thinking of one of ordinary skill in the art, guided only by the prior art and what was known in the field.

Nor can you base a finding of obviousness on mere conclusory statements; instead, Sicor must provide some articulated reasoning with some rational underpinning to support a finding of obviousness that meets the clear and convincing standard that I have described.

Source:

*Cryovac v. Pechiney*, § 5.15; In re Kahn, 441 F.3d 977, 988 (Fed. Cir. 2006) (Mere conclusory statements are insufficient; "instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."); *In re Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002) (broad conclusory statements regarding the teaching of multiple references, standing alone, are not evidence); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1372 (Fed. Cir. 2000); *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 727 (Fed. Cir. 2002).

**2.11    OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS (NOT AGREED)**

**2.11.A. PHARMACIA'S PROPOSED SECTION**

In making your decision as to the obviousness or non-obviousness of the claimed invention, you must also consider the following objective evidence that may tend to show the non-obviousness of the invention claimed in claims 9 and 13, to the extent such evidence was presented:

1.    Commercial success of products covered by claims 9 and 13 of the '285 patent;

2.    A long-felt need in the art that was satisfied by the claimed invention of the asserted claims;

3.    The failure of others to make the claimed invention;

4.    Copying of the claimed invention by others in the field;

5.    Unexpected results achieved by the claimed invention;

6.    Praise of the claimed invention by others in the field;

7.    Expressions of disbelief or skepticism by those skilled in the art upon learning of the claimed invention;

8.    Whether the inventor proceeded in a direction contrary to the accepted wisdom of those skilled in the art; and

9.    Licensing of the patent by others in the field.

However, there must be a connection between the evidence showing any of these factors and the claimed invention, if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.    For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those claimed in claims 9 and 13 of the '285 patent, then any commercial success may have no relation to the issue of obviousness.

38

Pharmacia has the burden of showing that a nexus exists between the claimed features of the invention and the objective evidence offered to show non-obviousness.

Source:

*Cryovac v. Pechiney*, § 5.16; *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *United States v. Adams*, 383 U.S. 39, 52 (1966); *In re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006); *Metabolite Laboratories Inc. v. Laboratory Corp. of America Holdings*, 370 F.3d 1354 (Fed. Cir. 2004); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 667 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120 (Fed. Cir. 2000); *Ecolochem, Inc. v. S. California Edison Co.*, 227 F.3d 1361, 1380 (Fed. Cir. 2000); *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1350 (Fed. Cir. 2000); *WMS Gaming Inc. v. International Game Technology*, 184 F.3d 1339 (Fed. Cir. 1999) (licensing by others strong evidence of nonobviousness); *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F. 3d 877, 885 (Fed. Cir. 1998); *In re Rouffet*, 149 F.3d 1350 (Fed. Cir. 1998) (including licensing); *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 450 (Fed. Cir. 1986);

## 2.11.B. SICOR'S PROPOSED SECTION

As I explained to you earlier, one of the four factors you must consider before deciding the issue of obviousness is secondary considerations of obviousness or non-obviousness.

These factors include: [delete any factors not relied upon or supported by evidence presented at trial]

1.    commercial success due to the merits of the claimed invention;

2.    a long felt need for the solution provided by the claimed invention;

3.    unsuccessful attempts by others to find the solution provided by the claimed invention;

4.    copying of the claimed invention by others;

5.    unexpected superior results from the claimed invention;

6.    acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention; and

7.    independent invention by others

No one factor is alone determinative, and you must considered the obviousness or non-obviousness of the invention as a whole. Although you must consider any evidence of these secondary considerations, the importance, if any, of any of them to your decision on whether the claimed invention would have been obvious is up to you.

In addition, for any of factors 1-6 to be given weight by you in arriving at your conclusion on the obviousness issue, there must be a connection, or nexus, between the claimed invention and the factor being assessed. In other words, to be considered a secondary consideration of non-obviousness, Pharmacia must show that the factor being assessed is the result of the merits of the claimed invention.

40

In reaching your determination on the issue of obviousness, you should also consider whether or not the claimed invention was invented independently by other persons, either before it was invented by the named inventors or at about the same time. Just as the failure of others to make the invention may be evidence that an invention would not have been obvious, independent making of the invention by persons other than the inventors at about the same time may be evidence that the invention would have been obvious, depending on the circumstances.


Source:

AIPLA Model Patent Jury Instruction 7.7 (modified); *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *United States v. Adams*, 383 U.S. 39, 52 (1966); *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 305-06 (Fed. Cir. 1985) ("[S]econdary considerations may in any given case be entitled to more or less weight. . . ."); *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888 (Fed. Cir. 1984); *Envtl. Designs, Ltd. v. Union Oil Co.*, 713 F.2d 693, 697 (Fed.Cir. 1983); *WL Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540 (Fed.Cir. 1983); *Stratoflex Inc, v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983)..

**2.12.  OBVIOUS TO TRY (PHARMACIA ONLY)**

The evidence might indicate to you that what the inventors did was obvious to try.  If so, this does not indicate the patent is invalid for obviousness.  "Obvious to try" is not the standard; rather, it is whether the invention as a whole would have been obvious to those of ordinary skill in the pertinent art at the time the inventors made the invention.

Source:

*Cryovac v. Pechiney*, § 5.17;  *Amgen Inc. v. Chugai Pharmaceutical Co. Ltd.*, 927 F,2d 1200 (Fed. Cir. 1991); *In re O'Farrell*, 853 F.2d 894, 903 (Fed. Cir. 1988); *In re Dow Chem. Co.*, 837 F.2d 469, 473 (Fed. Cir. 1988).

3.    **DELIBERATIONS AND VERDICT**

3.1.    **DELIBERATIONS AND VERDICT (AGREED)**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have the foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-3, or 5-4, or whatever your vote happens to be. That should stay secret until you are finished.


Source:

D. Del. Uniform Jury Instructions, Deliberations and Verdict; *Cryovac v. Pechiney*, § 8.1

43

## 3.2.    UNANIMOUS VERDICT  (AGREED)

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner any intimation about what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Source:

D.  Del.  Uniform Jury Instructions, Deliberations and Verdict Verdict;  *Cryovac v. Pechiney*, § 8.2

### 3.3.  COURT HAS NO OPINION  (AGREED)

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  Sicor has already admitted that its product is covered by the '285 patent claims, so infringement is not in issue.  You decide for yourselves if Sicor has proved invalidity of claims 9 and 13 by clear and convincing evidence.

Source:

D.  Del.  Uniform Jury Instructions, Deliberations and Verdict;  *Cryovac v. Pechiney*, § 8.3

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 12, 2006 I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s)

to the following:

> Steven J. Balick
> John G. Day, Esquire
> ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

### BY HAND

> Steven J. Balick
> John G. Day
> ASHBY & GEDDES
> 222 Delaware Avenue
> Wilmington, DE  19801

### BY EMAIL

> Reid L. Ashinoff
> David R. Baum
> SONNENSCHEIN NATH & ROSENTHAL LLP
> 1221 Avenue of the Americas
> New York, NY  10020

> Jordan Sigale
> SONNENSCHEIN NATH & ROSENTHAL LLP
> 8000 Sears Tower
> Chicago, IL  60606

> /s/  Maryellen Noreika (#3208)
> Maryellen Noreika (#3208)
> mnoreika@mnat.com