IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SICOR INC. and )<br>SICOR PHARMACEUTICALS, INC., )<br>)<br>Defendants. ) | C.A. No. 04-833 (KAJ)<br><br>**PUBLIC VERSION** |

**REDACTED LETTER TO THE HONORABLE KENT A. JORDAN
FROM MARYELLEN NOREIKA REGARDING ISSUES RAISED
*IN LIMINE* CONCERNING DEFENDANTS' TRIAL EXHIBIT 106
AND DECISIONS OF FOREIGN TRIBUNALS**

                      MORRIS, NICHOLS, ARSHT & TUNNELL
                      Jack B. Blumenfeld (#1014)
                      Maryellen Noreika (#3208)
                      1201 N. Market Street
                      P.O. Box 1347
                      Wilmington, Delaware 19899-1347
                      (302) 658-9200
                      mnoreika@mnat.com
                       Attorneys for Plaintiff
                       Pharmacia & Upjohn Company LLC

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN
 HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois  60606
(312) 913-0001

Originally Filed:  October 25, 2006
Redacted Version Filed:  October 25, 2006

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

October 25, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re: Pharmacia & Upjohn Company LLC v. Sicor, Inc. and Sicor Pharmaceuticals, Inc., C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

We write to address issues raised *in limine* regarding Defendants' Trial Exhibit 106 (attached as Ex. 1) and decisions of foreign tribunals. We apologize that this letter is reaching chambers only two days before the resumption of the Pre-Trial Conference; we had hoped to discuss and resolve the issues with Sicor earlier, but due to unforeseen exigent circumstances Sicor was unable to address the issues before Tuesday afternoon. In any event, the parties have been unable to reach agreement on the manner of addressing both Exhibit 106 and the historical fact that its suggestions on avoiding infringement were incorrect, as found by courts in Australia, Canada, and the United Kingdom. Exhibit 106 is simply not relevant to validity of the '285 patent or to Sicor's willful infringement and the redacted form of Exhibit 106 now proposed by Sicor only exacerbates the problems with that exhibit, and does not resolve the need to address adverse decisions throughout the world.

Sicor has stated that it will seek to introduce Exhibit 106 (or a redacted version of the document) in the liability and damages/willfulness phases, and perhaps in the equitable phase because it believes the document "goes to [its] 112 defense" and "to the willfulness case." D.I. 304, p. 78-79. Unquestionably, however, Exhibit 106 addresses neither the written description requirement nor Sicor's willful infringement of the '285 patent. It was written in 1993, seven years before the '285 patent issued, at a time when the prosecution of the application that would result in the '285 application had not yet begun. Instead, Exhibit 106 was drafted in the face of Australian patent infringement litigation to discuss                patents in Australia (and perhaps other countries)             REDACTED                 It refers to counterpart patents, but Sicor seeks to exclude those patents through a motion *in limine*. Exhibit 106 has simply no discussion of the written description requirement whatsoever. Similarly, Sicor made its decision to begin infringing the '285 patent without considering Exhibit 106 in any way. D.I. 134; Ex. 2, p. 87-88, 239 ("
                  REDACTED                                     ").

Given that Exhibit 106 is relevant neither to compliance with the written description requirement nor Sicor's willfulness, it should be excluded from evidence under Rule 402. Even if were of tangential relevance, however, it is so tenuously related to the issues being litigated and so likely to create confusion

The Honorable Kent A. Jordan
October 25, 2006
Page 2

that it should be excluded under Rule 403. It addresses primarily infringement (not an issue here) of an Australian patent under Australian law, with Australian claim construction rules applied to the infringement analysis. Each of those very substantial differences from this litigation is likely to lead to jury confusion and lead to a long, arduous trek to explain why Exhibit 106 is being placed into evidence despite having no relevance.

Sicor has proposed redacting Exhibit 106 (Ex. 3), but the redactions it has proposed only magnify the likelihood of confusion due to, and therefore unfair prejudice caused by, the document. When reviewed as a whole, Exhibit 106 is clearly a document directed primarily to an Australian patent, and potential strategies for future action in light of patent infringement over that Australian patent. But Sicor seeks to exit out all of the references to the Australian patent, to make it appear that the document relates either to a U.S. patent or some generic patent that would apply with equal force to U.S. patents. That is, by getting rid of the context of the Australian litigation, Sicor attempts to create the misimpression that Exhibit 106 was directed to advice on U.S. patents, rather than Australian patent. Indeed, one of the key sentences that Sicor proposes keeping in its redacted version establishes that Australian law controls its analysis – the sentence reads in unredacted form:

REDACTED

Sicor redacts the sentence to read only as follows:

REDACTED

Sicor's proposed solution exacerbates the problem. And none of what Sicor proposed fixes the other essential problem with Exhibit 106 – the analysis in it turned out to be incorrect. Although the best solution is to exclude Exhibit 106 from evidence altogether, the historical fact is that an Australian court, construing the very patent addressed in Exhibit 106, and Canadian and United Kingdom courts construing patents with identical limitations found that a formulation like Sicor's would infringe claims that prohibited a product from being reconstituted from a lyophilizate. Fairness would dictate that the jury be told that the opinions expressed in Exhibit 106 were repeatedly, and uniformly, found to be incorrect by courts addressing those very issues.

Sicor's redaction does not address these issues, and instead increases the potential prejudice to Pharmacia. Sicor's Exhibit 106 must either be excluded in its entirety, or Pharmacia given an opportunity to rebut its conclusions with the truth of the foreign decisions.

Respectfully,

*Maryellen Noreika* #3208
Maryellen Noreika

cc:  Dr. Peter T. Dalleo, Clerk (By E-Filing)
     Steven J. Balick, Esquire (By E-Filing and Hand Delivery)