# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 26, 2006

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Pharmacia & Upjohn Company LLC v. Sicor, Inc. *et al.*,
             C.A. No. 04-833-KAJ

Dear Judge Jordan:

      We write concerning two issues in anticipation of tomorrow's continued pre-trial conference.

      First, in response to the Court's ruling on the secondary consideration of non-obviousness of independent invention by Pharmacia's expert, Dr Beijnen, Sicor notified Pharmacia the day after the last hearing that in an effort to avoid disruptions in the trial preparations of both parties, Sicor would not raise the issue of independent invention. In furtherance of this position, Sicor also proposed a revised jury instruction on secondary considerations of non-obviousness (2.11.B) to Pharmacia. The parties met and conferred today about their competing instructions on this issue, but were unable to bridge their remaining disagreements. Accordingly, for the Court's convenience, Sicor's has attached its revised instruction at Tab 1, and will provide the Court with a Word Perfect version tomorrow at the pretrial conference.

      Second, with respect to the parties' proposed jury instructions, Sicor respectfully requests that the Court reserve some time tomorrow to address at least the parties' competing instructions on written description. Unlike the other disputed jury instructions, the differences in the written description instructions are vast, and a ruling by the Court will assist both parties in preparing demonstratives for trial. Pharmacia does not oppose this request, and notes that it is prepared to discuss all of the instructions and objections if the Court is so inclined.

      Respectfully,

      /s/ *John G. Day*

      John G. Day (I.D. #2403)

The Honorable Kent A. Jordan
October 26, 2006
Page 2


JGD:nml
Attachment
174581.1


cc: Clerk of the Court (via electronic filing)
    Maryellen Noreika, Esquire (by hand delivery)
    Reid L. Ashinoff, Esquire (via electronic mail)
    Daniel A. Boehnen, Esquire (via electronic mail)

# TAB 1

**2.11.B. Sicor's Proposed Section**

As I explained to you earlier, one of the four factors you must consider before deciding the issue of obviousness is secondary considerations of obviousness or non-obviousness.

These factors include: [delete any factors not relied upon or supported by evidence presented at trial]

1. commercial success due to the merits of the claimed invention;

2. a long felt need for the solution provided by the claimed invention;

3. unsuccessful attempts by others to find the solution provided by the claimed invention;

4. copying of the claimed invention by others;

5. unexpected superior results from the claimed invention;

6. acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention; and

7. independent invention by others

No one factor is alone determinative, and you must considered the obviousness or non-obviousness of the invention as a whole. Although you must consider any evidence of these secondary considerations, the importance, if any, of any of them to your decision on whether the claimed invention would have been obvious is up to you.

In addition, for any of factors 1-6 to be given weight by you in arriving at your conclusion on the obviousness issue, there must be a connection, or nexus, between the claimed invention and the factor being assessed. In other words, to be considered a

secondary consideration of non-obviousness, Pharmacia must show that the factor being assessed is the result of the merits of the claimed invention.

In reaching your determination on the issue of obviousness, you should also consider whether or not the claimed invention was invented independently by other persons, either before it was invented by the named inventors or at about the same time. Just as the failure of others to make the invention may be evidence that an invention would not have been obvious, independent making of the invention by persons other than the inventors at about the same time may be evidence that the invention would have been obvious, depending on the circumstances.

**Source:**

AIPLA Model Patent Jury Instruction 7.7 (modified); *Graham v. John Deere Co.,* 383 U.S. 1 (1966); *United States v. Adams,* 383 U.S. 39, 52 (1966); *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.,* 776 F.2d 281, 305-06 (Fed. Cir. 1985) ("[S]econdary considerations may in any given case be entitled to more or less weight. . . ."); *Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888 (Fed. Cir. 1984); *Envtl. Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693, 697 (Fed.Cir. 1983); *WL Gore & Assocs., Inc. v. Garlock, Inc.,* 721 F.2d 1540 (Fed.Cir. 1983); *Stratoflex Inc, v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983)..