# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 1, 2006

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re:   Pharmacia & Upjohn Co., LLC v. Sicor Inc., et al.,
            C.A. No. 04-833-KAJ

Dear Judge Jordan:

      In accordance with the Court's October 27, 2006 request, we write on behalf of Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") to inform the Court of our conversations with Pharmacia regarding when the inequitable conduct/unclean hands case will be presented. As Your Honor may recall, Pharmacia suggested that the parties agree to change the order of the trial, by selecting a jury on November 20, permitting the jury to take the rest of the week off, conducting the bench trial on inequitable conduct later that day and all day on the 21st, and beginning the liability phase on Monday, November 27, after the Thanksgiving weekend.

      After thinking through Pharmacia's proposal, Sicor's concern with proceeding in this fashion involves the 17-hour time limit. Because an understanding of the scientific issues is critical to both the liability and equitable questions in this case, Sicor has always planned to call Dr. Clark, its scientific expert, as its first witness in the liability phase to educate the jury and the Court about most of the scientific issues, with a view towards significantly reducing, if not eliminating, the need for Dr. Clark to testify during the inequitable conduct phase. Unfortunately, if the bench trial goes forward before the liability phase, Sicor will need to present the testimony of Dr. Clark twice -- once during the bench trial regarding the scientific issues at play there and again during the liability phase before the jury.

      In light of the need to present Dr. Clark's testimony at both phases if the bench trial proceeded first, Sicor yesterday suggested to Pharmacia that the parties jointly petition the Court for additional time to present their scientific experts twice instead of once. Sicor suggested an additional three hours per side for the direct of Dr. Clark and any scientific expert Pharmacia wished to introduce in the bench trial on inequitable conduct. However, Pharmacia would not agree to any additional time.

The Honorable Kent A. Jordan
November 1, 2006
Page 2

      Thus, we respectfully request that the trial proceed as originally planned -- with opening statements and testimony in the liability phase beginning immediately after a jury is selected on November 20 and proceeding daily thereafter (except for November 22-24), with the parties presenting the bench trial to the Court either at the end of each trial day, or after the conclusion of the jury phase.

                                                Respectfully,

                                                /s/ *John G. Day*

                                                John G. Day (I.D. #2403)

JGD: nml
174747.1

cc:     Clerk of the Court (via electronic filing)
         Maryellen Noreika, Esquire (by hand delivery)
         Reid L. Ashinoff, Esquire (via electronic mail)
         Daniel A. Boehnen, Esquire (via electronic mail)