# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 25, 2006

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

**REDACTED PUBLIC VERSION**

Re: Pharmacia & Upjohn Company LLC v. Sicor, Inc. et al.,
C.A. No. 04-833-KAJ

Dear Judge Jordan:

Per the Court's instruction, this letter will address Exhibit 106. At last week's pretrial conference, the Court acknowledged that Exhibit 106 was an admission of plaintiff, and thus admissible at trial. The Court further held that various foreign judicial opinions were not admissible, as they are hearsay and predicated on clearly different foreign patent laws and would be unduly prejudicial if admitted in this proceeding under FRE 403.

In an effort to maintain that which is most relevant about plaintiff's admissions --
**REDACTED**   Sicor provided yesterday the attached redacted version of Exhibit 106 to Pharmacia for discussion. (Tab 1). Sicor's proposed redaction eliminates ' **REDACTED**
Sicor's redacted version of Exhibit 106 therefore focuses on
**REDACTED**

In this important document, **REDACTED**
The significance of that admission is its direct corroboration of Sicor's reading of the '285 patent description to describe solely a solution that is not manufactured or reconstituted from a lyophilizate.
**REDACTED**

The Honorable Kent A. Jordan
October 25, 2006
Page 2

**REDACTED**

Sicor's position in this case that the '285 patent written description does not cover a drug manufactured or reconstituted from a lyophilizate.[1]

**REDACTED**

This admission is powerful evidence supporting Sicor's Seciton 112 written description attack on the validity of the '285 patent.

The foreign patent opinions of which Pharmacia wishes to apprise the jury were solely claim construction opinions under foreign patent law principles, which differ from Unites States principles.

**REDACTED**

Nor do admissions create a license for Pharmacia to bring before the jury the inadmissible and prejudicial foreign patent opinions. Moreover, in view of the redactions that have been offered by Sicor excluding the majority of the references to the foreign patent issues, there is no need for any type of instruction to the jury regarding the foreign patent litigations, which neither involved Sicor nor a Section 112 written description challenge to the validity of a patent. In addition, any description of the foreign patent opinions would be unduly prejudicial to Sicor.

In our discussions with Pharmacia today, Pharmacia maintains that no version of Exhibit 106 should be admitted at the trial. We look forward to discussing this proposed version of Exhibit 106 with the Court at the pretrial conference on Friday, October 27, 2006.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD:nml
Attachment
174538.1

---

[1] The fact is, all of the foreign patents as well as the United States patents including the '285 patent at issue here, shared the same written description. As this Court has held, the fact that the patent's claims may be construed on Pharmacia's behalf does not resolve-- indeed, it creates -- the problem with the written description.

The Honorable Kent A. Jordan
October 25, 2006
Page 3

cc: Clerk of the Court (via electronic filing)
    Maryellen Noreika, Esquire (by hand delivery)
    Reid L. Ashinoff, Esquire (via electronic mail)
    Daniel A. Boehnen, Esquire (via electronic mail)

# TAB 1

**REDACTED**