IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-833-KAJ |
| | ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**Pharmacia's Motion in Limine to Exclude Argument and Evidence
Limiting Sicor's Damages To Post-February 20, 2003 Sales**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
Wilmington, Delaware 19899-1347
(302) 658-9200
*Attorneys for Plaintiff,
Pharmacia & Upjohn Company LLC*

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN HULBERT
 & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Original Filed November 2, 2006
Redacted Public Version Filed November 9, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, </br></br>    Plaintiff, </br></br> v. </br></br> SICOR INC. and SICOR PHARMACEUTICALS, INC., </br></br>    Defendants | ) </br> ) </br> ) </br> ) C.A. No. 04-833-KAJ </br> ) </br> ) **CONTAINS CONFIDENTIAL** </br> ) **INFORMATION** </br> ) </br> ) **FILED UNDER SEAL** </br> ) </br> ) |

**Pharmacia's Motion in Limine to Exclude Argument and Evidence**
**Limiting Sicor's Damages To Post-February 20, 2003 Sales**

Throughout this litigation, there has been no question that Sicor had actual notice of infringement (sufficient under 35 U.S.C. § 287) prior to its first infringement. In response to a contention interrogatory on its laches and equitable estoppel defenses (since withdrawn), Sicor admitted that "Pharmacia sent Sicor a letter in August 2000 advising Sicor of the impending grant of the '285 patent." Ex. A, pp. 3-4.[1] Sicor then served its damages expert report, which identified "the period of time Sicor was selling idarubicin hydrochloride products," from [REDACTED] to present, as the dates on which damages were incurred. Ex. B. Finally, even after this Court specifically admonished the parties – ***using marking as the very example of defense that would have to be raised*** – that they needed to identify all defenses and arguments in the Agreed to Issues of Facts and Law, Sicor chose to omit marking or notice as a defense. *See* D.I. 286, p. 11; Ex. C. The issue of marking or notice of infringement should not be part of this case.

---

[1]  Sicor relied on its production of documents under Rule 33(d) in responding to all of Pharmacia's damages-related interrogatories. Pharmacia did not specifically request Sicor's contention as to the date on which damages would first accrue.

Where a patent owner has sold a product that is covered by a patent, the patent owner must either mark its product or give notice of infringement. 35 U.S.C. § 287. Pharmacia does not contend that it marked its products. Rather, Pharmacia gave prompt notice to Sicor as soon as it learned of Sicor's intention to market an idarubicin solution product and before infringement began. The Federal Circuit has made clear that, although notice requires some specificity regarding a patentee's belief that the recipient may be an infringer, it does not require an unqualified charge of infringement. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001). For example, an identification of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise, complies with the actual notice requirement of the marking statute. *Id.*; *see also SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997). Identifying the product with a statement that the recipient "may wish to have [its] patent counsel examine the … patent . . . to determine whether a non-exclusive license under the patent is needed" is also sufficient notice under the statute. *Gart*, 254 F.3d at 1346.[2]

Both shortly before and shortly after the '285 patent issued – two years before Sicor began selling its infringing product – Pharmacia sent Sicor letters that identified the '285 patent and its impact on Sicor's intended commercialization of an idarubicin solution product. Exs. D, E. Those were the letters that originally gave rise to Sicor's laches and equitable estoppel defenses. Ex. A,

---

[2] As Pharmacia provided an identification of the application number and a copy of the claims, the lack of identification of the patent number in Pharmacia's first letter does not diminish its impact. "Because the individually notified defendant cannot plead ignorance of the existence of the patent, it is less important that he be given the precise patent number, as long as the patented invention itself is identified." *Ceeco Machinery Mfg., Ltd. v. Intercole, Inc.* 817 F. Supp. 979 (D. Mass. 1992). In any event, the follow-up letter, coming three weeks later, provided ample notice of the patent number as well long before Sicor's infringement began.

2

pp. 3-4. Sicor never said in discovery that those letters did not provide the notice required under § 287 to start the damages clock; to the contrary, it acknowledged both in expert discovery and in the Proposed Final Pretrial Order that any damages should be calculated from its first sale of its idarubicin solution product, in September 2002.

Specifically,

REDACTED

Ex. B, p. 5, 45. Similarly, in the Proposed Final Pretrial Order, the only damages figures that Sicor offered was based on its expert's damages calculation beginning in September 2002. D.I. 288, p. 15. Sicor never identified any time limitation on damages as an issue in the Proposed Final Pretrial Order's Statement of Proposed Issues of Law and Fact. Nevertheless, on October 6, 2006, in connection with jury instructions, Sicor raised for the first time the issue of lack of notice of infringement under § 287. In its instruction 6.4 (B), Sicor argued that it did not receive notice of infringement until February 20, 2003, and that damages should begin only after that date.

