IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACIA & UPJOHN COMPANY, LLC, | ) ) ) | REDACTED PUBLIC VERSION |
| Plaintiff, | ) ) ) | C.A. No. 04-833-KAJ |
| v. | ) ) ) | |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERING MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE LIMITING PHARMACIA'S DAMAGES TO POST-FEBRUARY 20, 2003 SALES**

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Jordan A. Sigale
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

Dated: November 15, 2006
174936.1

Defendants Sicor Inc. and SICOR Pharmaceuticals, Inc. ("Sicor") respectfully submit this answering memorandum of law in opposition to the motion in limine by Pharmacia & Upjohn Company, LLC ("Pharmacia") to preclude argument and evidence limiting damages (D.I. 317).

## ARGUMENT AND AUTHORITIES

In an attempt to shirk its responsibility to prove notice under 35 U.S.C. § 287(a), Pharmacia wrongly characterizes notice as an affirmative defense that should have been pled or otherwise raised by Sicor. The fact is that statutory notice is a required element of Pharmacia's *prima facie* case; it is *not* a defense that must be raised or proven by Sicor. Despite Pharmacia's own failure to allege in its pleadings or discovery responses that it sent a statutory notice (usually a tacit admission that the complaint is the first notice), Sicor has voluntarily admitted in its proposed jury instructions that it received actual notice on February 20, 2003. As Pharmacia cannot meet its burden to demonstrate any prior notice, the alleged damages period should commence on that date.

The issue of statutory notice has not been litigated because it has never been in dispute. Pharmacia concedes that it did not mark its product (Pl. Br. 2), and it has never contended otherwise. It is also an undisputed, documented fact that Pharmacia did not send any actual notice of infringement to Sicor until February 2003. (*See* Ex. A). Pharmacia cannot point to a single piece of paper in this case -- a pleading, discovery response, expert report or other correspondence -- in which it alleges that proper statutory notice occurred any earlier. Pharmacia cannot mask its own failure to serve proper notice of infringement prior to February 2003 by raising last-minute procedural games to try to exclude this evidence from the case. Moreover, Pharmacia's claim of prejudice is baseless. Pharmacia's February 2003 letter notice is on the Pre-Trial Order exhibit lists; this is not a question of new, surprise evidence previously unknown to Pharmacia. The only "prejudice" that Pharmacia faces is the appropriate limitation on its damages claim which its own late notice created.

- 1 -

Where a patent infringement plaintiff fails to mark its product, it may only recover damages for the period *after* it sends notice of infringement to the defendant. *See* 35 U.S.C. § 287(a). Notice requires an affirmative communication that a specific accused product infringes. *See Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("The correct approach to determining notice under Section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."). "Absent notice, [defendant's] 'knowledge of the patents' is irrelevant." *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987).

In *Amsted*, a plaintiff recovered damages accruing from the date of a letter to the defendant that identified its patent and described the type of product that would infringe it. *Id.* at 187. Vacating the jury's damages award, the Federal Circuit found that the letter had not "*specifically charged Buckeye with infringement and specified an infringing device*"; the letter merely notified Buckeye "of Amsted's ownership of the patent" and "generally advised" the company not to infringe. *Id;* (emphasis added); *see also Devices for Med.*, 822 F.2d at 1066 ("Section 287 requires proof that the infringer was *notified of the infringement.*") (emphasis in original). This is precisely the case here.

Pharmacia concedes that it did not mark its products. (Pl. Br. at 2) Pharmacia further concedes that its two purported notices of infringement in August 2000 were sent two years prior to the launch of Sicor's product in September 2002, and thus "well before Sicor's [alleged] infringement began." (Pl. Br. at 2, n.2) Indeed, Pharmacia's August 9, 2000 letter actually predated the issuance of the '285 patent. (*See* Ex. B ("we *anticipate* issuance of this patent very soon") (emphasis added).[1] Pharmacia's letter dated August 30, 2000 was sent after the '285 patent was issued, but merely "kindly ask[ed] Sicor to thoroughly review any *planned* United States sales activities." (Ex. C;

---

[1] Sicor's admission that "Pharmacia sent Sicor a letter in August 2000 advising Sicor of the impending grant of the '285 patent" (Pl. Br. 1) is of no moment; the operative issue is whether Pharmacia's letter affirmatively communicated a charge of infringement, which it did not.

emphasis added). Thus, the August 2000 letters did not actually charge Sicor with infringement. It was not until February 20, 2003 -- four months after Sicor started selling its product -- that Pharmacia sent a letter that specifically alleged infringement. (See Ex. A ("It has come to our attention that ... Sicor, Inc. is presently manufacturing, marketing and selling ready-to-use (RTU) idarubicin oncology products")). Accordingly, Pharmacia may not recover any damages prior to February 20, 2003.[2]

Pharmacia's argument that Sicor did not address the lack of notice issue in its pleadings or during discovery is a red herring. There was no earlier proper notice to discover. Moreover, it is Pharmacia's burden of proof to demonstrate that "it performed affirmative acts in compliance with [Section] 287." *Devices for Med*, 822 F.2d at 1066. As such, Sicor was not required to plead the issue as an affirmative defense. *See, e.g., Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("Edison's attempt to prove that it provided a reasonable accommodation merely negates an element that Zivkovic was required to prove and therefore was not an affirmative defense required to be pled in Edison's answer"); *Sundstrand Corp. v. Standard Kollsman Ind., Inc.*, 488 F2d 807, 813 (7th Cir. 1973) ("a defendant need plead affirmatively only those defenses upon which he bears the burden of proof"). Moreover, Pharmacia does not, and cannot, point to any discovery request to Sicor that sought any information pertaining the Section 287(a) notice requirement.[3]

