## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

November 16, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    Pharmacia & Upjohn Company, LLC v. Sicor, Inc. and
             Sicor Pharmaceuticals, Inc., C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

       We write on behalf of Plaintiff Pharmacia & Upjohn Company LLC ("Pharmacia") in response to Sicor's November 14, 2006 letter to the Court forwarding a proposed edited transcript of the Federal Judicial Center video, "An Introduction to the Patent System." Contrary to the Court's express instruction, Sicor made no attempt "to talk with the other side . . . and see if there are things you can agree that could usefully be used." D.I. 314, p. 95. Thus, the document sent to the Court neither considered nor included Pharmacia's views.

       Pharmacia continues to believe that the video (and its transcript) is inappropriate to provide to the jury in any form. Particularly in transcript form, if read or handed down from the bench, the video could have the force of law in the eyes of the jurors. This is problematic where, among other issues, the transcript states that "anyone who . . . is interested" in a patent "can read it and understand exactly what the inventor claimed." In pharmaceutical and other cutting-edge technologies, this is not only untrue, it is an impossible standard that does not reflect the law on validity.

       Even if the Court were to decide that it wanted to use the Federal Judicial Center video transcript as a starting point, the edited version provided by Sicor is more prejudicial than the video itself. Numerous passages either inaccurately identify the law or misleadingly discuss the facts. As a result, Pharmacia is providing with this letter a redlined version of the videotranscript indicating Pharmacia's proposed revisions to Sicor's proposed edited version of the transcript.

       Relative to the original transcript, Sicor has attempted to use its edited version as a means for advocacy. Sicor has excised examples and descriptions of what an "invention" is, while needlessly emphasizing irrelevant limitations of the Patent Office. For example, Sicor proposes

The Honorable Kent A. Jordan
November 16, 2006
Page 2

adding the statement that the "examiner does not have a laboratory to conduct his or her own experiments to test the assertions" of the inventors. Despite what this statement implies, Sicor has made no argument that the inventor's experiments somehow gave inaccurate results. Indeed, Pharmacia believes that this is another attempt by Sicor to bring inequitable conduct into the validity phase of this litigation through the back door.

There are several other areas where the video transcript is inaccurate. For example, the transcript refers to the available databases having "limited additional information." Although perhaps correct in mechanical and electrical fields, that is not true in the chemical and pharmaceutical fields, where extensive databases of pertinent references are available to examiners.

The transcript also refers to the best mode requirement, which is not at issue in this case.

In addition, the transcript provides excessive emphasis on the secrecy of applications, referring to "secrecy" or "privacy" four separate times in the text in various paragraphs. While it is true that the initial examination process is performed *ex parte*, it is also true that there is substantial ability for third parties to participate, including in re-examination proceedings. Furthermore, the stated reason for confidentiality of pending applications is equally inaccurate, as few if any applications are reviewed by examiners within the eighteen months before they are typically published.

The video transcript also overemphasizes the burden on examiners in a way that appears to undermine the deference to be accorded Patent and Trademark Office decisions, as required by § 284's presumption of validity. This includes references to the volume of applications filed and patents issued, the "stacks" into which they are put; the examiner's "very challenging" burden of "examining of so many applications;" the "possibility that mistakes were made;" and the statement that "Examiners have a lot of work to do."

On the other hand, the video transcript fails to address the substantial legal and technical education that Examiners are given, as well as the on-the-job training they receive as they rise from Assistant Examiner to Primary Examiner to Supervisory Primary Examiner. Similarly, it does not identify the fact that examiners' work is supervised and reviewed, often by numerous other examiners (and always by a very experienced Supervisory Primary Examiner), to ensure consistency and quality control.

For all of these reasons, Pharmacia respectfully requests that no transcript of the Federal Judicial Center video be used or, if the Court decides to uses an edited version of the transcript, Pharmacia's proposed edits be incorporated.

Respectfully,

/s/ Maryellen Noreika (#3208)

Maryellen Noreika

Enclosure

The Honorable Kent A. Jordan
November 16, 2006
Page 3


cc:   Dr. Peter T. Dalleo, Clerk (By Hand)
      Steven J. Balick, Esquire (By Hand)
      Reid L. Ashinoff, Esquire (By Email)
      Jordan Sigale, Esquire (By Email)
      Daniel A. Boehnen, Esquire (By Email)