# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

November 17, 2006

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

      Re:    Pharmacia & Upjohn Company LLC v. Sicor, Inc. and
              Sicor Pharmaceuticals, Inc., C.A. No. 04-833 (KAJ)

Dear Judge Jordan:

      We have received Sicor's proposed additional jury instruction relating to obviousness. As an initial matter, notwithstanding the Court's repeated admonitions that the parties actually discuss issues prior to bringing them to the Court, Pharmacia was unaware of Sicor's proposed new instruction prior to receipt of the e-filing notice.

      Pharmacia objects to Sicor's proposed instruction on several grounds.  First, the proposed instruction is incorrect as a matter of law, and attempts to apply anticipation principles to an obviousness defense.[1]  For example, Sicor's instruction refers to inherency ("fully taught by prior art ... explicitly or inherently"), even though Sicor has cited to no cases applying inherency in the context of obviousness.[2]  Moreover, even as to anticipation, the *Atofina* case makes clear that a genus (including a range of temperatures or, here, a range of concentrations) does not necessarily anticipate another genus, even where those genuses are overlapping, or even where the claimed genus falls entirely within the prior art genus. *Atofina v. Great Lakes Chemical Corp.*, 441 F.3d 991, 999 (Fed. Cir. 2006).  In *Atofina*, the Federal Circuit reversed the district court's finding of anticipation on the

---

[1]     Indeed, the *Beckson* and *Brown* cases cited by Sicor to support its instruction address the issue in connection with an anticipation analysis – not obviousness. The opinion in the *Eli Lilly* cited by Sicor case was vacated by the Federal Circuit.

[2]     To the extent that Sicor is now raising a new (and unfounded) legal theory extending anticipation by inherency to an obviousness defense, Pharmacia objects to such a defense as untimely. Moreover, Sicor, which bears the burden to show inherency (i.e., that "the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill" *EMI Group North America, Inc. v. Cypress Semiconductor Corp.*, 268 F.3d. 1342, 1351 (Fed. Cir 2001)) has offered no evidence or expert opinions to meet its burden.

The Honorable Kent A. Jordan
November 17, 2006
Page 2

grounds that "[t]here may be many species within a genus that are not disclosed by the mere disclosure of a genus." *Id.*

       Finally, Pharmacia objects to Sicor's instruction as untimely. Pursuant to this Court's orders and the Local Rules, proposed jury instructions were due more than a month ago. Sicor could have and should have raised this issue in connection with its earlier proposed instructions. To add in additional instructions – and additional issues – at this late date is unfair and prejudicial to Pharmacia as it attempts to prepare for trial.[3]

       Respectfully,

       */s/ Maryellen Noreika (#3208)*

       Maryellen Noreika

cc:    Dr. Peter T. Dalleo, Clerk (By E-Filing)
       Steven J. Balick, Esquire (By E-Filing and Hand Delivery)
       Reid Ashinoff, Esquire (By Email)

---

[3] To the extent that the Court entertains Sicor's belated proposal, Pharmacia asks that the Court treat the parties evenly and entertain a request from Pharmacia in connection with an instruction relating to lost profits.