# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 19, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

BY ELECTRONIC FILING

Re: *Pharmacia & Upjohn Co., LLC v. Sicor Inc., et al.,*  
C.A. No. 04-833-KAJ

Dear Judge Jordan:

We write on behalf of Sicor Inc. and SICOR Pharmaceuticals, Inc. (collectively, "Sicor") in response to the November 17, 2006 submission (D.I. 342) of Pharmacia & Upjohn Co, LLC ("Pharmacia") in connection with Sicor's proposed supplemental jury instruction on obviousness.

Pharmacia's objections fail on the merits. Pharmacia makes the superficial argument that Sicor's obviousness instruction should be rejected merely because the reported decisions cited by Sicor address the concept in the context of anticipation. Pharmacia does not, and cannot, offer any substantive argument as to why the teaching of value ranges addressed in the instruction does not also apply to obviousness. The holdings in *Beckson* and *Brown* are no less persuasive because they address anticipation arguments. Moreover, although the Federal Circuit did vacate its previous opinion in *Eli Lilly*, the panel on rehearing reached the same legal conclusion and cited the exact law quoted by Sicor in its proposed instruction. *See Eli Lilly & Co. v. Barr Indust.*, 251 F.3d 955, 971 (Fed. Cir. 2001) ("a later genus claim limitation is anticipated by, and therefore not patentably distinct from, an earlier species claim").

Notably, the case law cited by Pharmacia completely supports Sicor's position. In *Atofina*, the Federal Circuit held that a "disclosure of a genus in the prior art is not necessarily a disclosure of every species that is a member of that genus," but also implicitly confirmed its prior holding that "an earlier species reference anticipates a later genus claim." *Atofina v. Great Lakes Chemical Corp.*, 441 F.3d 991, 999 (Fed. Cir. 2006) (citing *Titanium Metals Corp. of America v. Banner*, 778 F.2d 775, 782 (Fed. Cir. 1985) ("It is … an elementary principle of patent law that when, as by a recitation of ranges or otherwise, a claim covers several compositions, the claim is 'anticipated' if *one* of them is in the prior art.") (emphasis in original).

- 2 -

Pharmacia also is wrong in arguing that Sicor has never "cited to cases applying inherency in the context of obviousness." The jury instruction that Sicor previously submitted on obviousness expressly raises the concept of inherency. *See* Sicor's Proposed Section 2.6.B ("In examining the prior art you should take into account not only what the prior art expressly discloses, but also anything that a person of ordinary skill in the art would *inherently* understand as a result of practicing what was expressly disclosed in that prior art.") (emphasis added).

Although Sicor did inadvertently fail to include the proposed jury instruction as part of its full set of previously proposed instructions, the new proposed instruction amounts to no more than a single additional sentence. It is simply not credible for Pharmacia to argue that this one additional sentence significantly alters its preparations for trial, or causes any other undue prejudice. With respect to Pharmacia's own belated request for an additional instruction relating to lost profits, Sicor has already contacted Pharmacia in an effort to meet and confer on the additional language in an attempt to reach an agreement that will obviate the need for further judicial intervention.

Respectfully,

/s/ *John G. Day*

John G. Day

JGD
175323.1

cc:   Maryellen Noreika, Esquire (via electronic mail)
      Daniel A. Boehnen, Esquire (via electronic mail)
      Reid L. Ashinoff, Esquire (via electronic mail)