Unquestionably, marking or notice was required to be included in the Proposed Final Pretrial Order (among other places), if it was to be raised. Prior to the filing of the Order, Pharmacia asked for clarification of what issues were required to be identified in the Order. Using marking as his example, the Court made it clear that a party seeking to contest an issue had to raise it in the Order:

> [The Agreed Issues of Fact] needs to be, it doesn't have to be a lengthy exegesis of every point of law that you disagree with. It needs to be, however, sufficiently plain that if somebody gets up and says, for example, we're contesting marking, I mean I'm just pulling a concept out of the air. That would be in your pretrial order, because if it weren't and somebody came forward and said, well, wait, we've got this defense, I would say, well, no, you don't because you never gave any notice to the other side that that was going to be a defense in the case. It's not in your pleadings and it's not even in your pretrial order.

3

D.I. 286, p. 11. Having failed to raise it in their pleadings, or even in their damages expert report, Sicor was on fair notice that it had to raise marking in the Proposed Final Pretrial Order if it were to contest it at trial; because it chose not to, it cannot raise it at trial.[3]

Sicor should be precluded from raising, at this late date, lack of notice of infringement under § 287. In taking discovery and preparing deposition designations and jury instructions, Pharmacia relied on its notice letters, REDACTED REDACTED, and on the lack of any suggestion from Sicor that notice was contested. To alter the playing field now would prejudice Pharmacia and require, for example, Pharmacia to identify additional witnesses for trial, the jury to waste time hearing an incomplete defense, and the Court to provide a supplemental jury instruction on the issue.

Finally, Sicor's proposed instruction has numerous problems, which would require Pharmacia to submit an additional instruction on this issue. Sicor has badly misconstrued the law of notice. But the question that must be resolved at this stage is whether any instruction on notice should be given at all, and whether Sicor can argue that its damages should be limited by § 287. Given Sicor's failure to raise this issue in expert discovery or in the proposed Pre-Trial

---

[3] The Statement of Proposed Issues of Law and Fact identifies only the following factual and legal damages issues:

VII. If the '285 patent is not found invalid or unenforceable, the quantum of damages to which Pharmacia is entitled, including:

    A. But for Sicor's infringement, Pharmacia would have made additional sales of the claimed invention (proofs conforming to the traditional four Panduit factors);

    B. To the extent that lost profits are not proven, the reasonable royalty for the use made of the invention by Sicor (based on the Georgia-Pacific factors), together with interest and costs as fixed by the Court.

4

Order, and the prejudice to Pharmacia of raising this new issue at this late date, Sicor should be foreclosed from arguing or introducing evidence of any limitation on damages under § 287.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              /s/ *Maryellen Norieka (#3208)*

                              Jack B. Blumenfeld (#1014)
                              Maryellen Noreika (#3208)
                              1201 N. Market Street
                              Wilmington, Delaware 19899-1347
                              (302) 658-9200
                                Attorneys for Plaintiff,
                                Pharmacia & Upjohn Company LLC

OF COUNSEL:

Daniel A. Boehnen
Joshua R. Rich
McDONNELL BOEHNEN HULBERT
  & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

November 2, 2006

5

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on November 2, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>John G. Day, Esquire
>ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

### BY HAND

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE 19801

### BY FEDERAL EXPRESS

>Reid L. Ashinoff
>David R. Baum
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY 10020

>Jordan Sigale
>SONNENSCHEIN NATH & ROSENTHAL LLP
>8000 Sears Tower
>Chicago, IL 60606

>/s/ Maryellen Noreika (#3208)
>Maryellen Noreika (#3208)
>mnoreika@mnat.com

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on November 9, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick
>John G. Day, Esquire
>ASHBY & GEDDES

and that I also caused copies to be served upon the following in the manner indicated:

### BY HAND

>Steven J. Balick
>John G. Day
>ASHBY & GEDDES
>222 Delaware Avenue
>Wilmington, DE 19801

### BY EMAIL

>Reid L. Ashinoff
>David R. Baum
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1221 Avenue of the Americas
>New York, NY 10020

>Jordan Sigale
>SONNENSCHEIN NATH & ROSENTHAL LLP
>8000 Sears Tower
>Chicago, IL 60606

>/s/ Maryellen Noreika (#3208)
>Maryellen Noreika (#3208)
>mnoreika@mnat.com