---

[2] Pharmacia does not address *Amsted*, much less cite any authority for its illogical proposition that notices of infringement may be sent before the patent was issued or the allegedly infringing sales were made. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1337 (Fed. Cir. 2001) (notice sent six years after patent was issued, and after the infringing products were sold); *SRI Int'l, Inc. v. Advanced Tech Labs, Inc.*, 127 F.3d 1462, 1470-71 (Fed. Cir. 1997) (notice referenced specific products actually sold by defendant that infringed patent). The facts of *Ceeco Machinery Mfg., Ltd. v. Intercole, Inc.*, 817 F. Supp. 979 (D. Mass. 1992) are ambiguous on this issue, but, in any event, the case is not binding because it is a Massachusetts district court case predating the Federal Circuit's decision in *Amsted*.

[3] Pharmacia's discovery focused on Sicor's affirmative defenses (*See* Ex. D at 11), and, as set forth above, the Section 287 notice requirement is not an affirmative defense that had to be pled.

- 3 -

Pharmacia's claim that Sicor should have raised the issue on its own in its expert report on damages is similarly unavailing. First, Pharmacia fails to disclose that its own expert report did not address the issue; but merely offered a "lost profits" damages calculation starting from the date of Sicor's first sales in September 2002. (Ex E at 2 ¶2). Second, expert testimony on the sufficiency of a legal notice is neither necessary nor appropriate. *See Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp.2d 346, 364 (D. Del. 2006) (Jordan, J.) (excluding testimony from damages expert where "opinions go beyond opining on what the appropriate measure of damages should be, and make what amounts to legal argument on patent and contract law") (*citing Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, C.A. No. 96-192 MMS, 1997 WL 158281, at *3 (D. Del. Mar. 26, 1997) (expert "may not testify as to substantive issues of patent law"). Sicor's expert responded to Pharmacia's expert report by contending that the proper measure of damages should be a reasonable royalty, not lost profits as Pharmacia contends.

With respect to the Pretrial Order, the Court instructed the parties that it didn't "have to be a lengthy exegesis of every point of law you disagree with." (Pl.Br. at 3). As statutory notice is typically addressed in jury instructions together with other detailed issues of fact not included in the Pretrial Order (*see* Ex. G, D. Del. Draft Model Patent Jury Instructions 2004, Instr. 5.4), the parties merely set forth their fundamental difference on the method for measuring damages, *i.e.*, lost profits versus reasonable royalty. At the time, Sicor did not anticipate that Pharmacia was strategically positioning itself to elude its statutory notice requirement under 35 U.S.C. § 287(a).[4]

Lastly, Pharmacia also has no legitimate argument of prejudice. Evidence about the lack of marking and the February 20, 2003 notice letter has always been in Pharmacia's control. Contrary to Pharmacia's contention (Pl. Br. at 4), evidence of statutory notice does not require identifying any

---

[4] Although the Court made a passing reference to identifying any dispute over marking, no such dispute exists because Pharmacia has never contended that its product was marked. (Pl. Br. at 2)

- 4 -

additional witnesses. As it was submitted on Defendant's exhibit list (No. 118) without objection from Pharmacia, the February 20, 2003 letter will be in evidence. The letter speaks for itself; the jury does not need any witness testimony; and no prior proper infringement notice letter exists.

Pharmacia also makes the pejorative argument that it will be prejudiced because the jury will be required to "waste time hearing an incomplete defense." (Pl. Br. at 4). Sicor does not understand this point, but in any event, Sicor is entitled to present its evidence within the allotted trial hours set by the Court. Moreover, Pharmacia's belated notice is not trivial; it will preclude the recovery of damages claimed by Pharmacia that amount to over   REDACTED   out of its REDACTED total damage claim.[5] (Ex. E at Scheds. 3, 5.1-5.6, 8.2.2). It is Sicor that would be prejudiced if Pharmacia's motion to evade the consequences for its late notice is granted. Those damages are barred under clear Federal Circuit law; it is Pharmacia which cannot meet its burden of proof here.

---

[5] Pharmacia also makes an obtuse reference to prejudice caused by the Court providing a supplemental jury instruction (Pl. Br. at 4), but the supposed prejudice is not explained. Each party has already submitted a proposed jury instruction on the notice requirement (*See* Exs. F, I). Sicor's proposed instruction closely tracks the pattern instruction provided in the District of Delaware Draft Model Patent Jury Instructions 2004, Instruction 5.4. (*Compare* Exs. I, G). Pharmacia's instruction veers from that model, and further states that the damages period should commence in May 2002, a date that remarkably bears no connection to the date on either of the letters Pharmacia now claims constitute notice or even to the date from which its expert calculates damages. (*Compare* Exs. F, G).

## CONCLUSION

For the foregoing reasons, Sicor respectfully requests that the Court deny Pharmacia's motion in limine seeking to preclude argument and evidence limiting Pharmacia's damages.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Reid L. Ashinoff
Michael S. Gugig
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

Jordan A. Sigale
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

Dated: November 7, 2006
174936.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2006, the attached **REDACTED PUBLIC VERSION OF DEFENDANTS' ANSWERING MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE LIMITING PHARMACIA'S DAMAGES TO POST-FEBRUARY 20, 2003 SALES** was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801

HAND DELIVERY

Joshua R. Rich, Esquire
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Suite 3200
Chicago, IL 60606

VIA FEDERAL EXPRESS

/s/ *John G. Day*
_____
John G. Day